IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEISNOI, INC., KONIAG, INC., and )<br>GALE A. NORTON, Secretary of the )<br>Interior, )<br>)<br>Defendants. )<br>_____) | Case No. 3:02-cv-290 (JKS) |

**OMAR STRATMAN'S THIRD MOTION TO SET A DEADLINE FOR ACTION BY THE U.S. DEPARTMENT OF THE INTERIOR AND VACATE STAY**

**I.   Motion presented.**

This Court has previously entered an order (Docket 34) staying these proceedings pending the final determination of the underlying dispute by the U.S. Department of Interior. We ask that this Court enter an order establishing a firm deadline by which the new Secretary of Interior, Dirk Kempthorne, must act and lifting the stay of these proceedings upon that deadline and without regard to action by the Secretary of Interior.

**II.   Discussion.**

We incorporate by reference our pleadings and attachments filed June 13, 2005 (Docket 63) and our Second Motion to Set a Deadline for Interior Action or to Rescind Stay of April 5, 2006 (Docket 81). These motions were denied by orders at Dockets 75 and 84, respectively. However, the Court denied our last motion to change the glacial pace of these proceedings "without prejudice to its renewal after 7/6/06[.]" See Docket 84.

We have now before us yet another embodiment of government efficiency, an epistle to Mr. Mothershead of July 5, 2006, from Mr. Keep. Mr. Keep is the same person that has been optimistic about Secretarial action for over a year now.

This Court defined the extent of its remand to the administrative agency. This Court

*STRATMAN V. LEISNOI ET AL.*
*3:02-cv-0290 (JKS)*

1

easily has the power to rely on the legal and factual determinations that have been made through an administrative trial <u>and</u> an appeal.  We respectfully suggest that it would be an appropriate exercise of this Court's discretion to give Interior the additional 45 days that it so optimistically predicts will see a final decision by the Secretary.  The Court, however, should make that a deadline for Secretarial action and, barring action by that date, define the proceedings below as being in substantial compliance with this Court's order of remand and move to the remedy phase with or without the Secretary's input.

Plaintiff respectfully so moves.

### III. Conclusion.

For the reasons set forth above, we pray that the Court enter the order we request herein.

RESPECTFULLY submitted this 7th day of July, 2006.

> s/Michael J. Schneider
> Law Offices of Michael J. Schneider, P.C.
> 880 "N" Street, Suite 202
> Anchorage, AK 99501
> Phone: (907) 277-9306
> Fax: (907) 274-8201
> E-mail: mjspc@gci.net
> Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that on July 7, 2006, a copy of *OMAR STRATMAN'S THIRD MOTION TO SET A DEADLINE FOR ACTION BY THE U.S. DEPARTMENT OF THE INTERIOR AND VACATE STAY* was served electronically on Bruce M. Landon, R. Collin Middleton, and John R. Fitzgerald.

s/Michael J. Schneider

*STRATMAN V. LEISNOI ET AL.*
*3:02-cv-0290 (JKS)*