John R. Fitzgerald
GOVERNO LAW FIRM
260 Franklin Street
Boston, MA  02110
Phone: (617) 737-9045
Fax: (617) 737-9046
Email: jfitzgerald@governo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,               ) | |
| ) | |
|    Plaintiff,            ) | |
| ) | Case No. A02-0290 CV (JKS) |
| versus                       ) | |
| ) | |
| LEISNOI, INC., KONIAG, INC., ) | OPPOSITION TO STRATMAN'S |
| And GALE A. NORTON, Secretary of the ) | MOTION TO VACATE STAY |
| Interior,                    ) | AND SET DEADLINE |
| ) | |
|    Defendants.           ) | |
| _____ ) | |

    *1.    A deadline for administrative action could have been set in Civil Action No. A76-132, the case that was referred for agency action, but it cannot be imposed via Civil Action No. A02-0290, the premature suit Stratman filed without having exhausted administrative remedies.*

    Stratman had asked the court in A76-132 to set a deadline for a decision by the Department of the Interior.[1]  But the court declined to do so.[2]  Instead, a final judgment was entered referring the case for agency action, with no imposition of a court-imposed

---

[1] See, Stratman's "position paper regarding pre-remand issues & activities and form of order of remand", Exhibit "B", filed in Case No. A76-132

[2] See,  Court's November 21, 1995 Order from Chamber, in Case No. A76-132, Exhibit "L."

deadline for completion of that agency review.³ If Stratman were of the view that the court erred in failing to set a deadline, he should have appealed from the Final Judgment that sent the case to the Department of the Interior without having imposed any deadline for agency review. But Stratman failed to appeal from that Final Judgment.

The Ninth Circuit Court of Appeals found Stratman's failure to have appealed from the Final Judgment to have significant adverse legal consequences for Stratman, necessitating the immediate dismissal of an interlocutory appeal Stratman had taken from the district court's denial of one of his motions for preliminary injunction to freeze Leisnoi's bank accounts.⁴ Another consequence of his failure to have appealed is that he is collaterally estopped from now seeking to impose the conditions on referral for agency action that he unsuccessfully sought to impose in the 1976 case from whose Final Judgment he took no appeal.

Just as he failed to appeal the Final Judgment, so too, Stratman failed to seek Rule 60(b) relief within one year of entry of that judgment. He cannot now use a 2002 case as a substitute for Rule 60(b) relief. After all, what Stratman is really trying to do with the instant motion is alter the order for agency referral, an order entered in another case, to impose new conditions upon the referral to the Department of the Interior.

---

³ See, Final Judgment in Civil Case A76-132, Exhibit "K."

⁴ See, April 24, 1996 ruling by the Ninth Circuit in Case No. 95-35376, Exhibit "A", dismissing Stratman's interlocutory appeal as moot because the district court in Civil Action No. A76-132 had "entered judgment and remanded this action, in its entirety to the Interior Board of Land Appeals."

Agency review has been ongoing since the order of referral. There was a round of initial briefing, followed by a hearing schedule, and then several weeks of hearings in Kodiak and Anchorage. There was a recommended decision given by the administrative law judge, followed by another round of briefing to the Interior Board of Land Appeals. The IBLA made a ruling, which was followed by a request by Leisnoi, Inc. that the Secretary of the Interior personally review the agency action. But rather than await completion of agency review as the court in Case No. A76-132 had envisioned, Stratman prematurely filed a new suit, this case, before agency action was completed. In doing so, he repeated the same mistake he had made back in 1976 which led to years of unnecessary litigation over jurisdictional issues: he filed suit without having completed administrative proceedings.

The administrative proceedings were under review by Secretary Gale Norton and a decision was supposed to have been imminent earlier this year, but she resigned. A new Secretary of the Interior was confirmed just two months ago, and the Department of the Interior has indicated an administrative decision is likely within the next 45 days. Yet, again comes Omar Stratman arguing that this Court purportedly has the power to order, and purportedly should order, a deadline for Secretarial review by the new Secretary of the Interior. He is mistaken.

The referral for agency action was done in Civil Action No. A76-132, not in this case, Civil Action No. A02-0290 CV (JKS). Any modification of the referral for agency

action must be done in the 1976 case, not the premature new suit Stratman filed without having exhausted administrative remedies or administrative review.  And it is too late for Stratman to seek such an order in the 1976 case; the time in which to move for reconsideration, or for Rule 60(b) relief, or to appeal, has long since lapsed.

If this Court is disinclined to simply await a ruling that the Secretary has indicated is likely within just 45 days, and opts instead to take action at this juncture, then, rather than vacate a stay, or alter in this case an order of referral entered in another case, as sought by Stratman, this Court should follow the policy and practice described in an order dated September 25, 1995 in the 1976 suit:

> Had this decision [to refer for agency action] been made twenty years ago when I was on the Alaska Superior Court, I would have stayed further proceedings and retained jurisdiction… The enactment of the federal Civil Justice Reform Act of 1990 heralded a new policy in federal courts. Today, in this Court, no case is allowed inactivity.  Every case should be expeditiously toward settlement, involuntary dismissal, or trial.  As a result, it is not my practice to exercise discretion in favor of postponements, stays, continuances, or extensions, unless other alternatives are unavailable.  **Where the parties indicate that some action by some other body is necessary to bring a case to completion, it is my practice to dismiss without prejudice** to refilling when the other action is completed. (emphasis added)

September 25, 1995 Order (Exhibit M)

Action by the Secretary of the Interior is necessary,[5] so if this Court is to take any action at all, then, rather than lift a stay as sought by Stratman, this Court should instead follow its own logic and dismiss.

WHEREFORE, the motion to lift the stay or to impose a very short deadline upon the newly confirmed Secretary of the Interior should be DENIED.

DATED this 10th day of July, 2006.

RESPECTFULLY SUBMITTED,

/s/
John R. Fitzgerald (Alaska Bar No. 8711084)
GOVERNO LAW FIRM
260 Franklin Street
Boston, MA  02110
Phone: (617) 737-9045
Fax: (617) 737-9046
Email: jfitzgerald@governo.com
Attorneys for Leisnoi, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2006, a copy of LEISNOI, INC.'S OPPOSITION TO MOTION TO VACATE STAY AND SET DEADLINE was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/
John Richard Fitzgerald

---

[5] Village eligibility decisions of the Interior Board of Land Appeals "are not final until personally approved by the Secretary." 43 CFR § 2651.2(a)(5).