MJS, P.C. APR 29 1996

FILED
APR 24 1996
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR STRATMAN,

    Plaintiff - Appellant,

vs.

BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI INC.; KONIAG, INC., Regional Native Corporation,

    Defendants - Appellees.

No. 95-35376

D.C. No. CV-76-0132-JAV

M E M O R A N D U M*

Appeal from the United States District Court
for the District of Alaska
James A. von der Heydt, Senior District Judge, Presiding

Argued and Submitted April 8, 1996
Seattle, Washington

Before: PREGERSON, TASHIMA, Circuit Judges, and JONES, District Judge.**

    Plaintiff Omar Stratman appealed the denial of his motion for a preliminary injunction in this action originally brought under the Alaska Native Claim Settlement Act, 43 U.S.C. § 160. After this appeal was filed, the district court, on November 21, 1996, entered judgment and remanded this action, <u>in its entirety</u>, to the

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.


EXHIBIT
Leisnoi A

Interior Board of Land Appeals. We, therefore, dismiss this appeal as moot.

Michael J. Schneider
Eric P. Cossman
LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska 99501
(907) 277-9306
(907) 274-8201 (Fax)

Attorneys for Plaintiff
OMAR STRATMAN

OCT 24 1995

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., REGIONAL NATIVE CORPORATION,<br><br>　　　　Defendants. | No. 76-0132-A-JKS |

**STRATMAN'S POSITION PAPER
REGARDING PRE-REMAND ISSUES & ACTIVITIES
AND FORM OF ORDER OF REMAND**

In compliance with this Court's order of September 21, 1995, Mr. Stratman now, through undersigned counsel, identifies for the Court the legal and factual issues that

EXHIBIT Leisnoi B

does this specific interpretation of § 1427 involve the particular expertise of IBLA. Rather, it falls within the particular expertise of the court, which should make the initial determination. <u>Morris v. Commodity Futures Trading Com'n</u>, 980 F.2d 1289, 1293 (9th Cir. 1992) (no deference to agency's interpretation of law where issue falls outside the area generally entrusted to the agency, or within areas where the courts have special competence such as the common law or constitutional law). There are also practical considerations for the court to make this determination. This is an extremely complex case, and this court is already familiar, certainly more familiar than IBLA, with the complex factual, procedural, and legal background necessary for determining the issue. The Interior Board of Land Appeals, on the other hand, would be starting from scratch. If this court sends this issue to IBLA, the penny will return again, and for little good reason and little benefit. Deferral of the issue to the agency places this litigation in an inevitable revolving door: if IBLA decides in Leisnoi's favor, it will probably do so before determining whether or not Leisnoi "is real." This process could take months or years, only to be followed by an appeal to this court, an appeal to the Ninth Circuit thereafter, and a probable ultimate remand to IBLA anyway.

We respectfully contend that this court should exercise its discretion to determine this issue at this time.

MJS/kc  428.001

-10-

§ 1427(e)). These discovery requests are attached for the convenience of the Court.

By entering the discovery order requested above, and by retaining jurisdiction of this case to ensure that the order is complied with, this Court will assure that the truth is found through the agency process in a matter of absolutely critical public importance.

D.  **The Court Should Direct IBLA to Expedite A Resolution of This Matter On the Merits**

We are advised that IBLA is seriously backlogged, and that the question of whether or not Leisnoi is real could thus be put off for a long time (as Leisnoi logs the resources of these lands that it is ill-entitled to). This court has inherent authority to order a schedule by which the agency will determine the issue remanded to it. See Zambrana v. Califano, 651 F.2d 842, 844 (9th Cir. 1981) (district courts may, and often do, set a time limit for action by an administrative tribunal); see e.g. McBride v. Smith, 405 F.2d 1057, 1061 (2d Cir. 1968); Doty v. U.S., 24 Cl.Ct. 615, 634 (1991). The agency itself recognizes this authority and is specifically authorized, by regulation, to take such direction:

> Whenever any matter is remanded from any court for further proceedings, and to the extent the court's directive and time limitations will permit, the parties shall be allowed an opportunity to submit

MJS/kc  428.001

-13-

MJS, P.C  NOV 2 1995   FILED

# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NOV 21 1995

## JUDGMENT IN A CIVIL CASE

OMAR STRATMAN, et al,
    Plaintiffs,

vs.

BRUCE BABBITT, et al             Case Number A76-0132 CV [JKS]
    Defendants.

____ JURY VERDICT. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

XX    DECISION BY COURT. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED

    THAT JUDGMENT is hereby entered remanding this case to IBLA.

APPROVED:

_____
U.S. District Judge

11/21/95
Date

PHYLLIS RHODES
Clerk

_____
(By) Deputy Clerk

A76-0132--CV (JKS)

Z. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
M. SCHNEIDER

B. LANDON (AUSA)
T. BURTON
OHJ 9693

EXHIBIT
Leisnoi K

MJS, P.C.   NOV 27 1995

# MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

FILED

NOV 21 1995

*Stratman v. Babbitt*
Case No. A76-0132 CV (JKS)

...TED ......... COURT
DISTRICT OF ALASKA

By:                      THE HONORABLE JAMES K. SINGLETON
Deputy Clerk:            Patty Demeter, Case Management: 271-3235*

PROCEEDINGS:   ORDER FROM CHAMBERS

There are two pending motions, the pendency of which prevent remand of this case in conformity with the Orders at Docket Nos. 292 and 298. Docket Nos. 295 & 300; *see also* Docket Nos. 302-08. At Docket No. 300, Koniag, Inc. seeks a certification for immediate appeal. *See, e.g.*, 28 U.S.C. § 1292. Stratman requests a status conference but actually wishes to reargue its position that this Court should not remand certain issues to the agency, but rather, should resolve them here. Docket No. 295. It is unfortunate that a case with a 1976 docket number is still pending. Stratman fears that agency action, like a tree to be grown from a seed, takes much time. The Court agrees. We had best plant the seed so that the tree can begin to grow. An interlocutory appeal would not speed the termination of this litigation. The parties have already been to the circuit and back. The agency should address the statutes and regulations in the first instance.

**IT IS THEREFORE ORDERED:**

The motions at **Docket Nos. 295 and 300** are **DENIED**. The Clerk shall enter judgment remanding this case to the IBLA to determine once and for all if Lesnois is a phantom village. *See* Order at Docket No. 292.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge, by Ardel Burritt, secretary to Judge Singleton.

DATE: November 20, 1995                              SECRETARY'S INITIALS: ab

\*   ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.

Any request for other information or for clarification, modification, or reconsideration of this order, or for extension of time must be made in the form of a motion. *See* FED. R. CIV. PROC. 7(b)(1); D. Ak. LR 7.1(I). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

EXHIBIT
Leisnoi L

FILED

SEP 2 5 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, *et al.*, ) | Case No. A76-0132 CV (JKS) |
| Plaintiffs, ) | |
| vs. ) | O R D E R |
| BRUCE BABBITT, Secretary of the ) Interior, *et al.*, ) | |
| Defendants. ) | |

This action, colloquially referred to as the case that would not die and sometimes as the ghost of Christmas past, was the oldest on the Court's docket inherited from Judge von der Heydt after Judge von der Heydt retired. From its inception it has been characterized by vigorous debate and frequent name calling. Both sides have accused the other of fraud and chicanery.[1] It occurred to the Court that the central issue in this case--

---

[1] Stratman contends in essence that the non-governmental defendants are thieves who have outwitted the gullible government defendants to permit rape and pillage of the public lands. The non-governmental defendants implicitly, if not explicitly, contend that Stratman is a pirate who hopes to use some technical flaws in ancient proceedings as a device to extort

(continued...)

EXHIBIT
Leisnoi "M"

whether the government had improvidently certified a figment of a developer's imagination as a Native village entitled to benefits under the Alaska Native Claims Settlement Act--was a matter best addressed in the first instance by the certifying agency, the Interior Board of Land Appeals ("Agency"). Consequently, the Court "remanded" the case to the Agency to allow the parties an evidentiary hearing to determine once, for all, and forever, whether Lesnois is real or imaginary, and if imaginary, whether Lesnois is improvidently-allocated land from the federal government.

Had this decision been made twenty years ago when I was on the Alaska Superior Court, I would have stayed further proceedings and retained jurisdiction. In those days many of my cases were inactive, benefiting or suffering from indefinite postponements stipulated to by the attorneys, if not always the parties. The enactment of the federal Civil Justice Reform Act of 1990[2] heralded a new policy in federal courts. Today, in this Court, no case is allowed inactivity. Every case should be expeditiously moving toward settlement, involuntary dismissal, or trial. As a result, it is not my practice to exercise discretion in favor of postponements, stays, continuances, or extensions, unless other alternatives are unavailable. Where the parties indicate that some action by some other body is necessary to bring a case to completion, it is my practice to dismiss without prejudice to refiling when the

---

(...continued)
money from needy Alaskans. Stratman sees himself as Robin Hood, the defendants see him as Blackbeard. The government defendants have chosen to emulate Jane Austen's Mr. Bennett.

[2] Pub. L. No. 101-650, 104 Stat. 5089 (1990), codified as amended as 28 U.S.C. §§ 471-482.

ORDER                                                    2
F:\HOME\JUDGES\DOCS\SHARED\CV\A76-0132.001

other action is completed. The only obstacle, intervening statutes of limitation, is assumed subject to equitable tolling while all i's are dotted and t's crossed.

It was never my expectation that this case would finally be resolved at the administrative level. Once an agency decision was reached, I assumed that the parties would file a new action and return to federal court. Nor have I ever expected that some other judge would ultimately resolve this case. In the Court's practice, when old dogs bark anew they are returned, even if bearing a new pedigree, to the kennel from which they escaped.

Finally, not wishing to prejudice the Agency, I decline to make any findings of fact or conclusions of law regarding the issues that most divide the parties. It appears that Stratman has a good, but by no means conclusive, case that the Agency initially erred. Whether the Agency erred or not is an issue I prefer to decide at a later time after I have the benefit of the Agency's decision. By the same token, what remedy is appropriate in 1996 for errors committed in 1976 is an issue not easily resolved. It is not clear that equity would require the same response to conclusions reached in 1996 that it would have required had those conclusions been reached in 1976.

In conclusion, the dismissal in this case was without prejudice to a new action after the Agency reaches a decision. It was, nonetheless, a dismissal.[3] Consequently, the Court has no action pending before it which would support a motion for a preliminary injunction. In fear, given the history of this case, that this comment might be viewed as an invitation to

---

[3] The whole case was remanded to the Agency to permit exhaustion of all available administrative remedies and the exercise of primary jurisdiction on any question about which the Agency's expertise would be helpful.

ORDER                                         3

file a new action before the Agency acts, and that someone might view that invitation as fortified by the Court's comments on equitable tolling, it should be pointed out that if the Court had jurisdiction to grant a preliminary injunction it would not do so. Applying the Ninth Circuit's sliding scale, I find that there are significant issues in dispute, and I am not satisfied that the balancing of the hardships tilts in either party's favor. Thus, no action is the preferred action at this time. In part, this decision turns on my conclusion that Stratman has not proved his right to assert the public interest. At this stage, it appears that the United States should be permitted to speak for the public interest in the present, even if the Agency misjudged Lesnois' claims in the past. Further, while the Court has dismissed the parties' assertions of bad faith against each other as so much background noise, it is not prepared to find on this record, which is voluminous, that any party's hands are so clean that equity should intervene on his or her behalf. While the Court is prepared to consider each party's claims anew after the Agency acts, for the present they will be left where the Court found them.[4]

---

[4] Given Congress' enthusiasm for "private attorneys general," much litigation ensues in which greed, not the public interest, motivates the plaintiff and the ultimate settlement, nominal damages and large attorney's fees, might lead an objective third party to see scandal. For a judge to intervene in such cases to chill what Congress might desire could undermine congressional intent and violate the separation of powers. This case is more problematical than the typical "strike suit" and the issue of "clean hands" more ambiguous.

IT IS THEREFORE ORDERED:

The motion for a preliminary injunction at **Docket No. 317** is DENIED for lack of jurisdiction. There is no action currently pending between these parties in this Court.

The motions to strike at Docket Nos. 319, 321, and 324 are MOOT and are therefore DENIED. The motions to stay briefing at Docket Nos. 320, 322, and 323 are MOOT and are therefore DENIED.[5]

Dated at Anchorage, Alaska, this 21 day of September, 1996.

JAMES K. SINGLETON, JR.
United States District Judge

---

[5] The Court has examined Stratman's claim that the Court's treatment of this case coupled with the Ninth Circuit's holding on appeal effectively denies him the right guaranteed by 28 U.S.C. § 1292(a)(1) to an immediate appeal of an order denying a preliminary injunction. Consequently, the Court has considered whether to grant a partial reconsideration, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to reinstate the judgment dismissing this case to permit an immediate appeal. No such order will be entered. It is the considered view of this Court that the Agency should act before equity intervenes and that until the Agency acts any intervention would be unwise. Stratman's argument that if action is withheld trees will die unmourned and the beauty of Kodiak Island will be subjected to aesthetic blight until the end of time, has been carefully evaluated, but given uncertainty about Stratman's clean hands, the Court declines to intervene.

ORDER
A96-0132-CV (JKS)

B. LANDON (AUSA)
T. BURTON

5

F. BOYKO (BOYKO)
T. MIDDLETON (MIDDLETON)
SCHEIBE(?)