John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| versus ) | |
| ) | Case No. A02-0290 CV (JKS) |
| LEISNOI, INC., KONIAG, INC., and ) | |
| DIRK KEMPTHORNE, Secretary of the ) | |
| INTERIOR, ) | LEISNOI, INC.'S ANSWER |
| ) | TO SECOND AMENDED |
| Defendants. ) | COMPLAINT |
| ) | |

COMES NOW, LEISNOI, INC., through counsel, MORRISON MAHONEY, LLP, and hereby answers Plaintiff's Second Amended Complaint as follows:

1. Denied, except to the extent that Leisnoi admits this action relates to a claim challenging the Department of the Interior's decision to certify Woody Island (not Leisnoi, Inc. as plaintiff alleges) as an eligible ANCSA Native Village.

2. Admit.

3. Denied. The current Secretary of the Interior is Dirk Kempthorne.

4. Leisnoi admits that it is an Alaska Native Village Corporation formed as a consequence of the Interior Department's certification of the village of Woody Island as an eligible Native Village under ANCSA, and denies the remaining allegations of paragraph 4.

5. Leisnoi admits that Koniag, Inc. is a Native Regional Corporation, formed under ANCSA, and that Leisnoi is a Native village in the Kodiak archipelago. The remaining allegations of paragraph 5 are denied.

6. Denied.

1196190v1

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied, except to the extent that Leisnoi admits Stratman filed Civil Action No. A76-132 in 1976, and that a copy of his 1976 complaint is attached as Exhibit 1 to his 2nd Amended Complaint.

12. Denied. The case was referred for agency action, which is not a "remand" since Stratman had failed to file an administrative challenge to the eligibility of the Native Village of Woody Island. Leisnoi admits that a copy of the docket sheet from Civil Action No. A76-132 is attached as Exhibit 2 to his 2nd Amended Complaint.

13. Leisnoi admits that the District Court entered an order on October 26, 1978, and that the Ninth Circuit issued an order in *Stratman v. Watt*, 656 F.2d 1391 (9th Cir.1981). Stratman's characterization of those rulings is denied.

14. Leisnoi admits that Stratman entered into a settlement agreement with Koniag, Inc., not with Leisnoi, Inc. Leisnoi also admits that a merger with Koniag was declared void *ab initio*. The remaining allegations are denied.

15. Admit.

16. Leisnoi admits that on May 11, 1995 the District Court issued a Scheduling Order, and that a copy of it is attached to Stratman's 2nd Amended Complaint as Exhibit 4. Because the order speaks for itself, Leisnoi denies the remaining allegations or characterizations of it.

17. Leisnoi admits that on September 13, 1995, the District Court issued a ruling, and that a copy of it is attached to Stratman's Second Amended Complaint as Exhibit 5. Because the ruling speaks for itself, Leisnoi denies the remaining allegations or characterizations of it.

18. Admit.

19. Leisnoi admits that on September 25, 1996, the District Court entered an order, which is attached to Stratman's 2nd Amended Complaint as Exhibit 8. Because the order speaks for itself, Leisnoi denies the remaining allegations or characterizations of it.

20. Admit.

21. Denied, except Leisnoi admits the IBLA assigned the case to Administrative Law Judge Harvey C. Sweitzer

22. Leisnoi admits that ALJ Sweitzer conducted a two week hearing in Kodiak and Anchorage in August 1998, and saw portions of the village on Woody Island. Leisnoi admits that the parties filed post-hearing briefs. The remaining allegations are denied.

23. Leisnoi admits that on October 13, 1999 ALJ Sweitzer issued a recommended decision, a copy of which is attached to Stratman's Second Amended Complaint as Exhibit 9. Because the recommended decision speaks for itself, Leisnoi denies the remaining allegations or characterizations.

24. Admit.

25. Leisnoi admits that the IBLA issued a reported decision in *Omar Stratman v. Leisnoi, Inc.*, 157 IBLA 302 on October 29, 2002. Because the ruling speaks for itself, Leisnoi denies the remaining allegations or characterizations.

26. Because the IBLA ruling speaks for itself, Leisnoi denies the Stratman's characterizations of the ruling.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## AFFIRMATIVE DEFENSES

NOW, HAVING ESTABLISHED THAT STRATMAN'S 2ND AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE, AND THAT JUDGMENT SHOULD BE ENTERED IN FAVOR OF LEISNOI, INC., LEISNOI, INC. hereby asserts the

1196190v1

following affirmative defenses or Rule 12 defenses that further bar Stratman from prosecuting this action or obtaining any of the relief he has sought:

1. Lack of subject matter jurisdiction.

2. Lack of judicial standing.

3. Lack of administrative standing.

4. Collateral estoppel.

5. *Res judicata*.

6. Doctrine of administrative finality.

7. Statute of limitation.

8. Unclean hands.

9. In the proceedings before the Administrative Law Judge, Stratman failed to give any evidence of having made recreational use of Leisnoi's land.

10. Stratman's grazing lease has expired, and he had sold it to a corporation not a party to these proceedings.

11. Judge Holland has quieted title in Leisnoi's land. January 15, 2002 Order Quieting Title through Confirmation of the United States Disclaimer of Interest, *Leisnoi, Inc. v. United States of America*, Civil Action No. A99-608 CV (HRH).

12. The Ninth Circuit has ruled that Leisnoi is entitled to keep all of the lands that the government patented or interim conveyed to it. *Leisnoi, Inc. v. United States*, 267 F.3d 1019 (9th Cir.2001) ("[T]he land could not revert to the United States regardless of the outcome of the decertification proceeding.")

13. Stratman failed to seek further appellate review of the Ninth Circuit ruling and its February 10, 2003 Final Judgment in *Leisnoi, Inc. v. United States of America*, that affirmed Judge Holland's confirmation of the United States' January 9, 2002 Disclaimer of Interest.

14. Stratman's allegations as to the eligibility of the Native Village of Woody Island for ANCSA benefits is moot because the United States Congress statutorily ratified that eligibility in Section 1427 of ANILCA, 94 Stat 2371 at 2518-2528 (1980).

15. Stratman's allegations as to the eligibility of the Native Village of Woody Island for ANCSA benefits is moot because the United States Congress statutorily ratified that eligibility by recognizing the Native Village of Woody Island as a

1196190v1

tribe (defined in relevant part as being an Alaska Native Village within the meaning of ANCSA) in the Federally Recognized Indian Tribe List Act, 25 U.S.C. § 479a.

16. In order to challenge a decision of the Secretary of the Interior made under ANCSA, a protestant must have a property interest in land affected by the decision. 43 CFR § 4.410(b). Stratman owns no property that would be affected by this case.

17. Stratman is precluded from pursuing his claims in this case because he already brought his claims before the Alaska Native Claims Appeal Board, and he lost, then failed to appeal from the order entered in favor of Leisnoi. *Appeal of Omar Stratman*, ANCAB No. LS77-4C (March 24, 1978).

18. The United States Congress declared in ANCSA that the settlement was to be implemented rapidly, with certainty, and without protracted litigation. 43 U.S.C. § 1601(b). This 2002 litigation, instituted decades later, after Stratman lost before the ANCAB and failed timely to appeal, is anathema to that principal.

19. Stratman has failed to overcome the presumption that Native Rolls prepared by the Secretary of the Interior are correct. 43 CFR § 2651.2(b)(1); *Native Village of Afognak*, VE 74-7, ANCAB Decision at p. 8.

20. Stratman failed to carry his burden of proving the eligibility decision was incorrect.

21. A place is a permanent residence of a Native if he has "the intent to return" when absent from that place. 25 CFR § 43h.1(k). Stratman failed to carry his burden of proof negating the subjective intent of the Native residents to return to the Native Village of Woody Island.

22. The Native Village of Woody Island met the statutory requirements of village eligibility for benefits under the Alaska native Claims Settlement Act. Alternatively, it was excused from meeting the statutory requirements by virtue of the proviso for Acts of God or Governmental Authority of 43 CFR § 2651.2(b)(2).

23. Omar Stratman failed to appeal from the final judgment entered in the 1976 case, even though that judgment was erroneously entered because a stay order may instead have been appropriate under *U.S. v. Henri*, 828 F.2d 526 (9th Cir.1987). Having failed to appeal from the final judgment, Stratman cannot use this 2002 suit as a substitute for his 1976 suit.

24. Stratman failed to exhaust administrative remedies before filing suit.

25. Stratman's complaint fails to state a claim upon which relief can be based.

26. Stratman's suit is barred by the doctrine of laches.

27. Accord and satisfaction.

28. Waiver.

29. Abuse of process.

30. Stratman has engaged in malicious prosecution of this case in an effort to line his pockets under the guise of being some sort of a public interest litigant.

31. Such other affirmative defenses as may become apparent during the course of these proceedings.

WHEREFORE, the Court should DISMISS STRATMAN'S COMPLAINT WITH PREJUDICE, and enter judgment in favor of Leisnoi, Inc., awarding it full attorneys fees and costs for having had to defend against his baseless allegations.

DATED this 12th day of January, 2007.

RESPECTFULLY SUBMITTED,

_____
John Richard Fitzgerald (Alaska Bar No. 8711084)
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Attorneys for Leisnoi, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, a copy of the foregoing ANSWER TO SECOND AMENDED COMPLAINT was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/
_____
John R. Fitzgerald

1196190v1