John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| versus ) | |
| ) | Case No. A02-0290 CV (JKS) |
| LEISNOI, INC., KONIAG, INC., and ) | |
| DIRK KEMPTHORNE, Secretary of the ) | LEISNOI, INC.'S RESPONSE |
| INTERIOR, ) | TO STRATMAN'S MOTION |
| ) | FOR STATUS CONFERENCE |
|     Defendants. ) | AND STATUS REPORT |
| ) | |

    True to form, Stratman starts out his brief with a mistake of fact.  Stratman erroneously claims that this Court's ruling is that the stay will not be lifted until 21 days after the Secretary's decision, such that the case will not become active until "January 10, 2007, or as late as January 29, 2007."  In fact, the Court lifted the stay in this case effective September 12, 2006:

> "[A]ny previously entered stay in this case will be lifted in sixty
> days."

July 12, 2006 Order from Chambers.

    Stratman then mistakenly alleges that there is some confusion as to how the Court should next proceed.  In fact, there is only one course of action available: **the Court must initially decide whether it has subject matter jurisdiction before taking any other action.**  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir.1981).  The

burden rests on the party asserting federal subject matter jurisdiction to prove its existence. *California ex rel Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir.1979). "It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

Federal courts are presumed <u>not</u> to have jurisdiction over a dispute until the plaintiff proves otherwise:

> "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute… It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction…"

*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Unless Stratman can establish that this Court has subject matter jurisdiction, there is no need to discuss or consider any of what he refers to in his motion as "logistical and procedural considerations." Determination of subject matter jurisdiction or the absence thereof must be the first order of business.

As this Court is aware, **the Secretary of the Interior found** that **Stratman's challenge** to the eligibility of the Native Village of Woody Island for benefits under the Alaska Native Claims Settlement Act **is moot**. The Secretary determined that Congress statutorily ratified Woody Island's eligibility by specifically naming Leisnoi, Inc. as a Koniag deficiency village entitled to ANCSA benefits in section 1427 of the Alaska National Interests Lands Conservation Act. The issue raised in Stratman's 1976 case, and the one he wants to relitigate herein, whether Woody Island met eligibility requirements under ANCSA, has been mooted by congressional enactment of ANILCA, a statute that includes Leisnoi by name as being eligible for ANCSA benefits.

1196217v1

"Mootness is a jurisdictional question" because federal courts are "not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244 (1971), quoting, *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920). Federal court jurisdiction is limited to justiciable controversies, and "No justiciable controversy is presented … when the question sought to be adjudicated has been mooted by subsequent developments." The Secretary of the Interior has found that a subsequent development, namely, congressional enactment of ANILCA in 1980, has mooted the challenge to Woody Island's eligibility:

> "I conclude that section 1427 ratified Leisnoi's status as a Native village eligible for ANCSA benefits, thus mooting Stratman's challenge to Leisnoi's status."

December 20, 2006 decision of Secretary Dirk Kempthorne in favor of Leisnoi, Inc.

Accordingly, this Court must preliminarily decide if it has subject matter jurisdiction over the case before reaching any of the other matters Stratman seems so eager to litigate.

Leisnoi, though, has no objection to the Court entertaining a status conference to discuss the jurisdictional shortcomings of Stratman's case. But its lead counsel, who has moved to Boston during the eleven years Stratman's case languished in the Department of the Interior, asks that he be allowed to participate telephonically. Leisnoi's undersigned counsel will appear live in court for oral arguments on its forthcoming motion to dismiss for lack of subject matter jurisdiction, but respectfully requests permission to appear telephonically for a status conference to discuss what Stratman refers to as "housekeeping matters."

WHEREFORE, this Court should decide whether it lacks subject matter jurisdiction before taking any other action. Leisnoi has no objection to a status conference to discuss the lack of federal jurisdiction over Stratman's claims that the Secretary of the Interior has found are now moot.

1196217v1

DATED this 12th day of January, 2007.

                RESPECTFULLY SUBMITTED,

                _____
                John Richard Fitzgerald (Alaska Bar No. 8711084)
                Morrison Mahoney LLP
                250 Summer Street
                Boston, MA  02210-1181
                Phone (617) 737-8858
                Fax (617) 342-4848
                Email  jfitzgerald@morrisonmahoney.com
                Attorneys for Leisnoi, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, a copy of Leisnoi's response to Stratman's motion for a status conference was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

                                /s/
                _____
                              John R. Fitzgerald