IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>                Plaintiff,<br><br>    vs.<br><br>LEISNOI, INC, KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the Interior,<br><br>                Defendants. | Case No. 3:02-CV-00290 (JKS)<br><br>O R D E R |

      The Secretary of the Interior completed final administrative action in this case by adopting an opinion of the Solicitor, which, if it remains the law of this case, would moot Stratman's challenge to Leisnoi's legitimacy and finally resolve this case after almost thirty years of litigation. *See* Docket No. 96. Stratman has given notice of his intent to challenge that decision and requests a status conference. Docket Nos. 97; 100. Leisnoi responds to that request by denying that this Court has jurisdiction under the APA to review the Secretary's legal conclusions. Docket No. 99. Anticipating that response, Stratman asks leave to file a further amended complaint to establish jurisdiction. In light of the positions of the parties, a status conference appears premature at this time. By this order, the Court will grant Stratman thirty days or until Tuesday, February 20, 2007, to amend (or perhaps more accurately, to supplement) his complaint. Within thirty days thereafter, Defendants shall file their motions to dismiss on jurisdictional grounds. Within thirty days thereafter Stratman may file an opposition and within fifteen days thereafter Defendants may file replies.

In addition to any other questions that the parties wish to address, they shall consider the following. First, the Solicitor rejected the IBLA's interrelated decisions that a) it lacked subject matter jurisdiction because lands had been transferred to Leisnoi and patented; and, b) in any event the statute of limitations had long since run. The Solicitor concluded that because Leisnoi still sought lands the matter was still ripe, the statute had not run—at least as to those lands—and the IBLA had jurisdiction and the Secretary's review responsibility was mandatory, not discretionary. These are conclusions of law but, if correct, do they establish derivative district court jurisdiction under the APA to review the Secretary's most recent decision under the applicable standards? In considering this issue the parties should consider *Chevron U.S.A. v. Natural Res. Def. Council*, 467 U.S. 837, 843 n.11 (1984) and *Seldovia Native Ass'n Inc. v. Lujan,* 904 F.2d 1335 (9th Cir. 1990), but see *Navajo Nation v. Dep't of Health and Human Services*, 325 F.3d 1133 (9th Cir. 2003) (en banc) (*Chevron* deference inapplicable where statute completely clear and unambiguous). Second, if the Court finds that it has jurisdiction to review the Secretary's most recent decision, does not *Chevron* deference require accepting the Secretary's interpretation of ANILCA, section1427, and his conclusion that Congress mooted Stratman's contest by enacting that statute?

**IT IS THEREFORE ORDERED:**

The Motions for Status Conference and Hearing at **Docket Nos. 97** and **100** are **DENIED** at this time. Plaintiff's Amended Complaint is due **Tuesday, February 20, 2007.** Motions to Dismiss, if any, by the Defendants are due **Thursday, March 22, 2007**, with the response being due **Monday, April 23, 2007** and reply **Tuesday, May 8, 2007**.

Dated at Anchorage, Alaska, this 18th day of January, 2007.

                         /s/ James K. Singleton, Jr.
                         **JAMES K. SINGLETON, JR.**
                         United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2002\A02-0290.006.wpd