IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN,                                    )
                                                  )
                        Plaintiff,                )
                                                  )
v.                                                )
                                                  )
LEISNOI, INC., KONIAG, INC., and                  )
DIRK KEMPTHORNE, Secretary of the                 )
Interior,                                         )
                                                  )
                        Defendants,               )
                                                  )
_____         )
                                                  )
KONIAG, INC.,                                     )
                                                  )
                        Counter-claimant,         )     Case No.:  3:02-cv-0290 (JKS)
                                                  )
v.                                                )
                                                  )
OMAR STRATMAN,                                    )
                                                  )
                        Counter-claimed           )
                        Defendant.                )
_____         )

**THIRD AMENDED COMPLAINT**

COMESCOMES NOW Omar Stratman, by and through his attorneys ofCOMES NOW Oma

ofof Michael J.of Michael J. Schneider, P.C., and complains and alleges against Defendants, an

them, as follows:

**Introduction**

1.     ThisThis action iThis action is an AdThis action is an Administrative Procedures

Department of Interiors decision toDepartment of Interiors decision to certifyDepartment

Village,Village, and constitutes a continuation of the proceedings inVillage, and constitutes

Interior,Interior, Leisnoi, Inc., and KonInterior, Leisnoi, Inc., and Koniag, Interior, Leisn

MICHAEL below below, that below, that action culminated in an Orderbelow, that action culminated in

LandLand Appeals (hereLand Appeals (hereinaLand Appeals (hereinafter "IBLA") to

adjudicateadjudicate Stratman s challenge and redetermineadjudicate Stratman s challeng

remandedremanded proceedings, which included a formal adjudicatory hearing in which i

determineddetermined thatdetermined that Leisnoi was <u>not</u> qualified for certification as an

havehave now been completed. In accordance with thehave now been completed. In acco

Court,Court, this new action has been filed in order to bring Stratman s case back before Co

Court for final determination of his APA claim.

**General Allegations**

2.    OmarOmar StratmanOmar Stratman (hereinafterOmar Stratman (hereinafter  Stratman ) i

Island, State of Alaska, within the District of Alaska.

3.    DirkDirk Kempthorne is the current Secretary of theDirk Kempthorne is the current Secret

(hereinafter  the Department ).

4.    Leisnoi,Leisnoi, Inc.Leisnoi, Inc. (hereinafter  Leisnoi )Leisnoi, Inc. (hereinafter  Leisnoi ) i

aa consequence of thea consequence of the Department s certification of the alleged village

asas an eligible Native Village under Section 11(b)(3) as an eligible Native Village u

Settlement Act (ANCSA), 43 U.S.C. § 1610(b)(3).

5.    Koniag,Koniag, IncKoniag, Inc. (hereKoniag, Inc. (hereinafter  Koniag ) is a Native Reg

ANCSA for Native villages in the Kodiak archipelago, in which Leisnoi is a member.

6.    ThisThis CourtThis Court has jurisdiction, and venue is proper, pursuant to 28 U.S.C. § 13

U.S.C. § 1391.

7.    TheThe Court has the authority to review the Department s decision and to grant the relief

requestedrequested herein,requested herein, pursuant torequested herein, pursuant to 5

MICHAEL J. SCHNEIDER, P.C.  28 U.S.C. § 2201 (declaratory relief), and 28 U.S.C. § 1651 (injunctive relief).

## The Proceedings in Stratman I

8.    In 1973, Leisnoi filed an application with the Department for a eligibility to receive ANCSA benefits as an ... Section 11(b)(3), 43 U.S.C. § 1610(b)(3). In ... and the Department's regulations, the ... regarding Leisnoi's application and its qualifications for eligibility ... issued a decision finding Leisnoi to be qualified for ... Village. Notice of the Department's decision ... and several Alaska newspapers. Following ... had been filed by other parties, the Department ... 9, 1974. On the same date, the Department issued a Certificate ... Leisnoi as an eligible Native Village. Leisnoi ... its proceedings to Stratman, even though Stratman held record interests, as a federal grazing leaseholder, in some of the land ... not receive actual notice of the pendency of ... file a protest or participate in any administrative proceedings relating to Leisnoi's ... application.

9.    As will appear below, Leisnoi's certification as an ANCSA ... contrary to law. As a direct and proximate result ... land, money, and other benefits to which it was not entitled.

10.   To the best of Mr. Stratman's knowledge ... money, and other benefits directly because of Leisnoi's wrongful certification.

11.     In July 1976, Stratman (and other plaintiffs) filed in July 1976, Stratman (and other plaintiffs) Court in the District of Alaska challenging Court in the District of Alaska challenging th as an eligible Native Village. <u>Stratman vs. Secretary of Interior, Leisnoi, Inc., and Koniag, Inc.</u>, Case No. A76-132 CV (JKS) (hereinafter <u>Stratman</u> I ). The comp in <u>Stratman I</u> alleged that Leisnoi did not meet ANCSA s requirements for certification as an eligible Native Village, that the Department had conducted an ina as an eligi investigation regarding L investigation regarding Leisn wrongfully certified Leisnoi as an eligible Native Villag wrongfully certified Leis vacate Leisnoi s certification as an eligible Native Village. vacate Leisnoi s certification as enjoining the Federal government from issuing any land patents to Leisnoi declaring null and void any conveyances declaring null and void any conveyan and correct copy of the First Amended Complaint in <u>Stratman I</u> is is attached Exhibit 1.

12.     The litigation in <u>Stratman I</u> wound through a number of wound through a number of appeals, a failed sett appeals, a failed settlement and appeals, a failed settl ultimately, an order ultimately, an order reul ultimately, an order remandin proceedings to adjudicate Stratman s challenge proceedings to adjudicate Stra eligibility. <u>See</u> orders at Docket 240, orders at Docket 240, Docket 292 (p. 3), Do A true and correct copy of the District A true and correct copy of the District Court s docke hereto as Exhibit 2.

13.     On October 26, 1978, the Distric On October 26, 1978, the District Court di On Octob that Stratman that Stratman (and the other plaintiffs) lacked standing, and had

exhaust their administrative r

which issued a reported decision in <u>Stratman v. Stra</u>

other things, the Ninth Circuit determined that Stratman had standing

action as a recreational user of the lands tha

<u>Id.</u> at 1324. The Court also determined that Stratman

receive actual notice from the Department of the pendency of its proc

regarding Leisnoi's application for eligibi

been originally entitled to notice and an opportunity to participate in the administrative

proceedings. <u>Id.</u> at 1326. After noting that Stratman was seeking a trial *de novo* in

the District Court to determine the issue of Leisnoi's eligibi

Circuit remanded, instructing the District Court to apply the princ

and determine whether Stratman should be allowed to litigate [his challen det

judicial forum. <u>Id.</u> at 1326.

14. In 1982, following the Ninth Circuit's decision

into a settlement and a stipulated dismissal. At the time

Koniag had merged into a single corporation. Koniag had merged into a single

agreement, the merged Leisnoi/Koniag agreed to sell

surrounding his ranch from

transaction was to take place within thirty days following Leisnoi/Koniag's receipt

land patents. On November 21, 1985, the land patents were issued. Fou

Leisnoi repudiated its obligations under the

not bound by the settlement agreement be

declared *void ab initio* pursuant to a shareholder s action against Leisnoi and Koniag in Alaska state court for specific settlement agreement.  After prevailing in the trial court, the Alaska Supreme Court ultimately determined that the settlement agreement was binding on Leisnoi.  Leisnoi, Inc. v. Stratman, 835 P.2d 1202 (Alaska 1992).

15.   On March 5, 1993, Stratman filed a motion to set aside the judgment in Stratman I and reopen the action.  The District Court denied the motion, and Stratman appealed to the Ninth Circuit.  In a memorandum decision issued in 1994, the Ninth Circuit reversed and remanded with instructions for the District Court to vacate the judgment of dismissal and reopen the action.  A true copy of the Ninth Circuit s decision is attached hereto as Exhibit 3.  The District Court entered an order reopening the action.

16.   On May 11, 1995, the District Court issued a Scheduling Order (Docket No. ___) in which it identified five  threshold issues  to be briefed by the parties.  The court determined that if the court did not resolve the action on one of the five threshold issues, it would remand the matter to the Interior Board of Land Appeals for a determination of Leisnoi s eligibility.  Included in the threshold issues was whether Stratman s claim was barred due to his failure to exhaust his administrative remedies, and whether Congress had legislatively ratified Leisnoi s status as an eligible Native corporation by enacting the provisions in Section ___ of the Alaska National Interest Lands Conservation Act (ANILCA).  A true copy of the Scheduling Order is attached hereto as Exhibit 4.

17.    OnOn September On September 13, 1On September 13, 1995, the District Court issued
issuesissues (Docketissues (Docket 292). After disposing of theissues (Docket 292). After
StStratman sStratman s action was not barred for failure to exhaust his administrative re
basedbased on the Department s failurebased on the Department s failure to pba
administrativeadministrative remedies. Theadministrative remedies. The Court ruled that
toto IBLA for additionalto IBLA for additional agency proceedings in order to adjudicate to IB
TheThe Court reasoned The Court reasoned thThe Court reasoned that this co
administrativeadministrative remedies, and give the court the benefit o administrative rem
determiningdetermining Stratman s claim for judetermining Stratman s claim for judicd
whetherwhether Congress legislatively ratified Leisnoi swhether Congress legislatively rati
enactingenacting ANILCA Section 1427 should also be remandeenacting ANILCA Sect
initialinitial determination. The decision concluded withinitial determination. The decision c
DeDepaDepartmentDepartment for consideration not inconsistent with the Court s decis
correct copy of the District Court s decision is attached hereto as Exhibit 5.

18.    OnOn November 21, 1995, the District Court entered a subsequent ordeOn Novembe
denieddenied two subsequent motions. The order concludeddenied two subsequent mot
enterenter judgment remanding the case to the Interior Board of Land Appeals (IBenter j
accordanceaccordance with theaccordance with the Court s order of September 13, 1995
aa formal judgment was entered remanding the case to IBLA. Truea formal judgment was
of the Districtof the District Court s order and judgment of remand are attached hereto as
6 and 7. (Docket 309 and 310, respectively.)

19. On September 25, 1996, the District Court granted Stratman's motion to preliminarily enjoin Leisnoi from logging the under ANCSA pending the determination of indicated that its judgment of remand had been intended to rather than retaining jurisdiction, and that Stratman the District Court for final determination, after the completion of the proceedings, by filing a new action. A true order is attached hereto as Exhibit 8. (Docket 329.)

<u>The Remanded Agency Proceedings</u>

20. On September 25, 1996, IBLA acknowledged receipt docketed the matter as Case No. IBLA 96-152.

21. On November 17, 1997, IBLA referred the matter to the assignment of an ALJ to convene a hearing for the purpose Woody Island meets the legal requirements for village. The case was subsequently assigned to Administrative Law C. Sweitzer.

22. Judge Sweitzer conducted a formal adjudicatory hearing August 3, 1998 to August 14, 19 Anchorage, Alaska; the second week was held included an on-site inspection of the site of the alleg the parties were accorded the opportunity to file post-hea response and reply briefs.

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

8

23. OnOn October 13, 1999, the ALJ issued aOn October 13, 1999, the ALJ issued a one-hund
inin which he determined that Leisnoi did not satisfy ANCSA s satisfy ANCSA s requirement
asas an unlisteddas an unlisted Native Village.  Among other things, the ALJ found: 1) that
notnot have 25 or more Native residents on April 1, 1970; 2) thatnot have 25 or more Nativ
identifiableidentifiable physical location evidenced by occupancy consistent withidentifiable
culturalcultural patterns andcultural patterns and life-style;cultural patterns and life-style;
usedused the alleged village during 1970 as aused the alleged village during 1970 as a pl
ofof time; and 4) that Leisnoi was not unoccupied in 1970 due to one or more acts of
GodGod or governmental authority occurring within the preceding ten years.  A true and
correct copy of the ALJ s Recommended Decision is attached hereto as Exhibit 9.

24. TheThe partiesThe parties weThe parties were accorded the opportunity to file
RecommendedRecommended Decision, and toRecommended Decision, and to brief any p
thethe issue of whether Congress Ithe issue of whether Congress legislativethe issue
Native Village by enacting ANILCA Section 1427.

25. OnOn October 29, 2002, IBLA issued a reported decision,On October 29, 2002, IBLA issu
Inc.,Inc., Koniag, Inc. (Intervenor), Bureau ofInc., Koniag, Inc. (Intervenor), Bureau of India
itsits decision, the Board adopted the its decision, the Board adopted the Aits decision
statingstating thatstating that  [w]e have reviewed the objections tostating that  [w]e have
decisiondecision filed by the parties and we finddecision filed by the parties and we find no r
withwith which we agree.   157 IBLA at 157 IBLA at 320.  A tr157 IBLA at 320.  A true ar
is attached hereto as Exhibit 10.

MICHAEL J. SCHNEIDER, P.C.

26.   IBLA also determined that Congress did not legislatively ratify Leisnoi's status as an

eligible Native Village in ANILCA Section 142

determined that Leisnoi's status had not

Department's Tribal Entities List, as had been

IBLA at 315-319.

27.   By letter dated December 27, 2002, Leisnoi asked the

A. Norton to exercise [her] authority

review and reverse, on various grounds, IBLA's decision of October 29, 2002.

28.   On or about December 20, 2006, Secretary Kempthorne issued a sin

Decision adopting the reasoning of Deputy Solicitor Lawrence Decision adop

in a memorandum dated December 11, 2006. The

Secretary's review of the 200

§2651.2(a)(5); and that §1427 of ANILC§

determination regarding Leisnoi, thus

is attached hereto as Exhibit 11. The decision and

lodged with the Court at Document No. 96 on or about January 8, 2007.

Claim for Relief

29.   This action constitutes a continuation of the ca

the pleadings, proceedings, and orders issued therein remain

and the Court in this action, under the doctrine of the law of the case.

30.   As a result of the Department's

redetermination of Leisnoi's eligibility in the remanded agency proceedin

decisiondecision now constitutes the Department s newdecision now constitutes the Dep

Department sDepartment s original decision regarding Leisnoi s eligibilityDepartmen

determiningdetermining Stratman s claim for judicial relief.determining Stratman s claim fo

thethe parties and the court, and is onlythe parties and the court, and is only subjectthe pa

provided in the Administrative Procedure Act, 5 U.S.C. § 706.

31.    Stratman is entitled to a judgment affirming IBLA s decision.

32.    Stratman is entitled to a judgment enforcing IBLA s decision.

33.    SStratmanStratman is entitled to a judgment setting aside the Department s certificat

LeisnoiLeisnoi as an eligible Native VillaLeisnoi as an eligible Native Village baseLeisn

eligibility.

34.    StratmanStratman is entitled to a judgment restoring the United States tiStratman is en

werewere conveyed towere conveyed to Leisnoi under ANCSA,were conveyed to Leisnoi

havehave been conferred onhave been conferred on Leisnoi or Koniag ashave been conf

eligible Native Village.

35.    StratmanStratman is entitled to an award of his costs andStratman is entitled to an award o

withwith this action, including the costs and fees he incurrewith this action, includin

StratmanStratman I, in, in the remanded agency proceedings, and in other, in the remande

thatthat were related to his case.that were related to his case.  Such award is authorized by

Act, 28 U.S.C. § 2412.

WHEREFORE, Stratman prays for relief as follows:

1.    ForFor a Judgment affirming IBLA s decision that Leisnoi did not satisfy ANCSA s

MICHAEL requirementsfor.certification as an eligible Native Village;

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

11

2.    ForFor a Judgment setting aside the Department s certification ofFor a Judgment setting
      Native Village;

3.    ForFor a Judgment vacating any land patents issuedFor a Judgment vacating any land pat
      of Leisnoi s certification as an eligible Native Village;

4.    ForFor a Judgment awarding the United States of America, orFor a Judgment awarding th
      thethe value of any benefit received by Leisnoi and/or the value of any benefit received
      Leisnoi s certification as an eligible Native Village;

5.    ForFor a JudFor a JudgFor a Judgment imposing a constructive trust for the benefit of th
      allall assets acquired by Leisnoi and all assets acquired by Leisnoi and Koniag aall asse
      eligible Native Village;

6.    ForFor a Judgment awarding Stratman For a Judgment awarding Stratman his c
      coconnectionconnection with this action, including his costs and fees incurred in the proc
      inin _Stratman I_, in the remanded agency proceedings, an, in the remanded age
      proceedings that were related to his case.

7.    For such other and further relief as the Court deems appropriate.

      RESPECTFULLY submitted this 16th day of February, 2007.


                                    s/Michael J. Schneider
                                    Law Offices of Michael J. Schneider, P.C.
                                    880 N Street, Suite 202
                                    Anchorage, AK 99501
                                    Phone: (907) 277-9306
                                    Fax: (907) 274-8201
                                    E-mail: mjspc@gci.net
                                    Alaska Bar No. 7510088

MICHAEL J. SCHNEIDER, P.C.

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

12

## CERTIFICATE OF SERVICE

I hereby certify that *OMAR STRATMAN S*
*THIRD AMENDED COMPLAINT* was served electronically
on the 16th day of February, 2007, on Bruce M. Landon,
R. Collin Middleton, and John R. Fitzgerald.

s/Michael J. Schneider

MICHAEL J. SCHNEIDER, P.C.

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

13