Roger E. Henderson
805 West Third Avenue
Suite 200
Anchorage, Alaska 99501
Phone: 272-1527

Attorney for Plaintiffs

FILED

MAY 5 1977

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Dep

(19)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,
JOHN MURRAY, MICHAEL DEVERS,
JAMES SCHAUFF, and BRIAN SHAFFORD,

    Plaintiffs,

vs.

THOMAS S. KLEPPE, Secretary of the
Interior, ANTON LARSEN, INC., BELLS
FLATS NATIVES, INC., LEISNOI, INC.,
and KONIAG, INC., REGIONAL NATIVE
CORPORATION,

    Defendants.

No. A76-132 Civil

AMENDED COMPLAINT

    For cause of action, plaintiffs, by and through their attorneys, HOUSTON & HENDERSON, complain and allege as follows:

I.

    The defendant, Secretary of the Interior, (hereinafter referred to as the Secretary) is required by the Alaska Native Claims Settlement Act, 43 U.S.C.A. §1610 (b)(3) to find native villages eligible to receive land conveyances provided that twenty-five or more Alaska Natives were residents of an established village on the 1970 census enumeration date.

II.

    The alleged villages of Antol Larsen Bay, Bells Flats, and Woody Island (Leisnoi) were not established villages on the

-1-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
805 WEST THIRD AVENUE
ANCHORAGE, AK. 99501
TELEPHONE 272-1527

006

Exhibit 1, p.1

1970 census enumeration date, nor did they at that time have twenty-five or more Natives as residents. Notwithstanding these facts, the defendant corporations of Anton Larsen, Inc., Bells Flats Natives, Inc., and Leisnoi, Inc., (hereafter referred to as Village Corporations) were formed for the purpose, in part, of receiving title to Federal lands pursuant to the Act on behalf of Anton Larsen Bay, Bells Flats, and Woody Island respectively.

III.

Despite the ineligibility of Anton Larsen Bay, Bells Flats, and Woody Island by the statutory criteria to receive Federal land under the statute, the Village Corporations have made tentative selections from the public domain on Kodiak Island, Woody Island and nearby areas, and have petitioned the Secretary for patent to the lands selected.

IV.

Defendant KONIAG, INC., REGIONAL NATIVE CORPORATION has or claims to have a mineral interest in all lands referred to in paragraph III above in the event that patent as requested is granted by the Secretary.

V.

Plaintiffs Omar Stratman and Toni Burton each own grazing leases initially issued by the United States pursuant to 45 U.S.C.A §471. All or a portion of the lands under said leases were selected by the State of Alaska for patent to it under the Alaska Statehood Act. By operation of State Statute, grazing leases issued by the United States for lands which are subsequently selected and patented to the state are subject to renewal at the option of the lessee upon the lease expiration date under identical terms and conditions. Such option to renew constitutes a valuable property right in plaintiffs

-2-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
605 WEST THIRD AVENUE
ANCHORAGE, AK. 99501
TELEPHONE 272-1527

007

Exhibit 1, p. 2

Omar Stratman and Toni Burton.

VI.

All or portions of the lands under said grazing leases which had been selected by the State of Alaska have now been selected by the Village Corporations for patent to them. If such patents are issued in violation of 43 U.S.C.A. §1610(b)(3), property rights of Omar Stratman and Toni Burton will be terminated because the State of Alaska will not receive patent to the subject lands which it has already selected. The termination of these rights will constitute grave and irreparable injury to the plaintiffs, and plaintiffs will each be damaged in an amount exceeding $10,000.00.

VII.

Plaintiffs Omar Stratman and Toni Burton each own an interest in a slaughter-house facility situated upon land which has been selected by defendant Leisnoi, Inc. for patent to it. Prior to said selection by the Village Corporations, the land in question had been selected by the State of Alaska and tentatively approved by the Secretary for patent. The state, after its selection, released its rights in said lands to the Kodiak Island Borough which in turn gave a quit-claim to the owners of the slaughter-house facility, including plaintiffs Stratman and Burton. If patents are issued to the Village Corporations in violation of 43 U.S.C.A. §1610(b)(3), existing property rights of plaintiffs Stratman and Burton will be terminated, said termination causing grave and irreparable injury to plaintiffs and damaging them in an amount exceeding $10,000.00.

VIII.

All individual plaintiffs presently make extensive use of lands in the public domain on Kodiak Island and Woody Island

-3-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
605 WEST THIRD AVENUE
ANCHORAGE, AK. 99501
TELEPHONE 272-1527

008

Exhibit 1, p. 8

1  for recreation purposes including hunting, fishing, camping,
2  hiking, picnicking, boating, berry picking, bird watching and
3  nature observation and photography. The lands selected for
4  patent to the Village Corporations of Anton Larsen, Inc. and
5  Bells Flats Natives, Inc. are either used for said recreational
6  purposes or must be used for access to such areas. Patent of
7  these lands to the Village Corporations in violation of
8  43 U.S.C.A. §1610 (b)(3) will terminate the plaintiff's rights
9  of access and enjoyment of Federal lands in the public domain.
10 Such termination of rights of access and enjoyment will
11 constitute grave and irreparable injury to the plaintiffs, and
12 plaintiffs will be damaged in an amount exceeding $10,000.00.

IX.

Jurisdiction and venue in this Court are provided by 28 U.S.C.A. §1331 and 28 U.S.C.A. §1391.

WHEREFORE: Plaintiffs pray as follows:

(1) That the Secretary be permanently enjoined from issuing any patents to or other interest in real property in the Federal domain to the Village Corporations.

(2) That any conveyances of any interest in real property which might have been made to said Village Corporations by the Secretary be declared null and void.

(3) That plaintiffs be awarded their costs and attorney's fees.

(4) Such other relief as the Court deems just.

DATED this 5th day of January, 1977.

HOUSTON & HENDERSON
Attorneys for Plaintiffs

By _Roger E. Henderson_
Roger E. Henderson

January 5th 77
_Ciber Commer_
USA

-4-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
605 WEST THIRD AVENUE
ANCHORAGE, AK. 99501
TELEPHONE 272-1527