FILED
SEP 13 1995
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____ Dep:"

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*Omar Stratman, et al. v. Bruce Babbitt, et al.*
Case No. A76-132 CV (JKS)

By:             THE HONORABLE JAMES K. SINGLETON

Deputy Clerk:     Marvel Hansbraugh, Case Management: 271-5575*

PROCEEDINGS:     ORDER FROM CHAMBERS

There are a number of motions pending in this case addressing issues reserved by Judge von der Heydt prior to his transfer of this case to me. The parties have been briefing variations on these issues for many years and have no doubt exhausted whatever could be said about them. I am certainly exhausted reading what has been written. Oral argument therefore would serve no purpose and will not be allowed. *See* D. Ak L.R. 7.1(i). The request for oral argument at Docket No. 287 is therefore DENIED.

The facts of this case have been set out by those more articulate than I and I cannot improve upon their statement. *See, e.g., Stratman v. Watt*, 656 F.2d 1321 (9th Cir. 1981); *Leisnoi, Inc. v. Stratman*, 835 P.2d 1202 (Alaska 1992); and *see Stratman v. Babbitt*, No. 93-36006 (9th Cir. Dec. 5, 1994); Docket No. 259 Exhibit No. 1. Judge von der Heydt recognized a number of issues required by the remand in this case that would have to be provisionally addressed. The parties have filed copious briefs. Suffice to say, Stratman argues that the Secretary of the Interior incorrectly recognized a phantom native village in violation of the Alaska Native Land Claim's Settlement Act and as a result thousands of acres of land have passed into the hands of men and women not entitled to receive them. The Defendants respond that Stratman is using litigation to extort land and money from Alaska's native people. There is little love lost between the parties.

Leisnoi moves for summary judgment at Docket No. 207. It argues that complementary litigation ended in a final judgment of dismissal based on standing which trumps this litigation. The Court has considered the facts in light of the doctrine of *res judicata* and concludes that the only issue resolved in the other case was Stratman's standing to bring suit. The law of this case precludes this Court from barring Stratman's suit for lack of standing. A contrary conclusion would compel the Court to grant a motion under FED. R. CIV. P. 60 and open the other judgment on equitable grounds. Prolonging this case for that purpose is a waste of time and money. The motion at Docket No. 207 is DENIED.

Leisnoi moves at Docket No. 245 to dismiss for lack of subject matter jurisdiction. Essentially, Leisnoi argues that Stratman's claims should be dismissed for failure to exhaust administrative

790

Exhibit 5, p. 1

remedies. Since the Ninth Circuit has already determined that Stratman did not have notice of the occasion to exhaust remedies, Leisnoi is simply arguing that this law suit should die a natural death. The government joins in this request. Docket No. 245. The Court is not persuaded. The Court reads the U.S. Supreme Court cases cited by the parties as altering the analysis in the Ninth Circuit decision. *See, e.g., Darby v. Cisneros*, 113 S. Ct. 2539 (1993). The Court sees no material inconsistency. Moreover, the Court is not persuaded that Congress absolutely precluded someone without notice from litigating a claim like Stratman's simply because he failed to take administrative steps he did not know he had. On the other hand, this appears to be a perfect case to read ripeness and primary jurisdiction together to require that Stratman litigate his challenge to Leisnoi before the agency before he brings it here. The agency in the first instance should determine whether Leisnoi is a phantom of the Secretary's imagination, as Stratman contends, or as its members contend, the modern representative of an ancient people, the victim of an itinerant berry picker. Sending the issue back will permit the agency to exercise its expertise. If there is a reasonable basis for the Secretary's action, taking into account the limited time Congress allowed him for making the determination, his action will be upheld. If, despite the leeway he must be given, the Secretary did certify a phantom village, the agency is the best place for that determination to be made. The motions for summary judgment at Docket Nos. 245 and 249 are DENIED.

Leisnoi also moves at Docket No. 246 for summary judgment, arguing that Congress ratified its status. This issue is better left for resolution by the agency. Leisnoi's motion at Docket No. 246 is DENIED. Finally, Leisnoi moves at Docket No. 248 for summary judgment on the ground that a second settlement with Koniag, Inc., should preclude this case. The Court is not persuaded. Given the intervening decisions of the Ninth Circuit and the Alaska Supreme Court there are numerous issues that would have to be resolved before the Court could conclude that this action violates that settlement. If Koniag feels Stratman has breached a contract with it, a separate lawsuit is the vehicle for its redress. Given the Alaska court decision, Leisnoi has no standing to assert rights under that settlement agreement. Leisnoi's motion at Docket No. 248 is therefore DENIED.

Koniag moves for summary judgment at Docket Nos. 250 & 251. At Docket No. 250, Koniag argues that § 1427 establishes Leisnoi's status as a village. This is a difficult question that should be decided in the first instance by the agency. Koniag's motion at Docket No. 250 is therefore DENIED. Koniag moves at Docket No. 251 to dismiss based on the 1990 settlement agreement. *See also* Docket No. 248. Koniag certainly has standing to sue on its own agreement, but the Ninth Circuit in its decision in this case all but held that Koniag breached its agreement with Stratman by stipulating with the plaintiffs in the demerger litigation to declare the merger void *ab initio*. *See Stratman v. Babbitt*, No. 93-36006 at 4-5. Given that decision

No. A76-132 CV (JKS)
Minute Order 9/12/95
Page 2

at Justice Moore's dissent, equity does not look with favor on this argument.[1] Koniag's motion at Docket No. 251 is therefore DENIED.

This case should therefore be sent to the IBLA for consideration of Stratman's challenge to Leisnoi. That course will permit exhaustion of administrative remedies, albeit belated, and give the Court the benefit of the agency's expertise and the agency the benefit of any intervening action by Congress. Given the total confusion that has reigned in this case, any effort to resolve this case on the basis of *res judicata* would appear wrong, and if right, would simply generate another Rule 60 motion. To attempt to resolve it on the basis of the 1990 settlement agreement would require a lengthy trial and probably an eventual determination that this case should go back to the agency. Leisnoi has been in limbo too long. It should have an opportunity to show that it is real.

The motion for extension of time at Docket No. 264 is GRANTED. The motion to strike at Docket No. 269 is DENIED. The motion at Docket No. 286 to accept late filing of reply briefs is GRANTED. The motion to stay for sixty days at Docket No. 270 is DENIED. While it is my fondest hope that Congress will resolve this case, its actions, whatever they are, should first be considered by the agency.

IT IS THEREFORE ORDERED:

The motions at Docket Nos. 207, 245, 246, 248-251, 269, 270, and 287 are DENIED. The motions at Docket Nos. 264 and 286 are GRANTED. This case is remanded to the administrative agency for consideration not inconsistent with this Order.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge, by Ardel Burritt, secretary to Judge Singleton.

DATE: September 12, 1995          SECRETARY'S INITIALS: ab,RS

* ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE-INDICATED CASE MANAGER.

---

[1] In glancing about, equity wears blinders forged by higher courts. This Court has dismissed this case with regularity only to see it return like the proverbial penny. I have decided to spend that penny with the IBLA.

No. A76-132 CV (JKS)
Minute Order 9/12/95
Page 3

A76-0132--CV (JKS)
-----------------------------
E. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
K. SCHNEIDER

B. LANDON (AUSA)
A. SCHMITT
T. BURTON

792

Exhibit 5, p. 3