EXHIBIT 3

LEXSEE 79 IBLA 112

SIERRA CLUB, ALASKA CHAPTER, ET AL.

IBLA 82-157

Interior Board of Land Appeals

*79 IBLA 112; 1984 IBLA LEXIS 158*

February 21, 1984, Decided

**ACTION:**
[**1]

[*112] Appeal from approval by the Alaska State Office, Bureau of Land Management, of plan of action for compliance with section 22(k) of the Alaska Native Claims Settlement Act.

Dismissed.

**HEADNOTES:**

1. Regulations: Binding on the Secretary -- Regulations: Force and Effect as Law -- Regulations: Validity

The Board of Land Appeals has no authority to declare duly promulgated regulations invalid. Such regulations have the force and effect of law and are binding on the Department.

2. Alaska Native Claims Settlement Act: Appeals: Standing

Standing to appeal decisions relating to land selections under the Alaska Native Claims Settlement Act requires that a party have a property interest in land affected by the decision. 43 CFR 4.410(b). The allegation of ownership and use of State and Federal lands as a member of the public does not establish standing. 

APPEARANCES:

Durwood J. Zaelke, Esq., Washington, D.C., for appellants;

Robert Charles Babson, Esq., Anchorage, Alaska, for the Bureau of Land Management.

OPINION BY ADMINISTRATIVE JUDGE GRANT

This appeal is brought by the Alaska Chapter of the Sierra Club, Inc., and the Southeast Alaska Conservation Council, Inc., from the approval [**2] by the Alaska State Office, Bureau of Land Management (BLM), of the plan of action for meeting the requirements of section 22(k) of the Alaska Native Claims Settlement Act (ANCSA), *43 U.S.C. § 1621*(k) (1976). The plan is alleged to be invalid. Appellants have requested a reversal of the plan approval, a halt in conveying national forest lands to Native corporations under ANCSA, and a halt in timber harvesting on such lands already conveyed until a proper plan is approved.

Appellants are nonprofit membership corporations organized to promote conservation of scenic, wilderness, fish, wildlife, recreation, and other natural resource values. Members of these groups have used areas within the [*113] Tongass and Chugach National Forests, including lands to be conveyed to Native corporations under ANCSA, for a variety of activities including recreation, commercial fishing, and commercial tour guiding. Appellants contend that many of their members derive a substantial portion of their livelihood from commercial fisheries and wilderness values which may be impaired as a consequence of approval of the plan of action.

Briefing in this case and consideration of this appeal were deferred [**3] upon the motion of the Solicitor's Office on the ground that the pending decision in another appeal was anticipated to be relevant to the issues in this case. Subsequently, by order of the Board dated June 24, 1983, permission was granted to brief the issue of the time for commencement of the term of the restrictions under section 22(k) as a preliminary matter on the ground that this issue, if decided adversely to the position taken by appellants, would cause the appeal to be moot.

Section 22(k) of ANCSA provides as follows:

(k) National forest land patents; conditions

Any patents to lands under this chapter which are located within the boundaries of a national forest shall contain such conditions as the Secretary deems necessary to assure that:

(1) the sale of any timber from such lands shall, for a period of five years, be subject to the same restrictions relating to the export of timber from the United States as are applicable to national forest lands in Alaska under rules and regulations of the Secretary of Agriculture; and

(2) such lands are managed under the principle of sustained yield and under management practices for protection and enhancement of environmental quality [**4] no less stringent than such management practices on adjacent national forest lands for a period of twelve years.

43 U.S.C. § 1621(k) (1976). Appellants contend that the language of this provision is clear and unambiguous and requires that patents to Native corporations shall contain such conditions as are necessary to assure that such lands are managed under the principle of sustained yield and under management practices for protection of environmental quality no less stringent than management practices on adjacent national forest lands for a period of 12 years from the date of patent. Further, they argue that the legislative history supports their reading of the statute. Counsel for BLM argues that, although the statute is silent on when the 12-year term commences to run, both principles of statutory construction and the legislative history support a finding that the 12-year period of limitation expired on December 18, 1983, 12 years after the enactment of the statutory provision.

Section 22(k) of the ANCSA clearly provides that patents to Native corporations of lands within national forests shall contain such conditions as the Secretary of the Interior deems necessary to [**5] assure that the lands are managed under the principle of sustained yield and in a manner consistent [*114] with management practices for protection of environmental quality applied on national forest lands for a period of 12 years. The time of commencement of the 12-year period, however, is not clear from the terms of the section. The legislative history is of little help.

Appellants cite a dialogue between Senators Gravel and Stevens discussing a proposed amendment to the bill which would have altered the time period for restricted management from 12 years to 5 years. The exchange, in part, is reported as follows:

Mr. GRAVEL. My colleague and I have a difference of opinion on the concept. In a spirit of compromise, he made it 12 years to 5 years. We find ourselves in agreement.

I wonder if we could dot the "i," and provide the 5 years would run from enactment of this legislation. Would my colleague agree on that point?

Mr. STEVENS. This would make it 5 years. That could be discussed in conference.

117 Cong. Rec. 38,466 (1971). Appellants read this passage as evidencing the disagreement of Senator Stevens with the contention that the period of limitation commenced [**6] with enactment of the legislation. However, it appears that Senator Stevens took issue with the proposed change in the term of the restriction (5 years as contrasted with 12 years) rather than the statement of time when the period would commence. Indeed, use of the expression "dotting the 'i'" in reference to specifying the date of enactment as the time for commencement of the period of restriction is consistent with an understanding that this was the actual intent of the provision.

[1] The Secretary of the Interior is authorized to promulgate and to publish in the Federal Register such regulations as may be necessary to implement the provisions of ANCSA. 43 U.S.C. § 1624 (1976). Pursuant to this authority, the Secretary promulgated a regulation at 43 CFR 2650.4-5 governing the time period during which the conditions of section 22(k) of ANCSA shall apply. This regulation, initially published in the Federal Register at 38 FR 14218, 14220-21 (May 30, 1973), provides:

§ 2650.4-5 National forest lands.

Every conveyance which includes lands within the boundaries of a national forest shall, as to such lands, contain reservations that:

(a) Until December 18, 1976, the sale [**7] of any timber from the land is subject to the same restrictions relating to the export of timber from the United States as are applicable to national forest lands in Alaska under rules and regulations of the Secretary of Agriculture; and,

(b) Until December 18, 1983, the land shall be managed under the principles of sustained yield and under management practices [*115] for protection and enhancement of environmental quality no less stringent than such management practices on adjacent national forest lands.

Duly promulgated regulations have the force and effect of law and are binding on the Department. *Garland Coal & Mining Co., 52 IBLA 60, 88 I.D. 24 (1981); Exxon Co., U.S.A., 45 IBLA 313 (1980).* Further, this Board has no authority to declare a duly promulgated regulation of the Secretary of the Interior invalid. Id. The regulation is dispositive and the appeal must, accordingly, be dismissed as moot.

[2] A legitimate issue may be raised regarding the standing of appellants to pursue this appeal. With respect to decisions relating to land selections under ANCSA, standing is limited to parties claiming a property interest in land affected by the decision. [**8] 43 CFR 4.410(b). This generally requires an interest in the land selected. See, e.g., Walt Hanni, 6 ANCAB 307, *89 I.D. 14 (1982).* The mere allegation of ownership and use of State and Federal lands as members of the public does not constitute a claim of property interest in land required to confer standing. Id. See also *In Re Pacific Coast Molybdenum Co., 68 IBLA 325, 334 (1982).* Further, a claim to represent a public interest does not constitute a claim of property interest required to confer standing. *Circle Civic Community Association, 67 IBLA 376 (1982).* Thus, it further appears that appellants lack the requisite standing to pursue this appeal and dismissal would be required in any event.

Therefore, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 CFR 4.1, the appeal is dismissed.

C. Randall Grant, Jr.
Administrative Judge

**CONCURBY:** BURSKI; IRWIN


I concur: James L. Burski, Administrative Judge

[*116] ADMINISTRATIVE JUDGE IRWIN CONCURRING:

I fully agree with appellants that section 22(k) of the Alaska Native Claims Settlement Act, *43 U.S.C. § 1621(k)* (1976), should be read to impose the conditions specified [**9] in subsection (2) from the date of a patent, not from the date of enactment of the statute. Indeed, the Department initially read it this way. *37 FR 19636* (Sept. 21, 1972). Later it believed the time began to run on the date of the interim conveyance or the patent, whichever came first. *38 FR 6506* (Mar. 9, 1973). Without any explanation, however, 43 CFR 2650.4-5 was finally adopted as it now appears. n1 So long as it is in force we are bound to follow it. *United States v. Nixon, 418 U.S. 683, 696 (1974).* So appellants will have to seek what relief they can in an Article III court, not here. There they should have no trouble establishing their standing. *Sierra Club v. Morton, 405 U.S. 727 (1972).*

>   n1 The preamble to the regulations simply reports: "Interested persons were given until April 16, 1973, to submit written comments, suggestions, or objections to the proposed rulemaking of March 9, 1973. Thirty-two comments were received. The written comments and suggestions received were carefully evaluated. Many conferences were held with representatives of the Alaska Natives and of the State of Alaska. After due deliberation, the regulations have been changed in many respects." *38 FR 14218* (May 30, 1973).

[**10]

Will A. Irwin, Administrative Judge.