EXHIBIT 4

Case 3:02-cv-00290-JKS   Document 107-5   Filed 02/22/2007   Page 1 of 4

LEXSEE 67 IBLA 376

CIRCLE CIVIC COMMUNITY ASSOCIATION, INC.

IBLA 82-1162, ANCAB VLS 82-4

Interior Board of Land Appeals

*67 IBLA 376; 1982 IBLA LEXIS 242*

October 8, 1982, Decided

**ACTION:**
[**1]

[*376] Appeal from decision of Alaska State Office, Bureau of Land Management, approving lands proper for village selection. F-14989-A and F-14989-B.

Appeal dismissed.

**HEADNOTES:**

1. Alaska Native Claims Settlement Act: Appeals: Jurisdiction -- Alaska Native Claims Settlement Act: Conveyances: Reconveyances

The Board lacks jurisdiction to decide an appeal based on interests claimed pursuant to sec. 14(c) of the Alaska Native Claims Settlement Act. There is no administrative appeal process available to claimants under sec. 14(c), and the only recourse is to a judicial forum.

2. Alaska Native Claims Settlement Act: Appeals: Standing

An assertion of the public interest does not constitute a claim of property interest in land as is required for standing to appeal under 43 CFR 4.410(b).

APPEARANCES:

Earla Hutchinson, President, Circle Civic Community Association;

James Q. Mery, Esq., Fairbanks, Alaska, for Doyon, Limited.

**OPINIONBY:** IRWIN

OPINION BY ADMINISTRATIVE JUDGE IRWIN

By decision dated March 23, 1982, the Alaska State Office, Bureau of Land Management (BLM), approved for interim conveyance or patent to the Danzhit Hanlaii Corporation the surface estate of certain lands found proper for [**2] village selection. The decision also indicated that the subsurface estate of the approved lands would be conveyed to Doyon, Limited (Doyon), subject to the same conditions as the surface conveyance. Various selection applications of the State of Alaska were rejected to the extent that the lands selected by the state were approved for conveyance to the village corporation and Doyon.

[*377] On April 15, 1982, Circle Civic Community Association (CCCA) appealed the approval of the village selections as to the westerly 73.92 feet of U.S. Survey 2240, which is situated on the Yukon River at Circle, Alaska. Appellant indicates that this land has been used as an airstrip for 30 years. Appellant wants the land to be deeded to the State of Alaska and dedicated to public use so that the runway would not be obstructed by private property.

Doyon responded on May 26, 1982, that CCCA appears to want a reconveyance of the land by the village corporation pursuant to section 14(c) of the Alaska Native Claims Settlement Act (ANCSA), *43 U.S.C. § 1613*(c) (1976 and Supp. IV 1980), which directs village corporations to reconvey portions of their lands for certain identified uses. Doyon argues [\*\*3] that the village corporations are to carry out such reconveyances after receiving title to the land and asserts, therefore, that the Alaska Native Claims Appeal Board (ANCAB) did not have jurisdiction to hear the appeal. Doyon also asserts that CCCA does not have the requisite property interest to have standing to appeal the conveyance decision. For both reasons, Doyon moved to dismiss the appeal.

By order dated June 2, 1982, ANCAB ordered that CCCA show cause why this appeal should not be dismissed for its lack of jurisdiction to hear the appeal referencing its decision captioned Appeal of James W. Lee, 3 ANCAB 334 (1979), and for CCCA's lack of standing to appeal this matter.

CCCA responded on June 21, 1982, that its appeal is in the public interest and a matter of Circle's well-being and livelihood because:

1. The Westerly 73.92 feet of U.S. Survey 2240 has been part of the Circle air strip for at least 30 years.

2. Denial of usage would close the Circle air strip.

3. Closure of the Circle air strip would eliminate aircraft from landing at Circle, virtually cutting the community off from the rest of the world.

4. U.S. Mail service, Medivac emergency airlifts and [\*\*4] all air taxi activities would be eliminated.

Subsection 14(c)(4) of ANCSA directs a village corporation upon receipt of its patents to convey

to the Federal Government, State, or to the appropriate Municipal Corporation, title to the surface estate for airport sites, airway beacons, and other navigation aids as such existed on December 18, 1971, together with such additional acreage and/or easements as are necessary to provide related governmental [\*378] services and to insure safe approaches to airport runways as such airport sites, runways, and other facilities existed as of December 18, 1971.

*43 U.S.C. § 1613*(c)(4) (Supp. IV 1980).

Departmental regulation 43 CFR 2651.6(b) confirms this requirement and states that "the Secretary [of the Interior] will include in the conveyance to any village corporation any and all covenants which he deems necessary to insure the fulfillment of this obligation." The BLM decision at issue made the grant of the lands approved for conveyance expressly subject to: "6. Requirements of Sec. 14 (c) of the Alaska Native Claims Settlement Act of December 18, 1971 *(43 U.S.C. 1601, 1613(c))*, as amended, that the grantee hereunder convey those [\*\*5] portions, if any, of the lands hereinabove granted, as are prescribed in said section" (Mar. 23, 1982, decision at 7). n1

> n1 By decision dated June 23, 1982, ANCAB held in part that 43 CFR 2651.6(b) requires different treatment for conveyances subject to section 14(c)(4) reconveyances and that the reference to section 14(c) in the general reservations used by BLM in interim conveyance decisions such as the one in this case is insufficient to protect the interests granted by subsection 14(c)(4). State of Alaska, Department of Transportation and Public Facilities, 7 ANCAB 157, *89 I.D. 321 (1982)*. This Board recently ruled that a conveyance made subject to the provisions of section 14(c) necessarily includes the requirements of subsection 14(c)(4) and modified the ANCAB decision to the extent that it required BLM to modify the conveyance decision to separately reference the interests protected by subsection 14(c)(4). *State of Alaska, Department of Transportation and Public Facilities, 67 IBLA 344 (1982)*.

[1] This [\*\*6] Board's jurisdiction to hear appeals involving land selections under ANCSA is the same as was ANCAB's. Compare 43 CFR 4.1(b)(5) (1981) with 43 CFR 4.1(b)(3) *(47 FR 26392 (June 18, 1982))*. ANCAB previously found that it lacked jurisdiction to decide an appeal based on interests claimed under section 14(c) of ANCSA because such appeals are premature when brought prior to conveyance since no dispute arises until the village corporation refuses to reconvey appropriate land and because, following conveyance, the Department has no jurisdiction over issues involving patented land. n2 Appeal of Theodore J. Almasy, 4 ANCAB 151, 162-63, *87 I.D. 81, 86 (1980)*. ANCAB concluded that there is no administrative appeal process available to claimants under section 14(c) and the only recourse is to a judicial forum. Id. We conclude on the same basis that we lack jurisdiction to consider this appeal.

n2 An interim conveyance and a patent are documents of equal significance in the granting of title under ANCSA and when an interim conveyance has been issued jurisdiction over the land is also lost. Appeal of James W. Lee, supra at 342.

[**7]

[2] Standing to appeal a land selection decision made pursuant to ANCSA requires that the party appealing claim a property interest in the land affected by the decision. 43 CFR 4.410(b). *(47 FR 26392* (June 18, 1982)). [*379] See 43 CFR 4.902 (1981). CCCA bases its standing to appeal on an assertion that its appeal is in the public interest. ANCAB previously ruled that a mere allegation of ownership and use of lands as members of the public does not constitute a claim of a property interest in land as required for standing. Appeal of Kodiak-Aleutian Chapter, Alaska Conservation Society, 2 ANCAB 363 (1978). Similarly, a claim that a party is representing the public interest does not constitute a claim of a property interest so as to confer standing to appeal.

Therefore, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 CFR 4.1, as amended *(43 FR 26390* (June 18, 1982)), the appeal is dismissed.

Will A. Irwin
Administrative Judge

**CONCURBY:** GRANT; HENRIQUES


We concur: C. Randall Grant, Jr., Administrative Judge
Douglas E. Henriques, Administrative Judge.