John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) ) Plaintiff, ) ) versus ) ) LEISNOI, INC., KONIAG, INC., and ) DIRK KEMPTHORNE, SECRETARY OF ) THE INTERIOR, ) ) Defendants. ) ) | Case No. A02-0290 CV (JKS) ORDER GRANTING LEISNOI, INC.'S RULE 12(b)(1) MOTION RE: LACK OF STANDING |

When given the opportunity before the agency to prove up naked allegations he had made years ago about purportedly having made recreational use of Leisnoi's land, Stratman failed to do so. The focal point for judicial review is the administrative record in existence, not some new record made initially in the federal court reviewing the agency action. *Camp v. Pitts,* 411 U.S. 138, 142 (1973). The record is devoid of any testimonial or corroborating evidence describing particular parcels of land selected by Leisnoi, Inc. that Stratman used before Woody Island was found eligible, in what manner he purportedly used the land, the dates of his usage, frequency of his usage, *etc.* Although constitutional standing can extend as far as those who have mere recreational interests to protect, *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972), *Stratman v. Watt*, 656 F.2d 1321 (9th Cir.1981), the Court finds that, when given the opportunity, Stratman

1198373v1

failed to prove whether, when, where, or how often he allegedly made recreational use of land selected by Leisnoi, Inc., such that he has failed to establish judicial standing to pursue this suit he filed in 2002.

Stratman also failed to prove that he has administrative standing to have brought any challenge to Woody Island's eligibility before the Secretary of the Interior. The record is devoid of evidence that, per 43 CFR 4.410(a) and (d), Stratman has a "legally cognizable interest" that has been "adversely affected" by Woody Island's certification a Native Village eligible for ANCSA benefits. Likewise, Stratman conceded before the administrative law judge that he holds no "property interest" , per 43 CFR 4.410(e), in land affected by the Secretary's decision.

The Court finds that Stratman has failed to establish the requisite administrative standing and judicial standing needed to pursue an administrative challenge to Woody Island's eligibility and to appeal therefrom, such that the Court must, and hereby does DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

ANCHORAGE, ALASKA this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
Honorable James K. Singleton

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Order Granting Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: No Standing
Page 2

1198373v1