John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> versus ) <br> ) <br> LEISNOI, INC., KONIAG, INC., and ) <br> DIRK KEMPTHORNE, Secretary of the ) <br> INTERIOR, ) <br> ) <br> Defendants. ) <br> ) <br> _____) | Case No. A02-0290 CV (JKS) <br><br> MEMORANDUM IN SUPPORT OF LEISNOI, INC.'S 12(b)(1) MOTION TO DISMISS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION RE: LACK OF STANDING |

**I.   INTRODUCTION**

Stratman was given his opportunity to gather and present evidence to buttress claims he has been pursuing against Leisnoi, Inc. since 1976.  The administrative law judge held two weeks of hearings in Anchorage and Kodiak in the summer of 1998.  The parties to this case called a number of witnesses to testify.  But amazingly, Stratman's lawyer failed to call his own client to the stand.  Stratman presented no testimony at all to support his contention that he has standing to challenge the Department of the Interior's certification of Woody Island as being eligible for ANCSA benefits!  He failed to demonstrate that he had administrative standing to challenge Woody Island's eligibility at the Department of the Interior, and he failed to produce evidence from which it could be concluded that he has judicial standing to appeal from the

1197960v1

Secretary's ruling to this Court. Accordingly, this Court lacks subject matter jurisdiction to adjudicate his purported appeal from the ruling by Secretary Kempthorne.

## II. LACK OF JUDICIAL STANDING

Stratman gave no testimony of ever having made recreational use of land selected by Leisnoi, Inc. He failed to state what land he purportedly used, when he allegedly used it, how he may have used it, or how often he is supposed to have used it. He failed to make any showing of having hunted, hiked, fished, photographed, or made any recreational use whatsoever of property that was selected by Leisnoi, Inc. See, Exhibit 1, testimony of Omar Stratman at pages 714-734 of the Transcript of Proceedings of August 4, 1998 conducted before Administrative Law Judge Harvey Sweitzer. Stratman thus failed to establish that he has standing to pursue this case.

Although constitutional standing can extend as far as those who have mere recreational interests to protect, *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972), *Stratman v. Watt*, 656 F.2d 1321 (9th Cir.1981), Stratman failed to prove that he made recreational use of lands selected by Leisnoi, Inc. He therefore lacks standing to challenge the Department of the Interior's certification of the Native Village of Woody Island. He made allegations of purported recreational interests in Leisnoi's land in his 1976 complaint, as the Ninth Circuit observed in *Stratman v. Watt,* but when given the chance at the long-awaited hearings foretold by the final paragraph in that 1981 opinion, he failed to present any evidence to prove same at the two weeks of hearings in Anchorage and Kodiak.

A federal court is presumed to lack subject matter jurisdiction unless the contrary affirmatively is established. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). No presumptive truthfulness attaches to a plaintiff's allegations, and the plaintiff has

the burden of proof that jurisdiction does in fact exist. *Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corp.*, 594 F.2d 730 (9th Cir.1979). The task of the reviewing court is to apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99 (1977). The focal point for judicial review is the administrative record in existence, not some new record made initially in the federal court reviewing the agency action. *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

As applied to this case, this Court is presumed to lack federal jurisdiction. No presumptive truthfulness attaches to the mere averments of recreational use made in Stratman's 2002 complaint or his Third Amended Complaint filed last week. Rather, Stratman has the burden of proving that jurisdiction in fact exists based upon his having made actual recreational use of the lands selected by Leisnoi, Inc. Before reviewing the merits of the agency decision, this Court must first determine if it has federal subject matter jurisdiction, and its focal point for judicial review is the administrative record the agency presents to this Court.

The agency record reflects that Stratman was called to the stand only by counsel for Leisnoi, Inc.; that Stratman admitted he has no property interest in any of Leisnoi's lands; that his own attorney never questioned Stratman; and that Stratman **never gave any testimony of having made recreational use of lands selected by or conveyed to Leisnoi, Inc.** See, Exhibit 1, testimony of Stratman at pages 714-734 of the Transcript of Proceedings of August 4, 1998.

If Stratman were prudent, and if it were true, then Stratman could have testified that he made recreational use of Leisnoi's lands, and provided the details. He would then have been subject to cross-examination by counsel for Leisnoi. But for reasons known only to Omar

Stratman and his lawyer, **Stratman failed to give any such testimony**. The administrative record does not contain the factual predicate to support a showing of standing on the part of protestant Omar Stratman.

We are past the point where Stratman can get by just on general averments in pleadings. We now have a fully developed administrative record, and that record is the focal point of this Court's review of the recent decision by Secretary Dirk Kempthorne. Unfortunately for Omar Stratman, that record fails to establish Stratman made recreational use of lands selected by or patented to Leisnoi, Inc. sufficient for him to have judicial standing in this 2002 suit.

The record also fails to establish that Stratman had a "property interest" in lands patented to or selected by Leisnoi, Inc., just as it fails to show he had a "cognizable interest" that was "adversely affected" by the certification, such that Omar Stratman lacks the requisite administrative standing needed for him to challenge Woody Island's eligibility before the Department of the Interior. See, 43 CFR 4.410(a), (d), (e). He has no right to appeal from the ruling by the Secretary of the Interior, since he had no right to bring any challenge before the Department of the Interior.

## III.   LACK OF ADMINISTRATIVE STANDING

It turns out that Omar Stratman, whose failure to have initially filed an administrative claim against Leisnoi led to decades of litigation, numerous appeals, and ultimately a referral for agency action, lacked the requisite administrative standing necessary to challenge Woody Island's eligibility, so he has no right to pursue this appeal from Secretary Kempthorne's recent ruling.

Determinations of judicial standing, of course, do not control adjudications of administrative standing. *Colorado Open Space Council Sierra Club*, 109 IBLA 274 (1989). Rather, in order to have administrative standing to protest decisions relating to ANCSA, the party is required to have a property interest in that land, and not be a mere berry picker, recreational user, or public interest litigant. See, *Circle Civic Community Association, Inc.*, 67 IBLA 376 (1982); *Sierra Club, Alaska Chapter*, 79 IBLA 112 (1984); *In re Pacific Coast Molybdenum Co.*, 68 IBLA 325, 334 (1982); *U. S. Fish and Wildlife Service, Rust's Flying Service*, 97 IBLA 367, 372 (1987). As Circuit Judge Bazelon made clear in his often-cited concurring opinion in the village eligibility appeal *Koniag, Inc. v. Andrus*, 580 F.2d 601 (D.C. Cir. 1978), "An examination of the theoretical foundations of judicial standing reveals no reason to equate judicial and administrative standing." 580 F.2d at 611.

Omar Stratman failed to establish that he has the required administrate standing to challenge the certification of the Native Village of Woody Island. Accordingly, his appeal from that failed challenge must be dismissed. Standing to bring an appeal to the Interior Board of Land Appeals is governed by 43 CFR §4.410. In order to challenge a decision of the Department of the Interior made pursuant to the Alaska Native Claims Settlement Act, the protestant **must have a property interest in land affected by the decision**. 43 CFR §4.410(e)[1]. Stratman failed to prove that he holds a property interest in land affected by the decision which he protests. His lack of a property interest deprived him of standing needed to appeal to the Interior Board of Land Appeals and to Secretary Dirk Kempthorne. Having failed to make a showing of a

---

[1] 43 CFR 4.410(e) [formerly 4.410(b) until amended in 2003, 68 FR 33794] authorizes an appeal to the Interior Board of Land Appeals for decisions rendered by Departmental officials under the Alaska Native Claims Settlement Act by "**any party who claims a property interest** in land affected by the decision…" (emphasis added).

property interest sufficient to confer administrative standing, Stratman's administrative challenge lacked merit, and he should not be permitted further to continue with an appeal to this Court.[2]

At the hearings in Anchorage, Omar Stratman conceded that he sold his now-expired[3] grazing lease on Leisnoi's lands that surround his homestead on Kodiak Island to a corporation known as Northland Ranches, Inc.:

> "Q. Do you personally at this time own a Grazing Lease covering property surrounding your homestead on Kodiak Island, or has that Grazing Lease been transferred to Northland Ranches, Inc.?
>
> "A. I believe it's owned by Northland Ranches, Inc."

Transcript of Omar Stratman's testimony before Administrative Law Judge Harvey Sweitzer in IBLA Case No. 96-152 at p. 722.

Omar Stratman further admitted that he does not have a property interest in any of the land that was conveyed to Leisnoi pursuant to ANCSA:

> Q. **"You don't have a property interest in any of the land that was conveyed to Leisnoi, Inc., under the Alaska Native Claims Settlement Act, do you?**
>
> A. **I don't believe I have a property interest in it, no.**" Tr. at p. 724.

Although Stratman may believe that his purported public interest litigant status or his alleged, but unproven recreational use of land was sufficient to vest him with standing to pursue

---

[2] "[A]nyone can protest, but only one who has an interest adversely affected by the denial of a protest has standing to appeal." *In re Pacific Coast Molybdenum*, 68 IBLA 325 (November 22, 1982).

[3] The grazing lease, a copy of which is attached hereto, expired on January 31, 2001, so even if Stratman had not sold it to Northland Ranches, Inc., it still would not constitute a current property interest in land selected by Leisnoi. that could be affected by a village eligibility determination.

an administrative challenge to the certification of the Native Village of Woody Island, and to appeal therefrom to federal court, he is mistaken: "The mere allegation of use of Federal lands as members of the public does not constitute a claim of property interest in land required to confer standing... Further, a claim to represent a public interest does not constitute a claim of property interest required to confer standing." *U. S. Fish and Wildlife Service, Rust's Flying Service*, 97 IBLA 367, 372 (1987).

As this Court can see by reviewing the testimony of Stratman at pages 714-734 of the Transcript of Proceedings of August 4, 1998, just as he failed to show a "property interest"[4] in the land selected by or patented to Leisnoi, he also failed to present any evidence by which the Court could conclude that Omar Stratman has a "cognizable interest"[5] that has been "adversely affected"[6] by the decision to certify the Native Village of Woody Island.

A protestant seeking to challenging a village eligibility decision is required to show that he has a property interest that would be affected by the decision.  See, 43 CFR §4.410(e).  But Stratman does not even meet the lower standing threshold of 43 CFR §4.410(a), which gives a right of appeal to "Any party to a case who is adversely affected by a decision of an officer of the Bureau of Land Management..."  Even if he were to be excused from meeting the "property

---

[4] 43 CFR 4.410(e): "For decisions rendered by Departmental officials relating to land selections under the Alaska Native Claims Settlement Act, as amended, any party who claims a **property interest in land affected by the decision**, an agency of the Federal Government or a regional corporation shall have a right to appeal to the Board." (emphasis added)

[5] 43 CFR 4.410(d):: "A party to a case is **adversely affected**, as set forth in paragraph (a) of this section, when that party has a **legally cognizable interest**, and the decision on appeal has caused or is substantially likely to cause injury to that interest." (emphasis added)

[6] 43 CFR 4.41.(a): "Any party to a case who is **adversely affected** by a decision of an officer of the Bureau of Land Management or of an administrative law judge shall have a right to appeal to the Board, except… as provided in paragraph (e) of this section."

interest" test of subsection (e), Stratman nonetheless failed to establish, per subsection (a), that he has been "adversely affected" by the decision to certify the Native Village of Woody Island, because he failed to prove he has "a legally cognizable interest, and that the decision on appeal has caused or is substantially likely to cause injury to that interest." 43 CFR 4.410(d).[7]

The mere fact that Stratman was a party to the case does not establish that he was adversely affected by the Secretary's ruling; the record does not show that Omar Stratman has a legally cognizable interest that was adversely affected by Secretary Kempthorne's ruling:

> "But as the Board has reiterated on numerous occasions, the mere fact that an individual is a party to a case does not necessarily establish that he or she has been adversely affected by the decision under appeal… On the contrary, the Board has expressly held that in order to maintain an appeal, '**the record must show that the appellants have a legally recognizable interest.**' …"

*Colorado Open Space Council Sierra Club*, 109 IBLA 275 (June 20, 1989) (emphasis added).

The purpose of the referral by the district court to the Department of the Interior was so that all facts necessary for a determination of the purported challenge to the certification of the Native Village of Woody Island could be gathered, and the Department of the Interior could make use of its agency expertise in applying the law to those facts. In referring this matter to the agency, this Court did not order that the agency suspend its rules of procedure. Nothing in this Court's order of referral states that the Stratman, as a purported protestant, is to be relieved of the burden, imposed on all other protestants, of showing administrative standing to challenge agency action. For decades, Leisnoi suffered under unproven allegations of the Omar Stratman. When

---

[7] 43 CFR 4.410(d): "A party to a case is adversely affected, as set forth in paragraph (a) of this section, when that party has a legally cognizable interest, and the decision on appeal has caused or is substantially likely to cause injury to that interest."

he finally had the chance, Omar Stratman failed to introduce any testimonial or other evidence at the hearings that would corroborate, substantiate, or support naked assertions previously made in his pleadings.

This Court should not relieve the Protestant of the consequences of his decision not to testify at the hearings. It was only Leisnoi, Inc. that questioned the Omar Stratman about his lack of a property interest and lack of public interest litigant status. Even the proffer of evidence made by counsel for the Protestant failed to include any proffered testimony that the Protestant had a "cognizable interest" that was "adversely affected" by the certification decision per 43 CFR 4.410(a) and (d), or had a "property interest" in Leisnoi's lands per 43 CFR 4.410(e).

In short, Omar Stratman failed to demonstrate administrative standing needed to challenge the certification of the Native Village of Woody Island. He concedes that he lacks a property interest in lands that would be affected by the decision, and failed to introduce any evidence whatsoever upon which the Secretary or, on review, this Court could conclude that Stratman has a cognizable interest that has been adversely affected by the certification decision.

If he had a legally cognizable interest that was affected adversely by the certification decision, per 43 CFR 4.410(a) and (d), he should have so testified, since "the record must show that appellants have a legally recognizable interest." *Colorado Open Space Council Sierra Club*, 109 IBLA 275 (June 20, 1989). If Omar Stratman had a property interest in Leisnoi's lands, per 43 CFR 4.410(e), he should have identified it. But, quite to the contrary, he admitted he has none.

IV. **CONCLUSION**

Omar Stratman failed to prove up his naked allegations in his pleadings about having allegedly made recreational use of Leisnoi's lands, so he failed to establish that he has judicial standing to sue.

Omar Stratman failed to prove that he has a "legally cognizable interest"[8] that was "adversely affected"[9] by a decision of the Department of the Interior. He admitted that he lacks a "property interest"[10] in Leisnoi's land. Stratman therefore lacks standing to bring an administrative challenge or to appeal therefrom.

WHEREFORE, Stratman having failed to establish that he has standing to bring his claims, the Court should DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

DATED this 22nd day of February, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

---

[8] 43 CFR 4.410(d).

[9] 43 CFR 4.410(a).

[10] 43 CFR 4.410(e).

EXHIBIT LIST TO LEISNOI, INC.'S 12(b)(1)
MOTION TO DISMISS FOR LACK OF FEDERAL
SUBJECT MATTER JURISDICTION RE:
LACK OF STANDING

1. Omar Stratman's testimony dated August 4, 1998 at the administrative hearing before Administrative Law Judge Harvey Sweitzer, pp. 714-739.

2. Grazing lease, formerly owned by Omar Stratman, which expired December 31, 2001.

3. *Sierra Club, Alaska Chapter*, 79 IBLA 112 (February 21, 1984).

4. *Circle Civic Community Association, Inc.*, 67 IBLA 376 (October 8, 1982).

5. *In re Pacific Coast Molybdenum Co.*, 68 IBLA 325 (November 22, 1982).

6. *Colorado Open Space Council, Sierra Club,* 109 IBLA 274 (June 20, 1989).

7. *U.S. Fish and Wildlife Service, Rust's Flying Service, Alaska Chapter of the Sierra Club*, 97 IBLA 367 (May 27, 1987).

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

<u>/s/ John Richard Fitzgerald</u>