EXHIBIT 1

DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
JUNEAU AREA OFFICE
JUNEAU, ALASKA

FINAL DECISION                      )
CONCERNING THE ELIGIBILITY          )    ADMINISTRATIVE DETERMINATION
OF WOODY ISLAND AS A NATIVE         )
VILLAGE FOR PURPOSES OF             )
ANCSA 1971 ACTION UPON              )
PROTEST                             )

This is a written decision on protests filed pursuant to 43 CFR, Part 2650 by the Alaska Chapter, Sierra Club, P.O. Box 2025, Anchorage, Alaska 99510, and by Alaska Wildlife Federation and Sportsman Council, Inc., and Mr. Philip Holdsworth by and through their Counsel, James F. Clark of the law firm of Robertson, Monagle, Eastaugh and Bradley, P.O. Box 1211, Juneau, Alaska 99801, hereinafter referred to as Protestants.

The protest of the Alaska Chapter, Sierra Club was dated January 18, 1974, and it was received on January 18, 1974, by the Director, Juneau Area Office, Bureau of Indian Affairs.

The protests of the Alaska Wildlife Federation and Sportsman Council, Inc., and Philip Holdsworth was dated January 21, 1974, and it was received on January 21, 1974, by the Director, Juneau Area Office, Bureau of Indian Affairs.

Protestant, Alaska Chapter, Sierra Club states in part as follows: "1970 census data showed that 25 Natives were not residents of this village as of the date of the census."

Protestants Alaska Wildlife Federation and Sportsman Council, Inc., and Philip Holdsworth state in part as follows:

> "Woody Island - The Bureau of Indian Affairs printout dated November 8, 1973 shows only 2 of the persons enrolled to Woody Island as living there at the present time."

The Alaska Native Claims Settlement Act of December 18, 1971 (85 Stat. 688-716), and 43 CFR, Part 2650 provides for the settlement of certain land claims of Alaska Natives and for other purposes. Section 11(b)(3) of the Act is quoted as follows: "Native villages not listed in subsection (b) (1) hereof shall be eligible for land and benefits under this Act and lands shall be withdrawn pursuant to this section if the Secretary within two and one-half years from the date of enactment of this Act, determines that -

    (a) twenty-five or more Natives were residents of an established village on the 1970 census enumeration date as shown by the census or other evidence satisfactory to the Secretary, who shall make findings of fact in each instance; and

    (b) the village is not of a modern and urban character, and a majority of the residents are Natives."

The 1970 census is not, therefore, the exclusive source of information for the determination of residency. Part 43h of Title 25 of the Code of Federal Regulations provides for the enrollment of the Natives. A

main source of "other evidence satisfactory to the Secretary of the Interior" is the official enrollment which not only contains evidence of race but of residence (on the 1970 census date) as well.

Subpart 2651.2 of Title 43 CFR contains the authority for the Director, Juneau Area Office, Bureau of Indian Affairs, to act for the Secretary of the Interior in the determination of the eligiblity of Natives for land benefits under the Act.

As of January 21, 1974, 279 Natives had been approved for enrollment in the Native Village of Woody Island. On July 18, 1973, a field investigation was completed of Woody Island and at that time 18 Natives who used the village for a period of time in 1970 were subsequently approved for enrollment on December 17, 1973. The 279 Natives who have been approved for enrollment to Woody Island, represent a majority of the residents of the village in 1970. It had on April 1, 1970, an identifiable physical location evidenced by occupancy consistant with the Natives' own cultural patterns and life style and more than thirteen Natives enrolled thereto have used the village as a place where they actually lived for a period of time as required by Subpart 2651.2(b) of Title 43 of CFR.

The Director, Juneau Area Office, Bureau of Indian Affairs, has examined and evaluated the protests together with his record of findings of fact and decision, and does hereby render a final decision determining

that the Native Village of Woody Island is eligible for land benefits under said Act.

The final decision of the Director, Juneau Area Office, Bureau of Indian Affairs, shall be published in the Federal Register and in one or more newspapers of general circulation in the State of Alaska and a copy of the final decision and findings of fact upon which the final decision is based shall be mailed to the affected village, all villages located in the region in which the affected village is located, all regional corporations within the State of Alaska, the State of Alaska, and any other party of record. Such decision shall become final unless appealed to the Secretary of the Interior by a notice filed with the Ad Hoc Board as established in Section 2651.2(a)(5) of Title 43 CFR, within thirty days of its publication in the Federal Register. Appellants shall have not more than 15 days from the date of receipt of their notices of appeal within which to file an appeal brief, and the opposing parties shall have not more than 15 days from the date of receipt of the appellant's brief within which to file an answering brief. No more than 15 days shall be allowed for the filing of additional brief in connection with such appeals. All hearings held in connection with such appeals shall be conducted in the State of Alaska. The decision of the Ad Hoc Board shall be submitted to the Secretary of the Interior for his personal approval. The Ad Hoc Board is now known as the Alaska Native Claims Appeal Board and its address is P.O. Box 2433, Anchorage, Alaska 99510.

Clarence Antioquia
Acting Director

February 8, 1974

Published in the Federal Register on February 21, 1974

DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS

Eligibility of Unlisted Village

WOODY ISLAND, ALASKA

This decision is published in exercise of authority delegated by the Secretary of the Interior to the Director, Juneau Area Office, Bureau of Indian Affairs, by Subpart 2651.2(a)(6), (8), (9) and (10) of Subchapter B of Chapter II of Title 43 of the Code of Federal Regulations published on page 14223 of the May 30, 1973, issue of the Federal Register.

The Alaska Native Claims Settlement Act of December 18, 1971 (Public Law 92-203, 92nd Congress; 85 Stat. 688-716), provides for the settlement of certain land claims of Alaska Natives and for other purposes.

Accordingly, the Director, Juneau Area Office, Bureau of Indian Affairs, pursuant to the authority delegated him in the regulations in 43 CFR Part 2650, authorizing him to make final decisions on behalf of the Secretary of the Interior on the eligibility of Native villages for benefits under the Alaska Native Claims Settlement Act, subject to appeal to the Ad Hoc Board, published on February 21, 1974, his Final Decision determining the eligibility of the unlisted Native village of Woody Island, said decision appearing in 39 Fed. Reg. 6627(1974).

The decision was appealed by the Sierra Club, Alaska Chapter; Alaska Wildlife Federation and Sportsmen's Council; and Philip R. Holdsworth. The Ad Hoc Board, also known as the Alaska Native Claims Appeal Board, directed by Final Order dated August 28, 1974 that the appeals be Dismissed.

The Ad Hoc Board, on August 28, 1974 determined that the unlisted Native village of Woody Island, pursuant to Section 11(b)(3) of the Alaska Native Claims Settlement Act, 43 U.S.C. Section 1610(b)(3), is eligible for benefits under Section 14(a), 43 U.S.C. Section 1613(a), of said Act.

The Ad Hoc Board thereby notified the Director that his Final Decision certifying the unlisted Native village of Woody Island as eligible, for benefits under the Alaska Native Claims Settlement Act which shall then become final and be published in the Federal Register upon the personal approval of the Secretary of the Interior.

In accordance with the Ad Hoc Board's decision, approved on September 9, 1974 by the Secretary of the Interior Rogers C.B. Morton and by telegram dated September 16, 1974 from Assistant Secretary of the Interior, Royston C. Hughes, authorized the Director, Juneau Area Office, Bureau of Indian Affairs, to certify the unlisted Native village of Woody Island as eligible for benefits under the Alaska Native Claims Settlement Act, said Director, hereby certifies the unlisted

Native village of Woody Island is eligible for benefits under said Act, said decision being not further appealable, therefore issues to the unlisted Native village of Woody Island a Certification of Eligibility.

*Clarence Antioquia*

Clarence Antioquia
Director

File: reading

mailroom

cc: Joseph E. Kahklen

023 Unlisted, Woody Island

DJRandall:

Return to
Area Realty Officer

| COORDINATION | |
|---|---|
| OFFICE | LAST NAME |
| Realty | Randall |
| Realty | Lovelle |
|  |  |
|  |  |
|  |  |

# CERTIFICATE OF ELIGIBILITY

## ALASKA NATIVE CLAIMS SETTLEMENT ACT
## OF DECEMBER 18, 1971

FOR UNLISTED VILLAGE

I, Director, Juneau Area Office, Bureau of Indian Affairs, Juneau, Alaska, do hereby certify under the authorities vested in me by Section 2651.2 (a) (8) of Title 43 of the Code of Federal Regulations that the Native Village of _Woody Island_____, Alaska, not listed in the Alaska Native Claims Settlement Act of December 18, 1971 (85 Stat. 688-716), has been determined to be eligible for land benefits as an unlisted village pursuant to Section 11 (b) (3) of said Act, and that said unlisted village complies with the criteria requirements of Subpart 2651.2 (b) of Title 43 of the Code of Federal Regulations.

_____
Acting Director

Subscribed and sworn to before me this _twenty-fourth_ day of _September_, 1974, at Juneau, Alaska.

_____
Notary Public for Alaska
My Commission Expires January 30, 1977