EXHIBIT 3

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR STRATMAN,                          )
                                        )
          Plaintiff-Appellant,          )
                                        )
     versus                             )
                                        )
BRUCE BABBITT, Secretary of            .)
  the Interior;                         )
LEISNOI, INC.;                          )
and KONIAG, INC.,                       )
                                        )
          Defendants-Appellees          )
                                        )

U.S. Court of Appeals Docket No. 95-35376
Lower Court Docket No. CV-76-00132-JAV

                                        Seattle, Washington
                                        April 8, 1996


                        VOLUME I

                TRANSCRIPT OF PROCEEDINGS


          BEFORE THE HONORABLE HARRY PREGERSON
               Appellate Court Justice

        BEFORE THE HONORABLE A. WALLACE TASHIMA
               Appellate Court Judge

        BEFORE THE HONORABLE ROBERT E. JONES
               Appellate Court Judge


APPEARANCES:

     For the Plaintiff - Appellant:     MICHAEL J. SCHNEIDER
                                        Attorney at Law
                                        880 N Street, Suite 202
                                        Anchorage, Alaska 99501

APPEARANCES (cont.):

    For the Defendant- Appellees:

          FOR BRUCE BABBITT:              JONATHAN KLEIN
                                          U.S. Dept. of Justice
                                          Environment and Natural
                                            Resources Division
                                          Appellate Section
                                          P.O. Box 23795
                                          L'Enfant Plaza Station
                                          Washington, D.C.  20026

          FOR LEISNOI, INC.:             EDGAR PAUL BOYKO
                                          Attorney at Law
                                          711 H Street, Suite 510
                                          Anchorage, Alaska  99501

          FOR KONIAG, INC.:              R. COLLIN MIDDLETON
                                          Middleton and Timme
                                          421 W. 1st St. Suite 250
                                          Anchorage, Alaska  99501

Transcription Service:                   ALASKA STENOTYPE
                                            REPORTERS
                                          550 W 7th Ave, Ste 1300
                                          Anchorage, Alaska  99501
                                          (907) 276-1680

**SEATTLE, WASHINGTON — APRIL 8, 1996**

1

2    THE COURT:  Mr. Schneider, we have here an interlocutory

3    appeal from the denial of preliminary injunctions.

4    MR. SCHNEIDER:  We do, Your Honor.

5    THE COURT:  And, uh, the District Court, uh, remanded the

6    matter to the IBLN.

7    MR. SCHNEIDER:  Correct, Your Honor.  IBLA.

8    THE COURT:  IBLA, excuse me.  And, uh, Mr. Stratman did not

9    appeal, why isn't this appeal moot?

10    MR. SCHNEIDER:  It -- well, let me begin by saying that the

11    question to move was sprung on us Friday, Your Honor, but let me

12    attempt to address it.  Jurisdiction is sitting somewhat like a

13    pie.  The Trial Court clearly retained jurisdiction of a number

14    of issues in this case.  One of the reasons that the matter isn't

15    moot  is  that  the  District  Court  doesn't  believe  that  it

16    transferred the entirety of the matter to IBLA.  Leisnoi doesn't

17    believe that, neither does anyone else.  Leisnoi's argument in

18    its brief, as an example, it's 28 USC Section 1166, Statute of

19    Limitations argument has not been addressed by the Trial Court.

20    The matters before the Trial Court have been stayed by multiple

21    orders beginning this spring, so that this matter has been -- h-

22    h-has been, I guess, carved up a bit, and one of the pieces of it

23    has been approp -- appropriately, we would argue, sent to the

24    administrative agency.  But the.....

25    THE COURT:  Did you say a part of it?

1    MR. SCHNEIDER:  Yes.

2    THE COURT:  You mean the District Court has retained some of

3    this case?

4    MR. SCHNEIDER:  It has.

5    THE COURT:  What -- what part?

6    MR. SCHNEIDER:  Well, if Your Honor looks at the record, you

7    will see that in the spring of this year when the case got

8    cranked up again, after it was re-opened by this Court, there was

9    a -- a status conference, and the parties were asked to set forth

10   in a laundry list the issues that were to be retained and to

11   remain in the case.  Of those, the Trial Court, then Judge Von

12   Der Hegdt (ph) identified five threshold issues.  Now, these were

13   threshold issues, these were not all of the issues, and

14   specifically, Leisnoi's -- Leisnoi's favorite defense is it's 20

15   to -- it's 43 I believe it is, USC Section 1166 defense was not

16   among the threshold matters. All other motions were stayed by --

17   there were or two or three orders, each of which const --

18   contained stays of the other proceedings.  The Trial Court then

19   resolved the threshold issues, in our favor, with the exception

20   of two, which it pitched to IBLA.  And, we are now on our way to

21   IBLA, to determine the merits of Mr. Stratman's challenge to

22   Leisnoi's certification.  But, the Trial Court, and I must

23   concede, its last order does not specifically say it retained

24   anything, but the Trial Court has retained jurisdiction of those

25   issues.  Secondly, we have cases in our brief, and I must

1-5

1    confess, I'm not gonna be able to tell you exactly which ones

2    they are, though I might be able to get some help from my table,

3    that suggest that because there is an ongoing harm here and in

4    our -- an ongoing harm to the very interests that we advocate

5    that this Court has continuing jurisdiction in the matter, even

6    the face -- even in the face of the agency action.  So I guess

7    our positions are this Court would have jurisdiction no matter

8    what in this specific ergo-factual setting only part of this c --

9    case has remanded to IBLA.  For instance, there's no.....

10        THE COURT:  Well -- just -- excuse me.  It's a simplistic

11    question.  Forgive me but this is my -- the case -- I'm looking

12    at Judge Singleton's (ph) remand decision of the Court.

13        MR. SCHNEIDER:  Yes.

14        THE COURT:  And it has case number A76-0132CV.

15        MR. SCHNEIDER:  Yes.

16        THE COURT:  Which indicates Singleton.

17        MR. SCHNEIDER:  It does.

18        THE COURT:  Is that the same case that's before us today?

19        MR. SCHNEIDER:  That is -- yes it is.

20        THE COURT:  Okay.  And it says decision -- this action came

21    to trial for a hearing before The Court, the issues have been

22    tried or heard, and a decision has been rendered.  It is ordered

23    and judged that, judgement is hereby entered remanding this case

24    to IBLA, this case being that number, is it not?  How do we get

25    beyond that?

1    MR. SCHNEIDER:  Well, I think that before we get beyond it

2  we should go just a bit ahead of it and see The Court's

3  memorandum orders that proceeded it to understand it.

4    THE COURT:  But, he sent the whole case back to the a --

5  agency.

6    MR. SCHNEIDER:  Forgive me, Your Honor.

7    THE COURT:  The whole case went back to the agency.

8    MR. SCHNEIDER:  I would -- Judge, I can't agree with that, I

9  don't believe that's what happened, I don't think it's The

10  Court's intent -- The Court's intention, and finally, if it

11  is.....

12    THE COURT:  Mr. -- I beg -- you hear -- how many hours --

13  what is it Alaska time versus here, aren't they two hours?

14    MR. SCHNEIDER:  One hour.

15    THE COURT:  One hour.

16    MR. SCHNEIDER:  One hour earlier.

17    THE COURT: All you folks came down from.....

18    MR. SCHNEIDER:  I came from Anchorage -- I don't know where

19  these guys came from.

20    THE COURT:  I was just trying to -- I think if we could

21  clarify this we -- I -- I.

22    THE COURT:  Judge -- Judge Singleton could clear this up in

23  a minute.

24    MR. SCHNEIDER:  There were many of these people -- these

25  people were last seen in Anchorage, Your Honor.

1-7

1    (Laughter)

2        THE COURT:  All right, Judge Single can clear -- Singleton

3    can clear it up in a minute, I suppose.

4        MR. SCHNEIDER:  I would -- I'd love to have.....

5        THE COURT:  Uh, let -- let's -- let's say it had -- had a

6    situation, this speaking generally where there is a -- a -- a --

7    um, say a denial of a preliminary injunction, the matter comes up

8    on interlocutory appeal, in the meantime a Trial Court decides

9    the case on the merits, and issues a permanent injunction.  Now,

10   doesn't that -- doesn't that moot out the interlocutory appeal?

11       MR. SCHNEIDER:  Sure, it does.

12       THE COURT:  So what's the difference?

13       MR. SCHNEIDER:  That's not our facts.

14       THE COURT:  What's the difference between those facts and

15   these?

16       MR. SCHNEIDER:  Well.....

17       THE COURT:  Here -- here an action was up on appeal -- now,

18   did you notify us that, uh -- that, uh -- that, uh, the matter

19   was on appeal at, uh -- that, uh Judge Singleton was conducting

20   a hearing in this matter -- a trial on the merits?

21       MR. SCHNEIDER:  We -- we notified The Court and attempted to

22   supplement the record with post.....

23       THE COURT:  So here -- here it's up on appeal.  It could

24   have been Judge Singleton still has it, of course.....

25       MR. SCHNEIDER:  Yes.

1-8

1    THE COURT:  It's apparently an interlocutory appeal, and

2    then -- then the case is decided.

3    MR. SCHNEIDER:  But, it's not decided.

4    THE COURT:  And it goes back to the administrative agency.

5    THE COURT:  See, what I got in mind was -- with this modern

6    technology, we could certify the question.  This panel could

7    certify a question to Judge Singleton.  "Did you intend it to

8    remand the entire case, or retain part of it?".  Get his response

9    today, and set your argument for 8:30 in the morning without

10   discussing your -- the expense of coming down here.  I think the

11   panel would be agreeable to something like that.

12   (Whispered conversation at the Bench)

13   THE COURT:  Is that all right?  That at least could clarify

14   the waters only instead of sitting here trying to guess what the

15   Judge had in mind.  If you're right, that's -- then we can have

16   at it.  If you're wrong, why that takes care of that too.  Okay.

17   MR. SCHNEIDER:  If that's the ruling of The Court, we will

18   be here at 8:30 in the morning.

19   THE COURT:  That's okay.

20   THE COURT:  That's fine.

21   THE COURT:  Great.

22   THE COURT:  We can do that.

23   (Whispered conversation at Bench)

24   THE COURT:  Now, look -- look, Judge Tashima made a good

25   suggestion.  We'll hear from the other side for a moment, but --

1-9

1    and then we can -- we can call and see whether Judge

2    Singleton.....

3        MR. SCHNEIDER:  Very good.

4        THE COURT:  I'll ask.  Vivian.

5        VIVIAN:  Yes.

6        THE COURT:  You want to go call and see if Judge Singleton

7    is in Anchorage?

8        VIVIAN:  Judge Singleton.

9        THE COURT:  See if Judge Singleton is in Anchorage.

10       VIVIAN:  Oh, okay.

11       THE COURT:  Okay, thanks.

12       MR. KLEIN:  May it please The Court, Your Honor.  Jonathan

13   Klein from the Justice Department on behalf of the Secretary.

14   (Cough).  I'll go right to the question that's, uh, concerning

15   The Court.  We don't believe it's necessary to certify the

16   question for these two reasons.  Um, because -- first of all,

17   most importantly, this Court reviews judgements and not

18   decisions.  The subjective intent of Judge Singleton the hope

19   that we would suggest very strongly that he remanded the whole

20   case is of no import, simply because the judgement -- this is a

21   judgement, this wasn't an order and a limited remand.  It just

22   says "Decision of The Court, ordered and adjudged that judgement

23   is hereby entered remanding this case to IBLA".  Courts are very

24   capable of fashioning limited remand orders for pur -- specific

25   purposes, and Courts -- District Courts all the time will say

1    "this matter ordered -- this is remanded to the IBLA for the

2    limited purpose of determining whether Leisnoi is a eligible

3    village".  Another reason why that's not necessary is because at

4    footnote eight of, uh, Stratman's reply brief they concede that

5    the case has been remanded, the whole case, and that a new action

6    would be necessary to challenge.....

7        THE COURT:  Give me the citation again?

8        MR.  KLEIN:   That's page 12 of Stratman's reply brief,

9    footnote eight, and I'll just read from it.

10       THE COURT:  Yeah, read it.

11       MR.  KLEIN:  It says, uh, this is the second paragraph.  It

12   says, "In addition, because the District Court has remanded the

13   matter to the Department of the Interior for a new determination

14   of Leisnoi's eligibility the agency proceedings are still in

15   fiere", I don't know what that means, "and will result in a new

16   agency decision subject to new judicial review.  Application of

17   the rote regulation in the remanded proceedings will subject it

18   to a new challenge in Court.  No in.....".  I mean that's as

19   clear as day that they think they're gonna have to file a new,

20   uh, APA Challenge, and that's a concession that this matter --

21   this case, has been remanded and judgement, which is, you know,

22   black letter law, judgements control and not the subjective

23   intent of the District Court Judge, and, uh, so, we will --

24   unless you want to hear from someone else on our side,

25   that's.....

1      THE COURT:  Anyone else wish to be heard?

2    (Pause)

3      MR. BOYKO:   If it please The Court, Edgar Paul Boyko on

4  behalf of Leisnoi, Incorporated, the real party in interest here

5  because we're the one's that are supposed to be the target of

6  this broad and sweeping preliminary injunction effort.  I will

7  only address at this point the -- the issue of whether this --the

8  matter is now appropriately before this Court, or whether there

9  has been issued a final judgement, uh, which ends it until it is

10  revived by some proceeding.  Our position is that -- and -- and

11  we base this on, uh, to some extent on the same grounds that

12  Stratman's Counsel does, except we wish a different result.  He

13  says "look at the earlier decisions of the same Judge and the

14  same case before he entered this judgement".  Stratman asked The

15  Court to review a number of issues, such as the validity of the

16  regulation under which Leisnoi might alternatively qualify, and

17  Judge Singleton declined to rule on that.  He said, "I'm sending

18  it all to the agency.  We'll start from scratch.  This case has

19  been around too long, you've been up to Ninth Circuit twice, I

20  don't want this to happen again by making a ruling that you can

21  appeal again.  Send it all back to the -- to the agency let them

22  start where they should have started 20 years ago".

23      THE COURT:  So it's -- it's your understanding the entire

24  case has gone back to the IBLA?

25      MR. BOYKO:  That's -- that is my interpretation, Your Honor,

1-12

1   of what Judge Singleton's intent.....

2       THE COURT:  But as far as you know, are there any further

3   proceedings scheduled in District Court.....

4       MR. BOYKO:  No.

5       THE COURT:  .....In this case at this time?

6       MR. BOYKO:  And as a matter of fact Mr. -- Mr. Stratman's

7   attorney tried to have supplementary proceedings by a petition

8   for judicial assistance or some exotic ruling of -- the Judge

9   just rejected it.

10      THE COURT:  So, as far as you know, there is nothing pending

11  in District Court?

12      MR. BOYKO:  That is correct.  And there is no action -- of

13  course, initially the action never prayed for a permanent

14  injunction, the complaint never did.  So, there is no -- uh, uh,

15  there couldn't have been a permanent injunction issued, even --

16  uh, uh, uh, even if it had been appropriate, because there was no

17  prayer for it.

18      THE COURT:  When I say nothing pending, I said there is no

19  proceeding scheduled.

20      MR. BOYKO:  No.  Nothing -- that I know of, and I can

21  represent that with confidence.

22      THE COURT:  So, the bottom line is that, uh, your position

23  is that this entire case has been sent back to the IBLA?

24      MR. BOYKO:  I think if you -- if you looked at -- first of

25  all, I agree with Counsel for the government -- or for the

1  Secretary, that on the face of the judgement that's clear.  But,

2  if you look at the record, and you look at what Judge Singleton

3  said on several occasions, he was not about to try to have this

4  case again decided piecemeal and have interim appeals, and

5  interlocutory appeals and go up and down.  He says, "Let's send

6  it all to the agency, that's where it should have been in the

7  first place.  And then, let's -- let's start from there, and

8  bring all these arguments to the agency".  That's our position.

9       THE COURT:  Yeah.

10      MR. BOYKO:  There's any other -- there's no -- no other

11  questions?

12      THE COURT:  Have you got the -- have -- have you got the,

13  uh, transcript, of that statement.....

14      MR. BOYKO:  There -- there are rulings, Your Honor.

15      THE COURT:  Rulings.

16      MR. BOYKO:  Denying, uh, specific requests by the, uh,

17  appellant for decisions by The Court on various issues.  And The

18  Court said, "No" -- Do we have that transcript, if I may?

19  (Whispered conversation)

20      MR. BOYKO:  Your Honor, this was an -- an order from

21  chambers issued by Judge Singleton and filed on May the 21st,

22  1995.  "There are two pending motions, the pendency of which

23  prevent remand of this case in conformity with the order of

24  Docket Number 292 and 298.  Docket Numbers 295 and 300, see also

25  Docket Numbers 302-08.  Docket Number 300, Koniag, Incorporate,

1  seeks certification for immediate appeal.  See 28 USC 1292.

2  Stratman requests a status conference, but actually wishes to

3  reargue his position that this Court should not remand certain

4  issues to the agency, but rather should resolve them here.

5  Docket #295.  It is unfortunate that a case with a 1976 Docket

6  Number is still pending.  Stratman fears that agency action, like

7  a tree to be grown from a seed, takes much time.  This Court

8  agrees.  We had best plant the seed so that the tree can begin to

9  grow".

10       THE COURT:  We have, sir, we have them.

11       MR. BOYKO:  Yes.

12       THE COURT:  They've been submitted to us, and we've read

13  that.

14       MR. BOYKO:  Yes.  Well, that's what I was referring to,

15  Judge Pregerson, when I said, the record shows that Judge

16  Singleton didn't want to keep pieces of this, but wanted to send

17  it all back to the agency.

18       THE COURT:  We've heard it.

19       MR. BOYKO:  It makes sense, doesn't it.  Because the history

20  of this case has been precisely because of the piecemeal way in

21  which it was treated is up and down and takes a lot of this

22  Court's time, and there are a lot of conflicting signals being

23  sent to The Court.

24       THE COURT:  Thanks very much.

25       MR. BOYKO:  Thank you, Your Honor.

1    THE COURT:  All right, Mr. Schneider.

2    MR. SCHNEIDER:  Judge -- Singleton could not have sent to

3    the agency the question of what to do.

4    THE COURT:  Uh -- You don't refer to him as Singleton do

5    you, when you say it?

6    MR. SCHNEIDER:  Judge Singleton.

7    THE COURT:  Yeah.  Okay, go ahead.  Restate that.

8    MR. SCHNEIDER:  Judge -- uh, yeah.  I said Judge, believe

9    me.    Judge   Singleton   could   not   have   referred   to   the

10   administrative agency the question raised in our complaint here

11   of what do you do once Leisnoi is found to be de-certified (sic).

12   I mean, that's a huge part of this case that the administrative

13   agency has no statutory or regulatory authority to do a thing

14   with.   They simply make the findings, does this round peg, in

15   this case, squit (sic) -- fit in this square hole?  Then it comes

16   back to Judge Singleton to determine what the consequences of

17   that are, and a number of Leisnoi's defenses.

18   THE   COURT:   But -- but at this point that's only a

19   hypothetical question, because you don't know what the IBLA's

20   gonna do, right?

21   (Pause)

22   MR. SCHNEIDER:  We don't.

23   THE COURT:  So, you're asking him to decide.....

24   MR. SCHNEIDER:  I know what issues.....

25   (Indiscernible - multiple voices)

1-16

1    THE COURT:    .....want us to decide that before the IBLA

2    decides?  And say, "well, you know, if they de-certify (sic), uh,

3    Leisnoi, this is the remedy.

4    MR. SCHNEIDER:  I -- uh, well -- there are certain things we

5    did ask about what to do.  Judge Singleton decided not to do

6    them.  But that is one of the points, is that there are multiple

7    issues in this case that have not been decided by the Trial

8    Court, that the Trial Court has not purported to decide, that he

9    -- that have not been asserted or -- or sent to the agency.

10    THE COURT:  And they aren't right for deciding now, are

11    they?

12    MR. SCHNEIDER:  And they're not right for deciding now.

13    They -- he only pitched part of the ball to the administrative

14    agency.

15    THE COURT:  If they're not right there's no decision -- no

16    issue before the District Court now.....

17    MR. SCHNEIDER:  Well.

18    THE COURT:  .....to be decided.

19    MR. SCHNEIDER:  There is.....

20    THE COURT:  .....Before -- before the, uh, IBLA renders its

21    new decision is there?  There's nothing in the District Courts.

22    I know that what the District Court does, necessarily, depends on

23    how the IBLA decides.

24    MR. SCHNEIDER:  Judge, let me tell you why, in general,

25    you're correct, and in this specific case, I believe in this

1-17

1   specific case I believe that is not an accurate statement.   I

2   filed a motion the other day in front of Judge Singleton the

3   context of this case.   Judge Singleton -- Judge Singleton will

4   have  issues  to  address  in  this  case  no  matter  what  the

5   administrative  agency  does.    There  is  one  thing  the

6   administrative agency -- there is one thing the administrative

7   agency could do, I guess, that might -- I haven't had a chance to

8   think  about  this  --  might  terminate  this  case.    If  the

9   administrative  agency  contrary,  even  to  what  Leisnoi  argues,

10  finds that there were 25 Native residents of Woody Island Village

11  on April 1, 1970, something that they don't even argue, that

12  might put a stake in our heart.   But, otherwise, we're back, and

13  we're back with lots to talk about.   And that's the procedural

14  posture of the case.   The harm in question continues.   Um, we

15  would like an opportunity -- we've not had an opportunity to

16  brief this, so I guess I'd like to know what The Court's pleasure

17  is.   I'd like to argue the matter.   Now, if Your Honors want us

18  back in the morning, that's certainly the -- we will.....

19      THE COURT:   Well, I'll tell you what we'll do.   We'll take

20  a recess and we'll discuss this and we'll come back.

21      THE CLERK:   This Court stands in recess for approximately

22  ten minutes.

23      (Off record)

24  2195

25      (On record)

1-18

1    2209

2        THE COURT:  We've conferred with Judge Singleton and asked

3    him what his intention was when he set the matter back to the

4    IBLA.  He told us his intention was to send the entire case back,

5    and to await the agency's decision.  With that, after the panel

6    has conferred, we all agree that this case is now moot.  So that

7    is the judgement of The Court, and that'll conclude this matter

8    and for this calendar The Court will stand in recess.

9    (Court Recessed)

10    2297 .

1-19

1

<u>C E R T I F I C A T I O N</u>

2

3          I hereby certify that the foregoing pages numbered 1 through

4   18 contain a full, true and correct transcript of proceedings in

5   Case No. 95-35376, STRATMAN V. BABBITT, ET AL., transcribed by me

6   to the best of my knowledge and ability from tapes provided to me

7   by ALASKA STENOTYPE REPORTERS.

8          DATED at Anchorage, Alaska, this 6th day of May, 1996.

9

10                                    SIGNED AND CERTIFIED BY:

11

12

13                                    Klint C. Kendrick, Transcriber

EXHIBIT 27