EXHIBIT 4

Case 3:02-cv-00290-JKS   Document 109-5   Filed 02/22/2007   Page 1 of 4

APR 1 9 1996
FILED
APR 2 4 1996
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMAR STRATMAN,<br><br>    Plaintiff - Appellant,<br><br>    vs.<br><br>BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI INC.; KONIAG, INC., Regional Native Corporation,<br><br>    Defendants - Appellees. | No. 95-35376<br><br>D.C. No. CV-76-0132-JAV<br><br>M E M O R A N D U M* |

Appeal from the United States District Court
for the District of Alaska
James A. von der Heydt, Senior District Judge, Presiding

Argued and Submitted April 8, 1996
Seattle, Washington

Before: PREGERSON, TASHIMA, Circuit Judges, and JONES, District Judge.**

    Plaintiff Omar Stratman appealed the denial of his motion for a preliminary injunction in this action originally brought under the Alaska Native Claim Settlement Act, 43 U.S.C. § 160. After this appeal was filed, the district court, on November 21, 1996, entered judgment and remanded this action, <u>in its entirety</u>, to the

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

Interior Board of Land Appeals. We, therefore, dismiss this appeal as moot.

# OFFICE OF THE CLERK
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered in this case as of the file date on the attached decision of the Court.

## MANDATE (FRAP 41)

The mandate will issue seven (7) days after the expiration of the time for filing a petition for rehearing or seven (7) days from the denial of a petition for rehearing, unless the Court directs otherwise. If a stay of mandate is sought, an original and three (3) copies of the motion must be filed.

## PETITION FOR REHEARING (FRAP 40)

**Filing Time:** A petition for rehearing may be filed within fourteen (14) days from entry of judgment. If the United States or an agency or officer thereof is a party in a civil appeal, the time for filing a petition for rehearing is extended to 45 days from entry of judgment.

An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency, or officer thereof is a party, 45 days after the date of the order of publication. If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.

**Purpose:** A petition should only be made to direct the Court's attention to one or more of the following situations:

1. A material point of fact or law overlooked in the decision.

2. A change in the law which occurred after the case was submitted and which appears to have been overlooked by the panel.

3. An apparent conflict with another decision of the Court which was not addressed in the opinion.

Petitions which merely reargue the case should not be filed.

**Statement of Counsel:** A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations described above (in Purpose Section) exist. The points to be raised must be clearly stated. Lacking such a statement, the petition will not be filed.

**Form:** The fifteen (15) page limit allowed by the rule must be observed. Please use 8½ x 11 inch paper. Three (3) copies of the petition and the original are required unless the petition includes a suggestion for rehearing en banc. If it does, forty (40) copies and the original must be filed.

The petition must be directed to the Clerk of Court, contain an original signature of the counsel/pro per litigant submitting the petition and indicate complete proof of service to all parties.