John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> versus ) <br> ) <br> LEISNOI, INC., KONIAG, INC., and ) <br> DIRK KEMPTHORNE, Secretary of the ) <br> INTERIOR, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | Case No. A02-0290 CV (JKS) <br><br> ORDER GRANTING 12(b)(1) MOTION TO DISMISS RE: NO JURISDICTION UNDER APA; STATUTE OF LIMITATIONS HAS LAPSED TO CHALLENGE THE 1974 VILLAGE ELIGIBILITY DECISION; AND WHETHER CONGRESS RATIFIED WOODY ISLAND'S ELIGIBILITY IS A MOOT ISSUE |

  The Court finds that whether Congress ratified Woody Island's eligibility through enactment of section 1427 of the Alaska National Interests Lands Conservation Act is a moot issue which the Court lacks subject matter jurisdiction to address.

  The Administrative Procedures Act merely prescribes standards for judicial review, but does not independently confer federal subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99 (1977); *Gallo Cattle Co. v. U.S. Dept. of Agriculture*, 159 F.3d 1194 (9th Cir.1998). The APA bars a challenge to agency action where the relief sought is barred by another federal statute. 5 U.S.C. § 702. This 2002 suit comes too late to challenge the 1974 certification of the Native Village of Woody Island. 43 U.S.C. § 1632(a). Stratman cannot use a challenge to the

1198321v1

Secretary's 2006 ruling that ANILCA congressionally ratified Woody Island's status, as a surrogate for a challenge to the Secretary's 1974 ruling that Woody Island met ANCSA village eligibility requirements.

This case is not the 1976 suit Stratman had once prosecuted, a case that was filed within two years of the 1974 eligibility decision. Prior judicial actions do not toll the statute of limitations, no matter how close their relationship to the case at bar. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966). Although this Court expected the Stratman matter might return some day, like a bad penny, this Court opted not to stay his 1976 suit. In retrospect, this Court's decision to enter a Final Judgment, rather than to stay that case, was probably erroneous, in light of *United States v. Henri*, 828 F.2d 526, 528-29 (9th Cir.1987). But Stratman failed to appeal from that Final Judgment or to move for Rule 60(b) relief, and it is too late for him to set it aside now.

Equitable tolling does not save Stratman from the consequences of his failure to have appealed from the November 21, 1995 Final Judgment because Stratman was aware of his cause of action, but failed to act diligently to appeal the entry of the Final Judgment or to move for Rule 60(b) relief. *Lord v. Babbitt*, 991 F.Supp. 1150 (D.Alaska 1997).

The Statute of Limitations having lapsed to challenge the 1974 decision declaring Woody Island's eligible for ANCSA benefits, it matters not whether Congress ratified that eligibility in ANILCA. Accordingly, there is no subject matter jurisdiction for this Court to review the December 2006 decision by Secretary Dirk Kempthorne, because the Court lacks jurisdiction to consider moot issues.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Order granting 12(b)(1) motion to dismiss re: no APA jurisdiction; statute of limitations has lapsed; whether Congress ratified Woody Island's eligibility is a moot issue.
Page 2

1198321v1

WHEREFORE, Leisnoi's 12(b)(1) Motion to Dismiss is GRANTED.

ANCHORAGE, ALASKA this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
Honorable James K. Singleton

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Order granting 12(b)(1) motion to dismiss re: no APA jurisdiction; statute of limitations has lapsed; whether Congress ratified Woody Island's eligibility is a moot issue.
Page 3

1198321v1