John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>    Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the INTERIOR,<br><br>    Defendants. | Case No. A02-0290 CV (JKS)<br><br>MEMORANDUM IN SUPPORT OF LEISNOI, INC.'S RULE 12(b)(1) MOTION TO DISMISS RE: NO JURISDICTION UNDER ADMINISTRATIVE PROCEDURES ACT; STATUTE OF LIMITATIONS HAS LAPSED TO CHALLENGE THE 1974 VILLAGE ELIGIBILITY DECISION; AND WHETHER CONGRESS RATIFIED WOODY ISLAND'S ELIGIBILITY IS A MOOT ISSUE |

I.  **THE APA DOES NOT SUPPLY FEDERAL JURISDICTION**

    This Court recently instructed the parties to brief the issue of whether the Administrative Procedures Act, 5 U.S.C. §§ 701-706 (the "APA"), vests this Court with subject matter jurisdiction over this case.  It does not.  The Ninth Circuit has observed that "despite the broad language of the Administrative Procedure Act, it is well settled that the APA does not independently confer jurisdiction on the district courts.  See, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)." *Gallo Cattle Co. v. U.S. Dept. of Agriculture,* 159 F.3d 1194 (9th Cir.1998).  Rather. the APA merely prescribes standards for judicial review of an

1197135v1

agency action, once jurisdiction is otherwise established. See Staacke v. United States Secretary of Labor, 841 F.2d 278, 282 (9th Cir. 1988), citing Califano, 430 U.S. at 106-07 & n. 6.

## II. THE APA BARS A CHALLENGE TO AGENCY ACTION WHERE THE RELIEF SOUGHT IS BARRED BY ANOTHER FEDERAL STATUTE

The Ninth Circuit has characterized the APA as being "a framework statute that provides the generally applicable means for obtaining judicial review of actions taken by federal agencies." Clouser v. Espy, 42 F.3d 1522, 1528 n.5 (9th Cir.1994). But the statute prohibits federal courts from "grant[ing] relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.

In this case, Stratman has challenged the Department of the Interior's certification of the Native Village of Woody Island eligible for benefits under the Alaska Native Claims Settlement Act ("ANCSA"). The APA precludes the relief Stratman seeks herein because ANCSA requires that protestants challenging the eligibility of a Native Village for benefits under the Act bring their claim within two years after the day the Department of the Interior's eligibility decision becomes final. 43 U.S.C. § 1632(a).

The Department of the Interior made a final determination that the Native Village of Woody Island was eligible for benefits under the Alaska Native Claims Settlement Act in 1974. See, attached September 24, 1974 Certificate of Eligibility of the Native Village of Woody Island. This suit, filed in 2002, comes decades after the two-year statutory deadline lapsed for challenging that certification of eligibility. ANCSA "expressly or impliedly forbids the relief which is sought"[1] unless the suit is filed within two years after the final decision is made to

---

[1] 5 U.S.C. § 702.

Stratman v. Leisnoi, Inc.
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 2

1197135v1

certify the village: "[A] decision of the Secretary under this title or the Alaska Native Claims Settlement Act shall not be subject to judicial review unless such action is initiated before a court of competent jurisdiction within two years after the day the Secretary's decision becomes final…Provided, that the party seeking such review shall first exhaust any administrative appeal rights." 43 U.S.C. § 1632(a).  The statute of limitations has lapsed to challenge the 1974 decision that Woody Island qualified for benefits under ANCSA.

Stratman cannot use a challenge to the Secretary's 2006 ruling that ANILCA congressionally ratified Woody Island's status, as some sort of a surrogate for a challenge to the Secretary's 1974 ruling that Woody Island met the ANCSA village eligibility requirements.

### III.     THIS 2002 SUIT IS NOT THE 1976 SUIT

The 1976 suit, Civil Action No. A76-132, was Stratman's effort to challenge the 1974 decision by the Department of the Interior that the Native Village of Woody Island met the eligibility requirements for ANCSA benefits.  That suit did not run afoul of the two-year statute of limitations in 43 U.S.C. section 1632(a).  It was brought within two years of Department of the Interior's 1974 village eligibility certification.[2]

But this case is not the 1976 suit.  The 1976 suit ended in a Final Judgment on November 21, 1995.  Stratman took no appeal from that Final Judgment.

---

[2] Stratman failed to exhaust his administrative remedies before filing his 1976 suit, but this omission did not lead to dismissal of the 1976 suit because the Department of the Interior had not provided Stratman with certified mail notifying him of the pendency of Woody Island's eligibility application. See, *Stratman v. Watt*, 656 F.2d 1321 (9th Cir.1980): "Stratman and Burton were entitled to actual notice of the proposed certification… Since they did not receive such notice, they should not be barred by exhaustion requirements." *Id.* at 1325.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 3

1197135v1

Stratman cannot use the 2002 suit as a replacement or surrogate for his 1976 suit.  He cannot, in 2002[3] or 2007, challenge the 1974 final decision by the Department of the Interior that Woody Island met the ANCSA eligibility requirements.  He cannot now seek a review of the underlying 1974 eligibility determination.

IV. **STRATMAN SHOULD HAVE APPEALED FROM THE 1995 FINAL JUDGMENT IF HE WANTED TO PRESERVE WHATEVER RIGHT HE HAD TO CHALLENGE THE 1974 VILLAGE ELIGIBILITY DECISION.**

Although his 1976 suit was filed within two years of the 1974 village eligibility ruling, Stratman's 2002 suit was not.  If Stratman wished to preserve his right to challenge the 1974 final decision of the Secretary of the Interior certifying Woody Island as eligible for benefits, he should have moved the Court, in his 1976 case, to stay that federal suit pending a referral, under the primary jurisdiction doctrine, to the Department of the Interior for agency action.  If the Court had refused his request, Stratman could have, and should have, appealed to the Ninth Circuit, because "The rule in this Circuit is that where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then **jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal**...  The judgment of the district court dismissing this action is vacated, and the case is remanded for the district court to enter a stay pending termination of the

---

[3] Stratman filed suit in 2002, prematurely trying to challenge non-final agency action, without federal subject matter jurisdiction.  *Eluska v. Andrus*, 587 F.2d 996 (9th Cir.1978).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 4

1197135v1

administrative proceedings." *U.S. v. Henri,* 828 F.2d 526, 528-29 (9th Cir. 1987) (emphasis added).[4]

Had he appealed the Final Judgment and obtained an appellate order reversing it in favor of a stay pending further administrative consideration, then, upon completion of the agency's review, he could simply have re-activated the 1976 suit. Stratman could thereby have obtained judicial review of both the 1974 decision that Woody Island met the ANCSA eligibility requirements, as well as the 2006 decision that ANILCA congressionally ratified Woody Island's eligibility. Had he taken this prudent course of action, Stratman could thereby have avoided the lapsing of section 1632's two-year statute of limitations. But Omar Stratman failed to act prudently.

It very well may be that the Court intended or expected Stratman's challenge to return like a bad penny. To that extent, Leisnoi respectfully suggests that the Court erred by entering a Final Judgment eleven years ago, rather than merely staying the 1976 case. But the Court did not stay the case, as would have been proper under *Henri* and its progeny.[5] Instead, it entered a

---

[4] <u>See</u> also, *U.S. v. Dan Caputo Co.*, 152 F.3d 1060, 1062 (9th Cir.1998) ("The district court was incorrect to dismiss the case rather than to stay it pending the Department's findings."); *Shapiro v. Paradise Valley Unified School District No. 69,* 152 F.3d 1159 (9th Cir. 1998)(likewise following *Henri*).

[5] The Court's decision to enter a final judgment, rather than to stay the case, was not accidental; the Court fully explained its rationale in doing so:

> "Had this decision been made **twenty years ago when I was on the Alaska Superior Court, I would have stayed further proceedings and retained jurisdiction**. In those days many of my cases were inactive, benefiting or suffering from indefinite postponements stipulated to by the attorneys, if not always the parties. The enactment of the federal Civil Justice Reform Act of 1990 heralded a new policy in federal courts. **Today**, in this Court, no case is allowed inactivity. Every case should be expeditiously moving toward settlement, involuntary dismissal, or trial. As a result, it is not my practice to exercise discretion in favor of postponements, stays, continuances, or

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 5

1197135v1

Final Judgment on November 21, 1995, from which Stratman neglected, failed, or chose to take no appeal.

The United States Court of Appeals for the Ninth Circuit has already once addressed the legal consequences that flow from Stratman's failure to have appealed the Final Judgment that terminated his 1976 case. At oral arguments that focused exclusively on whether the district court had relinquished jurisdiction by entering a final judgment,[6] the Ninth Circuit dismissed an interlocutory appeal Stratman had taken from a denial of his motion for preliminary injunction in the 1976 case. The Ninth Circuit rejected Stratman's half-baked "jurisdictional pie" theory,[7] and

---

extensions, unless other alternatives are unavailable. Where the parties indicate that some action by some other body is necessary to bring a case to completion, **it is my practice to dismiss** without prejudice to refiling when the other action is completed.

September 25, 1996 Order in Case A76-132 CV. (emphasis added)   But this rationale was erroneous because, as we know from the Ninth Circuit's reversal of Judge Von der Heydt's order of dismissal in *U.S. v. Henri*, 828 F.2d 526 (9th Cir. 1987), "The rule in this Circuit is that where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then **jurisdiction should be retained by stay of proceedings, not relinquished by a dismissal…** The district court exceeded its authority … when it dismissed without prejudice." *Id.* at 528-29. (emphasis added)

[6] The transcript of those fateful oral arguments at which the Ninth Circuit found no jurisdiction remained in the district court following the referral for agency action is attached hereto.

[7] At oral arguments before the Ninth Circuit, Stratman raised the failed argument that "Jurisdiction is sitting somewhat **like a pie**. The Trial Court clearly retained jurisdiction of a number of issues in this case. One of the reasons that the matter isn't moot is that the District Court doesn't believe that it transferred the entirety of the matter to the IBLA… The matters before the Trial Court have been stayed by multiple orders beginning this spring, so that this matter has been – h h-has been, I guess, **carved up a bit, and one of the pieces** of it has been appropr – appropriately, we would argue, **sent to the administrative agency**." (emphasis added) Transcript of Proceedings of April 8, 1996 in *Stratman v. Babbitt,* Court of Appeals Docket No. 95-35376, at p. 3. The Ninth Circuit panel, after taking the unusual step of breaking the proceedings to telephone Your Honor to determine if it were true that the district court had retained jurisdiction notwithstanding entry of a Final Judgment, Transcript at p. 18, learned that Your Honor had sent the case in its entirety to the IBLA, so it concluded that no jurisdiction was retained by the district court such that the interlocutory appeal to the Ninth Circuit was moot: "After this appeal was filed, the district court, on November 21, 1996, entered judgment and remanded this action <u>in its entirety</u>, to the Interior Board of Land Appeals. We, therefore, dismiss this appeal as moot." April 19, 1996 Order by the Ninth Circuit, Case No. 95-35376.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 6

1197135v1

instead found that Omar Stratman's interlocutory appeal was mooted by entry of the Final Judgment in the 1976 suit:

> "Plaintiff Omar Stratman appealed the denial of his motion for a preliminary injunction in this action originally brought under the Alaska Native Claim Settlement Act, 43 U.S.C. § 160. **After this appeal was filed, the district court, on November 21, 1995, entered judgment and remanded this action, <u>in its entirety</u>, to the Interior Board of Land Appeals.** We, therefore, dismiss this appeal as moot."

Stratman v. Babbitt, Ninth Circuit Case No. 95-35376 (Order of April 19, 1996) (underlining by the Ninth Circuit) (emphasis added).

Within the one year period for moving for Rule 60 relief, Stratman was thus acutely put on notice of the severe consequences that flow from the Final Judgment having been entered in his 1976 case, where only a stay order had actually been appropriate. But he chose not to correct the error, not to move for Rule 60(b) relief, just as he had chosen not to appeal from the Final Judgment that had erroneously been entered. Stratman cannot correct his mistake at this late date through the subterfuge of using a 2002 case as some sort of a surrogate for his dismissed 1976 case.[8] There exists no jurisdiction for the district court, in this 2002 case, to review or set aside the Department of the Interior's 1974 certification of eligibility of the Native Village of Woody Island.

---

[8] Congress declared in 43 U.S.C. § 1601 that the settlement should be "accomplished rapidly, with certainty, in conformity with the real economic and social needs of Natives, without litigation…" This Court should not disregard that Congressional directive by permitting Stratman to sue in 2002 to challenge a 1974 eligibility determination.

Stratman v. Leisnoi, Inc.
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b)(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 7

1197135v1

V.  **EQUITABLE TOLLING DOES NOT SAVE STRATMAN FROM THE CONSEQUENCES OF HIS FAILURE TO HAVE APPEALED FROM THE FINAL JUDGMENT**

Stratman should have jealously guarded his 1976 case caption, because that suit was his only chance to avoid the two-year statute of limitations contained in ANCSA, 43 U.S.C. § 1632(a), to challenge the 1974 final agency determination that Woody Island met the requirements for eligibility under the Alaska Native Claims Settlement Act.  He knowingly allowed a Final Judgment to be entered without advising the district court that only a mere stay order was appropriate.  He failed to appeal from the Judgment.  Even after learning the hard way, by the Ninth Circuit's dismissal of his interlocutory appeal, that entry of that Judgment meant no jurisdiction was retained in the district court, Stratman failed timely to move for Rule 60(b) relief.  Equitable tolling is not available to bail-out this litigant from his own neglect or strategic blunder.

As Your Honor observed in *Lord v. Babbitt*, 991 F.Supp. 1150 (D.Alaska 1997), equitable tolling is not available where a litigant has failed to take a timely appeal:

> "The doctrine of equitable tolling is properly utilized where without the fault of either party, the plaintiff did not, and could not with due diligence have obtained enough information to sue within the period of the statute of limitations… The Ninth Circuit has made it clear that **one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence**… [B]y his failure to contest or appeal BLM's decision, Lord failed to act diligently and is precluded from utilizing the doctrine of equitable tolling."

*Lord v. Babbitt,* 991 F.Supp. at 1162 (emphasis added).

Stratman failed to act diligently.  Had he appealed the entry of Final Judgment, he could easily have overturned it on the grounds that a stay order instead of a Final Judgment should

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b)(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 8

1197135v1

have been entered; the Ninth Circuit has done so on at least three occasions. *U.S. v. Henri*, 828 F.2d 526, 529 (1987) ("The rule in this Circuit is that where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal."); *U.S. v. Dan Caputo Co.*, 152 F.3d 1060 (9th Cir. 1998); *Shapiro v. Paradise Valley Unified School District No. 69*, 152 F.3d 1159 (9th Cir. 1998).

Had Stratman moved for Rule 60(b) relief within one year after entry of the Final Judgment, he might also have succeeded in persuading the Court that a stay order should have been entered in lieu of a Final Judgment, since the Court indicated in its orders that it fully expected the litigants would one day return to do battle again. Had Stratman apprised the Court that the proper procedure under *Henri* was to stay rather than to enter a Final Judgment, the Court may well have obliged him. But Stratman failed to do so. Instead, he took the gamble that he would win before the Department of the Interior, that the Secretary would rescind Woody Island's certification, that he would obtain the relief he wanted at the administrative level. He lost that bet. In retrospect, Stratman must realize how foolish it was for him not to have contested entry of the Final Judgment. Equitable estoppel does not save him from his own neglect or his strategic miscalculations.

Equitable tolling applies "when the plaintiff is unaware of his cause of action", *Lord,* 991 F.Supp. at 1162, quoting *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir.1990). Stratman, though, was well-aware of his cause-of-action, having filed suit thereupon in 1976. Plaintiff did have "enough information to sue within the period of the statute of limitations." *Lord*, 991 F.Supp. at

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b)(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 9

1197135v1

1162. Indeed, he filed his 1976 suit well within the two-year statute of limitations of 43 U.S.C. § 1632(a). But, as described in the preceding paragraphs, he thereafter failed to act diligently, and as Your Honor wrote in *Lord*, "The Ninth Circuit has made clear that one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence." 991 F.Supp. at 1162.[9]

## VI. ANY REVIEW OF THE 2006 RULING BY SECRETARY KEMPTHORNE IS MOOT, SO THERE EXISTS NO SUBJECT MATTER JURISDICTION

Inasmuch as it is too late for Stratman to challenge the Department of the Interior's 1974 Woody Island Village eligibility determination, the issue of whether ANILCA congressionally ratified Woody Island's eligibility is moot. This is the case even though several thousand acres have yet to be conveyed to Leisnoi. After all, it matters not whether Congress ratified Woody Island's eligibility in 1980, since it is too late for Stratman judicially to challenge the 1974 determination that Woody Island meets the ANCSA eligibility requirements.

The APA does not authorize this Court to adjudicate moot issues. The United States Constitution only extends federal jurisdiction to actual cases or controversies. "Mootness is a jurisdictional question" because federal courts are "not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244 (1971), quoting, *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920). Whether ANILCA ratified Woody Island's eligibility for ANCSA benefits is a moot question or an abstract proposition, because the time has lapsed under section 1632 in which Stratman could bring a judicial challenge to the 1974 eligibility decision.

---

[9] Prior judicial actions, like the 1976 suit, do not toll the statute of limitations, no matter how close their relationship to the case at bar. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b)(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 10

1197135v1

## VII. **CONCLUSION**

Although the APA typically provides a mechanism for federal court review of agency determinations, it does not supply federal jurisdiction, and it expressly precludes judicial review of agency action if another statute precludes the relief sought. ANCSA section 1632(a) precludes the relief sought by Omar Stratman.

There were two pertinent final agency actions: (1) a 1974 decision that Woody Island met the ANCSA statutory requirements for Native Village status; and (2) a 2006 decision that ANILCA congressionally ratified Woody Island's status as a Native Village.

Judicial review of the 1974 decision is precluded by the two-year statute of limitations in 43 U.S.C. § 1632(a).

Judicial review of the 2006 decision is precluded because there is no federal jurisdiction to decide moot issues. The lapsing of the statute of limitations to seek judicial review of the 1974 certification of Woody Island's eligibility for ANCSA benefits moots judicial review of Secretary Kempthorne's 2006 decision that ANILCA, in 1980, ratified the 1974 certification.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b)(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 11

1197135v1

WHEREFORE, this Court should DISMISS Stratman's third amended complaint for lack of federal subject matter jurisdiction.

DATED this 22nd day of February, 2007.

RESPECTFULLY SUBMITTED,


/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 12

1197135v1

**EXHIBIT LIST TO LEISNOI, INC.'S 12(b)(1) MOTION TO DISMISS RE:
NO JURISDICTION UNDER THE APA; STATUTE OF LIMITATIONS HAS LAPSED
TO CHALLENGE THE 1974 VILLAGE ELIGIBILITY DECISION; AND WHETHER
CONGRESS RATIFIED WOODY ISLAND'S ELIGIBILITY IS A MOOT ISSUE**

1. The United States Department of the Interior's 1974 Village Eligibility Determination of the Native Village of Woody Island.

2. November 21, 1995 Final Judgment in Civil Action No. A76-132.

3. April 8, 1996 Transcript of Proceedings before the United States Court of Appeals for the Ninth Circuit, *Stratman v. Babbitt*, Docket No. 95-35376.

4. April 19, 1996 Order by the United States Court of Appeals for the Ninth Circuit in *Stratman v. Babbitt*, Docket No. 95-35376, dismissing Omar Stratman's interlocutory appeal as moot in light of the November 21, 1996 Final Judgment having been entered by the district court in Civil Action No. A76-132.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 13

1197135v1

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in support of 12(b )(1) motion re: no APA jurisdiction; statute of limitations lapsed; whether Congress ratified Woody Island's eligibility is a moot issue
Page 14

1197135v1