EXHIBIT 2

34 of 37 DOCUMENTS

FEDERAL REGISTER

VOL. 58, No. 202

Notices

DEPARTMENT OF THE INTERIOR (DOI)

Assistant Secretary for Indian Affairs

Bureau of Indian Affairs (BIA)

**Cabazon Band of Cahuilla Mission Indians of the Cabazon Reservation, Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs**

*58 FR 54364*

**DATE:** Thursday, October 21, 1993

**ACTION:** Notice.

```
------------------------------------------------------------------------
```
To view the next page, type .np* TRANSMIT.
To view a specific page, transmit p* and the page number, e.g. p*1
```
------------------------------------------------------------------------
```

[*54364]

**SUMMARY:** Notice is hereby given of the revision and update of the list of entities recognized and eligible for funding and services from the Bureau of Indian Affairs and is published pursuant to 25 CFR part 83.

**FOR FURTHER INFORMATION CONTACT:** Patricia Simmons, Bureau of Indian Affairs, Division of Tribal Government Services, 1849 C Street NW., Washington, DC 20240. Telephone number: (202) 208-7445.

**SUPPLEMENTARY INFORMATION:** This notice is published in exercise of authority delegated to the Assistant Secretary-Indian Affairs under *25 U.S.C. 2* and 9 and 209 DM 8.

Published below are lists of federally acknowledged tribes in the contiguous 48 states and in Alaska. The list for the contiguous 48 states is updated from the last such list published in 1988 to include tribes acknowledged through the Federal acknowledgment process and legislation. The list for Alaska has been substantially revised from the 1988 list of Alaska entities for the following reasons:

In 1978 the Department of the Interior adopted regulations setting out "Procedures for Establishing That an American Indian Group Exists as an Indian Tribe." *43 FR 39361* (Sept. 5, 1978). The regulations "establish a departmental procedure and policy for acknowledging that certain American Indian tribes exist. Such acknowledgment of tribal existence by the Department is a prerequisite to the protection, services, and benefits from the Federal Government available to Indian tribes. Such acknowledgment shall also mean that the tribe is entitled to the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their status as Indian tribes as well as the responsibilities and obligations of such tribes. Acknowledgment shall subject the Indian tribe to the same authority of Congress and the United States to which other federally acknowledged tribes are subjected." *25 CFR 83.2.*

Under the procedures, groups not recognized as tribes by the Federal Government may apply for Federal acknowledgment. Tribes, bands, pueblos or communities already acknowledged as such and receiving services from the Bureau

58 FR 54364, *

of Indian Affairs were not required to seek acknowledgment anew. *25 CFR 83.3 (a)*, (b). To assist groups in determining whether they were required to apply, the procedures provided for the publication within 90 days of a list of "all Indian tribes which are recognized and receiving services from the Bureau of Indian Affairs." *25 CFR 83.6(b)*. This list is to be updated annually. *Ibid.*

The first list of acknowledged tribes was published in 1979. *44 FR 7325* (Feb. 9, 1979). The list used the term "entities" in the preamble and elsewhere to refer to and include all the various anthropological organizations, such as bands, pueblos and villages, acknowledged by the Federal Government to constitute tribes with a government-to-government relationship with the United States. A footnote defined "entities" to include "Indian tribes, bands, villages, groups and pueblos as well as Eskimos and Aleuts." *44 FR at 7325*, n. *.

The 1979 list did not, however, contain the names of any Alaska Native entities. The preamble stated that: "[t]he list of eligible Alaskan entities will be published at a later date." *44 FR at 7235*.

In 1982 the Department added to the list of tribal entities in the contiguous 48 states a "preliminary list" of Alaska Native entities under the heading Alaska Native Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs. *47 FR 53133* (Nov. 24, 1982). The preamble to this list stated:

[U]nique circumstances have made eligible additional entities in Alaska which are not historical tribes. Such circumstances have resulted in multiple, overlapping eligibility of Native entities in Alaska. To alleviate any confusion which might arise from publication of a multiple eligibility listing, the following preliminary list shows those entities to which the Bureau of Indian Affairs gives priority for purposes of funding and services.

*47 FR at 53133-53134.*

The meaning of this preamble was clarified by the 1982 list itself. The entities appearing on the list were traditional councils that were identified as tribes in the Alaska Native Claims Settlement Act (ANCSA), *43 U.S.C. 1602*(c), and that had been dealt with by the Bureau of Indian Affairs on a government-to-government basis and Indian Reorganization Act councils organized under the Indian Reorganization Act (IRA), *25 U.S.C. 473a*, and dealt with on a government-to-government basis by the BIA. These entities parallel the kinds of entities listed on the list for the contiguous 48 states. Not listed on the Alaska list were regional, village and urban corporations organized under state law in accordance with ANCSA. These corporations are not governments, but they have been designated as "tribes" for the purposes of some Federal laws, primarily the Indian Self-Determination and Education Assistance Act (ISDA), *25 U.S.C. 450b*(b), creating the overlapping eligibility referred to in the preamble.

The 1982 preamble, nonetheless, caused confusion as to the Department's intent. *See, e.g., Board of Equalization v. Alaska Native Brotherhood, 666 P.2d 1015, 1024, n. 1 (Alaska 1983)* (concurring opinion). A number of Alaska Native organizations complained [*54365] that the preamble was ambiguous and cast doubt on the tribal status of Alaska Native villages and regional tribes. The statement was dropped from the subsequent lists published in 1983, *48 FR 56862* (Dec. 23, 1983); 1985, *50 FR 6058* (Feb. 13, 1985); and 1986, *51 FR 25118* (July 10, 1986). However, this deletion did not eliminate lingering uncertainties over whether inclusion on, or exclusion from, the Alaska Native entities list constituted an official determination of the United States government as to the tribal status of Native entities. In addition, in 1986, a number of Alaska Native entities complained that they had been wrongly omitted from the lists published between 1982 and 1986.

In 1988, as part of the annual publication required by *25 CFR 83.6(b)*, the Department published a new list of Alaska entities. The 1988 list departed from the previous lists in a number of respects. Rather than being limited to traditional Native governments and governments reorganized under Federal law, as were the prior lists, the 1988 list was expanded to include nine categories of Alaska entities, including the state-chartered regional, village and urban corporations established pursuant to ANCSA. The number of listed entities thus more than doubled to 500. The preamble to the list stated that the revised list responded to a "demand by the Bureau and other Federal agencies * * * for a list of organizations which are eligible for their funding and services based on their inclusion in categories frequently mentioned in statutes concerning Federal programs for Indians." *53 FR at 52,832*.

The inclusion of non-tribal entities on the 1988 Alaska entities list departed from the intent of *25 CFR 83.6(b)* and created a discontinuity from the list of tribal entities in the contiguous 48 states, which was republished as part of the same **Federal Register** notice. As in Alaska, Indian entities in the contiguous 48 states other than recognized tribes are frequently eligible to participate in Federal programs under specific statutes. For example, "tribal organizations" associated with recognized tribes, but not themselves tribes, are eligible for contracts and grants under the ISDA. *25 U.S.C.*

*450b*(c), 450f, 450g. Unlike the Alaska entities list, the 1988 entities list for the contiguous 48 states was not expanded to include such entities.

Even more significantly, the change to the Alaska entities list compounded, rather than resolved, the question of the status of Alaska tribes raised by prior lists. First, the list did not distinguish between entities listed on the basis of their status as tribes and non-tribal entities listed because of their eligibility to participate in Federal programs under specific statutes. Second, it omitted the language on some of the earlier lists which described the listed Indian groups as "Indian tribal entities which are recognized as having a special relationship with the United States" and instead included language applicable only to Alaska stating that:

Inclusion on a list of entities already receiving and eligible for Bureau funding does not constitute a determination that the entity either would or would not qualify for Federal Acknowledgment under the regulations, but only that no such effort is necessary to preserve eligibility. Furthermore, inclusion on or exclusion from this list of any entity should not be construed to be a determination by this Department as to the extent of the powers and authority of that entity.

*53 FR at 52,832.* Finally, the 1988 list further confused the status of a number of specific entities by using names for some villages that were different from the names of these villages used by the Native traditional councils.

These changes in the 1988 publication have raised a number of questions with respect to the Department's intent and the effect of the 1988 list. The omission in the preamble of all references acknowledging the tribal status of the listed villages, and the inclusion of ANCSA corporations, which lack tribal status in a political sense, called into question the status of all the listed entities. Numerous Native villages, regional tribes and other Native organizations objected to the 1988 list on the grounds that it failed to distinguish between Native corporations and Native tribes and failed to unequivocally recognize the tribal status of the listed villages and regional tribes.

In January 1993 the Solicitor of the Department of the Interior issued a comprehensive opinion analyzing the status of Alaska Native villages as "Indian tribes," as that term is commonly used to refer to Indian entities in the contiguous 48 states. The Solicitor analyzed the unique circumstances of Alaska Native villages. After a lengthy historical review, the Solicitor concluded that there are tribes in Alaska:

By the time of enactment of the IRA [Indian Reorganization Act of 1934, as amended in 1936], the preponderant opinion was that Alaska Natives were subject to the same legal principles as Indians in the contiguous 48 states, and had the same powers and attributes as other Indian tribes, except to the extent limited or preempted by Congress.

What constitutes a tribe in the contiguous 48 states is sometimes a difficult question. So also is it in Alaska. The history of Alaska is unique, but so is that of California, New Mexico and Oklahoma. While the Department's position with regard to the existence of tribes in Alaska may have vacillated between 1867 and the opening decades of this century, it is clear that for the last half century, Congress and the Department have dealt with Alaska Natives as though there were tribes in Alaska. The fact that the Congress and the Department may not have dealt with all Alaska Natives as tribes at all times prior to the 1930's did not preclude it from dealing with them as tribes subsequently.

Sol. Op. M-36,975, at 46, 47-48 (Jan. 11, 1993).

The Solicitor found it unnecessary for the purposes of his opinion to identify specifically those villages which are tribes, although he observed that Congress's listing of specific villages in the Alaska Native Claims Settlement Act and the repeated inclusion of such villages within the definition of "tribe" over the 20 years since the passage of ANCSA arguably constituted a congressional determination that the villages found eligible for benefits under ANCSA, referred to as the "modified ANCSA list," are considered Indian tribes for purposes of Federal law. M-36,975, at 58-59.

In view of the foregoing, and to comply with the requirement of *25 CFR 83.6(b)*, the Department of the Interior has determined it necessary to publish a new list of Alaska tribal entities. The Bureau of Indian Affairs has reviewed the "modified ANCSA list" of villages and the list of those villages and regional tribes previously listed or dealt with by the Federal Government as governments and found that the villages and regional tribes listed below have functioned as political entities exercising governmental authority and are, therefore, acknowledged to have "the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their status as Indian tribes as well as the responsibilities and obligations of such tribes."

The purpose of the current publication is to publish an Alaska list of entities conforming to the intent of *25 CFR 83.6(b)* and to eliminate any doubt as to the Department's intention by expressly and unequivocally acknowledging that the Department has determined that the villages and regional tribes listed below are distinctly Native communities and

have the same status as tribes in the contiguous 48 states. Such acknowledgement of tribal existence by the Department is a prerequisite to the protection, services, and benefits from the Federal Government available to [*54366] Indian tribes. This list is published to clarify that the villages and regional tribes listed below are not simply eligible for services, or recognized as tribes for certain narrow purposes. Rather, they have the same governmental status as other federally acknowledged Indian tribes by virtue of their status as Indian tribes with a government-to-government relationship with the United States; are entitled to the same protection, immunities, privileges as other acknowledged tribes; have the right, subject to general principles of Federal Indian law, to exercise the same inherent and delegated authorities available to other tribes; and are subject to the same limitations imposed by law on other tribes. n1

> n1 Sol. Op. M-36,975 concluded, construing general principles of Federal Indian law and ANCSA, that "notwithstanding the potential that Indian country still exists in Alaska in certain limited cases, Congress has left little or no room for tribes in Alaska to exercise governmental authority over land or nonmembers." M-36,975, at 108. That portion of the opinion is subject to review, but has not been withdrawn or modified.

A directive accompanying the Department of the Interior and Related Agencies Appropriations Act for FY 1992 directed the Secretary to study the historical evidence relating to five villages for purposes of determining whether they were inadvertently denied village or urban status under ANCSA. H.R. Rep. No. 102-256, 102d Cong., 1st Sess. 42-43 (1991). Four of these villages are listed below on the basis of their reorganization under Federal law. A decision on inclusion of the remaining village (Tenakee) will be made after the completion of the study.

Because the list published by this notice is limited to entities found to be Indian tribes, as that term is defined and used in 25 CFR part 83, it does not include a number of non-tribal Native entities in Alaska that currently contract with or receive services from the Bureau of Indian Affairs pursuant to specific statutory authority, including ANCSA village and regional corporations and various tribal organizations. These entities are made eligible for Federal contracting and services by statute and their non-inclusion on the list below does not affect the continued eligibility of the entities for contracts and services. n2

> n2 Under longstanding BIA policy, priority for contracts and services in Alaska is given to reorganized and traditional governments over non-tribal corporations. Proposed regulations to implement the 1988 Amendments to the Indian Self-Determination Act scheduled to be published in the near future will incorporate this policy.

**Ada E. Deer,**

*Assistant Secretary-Indian Affairs.*

**Indian Tribal Entities Within the Contiguous 48 States Recognized and Eligible to Receive Services from The United States Bureau of Indian Affairs**

Absentee-Shawnee Tribe of Indians of Oklahoma

Agua Caliente Band of Cahuilla Indians of the Agua Caliente Indian Reservation, California

Ak Chin Indian Community of Papago Indians of the Maricopa, Ak Chin Reservation, Arizona

Alabama and Coushatta Tribes of Texas

Alabama-Quassarte Tribal Town of the Creek Nation of Oklahoma

Alturas Rancheria of Pit River Indians of California

Apache Tribe of Oklahoma

Arapahoe Tribe of the Wind River Reservation, Wyoming

Aroostook Band of Micmac Indians of Maine

58 FR 54364, *

Wisconsin Winnebago Indian Tribe of Wisconsin

Wyandotte Tribe of Oklahoma

Yankton Sioux Tribe of South Dakota

Yavapai-Apache Indian Community of the Camp Verde Reservation, Arizona

Yavapai-Prescott Tribe of the Yavapai Reservation, Arizona

Yerington Paiute Tribe of the Yerington Colony & Campbell Ranch, Nevada

Yomba Shoshone Tribe of the Yomba Reservation, Nevada

Ysleta Del Sur Pueblo of Texas

Yurok Tribe of the Hoopa Valley Reservation, California

Zuni Tribe of the Zuni Reservation, New Mexico

**Native Entities Within the State of Alaska Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs**

Village of Afognak

Native Village of Akhiok

Akiachak Native Community

Akiak Native Community

Native Village of Akutan

Village of Alakanuk

Alatna Village

Native Village of Aleknagik

Algaaciq Native Village (St. Mary's)

Allakaket Village

Native Village of Ambler

Village of Anaktuvuk Pass

Yupiit of Andreafski

Angoon Community Association

Village of Aniak

Anvik Village

58 FR 54364, *                                                      Page 20

Native Village of Kipnuk

Native Village of Kivalina

Klawock Cooperative Association

Native Village of Kluti Kaah (aka Copper Center)

Knik Village

Native Village of Kobuk

Kokhanok Village

Koliganek Village

Native Village of Kongiganak

Village of Kotlik

Native Village of Kotzebue

Native Village of Koyuk

Koyukuk Native Village

Organized Village of Kwethluk

Native Village of Kwigillingok

Native Village of Kwinhagak (aka Quinhagak)

Native Village of Larsen Bay

Levelock Village

 Lesnoi Village (aka Woody Island)

Lime Village

Village of Lower Kalskag

Manley Hot Springs Village

Manokotak Village

Native Village of Marshall (aka Fortuna Ledge)

Native Village of Mary's Igloo

McGrath Native Village

Native Village of Mekoryuk

Mentasta Lake Village

Native Village of Toksook Bay

Tuluksak Native Community

Native Village of Tuntutuliak

Native Village of Tununak

Twin Hills Village

Native Village of Tyonek

Ugashik Village

Umkumiute Native Village

Native Village of Unalakleet

Qawalingin Tribe of Unalaska

Native Village of Unga

Village of Venetie (See Native Village of Venetie Tribal Government)

Native Village of Venetie Tribal Government (Arctic Village and Village of Venetie)

Village of Wainwright

Native Village of Wales

Native Village of White Mountain

Wrangell Cooperative Association

Yakutat Tlingit Tribe

[FR Doc. 93-25822 Filed 10-20-93; 8:45 am]
    BILLING CODE 4310-02-P