John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> versus ) <br> ) <br> LEISNOI, INC., KONIAG, INC., and ) <br> DIRK KEMPTHORNE, Secretary of the ) <br> INTERIOR, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> _____ ) | Case No. A02-0290 CV (JKS) <br><br> ORDER GRANTING LEISNOI, INC.'S RULE 12(b)(1) MOTION TO DISMISS RE: MOOTNESS RESULTING FROM CONGRESSIONAL RATIFICATION IN THE FEDERALLY RECOGNIZED INDIAN TRIBE LIST ACT |

The Court finds that Omar Stratman's decertification claims are MOOT because the Native Village of Woody Island has been recognized by the United States Congress as a tribe based upon its status as an Alaska Native Village as that term is defined in ANCSA.

The Secretary of the Interior determined in 1993 that Alaska Native Villages as defined in ANCSA qualify as tribes. 58 FR 54364 (October 21, 1993). He concluded that Woody Island therefore qualifies as a tribe, and included it in the Tribal Entities List published in the Federal Register. 58 FR 54369 (October 21, 1993). Since Native Villages as defined by ANCSA qualify as tribes, and Woody Island was found to be a tribe, therefore, Woody Island is a Native Village as defined by ANCSA.

The United States Congress ratified the Tribal Entities List in 1994 in the Federally Recognized Indian Tribe List Act. P.L. 103-454, 25 U.S.C.§479a. The FRITLA mandates that only the United States Congress, and not a court, may de-list. P.L. 103-454, Section 103(4); 25 U.S.C.§479a.

Inasmuch as Woody Island achieved tribal recognition based upon its status as an Alaska Native Village as defined in ANCSA, and Congress ratified that finding by approving the Tribal Entities List containing Woody Island, Stratman's claims are now MOOT. Moreover, only Congress can de-list Woody Island, per the Federally Recognized Indian Tribe List Act.

WHEREFORE, the Court lacks subject matter jurisdiction to decertify Woody Island and therefore GRANTS the 12(b)(1) Motion and DISMISSES THIS CASE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION.

ANCHORAGE, ALASKA this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
Honorable James K. Singleton

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Order Granting 12(b)(1) Motion re: Mootness Resulting from Congressional Ratification in the Federally Recognized Indian Tribe List Act
Page 2

1198313v1