John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>    Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the INTERIOR,<br><br>    Defendants. | Case No. A02-0290 CV (JKS)<br><br>MEMORANDUM IN SUPPORT OF LEISNOI, INC.'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION RE: MOOTNESS RESULTING FROM CONGRESSIONAL RATIFICATION IN THE FEDERALLY RECOGNIZED INDIAN TRIBE LIST ACT |

**I.   INTRODUCTION**

The Alaska Native Village of Woody Island has achieved tribal recognition, having been officially recognized by the United States, by name, as published in the Federal Register, pursuant to the Federally Recognized Indian Tribe List Act.[1]  Inasmuch as a "tribe" for purposes of that Act has the same meaning as an "Alaska Native Village" as defined in the Alaska Native Claims Settlement Act, Woody Island's listing as a tribe necessarily means that Congress has recognized Woody Island is an Alaska Native Village.  Congress having ratified Woody Island's status as an Alaska Native Village, Stratman's claims are MOOT, and this Court lacks subject

---

[1] The Alaska Native Village of Woody Island is included in the official list of federally recognized tribes.  53 FR 52829 (December 29, 1988) [Exhibit 1]; 58 FR 54364 (October 21, 1993) [Exhibit 2]; 67 FR 46328 (July 12, 2002) [Exhibit 3].

matter jurisdiction to set aside that congressional finding. Only the United States Congress, and not the federal courts or the Department of the Interior, has the authority to de-list an Alaska Native Village that has achieved federal recognition as a tribe. 25 U.S.C. § 479(a).[2]

II. **FRITLA RATIFIES WOODY ISLAND'S STATUS AS AN ALASKA NATIVE VILLAGE, THEREBY MOOTING STRATMAN'S CLAIMS**

In December of 1988, the Department of the Interior published the official Tribal Entities List of federally recognized Indian tribes. 53 FR 52829 (December 29, 1998) [Exhibit 1], and declared that villages as defined in ANCSA constitute federally recognized tribes:

> "The purpose of this updated list is (1) To comply with the regulatory requirement of annual publication pursuant to 25 CFR Part 83, (2) to reflect the Alaska entities which are statutorily eligible for funding and services from the Bureau of Indian affairs, … [and] (4) to describe the criteria used for inclusion on the list and for making additions…
>
> **Indian statutes, such as the Indian Self-Determination Act, specifically include Alaska Native villages … defined or established under the Alaska Native Claims Settlement Act** (ANCSA)… For purposes of the Indian Self-Determination Act, Indian tribe is defined to include '…any Alaska Native village … as defined in or established pursuant to the Alaska Claims Settlement Act…
>
> **Therefore, this list includes all of the Alaska entities meeting any of the following criteria which are used in one or more Federal statutes for the benefit of Alaska Natives: … Alaska Native Villages defined in or established pursuant to the Alaska Native Claims Settlement Act… 43 U.S.C. 1602(c).**
>
> Afognak… **Woody Island**... Yakutat…"

53 FR 52829 (December 29, 1988) (emphasis added).

---

[2] "[A] tribe which has been recognized … may not be terminated except by an Act of Congress." P.L. 103-454, Title I, § 103, 25 U.S.C. 479(a) [Exhibit 4].

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 2

1198128v1

Five years later, in 1993, the updated Tribal Entities List again declared ANCSA Native Villages to be federally recognized tribes. "**Leisnoi village (aka Woody Island)**" was included as one of them:

> "In January 1993 the Solicitor of the Department of the Interior issued a comprehensive opinion analyzing the status of Alaska native villages as 'Indian tribes,' as that term is commonly used to refer to Indian entities in the continuous 48 states. The Solicitor analyzed the unique circumstances of Alaska Native villages… The Solicititor … observed the Congress's listing of specific villages in the **Alaska Native Claims Settlement Act** and the repeated inclusion of such **villages within the definition of 'tribe' over the 20 years since the passage of ANCSA arguably constituted a congressional determination that the villages found eligible for benefits under ANCSA, referred to as the 'modified ANCSA list,' are considered Indian tribes** for purposes of Federal law…
>
> The Bureau of Indian Affairs **has reviewed the 'modified ANCSA list' of villages… and found that the villages… listed below** have functioned as political entities exercising governmental authority and **are**, therefore, acknowledged to have 'the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their status as **Indian tribes** as well as the responsibilities and obligations of such tribes.'
>
> The purpose of the current publication is to publish an Alaska list of entities conforming to the intent of 25 CFR 83.6(b) and to eliminate any doubt as to the Department's intention by expressly and unequivocally acknowledging that **the Department has determined that the villages** and regional tribes listed below are distinctly Native communities and **have the same status as tribes in the contiguous 48 states**…
>
> … **Leisnoi Village (aka Woody Island)**..."

58 FR 54364 (October 21, 1993) (parenthetical text in original) (emphasis added).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 3

1198128v1

Fully cognizant that the Secretary of the Interior, per the Indian Self-Determination Act,[3] was equating ANCSA Native Village status with tribal status, and had thereby included Woody Island on the Tribal Entities List, Congress gave its imprimatur to that list in 1994, when it enacted the Federally Recognized Indian Tribe List Act, P.L. 103-454, 108 Stat. 4791, 25 USC 479a *et seq.* Congress declared that the term "Indian tribe" means "any …Alaska Native… village… that the Secretary of the Interior acknowledges to exist as an Indian tribe… The term 'list' means the list of recognized tribes published by the Secretary pursuant to section 104 of this title [25 U.S.C. § 479a-1]." Woody Island already being on the "list", Congress thereby ratified Woody Island's status as an Alaska Native Village.

Inclusion of Woody Island in the 1988 Tribal Entities List, 53 FR 52829, 52834 (December 29, 1998), and the 1993 list, 58 FR 54364, 54369 (October 21, 1993) was ratified by Congress in 1994 in the Federally Recognized Indian Tribe List Act of 1994, 25 U.S.C. section 479a. Congress was aware that in 1988 the Secretary had determined that an Alaskan entity that "meets the criteria" for being "an Alaska Native Village" as defined by ANCSA, would be given tribal recognition. 53 FR 52833 (December 29, 1988). Congress was aware that in 1993, the Secretary "determined that … villages … have the same status as tribes…" 58 FR 54364 (October 21, 1993). And Congress was aware that Woody Island was included on the Secretary's list based on having met that criteria.

If Congress were of the view that Woody Island did not meet the criteria for being an Alaska Native Village, such that the Secretary should not have recognized Woody Island as a

---

[3] The Indian Self-Determination Act defines the term "Indian tribe" as including "any Alaska Native village … as defined in or established pursuant to the Alaska Claims Settlement Act…" 25 U.S.C. § 450b(e).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 4

1198128v1

tribe, then Congress would have excluded Woody Island instead of declaring that the term "Indian tribe" means "<u>any</u> …Alaska Native… village… that the Secretary of the Interior acknowledges to exist as an Indian tribe." 25 U.S.C. § 479a(2). Congress could have made an exception for Woody Island's tribal status so as to preserve Stratman's right to challenge Woody Island's village status. Congress could have mandated that Woody Island's village status is in doubt such that its tribal status should not be ratified. But Congress made no exception for Woody Island; Congress made no effort to de-list it. Congress ratified the entire Tribal Entities List, including Woody Island, through enactment of the Federally Recognized Indian Tribe List Act of 1994. Only Congress has the power to de-list Woody Island; no federal court now has subject matter jurisdiction to do so.

Significantly, the Bureau of Indian Affairs agrees with Leisnoi that Alaska Native Villages as defined by ANCSA qualify as tribes, such that Congress ratified Woody Island's Alaska Native Village status by approving the Tribal Entities List which recognized the Alaska Native Village of Woody Island as a tribe. <u>See</u>, Bureau of Indian Affairs' January 30, 2000 Objections to Recommended Decision of Administrative Law Judge, attached hereto as Exhibit 5, quoting from *amicus* briefs the BIA has filed, stating that "villages … have the same governmental status as other federally acknowledged Indian tribes… [T]he Tribal Entities List was intended to identify and confirm the status of those Native villages… Congress expressly acknowledged the Tribal Entities List and, in effect, ratified it in the Federally Recognized Indian Tribe List Act of 1994, Pub. L. No. 103-454, 108 Sta. 4791 (25 U.S.C. 479a & note, 479a-1)… [The] status of … Native villages as sovereign Indian tribes is no longer open to question."

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 5

1198128v1

Omar Stratman failed timely to object to the inclusion of Woody Island in the Tribal Entities List. If he were of the view that Woody Island does not meet ANCSA Native Village eligibility requirements, such that it should not be given federal tribal recognition based on its status as an ANCSA Native Village, then he had the opportunity to lodge a timely objection with the Interior Board of Indian Appeals. But he filed nothing with that Board. He failed to act prudently. He failed to object when Woody Island was placed on the Tribal Entities List based upon its status as an Alaska Native Village. Any challenge with the Interior Board of Indian Appeals would have to have been filed by Stratman within 90 days after the December 29 1988 listing of Woody Island in the Tribal Entities List as published in the Federal Register. <u>See</u>, 25 CFR § 83.11. But Mr. Stratman missed the deadline. And it is too late for him to do so now. Congress has ratified the Tribal Entities List that contains the Native Village of Woody Island.

This Court lacks subject matter jurisdiction to un-ring the bell. Having failed timely and properly to object to the ratification of Woody Island's Alaska Native Village status through its listing as a federally recognized tribe in the December 29, 1988 and the October 21, 1993 Federal Register, Stratman is now precluded from trying to make an end-run around the 1994 Federally Recognized Indian Tribe List Act through the present case. FRITLA provides at 25 U.S.C. § 479a that a tribe which has been recognized "may not be terminated except by an Act of Congress." Neither the Secretary of the Interior nor the federal courts any longer have jurisdiction to declare that Woody Island does not meet the criteria for being tribe by virtue of its being an ANCSA Alaska Native Village.

Stratman's decertification quest is predicated upon the mistaken theory that Woody Island does not qualify as a Native Village. But Congress already found that because Woody

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 6

1198128v1

Island is an Alaska Native Village, it therefore qualifies as a tribe.. Stratman's mistaken theory is inconsistent not only with the express language used by the Secretary of the Interior when he published the 1988 list of tribes, *i.e.,* a tribe is an Alaska entity that meets the criteria for being an Alaska Native Village as "defined in or established pursuant to the Alaska Native Claims Settlement Act", 53 FR 52833 (December 29, 1988), but also with a multitude of federal statutes. These statutes include some of great importance to tribes, such as the Indian Self-Determination Act, 25 U.S.C. § 450b(b) (defining a tribe as "including any Alaska Native village … as defined in or established pursuant to the Alaska Native Claims Settlement Act…"), and the Indian Child Welfare Act, 25 U.S.C. section 1903 (defining a tribe as "including any Alaska Native village as defined in section 1602(c) of Title 43" [the definitional section of ANCSA]), as well as some of less significance, such as the Tribally Controlled Community College Act, 25 U.S.C. § 1801(a)(2), that defines a tribe as including an Alaska Native Village.

Adoption of Stratman's theory would create vast anomalies in the law. The following statutes, though not exhaustive, are other instances Leisnoi has identified where Alaska Native villages have been included in the statutory definition of "tribe":

| | |
|---|---|
| 16 U.S.C. § 470w | Assistance in the conservation of historic sites, buildings, objects, and antiquities |
| 20 U.S.C. § 4402 | Assistance in development of American Indian, Alaska Native and Native Hawaiian culture and art. |
| 25 U.S.C. § 1603 | Indian Health Care Amendments of 1980. |
| 29 U.S.C. § 1671 | Job Training Partnership, Federally Administered Programs. |
| 31 U.S.C. § 7501 | General Assistance Administration |
| 42 U.S.C. § 628 | HHS payments to Indian tribal organizations for child welfare services. |

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 7

1198128v1

| | |
|---|---|
| 42 U.S.C. § 1471 | USDA financial assistance for urban renewal. |
| 42 U.S.C. § 3002 | HHS programs for older Americans |
| 42 U.S.C. § 5061 | HHS programs for administration and coordination of domestic volunteer services. |
| 42 U.S.C. § 5302 | Assistance in providing public facilities under the Housing and Urban Development Act. |
| 42 U.S.C. § 8802 | Assistance in the development of biomass energy and alcohol fuels. |
| 42 U.S.C. § 9601 | Special programs and assistance relating to hazardous substance releases, liability and compensation. |
| 42 U.S.C.§ 10101 | Nuclear waste policy. |

Numerous federal statutes thus equate "tribe" with ANCSA Native Village status, as the Secretary of the Interior did in 1988 and 1993, consistent with a large body of federal statutory law. 53 FR 52829 (December 29 1988), 58 FR 54364 (October 21, 1993). Woody Island's status as an eligible Alaska Native Village was ratified when its inclusion in this Tribal Entities List was given the congressional imprimatur in 1994 through the enactment of the Federally Recognized Indian Tribe List Act. Congress approved of the Tribal Entities List the Secretary had compiled using this criteria of Alaska Native Villages defined by ANCSA as qualifying as federally recognized tribes. P.L. 103-454, 25 U.S.C. § 479a.[4] Neither this Honorable Court, nor Secretary of the Interior Dirk Kempthorne, has jurisdiction to make a contrary declaration

---

[4] Woody Island remains on the list to this day. See, 67 FR 46328 (July 12, 2002):

"Notice is hereby given of the current list of 562 tribal entities recognized … as Indian tribes…

Leisnoi Village (aka Woody Island)…"

67 FR 46328 (July 12, 2002) [Exhibit 4].

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 8

1198128v1

because FRITLA mandates that a "tribe which has been recognized … may not be terminated except by an Act of Congress." P.L. 103-454, Section 103(4); 25 U.S.C. 479a.

Alaska Native Villages, as defined by ANCSA, have been given federally-recognized tribal status under FRITLA. Woody Island has specifically been included on the Tribal Entities List published by the Secretary of the Interior and approved by the United States Congress. Its recognition and status as a tribe necessarily means that Congress has recognized it as an ANCSA Native Village. This Court lacks jurisdiction to change that.

In light of the FRITLA, only the United States Congress has the power to grant the relief sought by Omar Stratman. 25 U.S.C. 479(a). The proper venue for Stratman to challenge Woody Island's certification is thus in Congress, not in this Court. Upon information and belief, Stratman retained lobbyist Earl Comstock to lobby Congress, but Congress has taken no action to revoke or rescind Woody Island's status.

WHEREFORE, the Secretary of the Interior having determined that Alaska Native Villages as defined by ANCSA qualify as tribes, and that Woody Island meets that criteria; Stratman having failed to lodge a timely objection to Woody Island's inclusion on the Tribal Entities List; that list having been approved and adopted by the United States Congress in 1994; and Woody Island's status having thereby been congressionally ratified, Stratman's challenge in this Court is now MOOT, and only Congress now has jurisdiction to grant the relief sought by Stratman. Accordingly, this Court should DISMISS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 9

1198128v1

DATED this 23rd day of February, 2007.

                                    RESPECTFULLY SUBMITTED,

                                    /s/ John Richard Fitzgerald
                                    Alaska Bar No. 8711084
                                    Morrison Mahoney LLP
                                    250 Summer Street
                                    Boston, MA  02210-1181
                                    Phone (617) 737-8858
                                    Fax (617) 342-4848
                                    Email: jfitzgerald@morrisonmahoney.com
                                    Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 10

1198128v1

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2007, a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

<u>/s/ John Richard Fitzgerald</u>

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CV (JKS)
Memorandum in Support of 12(b)(1) Motion to Dismiss re: Mootness Resulting from FRITLA Ratification
Page 11

1198128v1