Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 N Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>        Plaintiff,<br><br>v.<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the Interior,<br><br>        Defendants,<br><br>_____<br><br>KONIAG, INC.,<br><br>        Counter-claimant,<br><br>v.<br><br>OMAR STRATMAN,<br><br>        Counter-claimed Defendant.<br>_____ | Case No.: 3:02-cv-0290 (JKS) |

## THIRD AMENDED COMPLAINT

COMES NOW Omar Stratman, by and through his attorneys of record, the Law Offices of Michael J. Schneider, P.C., and complains and alleges against Defendants, and each of them, as follows:

### Introduction

1. This action is an Administrative Procedures Act (APA) claim challenging the Department of Interior's decision to certify Leisnoi, Inc. as an eligible ANCSA Native Village, and constitutes a continuation of the proceedings in <u>Stratman v. Secretary of Interior, Leisnoi, Inc., and Koniag, Inc.</u>, Case No. A76-132 CV (JKS). As set forth below, that action culminated in an Order remanding the case to the Interior Board of Land Appeals (hereinafter "IBLA") to conduct additional agency proceedings to adjudicate Stratman's challenge and redetermine the issue of Leisnoi's eligibility. The remanded proceedings, which included a formal adjudicatory hearing in which it was determined that Leisnoi was <u>not</u> qualified for certification as an eligible Native Village, have now been completed. In accordance with the procedure specified by the District Court, this new action has been filed in order to bring Stratman's case back before the Court for final determination of his APA claim.

### General Allegations

2. Omar Stratman (hereinafter "Stratman") is a resident of the Kalsin Bay area of Kodiak Island, State of Alaska, within the District of Alaska.

3. Dirk Kempthorne is the current Secretary of the United States Department of Interior (hereinafter "the Department").

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

4. Leisnoi, Inc. (hereinafter Leisnoi ) is an Alaska Native Village Corporation formed as a consequence of the Department s certification of the alleged village of Woody Island as an eligible Native Village under Section 11(b)(3) of the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. § 1610(b)(3).

5. Koniag, Inc. (hereinafter Koniag ) is a Native Regional Corporation, formed under ANCSA for Native villages in the Kodiak archipelago, in which Leisnoi is a member.

6. This Court has jurisdiction, and venue is proper, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

7. The Court has the authority to review the Department s decision and to grant the relief requested herein, pursuant to 5 U.S.C. §§ 701-706 (Administrative Procedures Act), 28 U.S.C. § 2201 (declaratory relief), and 28 U.S.C. § 1651 (injunctive relief).

## The Proceedings in Stratman I

8. In 1973, Leisnoi filed an application with the Department for a determination of eligibility to receive ANCSA benefits as an unlisted Native Village pursuant to ANCSA Section 11(b)(3), 43 U.S.C. § 1610(b)(3). In accordance with the provisions in ANCSA and the Department s regulations, the Department conducted an investigation regarding Leisnoi s application and its qualifications for eligibility and subsequently issued a decision finding Leisnoi to be qualified for certification as an unlisted Native Village.  Notice of the Department s

decision was published in the Federal Register and several Alaska newspapers. Following the dismissal of three agency appeals that had been filed by other parties, the Department's decision became final on September 9, 1974. On the same date, the Department issued a Certificate of Eligibility, certifying Leisnoi as an eligible Native Village. The Department did not provide actual notice of its proceedings to Stratman, even though Stratman held record interests, as a federal grazing leaseholder, in some of the lands selected for patent to Leisnoi. Stratman did not receive actual notice of the pendency of the Department's proceedings and did not file a protest or participate in any administrative proceedings relating to Leisnoi's application.

9. As will appear below, Leisnoi's certification as an ANCSA village was wrongful and contrary to law. As a direct and proximate result of the certification, Leisnoi received land, money, and other benefits to which it was not entitled.

10. To the best of Mr. Stratman's knowledge and belief, Koniag received land, and/or money, and/or other benefits directly because of Leisnoi's wrongful certification.

11. In July 1976, Stratman (and other plaintiffs) filed an action in the United States District Court in the District of Alaska challenging the Department's decision to certify Leisnoi as an eligible Native Village. <u>Stratman vs. Secretary of Interior, Leisnoi, Inc., and Koniag, Inc.</u>, Case No. A76-132 CV (JKS) (hereinafter "Stratman I"). The complaint in <u>Stratman I</u> alleged that Leisnoi did not meet

ANCSA's requirements for certification as an eligible Native Village, that the Department had conducted an inadequate investigation regarding Leisnoi's application and its qualifications for eligibility, and had wrongfully certified Leisnoi as an eligible Native Village. The complaint sought to vacate Leisnoi's certification as an eligible Native Village. It also sought a judgment enjoining the Federal government from issuing any land patents to Leisnoi and declaring null and void any conveyances that might have already been made. A true and correct copy of the First Amended Complaint in Stratman I is attached hereto as Exhibit 1.

12. The litigation in Stratman I wound through a number of proceedings, including three appeals, a failed settlement and the subsequent reopening of the action, and, ultimately, an order remanding the case to IBLA for additional administrative proceedings to adjudicate Stratman's challenge and redetermine the issue of Leisnoi's eligibility. See orders at Docket 240, Docket 292 (p. 3), Docket 299, and Docket 309. A true and correct copy of the District Court's docket sheet in Stratman I is attached hereto as Exhibit 2.

13. On October 26, 1978, the District Court dismissed Stratman's action on the ground that Stratman (and the other plaintiffs) lacked standing, and had otherwise failed to exhaust their administrative remedies. The plaintiffs appealed to the Ninth Circuit, which issued a reported decision in Stratman v. Watt, 656 F.2d 1321 (1981). Among other things, the Ninth Circuit determined that

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

Stratman had standing to maintain the action as a recreational user of the lands that had been selected for patent to Leisnoi. Id. at 1324. The Court also determined that Stratman had the due process right to receive actual notice from the Department of the pendency of its proceedings regarding Leisnoi's application for eligibility, Id. at 1325, and that Stratman had thus been originally entitled to notice and an opportunity to participate in the administrative proceedings. Id. at 1326. After noting that Stratman was seeking a trial *de novo* in the District Court to determine the issue of Leisnoi's eligibility, Id. at 1323, the Ninth Circuit remanded, instructing the District Court to apply the principles of exhaustion and determine whether Stratman should be allowed to litigate [his challenge] in a judicial forum. Id. at 1326.

14. In 1982, following the Ninth Circuit's decision in Stratman v. Watt, the parties entered into a settlement and a stipulated dismissal. At the time of the settlement, Leisnoi and Koniag had merged into a single corporation. Under the terms of the settlement agreement, the merged Leisnoi/Koniag agreed to sell Stratman certain parcels of land surrounding his ranch from the lands Leisnoi had selected under ANCSA. The transaction was to take place within thirty days following Leisnoi/Koniag's receipt of the land patents. On November 21, 1985, the land patents were issued. Four days later, Leisnoi repudiated its obligations under the settlement agreement, alleging that it was not bound by the settlement agreement because its merger with Koniag had been declared *void ab initio*

pursuant to a shareholder's derivative action. Stratman brought action against Leisnoi and Koniag in Alaska state court for specific performance of the settlement agreement. After prevailing in the trial court, the Alaska Supreme Court ultimately determined that the settlement agreement was unenforceable against Leisnoi. <u>Leisnoi, Inc. v. Stratman</u>, 835 P.2d 1202 (Alaska 1992).

15. On March 5, 1993, Stratman filed a motion to vacate the judgment of dismissal in <u>Stratman I</u> and reopen the action. The District Court denied the motion, and Stratman appealed to the Ninth Circuit. In a memorandum decision issued on December 5, 1994, the Ninth Circuit reversed and remanded with instructions for the District Court to vacate the judgment of dismissal and reopen the action. A true and correct copy of the Ninth Circuit's decision is attached hereto as Exhibit 3. On April 5, 1995, the District Court entered an order reopening the action.

16. On May 11, 1995, the District Court issued a Scheduling Order (Docket 240) in which it identified five "threshold issues" to be briefed by the parties. The order stated that if the court did not resolve the action on one of the five threshold issues, it would remand the matter to the Interior Board of Land Appeals for a redetermination of Leisnoi's eligibility. Included in the threshold issues was whether Stratman's action was barred due to his failure to exhaust his administrative remedies, and whether Congress had legislatively ratified Leisnoi's status as an eligible Native Village in enacting the provisions in Section 1427 of the Alaska National Interest Lands Conservation Act (ANILCA). A true

and correct copy of the District Court's order is attached hereto as Exhibit 4.

17. On September 13, 1995, the District Court issued a decision ruling on the threshold issues (Docket 292). After disposing of the other threshold issues, the court ruled that Stratman's action was not barred for failure to exhaust his administrative remedies, based on the Department's failure to provide him with notice of his available administrative remedies. The Court ruled that the case should instead be remanded to IBLA for additional agency proceedings in order to adjudicate Stratman's challenge. The Court reasoned that this course would permit Stratman to exhaust his administrative remedies, and give the court the benefit of the agency's expertise in determining Stratman's claim for judicial relief. The Court ruled that the issue of whether Congress legislatively ratified Leisnoi's status as an eligible Native Village by enacting ANILCA Section 1427 should also be remanded to the Department for its initial determination. The decision concluded with an order remanding the case to the Department for consideration not inconsistent with the Court's decision. A true and correct copy of the District Court's decision is attached hereto as Exhibit 5.

18. On November 21, 1995, the District Court entered a subsequent order in which it denied two subsequent motions. The order concluded with a direction to the clerk to enter judgment remanding the case to the Interior Board of Land Appeals (IBLA), in accordance with the Court's order of September 13, 1995. On November 21, 1995, a formal judgment was entered remanding the case to

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

IBLA. True and correct copies of the District Court's order and judgment of remand are attached hereto as Exhibits 6 and 7. (Docket 309 and 310, respectively.)

19. On September 25, 1996, the District Court entered another order in which it denied Stratman's motion to preliminarily enjoin Leisnoi from logging the lands it had received under ANCSA pending the determination of Stratman's claim. In its order, the Court indicated that its judgment of remand had been intended to dismiss Stratman's action, rather than retaining jurisdiction, and that Stratman should bring his case back before the District Court for final determination, after the completion of the agency proceedings, by filing a new action. A true and correct copy of the District Court's order is attached hereto as Exhibit 8. (Docket 329.)

## The Remanded Agency Proceedings

20. On September 25, 1996, IBLA acknowledged receipt of the District Court's order, and docketed the matter as Case No. IBLA 96-152.

21. On November 17, 1997, IBLA referred the matter to the Hearings Division for the assignment of an ALJ to convene a hearing for the purpose of determining whether Woody Island meets the legal requirements for eligibility for certification as a Native village. The case was subsequently assigned to Administrative Law Judge Harvey C. Sweitzer.

22. Judge Sweitzer conducted a formal adjudicatory hearing which lasted two weeks,

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

from August 3, 1998 to August 14, 1998. The first week of the hearing was held in Anchorage, Alaska; the second week was held in Kodiak, Alaska. The hearing also included an on-site inspection of the site of the alleged village. Following the hearing, the parties were accorded the opportunity to file post-hearing briefs, including response and reply briefs.

23. On October 13, 1999, the ALJ issued a one-hundred page Recommended Decision in which he determined that Leisnoi did <u>not</u> satisfy ANCSA's requirements for eligibility as an unlisted Native Village. Among other things, the ALJ found: 1) that Leisnoi did not have 25 or more Native residents on April 1, 1970; 2) that Leisnoi did not have an identifiable physical location evidenced by occupancy consistent with the Natives' own cultural patterns and life-style; 3) that less than 13 of the Natives enrolled to Leisnoi used the alleged village during 1970 as a place where they actually lived for a period of time; and 4) that Leisnoi was not unoccupied in 1970 due to one or more acts of God or governmental authority occurring within the preceding ten years. A true and correct copy of the ALJ's Recommended Decision is attached hereto as Exhibit 9.

24. The parties were accorded the opportunity to file objections to the ALJ's Recommended Decision, and to brief any potentially dispositive legal issues, including the issue of whether Congress legislatively ratified Leisnoi's status as an eligible Native Village by enacting ANILCA Section 1427.

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

25. On October 29, 2002, IBLA issued a reported decision, in <u>Omar Stratman v. Leisnoi, Inc., Koniag, Inc. (Intervenor), Bureau of Indian Affairs (Intervenor)</u>, 157 IBLA 302. In its decision, the Board adopted the ALJ's recommended findings and conclusions, stating that "[w]e have reviewed the objections to Judge Schweitzer's recommended decision filed by the parties and we find no reason to alter his findings and conclusions with which we agree." 157 IBLA at 320. A true and correct copy of IBLA's decision is attached hereto as Exhibit 10.

26. IBLA also determined that Congress did not legislatively ratify Leisnoi's status as an eligible Native Village in ANILCA Section 1427. 157 IBLA at 312-315. IBLA further determined that Leisnoi's status had not been not ratified by Leisnoi's inclusion in the Department's Tribal Entities List, as had been argued by Leisnoi and the BIA. 157 IBLA at 315-319.

27. By letter dated December 27, 2002, Leisnoi asked then Secretary of the Interior Gale A. Norton to "exercise [her] authority pursuant to 43 CFR §§4.5[a][1] and 4.403" to review and reverse, on various grounds, IBLA's decision of October 29, 2002.

28. On or about December 20, 2006, Secretary Kempthorne issued a single sentence "Decision" adopting the reasoning of Deputy Solicitor Lawrence J. Jensen contained in a memorandum dated December 11, 2006. The Deputy Solicitor concluded that the Secretary's review of the 2002 IBLA decision was mandatory pursuant to 43 CFR §2651.2(a)(5); and that §1427 of ANILCA did

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

ratify the Department's 1974 eligibility determination regarding Leisnoi, thus mooting Mr. Stratman's APA challenge. Same is attached hereto as Exhibit 11. The decision and related documents were previously lodged with the Court at Document No. 96 on or about January 8, 2007.

## Claim for Relief

29. This action constitutes a continuation of the case and proceedings in <u>Stratman I</u>, and the pleadings, proceedings, and orders issued therein remain binding on the parties and the Court in this action, under the doctrine of the law of the case.

30. As a result of the Department's adjudication of Stratman's challenge and its redetermination of Leisnoi's eligibility in the remanded agency proceedings, IBLA's decision now constitutes the Department's new "final decision", and supersedes the Department's original decision regarding Leisnoi's eligibility, for purposes of determining Stratman's claim for judicial relief. As such, IBLA's decision is binding on the parties and the court, and is only subject to the limited standard of judicial review provided in the Administrative Procedure Act, 5 U.S.C. § 706.

31. Stratman is entitled to a judgment affirming IBLA's decision.

32. Stratman is entitled to a judgment enforcing IBLA's decision.

33. Stratman is entitled to a judgment setting aside the Department's certification of Leisnoi as an eligible Native Village based on its original determination of Leisnoi's eligibility.

*THIRD AMENDED COMPLAINT*
*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*

34. Stratman is entitled to a judgment restoring the United States title to the lands that were conveyed to Leisnoi under ANCSA, and recovering any other benefits that may have been conferred on Leisnoi or Koniag as a consequence of its certification as an eligible Native Village.

35. Stratman is entitled to an award of his costs and attorney's fees incurred in connection with this action, including the costs and fees he incurred in the proceedings in <u>Stratman I</u>, in the remanded agency proceedings, and in other collateral proceedings that were related to his case. Such award is authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412.

WHEREFORE, Stratman prays for relief as follows:

1. For a Judgment affirming IBLA's decision that Leisnoi did not satisfy ANCSA's requirements for certification as an eligible Native Village;

2. For a Judgment setting aside the Department's certification of Leisnoi as an eligible Native Village;

3. For a Judgment vacating any land patents issued to Leisnoi and/or Koniag as a result of Leisnoi's certification as an eligible Native Village;

4. For a Judgment awarding the United States of America, or the party entitled thereto, the value of any benefit received by Leisnoi and/or Koniag as a proximate result of Leisnoi's certification as an eligible Native Village;

5. For a Judgment imposing a constructive trust for the benefit of the United States on all assets acquired by Leisnoi and Koniag as a result of Leisnoi's certification

...

as an eligible Native Village;

6. For a Judgment awarding Stratman his costs and attorney s fees incurred in connection with this action, including his costs and fees incurred in the proceedings in <u>Stratman I</u>, in the remanded agency proceedings, and in other collateral proceedings that were related to his case.

7. For such other and further relief as the Court deems appropriate.

RESPECTFULLY submitted this 16th day of February, 2007.

s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 N Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that *OMAR STRATMAN S THIRD AMENDED COMPLAINT* was served electronically on the 16th day of February, 2007, on Bruce M. Landon, R. Collin Middleton, and John R. Fitzgerald.

s/Michael J. Schneider