EXHIBIT 1

IN REPLY REFER TO:



# United States Department of the Interior

ALASKA NATIVE CLAIMS APPEAL BOARD
P.O. BOX 2433
ANCHORAGE, ALASKA 99510

| | | |
|---|---|---|
| IN RE:  Appeal of Omar Stratman, et al | ) | |
| | ) | DECISION |
| from Bureau of Indian Affairs | ) | |
| Land Entitlement Decision of | ) | AND |
| January 19, 1977 | ) | |
| In the Matter of Leisnoi, Inc. | ) | ORDER OF DISMISSAL |
| | ) | |
| ANCAB # LS 77-4C | ) | |
| | ) | |

Appeal from the Decision of the Acting Area Director, Bureau of Indian Affairs, dated January 19, 1977, entitled "Finding of Entitlement Pursuant to Section 14(a) of the Alaska Native Claims Settlement Act," dismissed March 23, 1976.

1. Alaska Native Claims Settlement Act: Alaska Native Claims Appeal Board: Appeals: Standing

   Pursuant to regulations in 43 C.F.R. Part 4, Subpart J, §4.902, a party may bring an appeal before the Alaska Native Claims Appeal Board if it (1) "claims a property interest in land" that is (2) "affected by a determination from which an appeal to the Alaska Native Claims Appeal Board is allowed," or is an agency of the Federal Government, or in cases involving land selection is a Regional Corporation.

2. Alaska Native Claims Settlement Act: Alaska Native Claims Appeal Board: Appeals: Standing

   The mere assertion by an Appellant that he "frequently uses" land which might be conveyed to a Village Corporation under the Alaska Native Claims Settlement Act, is insufficient by itself to constitute a claim of "property interest in land affected by a determination appealable to the Alaska Native Claims Appeal Board" as is required by 43 C.F.R. Part 4, Subpart J, §4.902, to bring an appeal before this Board.

3. Alaska Native Claims Settlement Act: Generally: Village Entitlement

The determination that a Village Corporation is
eligible under §11 of ANCSA is a finding that such
village had at least a minimum Native population
of 25 on the 1970 census enumeration date and thus
entitles such village to at least the minimum
acreage allocation of 69,120 acres of land pursuant
to §14(a) of ANCSA.

4. Alaska Native Claims Settlement Act: Alaska Native
   Claims Appeal Board; Appeals: Standing

   An assertion by an Appellant that a Village Corpora-
   tion might alter its selection pattern if an appeal
   of an entitlement determination is successful, is
   insufficient to show that an Appellant's property
   interest in land is affected by a determination
   appealable to this Board as required by 43 C.F.R.
   Part 4, Subpart J, §4.902, when the Village Corpora-
   tion would be entitled to select the disputed land
   regardless of the outcome of an appeal from the
   entitlement determination.

APPEARANCES: Roger E. Henderson, Esq., Houston and Henderson, on behalf
of Appellants; Dan A. Hensley, Esq., Office of the Regional Solicitor, on
behalf of Bureau of Indian Affairs; James F. Vollintine, Esq., and Elizabeth
Johnston, Esq., on behalf of Bristol Bay Native Corp.; Edward Weinberg,
Esq., Duncan, Brown, Weinberg and Palmer, PC, on behalf of Koniag, Inc.,
and Leisnoi, Inc.; James D. Sourant, Esq., Sourant and Strandberg, and Carol
Johnson, Esq., Birch, Horton, Bittner & Monroe, on behalf of Calista Corp.

The Alaska Native Claims Appeal Board, pursuant to delegation of
authority in the Alaska Native Claims Settlement Act, 43 U.S.C. §1601-1624
(Supp. IV, 1974), as amended, 89 Stat. 1145 (1976), and the implementing
regulations in 43 C.F.R. Part 2650, as amended, 40 Fed. Reg. 14734 (April 7,
1976), and 43 C.F.R. Part 4, Subpart J, hereby makes the following findings,
conclusions and decision.

On March 3, 1977, Appellants filed the above-entitled appeal from the
Bureau of Indian Affairs Entitlement Decision of January 19, 1977, regarding
the entitlement of Leisnoi, Inc., a Native Village Corporation formed pur-
suant to ANCSA.

Pursuant to 43 C.F.R. Part 4, Subpart J, §4.903, Appellants have filed
a Statement of Facts for Standing and a Statement of Reasons.

Regulations in 43 C.F.R. Part 4, Subpart J, §4.902, set forth the
criteria for bringing an appeal before this Board.  This states as follows:

Who may appeal.

   Any party who claims a property interest in
land affected by a determination from which an
appeal to the Alaska Native Claims Appeal Board
is allowed, or an agency of the Federal Govern-
ment, may appeal as provided in this subpart.
However, a regional corporation shall have the
right of appeal in any case involving land
selections.

[1] This regulation requires that a party may bring an appeal before
this Board if it (1) "claims a property interest in land" that is (2)
"affected by a determination from which an appeal to the Alaska Native
Claims Appeal Board is allowed," or is an agency of the Federal Government,
or in cases involving land selection is a Regional Corporation.

   Appellee, Leisnoi, Inc., has moved this Board to dismiss Appellants
John Murray, Michael Devers, James Schauff, and Brian Shafford on the
grounds that these Appellants have not made a claim of property interest
as is required by 43 C.F.R. Part 4, Subpart J, §4.902.

   On April 26, 1977, these Appellants alleged that they have "an interest
in the lands affected by the selection of Leisnoi, Inc., in that they are
frequent users of the Federal lands, and their use will be prohibited or
severely restricted if patent to the lands selected by Leisnoi, Inc. is
granted."

   On June 17, 1977, pursuant to the Motion of Leisnoi, Inc., this Board
Ordered Appellants to show cause why this appeal should not be dismissed
for failure to allege with particularity the property interest they claim
as a basis for standing, and how such interest would be affected by a
determination of the acreage that Leisnoi, Inc., is entitled to select.
On July 14, 1977, a response was entered which related to the property
interests of Omar Stratman and Toni Burton.  Nothing was filed relating to
the interests of Appellants, Murray, Devers, Schauff, and Shafford.

   Appellants Murray, Devers, Schauff, and Shafford, have not asserted
that their use of any land selected by Leisnoi, Inc., is derived from any
license, contract, statute or any other law, or through the possession
of title or any other estate in the land.  They merely claim that they use
the land and that conveyance by the U.S. Government to Leisnoi, Inc.,
pursuant to the Alaska Native Claims Settlement Act, will affect their
right of use.

   [2] This Board finds that the mere assertion by Appellants that they
"frequently use" the land which may be conveyed to Leisnoi, Inc., is
insufficient by itself to constitute a claim of "property interest in land"
as is required by 43 C.F.R. Part 4, Subpart J, §4.902.  Based on this
finding, this Board concludes that Appellants Murray, Devers, Schauff,
and Shafford's assertion of "use" is insufficient to meet the requirements

-3-

necessary to bring an appeal before this Board and these Appellants are hereby dismissed from this appeal.

Appellants Omar Stratman and Toni Burton claim that they are holders of Federal grazing leases. They further allege that all or portions of the lands which were the subject of said lease were selected by the State of Alaska for patent to it pursuant to the Alaska Statehood Act and that if the State receives patent, Appellants will have automatic renewal rights of their lease pursuant to A.S. 38.05.075. Appellants claim that Leisnoi, Inc., has selected at least a portion of these lands pursuant to §11(a)(2) and §12(a) of ANCSA and that patent to Leisnoi will destroy the renewal rights of Appellants. By successfully appealing Leisnoi's entitlement they allege that they will be able to alter its selection pattern to the point that Leisnoi will not select the land underlying the grazing leases. It is their contention that these Federal grazing leases and possible right of renewal give them standing pursuant to 43 C.F.R. Part 4, Subpart J, §4.902.

Leisnoi, Inc., has moved this Board to dismiss this appeal on the ground that Appellants do not meet the requirements for bringing an appeal before the Board. They allege that even if Leisnoi, Inc., is only entitled to the minimum acreage to which an eligible village is entitled under §14(a), Leisnoi will retain the right to select 69,120 acres within its §11(a)(1) and 11(a)(2) withdrawal areas. Having selected less than this amount from this area, a reduction in Leisnoi's entitlement would not affect Leisnoi's right to select the land underlying Appellants' Federal grazing leases that lie within this area.

Leisnoi, Inc., has not contested that Stratman's and Burton's Federal grazing leases are a "property interest in land." Rather, Leisnoi, Inc., contends that such interest is not affected by the BIA Entitlement Decision and therefore Stratman and Burton do not meet the requirements necessary to bring an appeal before this Board.

The Board agrees with this contention.

Pursuant to §11(a)(1) of ANCSA the public lands in the township or townships in which a village is located and two concentric tiers of townships surrounding this township or townships were withdrawn for selection by an eligible Village Corporation. Any lands within this area described in §11(a)(1) that had been selected by or tentatively approved to the State of Alaska under the Statehood Act were also withdrawn for Native selection by §11(a)(2). Pursuant to §12(a), however, a corporation can not select more than 69,120 acres of this State selected or tentatively approved land. Part of the land underlying Stratman's and Burton's leases falls within the withdrawal area for Leisnoi, Inc., as described in §11(a)(1). Since the land underlying the leases within the area described by §11(a)(1) has also been selected by or tentatively approved to the State of Alaska, this land was withdrawn for selection by Leisnoi, Inc., pursuant to §11(a)(2).

Within its §11(a)(1) and 11(a)(2) withdrawal areas, Leisnoi, Inc., asserts that it has selected only 47,124 acres of land. The remaining selections of Leisnoi were apparently made in its §11(a)(3) deficiency withdrawal area and are not subject to dispute in this appeal. This is an area withdrawn by the Secretary in the event that the lands withdrawn by §11(a)(1) and 11(a)(2) are insufficient to permit a Village Corporation to select its acreage entitlement.

Leisnoi, Inc., has been found to be eligible as a village under §11 of ANCSA to receive land and monetary benefits under the Act. (Decision of Area Director, BIA, 39 Fed. Reg. 6627, Feb. 21, 1974; Final Order Dismissing Appeals and Certifying Village, ANCAB # VE 74-46, # VE 74-65, Approved by Secretary of the Interior Sept. 9, 1974.) This Board has held that a determination of eligibility is a finding that such village had at least a minimum Native population of 25 on the 1970 census enumeration date and is thus entitled to the minimum acreage allocation under §14(a) of ANCSA. (Appeal of Kodiak Aleutian Chapter, Alaska Conservation Society, In Re: Bells Flats Natives, Inc., ANCAB # LS 77-8, December 19, 1977.) The minimum acreage entitlement under §14(a) for an eligible village is 69,120 acres of land.

[3] Where a village has been found eligible under §11 of ANCSA to receive land and monetary benefits, this constitutes a finding that such village had at least a minimum Native population of 25 on the 1970 census enumeration date and is therefore entitled to a minimum of 69,120 acres.

Assuming for the sake of argument that in this entitlement appeal Appellants could succeed and reduce the acreage entitlement of Leisnoi, Inc., from the 115,200 acres presently set forth in the BIA Decision, Leisnoi, Inc., as an eligible village, would in any event be entitled to select a minimum of 69,120 acres of land. It is asserted without contradiction that Leisnoi has selected less than this minimum acreage entitlement in its §11(a)(1) and 11(a)(2) withdrawal areas, the area where Appellants' leases are located. Even if Stratman and Burton could successfully attack Leisnoi's entitlement, Leisnoi would still be entitled to select all of the acreage that it has asserted it has selected in its §11(a)(1) and 11(a)(2) withdrawal areas. Thus, a successful entitlement appeal by Stratman and Burton would not affect Leisnoi's right to select the land underlying Stratman's and Burton's Federal grazing leases. To this extent this entitlement appeal will not affect Stratman's and Burton's property interest.

Appellants assert, however, that in the event that they could succeed in reducing the entitlement of Leisnoi, Leisnoi might choose not to select the land underlying Appellants' leases. They allege that this would give them a right to renew their leases under A.S. 38.05.075, and that in this way their property interest is affected by the Entitlement Decision.

-5-

The land selections of Leisnoi are not under appeal in this case. Whether Leisnoi would in fact alter its selection pattern to exclude the land underlying Stratman's and Burton's leases would be up to the discretion of Leisnoi within the bounds of the land selection statutes and regulations. As pointed out above, regardless of the outcome of this entitlement appeal, Leisnoi would be entitled to select the land which lies within its §11(a)(1) and 11(a)(2) withdrawal areas and which underlies Stratman's and Burton's leases.

[4] An assertion by an Appellant that a Village Corporation might alter its selection pattern if an appeal of an entitlement determination is successful, is insufficient to show that an Appellant's property interest in land is affected by a determination appealable to this Board as required by 43 C.F.R. Part 4, Subpart J, §4.902, when the Village Corporation would be entitled to select the disputed land regardless of the outcome of an appeal from the entitlement determination.

Appellants Stratman and Burton having made a "claim of property interest in land" but having not shown that any determination of entitlement would in any way affect such property interest in land, lack the necessary standing to bring an appeal before this Board pursuant to 43 C.F.R. Part 4, Subpart J, §4.902, and therefore they are dismissed as Appellants in this appeal.

The Board having dismissed all Appellants from the appeal and there being no other reason for the continuance of the appeal, this Board hereby dismisses the above-designated appeal.

-6-

This represents a unanimous decision of the Board.

DATED this 24th day of March, 1978, at Anchorage, Alaska.

JUDITH M. BRADY
Chairman, Alaska Native Claims Appeal Board

ABIGAIL F. DUNNING, Board Member

LAWRENCE MATSON, Board Member

DISTRIBUTION:

Roger E. Henderson, Esq.
Houston & Henderson
805 W. 3rd Ave., Suite 200
Anchorage, Alaska 99501

Bristol Bay Native Corporation
Elizabeth Johnston, Esq.
P. O. Box 220
Anchorage, Alaska 99510

Calista Corporation
Carol Johnson, Esq.
Birch, Horton, Bittner & Monroe
733 W. 4th Avenue, Suite 206
Anchorage, Alaska 99501

Office of the Regional Solicitor
for Bureau of Indian Affairs
510 L Street, Suite 408
Anchorage, Alaska 99501

Edward Weinberg
Attorney for Koniag, Inc.
  and Leisnoi, Inc.
Duncan, Brown, Weinberg & Palmer, P.C.
1775 Pennsylvania Ave., NW, Suite 1200
Washington, D.C. 20006

courtesy copy:

State of Alaska, Department of Natural Resources, Division of Lands
Koniag, Inc.
F. Conger Fawcett, Esq., Graham & James
Calista Corporation
Leisnoi, Inc.
Department of Law, Office of the Attorney General