EXHIBIT 4

LEXSEE 85 IBLA 74

VILLAGE OF SOUTH NAKNEK

IBLA 84-596

Interior Board of Land Appeals

*85 IBLA 74; 1985 IBLA LEXIS 299*

February 11, 1985, Decided

**ACTION:**
[**1]

[*74] Appeal from decision of the Alaska State Office, Bureau of Land Management, dismissing protest against trade and manufacturing site application AA-3011 and rejecting in part townsite application A-041534 and village selection AA-6747-A.

Affirmed.

**HEADNOTES:**

1. Res Judicata -- Rules of Practice: Appeals: Generally

Where an appeal has previously been taken and a final Departmental decision announced, the doctrine of administrative finality bars consideration of a new appeal arising from a later proceeding involving the same claim and issues, absent compelling legal or equitable reasons for reconsideration.

**APPEARANCES:**

J. Jeffrey Mayhook, Esq., Anchorage, Alaska, for appellant.

**OPINIONBY:** ARNESS

OPINION BY ADMINISTRATIVE JUDGE ARNESS

The Village of South Naknek appeals from a decision dated March 21, 1984, by the Alaska State Office, Bureau of Land Management (BLM), which dismissed its protest against Carl A. Line's trade and manufacturing site (T&M) application AA-3011 and rejected its village selection AA-6747-A and townsite application A-041534 to the extent that the applications conflicted with Line's T&M application. The land in dispute is located in T. 17 S., R. 47 W., Seward Meridian, [**2] Alaska. The merits of T&M application AA-3011 were previously considered by this Board in *Carl A. Line, 40 IBLA 63 (1979)*. The Line determination was tantamount to partial rejection of appellant's townsite application, since the townsite survey also embraced the land in Line's T&M site. See *Carl A. Line, supra at 64*. In an order dated September 11, 1980, denying appellant's petition for reconsideration of *Carl A. Line, supra,* this Board explained the action taken as follows:

In *Carl A. Line, supra,* the Board held that the filing of a petition for appointment of a townsite trustee and survey of the townsite, coupled with execution of the survey, would not segregate the land from entry under the trade and manufacturing site law, *43 U.S.C. § 687a* and 687a-1 (1970), repealed by the Federal Land Policy and Management Act of 1976, 90 Stat. 2790. It was further held that there was no evidence of occupancy of the land as a townsite prior to settlement and occupancy as a trade and [*75] manufacturing site. The pertinent regulation, 43 CFR 2091.4 (formerly 43 CFR 2013.4), provides that land will be segregated from entry only where it has been settled and occupied [**3] as a townsite. Petitioner has offered nothing to show that the finding of lack of settlement and occupancy as a townsite was incor-

rect. Accordingly, the land was not segregated from entry at the time settlement and occupancy as a trade and manufacturing site commenced. [Emphasis in original.]

(Order Denying Petition for Reconsideration at 1). Appellant's statement of reasons filed with this appeal disputes the correctness of *Carl A. Line, supra,* and seeks to reargue the issues decided by that decision and subsequent order. The case history of this appeal is summarized by the March 21, 1984, BLM decision on appeal, beginning with the 1979 petition for reconsideration which resulted in this Board's order or September 11, 1980. The March 1984 BLM decision describes what happened to the Line application after it was returned to BLM by this Board:

On May 15, 1981, the village of South Naknek, on behalf of the residents of South Naknek, filed a protest on the subject T & M site in accordance with Sec. 1328.(a)(3)(C) of the Alaska National Interest Lands Conservation Act (ANILCA) P.L. 96-487, December 2, 1980, stating that the subject T & M site encompassed improvements claimed [**4] by the residents of South Naknek. The protest was acknowledged by this office on November 4, 1981. Based on the protest, the T & M site has been adjudicated under the requirements of the Act of May 14, 1898 (30 Stat. 413), as provided by Sec. 1328(a)(3) of ANILCA. On January 8, 1982, the village of South Naknek, on behalf of the residents of South Naknek, filed another protest on the subject T & M site. This second protest endeavored to dispute IBLA's decision in *Carl A. Line, 40 IBLA 63 (1979),* and was essentially another reconsideration petition. The South Naknek townsite case file A-041534 shows no evidence of settlement and occupancy preceding T & M site application AA-3011. The field report approved April 16, 1976, for the T & M site corroborates the applicant's evidence that his settlement and occupancy predates all other selections, allotments, or withdrawals. Therefore, townsite application A-041534 is hereby rejected in part * * *. On January 15, 1974, the village of South Naknek filed village selection application AA-6747-A, as amended, under the provisions of Sec. 12(a) of the Alaska Native Claims Settlement Act (ANCSA) of December 18, 1971 *(43 U.S.C. 1601)* [**5] for the subject lands. Section 14(g) of ANCSA states that all conveyances made pursuant to the Act shall be subject to valid existing rights; therefore, village selection application AA-6747-A is rejected as to the above-described land within [Line's T&M site].

(Decision at 3, 4).

Appellant now argues that, when deciding Carl A. Line, this Board overlooked two relevant Departmental regulations. It is also contended that the South Naknek townsite survey, having been completed prior to Line's entry, establishes the priority of appellant's claim over that made by Line. [*76] Appellant now also seeks a hearing to show that there was an occupancy by the village of the disputed tract prior to establishment of Line's T&M site, and asks that the application for the T&M site be denied.

[1] This appeal is an attempt to resurrect the identical issues which were considered by this Board in 1980 when it rendered its decision in *Carl A. Line, supra,* albeit in a somewhat altered setting. Appellant's appeal is now made in the context of an appeal from a protest of action taken by BLM following remand of *Carl A. Line, supra.* Appellant also attempts to frame its appeal as being [**6] from BLM's decision of March 22, 1984, which rejected appellant's townsite application and village selection claim to the same T&M site. However, the Board's adjudication of identical issues in Line became final in 1980 and no further right of appeal from that determination exists within the Department. When a final Departmental adjudication has been made, the doctrine of administrative finality, the administrative counterpart of res judicata, generally bars consideration of a new appeal arising from a later proceeding involving the same claim and issues. *Gabbs Exploration Co. v. Udall, 315 F.2d 37 (D.C. Cir.),* cert. denied, *375 U.S. 822 (1963); Ben Cohen, 21 IBLA 330 (1975).* Cf. *Hamlin v. Commissioner, 9 IBLA 16 (1981).*

Since appellant failed to submit evidence to show prior entry onto the T&M site by the village when it requested reconsideration of *Carl A. Line, supra,* and has again failed to offer to show facts which raise legal or equitable reasons why it should now be heard again on this matter, appellant may not, merely by changing the characterization of its claim, continue to argue the merits of the rejection of part of its townsite application [**7] 4 years after a final decision concerning that very issue. Whether the matter comes before this Board denominated as an appeal from a decision concerning the T&M site (the Line decision) or as a protest by appellant to subsequent BLM action excluding the T&M site from appellant's townsite or rejecting part of its village selection (this appeal) in compliance with the Line decision, the case is the same; appellant had the opportunity to make whatever showing it desired to make in 1980. Further appeal of this issue is now barred by the decision in Line, which has long since become final for the Department.

Accordingly, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 CFR 4.1, the decision appealed from is affirmed.

Franklin D. Arness
Administrative Judge

**CONCURBY:** FRAZIER; MULLEN

We concur: Gail M. Frazier, Administrative Judge
R. W. Mullen, Administrative Judge.