John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br><br>    Plaintiff, )<br><br>versus )<br>           )<br>LEISNOI, INC., KONIAG, INC., and )<br>DIRK KEMPTHORNE, Secretary of the )<br>INTERIOR, )<br>           )<br>    Defendants. )<br>           )<br>_____ ) | Case No. A02-0290 CV (JKS)<br><br>MEMORANDUM IN SUPPORT OF<br>LEISNOI, INC.'S RULE 12(b)(1)<br>MOTION TO DISMISS FOR LACK<br>OF SUBJECT MATTER JURISDICTION<br>RE: DOCTRINE OF ADMINISTRATIVE<br>FINALITY AND COLLATERAL<br>ESTOPPEL |

## I.    **INTRODUCTION**

One who seeks to bring administrative challenges under ANCSA must be careful not to

leave corpses of past cases rotting.  But that is just what Omar Stratman did with the fetid

remains of his failed administrative challenge that he unsuccessfully prosecuted against Leisnoi,

Inc. before the Alaska Native Claims Appeal Board back in 1978.  See, Exhibit 1, March 24,

1978 decision and order of dismissal in *Appeal of Omar Stratman*, ANCAB No. LS 77-4C.

Likewise, no appeal was taken from the August 28, 1974 final order dismissing the challenges to

the certification of the Native Village of Woody Island in *In re Woody Island,* ANCAB No.

VE74-46.  No appeals having been taken from these two ANCAB rulings, the doctrines of

administrative finality and collateral estoppel bar Omar Stratman from collaterally attacking

those rulings in this proceeding.  To satisfy Article III jurisdictional requirements, Stratman must

show that he has suffered an injury in fact, and that it is likely, as opposed to merely speculative,

that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 560-561 (1992).  Inasmuch as the doctrines of administrative finality and collateral estoppel

preclude his alleged injury from being redressed by a favorable decision in this case, the Court

lacks federal subject matter jurisdiction and must dismiss. [1]

## II.    THE DOCTRINES OF ADMINISTRATIVE FINALITY AND COLLATERAL ESTOPPEL COMPEL DISMISSAL OF STRATMAN'S LATEST CHALLENGE TO THE CERTIFICATION OF THE NATIVE VILLAGE OF WOODY ISLAND

The doctrines of administrative finality and collateral estoppel bar the Protestant from

pursuing his present challenge to the certification of the Native Village of Woody Island.

### 1.    Administrative Finality of the March 24, 1978 decision against Omar Stratman in *Appeal of Omar Stratman*, ANCAB No. LS 77-4C

Protestant Omar Stratman failed to appeal from the March 24, 1978 decision and order of

dismissal in *Appeal of Omar Stratman*, ANCAB No. LS 77-4C.  Having failed to seek further

review of that decision, Stratman cannot bring similar claims against Leisnoi in this case, or try

to re-litigate issues the ANCAB decided against him.

On March 3, 1977, Omar Stratman appealed to the Alaska Native Claims Appeal Board

from a Bureau of Indian Affairs Entitlement Decision of January 19, 1977.  The ANCAB

---

[1] The ANCAB ruled that Stratman lacks administrative standing to pursue his claims because even when he held the grazing lease, which subsequently expired December 31, 2001: "Appellants Stratman and Burton having made a 'claim of property interest in land' but having not shown that any determination of entitlement would in any way affect such property interest in land, lack the necessary standing to bring an appeal before this Board … and therefore they are dismissed as Appellants in this appeal." *In re: Appeal of Omar Stratman*, ANCAB # LS 77-4C at p. 6 (March 24, 1978).  In a separate motion, Leisnoi has addressed how Stratman still lacks administrative standing, particularly since he sold off the grazing lease, which has, at any rate, now expired, so he no longer has any property interest or cognizable interest of any nature that would be adversely affected by Woody Island's certification.  This motion demonstrates that, having failed to appeal from the ANCAB ruling against him, Stratman is bound by it.

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality and Collateral Estoppel
Page 2

1198087v1

rejected his appeal, holding that Leisnoi, Inc. is entitled to select a minimum of at least 69,120

acres. The ANCAB concluded that "Where a village has been found eligible under Section 11 of

ANCSA to receive land and monetary benefits, this constitutes a finding that such village had at

least a minimum Native population of 25 on the 1970 census enumeration date and is therefore

entitled to a minimum of 69,120 acres." *Appeal of Omar Stratman*, ANCAB No. LS 77-4C at p.

5.

Entitlement of a Native Village Corporation to select lands hinges upon this finding that

the Native Village is eligible for ANCSA benefits. If the Native Village of Woody Island had

been determined ineligible for benefits under the Alaska Native Claims Settlement Act, then

Leisnoi, Inc. would not have been held entitled to select and receive patents to the parcels it

chose. See, 43 USC §1611(a)(1) and 43 USC §1613(a). The ANCAB's holding that Leisnoi is

entitled to select at least 69,120 acres was predicated upon its finding that the Native Village of

Woody Island is "**eligible as a village under § 11 of ANCSA to receive land and monetary**

**benefits under the Act**" and that it "had at least a minimum Native population of twenty-five on

the 1970 census enumeration date and is thus entitled to the minimum acreage allocation under

Section 14(a) of ANCSA." *Appeal of Omar Stratman*, ANCAB No. LS 77-4C at p. 5. **But**

**Omar Stratman, for reasons known only unto him and his lawyer, chose not to appeal** from

this ruling, **so the doctrine of administrative finality precludes him from challenging the**

**eligibility of the Native Village of Woody Island** in this proceeding.

The doctrine of administrative finality bars reconsideration in subsequent or collateral

proceedings of earlier actions which were or could have been subject to direct review. *Keith*

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 3

1198087v1

*Rush d/b/a Rush's Lakeview Ranch*, 125 IBLA 346 (1993); *Village of South Naknek*, 85 IBLA 74 (February 11, 1985); *CCCo*, 127 IBLA 291 (October 7, 1993).  The ANCAB ruling could have been subjected to judicial review if Stratman had appealed therefrom, but he neglected to do so.

The doctrine of administrative finality is similar to its judicial counterpart of *res judicata*. *Keith Rush*, supra at p. 351.  "When a final Departmental adjudication has been made, the doctrine of administrative finality, the administrative counterpart of *res* judicata, generally bars consideration of a new appeal arising from a later proceeding involving the same claim and issues." *Village of South Naknek,* 85 IBLA 74 (February 11, 1985).

If the Court were to acquiesce to Stratman's demand herein that the Native Village of Woody Island be declared ineligible for benefits under the Alaska Native Claims Settlement Act, then that would mean that Leisnoi, Inc. is not entitled to select and obtain the remaining land the Department of the Interior has yet to convey of the acreage to which Leisnoi was found to be entitled.  Stratman would thereby have effectively overturned the ANCAB ruling without ever having appealed therefrom.[2]  This type of collateral attack, some twenty-nine years later, upon a ruling the Protestant failed to appeal, blatantly violates the doctrine of administrative finality.  The Court should not permit it.  Failure to appeal from an administrative decision "renders that decision **and the findings contained therein final** for the Department and precludes a party

---

[2] Congress declared in 43 U.S.C. § 1601 that the settlement should be "accomplished **rapidly, with certainty, in conformity with the real economic and social needs of Natives, without litigation…**"  This Court should not disregard that Congressional directive by permitting Stratman further to delay Leisnoi's receipt of land it was declared entitled to select and receive back in the 1977 administrative proceedings that Omar Stratman brought and lost. *Appeal of Omar Stratman,* ANCAB No. LS 77-4C (March 24, 1978).  The certainty of that administrative decision should be respected by this Court.  Giving Stratman a second bite at the apple decades later, letting him re-litigate issues already decided in favor of the small Native Village, would further deplete the assets of the Native Village corporation, depriving it of the means Congress had envisioned for it to meet the real economic and social needs of its Native shareholders.

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 4

1198087v1

from later challenging it..." *CCCo.,* 127 IBLA 291, 293-94 (1993). (Emphasis added.) Having

failed to appeal the ANCAB ruling that found Stratman lacks administrative standing and

declared Leisnoi, Inc. is entitled to select at least 69,120 acres, Stratman is barred by the doctrine

of administrative finality from challenging Woody Island's eligibility, the factual finding

underpinning *Appeal of Omar* Stratman, ANCAB No. LS 77-4C. He took no appeal after losing

before the ANCAB, so the doctrine of administrative finality applies.

If Mr. Stratman had wished to preserve his ability to challenge the finding of eligibility

that supported the ANCAB's land entitlement decision, or the ANCAB's conclusions that he

lacks administrative standing and that Leisnoi is entitled to select significant acreage in the

Kodiak area as part of the ANCSA settlement, then he could simply have appealed from the

March 24, 1978 ANCAB decision and order of dismissal in *In re Appeal of Omar Stratman*,

ANCAB # LS77-4C. He could easily have moved to consolidate a court challenge to that

decision with his 1976 court case then pending in the United States District Court for the District

of Alaska. All issues would have been before the Court, and Stratman could thereby readily

have preserved his ability to challenge both the eligibility of the Native Village of Woody Island

for benefits under ANCSA and its entitlement to select at least 69,00 acres of land.

But Stratman failed to follow the appropriate procedure. He failed to appeal from the

ANCAB decision and order of dismissal. He left the corpse to rot. This skeleton in his closet

haunts him now, and precludes him from obtaining relief in this case, twenty-nine years after the

well-deserved death of his administrative challenge.

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 5

1198087v1

Leisnoi, Inc. is entitled to have this Court honor the ANCAB's final decision in Leisnoi's favor from which Omar Stratman took no appeal. The Court should not force the corporation to re-litigate issues it already successfully litigated at great expense. The Court should not relieve Omar Stratman of the consequences of his failure to have appealed from the ANCAB ruling decided against him. Stratman should not be permitted, 29 years after the decision and order of dismissal, to try to challenge the factual underpinnings of the ANCAB ruling or to prevent Leisnoi from receiving the land the ANCAB declared it eligible to receive.

2.    **Collateral Estoppel Bars Stratman from Relitigating Woody Island's Eligibility for ANCSA Benefits**

Just as no appeal was taken from the March 24, 1978 decision and order of dismissal in *Appeal of Omar Stratman*, ANCAB No. LS 77-4C (Exhibit 1), so too, no appeal taken from the earlier August 28, 1974 final order certifying the Native Village of Woody Island as eligible for ANCSA benefits, dismissing the appeals of the Sierra Club, the Alaska Wildlife Federation and Sportsman's Council, Inc., and Philip R. Holdsworth, in *In re: Woody Island*, ANCAB No. VE 74-46 (Exhibit 2). This final, unappealed administrative decision in favor of the Native Village of Woody Island triggers application of the doctrine of collateral estoppel. The ANCAB found the arguments against Woody Island's eligibility to be without merit. See, Exhibit 2, (BIA Exhibit 1A at page 450). Leisnoi, Inc. is entitled to rely upon the decision in its favor by the Alaska Native Claims Appeal Board that Woody Island is eligible for ANCSA benefits, so as to collaterally estop Omar Stratman from re-litigating the same eligibility issue once again, some 32 years after the final decision was entered in favor of the Native Village of Woody Island.

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 6

1198087v1

The decision of the Alaska Native Claims Appeal Board that the Area Director should "**certify the Native Village of Woody Island as eligible for benefits under the Alaska Native Claims Settlement Act**" is not subject to relitigation at this late date when no appeal was taken from the final decision dismissing the challenges to the eligibility of the Native Village of Woody Island.  Although Stratman himself was not a named party to the first challenge to the eligibility of the Native Village of Woody Island, there was a sufficient commonality of interests between his and those asserted by the Sierra Club, the Alaska Wildlife Federation and Sportsman's Council, Inc., and Philip R. Holdsworth so as to give rise to application of the doctrine of collateral estoppel.

Both the earlier protestants and Omar Stratman had the same goal, to decertify the Native Village of Woody Island.  Both sets of protestants raised similar legal arguments that the village is ineligible for benefits.  Stratman is effectively "in privity" with the earlier protestants who worked vigorously to achieve the same objective Omar Stratman seeks: the decertification of the Native Village of Woody Island.  No appeal having been taken from the earlier administrative determination by the ANCAB that the Native Village of Woody Island is eligible for benefits, Stratman is collaterally estopped from relitigating herein that issue already decided in favor of the Native Village of Woody Island.

The Department of the Interior, Bureau of Indian Affairs considered the arguments against Woody Island's eligibility, and rejected them.  <u>See</u>, Exhibit 2, Final Decision Concerning the Eligibility of Woody Island as a Native Village for Purposes of ANCSA, (BIA Exhibit 1A) at pp. 121-118.  Likewise, these ineligible-for-ANCSA-benefits arguments were considered and

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 7

1198087v1

rejected by the Alaska Native Claims Appeal Board.  See, Exhibit 2, Final Order Dismissing the Appeals of the Sierra Club, the Alaska Wildlife Federation and Sportsman's Council, Inc., and Philip R. Holdsworth, (BIA Exhibit 1A at pp. 451-450).

The Alaska Native Claims Appeal Board, in its final order dismissing the appeals of the Sierra Club, the Alaska Wildlife Federation and Sportsman's Council, Inc., and Philip R. Holdsworth, (Exhibit 2, BIA Exhibit 1A at pp. 451-450), directed the Area Director "**to certify the Native Village of Woody Island as eligible for benefits under the Alaska Native Claims Settlement Act**, and to publish the information contained herein in the federal register."  See, Exhibit 2, BIA Exhibit 1A at p. 450 (emphasis added).

Leisnoi, Inc. is entitled to have this Court respect the village eligibility decision made by the Alaska Native Claims Appeal Board, and to collaterally estop Omar Stratman from relitigating the eligibility issue herein.  The doctrine of issue preclusion prevents re-litigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding.  *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).  The eligibility issue was actually litigated and necessarily decided, after a full and fair opportunity by the protestants to have their claims and arguments against certification heard by the Alaska Native Claims Appeal Board.

Although Omar Stratman was not a party to the above-described protest to the eligibility of the Native Village of Woody Island, his interests are the same as those of other protestants who sought to prevent public lands from being transferred to a Native Village.  The other

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality and Collateral Estoppel
Page 8

1198087v1

protestants, like Omar Stratman, contend that Native Village did not qualify for benefits under the Alaska Native Claims Settlement Act.

A person who is technically not a party to a prior action may be bound by the prior decision if that person's interests are so similar to a party's that that party was his virtual representative in the prior action. *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996). Plaintiff Johanna Trevino, was the daughter of a man killed by the Los Angeles Police Department. She brought suit alleging violation of her civil rights. *Trevino*, 99 F.3d at 915-916. Trevino's grandmother had already filed suit for violation of civil rights, and that case had been reduced to a final judgment. The daughter, in her suit, sought to relitigate the issue of punitive damages that had already been decided in her grandmother's case. The Ninth Circuit Court of Appeals held that although Trevino was not a party to the *Gomez* litigation brought by her grandmother, her interests were so sufficiently similar to those of her grandmother to justify application of collateral estoppel. 99 F.3d at 924. Thus, although Trevino was not a party to the suit brought by Gomez, issues decided in *Gomez* would not be relitigated in *Trevino*. The doctrine of collateral estoppel prevented Trevino from relitigating issues that had been decided in the prior suit to which she was not a party. So too, collateral estoppel prevents Omar Stratman from re-litigating issues that had been decided in the earlier administrative challenge to Woody Island's eligibility, even though he was not a party to that administrative case.

Collateral estoppel was also utilized to block re-litigation of issues decided in a prior suit to which a plaintiff had not been a party in *Shaw v. Hahn*, 56 F.3d 1128 (9th Cir. 1995). Gina Shaw was an African-American woman who challenged her removal from a venire jury panel on

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality and Collateral Estoppel
Page 9

1198087v1

the basis of her race.  She brought suit objecting to the peremptory challenge that had been lodged against her, and claimed that her equal protection rights under the United States Constitution had been violated when she was excluded from the jury panel deciding a Section 1983 claim in a case called *Tapia v. Gates*.  The plaintiffs who had been asserting a Section 1983 claim in *Tapia* had already objected to the use of the peremptory challenge on the grounds that it had allegedly been made on the basis of race.  The federal judge in *Tapia* considered the issue and held that the peremptory challenge had not been impermissibly made on the basis of race.

Thereafter, when Gina Shaw brought her claim in a separate litigation, an issue arose as to whether Ms. Shaw would be collaterally estopped from relitigating this issue that had already been decided in the *Tapia* litigation to which she was not a party.  The court ruled "that the identity of interests between Shaw and the *Tapia* plaintiffs, and the adequacy of the *Tapia* plaintiffs' representation of her equal protection interests were such that they were in privity."  *Shaw v. Hahn*, 56 F.3d at 1131.  The court noted that privity exists where there is a substantial identity between parties, where there is a sufficient commonality of interests, or where parties are so closely aligned in interests that one is the virtual representative of the other.  *Shaw*, 56 F.3d at 1131.  Although Gina Shaw had not been a party to the *Tapia* litigation, she was nonetheless collaterally estopped from relitigating the issue of whether the peremptory challenge had impermissibly been based on race.  *Shaw*, 56 F.3d at 1132.  The Court ruled that the federal judge's prior determination "binds her just as it did the *Tapia* plaintiffs."  56 F.3d at 1132.

Just as the plaintiffs in *Shaw v. Hahn* and *Trevino v. Gates* were collaterally estopped from relitigating issues that had already been decided in litigations to which they were not a

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 10

1198087v1

party, but had commonality of interests or privity, so too, Omar Stratman is precluded from relitigating issues already decided in prior challenges to the certification of the Native Village of Woody Island.  Although Omar Stratman was not personally a party to the earlier administrative challenge to the certification of the Native Village of Woody Island brought by Holdsworth and the Alaska Wildlife and Sportsman's Council, Inc., he had a commonality of interests with those protestants, such that he can be deemed to have been in privity with them.  Both the earlier protestants and the protestant in the instant case had the same objective:  to block the certification of the Native Village of Woody Island and to prevent land from being conveyed to the Native Village Corporation.  Both sets of protestants raised arguments against Woody Island's eligibility.  Leisnoi, Inc. has already successfully litigated the village eligibility issue raised by the earlier protestants, and the ruling in its favor collaterally estops Stratman from relitigating Woody Island's eligibility herein.  The fact that Omar Stratman was not a party to the previous challenge does not block application of the doctrine of collateral estoppel, since Stratman was in privity with the earlier protestants with whom he was "closely aligned in interests" and with whom "there is sufficient commonality of interests."  See, *Shaw v. Hahn*, 56 F.3d at 1131.

## III.    THE COURT LACKS SUBJECT MATTER JURISDICTION

        Stratman and his cronies should not have left litigation corpses to rot.  If Stratman wished to preserve whatever right he may have had to challenge Woody Island's eligibility, then appeals should have been taken from the two ANCAB rulings in favor of Leisnoi, namely, *In re Woody Island,* ANCAB No. VE74-46 (August 28, 1974) and *Appeal of Omar Stratman*, ANCAB No. LS 77-4C (March 24, 1978).  Administrative finality and collateral estoppel bar relitigation

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality and Collateral Estoppel
Page 11

1198087v1

herein of matters decided in Leisnoi's favor in those cases, namely, Woody Island's eligibility as a Native Village, and Leisnoi, Inc.'s entitlement to at least 69,120 acres of land.

To satisfy Article III jurisdictional requirements, Stratman must show that he has suffered an injury in fact, and that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Inasmuch as the doctrines of administrative finality and collateral estoppel prevent his alleged injury from being redressed by a favorable decision in this case, the court lacks federal subject matter jurisdiction and must dismiss.

WHEREFORE, by virtue of the doctrines of administrative finality and collateral estoppel, the Court lacks subject matter jurisdiction to adjudicate Stratman's latest claims, and must therefore DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1).

DATED this 26th day of February, 2007.

RESPECTFULLY SUBMITTED,


/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality and Collateral Estoppel
Page 12

1198087v1

**EXHIBITS TO LEISNOI, INC.'S RULE 12(b)(1)
MOTION TO DISMISS FOR LACK OF FEDERAL
SUBJECT MATTER JURISDICTION RE:
DOCTRINES OF ADMINISTRATIVE FINALITY
AND COLLATERAL ESTOPPEL**

1.    *Appeal of Omar Stratman*, ANCAB No. LS 77-4C (March 24, 1978).

2.    *In re Woody Island*, ANCAB No. VE74-46 (August 28, 1974).

3.    *Keith Rush d/b/a Rush's Lakeview Ranch Kevin Rush*, 125 IBLA 346 (March 29, 1993).

4.    *Village of South Naknek*, 85 IBLA 74 (February 11, 1985).

5.    *CCCo.,* 127 IBLA 291 (October 7, 1993).

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2007, a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. 02-0290
Leisnoi, Inc.'s Memorandum in Support of 12(b)(1) Motion to Dismiss re: Administrative Finality
and Collateral Estoppel
Page 13

1198087v1