

Bureau of Land Management
Alaska State Office
Division of Support Services

BLM-AK-AE-00-026-2000-973

# Public Land Laws of Alaska



EXHIBIT 2
Page 1 of 12 Pages

(h) In the event that Eklutna, Incorporated, receives a conveyance from the United States of the surface estate in lands withdrawn by subsection (b) pursuant to the agreement authorized in that subsection, and if a reconveyance from Eklutna, Incorporated, of the surface estate in land to the State from those subject to section 907 of this Act is thereby occasioned, a conveyance of the subsurface estate in the lands conveyed to Eklutna, Incorporated, shall be withheld until the Secretary ascertains to whom the subsurface estate is to be conveyed under this subsection. The entity owning the subsurface estate in those reconveyed lands shall retain that interest, unless it in the agreement or separately consents to convey the same to the State. In the event such entity so consents to convey the subsurface to the State, the Secretary shall convey the subsurface estate in the lands conveyed to Eklutna, Incorporated, to that entity; if such entity does not so consent, the subsurface estate in the lands conveyed to Eklutna, Incorporated, shall be conveyed to the State.

*Ante*, p. 3444.

EKLUTNA-STATE ANCHORAGE AGREEMENT

Claims and litigation, settlement.

SEC. 1426. (a) The purpose of this section is to provide for the settlement of certain claims and litigation, and in so doing to implement section 14 of the Settlement Act under the unique circumstances of the Native Village of Eklutna, with respect to the municipality of Anchorage.

(b) The terms, conditions, procedures, covenants, reservations, and other restrictions set forth in the document entitled "Agreement of Compromise and Settlement" submitted to the Senate Committee on Energy and Natural Resources and the House Committee on Interior and Insular Affairs, executed by Eklutna, Incorporated, and the municipality of Anchorage, acting by its mayor, and to be executed by the State of Alaska, acting by the commissioner of the department of community and regional affairs, are hereby ratified as to the rights, duties, and obligations of the State of Alaska, the municipality of Anchorage, and Eklutna, Incorporated, which arise among them under section 14(c) (2) and (3) of the Settlement Act, and Eklutna, Incorporated, is discharged accordingly from section 14(c)(3) thereof as to all lands heretofore selected by it.

(c) If, for any reason, the foregoing agreement is not executed by the State of Alaska this section shall be of no force and effect.

KONIAG VILLAGE AND REGIONAL CORPORATION LANDS

Definitions.

SEC. 1427. (a) As used in this section, the term—

(1) "Afognak Island" means Afognak Island, and Bear, Teck, Hogg, and Murphy Islands, above the line of mean high tide within the exterior boundaries of the Chugach National Forest. Murphy Island is that unnamed island shown on USGS Topographical Map, Scale 1:63360 entitled "Afognak B-2, 1952, Rev. 1967", lying in Seward Meridian, Alaska, Township 21 south, Range 19 west, that shares the common corner of sections 27, 28, 33, and 34.

43 USC 1613.

(2) "Deficiency village acreage on the Alaska Peninsula" means the aggregate number of acres of public land to which "Koniag deficiency Village Corporations" are entitled, under section 14(a) of the Alaska Native Claims Settlement Act, to a conveyance of the surface estate on account of deficiencies in available lands on Kodiak Island, and to which Koniag, Incorporated is entitled under section 14(f) of that Act to conveyance of the subsurface estate.

EXHIBIT 2
Page 2 of 12 Pages

(3) "12(b) acreage on the Alaska Peninsula" means the aggregate number of acres of public lands to which "Koniag 12(b) Village Corporations" are entitled under section 14(a) of the Alaska Native Claims Settlement Act by reason of section 12(b) of that Act, to conveyance of the surface estate and to which Koniag, Incorporated, under section 14(f) of that Act, is entitled to conveyance of the subsurface estate, less the aggregate acreage of 12(b) lands on Kodiak Island as to which Koniag 12(b) Village Corporations will receive conveyances, the latter being estimated to be approximately fifteen thousand acres.

43 USC 1613, 1611.

(4) "Koniag deficiency village corporation" means any or all of the following:

Afognak Native Corporation;
Nu-Nachk-Pit, Incorporated;
Ouzinkie Native Corporation; and
Leisnoi, Incorporated.

(5) "Koniag 12(b) Village Corporation" means the village corporations listed in subparagraph (4) above, if within sixty days of the effective date of this Act, Koniag, Incorporated, by a resolution duly adopted by its Board of Directors, designates them as such as a class, and all of the following: Natives of Akhiok, Incorporated, Old Harbor Native Corporation, Kaguyak, Inc., Karluk Native Corporation and each of the corporations listed in subsection (e)(2) of this section which files a release as provided for in subsection (e)(1) of this section.

(6) "Koniag region" means the geographic area of Koniag, Incorporated, under the Alaska Native Claims Settlement Act.

43 USC 1601 note.

(7) "Koniag village" means a Native village under the Alaska Native Claims Settlement Act which is within the Koniag region.

(8) "Koniag Village Corporation" means a corporation formed under section 8 of the Alaska Native Claims Settlement Act to represent the Natives of a Koniag village and any Village Corporation listed in subsection (e)(2) of this section which has filed a release as provided in subsection (e)(1) of this section.

43 USC 1607.

(9) "Koniag 14(h)(8) lands on the Alaska Peninsula" means the aggregate number of acres of public lands to which Koniag, Incorporated Regional Native Corporation is entitled under section 14(h)(8) of the Alaska Native Claims Settlement Act, less the acreage of lands withdrawn for conveyance to that corporation by Public Land Order Numbered 5627 (42 F.R. 63170) and conveyed to that corporation.

43 USC 1613.

(10) Any term defined in subsection 3(e) of the Alaska Native Claims Settlement Act has the meaning therein defined.

43 USC 1602.

(11) "Alaska Peninsula" means the Alaska Peninsula and all islands adjacent thereto which are withdrawn pursuant to section 11(a)(3) of the Alaska Native Claims Settlement Act for Koniag Village Corporations and Koniag, Incorporated, including but not limited to Sutwik, Hartman, Terrace, Nakchamik, and West and East Channel Islands, except those islands selected by Koniag, Inc. pursuant to section 15 of Public Law 94-204.

43 USC 1610.

43 USC 1611 notes.

Land conveyances.

(b)(1) In full satisfaction of (A) the right of Koniag, Incorporated, Regional Native Corporation to conveyance of Koniag 14(h)(8) lands on the Alaska Peninsula under the Alaska Native Claims Settlement Act; (B) the right of each Koniag Deficiency Village Corporation to conveyance under that Act of the surface estate of deficiency village acreage on the Alaska Peninsula; (C) the right of each Koniag 12(b) Village Corporation to conveyance under the Alaska Native Claims Settlement Act of surface estate of 12(b) acreage on the Alaska Peninsula; (D) the right of Koniag, Incorporated under the Alaska Native Claims Settlement Act to conveyances of the subsurface estate

43 USC 1601 note.

EXHIBIT 2

Page 3 of 12 Pages

of the deficiency village acreage on the Alaska Peninsula and of the 12(b) acreage on the Alaska Peninsula; and (E) the right of Koniag, Incorporated, to receive the minerals in the subsurface estates that, under subsection (g)(3) of this section and sections 12(a)(1) and 14(f) of the Alaska Native Claims Settlement Act, it will be conveyed on the Alaska Peninsula, other than oil and gas and sand and gravel that it will be conveyed as provided in subsection (l) of this section; and in lieu of conveyances thereof otherwise, the Secretary of the Interior shall, under the terms and conditions set forth in this section, convey as provided in subsection (c) of this section the surface estate of all of the public lands on Afognak Island except those lands referred to in subparagraphs 2 (A), (B), (C), and (D) of this subsection, and simultaneously therewith, the Secretary shall, under the terms and conditions set forth in this section, convey the subsurface estate of such lands to Koniag, Incorporated.

43 USC 1611, 1613.

(2) There are excepted from the conveyances provided for in subparagraph (1) of this subsection:

(A) Selections of the State of Alaska on Afognak Island heretofore made under section 6(a) of the Alaska Statehood Act and described as follows:

48 USC notes prec. 21.

Seward Meridian, Alaska

Parcel I

Township 22 south, range 17 west, section 30, 31 fractional all southwest quarter;

Township 22 south, range 18 west, section 36, southeast quarter;

Township 23 south, range 17 west, sections 6, northeast quarter, 7, west half; 18, west half; 19, west half and southeast quarter; 20, southwest quarter; 29, west half, 30 all; and

Township 23 south, range 18 west, section 1, east half; 12, east half; 13 all; 24 all; 25 all.

Parcel II

Township 22 south, range 17 west, section 30, all; 31 all;

Township 22 south, range 17 west, section 6, northeast quarter;

(B) Surface estate of lands on Afognak Island to which Afognak Native Corporation, Ouzinkie Native Corporation and Natives of Kodiak, Incorporated are entitled pursuant to the Alaska Native Claims Settlement Act and the subsurface estate of such lands;

(C) The lands on Afognak Island referred to in subsection (d) of this section if conveyed as therein provided; and

(D) The following described lands:

Seward Meridian, Alaska

Beginning at the point for the meander corner of sections 7 and 18, township 22 south, range 21 west, Seward meridian at the line of mean high tide on the easterly shore of Foul Bay, southeasterly of Ban Island;

thence easterly, between sections 7 and 18, 8 and 17, 9 and 16, approximately 2¼ miles to the corner of sections 9, 10, 15, and 16, township 22 south, range 21 west, Seward meridian;

thence northerly, between sections 9 and 10, approximately 1 mile to the corner of sections 3, 4, 9 and 10, township 22 south, range 21 west, Seward meridian;

thence easterly, between sections 3 and 10, 2 and 11, approximately 2 miles to the corner of sections 1, 2, 11 and 12, township 22 south, range 21 west, Seward meridian;

thence northerly, between sections 1 and 2, approximately one-half mile to the one-quarter section corner of sections 1 and 2, township 22 south, range 21 west, Seward meridian;

thence easterly, on the east-west centerline of section 1, approximately one-half mile to the center one-quarter section corner of section 1, township 22 south, range 21 west, Seward meridian;

thence northerly, on the north-south centerlines of sections 1 and 36, approximately 1 mile to the center one-quarter section corner of section 36, township 21 south, range 21 west, Seward meridian;

thence easterly, on the east-west centerline of section 36, approximately one-half mile to the one-quarter section corner of sections 31 and 36, township 21 south, ranges 20 and 21 west, Seward meridian;

thence northerly, between ranges 20 and 21 west, approximately 2½ miles to the corner of sections 13, 18, 19, and 24, township 21 south, ranges 20 and 21 west, Seward meridian;

thence easterly, between sections 18 and 19, 17 and 20, approximately 1½ miles to the one-quarter section corner of sections 17 and 20, township 21 south, range 20 west, Seward meridian;

thence northerly, on the north-south centerline of section 17, approximately one-half mile to the center one-quarter section corner of section 17, township 21 south, range 20 west, Seward meridian;

thence easterly, on the east-west centerline of section 17, approximately one-half mile to the one-quarter section corner of sections 16 and 17, township 21 south, range 20 west, Seward meridian;

thence northerly, between sections 16 and 17, approximately one-half mile to the corner of sections 8, 9, 16, and 17, township 21 south, range 20 west, Seward meridian;

thence easterly, between sections 9 and 16, approximately one-half mile to the one-quarter section corner of sections 9 and 16, township 21 south, range 20 west, Seward meridian;

thence northerly, on the north-south centerlines of sections 4 and 9, approximately 2 miles to the closing subdivision corner of section 4, township 21 south, range 20 west, Seward meridian;

thence westerly, on the fifth standard parallel south, approximately 2½ miles to the standard corner of sections 31 and 32, township 20 south, range 20 west, Seward meridian;

thence northerly, between sections 31 and 32, approximately 1 mile to the corner of sections 29, 30, 31, and 32, township 20 south, range 20 west, Seward meridian;

thence westerly, between sections 30 and 31, approximately one-half mile to the one-quarter section corner of sections 30 and 31, township 20 south, range 20 west, Seward meridian;

thence northerly, on the north-south centerline of section 30, approximately one-half mile to the center one-quarter section corner of section 30, township 20 south, range 20 west, Seward meridian;

    thence westerly, on the east-west centerline of section 30, approximately one-half mile to the one-quarter section corner of sections 25 and 30, township 20 south, ranges 20 and 21 west, Seward meridian;

thence southerly, between ranges 20 and 21 west, approximately one-half mile to the corner of sections 25, 30, 31, and 36, township 20 south, ranges 20 and 21 west, Seward meridian;

thence westerly, between sections 25 and 36, approximately 1 mile to the corner of sections 25, 26, 35, and 36, township 20 south, range 21 west, Seward meridian;

thence northerly, between sections 25 and 26, approximately one-half mile to the point for the meander corner of sections 25 and 26, township 20 south, range 21 west, Seward meridian, at the line of mean high tide of the southerly arm of Bluefox Bay;

thence westerly, northerly, southerly and easterly along the line of mean high tide of Afognak Island to the point for the intersection of the north-south centerline of section 29, township 20 south, range 21 west, Seward meridian on the northerly shore of Devil Inlet;

thence southerly, on the north-south centerline of section 29, township 20 south, range 21 west, Seward meridian, across Devil Inlet, to the line of mean high tide on the southerly shore of Devil Inlet; and

thence westerly, northerly, southerly and easterly along the line of mean high tide of Afognak Island to the point of beginning.

43 USC 1610.

(3) All public lands on the Alaska Peninsula withdrawn pursuant to section 11(a)(3) of the Alaska Native Claims Settlement Act for Koniag Village Corporations and for Koniag, Incorporated and all lands conveyed to such corporations subject to reconveyance to the United States upon enactment of this section; are hereby withdrawn, subject to valid existing rights and Native selection rights under that Act as modified by this Act, from all forms of appropriation under the public land laws, including the mining and mineral leasing laws, and from selection under the Alaska Statehood Act and shall remain so withdrawn subject to the provisions of section 1203 of this Act. Following the filing with the Secretary of the Interior of (A) all resolutions pursuant to subparagraph (4) of this subsection, (B) the joint venture agreement referred to in subsection (c) of this section, (C) releases by such of the Koniag Village Corporations referred to in subsection (e)(2) of this section as file releases as provided in subsection (e)(1) of this section, and (D) all reconveyances of lands and interests in lands to the United States required by agreements with the Secretary of the Interior upon enactment of this section; and upon the conveyances by the Secretary of the Interior of all public lands on Afognak Island to be conveyed as provided in subsection (c) of this section, all Native selection rights in and to public lands on the Alaska Peninsula withdrawn under section 11(a)(3) of the Alaska Native Claims Settlement Act for Koniag Village Corporations and for Koniag, Incorporated, shall, except as provided in subsection (g) of this section, be extinguished and all claims thereto arising under this Act or the Alaska Native Claims Settlement Act shall be barred, and such public lands (except as provided in subsection (g) of this section) shall be included within the Alaska Peninsula National Wildlife Refuge and administered accordingly.

48 USC note prec. 21.
*Ante*, p. 2470.
43 USC 1610.
43 USC 1601 note.

(4) As a condition precedent to the conveyances provided for by subparagraph (1) of this subsection, Koniag, Incorporated, each Koniag Deficiency Village Corporation and each Koniag 12(b) Village

EXHIBIT 2
Page 6 of 12 Pages

Corporation shall file with the Secretary of the Interior resolutions duly adopted by their respective boards of directors accepting the conveyances provided for in this subsection as being in full satisfaction of their respective entitlements to conveyances of Koniag 14(h)(8) lands on the Alaska Peninsula, of deficiency village acreage on the Alaska Peninsula and of 12(b) acreage on the Alaska Peninsula, and Koniag, Incorporated, shall further file with the Secretary of the Interior a resolution duly adopted by its board of directors accepting the provisions of subsection (1) of this section.

Afognak Island, recreational and commercial uses.

(5) The lands on Afognak Island required to be conveyed pursuant to paragraph (1) of this subsection shall remain open and available to sport hunting and fishing and other recreational uses by the public under applicable law (but without liability on the part of Koniag, Incorporated or any Koniag Village Corporation, except for willful acts, to any user by reason of such use), subject only to such reasonable restrictions which may be imposed by Koniag, Incorporated and the affected Koniag Village Corporations for the purposes of limiting or prohibiting such public uses in the immediate vicinity of logging or other commercial operations which may be undertaken by the corporations upon the affected lands. Such restrictions shall comprise only those restrictions necessary to insure public safety and to minimize conflicts between recreational and commercial uses. Koniag, Incorporated and the affected Koniag Village Corporations shall permit access to the lands on Afognak Island conveyed to them by employees of the State for purposes of managing fish and wildlife and by other State officers and employees, and employees of political subdivisions of the State, for the purposes of carrying out this subsection.

Cooperative agreements.

(6) To further accomplish the purposes of paragraph (5), Koniag, Incorporated and the Koniag Villages are authorized to enter into cooperative agreements regarding lands on Afognak Island with the Secretary of the Interior, the State of Alaska, and those political subdivisions of the State which desire to participate and which have jurisdiction over the portions of Afognak Island affected. Each such agreement shall—

(A) permit the Secretary of the Interior reasonable access to such land to carry out the obligations of the Secretary under the agreement;

(B) set forth those services which any other party agrees to provide, which services may include technical and other assistance with respect to fire control, trespass control, law enforcement, resource and land use planning, the conserving of fish and wildlife, and the protection, maintenance, and enhancement of any special values of the land subject to the agreement;

(C) set forth such additional terms and conditions as the parties may agree to as being necessary and appropriate to carry out the terms of the agreement; and

(D) specify the effective period of the agreement.

Afognak Island, land conveyance.

(c) The Secretary of the Interior shall convey the surface estate on Afognak Island to be conveyed under subsection (b)(1) of this section to a joint venture providing for the development of the surface estate on Afognak Island to be conveyed under this subsection, consisting of the Koniag Deficiency Village Corporations, the Koniag 12(b) Village Corporations and Koniag, Incorporated (or wholly owned subsidiaries thereof), in which (1) the share of the Koniag Deficiency Village Corporations as a class in the costs and revenues of such joint venture is determined on the basis of a fraction, the numerator of which is the deficiency village acreage on the Alaska Peninsula and the denomi-

nator is the sum of the deficiency village acreage on the Alaska Peninsula plus the 12(b) acreage on the Alaska Peninsula plus the Koniag 14(h) acreage on the Alaska Peninsula, which fraction shall be multiplied by the number of acres on Afognak Island to be conveyed by reason of subparagraph (b)(1) of this subsection; (2) the share of the Koniag 12(b) Village Corporations as a class is determined on the basis of a fraction, the numerator of which is the 12(b) acreage on the Alaska Peninsula and the denominator of which is the denominator referred to in (1) above, which fraction shall be multiplied by the number of acres on Afognak Island referred to (1) above; and (3) the share of Koniag, Incorporated is determined on the basis of a fraction, the numerator of which is the Koniag 14(h) acreage on the Alaska Peninsula and the denominator of which is the denominator referred to in (1) above which fraction shall be multiplied by the number of acres on Afognak Island to in (1) above. In such joint venture, each Koniag Deficiency Village Corporation shall participate in the share of the Koniag Deficiency Village Corporations as a class in the ratio that the entitlement of each to deficiency village acreage on the Alaska Peninsula bears to the total deficiency village acreage on the Alaska Peninsula and each Koniag 12(b) Village Corporation shall participate in the share of the Koniag 12(b) Village Corporations as a class in the ratio that the number of Natives enrolled under the Alaska Native Claims Settlement Act to the village that corporation represents bears to the number of Natives enrolled to all villages represented by Koniag 12(b) Village Corporations. The conveyance shall be made as soon as practicable after there has been filed with the Secretary of the Interior a duly executed joint venture agreement with provisions for sharing of and entitlements in costs and revenues of such venture as provided in this subsection. The conveyance shall not indicate the respective interests of each of the corporations in the surface estate conveyed but such interests shall be as provided in this subsection which shall be incorporated by reference into the conveyance. The subsurface estate in the foregoing lands shall be conveyed simultaneously to Koniag, Incorporated. Neither the joint venture, and Koniag Village Corporation having an interest in the joint venture or the lands conveyed thereto, nor Koniag, Incorporated shall take or permit any action which may be inimical to bear denning activities on the Tonki Cape Peninsula.

16 USC 1601 note.

Land conveyance.

(d) In the event the Ouzinkie Native Corporation and Koniag, Incorporated, within ninety days after the effective date of this Act, enter into an agreement to convey to the Kodiak Island Borough their respective rights, titles, and interests in and to the surface and subsurface estate respectively in the following described land:

Seward Meridian, Alaska

Township 27 south, range 20 west;

Sections 9 through 12 inclusive, all;

Sections 13, north half, excluding Monashka Bay; southwest quarter; north half southeast quarter, excluding Monashka Bay; southwest quarter south east quarter;

Sections 14, 15, and 16, all;

Sections 21 and 22, all;

Section 23, north half, north half southwest quarter, southwest quarter southwest quarter, northwest quarter southeast quarter;

Section 24, north half northwest quarter; and

Section 27, north half, southwest quarter, west half southeast quarter.

the Secretary of the Interior shall convey to Ouzinkie Native Corporation the surface estate and to Koniag, Incorporated the subsurface estate in the following described land on Afognak Island:

Seward Meridian, Alaska

Township 22 south, range 19 west;
Sections 6, 7, 15, all;
Section 18, west half;
Sections 19, 22, 28, all;
Sections 31 through 35 inclusive, all; and
Section 36, south half.

The agreement between Kodiak Island Borough, Ouzinkie Native Corporation and Koniag, Incorporated may contain the provisions agreed to by the parties including, but not limited, to easements across the lands to be conveyed to the Kodiak Island Borough.

Claims releases.

(e)(1) Each village listed in paragraph (2) of this subsection which, through the Koniag Village Corporation listed alongside it, files with the Secretary of the Interior, within sixty days from the effective date of this Act, a release duly authorized by its board of directors releasing, in consideration of the benefits provided for in this section, the United States, its officers, employees, and agents from all claims of the village and the Village Corporations to lands and interests therein arising under the Alaska Native Claims Settlement Act or compensation in any form therefor (except as provided in paragraph (3) of this subsection) along with a release by Koniag, Incorporated, duly authorized by its board of directors, releasing the United States, its officers, employees, and agents, from Koniag's claims to subsurface estate under the Alaska Native Claims Settlement Act arising out of the claims of such village or compensation in any form therefor (except as provided in paragraph (3) of this subsection) shall be deemed an eligible village under the Alaska Native Claims Settlement Act. This section shall be inoperative as to any such village which does not file such a release but shall be operative as to each of such villages which files such a release.

43 USC 1601 note.

(2) The villages and Koniag Village Corporations referred to in the foregoing paragraph are:

| | |
|---|---|
| Anton Larsen Bay | Anton Larsen, Incorporated |
| Bells Flats | Bells Flats Natives, Incorporated |
| Uganik | Uganik Natives, Incorporated |
| Litnik | Litnik, Incorporated |
| Port William | Shuyak, Incorporated |
| Ayakulik | Ayakulik, Incorporated |
| Uyak | Uyak Natives, Incorporated |

Land conveyance.

(3)(A) When Uyak Natives, Incorporated, Uganik Natives Incorporated, or Ayakulik, Incorporated (and Koniag, Incorporated in respect of such corporations) executes a release as provided for in paragraph (1) of this subsection, the Secretary of the Interior shall convey to each Village Corporation executing such release the

surface estate of the one square mile of land excluded from the Kodirk Island National Wildlife Refuge by Public Land Order Numbered 1634 on account of the village it represents. The Secretary of the Interior shall by reason of conveyance of surface estate to a Village Corporation under this paragraph (3) convey to Koniag, Incorporated the subsurface estate in such lands.

(B) Upon conveyance of each Koniag Village Corporation of that land described in subparagraph (A), such Village Corporation shall comply with the requirements of subsection (f) of this section, except that it shall be required to convey twenty acres to the State in trust for any Municipal Corporation established in the Native village in the future for community expansion and appropriate rights of way for public use, and other foreseeable community needs.

Revenue entitlement.

(4) There shall vest in the Native Village Corporation representing each village that files a release as provided for in subsection (e)(1) of this section the right to all revenues received by Koniag, Incorporated from the Alaska Native Fund which would have been distributed to it by Koniag, Incorporated under subsections (j) and (k) of section 7 of the Alaska Native Claims Settlement Act (subject to subsection (l) of section 7 of that Act) had such village been determined to be eligible at the time of such distributions, less amounts heretofore paid by Koniag, Incorporated under subsection (m) of section 7 of that Act to stockholders of such corporations as members of the class of at-large stockholders of Koniag, Incorporated. Each corporation representing a village that files a release as provided for in subsection (e)(1) of this section shall hereafter be entitled to share pro rata with all other Koniag Village Corporations in distributions of funds to Village Corporations made by Koniag, Incorporated out of funds hereafter received by Koniag, Incorporated from the Alaska Native Fund or from any other source and shall be eligible for all other rights and privileges to which Alaska Native Village Corporations are entitled under any applicable laws, except as limited by this subsection. Nothing in this paragraph shall prohibit Koniag, Incorporated from withholding out of funds otherwise due a Village Corporation that files a release as provided for in subsection (e)(1) of this section, such sums as may be required to reimburse Koniag, Incorporated for an equitable portion of expenses incurred by Koniag, Incorporated in connection with or arising out of the defense of or assertion of the eligibility of the village represented by such corporation for benefits under the Alaska Native Claims Settlement Act, including costs incident to land selection therefor.

43 USC 1606.

43 USC 1601 note.

(f) All conveyances made by reason of this section shall be subject to the terms and conditions of the Alaska Native Claims Settlement Act as if such conveyances (including patents) had been made or issued pursuant to that Act.

(g) Nothing in this section shall be deemed to affect (1) section 15 of the Act of January 2, 1976 (Public Law 94-204) as amended by section 911 of this Act; (2) the right, subject to subsection (l) of this section, of Koniag, Incorporated to in lieu subsurface estate on the Alaska Peninsula under sections 12(a)(1) and 14(f) of the Alaska Native Claims Settlement Act, less the acreage of such in lieu subsurface estate conveyed to Koniag, Incorporated under the provisions of law referred to in subdivision (1) of this subsection; or (3) the right under the Alaska Native Claims Settlement Act of Koniag, Incorporated, subject to subsection (l) of this section, to subsurface estate in and to the following described land:

43 USC 1611 note.
*Ante*, p. 2447.

43 USC 1611, 1613.

43 USC 1601 note.

EXHIBIT 2
Page 10 of 12 Pages

Seward Meridian, Alaska

Township 37 south, range 48 west;
Section 9;
Sections 15 through 17 inclusive;
Sections 20 through 22 inclusive; and
Sections 28, 33;
Township 37 south, range 49 west;
Sections 21 through 23 inclusive;
Sections 26 through 28 inclusive; and
Sections 33 through 35 inclusive;
Township 38 south, range 48 west;
Sections 4 through 9 inclusive;
Township 38 south, range 49 west;
Sections 1 through 4 inclusive;
Sections 6 through 23 inclusive; and
Sections 26 through 34 inclusive;
Township 38 south, range 50 west;
Sections 1 through 3 inclusive;
Sections 10 through 12 inclusive;
Sections 13 through 15 inclusive;
Sections 22 through 26 inclusive; and
Sections 35, 36;
Township 39 south, range 49 west;
Sections 3 through 7 inclusive;
Sections 9 through 10 inclusive; and
Sections 18, 19, 30;
Township 38 south, range 50 west;
Sections 1, 2, 7, 8, 12, 13;
Sections 15 through 18 inclusive;
Sections 20 through 22 inclusive;
Sections 24 through 27 inclusive; and
Section 35.

Withdrawal.

(h) All public lands on Afognak Island, other than those lands referred to in subsections (b)(2) (A) and (B) of this section are hereby withdrawn, subject to valid existing rights, from all forms of appropriation under the public land laws, including the mining and mineral leasing laws, and from selection under the Alaska Statehood Act as amended, and shall remain so withdrawn until and unless conveyed pursuant to this Act. Any such lands not conveyed under this section except those lands described in subsection (b)(2)(D) may be opened by the Secretary of the Interior to the extent he deems appropriate.

48 USC note prec. 21.

Rights of access and use.

(i) As additional consideration for the relinquishment by Koniag Village Corporations of rights to surface estate on the Alaska Peninsula and by Koniag, Incorporated of rights to surface and subsurface estate thereon as provided in subsection (b)(4) of this section, Koniag, Incorporated shall, solely for purpose of prospecting for, extraction and removal of subsurface resources retained by it under subsection (l) of this section on the Alaska Peninsula, have the same rights of access and use of surface estate, after consultation with the surface owner, as are now provided for in 50 CFR 29.32.

Acreage allocation. 43 USC 1661.

(j) The acreage to be allocated to Koniag, Incorporated under section 12(b) of the Alaska Native Claims Settlement Act shall be determined as though each village listed in subparagraph (e)(2) of this section had selected 69,120 acres under section 12(a) of the Alaska Native Claims Settlement Act. Acreages allotted to other regional corporations under section 12(b) of the Alaska Native Claims Settle-

ment Act shall be determined on the basis of the acreages actually conveyed to such villages under this section or the Alaska Native Claims Settlement Act.

Timber resources.

43 USC 1606.

(k) Koniag, Incorporated's interest in the timber resources of the joint venture referred to in subsection (c) of this section, determined as therein provided, shall for purposes of section 7(i) of the Alaska Native Claims Settlement Act be deemed to be Koniag's timber resources. Koniag, Incorporated shall be entitled to deduct from its share of proceeds therefrom any and all expenses of the kind and nature which Regional Corporations are entitled to deduct from revenues from timber resources prior to the distributions required by said section 7(i).

Subsurface estate, conveyance.

43 USC 1611, 1613.

(l) In conveying subsurface estate to Koniag, Incorporated on the Alaska Peninsula, whether under subsection (g)(3) of this section or as in lieu subsurface estate as provided in sections 12(a)(1) and 14(f) of the Alaska Native Claims Settlement Act, the Secretary of the Interior shall retain all minerals other than oil and gas and sand and gravel used in connection with prospecting for, extracting, storing or removing oil and gas: *Provided*, That removal of oil and gas and sand and gravel shall, after consultation with the surface owner, be accomplished as now provided in 50 CFR section 29.32. Koniag, Incorporated may in its discretion enter into agreements with the owner of the surface estate in such lands for the conveyance of the subsurface estate to the surface owner without compensation, but this provision shall not be construed to require such conveyances without Koniag, Incorporated's agreement.

Alaska Maritime National Wildlife Refuge. Kodiak National Wildlife Refuge.

(m) All public lands, including submerged lands, adjacent to and seaward of Afognak Island from the line of mean high tide to the exterior boundary of the former "Afognak Forest and Fish Culture Reserve", part of the existing Chugach National Forest, as reserved by proclamation dated December 24, 1892, and as shown on the diagram forming a part of the proclamation dated February 23, 1909, are hereby included within the Alaska Maritime National Wildlife Refuge and the lands described in subdivision (D) of subsection (b)(2) of this section are hereby included within the Kodiak National Wildlife Refuge: *Provided*, That notwithstanding the inclusion of Delphin and Discover Islands in the Alaska Maritime National Wildlife Refuge, the joint venture provided for in subsection (c) of this section shall be entitled to and there shall be conveyed to the joint venture in the conveyance provided for in subsection (c) hereof, the right to timber resources on such islands: *Provided*, That management and harvest of such timber resources shall be only in accordance with management plans jointly developed by the joint venture and the Secretary of the Interior.

*Ante*, p. 2496.

(n) Section 22(j)(2) of the Alaska Native Claims Settlement Act as amended by section 1410 shall not apply to Koniag, Incorporated or to any Koniag Village Corporation.

(o) Nothing in this section shall abrogate any existing Forest Service timber contract on Afognak Island or revoke existing cabin leases or term special use permits on Afognak Island.

CHUGACH VILLAGE CORPORATION LANDS

Land conveyance.

43 USC 1611.

SEC. 1428. (a) Notwithstanding the restrictions applicable to the Village Corporation selections under section 12(b) of the Alaska Native Claims Settlement Act imposed by section 12(a) of the Settlement Act, including but not limited to the sixty-nine thousand one hundred and twenty-acre conveyance limitation placed on land

EXHIBIT 2

Page 12 of 12 Pages