UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br>)<br>    Plaintiff, )<br>)<br>versus )<br>)<br>LEISNOI, INC., KONIAG, INC., and )<br>DIRK KEMPTHORNE, SECRETARY OF )<br>THE INTERIOR, )<br>)<br>    Defendants. )<br>_____) | Case No. A02-0290 CV (JKS)<br><br>ORDER GRANTING LEISNOI, INC.'S<br>RULE 12(b)(1) MOTION TO DISMISS<br>FOR LACK OF SUBJECT MATTER<br>JURISDICTION RE: CONGRESSIONAL<br>RATIFICATION THROUGH ANILCA<br>HAS MOOTED THIS CONTROVERSY |

The Court finds that Secretary of the Interior Dirk Kempthorne's interpretation of ambiguous provisions of section 1427 of the Alaska National Interests Lands Conservation Act as ratifying his predecessor's 1974 certification of the Native Village of Woody Island is "within the range of reasonable meanings of the statute's language", *City of Angoon v. Hodel,* 803 F.2d 1016, 1025-26 (9th Cir.1986) and is entitled to "great weight" and "substantial deference." *Leisnoi, Inc. v. Stratman*, 154 F.3d 1062 1068 (9th Cir.1998). His finding, made eleven years after this Court invoked the doctrine of primary jurisdiction to refer Omar Stratman's claims for agency review, are the "fruits of … formal adjudication", entitled to full-blown *Chevron* deference. *United States v. Mead Corp.*, 533 U.S. 218, 229-230 (2001); *Securities and Exchange Commission v. Zandford*, 535 U.S. 813, 820 (2002); *Espejo v. INS*, 311 F.3d 976, 978 (9th Cir.2002); *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Order Granting Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA
Page 1

1199430v1

Section 1427(b)(1) of ANILCA explicitly recognized "the **right** of each Koniag Deficiency Village Corporation to conveyance under that Act [ANCSA]..." (Emphasis added.) Likewise, in Section 1427(a)(1) of ANILCA, Congress recognized that the Koniag Deficiency Village Corporations "**are entitled**, under Section 14(a) of the Alaska Native Claims Settlement Act, **to conveyance...**" (Emphasis added.)  A "Koniag Deficiency Village Corporation" was defined in subsection (a)(4) as meaning "any or all of the following:  Afognak Native Corporation; Nu-Nachk-Pit, Incorporation; Ouzinkie Native Corporation; and **Leisnoi, Incorporated.**" (emphasis added)  Leisnoi, Inc. was thus listed by name in a Congressional enactment as having a right to ANCSA benefits.

This Court agrees with Secretary Dirk Kempthorne "that the better reading of section 1427 is as a ratification of the 1974 eligibility determination that mooted Stratman's challenge." December 20, 2006 ruling by Secretary Kempthorne at page 10.  Independently of the deference that is to be accorded the interpretation given by the Secretary, who is charged with implementing ANCSA and ANILCA, this Court agrees and concludes "that the language in subsections (b)(1) and (a)(2) is best read as ratifying the Secretary's eligibility determination with respect to Leisnoi." December 20, 2006 ruling by Secretary Kempthorne at page 11.

Congressional ratification of Woody Island's eligibility for ANCSA benefits in section 1427 of ANILCA has mooted Stratman's challenge to the eligibility of the Native Village of Woody Island.  The Court concludes that Stratman's claims are MOOT, so this Court lacks subject matter jurisdiction to entertain them.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Order Granting Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA
Page 2

1199430v1

WHEREFORE, the Court GRANTS Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA, and hereby DISMISSES THE THIRD AMENDED COMPLAINT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION.

ANCHORAGE, ALASKA this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
Honorable James K. Singleton

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Order Granting Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA
Page 3

1199430v1