John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, SECRETARY OF THE INTERIOR,<br><br>Defendants. | Case No. A02-0290 CV (JKS)<br><br>MEMORANDUM IN SUPPORT OF LEISNOI, INC.'S 12(b)(1) MOTION TO DISMISS RE: CONGRESSIONAL RATIFICATION THROUGH ANILCA HAS MOOTED THIS CONTROVERSY |

## I. INTRODUCTION

Congressional ratification of Woody Island's eligibility for ANCSA benefits in section 1427 of ANILCA has mooted Stratman's challenge to the eligibility of the Native Village of Woody Island. Federal courts lack subject matter jurisdiction to adjudicate moot issues. "No justiciable controversy is presented… when the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1967). The "subsequent development" here is the 1980 ANILCA statute that expressly states Leisnoi, Inc. has a right to ANCSA benefits.

Mootness deprives federal courts of jurisdiction because federal courts are "not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*,

253 U.S. 113, 116 (1920). Whether the Native Village of Woody Island initially qualified for benefits under ANCSA is an abstract proposition or moot question, because Congress passed legislation nine years later declaring that Leisnoi, Inc., the Native Village Corporation for the Native Village of Woody Island, has a right to conveyance under ANCSA. This finding necessarily means that Congress has ratified the Secretary's 1974 determination that the Native Village of Woody Island is eligible for ANCSA benefits.

The Secretary of the Interior agrees that "section 1427 ratified" Woody Island's eligibility "thus mooting Stratman's challenge…" This Court should so rule, thereby finally putting an end to Stratman's abusive, and seemingly never-ending litigation against the small Native Village corporation, Leisnoi, Inc.

## II. STANDARD OF REVIEW

The determination by Secretary of the Interior Dirk Kempthorne, resolving the statutory ambiguities in Leisnoi's favor and determining that ANILCA "is best read as ratifying the Secretary's eligibility determination" December 20, 2006 ruling at page 11, is entitled to full-blown *Chevron* deference. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984):

> "[I]f the statute is …. ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute…. The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding… We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.."

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 2

1199380v1

*Chevron*, 467 U.S. at 843.

Stratman shoved this deferential standard of review down the throat of Leisnoi in a case Leisnoi brought against him seeking to collect a surface disturbance fee when he dug through Leisnoi's surface estate to access subsurface sand and gravel:

> "Because the Secretary of the Interior bears 'the principal responsibility for administering [ANCSA],' his interpretations are **entitled to 'great weight' upon judicial review**… An administrative agency's interpretation of a statute it is charged with administering is **accorded substantial deference**. We may not simply impose [our] own construction on the statute… Rather, we **must defer to the Secretary unless his interpretation** is inconsistent with the unambiguously expressed intent of Congress or **is** otherwise **unreasonable**… We thus inquire whether the Secretary's interpretation is otherwise reasonable… The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding… Instead, **we simply ask whether we are compelled to reject the Secretary's construction**… In this case, we are certainly not so compelled…Thus, Stratman… does not need Leisnoi's additional consent to proceed with his mining there."

*Leisnoi, Inc. v. Stratman*, 154 F.3d 1062, 1068, 1072 (9th Cir.1998) (internal quotations & citations omitted)(emphasis added). See also, *City of Angoon v. Hodel*, 803 F.2d 1016, 1025-26 (9th Cir.1986)("We will **affirm** the Secretary's interpretation of section 22(k) **if** it is **within the range of reasonable meanings of the statute's language**…The **Secretary has the principal responsibility for administering ANCSA**, and **his interpretation is entitled to deference**."); *Seldovia Native Association, Inc. v. Lujan*, 904 F.2d 1335 (9th Cir.1990)("[A]n administrative agency's interpretation of a statute it is charged with administering is accorded **substantial deference**…[T]he principal responsibility for administering the [ANCSA] lies with the Secretary

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 3

1199380v1

and his interpretation of the statutes are entitled to **great weight** upon judicial review.") (internal quotations and citations omitted) (emphasis added).

What is sauce for the goose, of course, is sauce for the gander. Having established the law in this circuit is that "substantial deference" is accorded decisions about ANCSA made by the Secretary of the Interior, and that such decisions cannot be vacated unless the Secretary's interpretation is so "unreasonable" that a court is "compelled to reject the Secretary's construction", Stratman now must lie in the bed that he made, even though he no longer finds it quite so comfortable.

Rulings emanating from the Interior Board of Land Appeals, such as the present case that went all the way from an ALJ to the IBLA through to Secretarial review, are upheld "unless it is 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law… The scope of judicial review under this standard is narrow, and this court cannot merely substitute its judgment… We **defer to an agency's construction** of an ambiguous statute **if** its interpretation is **based on 'a permissible construction of the statute**.'" *Archer v. Babbitt*, 1995 U.S.App. LEXIS 26165 (9th Cir.1995) (internal quotations & citations omitted.) This Court's review of Secretary Kempthorne's ruling is therefore narrow, and this Court cannot merely substitute its judgment. The Secretary's ruling was based on a permissible construction of section 1427, and is entitled to great deference.

Secretary Kempthorne's interpretation of ANILCA as congressionally ratifying his predecessor's 1974 certification of the Native Village of Woody Island "may not be the only one permitted by the language… but it is quite clearly a reasonable interpretation; **courts must** therefore **respect it**." *Udall v. Tallman*, 380 U.S. 1 (1964). "A court faced with a problem of

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 4

1199380v1

statutory construction should **give great deference to the interpretation** of a statute **by the** officers or **agency charged with its administration**." *Brubaker v. Morton*, 500 F.2d 200 (9th Cir.1974).[1] Secretary Kempthorne's construction of the interplay of ANILCA and ANCSA must therefore be given "great deference" by this Court.

The Department of the Interior granted Stratman a formal hearing, with multiple opportunities to object, file briefs, present evidence, question witnesses, appeal, and obtain multi-level review, so "*Chevron* deference is required." *Alaska Department of Health and Social Services v. McClellan*, 424 F.3d 931 (9th Cir.2005):

> "*Mead [United States v. Mead Corp.,* 533 U.S. 218 (2001)] recognized that …the '**fruits of … formal adjudication' receive *Chevron* deference**." Here, the formal administrative process … included the opportunities to petition for reconsideration, brief its arguments, be heard at a formal hearing, receive reasoned decisions at multiple levels of review, and submit exceptions to those decisions. These hallmarks of 'fairness and deliberation' are clear evidence that Congress intended the Administrator's final determination to 'carry[] the force of law.' *Mead,* 533 U.S. at 226-27

[1] The Secretary is charged with administration of ANCSA and ANILCA. Secretary Kempthorne would be the one who would have to re-open enrollment to find villages to accommodate the diaspora of displaced Woody Islanders if their village were decertified: "[Upon decertification], the Secretary shall, in accordance with the criteria for residence applied in the final determination of eligibility, redetermine the place of residence on April 1, 1970 for all purposes under the Settlement Act". Section 1(c) of the Act of Jan. 2, 1976, P.L. 92-204, 89 Stat. 1145. Stratman has never challenged the Native blood quantum of individual Leisnoi shareholders. The Native Woody Islanders all have sufficient blood quantum to be entitled to ANCSA benefits. For example, Angeline Pavloff Maliknak (1902-1972), one of the matriachs on Woody Island, lived on Woody Island for more than 50 years; yet, the harsh recommendation of the administrative law judge was that she be stripped of her Woody Island residency simply because she had sought nursing home care in Seward shortly before she died. The recommended decision stated at page 45 that Angeline "resided on Woody Island for over 50 years until she moved to a nursing home in Seward, Alaska, because of failing health." If the Native Village of Woody Island were decertified, as Stratman has sought, then the Secretary would have to determine to what village and region Angeline could re-enroll. Angeline cannot decide for herself, since she is no longer alive. And other villages might not want the value of their respective shares diluted by adding new members. This process, and resulting litigation, would play out with more than 300 shareholders having to re-enroll more than thirty years after ANCSA was implemented. The Secretary would have to grapple with immense logistical difficulties if Woody Island were decertified. He is charged with implementing ANCSA and ANILCA, and his determination is entitled to substantial deference.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 5

1199380v1

McClellan, 424 F.3d at 939. This Court must defer to the Secretary's reasonable interpretation of the ambiguous provisions of ANILCA that this Court had characterized as "a difficult question that should be decided in the first instance by the agency.", particularly since the Secretary made his determination in the context of a formal adjudication:

> "This i**nterpretation of the ambiguous text … in the context of formal adjudication, is entitled to deference if it is reasonable**, see *United States v. Mead Corp.,* 533 U.S. 218, 229-230, 150 L.Ed.2d 292, 121 S.Ct. 2164 and n. 12 (2001)."

*Securities and Exchange Commission v. Zandford*, 535 U.S. 813, 820 (2002). See also, *Espejo v. INS*, 311 F.3d 976, 978 (9th Cir.2002) ("The BIA's interpretation of the INA § 212(e) in a formal adjudication is afforded deference under *Chevron*…[T]he reviewing court must not reject an agency interpretation simply because the court would have interpreted the statute other-wise.")

**This standard of review is so narrow that, for all intents and purposes, if the court finds it has jurisdiction to review the Secretary's decision,[2] it must adopt Secretary Dirk Kempthorne's decision that ANILCA has ratified his predecessor's certification of Woody Island's eligibility**. Were this Court to find jurisdiction, it must accept the Secretary's interpretation of ANILCA if that interpretation is merely "within the range of reasonable meanings of the statute's language," *City of Angoon v. Hodel,* 803 F.2d at 1025-26, even if Secretary Kempthorne's interpretation is not the one the Court would have given on its own.

Since this Court had characterized the issue as being a close one, "a difficult question that should be decided in the first instance by the agency", it necessarily implied that either of the two

[2]Leisnoi has filed a series of motions addressing a number of reasons the Court lacks subject matter jurisdiction, such as *res judicata*, collateral estoppel, lapsing of the statute of limitations, lack of administrative standing, lack of judicial standing, and mootness due to the FRITLA ratification.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 6

1199380v1

competing interpretations of ANILCA were within the range of the reasonable meanings of the statute's language.[3] The "**great weight**" and "**substantial deference**" afforded the Secretary's interpretation of an ambiguous statute therefore requires that this Court accept Secretary Kempthorne's interpretation of ANILCA as ratifying Woody Island's eligibility. *Leisnoi, Inc. v. Stratman,* 154 F.3d at 1068. His interpretation of ANILCA as ratifying his predecessor's 1974 certification of eligibility of the Native Village of Woody Island is inherently reasonable. Secretary Kempthorne's findings were "**within the range of reasonable meanings of the statute's language,**" *City of Angoon v. Hodel*, 803 F.2d 1016, 1025-26 (9th Cir.1986), such that his interpretation of the statute he is charged with administering must be followed by this Court.

Hence, under the exceedingly deferential standard of review that Stratman persuaded the Ninth Circuit to adopt as to ANCSA determinations made by the Secretary of the Interior, *Leisnoi, Inc. v. Stratman,* 154 F.3d 1062 (9th Cir.1998), this Court, if it has subject matter jurisdiction at all, must affirm Secretary Kempthorne's ruling that, by enacting ANILCA, Congress ratified his predecessor's 1974 determination that the Native Village of Woody Island qualifies for ANCSA benefits.

---

[3] If the interpretation that ANILCA ratified Woody Island's eligibility were beyond the pale, patently unreasonable, or outside the range of reasonable meanings of ANILCA's language, this Court would not have characterized the issue as a "difficult one" and invoked the doctrine of primary jurisdiction to send the matter for initial review to the agency charged with administering the statute.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 7

1199380v1

## III.  ANILCA CONGRESSIONALLY RATIFIED THE 1974 CERTIFICATION OF THE NATIVE VILLAGE OF WOODY ISLAND AS BEING ELIGIBLE FOR ANCSA BENEFITS

### 1.  Congress declared that Leisnoi, Inc. has a right to ANCSA benefits, so Stratman's challenge to whether Leisnoi, Inc. has a right to ANCSA benefits is moot.

Section 1427(b)(1) of ANILCA explicitly recognized "the **right** of each Koniag Deficiency Village Corporation to conveyance under that Act [ANCSA]..." (Emphasis added.) Likewise, in Section 1427(a)(1) of ANILCA, Congress recognized that the Koniag Deficiency Village Corporations "**are entitled**, under Section 14(a) of the Alaska Native Claims Settlement Act, **to conveyance...**" (Emphasis added.)  A "Koniag Deficiency Village Corporation" was defined in subsection (a)(4) as meaning "any or all of the following:  Afognak Native Corporation; Nu-Nachk-Pit, Incorporation; Ouzinkie Native Corporation; and **Leisnoi, Incorporated.**" (emphasis added)

Leisnoi, Inc. was thus listed by name in a Congressional enactment as having a right to ANCSA benefits, but Stratman takes the position in this litigation that Leisnoi does not have a right to conveyance under ANCSA.  Stratman is mistaken, because Congress has enacted the ANILCA legislation expressly recognizing that Leisnoi, Inc. does have a right and is entitled to conveyances under ANCSA.  By statutorily recognizing Leisnoi's right to conveyances under ANCSA, Congress has effectively ratified the Secretary of the Interior's 1974 certification of the Native Village of Woody Island on whose behalf Leisnoi, Inc. receives those ANCSA conveyances.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 8

1199380v1

**2. Congress did not lump Woody Island in with the (e)(1) villages that had been found ineligible for benefits; and did not require its Native Village Corporation to forfeit any ANCSA benefits; instead, Congress determined that Leisnoi, Inc. has an unconditional right to full ANCSA benefits.**

Congress did not require Leisnoi, Inc., which had already been determined by the Secretary of the Interior in 1974 as being eligible for benefits under ANCSA, to execute a release of claims for its full share of benefits under ANCSA. It had required such releases from the purported villages listed at ANILCA Section 1427(e) whose eligibility was in doubt, some of which received only one square mile of land rather than the 69,120 acre minimum enjoyed by Koniag Deficiency Village Corporations such as Leisnoi. See, ANCSA §1613(a).

Whereas ANILCA Section 1427(e)(1) specified that "This section shall be inoperative as to any such village which does not file such a release", ANILCA Section 1427(b)(1) was self-executing in directing the Secretary of the Interior to convey the surface estate of the public lands on Afognak Island in satisfaction of "the right of each Koniag Deficiency Village Corporation to conveyance under that Act [the Alaska Native Claims Settlement Act] of the surface estate of deficiency village acreage on the Alaska Peninsula." Leisnoi only had to pass a resolution accepting the Afognak lands in lieu of deficiency village acreage on the Alaska Peninsula. See, ANILCA §1427(b)(4).[4]

This more favorable treatment that Congress afforded the Koniag villages such as Woody Island, which had already been determined to be eligible, reveals that Congress intended for

[4] Koniag Deficiency Village Corporations merely had to file resolutions "accepting the conveyances provided for in this subsection as being in full satisfaction of their respective entitlements to conveyances of Koniag 14(b)(8) lands on the Alaska Peninsula and of 12(b) acreage on the Alaska Peninsula..." ANILCA Section 1427(b)(4). Villages listed in Section 1427(e)(2), on the other hand, had to file, through their Koniag Village Corporations, a blanket release of "all claims of the village and the village corporation to lands and interests therein arising under the Alaska Native Claims Settlement Act...," ANILCA Section 1427(e)(1).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 9

1199380v1

Leisnoi, Inc. to enjoy the full panoply of benefits to which Native Corporations for qualifying Native Villages are entitled under the Alaska Native Claims Settlement Act. In the statutory scheme it adopted in ANILCA, Congress assumed the eligibility of the Native Village of Woody Island in determining that said village's Native Village Corporation, Leisnoi, Inc., is "entitled" to ANCSA benefits and has a "right" to ANCSA conveyances:

> "[S]ection 1427 constructs an elaborate scheme for the resolution of the Koniag land claims, not just of Leisnoi, but of a sizable number of other entities. In that scheme, in which Leisnoi's eligibility is clearly assumed, certainty about the eligibility of Leisnoi is a necessary predicate to the final and timely settlement of the claims of Leisnoi, the other Koniag villages, Koniag regional corporation, and to a lesser degree, all of the other Native villages and regional corporations entitled to ANCSA benefits. Viewing the scheme as a whole, it is reasonable to conclude that Congress intended to resolve all of the uncertainties and did not intend to leave the parties at risk of having their entitlements upset by a judicial resolution of Stratman's challenge to Leisnoi's eligibility."

Secretary Kempthorne's December 20, 2006 ruling at page 7.

**3. <u>Leisnoi's entitlement to ANCSA benefits was not conditioned upon Leisnoi having to prove that Woody Island met village eligibility requirements.</u>**

This Court is not at liberty to ignore ANILCA's provisions based merely upon Stratman's desire to make Leisnoi litigate to get benefits that Congress already declared Leisnoi is eligible to receive. ANILCA did not direct the Secretary of the Interior to hold hearings or make any factual determinations whether the Secretary believed Leisnoi, Inc. had a right to conveyance under ANCSA. Nor did Congress condition Leisnoi's entitlement to benefits upon resolution of Stratman's then-pending or now-pending judicial challenge to Woody Island's eligibility. Rather, in enacting ANILCA, Congress declared that there is a "**right** of each Koniag Deficiency

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 10

1199380v1

Village Corporation **to conveyance** under [ANCSA] of the surface estate of deficiency village acreage on the Alaska Peninsula,"[5] and directed the Secretary of the Interior to issue patents for land on Afognak Island in satisfaction of Leisnoi's right to conveyance of lands in the Alaska Peninsula. This Court should not ignore these specific statutory findings and congressional directives.

**4. <u>Rejecting Secretary Kempthorne's interpretation of ANILCA would render the statute nugatory and violate settled principles of statutory construction.</u>**

Although Congress declared that Leisnoi, Inc. has a right to conveyances under ANCSA, and directed land patents be issued, Stratman argues that this Court should find that Leisnoi, Inc. has no right to conveyances under ANCSA and that no land patents should be issued. Stratman's interpretation of ANILCA renders it meaningless and ineffective. Stratman's reading of ANILCA violates settled principles of statutory construction that legislation should not be construed to be nugatory.

Stratman's strained reading of ANILCA is inconsistent with the "settled principle that, in Indian law, all ambiguities must be resolved in favor of the Indians." *Matter of City of Nome, Alaska*, 780 P.2d 363, 367 (Alaska 1989). <u>See</u> <u>also</u>, *Santa Rosa Band of Indians v. Kings County*, 532 F.2d 655, 660 (9th Cir. 1975) ("[A]mbiguities in federal treaties or statutes dealing with Indians must be resolved favorably to the Indians."; *Parker Drilling Co. v. Metlakatla Indian Community*, 451 F.Supp. 1127, 1140 (D. Alaska 1978), observing that there is a "general

---

[5]The term "Deficiency village acreage on the Alaska Peninsula" as used in ANILCA Section 1427(b)(1), is defined as meaning "the aggregate number of acres of public land to which **'Koniag Deficiency Village Corporations' are entitled**, under Section 14(a) of the Alaska Native Claims Settlement Act, **to a conveyance** of the surface estate on account of deficiencies in valuable lands on Kodiak Island..." ANILCA Section 1427(a)(2). (Emphasis added.)

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 11

1199380v1

tenet of Indian law that all ambiguities must be resolved in favor of the Indians...." The Secretary found that ANILCA was ambiguous, and resolved the ambiguity in favor of the Native Woody Islanders. This Court should do likewise.

5. **ANILCA ratified the 1974 certification of the Native Village of Woody Island as being eligible for ANCSA benefits, and was a valid exercise of congressional authority over public lands.**

By directing land patents to be issued to the Afognak Joint Venture in satisfaction of Leisnoi's rights under ANCSA to select lands on the Alaska Peninsula, Congress has ratified the status of Leisnoi, Inc. as a Native Village Corporation for the Native Village of Woody Island. Congress has confirmed the Secretary of the Interior's 1974 certification of the Native Village of Woody Island. Any challenge to the eligibility of the Native Village of Woody Island is now moot.

Whether or not the Secretary of the Interior was initially correct or authorized in making his eligibility determination is irrelevant, since Congress has plenary authority under the property clause of the United States Constitution to dispose of public lands as it sees fit. See, *Van Brocklin vs. Anderson*, 117 U.S. 151, 165 (1886); *Maxwell Land Grant Case*, 121 U.S. 325 (1887); *Kleppe v. New Mexico*, 426 U.S. 529 (1976). If the Secretary of the Interior had erroneously certified the Native Village of Woody Island, as Stratman contends, then Congress nonetheless had the authority to ratify the actions of the government official in certifying Woody Island as being eligible even if his act was unauthorized or incorrect at the time it was made. See, *Swayne & Hoyt v. United States*, 300 U.S. 297 (1936); *Isbrandtsen-Moller Co. v. United States*, 300 U.S. 139 (1936).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 12

1199380v1

**6. Stratman's claims are now moot.**

It makes no difference whether the Native Village of Woody Island was or was not originally eligible for benefits under ANCSA, because Congress has ratified the certification of the Native Village of Woody Island by expressly declaring that Leisnoi had a right to conveyances under ANCSA, and directing the Secretary of the Interior to convey public lands to the Afognak Joint Venture in satisfaction of the ANCSA selection rights of Leisnoi, Inc.

Congress has plenary authority over public lands, and it has exercised that authority by directing the Secretary of the Interior to issue land patents, to portions of Afognak, in satisfaction of Leisnoi, Inc.'s rights under ANCSA to select lands on the Alaska Peninsula. It no longer matters whether the Native Village of Woody Island met the regulatory test for benefits under ANCSA, since Congress has passed ANILCA into law, declaring Leisnoi, Inc. to be a Koniag Village Deficiency Corporation that has a "right to conveyance" under ANCSA. See, ANILCA §1427(b)(1).

Stratman still labors under the misconception that land patents should not be issued unless this Court determines that the Native Village of Woody Island is eligible for benefits under ANCSA. If Congress had been of the view that land patents could not be issued on behalf of Leisnoi, Inc. unless and until the court challenge brought by Omar Stratman was resolved, then it could have conditioned the land conveyances upon a finding by the IBLA or upon another finding by the Secretary of the Interior that the Native Village of Woody Island is eligible for benefits. But Congress did not do so. Instead, it declared that the Koniag Deficiency Village Corporations have a right to conveyances under ANCSA; it listed Leisnoi, Inc. as one of them;

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 13

1199380v1

and it unconditionally directed the Secretary of the Interior to convey lands in satisfaction of their right to conveyance.

## IV. CONCLUSION

Stratman's desire to litigate moot issues or abstract propositions should be relegated to some academic exercise or a law school's moot court competition, because this Federal District Court lacks subject matter jurisdiction to adjudicate the eligibility issue that has been mooted by Congress' enactment of ANILCA. As Secretary Kempthorne found, "section 1427 ratified Leisnoi's status as a Native village eligible for ANCSA benefits, thus mooting Stratman's challenge to Leisnoi's status."

WHEREFORE, this Court should DISMISS THE THIRD AMENDED COMPLAINT for lack of federal subject matter jurisdiction on the grounds that by adopting ANILCA in 1980, Congress ratified the Secretary of the Interior's 1974 certification of the Native Village of Woody Island as being eligible for ANCSA benefits, thereby rendering this suit MOOT.

DATED this 1st day of March, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Leisnoi, Inc.'s 12(b)(1) Motion to Dismiss re: Congressional Ratification through ANILCA Has Mooted this Controversy
Page 14

1199380v1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald