Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880  N  Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LEISNOI, INC., KONIAG, INC., and ) | |
| DIRK KEMPTHORNE, Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| _____) | |
| ) | |
| KONIAG, INC., ) | |
| ) | |
| Counter-claimant, ) | Case No.:  3:02-cv-0290 (JKS) |
| ) | |
| v. ) | |
| ) | |
| OMAR STRATMAN, ) | |
| ) | |
| Counter-claimed ) | |
| Defendant. ) | |
| _____) | |

## OMAR STRATMAN'S MOTION TO STRIKE OR STAY LEISNOI'S MOTIONS TO DISMISS, AND REQUEST FOR CLARIFICATION OF THE COURT'S ORDER OF JANUARY 18, 2007

Over the course of the last week, Leisnoi filed five (5) separate and successive motions for dismissal of this action, alleging se[veral grounds] (Dk. 107, 109, 111, 118-1, 120). Of these five motions, only the last motion, [filed March __,] 2007 (Dk. 120), is responsive to this Court's order of January 18, 2007, which [directed the] defendants to each file a motion to dismiss for lack of jurisdiction, specifically addressing the issues outlined in the Court's order. (Dk. 103).

The other four motions are completely unrelated to the [Court's January 18] order. This was noted by Leisnoi itself in its fifth, responsive motion:

> Leisnoi has filed a series of motions add[ressing whether the] Court lacks subject matter jurisdiction, such a[s ...] estoppel, lapsing of the statute of limitations, estoppel, [...] lack of judicial standing, and mootness due to the FRITLA ratification.

(Dk. 120, p. 6 n. 2).

Leisnoi's filing of these multiple motions violates the spirit, if n[ot the letter, of this] Court's order of January 18, 2007. As the Court will [recall, Stratman moved] for a status conference in order to, among other things, establish a briefing schedule, based on the filing of motions and cross[-motions, and a general] procedure defined by the Court. (Dk. 97) Leis[noi opposed the motion,] arguing that a status conference was premature, [and that the Court should first] determine whether it had jurisdiction [over the case,] that Stratman's challenge was moot. (Dk. 99). In its order of January 18, 2007, the [Court ...]

-2-

Court agreed that a status conference was premature, and ordered briefing on the jurisdictional issues regarding review of the Secretary's decision. The defendants were directed to file separate motions addressing the specific issues outlined in the Court's order. Stratman was directed to file opposition to these motions within 30 days, and the defendants were to reply within 15 days.

Implicit in the Court's order, as Stratman understands it, was that proceedings on Stratman's claim would be held in abeyance pending resolution of the jurisdictional issues outlined in the Court's order. Also implicit in the Court's order was that if the Court subsequently concludes that it has jurisdiction, it will hold a status conference to establish a briefing schedule to address the merits.

Leisnoi's filing of these multiple motions to dismiss is precisely the type of multiplicitous briefing and piece-meal litigation that Stratman moved to establish a briefing schedule. As was stated in Stratman's motion for a status conference, the specified procedure under Local Rule for review of agency action to the District Court under the APA, provides for briefing in the form of motions and cross-motions for summary judgment.

For the foregoing reasons, Stratman requests that the Court strike the motions to dismiss filed by Leisnoi (Dks. 107, 109, 111, 118-1) that are unrelated to the jurisdictional issues outlined in the Court's order of January 18, 2007, and require Leisnoi to re-assert and re-file them in conformity with the briefing schedule that may be ordered by the Court. In the alternative, Stratman requests that the Court stay any further briefing on Leisnoi's motions pending the

-3-

jurisdictional issues, and extend the time for filing Stratman's response until further order of the Court. Stratman requests that these motions be stricken, than stayed, so that they can be re-filed by Leisnoi as a single brief, in [compliance with the] requirements of any subsequently ordered briefing sche[dule]. 16.3(c) provides for the filing of the parties' principal briefs in the [form of a] cross-motion for summary judgment. There is no reason why Le[isnoi cannot] include the arguments presented in [its multiple motions in a] single motion or cross-motion for summary judgment. The [need to consolidate] filings by a single party is of even greater importance in this [case, where Stratman] must already now respond to three separate filings by three separate defendant[s]. Requiring Stratman to respond to multiple filings by each party, wi[th the] number of other motions filed by the other parties, would not only strain the Court's [and] Stratman's time and resources, but would needlessly [delay the] determination of the remaining legal issues presented in this action.

For the same reasons, Stratman also requests that the [Court stay any] further substantive motions, by any [party, pending resolution] of the jurisdictional issues identified in the Court's order of January 18, 2007.

As a related matter, Stratman also seeks clarification of the Court's order of January 18, 2007 regarding the issues that the Cour[t desires to be briefed in the] context of the motions to dismiss for lack of [jurisdiction currently on] file. It is not entirely clear to Stratman from the Cou[rt's order whether the parties are] in the initial round of briefing to address and brief the merits [of the] Secretary's decision, in addition to the jurisdictional [issues].

identify four discrete issues that it wanted the parties to brief, including:

1) whether the Court has jurisdiction under the APA to review the decision, notwithstanding IBLA's determination that it lacked Stratman's challenge, in view of the Secretary's legal conclusion that matter jurisdiction and that the Secretary's review of IBLA decision is discretionary.

2) whether the Court has jurisdiction over Stratman's APA challenge of the Secretary's determination that Congress mooted Stratman's challenge by enacting ANILCA Section 1427.

3) in the event the Court finds that it has jurisdiction to review the Secretary's decision in the context of Stratman's APA action, whether the <u>Chevron</u> deference standard of review applies in reviewing the Secretary's decision and determining the merits of Stratman's APA claim.

4) in the event the Court finds that it has jurisdiction to review the Secretary's decision in the context of Stratman's APA action, and that the <u>Chevron</u> deference standard of review applies to the Secretary's decision, whether <u>Chevron</u> deference requires the Court to accept the Secretary's interpretation of ANILCA Section 1427 that Congress mooted Stratman's challenge by enacting that statute.

The first two issues clearly relate to the preliminary question of whether the Court has jurisdiction to review the Secretary's decision on Stratman's APA challenge. However, the third and fourth issues go beyond the threshold issue. However, if the Court has jurisdiction to review the Secretary's decision on Stratman's APA challenge to the Secretary's

Secretary's decision is subject to a deferential other standard of review, is one of the primary merits of Stratman's challenge to the Secretary's decision, and this Court determines that it has the jurisdiction to review any applicable standard of review. The fourth issue, of whether <u>Chevron</u> deference, if it applies at all, requires the Court to accept to the heart of Stratman's challenge. Whether or not the Secretary's decision a permissible construction of ANILCA Section accepted under <u>Chevron</u>, are key issues in determining the merits of Stratman's APA challenge, and require the examination of both the 1427 and the analysis and interpretation of the statute adopted. These last two issues are unrelated to the first two preliminary jurisdictional issues, and go directly to the merits of Stratman's APA challenge to the Secretary's decision.

In its order of January 18, 2007, the Court directed to dismiss for lack of jurisdiction, and imposed a the defendants' burden in bringing such a motion. The defendants both an opening and a reply brief, while Stratman was their motions. While this briefing schedule may be appropriate jurisdictional issues outlined above, it may not be appropriate issues, which go to the merits of Stratman's APA challenge the burden of proof, as the appellant in this action.

We wish to advise the Court that Koniag has recently sought, and agreed, that Koniag could have an additional week, until

Koniag, as we understand it, intends to file a single brief in support of Koniag, as we understand it, intends to file a single brief in support of because Koniag believes its positions are interrelated. Koniag, as we understands no objections to Stratman filing a single brief in response. Stratman's briefing deadline back an additional week in consideration of the additional time sought by Koniag. The parties are working toward a stipulation has not yet been agreed to by all concerned. The stipulation that the parties may reach does not necessarily address all set forth above, and the stipulation may not fall within the scope of the Court's January 18, 2007, order.

Accordingly, Stratman requests that the Court extend the briefing deadline to 2007, and limit the parties' briefing to the issues set forth above, and give Stratman an opportunity to file additional briefing regarding the issues that go to the merits of his claim. In view of the numerous issues involved, and the fact that Stratman will be responding to memoranda filed by each of the defendants, Stratman requests that the Court suspend the page restrictions that would normally apply to his opposition.

RESPECTFULLY submitted this 9th day of March, 2007.

s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 N Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that *OMAR STRATMAN'S*
*MOTION TO STRIKE* was served electronically
on the 9th day of March, 2007, on Bruce M. Landon,
R. Collin Middleton, and John R. Fitzgerald.

s/Michael J. Schneider