Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LEISNOI, INC., KONIAG, INC., and ) | |
| DIRK KEMPTHORNE, Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| _____) | |
| ) | |
| KONIAG, INC., ) | |
| ) | |
| Counter-claimant, ) | Case No.: 3:02-cv-0290 (JKS) |
| ) | |
| v. ) | |
| ) | |
| OMAR STRATMAN, ) | |
| ) | |
| Counter-claimed ) | |
| Defendant. ) | |
| _____) | |

**OMAR STRATMAN'S MOTION TO STRIKE OR STAY LEISNOI'S MOTIONS TO DISMISS, AND REQUEST FOR CLARIFICATION OF THE COURT'S ORDER OF JANUARY 18, 2007**

Over the course of the last week, Leisnoi filed five (5) separate and successive motions for dismissal of this action, alleging several different grounds for dismissal. (Dks. 107, 109, 111, 118-1, 120). Of these five motions, only the last motion, filed on March 1, 2007 (Dk. 120), is responsive to this Court's order of January 18, 2007, which directed the defendants to each file a motion to dismiss for lack of jurisdiction, specifically addressing the issues outlined in the Court's order. (Dk. 103).

The other four motions are completely unrelated to the issues outlined in the Court's order. This was noted by Leisnoi itself in its fifth, responsive motion:

> Leisnoi has filed a series of motions addressing a number of reasons the Court lacks subject matter jurisdiction, such as *res judicata*, collateral estoppel, lapsing of the statute of limitations, lack of administrative standing, lack of judicial standing, and mootness due to the FRITLA ratification.

(Dk. 120, p. 6 n. 2).

Leisnoi's filing of these multiple motions violates the spirit, if not the letter, of the Court's order of January 18, 2007. As the Court will recall, Stratman had initially moved for a status conference in order to, among other things, establish a briefing schedule, based on the filing of motions and cross-motions for summary judgment, or some other procedure defined by the Court. (Dk. 97) Leisnoi responded to Stratman's motion by

jurisdictional issues regarding review of the Secretary's decision. (Dk. 103). The defendants were directed to file separate motions to dismiss for lack of jurisdiction, addressing the specific issues outlined in the Court's order. Stratman was to file an opposition to these motions within 30 days, and the defendants were to file replies within 15 days.

Implicit in the Court's order, as Stratman understands it, was that any further proceedings on Stratman's claim would be held in abeyance pending the determination of the jurisdictional issues outlined in the Court's order. Also implicit in the Court's order is that if the Court subsequently concludes that it has jurisdiction, it will hold a status conference to establish a briefing schedule to address the remaining issues in this case.

Leisnoi's filing of these multiple motions to dismiss is precisely the type of multiplicitous briefing and piece-meal litigation that Stratman sought to avoid when he moved to establish a briefing schedule. As was noted in Stratman's motion for a status conference, the specified procedure under Local Rule 16.3(c), which governs all appeals to the District Court under the APA, provides for the filing of the parties' "principal briefs" in the form of motions and cross-motions for summary judgment.

For the foregoing reasons, Stratman requests that the Court strike the four motions to dismiss filed by Leisnoi (Dks. 107, 109, 111, 118-1) that are unrelated to the issues outlined in the Court's order of January 18, 2007, without prejudice to Leisnoi's right to re-

until further order of the Court. Stratman requests that these motions be stricken, rather than stayed, so that they can be re-filed by Leisnoi as a single brief, in conformity with the requirements of any subsequently ordered briefing schedule. As noted above, Local Rule 16.3(c) provides for the filing of the parties' "principal briefs" in the form of a motion or cross-motion for summary judgment. There is no reason why Leisnoi cannot combine and include the arguments presented in its four individual motions to dismiss in the form of a single motion or cross-motion for summary judgment. The elimination of such multiple filings by a single party is of even greater importance in this multi-party action. Stratman must already now respond to three separate filings by three separate defendants. Requiring Stratman to respond to multiple filings by each party, without regard to the number of other motions filed by the other parties, would not only strain the Court's and Stratman's time and resources, but would needlessly complicate the briefing and determination of the remaining legal issues presented in this action.

For the same reasons, Stratman also requests that the Court stay the filing of any further substantive motions, by any of the parties, pending the briefing and determination of the jurisdictional issues identified in the Court's order of January 18, 2007.

As a related matter, Stratman also seeks clarification of the Court's order of January 18, 2007 regarding the issues that the Court wishes to be briefed and determined in the context of the motions to dismiss for lack of jurisdiction that it directed the defendants to

1) whether the Court has jurisdiction under the APA to review the Secretary's decision, notwithstanding IBLA's determination that it lacked subject matter jurisdiction over Stratman's challenge, in view of the Secretary's legal conclusion that IBLA had subject matter jurisdiction and that the Secretary's review of IBLA's decision was mandatory, not discretionary.

2) whether the Court has jurisdiction over Stratman's APA challenge in view of the Secretary's determination that Congress "mooted" Stratman's challenge by enacting ANILCA Section 1427.

3) in the event the Court finds that it has jurisdiction to review the Secretary's decision in the context of Stratman's APA action, whether the Chevron deference standard of review applies in reviewing the Secretary's decision and determining the merits of Stratman's APA claim.

4) in the event the Court finds that it has jurisdiction to review the Secretary's decision in the context of Stratman's APA action, and that the Chevron deference standard of review applies to the Secretary's decision, whether Chevron deference requires the Court to accept the Secretary's interpretation of ANILCA Section 1427, and his conclusion that Congress mooted Stratman's challenge by enacting that statute.

The first two issues clearly relate to the preliminary question of whether the Court has jurisdiction to review the Secretary's decision in the context of Stratman's APA

standard of review, is one of the primary issues to be determined in adjudicating the merits of Stratman's challenge to the Secretary's decision, and comes into play only after this Court determines that it has the jurisdiction to review the Secretary's decision, under any applicable standard of review. The fourth issue, of whether <u>Chevron</u> deference, if it applies at all, requires the Court to accept and affirm the Secretary's decision, goes straight to the heart of Stratman's challenge. Whether or not the Secretary's decision is based on a permissible construction of ANILCA Section 1427, and whether or not it must be accepted under <u>Chevron</u>, are key issues in determining the merits of Stratman's APA challenge, and require the examination of both the statutory language of ANILCA Section 1427 and the analysis and interpretation of the statute adopted by the Secretary. As such, these last two issues are unrelated to the first two preliminary jurisdictional issues, and go directly to the merits of Stratman's APA challenge to the Secretary's decision.

In its order of January 18, 2007, the Court directed the defendants to file a motion to dismiss for lack of jurisdiction, and imposed a briefing schedule that was consistent with the defendants' burden in bringing such a motion. The defendants were allowed to file both an opening and a reply brief, while Stratman was to file a single brief in opposition to their motions. While this briefing schedule may be appropriate with regard to the first two jurisdictional issues outlined above, it may not be appropriate with regard to the last two issues, which go to the merits of Stratman's APA challenge, and for which Stratman bears

because Koniag believes its positions are interrelated.  Koniag, as we understand it, has no objections to Stratman filing a single brief in return, and is willing to move Mr. Stratman's briefing deadline back an additional week in consideration of the additional time sought by Koniag.  The parties are working toward a stipulation along these lines, although a stipulation has not yet been agreed to by all concerned.  Mr. Stratman's concern is that the stipulation that the parties may reach does not necessarily address all of his concerns set forth above, and the stipulation may not be consistent with the intent of this Court's January 18, 2007, order.

Accordingly, Stratman requests that the Court either clarify its order of January 18, 2007, and limit the parties' briefing to the jurisdictional issues outlined above, or allow Stratman an opportunity to file additional briefing, consistent with his burden of proof, with regard to the issues that go to the merits of his claim.  In view of the numerous issues involved, and the fact that Stratman will be responding to separate motions and memoranda filed by each of the defendants, Stratman also requests that the Court suspend the page restrictions that would normally apply to his opposition.

RESPECTFULLY submitted this 9th day of March, 2007.

s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501

***MOTION TO STRIKE*** was served electronically
on the 9th day of March, 2007, on Bruce M. Landon,
R. Collin Middleton, and John R. Fitzgerald.

s/Michael J. Schneider