John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. A02-0290 CV (JKS) |
| versus ) | |
| ) | |
| LEISNOI, INC., KONIAG, INC., and ) | LEISNOI, INC.'S OPPOSITION |
| DIRK KEMPTHORNE, SECRETARY OF ) | TO MOTION TO STRIKE |
| THE INTERIOR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Court ordered that by March 22, 2007, "Defendants shall file their motions to dismiss on jurisdictional grounds." Leisnoi timely complied with this order. Stratman now contends they should be stricken because he theorizes Leisnoi should instead have filed a motion for summary judgment. But this Court ordered Leisnoi to file motions to dismiss addressing jurisdiction. Leisnoi did just that. It filed five discrete Rule 12(b)(1) motions, each addressing a separate reason this Court lacks subject matter jurisdiction:

1. Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Lack of Standing;

2. Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Statute of Limitations has Lapsed to Challenge the 1974 Village Eligibility Decision;

3. Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Mootness Resulting from Congressional Ratification in the Federally Recognized Indian Tribe List Act;

4. Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Administrative Finality and Collateral Estoppel;

5. Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Congressional Ratification through ANILCA has Mooted this Controversy.

Stratman has failed to establish any valid basis to strike any of these pleadings. He is mistaken in contending that these motions "violate[] the spirit, if not the letter of the Court's order of January 18, 2007." The Court ordered the parties to address jurisdictional issues, and Leisnoi has done so in conformity with both the letter and spirit of that Order.

If this Court lacks subject matter jurisdiction, then it cannot take any further action other than dismissing the suit. So the initial focus should be on whether the Court has jurisdiction. The Court recognized this by ordering that initial briefing be limited to jurisdictional issues. Leisnoi's motions, filed pursuant to this Court's order, demonstrate why the Court lacks subject matter jurisdiction. They are procedurally correct, legally valid, timely-filed, persuasive motions that demonstrate a host of reasons Stratman's failed challenge must be thrown out of court at this juncture. Although Stratman states that in the last page of his motion to strike that he is anxious "to file additional briefing ... [regarding] the merits of his claim", in fact, the Court properly restricted its focus at this time to whether it has jurisdiction. If it has no jurisdiction, there is nothing further to discuss.

The 12(b)(1) motions that Leisnoi filed dissect the corpses of three successive failed legal challenges against Woody Island or its corporation, Leisnoi, Inc., from which no appeal was

taken. The motions demonstrate why the failure of any appeal to have been taken from these rulings deprives the Court from jurisdiction to address "the merits of his claim."

For example, the lack of any appeal having been taken from the final order dismissing challenges to the certification of the Native Village of Woody Island in *In re Woody Island*, ANCAB No. VE74-46, gives rise to application of the doctrine of collateral estoppel that moots Stratman's claim. The decertification issues were all resolved in favor of Woody Island, and those issues cannot be re-litigated herein.

Stratman is no doubt embarrassed that he failed to appeal from the denial of his challenge against Woody Island in *Appeal of Omar Stratman*, ANCAB No. LS 77-4C, which triggers application of the doctrine of administrative finality. The Court should be mindful that the ruling in that case was that Omar Stratman lacks administrative standing. That holding, and the predicate finding of village eligibility, cannot now be challenged again by Omar Stratman, who neglected to appeal after he lost the administrative challenge. Leisnoi has moved to dismiss the claims of this individual who claims to be an APA claimant on the grounds that he lacks administrative standing. Particularly now that his grazing lease has expired, Stratman must realize the gravity of his admission before ALJ Sweitzer that he lacks any cognizable property interest that would be affected in any way by a certification decision. That admission deprives him of standing. See, 43 CFR 4.410(a), (d), (e). Having failed to appeal from the ruling that he lacks administrative standing, Stratman cannot blithely ignore the ANCAB ruling that he lost and Woody Island won.

Stratman by now has come to understand that he next committed a blunder of monumental proportions when he failed to appeal from the Final Judgment that was entered in

the 1976 case, A76-132 CIV. He thereby allowed the statute of limitations to lapse. After having worked so hard to keep his 1976 case caption over the years, even filing Rule 60(b) motions and taking multiple appeals to the Ninth Circuit, Stratman foolishly allowed a Final Judgment entered in that case to go unappealed, even though the Judgment did not give him any of the decertification relief he had sought. Although the problem originated with a good-faith mistake by the Court in entering a Final Judgment rather than retaining jurisdiction and issuing a stay order as mandated *U.S. v. Henri*, 828 F.2d 526 (9th Cir.1987), the responsibility for timely notifying the Court of that error lay with Stratman, who hoped to return to Court without being barred by the section 1632 two-year statute of limitations. Stratman neglected to discharge that responsibility. The consequence of his neglect must now be borne by him. His latest suit, which bears a 2002 case caption, is barred by the two-year statute of limitations set forth in ANCSA section 1632, and cannot be used as a vehicle to challenge the 1974 certification of the Native Village of Woody Island.

So Stratman wants to sweep under the rug, and not have to address, these many reasons the Court lacks subject matter jurisdiction. He wants to strike motions demonstrating the lack of jurisdiction so he can instead proceed to brief "issues that go to the merits of his claim." Motion to strike at page 7. Stratman apparently fails to realize that if the Court lacks jurisdiction, his suit is dead whether or not there ever were "merits" to his claim.

This Court did not order the parties to address only the lack of jurisdiction resulting from Leisnoi's inclusion by name in section 1427 of the Alaska National Interests Lands Conservation Act. And the Court did not restrict the parties to filing only one motion. Note how Stratman mischaracterizes this Court's Order at page 2 of his motion: "[T]his Court's order of January 18,

2007 … directed the defendants to **each** file **a** motion to dismiss for lack of jurisdiction…" In fact, the Court's order states "Defendants shall file their **motions** to dismiss on jurisdictional grounds." Leisnoi's motions do seek dismissal on jurisdictional grounds. Stratman simply doesn't want to have to address the many jurisdictional defects infecting his case.

There is nothing wrong with Leisnoi having filed 12(b)(1) motions that each address a discrete basis for the lack of subject matter jurisdiction. This Court did not direct that the parties have to file an omnibus motion. In fact, it is easier to have distinct, discrete motions with supporting exhibits specific only to the issues raised in the particular motion. It is also easier for the Court and the litigants to track the arguments and the rulings when each particular jurisdictional defect is addressed separately in its own motion. It is more difficult for Stratman to avoid addressing particular jurisdictional defects when the issues are addressed separately rather than in a shotgun style.

Stratman wants to pick and choose which jurisdictional defects should be addressed so he can hop like a frightened bunny right to what he considers to be "the merits of his claim." But any one of the five motions can dispose of the case. The Court, not litigant Stratman, gets to choose the grounds it will invoke in dismissing this suit. The Court may wish to dispose of this case on the grounds that section 1427 of ANILCA has ratified Woody Island's prior certification thus mooting the case. The Court may find that the degree of deference that must be given to the Secretary is so high that it must follow the reasonable ruling Secretary Kempthorne made after the formal adjudication.[1] Or the Court may wish to rely on the FRITLA congressional

---

[1] See, *New West Materials LLC v. Interior Board of Land Appeals*, 398 F.Supp.2d 438 (E.D.Va.2005) ("[T]he IBLA's decision must be upheld unless it is determined that the decision is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' …[A] reviewing court is not free to substitute its judgment for

ratification. The Court may wish to invoke the statute of limitations to bar this 2002 suit, or it may find that dismissal is mandated by operation of the doctrines of administrative finality or collateral estoppel. Leisnoi has provided this Court with various persuasive legal reasons by which this Court can dispose of this case on jurisdictional grounds and send Stratman packing to the Ninth Circuit for the last time.

If Stratman wants to file an omnibus opposition, that will be his choice. But he acts at his own peril if he fails to address all the jurisdictional defects Leisnoi pointed out to this Court. If he feels the need to exceed the briefing page limits, then he is free to file a motion for leave to do so.

Stratman's theory that the jurisdictional briefing is restricted just to whether ANILCA section 1427 moots his challenge finds no support in the Court's January 18th Order. The Court simply instructed the defendants to "file their motions to dismiss on jurisdictional grounds." The Order did not restrict defendants to "file motions to dismiss on the grounds of 1427 of ANILCA."

While the Court did ask the parties to address certain issues, such as *Chevron* deference, and whether that deference is so strong that, in effect, the Court must accept the Secretary's conclusion that section 1427 moots Stratman's challenge, Stratman is mistaken in his contention that those are the only issues the Court allowed the parties to brief. In fact, the Court was quite clear in stating it wanted these issues addressed "[i]n addition to any other questions that the

---

that of the agency, 'but is obliged to accept the agency's position if …the agency's interpretation is reasonable.' … And importantly, the Supreme Court has also made clear that this deference extends to the resolution of statutory ambiguities which, as here, were arrived at through formal adjudication."

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Opposition to Motion to Strike
Page 6

1200053v1

parties wish to address." Leisnoi wished to address the other jurisdictional flaws, and there is no basis to strike the briefing that demonstrates the numerous other reasons jurisdiction is lacking.

It makes no sense for the Court to refrain from considering whether it has subject matter jurisdiction, since if it has no such jurisdiction, as Leisnoi has demonstrated is the case, it has no authority to take any action on Stratman's challenge. And if this Court were to shirk from its responsibility to evaluate whether it has subject matter jurisdiction, as Stratman asks it to do in his motion to strike, then the Ninth Circuit would have to address jurisdictional infirmities as its first order of business in any appeal, just as it did when Stratman pursued his failed interlocutory appeal after Final Judgment was entered in Case A76-132. In fact, Stratman seems to be repeating his mistakes of the past, just as he did in that failed interlocutory appeal, Case No. 95-35376, where he asked the court to address the merits, and the court had to remind him that its first order of business is determining whether it has jurisdiction. Just as the entry of Final Judgment in A76-132 deprived the federal court of jurisdiction over the interlocutory appeal in that case, so too, it deprives the federal court of jurisdiction in this case, which comes far beyond the two-year deadline mandated by ANCSA.

Nor is there any need for a status conference just so Stratman can bloviate. The first priority for this Court is to determine if it has subject matter jurisdiction. While the ANILCA section 1427 ratification is a significant jurisdictional defect, that is not the only reason jurisdiction is lacking. Stratman's invitation for the Court to put on blinders and not examine the other reasons jurisdiction is lacking will not promote judicial economy, but could instead lead to needless briefing on substantive issues when the Court has no jurisdiction to consider such

issues, as was the case in Stratman's failed interlocutory appeal that the Ninth Circuit dismissed on April 19, 1996.

Stratman himself notes at page 6 of his motion that the issue of *Chevron* deference "comes into play **only after this Court determines that it has** the **jurisdiction** to review the Secretary's decision…" (emphasis added)  The Court must determine whether it has jurisdiction to review the Secretary's decision, and in doing so, this Court should consider the jurisdictional issues Leisnoi briefed in its 12(b)(1) motions.

As this Court can readily see, there are a number of reasons jurisdiction is lacking, any one of which mandates dismissal.  Stratman's theory that the Court should put off to another day determining whether it has jurisdiction is, quite frankly, nonsensical.

The Court was wise to restrict motion practice at this juncture just to jurisdictional issues. Stratman should stop wasting this Court's time and that of the defendants by trying to skirt around the jurisdictional flaws infecting his case.  He should address the five Rule 12(b)(1) motions within the deadline set by this Court,[2] whether he chooses to file one brief addressing all the issues, or to address each motion separately.  This case is ripe for dismissal because jurisdiction is lacking.

---

[2] If Koniag and Stratman reach a stipulation to push the briefing schedule back one week, Leisnoi will not object.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Opposition to Motion to Strike
Page 8

1200053v1

WHEREFORE, the Court should DENY the Motion to Strike.

DATED this 12th day of March, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald