R. Collin Middleton, Esq.
Middleton & Timme, P.C.
421 West First Ave., Ste. 250
Anchorage, Alaska  99501
Ph:  907-276-3390
Fax:  907-276-8238
Email:  cmiddleton@middletontimme.com

Counsel for Defendant, Koniag, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. A02-0290 CV (JKS) |
| ) | |
| LEISNOI, INC., KONIAG, INC., and ) | |
| GALE A. NORTON, Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### RESPONSE TO STRATMAN'S MOTION TO
### STAY OR STRIKE AND REQUEST FOR CLARIFICATION

Koniag believes this Court's Order of January 18, 2007 (Docket 103) was quite broad.  This Court stated, "[i]n addition to any other questions that the parties wish to address, they shall consider the following."  There follows a series of issues.

In keeping with what Koniag perceives as the meaning of this Court's statement of what the parties "shall consider" and of "in addition to any other questions," Koniag is prepared to file Motions to Dismiss pursuant to FRCP 12(b)(1) and (6).  The motions will consist of two interrelated issues.

RESPONSE TO STRATMAN'S MOTION TO STAY OR STRIKE                 1
A02-0290-CV (JKS)

First, Koniag will argue that, as the Secretary determined because of the Koniag Amendment to the Alaska National Interest Lands Act, at Section 1427, Leisnoi's and Woody Island's status as an Alaska Native Village was Congressionally ratified. In doing so, Koniag will urge that the Secretary's determination is entitled to deference and discuss the cases and their progeny set forth by the Court.

Second, Koniag will argue that Congress further ratified Leisnoi and Woody Island as an ANCSA Village in the Federally Recognized Indian Tribal Entities List Act.[1] The reasons why that Act ratified Leisnoi's and Woody Island's ANCSA Native Village status overlap some of the reasons for the ratification by the Koniag Amendment.[2]

Since one of the <u>Chevron</u> tests for deference due the Secretary's actions includes the reasonableness of his decision, Koniag intends to brief the ratification issue on its merits. Since they are interrelated, Koniag will also brief the Tribal List on its merits, as well.

Koniag, thus, intends to file two motions for these two issues[3], but one common brief for the two. Koniag has absolutely no objection to Stratman doing the same, and to the extent Stratman wishes to include opposition to the similar motions by Leisnoi, Koniag has no objection either. And, finally, Koniag has and will raise no objection if Mr. Stratman's common brief or single brief is longer than 50 pages.[4]

---

[1] 25 U.S.C. §479 (1994).

[2] The Secretary did not reach the consequences of the List Act, presumably because he found the ratification in the Koniag Amendment sufficient. There is, thus, no final agency action on that issue.

[3] There are other issues. That APA Appeal may not permit certain of the requested remedies sought by Mr. Stratman. Since it is a long way to remedy unless this Court disagrees, Koniag does not believe this is the appropriate time for that briefing.

[4] D. Ak. LR 10.1(l).

RESPONSE TO STRATMAN'S MOTION TO STAY OR STRIKE         2
A02-0290-CV (JKS)

Koniag has no position to take on the appropriateness of Leisnoi's other motions within the context of this Court's Order at Docket 103. They do seem to be issues ripe for resolution at this time in this case. Ultimately, if all these motions fail, as Mr. Stratman hopes, this Court would then decide the legal and factual issues of Leisnoi's and Woody Island's certification. The Secretary never reached that issue, reasonably believing the Congressional ratification in the Koniag Amendment mooted the certification issue.[5]

Koniag has no objection to a status or other conference.[6] It is significant that all parties know what the Court expects at this time in this case.

DATED at Anchorage, Alaska this _____ day of March, 2007.

MIDDLETON & TIMME, P.C.

Attorneys for Defendant
Koniag, Inc.

By /s/ R. Collin Middleton_____
    ABA #6803015
    421 West First Ave., Ste. 250
    Anchorage, AK  99501

---

[5] Arguably, there is consequently no final agency action on certification either, but that also seems an issue to be taken up later.

[6] D. Ak. LR 16.1(d).

RESPONSE TO STRATMAN'S MOTION TO STAY OR STRIKE                    3
A02-0290-CV (JKS)

<u>Certificate of Service</u>
The undersigned certifies that the
Response to Stratman's Motion to Stay or Strike
and Request for Clarification was served
by mail on this ____ day of March, 2007.

Bruce M. Landon
Department of Justice
Environment & Natural Resources Division
801 "B" Street, Suite 504
Anchorage, Alaska  99501-3657

John R. Fitzgerald, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181

Michael Schneider, Esq.
880 "N" Street, Suite 202
Anchorage, Alaska  99501

<u>/s/ R. Collin Middleton</u>