John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> versus ) <br> ) <br> LEISNOI, INC., KONIAG, INC., and ) <br> DIRK KEMPTHORNE, SECRETARY OF ) <br> THE INTERIOR, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. A02-0290 CV (JKS) <br><br> LEISNOI, INC.'S RESPONSE <br> TO MOTION <br> TO RECALL FROM ARCHIVES <br> CASE A76-132 CIV |

Stratman seeks to have the 1976 case, A76-132 CIV, return to this Court like a bad penny.  While Leisnoi has no objection to the physical file being recalled from archives, Leisnoi is unwilling to share any costs associated with the file retrieval.  If Stratman wants something from the file, he can either fly down to Seattle and get it, or pay to have it shipped up to Anchorage.  Leisnoi has no intent of funding his legal costs, and Stratman has not shown any legal basis to hold Leisnoi responsible for gathering pleadings that Stratman's lawyer should already have in his possession.

Nor does Leisnoi agree with Stratman's self-serving, conclusory, false allegation that this case is a "continuation" of the 1976 case.  It is not.  The 1976 case ended, without Stratman ever

Leisnoi, Inc.'s Response to Motion to Recall from Archives Case A76-132
*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)

Page 1

1192452v1

achieving his long-sought goal of decertifying the Native Village of Woody Island, when a Final Judgment was entered on November 21, 1995.

Stratman foolishly failed to preserve his 1976 suit, which had been filed within two years of Woody Island's certification. He thereby allowed the two-year statute of limitations to lapse. He failed to advise the Court of the proper procedure it had to follow if it were to preserve jurisdiction so as to "continue" with his 1976 suit. He neglected to request the Court adhere to the requirements of *U.S. v. Henri,* 828 F.2d 526, 528-29 (9th Cir. 1987). Having dropped the ball, failed to appeal from the Final Judgment, learned that the Ninth Circuit agrees with Leisnoi about the jurisdictional-stripping consequences of entry of that Final Judgment, and having then failed to seek Rule 60(b) relief, Omar Stratman cannot use this 2002 suit as a surrogate, proxy, or hand-maid for a timely-filed suit. This is a whole new action, challenging the 2006 decision by Secretary Dirk Kempthorne. It comes decades too late to challenge the 1974 certification of Woody Island. It is not a "continuation" of a case that ended in Final Judgment more than eleven years ago.

DATED this 29th day of March, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

Leisnoi, Inc.'s Response to Motion to Recall from Archives Case A76-132
*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)

Page 2

1192452v1

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 27, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

            /s/ John Richard Fitzgerald

Leisnoi, Inc.'s Response to Motion to Recall from Archives Case A76-132
*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)

Page 3

1192452v1