IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>               Plaintiff,<br><br>  vs.<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the Interior,<br><br>               Defendants. | Case No. 3:02-cv-00290-JKS<br><br>O R D E R |

       This is one of the oldest cases on this Court's docket that is still pending. It grows out of litigation almost thirty years old. It was stayed for a number of years awaiting action by the Secretary of the Interior on a challenge to a prior certification of a native village under the Alaska Native Claims Settlement Act ("ANSCA"). Essentially, Plaintiff contends that ANSCA required that a village have a minimum number of residents as of a date certain and the village in question did not. Eventually, the Secretary decided the challenge concluding that the issue was rendered moot by congressional action recognizing the village. *See* Docket No. 96, Attachment 1 (Decision dated December 20, 2006). Under this view it did not matter whether the village was or was not properly certified initially, because subsequent congressional action had validated it.

       Plaintiff then sought a status conference to establish a briefing schedule. Docket No. 97. The Court was concerned that this case had been pending too long and that every effort should be made to bring it as rapidly to conclusion as was humanly possible. With this in mind, the Court authorized Plaintiff to file an amended complaint adding a claim seeking judicial review of the Secretary's most recent decision. Recognizing that the Defendants have always believed that this

Court lacked jurisdiction to hear such a claim, the Court established a briefing schedule for motions to dismiss the complaint, which were virtually certain to be filed. Docket No. 103. The Court did not intend to limit the issues that could be debated, and thought it left the parties free to brief any issues that interested them. The Court's comment was made in the expectation that while there were no doubt issues that interested the parties, the parties might be interested in those issues that interested the court. Finally, the Court was of the view that there was a high likelihood, though not a certainty, that the Court would follow the Secretary, conclude that it had jurisdiction, that no relevant statute of limitations had run, and that the merits of the Secretary's decision would have to be reached. Certainly the parties would be free to argue jurisdiction and statutes of limitations, but given the likelihood of success, the ultimate resolution of this case would be advanced if the parties briefed the merits at the same time. Given the nature of the Secretary's decision this should not be a difficult task. (The Court assumes that the parties briefed the issues decided by the Secretary in those proceedings and that no new ground need be plowed here.)

The Court agrees with Plaintiff that it might have been more efficient if each Defendant filed a single motion/brief addressing all of the issues of concern to that party, but apparently that was not done. The Court will allow Plaintiff to file a single omnibus opposition to all motions to dismiss and in so doing exceed the page limits otherwise in force. Each Defendants shall, however, be limited to a single reply, which may only address new matter raised for the first time in Plaintiff's opposition.

**IT IS THEREFORE ORDERED**:

The motion to strike at **Docket No. 126** is **DENIED**. The motion for clarification at **Docket No. 126** is **GRANTED**. This Order provides the clarification. The unopposed motion for extension of time to file a response at **Docket No. 135** from the Government is **DENIED as MOOT**, since no response is now necessary. The unopposed motions at **Docket Nos. 132** and **134** are **GRANTED IN PART** and **DENIED IN PART**. The additional Defendants' motions to dismiss are due **Monday, April 16, 2007**, and Plaintiff may have until **Wednesday, May 16, 2007** to answer all motions to dismiss. Plaintiff may file a single omnibus opposition not to exceed 75

ORDER

pages to all pending motions to dismiss. Defendants may then have until **Thursday, May 31, 2007** to reply, as explained above. The Government's motion for extension of time to answer the amended complaint at **Docket No. 125** is **GRANTED IN PART** and **DENIED IN PART** and the answer will be due **Friday, June 1, 2007.** Finally, Plaintiff's unopposed motion at **Docket No. 136** to recall the file in case number A76-132 CV (JKS) from archives in Seattle is **DENIED as MOOT**. This request should be made directly to the Clerk's office in Anchorage.

Dated at Anchorage, Alaska, this 2nd day of April, 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER