Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEISNOI, INC., KONIAG, INC., and )<br>DIRK KEMPTHORNE, Secretary of the )<br>Interior, )<br>)<br>Defendants, )<br>)<br>_____)<br>)<br>KONIAG, INC., )<br>)<br>Counter-claimant, )<br>)<br>v. )<br>)<br>OMAR STRATMAN, )<br>)<br>Counter-claimed )<br>Defendant. )<br>_____) | Case No.: 3:02-cv-0290 (JKS) |

**AFFIDAVIT OF MICHAEL J. SCHNEIDER IN SUPPORT OF OMAR STRATMAN'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE THROUGH MONDAY, JUNE 11, 2007**

-1-

STATE OF ALASKA          )
                         )ss.
THIRD JUDICIAL DISTRICT  )

    Michael J. Schneider, upon his oath, deposes and states as follows:

1. It is a matter of considerable personal and professional embarrassment to me that I find myself in the position of having to seek an extension to respond to the various motions (Docket Nos. 107, 108, 109, 110, 111, 112, 117, 118, 118-1, 119, 120, 121, 143, 144, and 145) now before the Court.

2. Some of the reasons that place me in the unfortunate position of making this request are as follows:

    a. I am a sole practitioner assisted by one administrative assistant and one office manager/investigator/paralegal. I have an extremely active practice, and I had a number of matters with existing deadlines in progress when this case returned to life approximately the first of this year. Eric Cossman, Esq. is assisting me in getting this briefing done. Mr. Cossman had pre-existing professional commitments as well.

    b. Koniag has rekindled litigation focusing upon the "1990 Settlement Agreement" in state court (Koniag, Inc. v. Omar Stratman, Case No. 3AN-03-08138 CI). I have spent just under 20 hours refamiliarizing myself with the issues in that case, researching potential counterclaims and related causes of action, filing motions, and preparing to file others in defense thereof.

    c. My wife and I had, for many months in advance, scheduled a family vacation to Michigan to, among other things, attend a wedding (Grand Rapids, Michigan on May 26, 2007). We departed Anchorage on May 22, 2007, and

    did not return until May 29, 2007.  This trip was preceded by a round-trip to Seattle to attend a successful mediation in a significant case wherein I was co-counsel for plaintiff (<u>John Bartels v. Richard Gardner et al.</u>, Case No. 3:06-cv-184). For that trip, I departed on Sunday, May 20, 2007, and returned May 21, 2007.  Thus, I was essentially unavailable to work on this project May 20-29, 2007.

d.    Multiple drafts of our opposition addressing all motions except the "ANILCA Section 1427 implied repeal" issue had been prepared well in advance of my May 20, 2007, departure.  The "ANILCA Section 1427 implied repeal" issue had been briefed to the point of a substantial first draft and outline of the portions of our brief that had not yet been fleshed out.

e.    Finalization of our brief was impeded to some extent because the Administrative Record had not been fully set forth in the docket to date.  The Federal defendant filed what was described as the "Administrative Record" at Docket No. 150.  However, the filing contains only a fraction of the Administrative Record.  Tab G thereof is a letter from the undersigned to Scott Keep, Assistant Solicitor.  At Tab G, pp. 0217-0220, the undersigned summarily responds to each of Leisnoi's "key legal issues" by referring to earlier briefing, among other things.  That earlier briefing is nowhere included in the Administrative Record, now at Docket No. 150, nor is the briefing of the other parties relevant to the issues raised by Leisnoi.  We deem this briefing to be of more than passing importance to the Court's consideration of the various issues before it.  Consequently, the task of referring accurately to the

       record that exists, plus editing our brief to properly attach as exhibits important parts of the Administrative Record that have not yet been placed before the Court, has turned out to be a bigger project requiring more time than we expected.

    f.     While approximately half of the file arrived in Anchorage by May 8, 2007, the file in A76-0132 CV (JKS) was not received in its entirety until mid May, only a few days before my absence from the state. While our own file copies were adequate to address matters from approximately 1993 forward, we needed to review earlier materials to confirm certain factual assertions and docket characterizations contained in our briefing, and thus required receipt of the entire file in Anchorage before our briefing could be finalized.

    g.     As the Court is painfully aware, many of the issues now rekindled by Leisnoi (and, to a lesser extent, Koniag) were extensively briefed in 1995. However, there was additional briefing before the administrative agency that occurred in many rounds (approximately 12/8/98, approximately February/March/April 1999, approximately January 31, 2000, approximately April/May/July 2000, December 2002, and April 2003). Virtually all of this material had to be re-read, considered, edited, or disregarded for use in response to these existing motions.

3.     Despite the above, the undersigned was reasonably confident that this project would be finished such that we could, by midnight, May 30, 2007, file all of our briefs with this Court, including our cross-motion for summary judgment. Per informal agreement with Koniag's counsel, while our cross-motion will seek the Court's

confirmation and enforcement of Leisnoi's decertification, it will not, at this stage of the briefing, seek further remedies. Our informal understanding was to the effect that briefing on further remedies would await a later date.

4. Upon phone inquiry from Seattle made May 29, 2007, it became obvious that we simply were not going to "get there" by May 30, 2007, and it would thus be necessary to make this motion.

5. We seek an extension through June 11, 2007, in the good faith, hope, and belief that we can meet the extended deadline as to all issues currently before the Court. We intend to file our cross-motion by the requested extended deadline.

6. While I sincerely apologize for this delay (Lord knows that this case needs no more of it . . .), we can assure the Court that our work product will be considerably more true to the law of the Circuit than the Secretary's epistle of last December, which we all waited over four years to receive.

7. In light of the policy concerns expressed in Federal R. Civ. P. 1 and the considerations above, I ask that, should the Court believe that a sanction of some type is appropriate for the delay that I have unintentionally caused, the sanction be visited upon the undersigned personally and that my client, Mr. Stratman, not suffer financially or with regard to his rights herein as a consequence of my failings. FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this 30th day of May, 2007, in Anchorage, Alaska.

        s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that the **AFFIDAVIT OF MICHAEL J. SCHNEIDER IN SUPPORT OF OMAR STRATMAN'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE BRIEFS THROUGH MONDAY, JUNE 11, 2007** was served electronically on the 30th day of May, 2007, on Bruce M. Landon, R. Collin Middleton, and John R. Fitzgerald.
s/Michael J. Schneider