John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br> Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and<br>DIRK KEMPTHORNE, SECRETARY OF<br>THE INTERIOR,<br><br> Defendants. | Case No. A02-0290 CV (JKS)<br><br>LEISNOI, INC.'S<br>CONDITIONAL NON-OPPOSITION<br>TO OMAR STRATMAN'S MOTION<br>FOR EXTENSION OF TIME WITHIN<br>WHICH TO FILE THROUGH<br>MONDAY JUNE 11, 2007 |

As a professional courtesy to opposing counsel, Leisnoi will not oppose his request for an extension through June 11, 2007 in which Omar Stratman may oppose the pending motions to dismiss for lack of subject matter jurisdiction.

But the proposed order Stratman submitted purports to authorize him to file "any cross-motion he wishes to make…" And in the body of the Michael Schneider affidavit, we learn that he apparently intends to use the requested extra time to draft a cross-motion that "will seek the Court's confirmation and enforcement of Leisnoi's decertification…" This relief is far askew from a simple extension of time to accommodate vacation plans and a busy practice of plaintiff's counsel.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi's Conditional Non-Opposition to Omar Stratman's Motion for Extension of Time
Page 1

1205267v1

The Court has only authorized briefing on jurisdictional issues at this stage of the proceeding, and expressly restricted plaintiff's filings to (1) an amended complaint; and (2) an opposition to motions to dismiss on jurisdictional grounds. In denying plaintiff's request for a status conference, the Court ruled on January 18, 2007 that plaintiff could amend his complaint, and then the defendants, within thirty days thereafter, "shall file their motions to dismiss on jurisdictional grounds. Within thirty days thereafter **Stratman may file an opposition** and within fifteen days thereafter Defendants may file replies." (emphasis added).

Although Mr. Stratman may want to start counting how many Natives were on Woody Island in 1970, such briefing goes to the underlying merits of Woody Island's certification, matters which this federal court cannot consider until it has determined whether it has jurisdiction. One of the key jurisdictional failings, of course, is that ANILCA legislation statutorily recognizing Leisnoi as a Native Village Corporation has mooted any underlying challenge to the certification of the Native Village of Woody Island.

This Court properly determined that it should first decide whether it has jurisdiction over Stratman's challenge to the certification of Woody Island before reaching the merits (or lack of merit) of the challenge. On April 2, 2007, it ordered that additional defendants' motions to dismiss would be due April 16, 2007, "**and plaintiff may have until Wednesday, May 16, 2007 to answer all motions to dismiss. Plaintiff may file a single omnibus opposition…**" (emphasis added). Again, as in its January 18th Order, the Court made no allowance for any cross-motions for alleged "confirmation and enforcement of Leisnoi's decertification."

The Court should restrict itself to questioning jurisdiction, and prohibit Stratman from forcing all parties to begin briefing the merits or lack of merit of his challenge.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi's Conditional Non-Opposition to Omar Stratman's Motion for Extension of Time
Page 2

1205267v1

**CONCLUSION**

If Omar Stratman is content to abide by the briefing plan this Court adopted, and restrict himself to opposing the motions to dismiss, then Leisnoi has no objection to the extension of time he has asked for through June 11th in which to submit his opposition. But Stratman has revealed his scheme to disregard this Court's decision to address only jurisdictional challenges at this stage of the litigation. His lawyer states that he plans to use the requested extra time to draft a motion purportedly for "confirmation and enforcement of Leisnoi's decertification…"[1] Leisnoi vigorously opposes any such substantive motion practice, and urges the Court not to use the proposed Order submitted by plaintiff. Any order extending the time in which plaintiff can oppose the pending motions should reiterate that Mr. Stratman is restricted to opposing the jurisdictional motions, and is not authorized to submit any cross-motions on substantive issues.

DATED this 31st day of May 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

---

[1] The Court will note that Stratman's motion is not for an "extension of time through June 11, 2007 to file oppositions", but rather, is vaguely phrased as a "motion for extension of time within which to file through Monday, June 11, 2007." In other words, the caption of the motion does not say what it is that will be filed. While Leisnoi does not oppose a motion for an extension of time to file an opposition, it very much opposes Stratman upsetting the briefing schedule to file substantive motions trying to decertify Leisnoi when the Court has not even yet made a threshold determination of whether it has jurisdiction.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi's Conditional Non-Opposition to Omar Stratman's Motion for Extension of Time
Page 3

1205267v1

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 31, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

                /s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi's Conditional Non-Opposition to Omar Stratman's Motion for Extension of Time
Page 4

1205267v1