Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| OMAR STRATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEISNOI, INC., KONIAG, INC., and | ) | |
| DIRK KEMPTHORNE, Secretary of the | ) | |
| Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| KONIAG, INC., | ) | |
| | ) | |
| Counter-claimant, | ) | Case No.:  3:02-cv-0290 (JKS) |
| | ) | |
| v. | ) | |
| | ) | |
| OMAR STRATMAN, | ) | |
| | ) | |
| Counter-claimed | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Stratman's Opposition to: 1)  Leisnoi's Motion to Dismiss at Docket No. 109
(re: Lack of Subject Matter Jurisdiction, Statute of Limitations), and Partial
Opposition to:  2)  Leisnoi's Motion to Dismiss at Docket No. 107 (Standing), and
3)  Leisnoi's Motion to Dismiss at Docket No. 118-1 (Administrative Finality)**

i

## TABLE OF CONTENTS/LIST OF EXHIBITS

I.    Introduction/Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

      A.    Nature and basis of Stratman's action as an APA claim . . . . . . . . . . . .  4

      B.    This action constitutes a continuation of the judicial
            proceedings in <u>Stratman I</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

            1.    This issue was already litigated, and determined against
                  Leisnoi by the Alaska Supreme Court, in Leisnoi's state quiet
                  title action against Stratman . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

      C.    The grounds and legal basis for Stratman's APA claim, and
            the nature and legal effect of the orders already issued in
            Stratman 1, under the provisions and framework of the APA . . . . . . . .  22

      D.    This Court has jurisdiction to review the decisions issued on
            remand  by the Secretary and IBLA  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  42

      E.    IBLA erroneously concluded that it lacked jurisdiction to
            conduct the remanded proceedings  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  43

V.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  49

## <u>List of Exhibits</u>

Exhibit A -    Excerpts of Record filed in Alaska Supreme Court appeal in <u>Stratman v.
               Leisnoi</u>, 969 P.2d 1139 (Alaska 1998)

Exhibit B -    Stratman's Appeal Brief filed in Alaska Supreme Court appeal in <u>Stratman
               v. Leisnoi</u>, 969 P.2d 1139 (Alaska 1998)

Exhibit C -    Leisnoi's Appellee's Brief filed in Alaska Supreme Court appeal in
               <u>Stratman v. Leisnoi</u>, 969 P.2d 1139 (Alaska 1998)

Exhibit D -    Stratman's Reply Brief filed in Alaska Supreme Court appeal in <u>Stratman
               v. Leisnoi</u>, 969 P.2d 1139 (Alaska 1998)

Exhibit E -    Alaska Supreme Court's decision in <u>Stratman v. Leisnoi</u>, 969 P.2d 1139
               (Alaska 1998)

## I.    Introduction/Summary of Argument

This opposition responds to Leisnoi's "Rule 12(b)(1) Motion to Dismiss re: No Jurisdiction under Administrative Procedures Act; Statute of Limitations has Lapsed to Challenge 1974 Village Eligibility Decision; and Whether Congress Ratified Woody Island's Eligibility is a Moot Issue."    Leisnoi's motion appears at Docket No. 109.    The corresponding memorandum in support of its motion appears at Docket No. 110.

This opposition also responds, in part, to Leisnoi's "12(b)(1) Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Lack of Standing."    Leisnoi's motion and supporting memorandum appear, respectively, at Docket Nos. 107 & 108.    This memorandum addresses the issue of whether Stratman has judicial standing to maintain his APA action.  The issue of whether Stratman had administrative standing to pursue his APA challenge is the subject of a separate, albeit brief, opposition to Leisnoi's motion.

This opposition also responds, in part, to Leisnoi's "12(b)(1) Motion to Dismiss  for Lack of Subject Matter Jurisdiction re: Doctrines of Administrative Finality and Collateral Estoppel."  Leisnoi's motion and supporting memorandum appear, respectively, at Docket Nos. 118-1 & 119.  This memorandum addresses the issue of whether Stratman's action is barred under the doctrine of administrative finality.  The issue of whether Stratman's action is barred by the doctrine of collateral estoppel is the subject of a separate opposition to Leisnoi's motion.

Lastly, this memorandum addresses the jurisdictional issues identified for briefing by the parties in this Court's order of January 18, 2007, Docket No. 103, including the issue of whether the Court has jurisdiction to review the decisions issued on remand by the Secretary of Interior and IBLA.

1

Leisnoi raises a number of arguments in support of its motion at Docket 110. Among other things, it argues that Stratman's current action, which was filed in 2002 following the (ostensible) completion of the remanded agency proceedings,[1] is barred by ANCSA's 2-year statute of limitations (43 U.S.C. § 1632(a)).    Leisnoi argues that this current action cannot be regarded as a continuation of Stratman's original 1976 action for purposes of the statute of limitations.    It argues that the 1976 action ("Stratman I") culminated in a "Final Judgment" dismissing Stratman's action on November 21, 1995.  It argues that, because the Court did not stay the action and retain jurisdiction, Stratman's current action cannot be regarded as a continuation of the proceedings in Stratman I.   It argues that Stratman should have appealed the 1995 judgment, and sought the reversal of the "final judgment" dismissing his action, and an appellate order directing the District Court to stay the action and retain jurisdiction pending the completion of the remanded agency proceedings.    Having failed to do so, Leisnoi argues that Stratman cannot "resurrect" his original 1976 action, and that his new action is now barred by ANCSA's 2-year statute of limitations.  Docket 110 at 3-7.  Leisnoi further argues that the doctrine of equitable tolling is not available to relieve Stratman of his failure to seek a timely appeal of

---

[1] Stratman filed this action in 2002, after the IBLA had issued its decision adopting the ALJ's recommended decision, which determined that Leisnoi was not qualified for eligibility as an ANCSA Native village.  At that time, Stratman believed that IBLA's decision represented the completion of the remanded agency proceedings, in accordance with the terms of this Court's order of remand and mandate issued on September 12, 1995, which specifically remanded Stratman's case "to the IBLA" for consideration of Stratman's challenge.  Ex. A, p. 102 (Order at p. 3).  However, Leisnoi subsequently moved for reconsideration of the IBLA's decision by the Secretary of Interior, which was granted by the Secretary, thereby prolonging the administrative proceedings.  The Court subsequently, on June 3, 2003, entered an order staying any further proceedings in Stratman's 2002 action pending the issuance of the Secretary's decision on reconsideration.  Docket 34.

the 1995 judgment of dismissal.  Docket 110 at 8-10.

In support of its motion at Docket No. 108, Leisnoi argues that Stratman's new action must also be dismissed on the ground that Stratman lacks judicial standing to maintain this action. In support of its motion at Docket No. 119, Leisnoi argues that Stratman's action is barred by the doctrine of "administrative finality," based on Stratman's failure to participate in the Department's original 1974 administrative proceedings regarding Leisnoi's eligibility.

As discussed below, Leisnoi misapprehends the nature and basis of Stratman's action, which is an APA claim against the Secretary of Interior, challenging the Secretary's *original 1974 decision* to approve Leisnoi's application for eligibility as an ANCSA Native Village.  Leisnoi also misapprehends the nature and effect of the orders that have already been already issued in "Stratman 1", including the District Court's order and "judgment" remanding Stratman's case to the IBLA for further administrative proceedings and dismissing his original action, as opposed to staying the action and retaining jurisdiction pending the completion of the remanded agency proceedings.

As discussed below, Stratman's current action must be regarded as a continuation of the proceedings in Stratman 1, the same as if the Court had stayed the proceedings in Stratman 1 and retained jurisdiction pending the completion of the remanded agency proceedings.  As such, all of the orders and matters that have already been litigated in Stratman 1 continue to apply with equal force in this action, and remain binding on the parties and the court under the doctrine of law of the case.  Many of the issues raised by Leisnoi have already been adjudicated and determined against Leisnoi, including the issues of whether Stratman has standing to pursue his APA challenge to the Secretary's

3

determination of Leisnoi's eligibility, and whether Stratman's action should be barred for failure to exhaust his administrative remedy, for failing to participate in the Department's original administrative proceedings regarding Leisnoi's eligibility.

The following analysis also serves to place the issues remaining in this case in their proper legal and procedural context, under the provisions and framework of the APA, and in view of the orders that were already issued by the District Court and Ninth Circuit Court of Appeals in Stratman 1.

## II.    Discussion

### A.    Nature and basis of Stratman's action as an APA claim

Although it has been referred to by the parties and the courts over the years as the "decertification" action, Stratman's action is actually an action against the Department of Interior brought under the Administrative Procedure Act ("APA") (5 U.S.C. §§ 701-706), challenging the Department's decision to approve Leisnoi's application for eligibility as an unlisted Native Village under ANCSA § 11(b).  Stratman's APA action seeks to "set aside" the Department's decision to certify Leisnoi as an eligibile Native Village (i.e., to "decertify" Leisnoi), and to restore the public lands and other benefits that were unlawfully conveyed to Leisnoi under ANCSA.

Stratman's action and claim for relief is authorized, and governed by, the provisions of the Administrative Procedure Act.  The APA confers a general cause of action upon persons "adversely affected or aggrieved by agency action," and authorizes such persons to bring an action directly against the agency for judicial review of the challenged action. 5 U.S.C. § 702 provides:

4

**Right of Review.**
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

Id.

The APA constitutes a waiver of the government's sovereign immunity for suits for judicial review of a Federal agency's action, and prescribes the standards to be applied by the courts in such suits. Gallo Cattle Co. v. U.S. Dept. of Agriculture, 159 F.3d 1194, 1198 (9th Cir. 1998). The APA provides that the suit may be brought in "any applicable form of legal action," including actions for declaratory and injunctive relief. 5 U.S.C. § 703. Although the APA does not independently confer jurisdiction, the District Courts have general Federal question jurisdiction over APA actions pursuant to 28 U.S.C. § 1331.[2]

---

[2] This disposes of Leisnoi's argument, on page 1 of its motion, that this Court lacks federal subject-matter jurisdiction over Stratman's APA claim. Docket 110 at 1. Leisnoi correctly notes that the APA does not itself confer federal subject matter jurisdiction, however, it neglects to note that, under the very cases it cites for this proposition, the courts have held that federal question jurisdiction for APA actions is otherwise conferred by 28 U.S.C. § 1331. See e.g., Gallo Cattle Co. v. U.S. Dept. of Agriculture, 159 F.3d 1194, 1198 (9th Cir. 1998).

Gallo Cattle Co. v. U.S. Dept. of Agriculture, 159 F.3d 1194, 1198 (9th Cir. 1998).  The
District Courts also have authority to issue declaratory and injunctive relief, as a remedy
under the APA, under the general grant of authority provided in 28 U.S.C. § 2201
(declaratory relief) and 28 U.S.C. § 1651 (injunctive relief).  See 2 Ulrich, Kessler & Anger,
Federal Appellate Practice: Ninth Circuit (2d ed. 1999) § 11.4 at 8-9.

        Another source of confusion in this action is that it names Leisnoi and Koniag as
defendants, in addition to the Secretary of Interior.  However, their inclusion as defendants
does not alter the character of Stratman's action as an APA action against the Secretary
of Interior for judicial review of the Department's decision approving Leisnoi's eligibility.
Stratman's action does not assert, and never has asserted, a direct cause of action against
Leisnoi or Koniag.  They were merely joined as defendants in accordance with Fed. R. Civ.
P. 19 in order to allow them an opportunity to protect their interests under the Secretary's
original decision approving Leisnoi's eligibility.  See National Wildlife Federation v. Espy,
45 F.3d 1337, 1342-43 (9th Cir. 1995) (parties whose interests would be affected by the
relief granted in an APA action are properly joined as defendants under Fed. R. Civ. P. 19,
even though the APA provides no direct cause of action against them).  As such, Leisnoi's
and Koniag's role in this litigation is limited to defending the validity of the Secretary's
original 1974 decision approving Leisnoi's eligibility, and either defending or challenging the
validity of the Department's new decision(s) on remand, in order to defend their own
interests and rights under the Department's 1974 determination of Leisnoi's eligibility.

        As discussed more fully below, the APA governs all aspects of this action, including
the procedure, the standards for reviewing and determining the validity of the Department's

decision, and the standards for determining the appropriate remedy to be issued by the District Court in the event it determines that the Department's action was unlawful. Most of these standards are set forth in 5 U.S.C. § 706, which provides:

**Scope of review.**
To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall–

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be–

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Id.

In accordance with these standards, Stratman's action seeks to "set aside" as "unlawful" the Department's decision to approve Leisnoi's application for eligibility and to

7

certify it as an eligible Native Village, and to set aside the conveyances of the public lands and other benefits that were unlawfully conveyed to it under ANCSA.

As discussed further below, when Stratman's APA action was originally filed in 1976, his challenge to the Department's decision fell under two of the statutory grounds provided in 5 U.S.C. § 706: 1) that the Department issued its decision "without observance of procedure required by law," as provided in § 706(2)(D); and  2) that its decision was "unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court," as provided in § 706(2)(F).  Both grounds were predicated on the Department's failure to provide Stratman with actual notice and opportunity to participate in the Department's original proceedings regarding Leisnoi's application for eligibility. Because the Department had been required to provide such notice to Stratman, as was determined by the Ninth Circuit in Stratman v. Watt, 656 F.2d 1321 (9th Cir. 1981), the Secretary's determination of Leisnoi's eligibility was subject to invalidation and subsequent redetermination, either by the Department, in remanded agency proceedings pursuant to § 706(2)(D), or by the court, in a trial de novo pursuant to § 706(2)(F).  This Court in Stratman I ultimately determined that the better course was to have the Department redetermine its decision in additional agency proceedings, rather than by the court in a trial de novo.  As discussed below, as a consequence of the court's order of remand and the subsequent redetermination of Leisnoi's eligibility in the remanded agency proceedings, IBLA's determination that Leisnoi is not eligible for certification as an ANCSA Native Village now constitutes the Department's new, final decision, regarding Leisnoi's application for eligibility, and is binding on the parties and the court for purposes of determining Stratman's

8

original claim for declaratory and injunctive relief to set aside the Department's certification of Leisnoi as an eligible Native Village, and to set aside and restore to the public domain the lands and other benefits that were unlawfully conveyed to Leisnoi under ANCSA.

**B.    This action constitutes a continuation of the proceedings in Stratman I**

Another source of confusion in this case relates to the precise legal posture and relationship between this action and Stratman's original action in <u>Stratman I</u>.  There was initially some confusion as to whether the judgment of remand entered in <u>Stratman I</u> had been intended to dismiss the action, or merely stay the proceedings and retain jurisdiction over the action pending the completion of the remanded proceedings.  However, this Court in <u>Stratman I</u> issued three orders in which it stated that the judgment of remand had been intended to dismiss Stratman's action (Exh. A, pp. 100, 103, 104), albeit <u>without prejudice</u> to his right to file a new action after the completion of the agency proceedings.  Exh. A, p. 131, Order pp. 2,3.

As discussed below, although the preferred practice in the Ninth Circuit is for the District Court to retain jurisdiction when remanding a case for further agency proceedings, rather than dismissing it, dismissal of the action has also been recognized as permissible in cases where, as here, the entire action falls within the agency's primary jurisdiction, and the dismissal would not prejudice the plaintiff's right to re-file his action after the completion of the remanded proceedings.  However, the case law also makes clear that, in cases where the District Court chooses to dismiss the action rather than retaining jurisdiction, the dismissal is merely an interlocutory order and is regarded as the equivalent of an order staying further judicial proceedings on the plaintiff's claim pending the completion of the

9

remanded proceedings.  In such cases, the plaintiff's new action, filed after the completion of the agency proceedings, is regarded as a continuation of the same case and proceedings as the plaintiff's original action, and all of the proceedings, pleadings and orders issued in the plaintiff's original action, remain binding on the parties and the court under the doctrine of the law of the case, the same as if the court had retained jurisdiction in the plaintiff's original action. The only difference is that the proceedings are continued in a new action, rather than in the plaintiff's original action.

The Ninth Circuit has adopted the general rule that, where a case is remanded for further agency proceedings but additional judicial proceedings are contemplated, the District Court should stay and retain jurisdiction over the action rather than dismissing it. See e.g., Shapiro v. Paradise Valley Unified School Dist., 152 F.3d 1159, 1160-61 (9th Cir. 1998) (holding that the District Court exceeded its authority when, in remanding the case to an agency for further proceedings, it issued an order "terminating" the action instead of retaining jurisdiction).   However, there is also authority supporting the dismissal of an action by the district court when remanding the case for additional agency proceedings.

The Supreme Court has recognized that, in certain circumstances, a district court can properly dismiss an action after remanding for additional agency proceedings rather than retaining jurisdiction.  In Detroit, Toledo R. Co. v. Consolidated R. Corp., 767 F.2d 274 (6th Cir. 1985), the Sixth Circuit summarized the Supreme Court's decisions regarding this issue as follows:

> DTI/GTW argues that the only permissible course for a court to follow in a case where primary but not exclusive jurisdiction is vested in an agency is to stay its hand, not to dismiss the action.  The Supreme Court has approved both courses of action.  In Far East Conference v. United States, 342 U.S.

570, 576-77, 72 S.Ct. 492, 495-96, 96 L.Ed. 576 (1952), the Court wrote that a district court has the option of ordering a case retained on its docket pending agency action or ordering dismissal. It noted a distinction between cases on a contract and "raising only incidentally a question proper for initial administrative decision" and those involving questions within the general scope of the agency's jurisdiction. Id. at 577, 72 S.Ct. at 495. When questions of the latter type are involved, the agency decision is subject to review by a court of appeals, with the opportunity for further review in the Supreme Court by certiorari. The Court found no purpose to be served by holding such an action in abeyance in a district court while the agency proceedings were completed and the review processes were exhausted. "A similar suit is easily initiated later, if appropriate." Id.

More recently, the Supreme Court suggested that the course to follow might turn on whether a party would be prejudiced by a dismissal of his case. In United States v. Michigan National Corp., 419 U.S. 1, 95 S.Ct. 10, 42 L.Ed.2d 1 (1974), the Supreme Court compared a district court's action when it has a case where primary jurisdiction is in an administrative agency with abstention under Railroad Commission v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed.2d 971 (1941). In Pullman abstention cases, "the common practice has been for the district court to retain jurisdiction but to stay proceedings while awaiting a decision in the state court." Michigan National Corp., 419 U.S. at 4, 95 S.Ct. at 11 (citations omitted). The Court then declared:

> The same procedure has generally been followed when the resolution of a claim cognizable in a federal court must await a determination by an administrative agency having primary jurisdiction. Dismissal rather than a stay has been approved where there is assurance that no party is prejudiced thereby. See Far East Conference v. United States, 342 U.S. 570 [72 S.Ct. 492, 96 L.Ed. 576](1952).

The present case appears to be of the type where dismissal is permitted. The central issue both as a matter of law and by the agreement of the parties is one which is within the authority of the ICC. It is not just an incidental issue in a breach of contract action. Furthermore, dismissal did not prejudice DTI/GTW despite its very general claims to the contrary. . . .

Id. at 279-80 (internal citations, footnote omitted).

The Ninth Circuit has also recognized that dismissal of an action without prejudice is sometimes permissible under circumstances similar to those outlined above. This is illustrated by comparing the Ninth Circuit's original and amended opinions that it issued in

Syntek Semiconductor Co. v. Microchip Technology, 285 F.3d 857 (9th Cir. 2002), *opinion amended,* 307 F.3d 775 (9th Cir. 2002).  Syntek involved an action brought against a copyright holder by its competitor to declare the copyright invalid, based on the copyright holder's failure to comply with the copyright's registration requirements.  The Ninth Circuit determined that the District Court should have referred the matter to the Registrar of Copyrights for determination of the copyright's validity under the doctrine of primary jurisdiction.  In its original opinion, the Court directed the District Court to dismiss the action, rather than retaining jurisdiction pending the completion of the remanded agency proceedings.  The Court's opinion noted that dismissal was appropriate because the entire dispute fell within the agency's primary jurisdiction, as opposed to just one issue in the litigation:

> Normally, if the court concludes that the dispute which forms the basis of the action is within the agency's primary jurisdiction, the case should be dismissed without prejudice so that the parties may pursue their administrative remedies.  Pierce, at § 14.1.  However, if application of the doctrine of primary jurisdiction is limited to an issue in the pending action, rather than the entire dispute, then the court normally should stay the proceedings pending agency action.  Id.  As the Supreme Court noted in Reiter, the question of whether a party is "unfairly disadvantaged" by dismissal must also be considered.  507 U.S. at 268-69, 113 S.Ct. 1213.

> In the instant case, dismissal without prejudice is appropriate.  It is the central dispute between the parties, rather than one issue in the litigation, that is appropriate for agency consideration.  Further, there is no significant advantage or disadvantage posed to either party in the choice between staying the action, or dismissing it.  Thus, dismissal on remand is the proper course.

285 F.3d at 864.

The Court subsequently modified its opinion to direct the District Court to stay the action and retain jurisdiction, rather than dismissing it.  In its amended opinion, the Court

noted that, in addition to seeking a declaration that the copyright was invalid, the plaintiff

had also asserted a claim for damages against the copyright holder.  307 F.3d at 782.  The

Court concluded that, if the action were dismissed, the plaintiff might be barred by the

statute of limitations from re-filing its claim for damages after the completion of the

remanded agency proceedings.  The Court modified the above-quoted passage in its

original opinion to read:

> Normally, if the court concludes that the dispute which forms
> the basis of the action is within the agency's primary
> jurisdiction, the case should be dismissed without prejudice so
> that the parties may pursue their administrative remedies.
> Pierce, at § 14.1.  However, the question of whether a party is
> "unfairly disadvantaged" by dismissal must also be considered.
> Reiter, 507 U.S. at 268-69, 113 S.Ct. 1213.  Because the
> statute of limitations may prevent Syntek from refiling its claim
> if necessary at the conclusion of its administrative challenge to
> the Copyright Office's decision, we stay the proceedings
> pending the outcome of the administrative process.

Id. at 783.

The District Court's dismissal without prejudice of Stratman's original action in

Stratman I is consistent with these guidelines.  Because Stratman's action consisted solely

of an APA claim challenging the Department's decision to approve Leisnoi's eligibility, and

did not include any separate or additional claims for damages, dismissal without prejudice

was permissible on the ground that the entire dispute fell within the Department's primary

jurisdiction, rather than just one issue in the litigation.  And because Stratman's action did

not include a separate claim for damages that would have been subject to a statute of

limitations, its dismissal did not unfairly disadvantage or prejudice the parties.

In any event, the effect of the dismissal of Stratman's original action is the same as

if the District Court had entered a stay and retained jurisdiction. The only difference is that the proceedings after remand in Stratman's case are continuing in a newly-filed action, rather than in the original action. This was made clear by the Ninth Circuit in <u>Segal v. American Telephone & Telegraph, Co, Inc.</u>, 606 F.2d 842 (9th Cir. 1979). <u>Segal</u> involved an action on an antitrust claim. The district court had dismissed the plaintiff's original action on the ground that it had not yet exhausted its administrative remedy before the FCC, which had primary jurisdiction over the plaintiff's claim. After exhausting its administrative remedy, the plaintiff brought a new action on the same claim. The defendant argued that the plaintiff's new action was barred as a consequence of the dismissal of its original action. The Ninth Circuit rejected this contention. It held that the dismissal of the plaintiff's original action did not terminate the litigation, and was the equivalent of an order staying further judicial proceedings on the plaintiff's claim until after the completion of the agency proceedings. The Court concluded by stating:

> Dismissing rather than staying an action an action within the primary jurisdiction of an administrative agency was not intended to end litigation between the parties; rather, the intent was to permit the litigation to continue in another forum withholding federal jurisdiction to clean up the leftovers, if any. <u>Carnation Co. v. Pacific Westbound Conference</u>, <u>supra</u>, 383 U.S. at 221-22, n. 4, 86 S.Ct. 781. The choice of remedy, dismissing or staying, was not designed to foreclose an antitrust plaintiff from ever getting his day in federal court after the precondition to federal court jurisdiction was fulfilled. <u>Ibid.</u>

<u>Id.</u> at 846. <u>See</u> <u>also</u> <u>Eluska v. Andrus</u>, 587 F.2d 996, 999-1000 (9th Cir. 1978) (holding that the District Court's entry of a formal judgment remanding the case to the Department of Interior for additional agency proceedings was not a final, appealable decision, despite its entry as a formal judgment, and was "analogous to a preliminary order staying judicial proceedings pending the outcome of administrative action.").

14

This is also consistent with caselaw from other circuits. In <u>American Hawaii Cruises v. Skinner</u>, 893 F.2d 1400 (D.C.Cir. 1990), the D.C. Circuit held that, when a district court remands a case for additional agency proceedings and dismisses the action rather than retaining jurisdiction, the dismissal is regarded as an interlocutory order, and does not bar a new action filed after the completion of the agency proceedings. In such case, the new action is regarded as a continuation of the original action, and the parties can appeal the rulings and orders issued in the original action in an appeal from the final decision issued in the second action:

> AHC and AMOS resist dismissal first on the ground that the district court rendered a final order within the meaning of 28 U.S.C. § 1291 by dismissing their civil actions. It is plain, however, that the district court did not resolve the controversy; its order remanding the matter with instructions to the Coast Guard to engage in reasoned decisionmaking surely did not end the litigation on the merits. <u>See</u> <u>Catlin v. United States</u>, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); <u>Kappelmann v. Delta Airlines, Inc.</u>, 539 F.2d 165, 168 (D.C.Cir.1976). As we recently stated:
>
>> The courts of appeals that have considered the question . . . have uniformly held that, as a general rule, a remand order is "interlocutory" rather than "final," and thus may not be appealed immediately. . . . In so holding, the courts have generally pointed out that a party claiming to be aggrieved by final agency action can [return to court], if still aggrieved, at the conclusion of the agency proceedings on remand.
>
> <u>Occidental Petroleum Corp. v. SEC</u>, 873 F.2d 325, 329-30 (D.C.Dir.1989) (citations omitted).
>
> It is true that the district court formally dismissed the complaints and so cleared its docket. But, as the First Circuit noted, when the district court's order leaves the core dispute unresolved, and simply turns it back for further proceedings by the agency, after which it "may well return [to court] again," the district court's order is interim, not final, in character. Qualification for court of appeals review, in such circumstances, does not turn on whether the district court "remanded but retained jurisdiction" pending further agency

consideration, or remanded and simultaneously dismissed the civil action. See Mall Properties, Inc. v. Marsh, 841 F.2d 440, 441 & n. 2 (1st Cir.1988). . . .

No preclusive effect attends the district court's decision, because preclusion applies only to a *final* judgment.  See RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982); Mall Properties, 841 F.2d at 443 n. 3.  A party not satisfied with the Coast Guard's decision after remand can come back to the district court with a challenge to the agency's reconsidered decision.  If still aggrieved, a party could next appeal to this court seeking review of any still-disputed part of the district court's remand order as well as any ruling made by the district court subsequent to the remand.

Id. at 1402-03 (emphasis in original, footnote omitted).[3]

In accordance with these principles, the Court's dismissal of Stratman's original action in Stratman I was merely an interlocutory order, and the equivalent of an order staying any further judicial proceedings on Stratman's APA claim until after the completion of the remanded agency proceedings.  Accordingly, this action is regarded as a continuation of the same case and litigation as Stratman I, and all of the pleadings, proceedings, and orders issued in Stratman I remain binding on the parties and the Court in this action under the doctrine of the law of the case.[4]

---

[3] See also Jays Foods v. Chemical & Allied Prod. Wkrs Union, 208 F.3d 610, 613-614 (7th Cir. 2000) (explaining that, when a case is dismissed following remand for additional proceedings, the new action filed after the completion of the remanded proceedings is considered part of the same litigation, and any interlocutory orders that were issued in the original action remain binding on the parties and the court under the doctrine of the law of the case, and remain subject to appellate review in an appeal from the final decision that is ultimately issued in the second action).

[4] As noted above, this Court's dismissal of Stratman's original action in Stratman I was permissible because it did not prejudice the parties, based on the fact that there was no intervening statute of limitations that would have prevented Stratman from re-filing this action after the completion of the remanded agency proceedings.  However, in the event that any such bar is asserted by Leisnoi, or by the other defendants, and in any way considered meritorious by the Court,  the appropriate remedy would be to reopen Stratman's original action in Stratman I, either by the Court on its own motion, or pursuant to a motion filed by Stratman under Fed.R.Civ.P. 60(b).

16

It appears from the orders issued by this Court subsequent to the judgment of remand in Stratman I, that the foregoing analysis is also consistent with this Court's actual intent in entering the judgment of remand and dismissal in Stratman I.  See Exh. A, p. 131, Order of September 25, 1996, and Docket No. 139, Order of April 2, 2007. To the extent that this Court has already determined that this action constitutes a continuation of the proceedings in Stratman I, the Court's determination is now also the law of the case.

For the foregoing reasons, Leisnoi's contention that Stratman's new action cannot be regarded as a continuation of his original action, and that Stratman's new action is barred by ANCSA's 2-year statute of limitations, must be rejected.

1.    **This issue was already litigated, and determined against Leisnoi by the Alaska Supreme Court, in Leisnoi's state quiet title action against Stratman**

Leisnoi's contention that Stratman's new action cannot be regarded as a continuation of his original action must be also rejected on the additional ground that this issue was already litigated, and decided against Leisnoi, by the Alaska Supreme Court, in a state-court quiet title action that Leisnoi had brought against Stratman.[5]  Leisnoi filed its quiet title action

---

The Court may also want to consider re-opening Stratman's original action for other practical reasons.  As noted above, this action constitutes a continuation of the proceedings in Stratman I, and all of the proceedings and orders issued in that action remain binding on the parties and the Court in this action.  One possible solution to this problem is for the Court to reopen the action in Stratman I, on its own motion, and then consolidate it with this action.  That would make the record in Stratman I available to the parties and the Court, and simplify the determination of the issues presented in this action.

[5] Copies of the appellate briefs and the Excerpts of Record filed in the Alaska Supreme Court appeal are attached hereto.  The Excerpts of Record are attached as Exhibit A; Stratman's Appeal Brief is attached as Exhibit B; Leisnoi's Appellee's Brief is attached as Exhibit C; and Stratman's Reply Brief is attached as Exhibit D.  The Alaska Supreme Court's decision is attached as Exhibit E.

17

against Stratman in Alaska state court on January 18, 1996, after the issuance of the judgment of remand and dismissal in Stratman I, and while the remanded agency proceedings were pending.  Leisnoi's action sought to quiet title to a tract of the land that it received under ANCSA, known as "Termination Point," against the cloud created by Stratman's Notice of Lis Pendens filed in Stratman I.

Initially, the trial court granted summary judgment in Leisnoi's favor, concluding that Stratman's "decertification action" could not affect Leisnoi's title because Stratman lacked standing to challenge Leisnoi's patent. Stratman appealed to the Alaska Supreme Court, which reversed the trial court and remanded with instructions for it to enter a stay of Leisnoi's action pending the final resolution of the decertification litigation.  Stratman v. Leisnoi, 969 P.2d 1139 (Alaska 1998) (Ex. E.).

Among other things, Leisnoi argued in its Appellee's Brief to the Alaska Supreme Court that Stratman's action had been terminated and "decided against Stratman" by virtue of the "Final Judgment" of remand that was entered in Stratman I  Ex. C at 19-22.  Leisnoi also argued that Stratman's action could not affect its title, even if Stratman prevailed, because Stratman lacked standing to challenge the validity of its patent, and because the statute of limitations had lapsed on any action that might be brought by the United States to vacate its patent.  Ex. C at 7-13, 40-41.

In his Appeal Brief, Stratman argued that the trial court should have dismissed or stayed Leisnoi's action because it involved the same claims and issues as his federal APA

---

Because the Excepts of Record filed in the Alaska Supreme Court appeal contain copies of the relevant pleadings and orders that were issued in Stratman I, for purposes of convenience, we will make frequent reference herein to the Excerpts, Exh. A, and relevant pages thereof.

litigation, and because the state court lacked subject matter jurisdiction to adjudicate the merits of his APA claim against the Secretary of Interior, including the issue of whether the District Court had the power to vacate Leisnoi's title as a remedy should Stratman prevail in his action.  Ex. B at 22-36.  Turning to the merits of Leisnoi's argument that Stratman's APA action could not affect its title, Stratman argued that, under Ninth Circuit precedent, the federal District Court has the power to vacate Leisnoi's patents, and restore the United States' title, as a remedy under Stratman's claim for relief under the APA.[6]  Ex. B at 54-62.

In its decision, the Alaska Supreme Court rejected Leisnoi's argument that Stratman's "decertification" action could not affect its title, concluding that the District Court had the power to "undo" the government's conveyance of the lands to Leisnoi as a remedy in the decertification action.  Stratman v. Leisnoi, Inc., 969 P.2d 1139, 1142 (Alaska 1998). Ex. E. The Court rejected Leisnoi's argument that Stratman lacked standing to obtain such relief. Id. at 1142-43.  It also rejected, as "irrelevant," Leisnoi's argument that the statute of limitations had lapsed on any suit that might be brought by the United States to vacate its patent.  Id. at 1143 n. 2.  The Court noted that Stratman's original case was filed "well before the six-year limitations period expired," and "was, in fact, filed prior to the issuance of the

---

[6] Stratman noted in his brief that, in National Wildlife Federation v. Espy, 45 F.3d 1337 (9th Cir. 1995), the Ninth Circuit held that § 706(2) of the APA (5 U.S.C. § 706(2)) authorizes the district courts to void a property transaction, and order a transfer of title back to the federal government.  Ex. B at 59-62.  Stratman also noted that the District Court also had the authority to vacate Leisnoi's patents pursuant to Stratman's original claim for prospective injunctive relief, to enjoin the then-future issuance of the patents to Leisnoi.  Because Leisnoi and the United States, the parties to the conveyance, were also parties to Stratman's APA action, the District Court had the power, under Ninth Circuit precedent, to "undo" the transaction, and vacate the patents, as a remedy under Stratman's original claim for prospective injunctive relief.  Ex. B at 54-59.

patent and sought prospective injunctive relief." Id.

The Court also rejected Leisnoi's contention that, because Stratman's case was remanded to IBLA, it was no longer "pending" in federal court for purposes of Stratman's Lis Pendens. Id. at 1142-43. The Court rejected "this attempt to elevate form over substance," and held that, although the district court had remanded Stratman's case to IBLA, the district court's orders "make absolutely clear that it viewed the remand to IBLA as but another step in the ongoing overall action, and not as a final resolution." Id. at 1143. The Court held that, even though Stratman's case had been remanded to IBLA, it must still be regarded as "pending" for purposes of Alaska's lis pendens statute.[7] Id. at 1142-43.

As a consequence of the Alaska Supreme Court's decision, Leisnoi is collaterally estopped from arguing that this action cannot be regarded as a continuation of the proceedings in Stratman I, or that Stratman's new action is barred by ANCSA's 2-year statute of limitations. Leisnoi is also collaterally estopped from re-asserting any of the other issues and arguments that were decided against it by the Alaska Supreme Court, including this Court's authority to vacate its land patents as a remedy under Stratman's original APA claim for relief.

Under the Full Faith and Credit Act, federal courts must treat a state court judgment

---

[7] The Court concluded that, although the trial court had jurisdiction over Leisnoi's quiet title action, it did not have jurisdiction to adjudicate the merits of Stratman's decertification action. Id. at 1141, 1143. The Court held that the "appropriate resolution would have been to stay the quiet-title action pending the final resolution of Stratman's decertification action," and concluded that the trial court abused its discretion in failing to issue such a stay. Id. at 1143. The Court remanded with instructions for the trial court to enter a stay pending final resolution of the decertification litigation, after which time it could resolve Leisnoi's quiet-title action. Id.

with the same respect that it would receive in the courts of the rendering State.  28 U.S.C. § 1738; Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 374, 116 S.Ct. 873, 877 (1996).  The preclusive effect to be accorded a state court judgment in a subsequent federal court proceeding is determined by reference to the laws of the rendering state.  Id.; U.S. ex rel. Robinson Rancheria v. Borneo, Inc., 971 F.2d 244, 250 (9th Cir. 1992).  A party in a subsequent federal action is collaterally estopped from re-litigating an issue that was decided against him in prior state-court proceedings, even if the state court's decision was erroneous, where the decision would be accorded collateral estoppel effects under state law.  U.S. v. Real Property Located in El Dorado, Cal., 59 F.3d 974, 979-80 (9th Cir. 1995).  Here, the Alaska Supreme Court's decision would be accorded collateral estoppel effects under Alaska law.  Under Alaska law, a decision is accorded collateral estoppel effects if: (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.  Sengupta v. University of Alaska, 21 P.3d 1240, 1250 (Alaska 2001).  The Alaska Supreme Court's decision satisfies these requirements.[8]

_____

[8] Even though the Alaska Supreme Court remanded the case to the trial court with instructions to enter a stay pending final resolution of Stratman's decertification litigation, its decision nevertheless constitutes a "final judgment" for purposes of collateral estoppel.  Under Alaska law, a "final judgment," for purposes of collateral estoppel, includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."  Borg-Warner v. Avco Corp., 850 P.2d 628, 634 (Alaska 1993) (adopting the Restatement (Second) of Judgments § 13 (1982)).  Factors supporting a conclusion that a decision is final include "that the parties were fully heard, that the court supported its decision with a reasoned

21

The application of collateral estoppel against Leisnoi is particularly appropriate in this case, inasmuch as it was Leisnoi that filed the quiet title action and invoked the jurisdiction of the Alaska State Court to adjudicate the merits of the issues presented in this action, in derogation of this Court's own jurisdiction to do so, and in circumvention of the standing orders that had already been issued by this Court in <u>Stratman I</u>.

**C.    The grounds and legal basis for Stratman's APA claim, and the nature and legal effect of the orders already issued in Stratman 1, under the provisions and framework of the APA**

The following analysis discusses the legal basis for Stratman's original APA claim, and the nature and effect of the orders that were already issued by the District Court and Ninth Circuit in <u>Stratman I</u>, and places them in their proper procedural context under the provisions and framework of the APA.

Among other things, the following analysis makes the following matters clear:

1) that Stratman's APA claim is based on a challenge to the Secretary's original 1974 determination of Leisnoi's eligibility;

2) that the Secretary's 1974 determination of Leisnoi's eligibility was not decided with "administrative finality" as to Stratman, and that Stratman was held to be excused for failure to exhaust his administrative remedies, for failing to participate in the Department's original agency proceedings regarding Leisnoi's eligibility, on the ground that the Department had failed to provide him with the required notice and opportunity to participate in the original agency proceedings;

3) that Stratman was already held to have standing to maintain his APA action, as a recreational user of the lands selected by Leisnoi;

4) that the Secretary's original 1974 decision approving Leisnoi's application for

---

opinion, that the decision was subject to appeal or was in fact reviewed on appeal." <u>Id.</u>, quoting Restatement (Second) of Judgments § 13 comment g (1982). In the absence of an appealable decision, the test is whether the issue has been "fully litigated." <u>Id.</u> at 635. The Alaska Supreme Court's decision satisfies these criteria.

22

eligibility was re-opened and remanded by the District Court to IBLA for re-determination, after providing Stratman with a hearing to present his challenge to Leisnoi's eligibility, as a remedy under the APA to cure the Department's failure to provide Stratman with the required notice and opportunity to participate in the original eligibility proceedings;

5) that the District Court's order of remand in Stratman I was a "remand," and not a "referral," as was erroneously concluded by IBLA and the Secretary of Interior in their respective decisions on remand, and that the Department had subject matter jurisdiction to conduct the remanded agency proceedings, and to re-determine Leisnoi's original application for eligibility, pursuant to the same jurisdiction that the Department had to conduct the original agency proceedings, and to issue its original decision, regarding Leisnoi's application for eligibility;

6) that the District Court has jurisdiction to review the decisions issued on remand by IBLA and the Secretary, pursuant to Stratman's original APA claim and action challenging the Secretary's 1974 determination of Leisnoi's eligibility, on the same jurisdictional grounds that conferred jurisdiction to the Court to adjudicate Stratman's original APA claim and action in Stratman I; and

7) that IBLA's determination on remand that Leisnoi did not satisfy the requirements for eligibility as an ANCSA Native Village constitutes the Department's new decision regarding Leisnoi's application for eligibility, and the Secretary's original 1974 decision must be set-aside, and IBLA's new decision must be confirmed and enforced, provided it satisfies review under the APA as being supported by substantial evidence.

As discussed above, this action is governed by the APA. The APA governs not only the standards and grounds for challenging an agency's action, but also the procedure and remedies for agency action found to be unlawful. As noted above, 5 U.S.C. § 706 provides, in relevant part:

The reviewing court *shall*–
. . .
(2) hold unlawful and *set aside* agency action, findings, and conclusions found to be–

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) *without observance of procedure required by law*;

23

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) *unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.*

Id. (emphasis added).

The two provisions that are relevant to Stratman's original APA claim in Stratman I are contained in subsections (2)(D) and (2)(F). Subsection 706(2)(D) provides that the reviewing court shall set aside the agency's action where the agency acted "without observance of procedure required by law." Id. Subsection 706(2)(F) provides that the agency's action shall be aside where it is found to be unwarranted by the facts "to the extent that the facts are subject to trial de novo by the reviewing court." Id.

There is some interplay between these two provisions. A procedural violation committed by the agency in issuing its decision supports a claim to set aside its decision under subsection 706(2)(D). However, the same procedural violation can also support a claim to set aside the agency's decision under subsection 706(2)(F), on the ground that its decision was unwarranted by the facts "to the extent that the facts are subject to a trial de novo by the reviewing court." The Supreme Court has held that a trial de novo is warranted under subsection 706(2)(F) "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415, 91 S.Ct. 814, 823 (1971). The violation of a claimant's procedural right to a hearing by the agency has been held to satisfy this requirement, and warrants a trial de novo by the District Court See e.g., Secretary of Labor of United States v. Farino, 490 F.2d 885 (7th Cir. 1973).

24

Although it is possible for the same procedural violation to support a claim under either subsection 706(2)(D) or 706(2)(F), the procedure and remedy provided under each subsection is different. For a claim based on a procedural violation under Section 706(2)(D), the remedy consists of a court order: 1)  setting aside the agency's decision; and  2) remanding the matter back to the agency for redetermination of its decision in compliance with the violated procedures.  See e.g., Ed Taylor Const. v. OSHRC, 938 F.2d 1265, 1270 (11th Cir. 1991).

On the other hand, the procedure and remedy for an agency's procedural violation under Section 706(2)(F) consists of a *judicial* redetermination of the agency's decision by the court in a trial de novo, as opposed to a redetermination of the decision by the agency in new curative proceedings on remand.

Consequently, the distinction between subsection (2)(D) and (2)(F) relates to whether an APA claimant is entitled to the redetermination of an agency's procedurally defective decision by the agency, in remanded agency proceedings, or by the court, in a trial de novo. Where the character of the agency's violation warrants relief under either subsection, the choice between which course to take implicates principles of primary jurisdiction and exhaustion of remedies.  As discussed below, the court has the discretion to determine that the agency's decision should be remanded for redetermination by the agency under subsection (2)(D), even if the procedural violation would otherwise justify the redetermination of the agency's decision by the court in a trial de novo under subsection (2)(F).

That is precisely what occurred in this case.  When Stratman first filed his action in

25

<u>Stratman I</u>, he  sought the redetermination of the Secretary's decision approving Leisnoi's eligibility by the District Court in a trial de novo, in accordance with the provisions in subsection 706(2)(F).  The litigation proceeded for nearly 2 years on the assumption that Stratman was entitled to a trial de novo.  During that period, discovery was conducted, over twenty depositions were taken, and a trial date was set.  <u>See</u> <u>Stratman I</u>, Docket Nos. 24-74, Exh. A, pp. 3-6. Then, on the eve of trial, the District Court dismissed Stratman's action as "moot" (<u>Stratman I</u>, Docket No. 85, Order of October 16, 1978, pp. 3-4) after Leisnoi filed a "Relinquishment of Application" (<u>Id.</u> at Docket No. 70, Affidavit of Karl Armstrong, of September 21, 1978, and Ex. A thereto) with the Department of Interior, relinquishing the lands that it had selected under ANCSA that were subject to Stratman's grazing lease.  The District Court held that Leisnoi's relinquishment removed any dispute between Stratman and Leisnoi, and dismissed Stratman's action.  <u>Stratman I</u>, Docket No. 104, p.  3.  The Ninth Circuit subsequently reversed the District Court's ruling and dismissal in <u>Stratman v. Watt</u>, 656 F.2d 1321 (9th Cir. 1981).   Ex. A, p. 28.   The Ninth Circuit held that Leisnoi's relinquishment of the lands subject to Stratman's grazing lease did not moot Stratman's action, because Stratman still had standing to challenge Leisnoi's eligibility as a recreational user of the lands that Leisnoi had not relinquished.  <u>Id.</u>, 656 F.2d at 1324.  The Court further held that Leisnoi's relinquishment of the lands that were subject to Stratman's grazing lease did not alter the fact that, at the time of Leisnoi's application for eligibility, Stratman had been entitled to actual notice of the Department's proceedings regarding Leisnoi's application, based on his record interests.  <u>Id.</u> at 1325.  After noting that the District Court had intended to adjudicate the merits of Stratman's claim, based on Stratman's "economic interests" (with

regard to his leasehold), in a trial de novo, the Court instructed the District Court to consider,

on remand, whether Stratman's claim, now based on his "recreational interests," warranted

adjudication "in a judicial forum," or determination by the Department in additional agency

proceedings, in view of the principles of exhaustion of administrative remedies:

> The district court, in finally disposing of this case on jurisdictional grounds, did
> not consider Stratman's and Burton's remaining recreational interests and
> therefore did not weigh the various alternatives which might be open to it in
> this regard. The judicial requirement of exhaustion of administrative remedies
> is not mechanically applied and we believe the question should be considered
> initially by the district court; we remand for such consideration.
>
> A remand is particularly appropriate here because the government, after the
> judgment was entered, represented to this Court that it intended to conduct
> further administrative inquiries into the qualifications of Woody Island. If such
> proceedings have occurred, plaintiffs may well have been given some
> opportunity to present administratively the matters which they sought to
> litigate in a judicial forum. Any pending or intervening administrative action
> should be taken into account by the district court in determining what, if any,
> further judicial proceedings in connection with Stratman's and Burton's claims
> are warranted.

Id. at 1326 (citations omitted).

Following the failed settlement and the reopening of the proceedings in Stratman I

in 1994, the District Court addressed the issue that had been remanded for its consideration

in Watt, as one of the five "threshold" issues that were identified for preliminary

determination by the Court. Stratman I, Docket No. 240; Ex. A, p. 79. The Court ruled that

Stratman's action was not barred for failure to exhaust his administrative remedies, based

on the Department's failure to provide him with notice and opportunity to participate in its

administrative proceedings regarding Leisnoi's application for eligibility. Stratman I, Docket

No. 292, p. 1-2; Ex. A, pp. 100-101. However, the Court also held that Stratman's case

should be remanded to IBLA to adjudicate the merits of his challenge to Leisnoi's eligibility

27

in additional agency proceedings.  The Court reasoned that the remand would satisfy the principles of primary jurisdiction and ripeness, and allow Stratman the opportunity to exhaust his administrative remedies, albeit belatedly.  Id. at pp. 2-3, and pp. 101-102, respectively.

The District Court in Stratman I correctly determined that Stratman's challenge to the Secretary's 1974 determination of Leisnoi's eligibility action was not barred for failure to exhaust his administrative remedies.  This conclusion was compelled by the Ninth Circuit's determination in Watt that Stratman had been entitled to actual notice of the Department's administrative proceedings regarding Leisnoi's application for eligibility, and was implicit in the Ninth Circuit's decision.[9]

Of course, the consequence of the Court's determination that Stratman's action was not barred for failure to exhaust his administrative remedies, was that Stratman was allowed to maintain and prosecute his APA claim challenging the Secretary's original 1974 decision

_____

[9] The Court's determination that Stratman's action was not barred as a consequence of the Department's failure to provide him with the required notice and opportunity to participate in the Department's proceedings is also consistent with other Ninth Circuit precedent.  See e.g., White v. Jacobs Engineering Group, 896 F.2d 344, 450-52 (9th Cir. 1989) (action against ERISA plan was not barred by claimant's failure to exhaust his administrative remedy, where plan administrators did not provide adequate notice of claimant's right to an administrative appeal); Kerr Center Parents Assoc. v. Charles, 897 F.2d 1463, 1469-70  (9th Cir. 1990) (plaintiffs' action was not barred for failure to exhaust their administrative remedies, where the agency deprived them of their right to a hearing);  Does by Gonzales v. Maher, 793 F.2d 1470, 1490-91 (9th Cir. 1986), judgment affirmed as modified, Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592 (1988) (plaintiffs were excused from exhaustion requirements where the agency failed to provide adequate notice of their available administrative remedies); Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980) ("It would be an abuse of discretion for a court not to excuse the exhaustion requirement when . . . the claimant is denied meaningful access to the procedures") Craycroft v. Ferrall, 408 F.2d 587, 595 (9th Cir. 1969), vacated and remanded on other grounds, 397 U.S. 335, 90 S.Ct. 1152 (1970) (exhaustion requirements should be relaxed where a claimant did not have fair opportunity to exhaust the administrative process).

approving Leisnoi's application for eligibility, notwithstanding Straman's failure to have participated in the Department's original administrative proceedings regarding Leisnoi's application for eligibility.

The Ninth Circuit's determination that Stratman had been entitled to actual notice of the Department's administrative proceedings regarding Leisnoi's application actually had two legal consequences.  First, it excused Stratman's failure to exhaust, as a bar to his action, based on the Department's failure to provide the required notice and opportunity for him to participate in the Department's proceedings.  Second, it established that the Secretary's 1974 decision approving Leisnoi's application for eligibility had been issued in violation of Stratman's procedural right to notice and opportunity for a hearing, and was therefore subject to invalidation and redetermination, either by the Department in curative proceedings on remand pursuant to APA subsection 706(2)(D), or by the District Court in a trial de novo pursuant to subsection 706(2)(F).

The District Court chose to remand the case to the Department for a redetermination of Leisnoi's eligibility after providing Stratman a curative hearing, in accordance with the provisions in subsection 706(2)(D), rather than conducting a trial de novo under subsection 706(2)(F).  This was a proper exercise of the Court's discretion, and satisfied the concerns expressed by the Ninth Circuit in Watt.  Although the Court based its decision on principles of primary jurisdiction and exhaustion of remedies, the effect of its decision, when viewed in the context of the APA, was the determination that Stratman was not entitled to a judicial redetermination of the Department's decision by the District Court in a trial de novo under subsection 706(2)(F), but that Stratman was otherwise entitled to the redetermination of the

29

Secretary's decision approving Leisnoi's application for eligibility by the Department in remanded agency proceedings, after providing a new hearing to Stratman, pursuant to the provisions in subsection 706(2)(D), as a remedy for the Department's violation of Stratman's right to notice and opportunity to participate in the original agency proceedings.

This is illustrated by the Seventh Circuit's decision in <u>Secretary of Labor of United States v. Farino</u>, 490 F.2d 885 (7th Cir.1973), which expressed the same concerns expressed by the Ninth Circuit in <u>Watt</u> regarding the District Court's decision to conduct a trial de novo rather than remanding the matter back to the agency for redetermination of its procedurally defective decision in additional curative proceedings. <u>Farino</u> involved an APA action challenging the Department of Labor's denial of an application to allow the continued employment of two alien workers, based on the Department's determination that other non-alien workers were available for the jobs. <u>Id.</u> at 890. The plaintiffs challenged the Department's decision on the ground that they had been denied an opportunity to review and challenge the evidence upon which the Department's factual determination was based, and presented evidence to the Court contradicting the Department's finding. The District Court conducted a trial de novo, and set aside the Department's decision, concluding that it was not supported by the facts, and ordered the Department to grant the plaintiffs the requested alien certificates. On appeal, the Seventh Circuit held that the Department's failure to provide the plaintiffs with the information upon which its determination of worker availability was based deprived them of a meaningful opportunity to be heard before the agency. The Court concluded that this authorized the district court to set aside the Dept's decision and conduct a trial de novo under Section 706(2)(F). However, the Court noted

that the district court also had the power to remand the case to the agency for redetermination of its decision after providing a new hearing to the plaintiffs, and stated that this was the better practice where principles of primary jurisdiction and exhaustion of remedies are implicated:

> If the report of the State Employment Service stood unimpeached, we could not conclude that the Secretary's refusal to certify the alien workers was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Administrative Procedure Act, § 10(e)(2)(A). However, after considering plaintiff's affidavits, the district judge did reach that conclusion and ordered the requested alien certifications issued. The question before us is whether it was proper to consider these affidavits, and in effect, try the issue *de novo* in the district court, or whether the matter should have been remanded to the agency for further proceedings. . . .
>
> There is judicial power to use either procedure. The district court in this case relied on Sections 10(e)(1) and 10(e)(2)(F) of the Administrative Procedure Act. Section 10(e)(1) authorizes the reviewing court "to compel agency action unlawfully withheld." Consideration of affidavits was held to be justified by Section 10(e)(2)(F), which authorizes the reviewing court to set aside agency actions "found to be . . . unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." The Supreme Court has indicated that one of the two circumstances for invoking Section 10(e)(2)(F) is "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate." Overton Park, supra, 401 U.S. at 415, 91 S.Ct. at 823. If plaintiffs had no opportunity before the agency to respond to the information provided by the State Employment Service, this would be such a case, and trial *de novo* in the district would be a possible procedure. See First National Bank of Smithfield v. Saxon, 353 F.2d 267 (4th Cir. 1965).
>
> However, it is clear that the district court also has power to remand to the agency for further proceedings. We think such power is implicit in Section 10(e)(2)'s authorization to "set aside agency action, finding, and conclusions," particularly in light of Section 10(b) which provides that "The form of proceeding for judicial review is * * * any applicable form of legal action." The Supreme Court has indicated that the district courts have inherent power to remand to administrative agencies. . . .
>
> Where the district court has power either to conduct a trial *de novo* or remand for further agency proceedings, it is a question of judicial policy which course to follow. We conclude that in alien employment certification proceedings,

remand to the agency is the better practice.  The Court of Claims has faced an analogous problem, and Judge Davis has listed factors which we find equally relevant here:

> "Congress actually wanted and expected the agency to make the determination, with some judicial oversight but not until after the administrative findings.  There is no reason to believe that, under proper procedures, the Board cannot or will not achieve a fair result, taking account of all presentations to it. * * *  Moreover, the intricate, specialized, and indeterminate nature of the determination * * * makes it particularly appropriate for an expert administrative body with continuing experience in the field to make the first full canvass of the problem. * * * This is an instance, we believe, in which the need, at the administrative level, is not for a formal trial but for better "'opportunity for party participation.'" Moore-McCormack Lines, Inc. v. United States, 413 F.2d 568, 588-590, 188 Ct.Cl. 644 (1969).

Id. at 891-92.

The Seventh Circuit's analysis in Farino is consistent with the Ninth Circuit's analysis and instructions to the district court in Watt.  The Court in Watt implicitly determined that Stratman's action was not barred for failure to exhaust his administrative remedies.  As noted above, this was a necessary consequence of the Court's determination that Stratman had been entitled to actual notice of the Department's proceedings regarding Leisnoi's application.  Rather, the issue that was addressed by the Court, and remanded to the District Court for its initial determination in Stratman I, was whether the merits of Stratman's challenge to the Department's determination of Leisnoi's eligibility should be adjudicated by the district court in a trial de novo, as had been intended by the District Court prior to its dismissal of the action, or adjudicated by the agency in additional remanded proceedings, under the principles of primary jurisdiction and exhaustion of remedies.[10]

---

[10]This distinction between the application of exhaustion principles in determining whether an APA action is barred, and its application in determining whether the merits of the claimant's APA challenge should be adjudicated by the district court in a trial de

Consistent with this distinction, the Ninth Circuit's decision in <u>Watt</u> can be properly read as focusing solely on the issue of whether Stratman was entitled to a trial de novo by the District Court, and not whether his claim itself should be barred for failure to exhaust his administrative remedies. Stratman made this same argument in his opposition to the defendants' motions to dismiss his action for failure to exhaust in <u>Stratman</u> I. Stratman argued that the Ninth Circuit had already implicitly determined that his action was not barred for failure to exhaust, based on its determination that Stratman had been entitled to notice and opportunity for a hearing regarding Leisnoi's application for eligibility. <u>Stratman</u> I, Docket No. 268, pp. 19-31. Stratman argued that the only issue remaining for determination by the District Court was whether he was entitled to a judicial determination of Leisnoi's eligibility in a trial de novo, or whether the matter should be remanded for determination by the Department. <u>Id.</u>, pp. 31-43. At that point, Stratman indicated that he was no longer

---

novo, or remanded for adjudication by the agency in additional agency proceedings, was implicit in the Ninth Circuit's decision in <u>Watt</u>. This distinction was also expressly recognized by the Ninth Circuit in <u>White v. Jacobs Engineering Group</u>, 896 F.2d 344 (9th Cir. 1989), where the Court held that an action challenging the denial of a claim for disability benefits under an ERISA disability plan was not barred by the plaintiff's failure to exhaust his administrative remedies, where the plan administrators had failed to provide proper notice of the plaintiff's right to an administrative appeal. <u>Id.</u> at 350-52. In concluding that the plaintiff's claim was not barred, the Court noted that the plaintiff was not seeking a de novo adjudication of his claim by the district court, and instead sought "a much less drastic remedy– only to be permitted to avail himself of the claims review procedure." <u>Id.</u> at 352. The Ninth Circuit also recognized this distinction in <u>Kerr Center Parents Assoc. v. Charles</u>, 897 F.2d 1463 (9th Cir. 1990), where the Court held that an APA action was not barred for failure to exhaust where the agency deprived the plaintiffs of an opportunity for a hearing. The Court held that the plaintiffs were also excused from having their claim remanded to the agency for adjudication in a court-ordered "compelled" hearing, and were entitled to a trial de novo by the district court, because any further resort to the agency would be futile. <u>Id.</u>, 897 F.2d at 1469-1470.

seeking a trial de novo by the District Court, and sought only to have the matter remanded to the Department for a redetermination of Leisnoi's eligibility in additional agency proceedings.[11] Id. at p. 43.  As such, Stratman sought "only to be permitted to avail himself" of the Department's administrative procedures for challenging Leisnoi's application for eligibility, White v. Jacobs, supra at 352, and to "compel" the hearing to which he would have been entitled had he received proper notice of the Department's original proceedings regarding Leisnoi's application for eligibility, Kerr Center Parents, supra at 1469.  His request for this remedy was granted by the issuance of the District Court's order of remand.

As discussed above, the result of the District Court's ruling, within the framework of the APA, was the determination that Stratman was not entitled to a judicial redetermination of the Secretary's 1974 eligibility determination pursuant to subsection 706(2)(F), but that Stratman was otherwise entitled to the redetermination of the Secretary's decision by the Department in remanded agency proceedings pursuant to subsection 706(2)(D), after providing Stratman with a "compelled" hearing, in order to cure the Department's violation of Stratman's procedural right to notice and opportunity to litigate his challenge to Leisnoi's eligibility in the Department's original proceedings regarding Leisnoi's application for eligibility.

Where, as here, a matter is remanded to an agency for redetermination of its decision under Section 706(2)(D), the agency's decision on remand constitutes the agency's new decision, and is binding on the parties and the court, subject to review only to determine

---

[11] Stratman also indicated in his Status Report of April 17, 1995 that he was no longer seeking a trial de novo by the District Court, and sought only to have the matter remanded to the Department for a redetermination of Leisnoi's eligibility after providing him a hearing.  Stratman I, Docket No. 232.

whether it was issued in accordance with law, under the deferential standards of review provided in the APA.  As noted by the Supreme Court:

> It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied.  Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points. . . .  Whatever findings or order may subsequently be made will be subject to challenge if not adequately supported or the Board has failed to act in accordance with the statutory requirements.

Ford Motor Co. v. NLRB, 305 U.S. 364, 374-75, 59 S.Ct. 301, 306-307 (1939).

This is also illustrated by the Ninth Circuit's decision in Copeland v. Bowen, 861 F.2d 536 (9th Cir. 1988).  Copeland involved an APA action challenging the denial of the plaintiff's application for disability benefits by the Department of Health and Human Services.  After ruling on several substantive issues, the district court remanded the case back to the Department to conduct additional proceedings regarding the plaintiff's claim.  After providing a new hearing, the Department granted the plaintiff's claim for disability benefits in part, and denied it in part.  After the completion of the remanded proceedings, the district court reviewed, and affirmed, the Department's new decision.  Id. at 538.  On appeal, the Ninth Circuit upheld the district court, after reviewing the decision issued by the Department on remand to determine whether it was supported by substantial evidence, and after concluding that it was.  Id. at 541-42.

The Court in Copeland noted that this was the proper procedure for reviewing APA claims that have been remanded to an agency for redetermination of its decision.  In his appeal in Copeland, the plaintiff had challenged the rulings that had been issued by the district court prior to remanding the case back to the Department.  The Department argued

that these rulings were not properly before the Court because the plaintiff had not filed a timely appeal of the district court's order of remand.  The Ninth Circuit rejected this contention, concluding that the district court's order of remand was not a final appealable decision within the meaning of 28 U.S.C. § 1291.  It stated that the case did not become final until the remanded proceedings were completed, and the district court had reviewed the agency's new decision on remand in order to determine whether it "was in accordance with the law":

> 28 U.S.C. § 1291 confers jurisdiction on the courts of appeal from all final decisions of the district courts.  For purposes of 28 U.S.C. § 1291, a final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.  Restricting appellate review to "final decisions" within the meaning of 28 U.S.C. § 1291 prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy.
>
> In this case, the district court's order was not a final order within the meaning of 28 U.S.C. § 1291 because part of the order remanded the case to the ALJ for determination of whether alcohol use affected Copeland's functional capacity.  The order was therefore a remand for determination of an issue that may have altered the Secretary's decision.  Remand could have resulted in Copeland being awarded all the benefits he sought.  That fact distinguishes this case from a remand order such as the one in Stone which finally determined a separable legal issue, and which therefore was appealable.  This case is more like Gilcrist v. Schweiker, 645 F.2d 818 (9th Cir.1981).  In Gilcrist, the district court remanded the case to the ALJ for reconsideration of evidence regarding Gilcrist's medical history.  Gilcrist tried to appeal the remand order, seeking review of a different issue not addressed by the district court.  This court held it had no jurisdiction to review because the district court order was not "final."  The court reasoned that if, after remand, Gilcrist was still not satisfied with the Secretary's decision, *it would be up to the district court to determine whether the decision was in accordance with the law*.  Only then would the district court's order be final and subject to review.  645 F.2d at 818-19.

Id. at 539 & n. 1 (citations omitted, footnote supplied, emphasis added).

That IBLA's decision on remand constitutes the redetermination of the Department's

36

original decision, and its new final decision, regarding Leisnoi's application for eligibility as an ANCSA Native Village, is also made clear by the provisions in APA Section 706(2)(D). As set forth above, Section 706(2)(D) provides that the reviewing court *"shall* . . . hold unlawful and *set aside* agency action, findings, and conclusions found to be . . . without observance of procedure required by law." Id. (emphasis added). Section 706(2)(D) thus *requires* the Court to set aside the agency's original decision if it is found to have been issued in violation of "the procedures required by law."[12]  See also Enos v. Marsh, 769 F.2d 1363, 1373 (9th Cir. 1985) ("Agency action will be set aside if undertaken without observance of procedures required by law."). The remedy for an agency's failure to comply with the procedures required by law under Section 706(2)(D) is the vacation of the agency's original decision, followed by a remand to the agency for the redetermination of its decision in compliance with the violated procedures. Vacation of the agency's original decision makes clear that the decision issued by the agency on remand constitutes the agency's new decision, and is only subject to review to determine whether it is "in accordance with the law" under the deferential standards of review provided by the APA.

---

[12] The only exception to this requirement relates to "insubstantial errors in an administrative proceeding that prejudice no one." County of Del Norte v. United States, 732 F.2d 1462, 1467 (9th Cir. 1984); see also 5 U.S.C. § 706 ("In making the foregoing determinations . . . due account shall be taken of the rule of prejudicial error."). In this case, the Department's failure to provide Stratman with actual notice of the Department's original proceedings regarding Leisnoi's application for eligibility was not an "insubstantial error," and resulted in actual prejudice to Stratman by depriving him of the opportunity to present his challenge to Leisnoi's eligibility in the Department's original administrative proceedings. The fact that IBLA ultimately determined that Stratman's challenge to Leisnoi's eligibility was meritorious fully demonstrates this prejudice, and shows that Stratman could have successfully defeated Leisnoi's application for eligibility had he been given notice and opportunity to present his challenge in the Department's original eligibility proceedings.

The confusion in this case arises from the fact that the District Court in <u>Stratman I</u> never vacated the Secretary's 1974 decision approving Leisnoi's application for eligibility when it remanded this case to the Department for a redetermination of the Secretary's decision. However, this was a valid exercise of the court's equitable discretion. The Ninth Circuit has recognized that the district courts have the inherent authority to remand a case to an agency for redetermination of its decision without vacating the agency's original decision. <u>See</u> <u>Loma Linda University v. Schweiker</u>, 765 F.2d 1123, 1127 (9th Cir. 1983) (district court had inherent power to remand case to agency for redetermination of its decision, in order to cure procedural deficiencies in issuing decision, without setting aside the agency's original decision).

However, where a court exercises its discretion to remand a case for redetermination by the agency without vacating the agency's original decision, and the agency's decision on remand alters its original decision, the court must then set aside the agency's original decision, and confirm and enforce the agency's new decision on remand, provided the agency's new decision satisfies review under the APA under the applicable standard(s) of review. At that point, the Court can no longer withhold the vacation of the agency's original decision, as the prescribed remedy under subsection 706(2)(D) for the agency's original failure to follow the procedures required by law. This is demonstrated by Judge Friendly's decision in <u>City of New York v. United States</u>, 337 F.Supp. 150 (E.D.N.Y.1972), *opinion supplemented*, 344 F.Supp. 929 (E.D.N.Y.1972). <u>City of New York</u> involved an APA action that challenged an order issued by the Interstate Commerce Commission (ICC) granting

approval to an application for the abandonment of a railroad line.[13]  The plaintiffs challenged

the order on the ground that, in making its decision, the ICC had violated the provisions of

the National Environmental Policy Act (NEPA) by failing to consider the impact of the

railroad's abandonment on the environment.  The Court held that the ICC's failure to comply

with the NEPA rendered its decision invalid, and remanded the matter back to the ICC for

redetermination of its decision after complying with the NEPA.  However, in remanding the

case, the Court stated that it was not vacating the ICC's decision, and was thus allowing the

railroad to remain abandoned, pending the outcome of the remanded proceedings.  The

Court explained that, although the APA authorized the immediate vacation of the ICC's

decision, the Court had the equitable power to delay the vacation, and maintain the status

quo, pending the redetermination of the ICC's decision.  However, the Court also noted that

it would vacate the ICC's order if the ICC determined on remand that the railroad's

application for abandonment should not be approved:

> In remanding this action to the Commission for further action we do not vacate
> its abandonment order of December 13, and thus we allow the Railroad to
> remain shut down pending further administrative action.  Although the
> Commission's failure to act in accordance with applicable law, specifically
> NEPA, would provide sufficient basis for vacating the Commission's order, see
> 5 U.S.C. § 7069(2)(A), such action is not compelled.   In reviewing the
> Commission's action, we sit as a court with equity powers, and as such
>
> > may adjust relief to the exigencies of the case in accordance with the
> > equitable principles governing judicial actions.  The purpose of judicial
> > review is consonant with that the administrative proceeding itself,– to
> > secure a just result with a minimum of technical requirements.

Ford Motor Co. v. NLRB, 3305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L.Ed. 221

---

[13] Because the action sought review of an order issued by the ICC, the court in
City of New York was a special Three-Judge District Court, headed by Chief Circuit
Judge Friendly, who also authored the opinion.

(1939).  See also Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 619-622, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944).  The special circumstances here justify our remanding for further consideration without the vacating of the Commission's order that would normally attend upon this.  NEPA is a new and unusual statute imposing substantive duties which overlie those imposed on an agency by the statute or statutes for which it has jurisdictional responsibility.  Initially harmonizing and integrating the special duties imposed by NEPA with an agency's traditional regulatory functions is not an easy task.  What is more, the plaintiffs who now seek to benefit from the Commission's failure completely to perform the tasks imposed on it by NEPA exacerbated the problem by waiting until after the hearings were completed to raise the environmental question.  *While none of this can ultimately insulate unlawful administrative conduct from judicial correction*, in the exercise of our equity powers we deem this sufficient, considering the seriously deteriorated condition of the Railroad, both physically and economically, as established by the evidence before the Commission, to warrant allowing the December 13 order to remain standing at this juncture for a short period while the Commission supplements the record on the environmental issue and then assesses whether its order should be in any way revised.  Cf. Coffey v. Jordan, 107 US.App.D.C. 1133, 272 F.2d 1 (1959).

Id. at 163-64 (emphasis added, footnote omitted).

The Court in City of New York also emphasized the need for expeditious action by the ICC in view of the fact that the Court was allowing its original decision to remain standing, and imposed a 90-day deadline for the issuance of its new decision:

We will, then, give the Commission ninety days to conduct whatever further proceedings it may wish concerning the environmental and surcharge issues, to make additional determinations, and to serve, and to file with us, a supplemental report consistent with this opinion and the record of any further proceedings.  The parties shall serve and file any further briefs within fifteen days after service of the supplemental report; we will hear additional argument if requested.  We emphasize the need for expeditious action and holding the Commission to a strict time schedule because we are permitting the December 13 order to stand and the Railroad to remain shut down.  In the meantime, we will retain jurisdiction.

Id. at 164.[14]

--------

[14] The Court's proceedings after the completion of the remanded proceedings are reported in City of New York v. United States, 344 F.Supp. 929 (E.D.N.Y.1972).  On

Here, as in <u>City of New York</u>, the District Court in <u>Stratman I</u> exercised its inherent equitable authority to maintain the status quo, and to withhold vacating the Secretary's original decision approving Leisnoi's application for eligibility, pending the redetermination of the Secretary's decision in the remanded agency proceedings.  This was certainly a valid exercise of the District Court's discretion, in view of the length of time that the Secretary's decision approving Leisnoi's eligibility has been in effect, and the significant legal consequences that would inevitably attend its vacation.  However, now that the remanded proceedings have been completed, and IBLA has issued its new decision determining that Leisnoi did not satisfy ANCSA's requirements for eligibility as an unlisted Native Village, this Court can no longer withhold setting aside the Secretary's original 1974 decision approving Leisnoi's application, once it has reviewed and affirmed IBLA's new determination under the deferential standard(s) of review provided in the APA.[15]

As set forth above, the foregoing analysis demonstrates that the Secretary's 1974 determination of Leisnoi's eligibility was not decided with "administrative finality" as to Stratman, and that Stratman was excused for his failure to exhaust his administrative remedies, based on the Department's failure to provide him with the required notice and opportunity to participate in the original agency proceedings.  It also demonstrates that

---

remand, the ICC reviewed the environmental impact of the railroad's closure, and issued a new decision re-affirming its original determination to approve the railroad's abandonment.  <u>Id.</u> at 931. The Court then reviewed, and affirmed, the ICC's new decision, applying a deferential standard of review.  <u>Id.</u> at 936-940.

[15]For these reasons, Mr. Stratman will file this date "Omar Stratman's Motion for an Order Directing Federal Defendant to File a Complete Administrative Record", as well as "Omar Stratman's Motion to Review and Affirm IBLA's Decision on Remand, and to Set Aside the Secretary's Original 1974 Decision Approving Leisnoi's Eligibility as an Unlisted ANSCA Native Village."

Stratman was already held by the Ninth Circuit to have standing to maintain his APA challenge to the Secretary's 1974 eligibility determination.   Accordingly, Leisnoi's motions to dismiss on these grounds must be denied.

### D.    This Court has jurisdiction to review the decisions issued on remand by the Secretary and IBLA

The foregoing analysis also makes clear that this Court has the requisite jurisdiction to review the decisions issued on remand by the IBLA and the Secretary.   As set forth above, where an agency's decision is remanded for redetermination in additional agency proceedings, the decision issued by the agency on remand is subject to challenge and review by the Court, as part of the claimant's original APA claim and action against the agency.[16]

---

[16] The fact that Secretary's decision in this case involved the issue of whether Congress intended to legislatively ratify Leisnoi's status in enacting ANILCA Section 1427 does not alter this analysis, or render the Secretary's decision unreviewable. Leisnoi has argued that the Secretary's decision "mooted" Stratman's APA challenge, and that there is no longer any live case or controversy for jurisdictional purposes. However, the fact that the Secretary may have decided that Congress "mooted" Stratman's challenge by enacting ANILCA Section 1427, does not mean that the *Secretary* "mooted" Stratman's challenge by issuing his decision.  For one thing, there is a still a pretty live case and controversy as to whether the Secretary's decision is itself valid.  Whether or not Congress intended to legislatively ratify Leisnoi's status, and thus "moot" Stratman's APA challenge, was one of the issues that was initially raised by the defendants in Stratman I, and specifically remanded to IBLA for its initial determination. To suggest that because the Secretary concluded on remand that Congress did intend to "moot"  Stratman's challenge now "moots" any review of the Secretary's decision under Stratman's APA claim is absurd, and is the same as suggesting that the same determination, if it had been made by this Court, would have "mooted" any appellate review of the Court's decision by the Ninth Circuit.  The issue here is whether *Congress* mooted Stratman's APA challenge by enacting ANILCA Section 1427, not whether the *Secretary's decision* mooted Stratman's challenge.  The Secretary's decision regarding this issue, like any other issue remanded to an agency for its  determination, remains subject to challenge and review by this Court, as part of Stratman's original APA claim and challenge to the Secretary's 1974 determination of Leisnoi's eligibility.

42

**E.    IBLA erroneously concluded that it lacked jurisdiction to conduct the remanded proceedings**

The foregoing analysis also makes clear that the IBLA and Department of Interior had the requisite jurisdiction to conduct the remanded proceedings, pursuant to the same jurisdiction that the Department had to conduct the original agency proceedings, and to issue its original decision, regarding Leisnoi's application for eligibility.  See 73A C.J.S. Public Administrative Law and Procedure § 258 at 391 (when a case is remanded to an agency for additional proceedings by a reviewing court, the agency becomes "reinvested" with jurisdiction to take such steps as may be directed by the court).

IBLA erroneously concluded in its decision on remand that the Department lacked subject matter jurisdiction to adjudicate Stratman's challenge, based on its erroneous conclusion that the Secretary's 1974 determination of Leisnoi's eligibility had been decided with "administrative finality," and that it was no longer subject to challenge by Stratman because Stratman had failed to participate in the Department's original eligibility proceedings.  IBLA also erroneously concluded that the District Court's order of remand in Stratman I constituted a "referral" rather than a "remand."  IBLA reasoned that, because Stratman "never sought nor received a final agency decision" regarding his challenge to Leisnoi's eligibility, there was "no agency decision" for it to review on "remand."  IBLA also reasoned that, because Stratman never challenged Leisnoi's eligibility in the Department's original proceedings, the Department's decision approving Leisnoi's eligibility had been determined with "administrative finality," and was no longer subject to challenge.  157 IBLA at 303 n. 1 and 303-10 (AR, Tab D).

IBLA went on to conclude that it lacked jurisdiction because Stratman's challenge

43

was before it as an original proceeding, and as such, constituted an untimely appeal of the Department's "final" decision approving Leisnoi's eligibility.  157 IBLA at 312.

IBLA erroneously concluded that Stratman's challenge had been "referred" to it by the District Court rather than remanded.  The Board failed to appreciate the nature of Stratman's federal court action as an APA action challenging the Secretary's *original* 1974 decision approving Leisnoi's application for eligibility.  The matter that was remanded to it did not "originate" in Stratman's federal court action.  It originated *in the Department*, in its original proceedings to determine whether to grant Leisnoi's application for eligibility.  Stratman's federal court action was simply an action for *judicial review* of the Department's decision.

As noted by the Ninth Circuit: "'Remand'" means 'to send back. The sending by the appellate court of the cause back to the same court out of which it came, for purposes of having some further action taken on it there.'" United States v. Lee, 786 F.2d 951, 955 (9th Cir. 1986), quoting Black's Law Dictionary 1162 (5th ed. 1979).  In the context of an APA action for judicial review of an agency's decision, "remand" means "that the case is returned to the administrative body in order that it may take further action in accordance with the applicable law." Ford Motor Co. v. NLRB, 305 U.S. 364, 59 S.Ct. 301 (1939).  In this case, the Department's original decision approving Leisnoi's application for eligibility was *sent back* and *returned* to the Department for redetermination in additional agency proceedings, in order to cure the Department's failure to comply with the "procedures required by law" in making its original decision.  The provisions of APA Section 706(2)(D) also make clear that the District Court's order of remand in Stratman I was a "remand."

44

IBLA was apparently confused by the fact that Stratman had not participated in the Department's original proceedings, and that the adjudication of his challenge to Leisnoi's eligibility was thus before it for the first time, for its "initial determination." However, this did not transform this Court's order of remand into a "referral." The term "referral" relates to the referral of an issue presented in a judicial action to an agency for its "initial determination," where the issue is within the agency's primary jurisdiction. <u>Port of Boston M.T. Assn. v. Rederiaktiebolaget Transatlantic</u>, 400 U.S. 62, 69, 91 S.Ct. 203, 208 (1970). However, this relates only to the referral of separable issues presented in a judicial action where "there is a basis for judicial action, independent of agency proceedings":

> When there is a basis for judicial action, *independent of agency proceedings*, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved.

<u>Id.</u>, 400 U.S. at 69, 91 S.Ct. at 208 (emphasis added); <u>see</u> <u>also</u> <u>U.S. v. General Dynamics Corp.</u>, 828 F.2d 1356, 1362 (9th Cir. 1987).

Stratman's action does not assert an independent judicial claim, other than an APA claim for judicial review of the Secretary's decision approving Leisnoi's application for eligibility. Consequently, the issue of Leisnoi's eligibility was not before this Court as a collateral issue in a judicial action "independent of agency proceedings." It was before the Court in an action for *direct review* of the Secretary decision approving Leisnoi's eligibility. Nor was the issue of Leisnoi's eligibility before the Department for the first time for its "initial determination." The Department had already determined Leisnoi's eligibility in the original agency proceedings, when it approved Leisnoi's application for eligibility. It was this determination that was *remanded back* to the Department by the District Court, which was

45

sitting as a court of review of the Department's original decision.  The Department was ordered to redetermine its decision after conducting additional agency proceedings in order to cure its violation of the "procedures required by law" in making its original decision.  That the curative proceedings ordered by this Court included the adjudication of the merits of Stratman's challenge by the Department *for the first time*, does not mean that Stratman's challenge had been "referred" to the Department for "initial determination."  The adjudication of Stratman's challenge in a "compelled" hearing was merely a component of the curative proceedings ordered by this Court on remand in order to remedy the Department's violation of Stratman's right to notice and opportunity to assert his challenge in the Department's original agency proceedings.

IBLA also erred in concluding that the Department's original decision approving Leisnoi's application for eligibility had been determined with "administrative finality," and that Stratman's challenge to Leisnoi's eligibility was barred because he had never filed a timely agency appeal.  As set forth above, Stratman's original APA action challenged the Secretary's original 1974 decision approving Leisnoi's application for eligibility, notwithstanding his failure to exhaust his administrative remedies.  Whether or not his action should have been barred for his failure was a matter for the Court to determine, not IBLA or the Secretary.  In this case, the Court in Stratman I had already determined that Stratman's action was not barred for failure to exhaust his administrative remedies, and that Stratman was entitled to maintain his APA challenge to the Department's decision, based on the Department's failure to provide him with notice and opportunity to participate in the original agency proceedings.  This determination was the basis for the Court's order of

remand, which ordered IBLA to redetermine Leisnoi's eligibility in additional agency proceedings after adjudicating the merits of Stratman's challenge in a new hearing. IBLA was bound by this determination as the law of the case, and was not free to reconsider or second-guess the District Court's decision.[17]  See 2 Koch, Administrative Law and Practice,

---

[17] IBLA also second-guessed the Ninth Circuit's determination that Stratman had been entitled to actual notice of the Department's original agency proceedings, and that his failure to receive such notice excused his failure to exhaust as a bar to his action. In its decision, IBLA suggested that Stratman had actual knowledge of the Department's proceedings regarding Leisnoi's application. It noted that, at the hearing conducted by the ALJ, Stratman's counsel had made the point in questioning a witness that "virtually everyone on Kodiak Island would have been aware of efforts to enroll Natives to Woody Island." IBLA concluded that "[i]t is certainly conceivable, then, that Stratman himself, as a member of that community, had actual knowledge of such efforts and the subsequent filing of the application and eligibility decision and failed to bring any timely administrative challenge thereof." 157 IBLA at 320 (AR, Tab D). In this case, the court had already determined that Stratman lacked such knowledge. In its original order of December 7, 1976, the District Court held that Stratman's failure to exhaust his administrative remedies was excused, based on the Department's failure to provide him with actual notice of two separate events: 1) the filing of Leisnoi's application for eligibility; and 2) the BIA's proposed decision finding Leisnoi to be eligible. A76-0132 CV (JAV), Docket No. 18. Notice of both events had been published in the Federal Register pursuant to 43 CFR § 2651.2(9). Under 43 CFR § 2651.2(9), the publication of notice of the BIA's proposed decision finding of Leisnoi's eligibility commenced a thirty-day period for interested parties to file a protest of the BIA's decision; if any such protests were filed, the BIA Director was to issue a new decision, the publication of which was to commence a new thirty-day period for appealing the BIA Director's decision to ANCAB. 43 CFR § 2651.2(4). The issue of whether Stratman had actual knowledge of Leisnoi's application for eligibility and the BIA Director's proposed decision had already been litigated, and determined in Stratman's favor, by the District Court. The Court's ruling was issued in the context of the Department's motion for summary judgment, and was determined after allowing the parties the additional opportunity to file supplemental briefing after oral argument. A76-0132-CV (JAV), Docket Nos. 3-17. The District Court's determination was subsequently adopted and affirmed by the Ninth Circuit in its decision in Watt. Stratman v. Watt, 656 F.2d at 1325. IBLA was bound by this determination as the law of the case, and had no authority to question or reconsider it. Nor would IBLA's supposition that Stratman had actual knowledge of the filing of Leisnoi's application and the BIA Director's proposed decision approving Leisnoi's eligibility, alter the Court's analysis. Even if Stratman had generally been aware of Leisnoi's application and the BIA Director's proposed decision, as a member of the

§ 8.31 (2d ed. 1997).

Because Stratman's case was properly *remanded* to IBLA for redetermination of the Department's decision approving Leisnoi's eligibility, IBLA had jurisdiction over the remanded proceedings, including the jurisdiction to adjudicate the merits of Stratman's challenge as an element of the curative proceedings ordered by this Court on remand. See generally 73A C.J.S. Public Administrative Law and Procedure § 258 at 391 (when a case is remanded to an agency for additional proceedings by a reviewing court, the agency becomes "reinvested" with jurisdiction to take such steps as may be directed by the court). In this case, the Department's own regulations also expressly provide that it has jurisdiction to conduct any proceedings that may be ordered on remand by the courts. See 43 CFR subtitle A § 4.29, "Remands from courts." Although IBLA's conclusion that it lacked jurisdiction to adjudicate Stratman's challenge was erroneous, its error was harmless. Although it may have been reluctant to do so, IBLA nevertheless fulfilled the terms of this Court's mandate, and adjudicated the issues that had been remanded to it for determination.

## V.    Conclusion

For the reasons set forth above, this Court should: 1) deny Leisnoi's motion to dismiss at Docket No. 109; 2) deny, in part, Leisnoi's motion to dismiss at Docket No. 107, with regard to the issue of whether Stratman has judicial standing to maintain this action;

---

Kodiak community, he still would not have known that Leisnoi had selected the lands on which he held grazing leases, and that the BIA Director's decision approving Leisnoi's eligibility could therefore affect his interests, especially in view of the fact that Stratman's ranch was located miles away from Woody Island, at the opposite end of Kodiak's main road.  Stratman could have only learned of this if the Department had provided him with the required notice.

and 3) deny, in part, Leisnoi's motion to dismiss at Docket No. 118-1, with regard to the

issue of whether Stratman's action is barred under the doctrine of administrative finality.

RESPECTFULLY submitted this 11th day of June, 2007.

s/Michael J. Schneider
s/Eric R. Cossman
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that **OMAR STRATMAN'S OPPOSITION TO LEISNOI'S
MOTION AT DOCKET NO. 109 AND PARTIAL OPPOSITION TO LEISNOI'S
MOTIONS AT DOCKET NOS. 107 AND 118-1** was served electronically
on the 11TH day of June, 2007, on Bruce M. Landon, R. Collin Middleton,
and John R. Fitzgerald.
s/Michael J. Schneider