0118 540

T. 29 S., R. 21 W.
Sec. 3, Lot 1;
Sec. 13, Lot 1;
Sec. 14, Lot 1;
Secs. 25, 26 and 36.

Containing 2,824.78 acres, as shown on plat of survey accepted January 10, 1980.

T. 30 S., R. 21 W.
Secs. 1, 2 and 3;
Secs. 9 and 10.

Containing 3,200.00 acres, as shown on plat of survey accepted January 10, 1980.

Aggregating 44,026.05 acres, and

All being situate in the Kodiak Recording District, Third Judicial District, State of Alaska.

DATED this 9th day of March, 1993.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Plaintiff

BY: _____
    Michael J. Schneider

After recording, please return to:

Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska 99501

93-0573
31-cc
KODIAK REC
DISTRICT
REQUESTED BY
Michael J. Schneider
'93 MAR 12 PM 3 36

LIS PENDENS
MJS/ks 428.001

-5-

Exhibit ___1___
Page __5__ of __5__

00052

MJS, P.C.  JAN 25 1994

Roy Longacre
Longacre & Associates
425 G Street, Suite 910
Anchorage, Alaska 99501
(907) 276-6354

Attorneys for Leisnoi, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON, )
JOHN MURRAY, and MICHAEL )
DEVERS, )
          Plaintiffs, )
)
  vs. )
)
JAMES G. WATT, Secretary of )
the Interior; ANTON LARSEN, )
INC.; LEISNOI, INC.; and )
KONIAG, INC., Regional Native )
Corporation, )
)
          Defendants. )
_____) Case No. 76-0132-A-JAV

**MEMORANDUM IN SUPPORT OF MOTION TO EXPUNGE LIS PENDENS**

      Plaintiff Omar Stratman has filed two Lis Pendens which are encumbering Leisnoi, Inc.'s property. The first Lis Pendens dated March 9, 1993, affects the land conveyed to Leisnoi, Inc. by the United States Government (Exhibit 1). The second Lis Pendens dated November 15, 1993, affects land conveyed to the Leisnoi-Trillium Joint Venture by the Afognak Joint Venture and is not lands in which Leisnoi has an interest as a result of its ANCSA status. This action is not one in which the allegations of Plaintiff Stratman, under the current circumstances, will result in a judgment affecting title to the real property.

      Since the Lis Pendens is authorized by Alaska Statute,

the court should look to Alaska law in construing the Lis Pendens. Alaska's controlling case, Blake v. Gilbert, 702 P.2d 631 (Alaska 1985) holds,

> "Thus, the propriety of a Lis Pendens must stand upon the allegations in the pleadings, and the court should look to the primary purpose of the action, as set forth in the complaint or counterclaim."

(Citations omitted). Id. at 643. In the instant matter neither the allegations in the pleadings nor the requested relief sought by Plaintiff Stratman will not affect the title to the right of possession of real property. A.S. 09.45.790. Thus, Plaintiff Stratman's Lis Pendens should be expunged.

"Expunging a Lis Pendens is a collateral matter, and the trial court has jurisdiction to do so pending appeal." Id. at 642. In order to withstand the motion for expungement, the plaintiff must make a prima facia case of the merits of his claim showing whether title to the property would be affected if the plaintiff were to prevail on his claims. Murdock - SC Associates, Beverly Hills Federal Savings, 627 F. Supp. 948, 957 (C.D. Cal. 1985). In doing so, the plaintiff bears the burden of proof. Malcolm v. Superior Court of Santa Clara County, 629 P.2d 495 (California 1981).

As illustrated by the attached affidavit of Dyan Conaway, President of Leisnoi, Inc., (Exhibit 3) the original of which will be filed with the court on receipt, the existence of a Lis Pendens

MEMORANDUM IN SUPPORT OF MOTION TO EXPUNGE LIS PENDENS
PAGE 2

has both interfered with the marketing and sale of property subject to the second Lis Pendens, Exhibit 2, as well as interfered with the ability of the corporation to enter into transactions with third parties. Both Lis Pendens should be expunged.

Respectfully submitted this 21st day of January, 1994.

LONGACRE & ASSOCIATES
Attorneys for Defendant Leisnoi

By: _____
Roy Longacre

LAW OFFICES OF
LONGACRE & ASSOCIATES
425 G STREET, SUITE 910
ANCHORAGE, ALASKA 99501
PH: (907) 276-6354  FAX: (907) 279-4685

FILED

MAR 11 1994

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, ET AL.,            )
                                  )
            Plaintiffs,           )
                                  )
      vs.                         )
                                  )
BRUCE BABBITT, ET AL.,            )
                                  )
            Defendants.           )
_____)

A76-132 Civil (JAV)


## MEMORANDUM AND ORDER

This cause comes before the court on motion to expunge Lis Pendens, filed January 24, 1994 (Docket No. 174), by defendant Leisnoi, Inc. For the reasons outlined below, defendant's motion is denied. The request for oral argument, filed February 2, 1994 (Docket No. 176) by plaintiff Omar Stratman, is denied in order to expedite the business of the court. Local General Rule 5(C)(1).

By Memorandum and Order filed August 18, 1993 (Docket No. 144), the court denied plaintiff's motion to vacate dismissal and reopen the case. An appeal and cross-appeal were filed by the parties. Plaintiff filed two Lis Pendens on property belonging to Leisnoi, Inc. One was filed prior to the appeal and the second was filed subsequent to the appeal.

Defendant seeks a ruling from this court expunging the Lis Pendens. In support of its request, defendant submits that under the current circumstances of this case, the allegations of plaintiff will not result in a judgment affecting title to the real property. Defendant relies on Blake v. Gilbert, 702 P.2d 631 (Alaska 1985) to make this argument. In that case the court stated that "the propriety of a Lis Pendens must stand upon the allegations in the pleadings, and the court should look to the primary purpose of the action, as set forth in the complaint or counterclaim." Id. at 643.

Defendant further maintains that Blake provides support for its second argument. Defendant contends this court has jurisdiction, pending the appeal, to consider the motion to expunge, as it is a collateral matter. The court in Blake stated that "[e]xpunging a Lis Pendens is a collateral matter, and the trial court has jurisdiction to do so pending appeal." Id. at 642.

Plaintiff counters that his amended complaint is a direct attack on defendant's right to take title or possession of lands under the Alaska Native Claims Settlement Act. Plaintiff also relies on the language cited above from Blake, 702 P.2d at 643, to support this argument. He concludes that he should be provided the protection of Alaska's Lis Pendens statute found at Alaska Statute 09.45.790.

Plaintiff disagrees, however, that this court should also rely on Blake in deciding whether it has jurisdiction to consider defendant's motion pending the appeal. Plaintiff suggests the

court should view Ninth Circuit decisions, and not state decisions, when considering jurisdictional issues. In <u>Matter of Thorpe</u>, 655 F.2d 997, 998 (9th Cir. 1981) the Ninth Circuit stated that once an appeal is taken, jurisdiction is transferred to the appellate court. The district court is thus divested of authority to proceed further except with matters in aid of the appeal, to correct clerical mistakes or in aid of execution of a judgment. <u>Id</u>. The appellate court also recognized that such a rule is not statutory and is not absolute in character. <u>Id</u>.

This court, in reviewing the cases cited by the parties and also others, notably bankruptcy cases, concludes that jurisdiction to determine collateral matters such as expunging Lis Pendens, remains with the district court. The issue before the court is a collateral matter which is not beyond this court's jurisdiction. <u>See generally Johnson Chemical Company, Inc. v. Condado Center, Inc.</u>, 329 F. Supp. 98 (D. Puerto Rico 1971); <u>In Re Thatcher</u>, 24 B.R. 764 (E.D. Cal. 1982); and <u>In Re Weston</u>, 110 B.R. 452 (E.D. Cal. 1989).

Having determined this court has jurisdiction to consider the matter, the second question is whether defendant's motion to expunge the Lis Pendens should be granted. The parties are in agreement that the court should consider the allegations in plaintiff's pleading and to consider the primary purpose of the action as set forth in plaintiff's complaint. <u>Blake</u>, 702 P.2d at 643.

Defendant contends that plaintiff's underlying complaint challenged the eligibility of Leisnoi as a Native corporation, but there was no underlying claim by plaintiff to the lands acquired by Leisnoi. Plaintiff refers to the language in his amended complaint to argue that he did make a direct attack on defendant's right to title or possession of real property. For example, the prayer of his amended complaint seeks that the "Secretary be permanently enjoined from issuing any patents to or other interest in real property in the Federal domain to the Village Corporations." He further prayed that "any conveyance of interest in real property which might have been made to said Village Corporations . . . be declared null and void."

In looking at the primary purpose of plaintiff's complaint, the court agrees with plaintiff that the allegations affected defendant's right to property. The Lis Pendens filed by plaintiff will not be expunged at this time. Defendant's motion is denied without prejudice, pending conclusion of the appeal in the underlying action.

Accordingly, IT IS ORDERED THAT defendant's motion to expunge Lis Pendens is DENIED.

DATED at Anchorage, Alaska, this 11th day of March, 1994.

cc: M. Schneider
    A. Schmitt (JAMIN)
    B. Landon (AUSA)
    C. Middleton (MIDDLETON)
    R. Longacre (LONGACRE)

cc:

United States District Judge

FILED

APR 08 1994

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, ET AL.,          )
                                )
            Plaintiffs,         )
                                )
    vs.                         )
                                )
BRUCE BABBITT, ET AL.,          )
                                )
            Defendants.         )
_____)

A76-132 Civil (JAV)


## MEMORANDUM AND ORDER

This cause comes before the court on motion for partial reconsideration, filed March 18, 1994 (Docket No. 182), by defendant Leisnoi, Inc. For the reasons stated below, the motion for reconsideration is granted. Upon reconsideration, the court declines to alter its decision of March 11, 1994.

Defendant seeks partial reconsideration of the court's Memorandum and Order dated March 11, 1994 (Docket No. 181) which denied defendant's request to expunge two Lis Pendens filed by plaintiff. Defendant requests the court to reconsider its denial to expunge the Lis Pendens filed November 15, 1993 on the Cliff Point property. Defendant asserts that the Cliff Point property was not acquired by or through the federal government, and that the

title to the property would not be affected by the present action in the event the case is reopened.

The court is not convinced at this time that the Cliff Point property was not acquired, at least indirectly, through the federal government. It is the court's understanding that Leisnoi acquired an interest in the Afognak Joint Venture as a result of ANCSA. Leisnoi then contributed its "ANCSA" interest in the Afognak Joint Venture to the Leisnoi-Trillium Joint Venture. The Leisnoi-Trillium Joint Venture, in turn, sold the interest for cash and the Cliff Point property. Plaintiff argues that because Leisnoi never had ANCSA standing, it was not the proper recipient of anything from the Afognak Joint Venture. Thus, it could not have rightly contributed its "ANCSA" interest to the Leisnoi-Trillium Joint Venture. In turn, the sale by Leisnoi-Trillium Joint Venture of its interest in the Afognak Joint Venture for cash and property was tainted because that which was being sold was improperly derived "ANCSA" property.

Defendant submits that if the current litigation is reopened, it will not affect the joint venture's ownership of the Cliff Point property, and that the joint venture should not be frustrated by the second Lis Pendens filed by plaintiff. It is not clear to the court that ownership of the Cliff Point property will not be affected if it is determined that Leisnoi was not the proper recipient of ANCSA benefits. While the court does not wish to frustrate the marketing of the Cliff Point property by the Leisnoi-Trillium Joint Venture, the court is not convinced, based on the

2

MJS, P.C.   APR 11 1994

limited briefing before it, that the Lis Pendens should be expunged.

Accordingly, IT IS ORDERED:

(1) THAT the motion for reconsideration is GRANTED; and

(2) THAT upon reconsideration, the court declines to alter its decision of March 11, 1994.

DATED at Anchorage, Alaska, this 8th day of April, 1994.

_____
United States District Judge

cc: M. Schneider
    A. Schmitt (JAMIN)
    AUSA
    C. Middleton
    R. Longacre (LONGACRE)

3

00062

AO 72A
Rev. 8/82

MJS, PC   DEC 1 2 1994

FILED
DEC 5 1994
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMAR STRATMAN, ) | No. 93-36006 |
| Plaintiff-Appellant, ) | D.C. No. CV-76-0132-A-JAV |
| v. ) | MEMORANDUM* |
| BRUCE BABBITT, Secretary of the Interior, LEISNOI INC., KONIAG INC., ) | |
| Defendants-Appellees. ) | |

Appeal from the United States District Court
for the District of Alaska
James A. von der Heydt, District Judge, Presiding

Argued and Submitted October 31, 1994
Seattle, Washington

Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges

Omar Stratman appeals the district court's denial of his motion to vacate a judgment of dismissal that had been entered upon Stratman's motion, brought in accordance with the terms of a settlement agreement signed by Stratman and Koniag, Inc. The dismissal was as to all defendants. Stratman also appeals the court's declination to alter that ruling after granting his motion for reconsideration. We reverse.

We will not reverse a district court's refusal of relief under Federal Rule of Civil Procedure 60(b)(6) in the absence of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

an abuse of discretion. <u>United States v. RG&B Contractors, Inc.</u>, 21 F.3d 952, 954 (9th Cir. 1994). Moreover, as we have said, "[r]elief under Rule 60(b)(6) is extraordinary, especially where the judgment was rendered by consent." <u>Washington v. Penwell</u>, 700 F.2d 570, 574 (9th Cir. 1983); <u>see also</u> <u>Jeff D. v. Andrus</u>, 899 F.2d 753, 759 (9th Cir. 1989) (resolution of litigation through settlement is favored). Even so, when an agreement fails of its purpose in its entirety, that does raise an extraordinary circumstance. <u>Cf.</u> <u>Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162</u>, 937 F.2d 408, 410 (9th Cir. 1991) (where party repudiated a settlement, the situation was extraordinary and setting aside dismissal <u>was</u> proper). This is just such a case.

Here, there was, as it turned out, a basic defect in the very inception and at the very core of the settlement agreement upon which the dismissal of this case was based. Unless Stratman made a deliberate choice to accept the risk of that defect, his agreement should not bind him and the dismissal of this action should be set aside. When the district court failed to set aside the dismissal it did, in this extraordinary circumstance, abuse its discretion. Thus, we will first refer to the effect that the defect had upon the settlement agreement itself and will then discuss the deliberate choice issue.

A.  <u>The Agreement</u>

The interpretation of the settlement agreement is subject to Alaska state law. <u>Jeff D.</u>, 899 F.2d at 759. In Alaska, settlement agreements are interpreted according to the general principles of contract law. <u>See</u> <u>Hayes v. Xerox Corp.</u>, 718 P.2d

929, 937 (Alaska 1986). Even a contract for a quitclaim deed can be rescinded if the parties who negotiated for the deed were operating under a material mutual mistake of fact. See Matanuska Valley Bank v. Abernathy, 445 P.2d 235, 237-38 (Alaska 1968). A material mutual mistake of fact occurs when "'there was a mistake of both parties at the time of contracting as to a basic assumption on which the contract was made; the mistake had a material effect on the agreed exchange of performances, and the party seeking relief did not bear the risk of the mistake.'" Alaska Div. of Agric. v. Carpenter, 869 P.2d 1181, 1183 (Alaska 1994) (citation omitted).

It cannot be gainsaid that the first two requirements are met. It is clear that the settlement agreement negotiated by Koniag and Stratman contemplated that the surface rights to the subject land would be included, and that this was the contracting parties' intention. Koniag and Stratman believed at the time they entered into the settlement agreement that Leisnoi did not exist and that Koniag held all of the former Leisnoi's interests. If, in practical effect, Leisnoi *did* exist, both parties were operating under a material mistake of fact that went to the heart of the contract they signed. Both parties believed that Koniag had the authority to represent Leisnoi's interests because Leisnoi was Koniag's predecessor. Leisnoi's interests in the disputed lands were the primary subject matter of the agreement; had the parties known that <u>at that time</u> it was impossible for them to negotiate a deal concerning those interests, they almost certainly never would have entered into the agreement.

The only remaining requirement is that Stratman did not bear the risk of the mistake. For the reasons discussed below, he did not. Accordingly, the settlement agreement was not enforceable. It is in just such extraordinary circumstances that Rule 60(b)(6) relief is warranted. See In re Pacific Far E. Lines Inc., 889 F.2d 242, 248, 250 (9th Cir. 1989); see also Keeling, 937 F.2d at 410.

The result we reach is not foreclosed by issue preclusion because the Alaska Supreme Court did not consider whether the settlement agreement was invalid. It merely held that on account of the doctrine of lis pendens, the agreement was not binding on Leisnoi. See Leisnoi, Inc. v. Stratman, 835 P.2d 1202, 1208-10 (Alaska 1992). The Alaska Supreme Court had no occasion to consider whether frustration of the settlement agreement warranted reopening Stratman's district court case.

B.  Deliberate Choice

Rule 60(b)(6) relief is not available to remedy harm suffered as a result of a truly deliberate choice or strategy on the part of the moving party. Ackermann v. United States, 340 U.S. 193, 198, 71 S. Ct. 209, 211-12, 95 L. Ed. 207 (1950); Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982).

In its 1982 settlement agreement with Stratman, Koniag warranted that "it will pursue its best efforts to achieve conveyance and patent of the lands, and that it will take no action to prevent conveyance." Stratman could not have anticipated that Koniag would enter into a settlement agreement in the demerger litigation that would declare the merger "void ab

initio." That agreement jeopardized the surface-estate conveyance. Despite the agreement it had negotiated with Stratman, Koniag acquiesced in the use of the "void ab initio" language at the request of the shareholder in the demerger litigation. Thus, Koniag helped create the very circumstance that frustrated the 1982 settlement agreement.

It is not significant for the purposes of "deliberate choice" analysis that Stratman agreed to accept a quitclaim deed. The agreement clearly contemplated that the surface estate was part of the deal. Koniag's attorney insisted on the use of a quitclaim deed because "he did not want Koniag to be obligated to convey a greater interest in the land than it received from the U.S. government." The record does not indicate that the attorney's concern stemmed from any worry that Koniag might have only subsurface rights to convey as a result of a demerger, but rather from a concern that Leisnoi might not have taken all of the necessary procedural steps to allow the United States to perfect the conveyance, or that some other procedural problems might arise. If the attorney did have the former concern, nothing suggests that he made it known to Stratman.

On balance, the district court abused its discretion in finding that Stratman made a deliberate choice to ignore the risk that Leisnoi one day might not be bound to make the conveyance. Although the record shows that Stratman knew of the pending demerger litigation, he could not have known that Koniag would agree to declare the merger "void ab initio" and that that would enable Leisnoi to claim the benefits but eschew the burdens of the

settlement agreement. As it is, Leisnoi's position depends upon a much later opinion of the Alaska Supreme Court. That, in turn, elicited a vigorous dissent which asserted that the court had greatly changed the law itself. See Leisnoi, 835 P.2d at 1211 (Moore, J., dissenting). Thus, no deliberate choice was made.

C.  Indispensable Party

Assuming arguendo that Koniag is an indispensable party to this action, its settlement agreement with Stratman, which would apparently require Koniag's dismissal as a defendant were this case to proceed, does not affect the reopening of the action under Federal Rule of Civil Procedure 19. Rule 19 dictates only that indispensable parties be joined in an action. Koniag has been a defendant in this suit since January 1977. Nothing prevents an indispensable-party defendant, once joined, from settling with the plaintiff.

By its very terms, Rule 19(b)'s considerations of "equity and good conscience" as to whether an action should go forward absent an indispensable party come into play only "whenever joinder [is] not feasible." Here, joinder is not only feasible, it was accomplished seventeen years ago.

D.  Timeliness of the Rule 60(b)(6) Motion

A Rule 60(b)(6) motion must be brought "within a reasonable time." "What constitutes a reasonable time 'depends on the facts of each case.'" Pacific Far East, 889 F.2d at 249 (citation omitted). The primary considerations in determining whether a motion to vacate a dismissal was brought within a reasonable time are whether the moving party had good reason for not acting sooner

and whether the adverse party was prejudiced by the delay. <u>Id.</u> The district court, without discussion, found that the motion to vacate the dismissal was timely made. We agree.

"In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal." <u>Keeling</u>, 937 F.2d at 410.

Stratman chose to follow the "usual course" and seek specific performance of the settlement agreement in state court. By not also seeking to reopen the district court litigation at that time, Stratman avoided expending judicial as well as his own resources on litigation that might later prove unnecessary--or even, depending on its outcome, incompatible with the relief he sought in the specific performance action.[1]

Leisnoi and the Secretary claim that there will be prejudice to Leisnoi's shareholders if the dismissal is set aside. We fail to discern that. Any harm suffered by Leisnoi will occur either because it seeks to enjoy the settlement agreement's benefits without paying for them or because its claim to the land was seriously defective in the first place.

## CONCLUSION

After Stratman brought this action against appellees, the attorney defending it believed that Stratman had an excellent (90%) chance of success. Stratman, however, did what we encourage

---

[1] At oral argument appellees conceded that the seven and a half months between the decision in <u>Leisnoi</u> and the bringing of the Rule 60(b)(6) motion was not an unreasonable delay.

parties to do: he settled the action with the only entity that could then negotiate a settlement with him--Koniag. Now Leisnoi seeks to secure a Panglossian result for itself. In its best of all possible worlds everything will be for the best as far as it is concerned. Stratman will be held to his agreement with Koniag, but Leisnoi will have no obligations. We understand the desire, but the law does not allow for its gratification.

A material mutual mistake of fact existed at the time Stratman and Koniag negotiated the 1982 settlement agreement. Rule 60(b)(6) relief is warranted when there has been complete frustration of a settlement agreement, and the district court abused its discretion in declining to reopen Stratman's action under these extraordinary circumstances. We therefore reverse the district court's order denying Stratman's motion for Rule 60(b)(6) relief and remand to the district court with instructions that it vacate the judgment of dismissal and reopen Stratman's decertification litigation.[2]

REVERSED AND REMANDED.

---

[2] We deny the Secretary's motion to strike the reply brief or parts thereof.

FILED

APR 05 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON, )
JOHN MURRAY, and MICHAEL     )
DEVERS,                      )
                             )
        Plaintiffs,          )
                             )    Case No. A76-132 CV (JAV)
vs.                          )
                             )
BRUCE BABBITT, Secretary of  )    ORDERS
the Interior; ANTON LARSEN,  )
INC.; LEISNOI, INC; and      )
KONIAG, INC., REGIONAL NATIVE)
CORPORATION,                 )
                             )
        Defendants.          )
_____)

IT IS ORDERED:

1. That as ordered by the Court of Appeals for the Ninth Circuit, the judgment of dismissal entered by this court is vacated and the cause is reopened as to plaintiff Stratman's decertification litigation.

2. That this court's stay order of March 28, 1995, is vacated.

3. That plaintiff Stratman's motion to shorten time within which to hear his motion for preliminary injunction is granted as follows: