Leisnoi's opposing brief, filed by April 10, 1995;
Stratman's reply brief filed by April 12, 1995.

4.  That oral argument upon Stratman's motion for preliminary injunction is set for Friday, April 14, 1995, at 9:30 a.m. at Anchorage, Alaska.  Each party may have thirty (30) minutes for argument.

5.  That at said argument of April 14, counsel may also address Stratman's motion to dismiss and/or amend caption.

6.  That Leisnoi's motion for stay pending petition for certiorari is denied.

7.  That Leisnoi's motion for extension of time (docket no. 200) is denied as moot.

8.  That all other pending motions are stayed pending the court's ruling on Stratman's motion for preliminary injunction.


DATED at Anchorage, Alaska, this Fifth day of April 1995.


                                James A. von der Heydt
                                United States District Judge

A76-0132--CV (JAV)
-----------------------------------------------------------
E. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
H. SCHNEIDER

B. LANDON (AUSA)
A. SCHMITT
CMC

Stratman v. Babbitt
Orders
d:1985.old\A76-132.OR2

2

FILED

APR 20 1995

UNITED STATES DISTRICT COUR
DISTRICT OF ALASKA

by _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,    )
JOHN MURRAY, and MICHAEL       )
DEVERS,                        )
                               )
            Plaintiffs,        )
                               )          Case No. A76-132 CV (JAV)
vs.                            )
                               )
BRUCE BABBITT, Secretary of    )          ORDER
the Interior; ANTON LARSEN,    )
INC.; LEISNOI, INC.; and       )
KONIAG, INC., REGIONAL NATIVE  )
CORPORATION,                   )
                               )
            Defendants.        )
_____)

As provided by Rule 16, Fed.R.Civ.P.,

IT IS ORDERED:

1.  That a pretrial conference convene in open court
in the above cause, Monday, May 1, 1995, at 9:30 a.m., at
Anchorage, Alaska.

2.  That for purposes of discussion and clarification
of all remaining issues, and determination of the necessary
remaining steps to bring this litigation to a conclusion, each
interested party shall, on or before noon, April 27, 1995, file

224

) 72A
ev. 8/82)

a succinct (Webster--concise) statement covering the above
noted matters, said statement not to exceed five (5) pages.

     3.  That copies of all statements shall be served on
all other parties prior to the pretrial conference.

     DATED at Anchorage, Alaska, this Twentieth day of
April 1995.

                     James A. von der Heydt
                     United States District Judge

A76-0132--CV (JAV)
---------------------------------------------------------
E. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
M. SCHNEIDER

B. LANDON (AUSA)
A. SCHMITT
CHC

04/20/95
by Facsimile:
M. Schneider
C. Middleton
B. Landon
A. Schmitt
E. Boyko
R. Henderson

Stratman v. Babbitt
Memo/Order
d:1985.OLD\A76-132.OR3

2

00074

APR 28 1995

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,       )
JOHN MURRAY, and MICHAEL          )
DEVERS,                           )
                                  )
     Plaintiffs,                  )        Case No. 76-132 CIV (JAV)
                                  )
versus                            )
                                  )
BRUCE BABBITT, Secretary of       )
the Interior; ANTON LARSEN,       )        STATUS CONFERENCE REPORT
INC.; LEISNOI, INC.; and          )        OF LEISNOI, INC.
KONIAG, INC., Regional Native     )
Corporation,                      )
                                  )
     Defendants.                  )
_____)

     COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL

BOYKO & ASSOCIATES, and hereby submits its Status Conference

Report.

     Leisnoi, Inc. expects the following motion practice to

occur:

     1.   Motion for stay pending resolution of appeal to the

Court of Appeals for the Ninth Circuit (this motion will

demonstrate that the dispute between Stratman and Leisnoi,

Inc. is turning into a four-ring circus, with proceedings

taking place in District Court, the Court of Appeals for the

Ninth Circuit, a Petition for Certiorari to the United States

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

JK. 233

Supreme Court, and a Forcible Entry & Detainer action in state court).

2.    Motion for Summary Judgment re: _Res Judicata_ (this motion has already been filed, but no opposition has yet been submitted.)

3.    Motion for Summary Judgment re: Lack of Subject Matter Jurisdiction (this motion will focus upon the failure of alleged recreational user/berrypicker Omar Stratman to administratively appeal the finding of eligibility of Woody Island as a village native corporation following constructive notice having been given him through publication in the Federal Register and the Kodiak Daily Mirror, which issue has been remanded to this Court by the United States Court of Appeals for the Ninth Circuit.)

4.    Motion for Summary Judgment re: Statute of Limitations barring any suit to annul or cancel land patents or conveyances from the United States to Leisnoi, Inc. (this motion will focus upon the six year provision of 43 USC section 1166 as barring a suit to annul the patents of land to Leisnoi, Inc.)

5.    Motion to Invalidate or Expunge Lis Pendens (this motion will seek to expunge the Lis Pendens that are improperly tying up Leisnoi, Inc.'s property, which property is held in fee simple by Leisnoi, Inc. and is protected from annulment by virtue of 43 U.S.C. section 1166)

6.    Motion for Summary Judgment re: Eligibility of the Village of Woody Island as a Native Village Corporation under

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

ANCSA (this motion will focus upon how Woody Island was properly certified as an ANCSA Native Village Corporation pursuant to valid regulations adopted by the Secretary).

7.    Motion for Protective Order (this motion will seek relief from the burdensome, oppressive, harassing discovery requests served upon Leisnoi, Inc. by Omar Stratman, which discovery is not calculated to lead to discovery of admissible evidence).

8.    Motion for Summary Judgment re: Stratman's Settlement Agreement with Koniag barring him from proceeding further against Leisnoi, Inc. (this motion will focus upon the settlement with Koniag precluding Stratman from seeking to bar further conveyances of surface rights to Leisnoi, Inc., since a bar of such conveyances would impermissibly deprive Koniag of the subsurface rights to which it is entitled).

9.    Motion for Summary Judgment re: Congressional Ratification of Leisnoi, Inc. as a valid Village Native Corporation (this motion will focus upon the legal ramifications that flow from the Congressional action in adopting into federal law 94 Stat. 2371 at 2518-28).

10.    Opposition to any motion to amend the complaint (this opposition would seek to bar Stratman from amending his complaint in this 1976 action to add any new causes of action, new parties plaintiff, or claims of fraud, which fraud claims were intentionally deleted by Stratman in 1977 when he filed his Amended Complaint.)

11.  Motion for Summary Judgment re: Unclean Hands of Omar Stratman (this motion will focus upon the fraud perpetrated by Omar Stratman in repeatedly claiming to own a BLM grazing lease, when, in fact, he sold it years ago, before suit was filed, such that his unclean hands preclude the equitable relief sought in his complaint, namely, decertification of Leisnoi, Inc.)

12.  Oppositions to whatever motions Omar Stratman will file (Leisnoi, Inc. expects to receive a plethora of groundless motions from Omar Stratman, and will oppose each and every one of them).

Anchorage, Alaska this 27th day of April, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
John Richard Fitzgerald

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

MTS. P. 6    MAY 10 1995
Lodged
MAY 10 1995

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,          )
JOHN MURRAY, and MICHAEL DEVERS,     )
                                      )
                  Plaintiffs,         )        Case No. A76-132-CV (JAV)
                                      )
        v.                            )
                                      )
BRUCE BABBITT, Secretary of the       )        SCHEDULING ORDER
Interior; ANTON LARSEN, INC.;         )
LEISNOI, INC.; and KONIAG, INC.,      )
Regional Native Corporation,          )
                                      )
                  Defendants.         )
_____)

**FILED**

MAY 1 1 1995

UNITED STATES DISTRICT COU
DISTRICT OF ALASKA

        Pursuant to the pre-trial conference of May 1, 1995, the court and parties have identified five threshold issues in this action:

        1.  Whether the court should dismiss this action for failure of plaintiff Omar Stratman (hereinafter "plaintiff") to exhaust his administrative remedies;

        2.  Whether <u>res judicata</u> bars this action;

        3.  Whether plaintiff's second settlement agreement with Koniag, Inc. contractually precludes Stratman from proceeding against Leisnoi, Inc.;

        4.  Whether Section 1427 of the Alaska National Inter-est Lands Conservation Act constitutes congressional ratifi-cation of Leisnoi's eligibility thus barring plaintiff's action; and

        5.  Whether plaintiff's lis pendens should be expunged.

SCHEDULING ORDER                    - 1 -

DK. 240



1    Defendants may file briefs on any or all of those

2    threshold issues by June 1, 1995.  Plaintiff's opposition shall

3    be filed by July 1, 1995.  Defendants' replies shall be filed by

4    July 14, 1995.

5    Defendant Leisnoi has already filed a brief on the res

6    judicata issue.  Koniag and federal defendant may address the res

7    judicata issue in their June 1, 1995 brief.  Plaintiff's response

8    to both Leisnoi's res judicata brief and any res judicata argu-

9    ments contained in Koniag's or federal defendant's June 1, 1995

10   briefs shall be included in plaintiff's July 1, 1995 brief.

11   If the court does not resolve this action on one of the

12   five threshold issues, the court will remand the matter to the

13   Interior Board of Land Appeals for a determination of Leisnoi's

14   eligibility.

15   All motions other than those relating to the threshold

16   issues are stayed.  All discovery other than discovery necessary

17   for a resolution of the threshold issues is stayed.  The parties

18   shall confer and attempt to reach a stipulation specifying which

19   discovery requests shall be answered because they are necessary

20   for resolution of the threshold issues.  The parties shall file

21   such a stipulation or a report to the court setting forth the

22   disagreements of the parties by May 25, 1995.

23

24   DATED: _May 11, 1995_          _James B. vonderHeydt_
                                     U.S. DISTRICT COURT JUDGE
25   A76-0132--CV (JAV)
     ----------------------------------------------------
26   E. BOYKO (BOYKO)
     R. MIDDLETON (MIDDLETON)
27   M. SCHNEIDER
     D. LANDON (AUSA)                  — 2 —
28   A. SCHMITT

00080

MJS, P.C.    JUN    1995

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,    )
JOHN MURRAY, and MICHAEL       )
DEVERS,                        )
                               )
        Plaintiffs,            )    Case No. 76-132 CIV (JKS)
                               )
versus                         )
                               )
BRUCE BABBITT, Secretary of    )    MEMORANDUM IN SUPPORT OF
the Interior; ANTON LARSEN,    )    MOTION TO EXPUNGE
INC.; LEISNOI, INC.; and       )    LIS PENDENS
KONIAG, INC., Regional Native  )
Corporation,                   )
                               )
        Defendants.            )
_____)

## I.   THE LIS PENDENS MUST BE EXPUNGED

Omar Stratman filed this suit in 1976, prior to Leisnoi,
Inc. receiving its land patents from the United States.  Had
Stratman prevailed in decertifying Leisnoi, Inc. before
Leisnoi received its land, it is possible that Leisnoi, Inc.
would never have received any land under ANCSA.

As far back as 1976, the United States was made aware of
Stratman's allegations that Leisnoi, Inc. had been improperly
certified.  Had the government felt there was merit to his
allegations, the government could have declined to convey
land to Leisnoi, Inc.  Or, after having conveyed the land, if

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

the government decided that there was merit to Stratman's contentions, the government had six years from the date of land conveyances in which to sue Leisnoi, Inc. to annul the land patents.  The statute of limitations provides that the government, if it seeks to annul land patents, must do so "within six years after the date of the issuance of such patents." 43 U.S.C section 1166.

Leisnoi, Inc. received its land patents in 1979 and in 1985. See, Interim Conveyances and Land Patents attached hereto.  Since, if it believed Stratman's ridiculous contentions, the government had the ability to sue Leisnoi, Inc. to annul land patents at any time until 1991, it may be that the Lis Pendens that Stratman filed against all of Leisnoi, Inc.'s land was not necessarily improper prior to 1991.

Subsequent to 1991, however, there is no basis in law or fact for the Lis Pendens to remain on the property records. The statute of limitations in which the government could sue to annul the land patents expired at least four years ago. This means that the land patents cannot be annulled.  In other words, even if Leisnoi, Inc. were decertified as a Native village corporation, the land patents cannot be annulled at this late date.

Stratman has been complaining about alleged irregularities in the Leisnoi, Inc. certification for almost

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 2 of 10

twenty years now.  His allegations are as stale as last year's French bread.  The federal government has been a party to this suit since 1976.  It has been aware of Stratman's allegations since at least 1976, so there is no basis to toll the statute of limitations.  <u>See</u>, <u>United States v. Puget Sound Traction, Light & Power Co.</u>, 215 F. 436 (D.Wash.1914) (When government is seeking to avoid bar of 43 U.S.C. section 1166 limitation, it must allege facts showing that its failure to discover cause of action within period was due to concealment by adverse party, or that fraud is of self-concealing nature and failure to discover it was not due to negligence or want of diligence on part of government.)  Since the government did not elect to file suit to annul the patent of land, even after having acquired knowledge of what Stratman contends to be some sort of irregularity with the certification, the statute of limitations has run and has not been tolled.

The United States agrees with Leisnoi, Inc.'s analysis that the statute of limitations has lapsed such that the land patents cannot be annulled:

> Specifically, even if the case were reopened, Stratman could not acquire the 18,000 acres; the United States could not annul the conveyances already made.... The United States may bring a suit to cancel a patent in cases where land has been conveyed because of fraud and mistake, but 43 U.S.C. section 1166 provides that such suits must be brought within six years after the date of the issuance of the patent.... Since Stratman's action put the government on notice of possible fraud by the time this case was dismissed at the latest, no tolling would be available to the government.

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 3 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

Federal Defendant's Opposition to Motion to Vacate Dismissal, at pages 17-19 (Exhibit L).

Even if successful in decertifying Leisnoi, Inc. as a Native village corporation under ANCSA, Leisnoi, Inc. would retain title to its property as an Alaskan corporation in good standing that has paid its biennial fees and filed all applicable reports with the Alaska Commissioner of Commerce.[1] Leisnoi, Inc. could lose certain privileges enjoyed by village native corporations; however, 43 U.S.C. section 1166 ensures that Leisnoi, Inc will not lose its land.

Since Leisnoi, Inc. will not lose its land even if Stratman were to prevail in decertifying Leisnoi, Inc. as a Native village corporation, there is no basis in law or fact to cloud Leisnoi, Inc.'s title to the land with baseless Lis Pendens.[2]

---

[1]Leisnoi, Inc. was incorporated as an Alaskan corporation on April 20, 1973, prior to being certified as a village native corporation under ANCSA. See, Certificate of Incorporation (Exhibit K). If the certification as a village native corporation is revoked, Leisnoi, Inc. does not go out of existence; it simply becomes an ordinary Alaska corporation. Since the United States has admitted in this litigation that the six year statute of limitations in which the government could sue to nullify land grants has lapsed, (Federal Defendant's Opposition to Motion to Vacate Dismissal, Exhibit L at pages 17-19) Leisnoi, Inc. will continue to own the land as an Alaskan corporation in good standing.

[2]This court had previously denied, without prejudice, a motion to expunge Lis Pendens. The court found "that the allegations affected defendant's right to property." The instant motion goes beyond the mere verbiage of the complaint, and looks to whether title could, in fact, be

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 4 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

The efforts of Omar Stratman to cloud Leisnoi, Inc.'s title to its land even after the statute of limitations has lapsed conflict with the purposes of ANCSA. The United States Congress found and declared therein that "(a) there is an immediate need for a fair and just settlement of all claims by Natives and Native groups of Alaska, based on aboriginal land claims; [and] (b) the settlement should be accomplished rapidly, with certainty, in conformity with the real economic and social needs of Natives, without litigation..." 43 U.S.C. section 1601. Stratman's efforts to cloud Leisnoi, Inc.'s title to land, even after the statute

disturbed. Since the analysis set forth herein shows that the patents cannot be annulled at this late date, after the statute of limitations has run, and after a Final Judgment has been entered in favor of Leisnoi, Inc. vesting it with title to the land, from which Final Judgment no appeal was taken by Stratman, the Court should at this time expunge the Lis Pendens. To the extent that Stratman may argue that the earlier order, which was entered without prejudice, somehow precludes the Court from expunging the Lis Pendens now, Leisnoi, Inc. invokes Federal Rule of Civil Procedure 54(b), which provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Subsequent to the court's earlier ruling, Stratman conceded that he has no economic interest in this suit; he will not get land or money if Leisnoi, Inc. is decertified: "While it is suggested that it's harm to the plaintiff that -- that Your Honor ought to consider in granting or denying our request [for preliminary injunction], that only flies where the plaintiff has a direct economic interest. We wish we did -- we don't." Transcript of Oral Arguments of April 14, 1995 at page 44. Thus, Stratman has conceded that he has no claim to the land, and the government has conceded that it cannot sue to recover the land, so the Lis Pendens should now be expunged.

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 5 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

of limitations has lapsed in which the grantor could sue to annul the land patents, conflicts with the Congressional purpose in adopting ANCSA, and is inflicting needless harm upon Leisnoi, Inc.

An example of the frustration of Congressional purpose that Stratman is deliberately bringing about by his refusal to remove Lis Pendens, and the harm that is being incurred by Leisnoi, Inc. as a result thereof, is the problems with the sale of the Termination Point property. This land on Kodiak Island is rich in wildlife and scenic beauty. The Exxon Valdez Trustee Council has been negotiating with Leisnoi, Inc. regarding a possible purchase of land as a wildlife preserve. See, Affidavit of Jean Heath and attached articles: "The lead negotiator for several Exxon Valdez Oil Spill Trustee Council projects last night told a group of about 20 that unclear title could slow down the acquisition process for Termination Point. 'If you could get Mr. Stratman and Leisnoi Inc. to resolve their legal problems, that would help,' said Al Swiderski, lead negotiator for many of the acquisitions, including Termination Point." April 14, 1995 article in Kodiak Daily Mirror.

Thus, it is appropriate at this juncture in the litigation to ask the "what if" question. What if Stratman somehow prevails in decertifying Leisnoi, Inc.? Does that affect Leisnoi, Inc.'s title to its land? If not, then there

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 6 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

is no basis for a Lis Pendens, so same should be expunged. The answer to the question, of course, is that even in the highly unlikely event that Leisnoi, Inc. were decertified, Leisnoi would not lose its land, since the statute of limitations has run on suits to annul land patents. The United States, the grantor of Leisnoi's land, agrees with this position, and has conceded that the statute of limitations has lapsed and that the government cannot get back the land conveyed to Leisnoi more than six years ago. Thus, the Lis Pendens should be EXPUNGED.

## II.   THE STATE COURT ALREADY VESTED TITLE IN LEISNOI

Another reason that the Lis Pendens should be expunged is the preclusive effect that must be given to the November 12, 1992 Final Judgment entered in favor of Leisnoi, Inc. and against Omar Stratman in state court Case No. 3AN-85-16520. The Final Judgment plainly states that "title to all surface rights in real property which was the basis of this litigation hereby vests in LEISNOI, INC. More specifically, the following: [legal description attached]." Final Judgment of November 12, 1992.

Omar Stratman has had a Final Judgment entered adversely to him.  Title to the land has vested in Leisnoi, Inc., not the United States, and not Omar Stratman.  If Stratman felt that the Final Judgment was erroneous, and that title should have been vested in some person or entity other than Leisnoi,

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 7 of 10

Inc., he could have taken an appeal from the Final Judgment to the Alaska Supreme Court, or petitioned the United States Supreme Court for *Certiorari*. He failed to appeal the Final Judgment to the Alaska Supreme Court, just as he failed to petition the United States Supreme Court for *Certiorari*. The Final Judgment is therefore *res judicata*.

Title to the land is vested in Leisnoi, Inc. pursuant to that Final Judgment, so there is no basis for a Lis Pendens to cloud the title. Section 1738 of Title 28 United States Code provides that a final judgment in state court is entitled to "the same full faith and credit in every court within the United States." <u>See</u>, <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); <u>See also</u>,<u>Neale v. Goldberg</u>, 525 F.2d 332 (9th Cir.1975).

### III.  CONCLUSION

Time has been ticking away during these past 19 years of this litigation. After receiving notice of Stratman's ridiculous theories of improper certification, the government chose nonetheless to convey land to Leisnoi, Inc. pursuant to ANCSA. Despite having been repeatedly advised of Stratman's contention that Leisnoi, Inc. was not properly certified, the

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 8 of 10

United States, grantor of the land, elected not to sue to annul the land patents. The statute of limitations has now lapsed. The government concedes that it is too late to annul the patents, and Stratman concedes that he has no claim to the land. The Lis Pendens must therefore be EXPUNGED.

The Congressional purpose in enacting ANCSA, of finality and removing clouds to title, has been frustrated by Stratman's keeping Lis Pendens on property long after the statute of limitations has run in which the grantor could sue to annul the patents. Stratman's thwarting of Congressional will is harming Leisnoi, Inc.'s efforts to sell Termination Point to the Exxon Valdez Spill Trustees for a wildlife preserve. Stratman's actions are thus harming the interest of the public at large.

The Alaska state court already issued a Final Judgment vesting title to the land in Leisnoi, Inc. This decision is entitled to full faith and credit, and is *res judicata*. Since a Final Judgment was entered in favor of Leisnoi, Inc. holding that title is vested in Leisnoi, Inc., and not the United States or Omar Stratman, from which Final Judgment Stratman took no appeal, Stratman cannot now argue in this Court that title should be vested in someone or some entity other than Leisnoi, Inc.

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 9 of 10

WHEREFORE, this Court should order that the Lis Pendens Stratman has filed against Leisnoi, Inc.'s property be EXPUNGED.

Anchorage, Alaska this 1st day of June, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
    John Richard Fitzgerald

**Edgar Paul Boyko and Associates**
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

MEMORANDUM IN SUPPORT OF MOTION
TO EXPUNGE LIS PENDENS
Page 10 of 10

## MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

*Omar Stratman v. Bruce Babbitt, et al.*
Case No.  A76-132 CV (JKS)

FILED

JUL 1 1 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By:   THE HONORABLE JAMES K SINGLETON

Deputy Clerk:  Marvel Hansbraugh, Case Management: 271-5575*


PROCEEDINGS:     ORDER FROM CHAMBERS


The motion to expunge *lis pendens* at Docket No. 247 is DENIED.


Entered at the direction of the Honorable James K. Singleton, United States District Court
Judge, by Ardel Burritt, secretary to Judge Singleton.


DATE:  July 11, 1995                    SECRETARY'S INITIALS:  ab

*    ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF
THIS CASE SHOULD BE DIRECTED TO THE ABOVE-INDICATED CASE MANAGER.

C.F. No. 1

A76-0132--CV (JKS)
-----------------------------------
E. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
M. SCHNEIDER

B. LANDON (AUSA)
A. SCHMITT

Dk. 263

00091