MJS, F.S.   JUL 2 1 1995

H.D.

opp 7/13/95

Denied by Judge Singleton
7/25/95

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS,<br><br>Plaintiffs,<br><br>versus<br><br>BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., Regional Native Corporation,<br><br>Defendants. | Case No. 76-132 CIV (JKS)<br><br>MOTION FOR RECONSIDERATION |

COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL BOYKO & ASSOCIATES, and hereby moves for reconsideration of this Court's Order of July 11, 1995 denying Leisnoi's Motion to Expunge *Lis Pendens*. The Court apparently overlooked the fact that just a few days prior to its ruling, it granted an extension of time through August 21 in which Leisnoi could reply to Stratman's opposition to the motion. Briefing has not yet been completed on the motion, so the Order of July 11th is premature. Leisnoi should be given an opportunity to reply to the defective arguments raised in Stratman's opposition.

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

WHEREFORE, the Order denying the Motion to Expunge *Lis Pendens* should be VACATED. The Court should defer ruling on the substantive motion until briefing is complete.

Anchorage, Alaska this 21st day of July, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
John Richard Fitzgerald

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

MOTION FOR RECONSIDERATION
Page 2 of 2

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.

**FILED**

JUL 21 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON, )
JOHN MURRAY, and MICHAEL )
DEVERS, )
 )
    Plaintiffs, ) Case No. 76-132 CIV (JKS)
 )
versus )
 )
BRUCE BABBITT, Secretary of )
the Interior; ANTON LARSEN, ) MOTION FOR RECONSIDERATION
INC.; LEISNOI, INC.; and )
KONIAG, INC., Regional Native )
Corporation, )
 )
    Defendants. )
_____)

COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL BOYKO & ASSOCIATES, and hereby moves for reconsideration of this Court's Order of July 11, 1995 denying Leisnoi's Motion to Expunge *Lis Pendens*. The Court apparently overlooked the fact that just a few days prior to its ruling, it granted an extension of time through August 21 in which Leisnoi could reply to Stratman's opposition to the motion. Briefing has not yet been completed on the motion, so the Order of July 11th is premature. Leisnoi should be given an opportunity to reply to the defective arguments raised in Stratman's opposition.

The court has considered this motion and the opposition, if any, and the motion is DENIED.

DATED at Anchorage, Alaska, this 25 day of July, 19 95.

JAMES K. SINGLETON, JR.
United States District Court Judge

FILED
JUL 25 1995
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

A76-0132--CV (JKS)
--------------------
E. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
M. SCHNEIDER

B. LANDON (AUSA)
A. SCHMITT

00094

26

MJS, P.C.  AUG 2 4 1995

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS,<br><br>    Plaintiffs,<br><br>versus<br><br>BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., Regional Native Corporation,<br><br>    Defendants. | Case No. 76-132 CIV (JKS)<br><br>REPLY TO OPPOSITION TO MOTION TO EXPUNGE LIS PENDENS |

COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL BOYKO & ASSOCIATES, and hereby replies to the opposition to Leisnoi's Motion to Expunge Lis Pendens.[1]

---

[1] Leisnoi understands that the Court denied the Motion to Expunge *Lis Pendens* prior to any reply being submitted. Nonetheless, pursuant to Federal Rule of Civil Procedure 54(b), such order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The case authority set forth herein should convince this Court that Stratman lacks standing to challenge the land patents issued to Leisnoi, Inc. by the United States, and therefore, title to the land is not at issue in this case and the *Lis Pendens* should be expunged.

## I. TITLE TO THE LAND IS NOT AT ISSUE IN THIS CASE

Stratman himself concedes that he has no claim of title to the land that the United States conveyed to Leisnoi, Inc. While the United States Court of Appeals for the Ninth Circuit has ruled he has standing to seek to decertify Leisnoi, it has never held that Stratman has standing to sue to annul land patents issued by the United States of America.

The United States Court of Appeals for the Ninth Circuit has ruled that persons such as Omar Stratman who have no claim of title to the land patented by the government lack standing to sue to annul the patents:

> As a matter of federal law, it is well established that the validity of a deed or patent from the federal government may not be questioned in a suit brought by a third party against the grantee or patentee, e.g. *St. Louis Smelting and Refining Co v. Kemp*, 104 U.S. 636, 647, 26 L.Ed. 875 (1887); *Van Wyk v. Knevals*, 106 U.S. 360, 369 1 S.Ct. 336, 27 L.Ed. 201 (1882). Simply stated, a plaintiff in such a case has no cause of action. These holdings are supported by a sound reason.... Thus, even assuming that the grant to the Sisters was somehow invalid, or that the Sisters violated the terms of the deed in some respect, appellants are in no position to complain. They are complete strangers to the title...

Raypath, Inc. v. City of Anchorage, 544 F.2d 1019, 1021 (9th Cir. 1976). See also, Northern Plains Resource Council v. Lujan, 874 F.2d 661, 667 (9th Cir.1989) ("It is well established federal law that a plaintiff must establish his own entitlement to the land before a land patent may be

REPLY TO OPPOSITION TO MOTION TO EXPUNGE *LIS PENDENS*
Page 2 of 5

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

challenged"); <u>Donnelly v. U.S.</u>, 850 F.2d 1313, 1320 (9th Cir. 1988) ("In order to challenge the validity of Eklutna's patents, the Donnellys must establish their own entitlement to the lands."); <u>Lee v. United States</u>, 809 F.2d 1406, 1410-11 (9th Cir.1987) ("**In order to challenge the validity of the Native corporations' patents to the disputed lands, Lee, Eklund, and Carr must be prepared to establish their own entitlement to the lands. 'It is not sufficient for one challenging a patent to show that the patentee should not have received the patent; he must also show that he ... is entitled to it.'** <u>Kale v. United States</u>, 489 F.2d 449, 454 (9th Cir.1973)" (emphasis added).

Stratman has made no showing that he is entitled to the land. He has focussed his arguments entirely upon his theory that Leisnoi should not have received the patent. Even if there were an irregularity in the certification of Leisnoi, Inc. as a Native Village corporation, which is not the case, such a showing by Stratman would not affect the land patent. Stratman cannot challenge the land patent because he has not shown that he is entitled to the land that was conveyed to Leisnoi.[3]   Under controlling precedent, Stratman has no

---

[3] Only the United States of America or a party with a claim of title to the land would have been able to challenge the patents. <u>Raypath, Inc. v. City of Anchorage</u>, 544 F.2d 1019, 1021 (9th Cir. 1976); <u>Northern Plains Resource Council v. Lujan</u>, 874 F.2d 661, 667 (9th Cir.1989); <u>Donnelly v. U.S.</u>, 850 F.2d 1313, 1320 (9th Cir. 1988); <u>Lee v. United States</u>, 809 F.2d 1406, 1410-11 (9th Cir.1987); <u>Kale v. United States</u>, 489 F.2d 449, 454 (9th Cir.1973). No such challenge was

REPLY TO OPPOSITION TO MOTION TO EXPUNGE *LIS PENDENS*
Page 3 of 5

standing to challenge the land patents. The government has not sued to annul the land patents. Title to the land is therefore not at issue in this case. Since title to the land is not at issue, the *Lis Pendens* should be expunged.

Stratman has been using the *Lis Pendens* as a vehicle by which he has attempted to extort land and money from Leisnoi, Inc. Stratman has intentionally been tying up land sales to the Kodiak Island Borough, and the sale of wildlife intensive areas to the Exxon Valdez Oil Spill Trustees through the filing of the *Lis Pendens*, although Stratman has no standing to challenge the land patents. Stratman has insisted that as the price for him removing the *Lis Pendens* and dropping his efforts to enjoin logging operations, Leisnoi convey to him,

---

made, and the government concedes that the statute of limitations has now lapsed:
> "Even if Stratman were to succeed in showing that Leisnoi was erroneously certified as a Native village eligible for ANCSA benefits, it is not possible to recover the lands. All of the lands conveyed to Leisnoi pursuant to its ANCSA entitlement were patented to Leisnoi in 1986 or earlier. Because Stratman has, admittedly, no claim to the lands, he may not attach the patent. Northern Plains Resource Council v. Lujan, 874 F.2d 661, 667 (9th Cir.1989) ("It is well established federal law that a plaintiff must establish his own entitlement to the land before a land patent may be challenged"). Even if Stratman could somehow stand in the government's shoes -- which he does not -- he still could not recover the lands because suits brought by the United States to cancel patents must be brought within six years of the patent's issuance. 43 U.S.C. 1166.

Federal Defendant-Appellee's July 27, 1995 Opposition to Motion for Injunction Pending Appeal at page 4.

REPLY TO OPPOSITION TO MOTION TO EXPUNGE *LIS PENDENS*
Page 4 of 5

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

his contingency fee lawyer and/or so-called "designees" chosen by him, all of Termination Point, all of Long Island, about 20,000 acres on Cape Chiniak, plus a variety of other parcels of land, which together have a value in excess of 35 million dollars. Stratman's claim of being some sort of a "public interest" litigant are a sham. This Court should put an end to Stratman's extortion by holding that Stratman lacks standing to sue to annul the patents so title is not at issue and the *Lis Pendens* must therefore be expunged.

WHEREFORE, the Lis Pendens should be EXPUNGED.

Anchorage, Alaska this 22nd day of August, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
John Richard Fitzgerald

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

REPLY TO OPPOSITION TO MOTION TO EXPUNGE *LIS PENDENS*
Page 5 of 5

FILED

MINUTES OF THE UNITED STATES DISTRICT COURT SEP 13 1995
DISTRICT OF ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____ Dep'

*Omar Stratman, et al. v. Bruce Babbitt, et al.*
Case No. A76-132 CV (JKS)

By:             THE HONORABLE JAMES K. SINGLETON

Deputy Clerk:   Marvel Hansbraugh, Case Management: 271-5575*

PROCEEDINGS:   ORDER FROM CHAMBERS

There are a number of motions pending in this case addressing issues reserved by Judge von der Heydt prior to his transfer of this case to me. The parties have been briefing variations on these issues for many years and have no doubt exhausted whatever could be said about them. I am certainly exhausted reading what has been written. Oral argument therefore would serve no purpose and will not be allowed. *See* D. Ak L.R. 7.1(i). The request for oral argument at **Docket No. 287** is therefore **DENIED**.

The facts of this case have been set out by those more articulate than I and I cannot improve upon their statement. *See, e.g., Stratman v. Watt*, 656 F.2d 1321 (9th Cir. 1981); *Leisnoi, Inc. v. Stratman*, 835 P.2d 1202 (Alaska 1992); and *see Stratman v. Babbitt*, No. 93-36006 (9th Cir. Dec. 5, 1994); Docket No. 259 Exhibit No. 1. Judge von der Heydt recognized a number of issues required by the remand in this case that would have to be provisionally addressed. The parties have filed copious briefs. Suffice to say, Stratman argues that the Secretary of the Interior incorrectly recognized a phantom native village in violation of the Alaska Native Land Claim's Settlement Act and as a result thousands of acres of land have passed into the hands of men and women not entitled to receive them. The Defendants respond that Stratman is using litigation to extort land and money from Alaska's native people. There is little love lost between the parties.

Leisnoi moves for summary judgment at Docket No. 207. It argues that complementary litigation ended in a final judgment of dismissal based on standing which trumps this litigation. The Court has considered the facts in light of the doctrine of *res judicata* and concludes that the only issue resolved in the other case was Stratman's standing to bring suit. The law of this case precludes this Court from barring Stratman's suit for lack of standing. A contrary conclusion would compel the Court to grant a motion under FED. R. CIV. P. 60 and open the other judgment on equitable grounds. Prolonging this case for that purpose is a waste of time and money. The motion at **Docket No. 207** is **DENIED**.

Leisnoi moves at Docket No. 245 to dismiss for lack of subject matter jurisdiction. Essentially, Leisnoi argues that Stratman's claims should be dismissed for failure to exhaust administrative

00100

remedies. Since the Ninth Circuit has already determined that Stratman did not have notice of the occasion to exhaust remedies, Leisnoi is simply arguing that this law suit should die a natural death. The government joins in this request. Docket No. 245. The Court is not persuaded. The Court reads the U.S. Supreme Court cases cited by the parties as altering the analysis in the Ninth Circuit decision. *See, e.g., Darby v. Cisneros*, 113 S. Ct. 2539 (1993). The Court sees no material inconsistency. Moreover, the Court is not persuaded that Congress absolutely precluded someone without notice from litigating a claim like Stratman's simply because he failed to take administrative steps he did not know he had. On the other hand, this appears to be a perfect case to read ripeness and primary jurisdiction together to require that Stratman litigate his challenge to Leisnoi before the agency before he brings it here. The agency in the first instance should determine whether Leisnoi is a phantom of the Secretary's imagination, as Stratman contends, or as its members contend, the modern representative of an ancient people, the victim of an itinerant berry picker. Sending the issue back will permit the agency to exercise its expertise. If there is a reasonable basis for the Secretary's action, taking into account the limited time Congress allowed him for making the determination, his action will be upheld. If, despite the leeway he must be given, the Secretary did certify a phantom village, the agency is the best place for that determination to be made. The motions for summary judgment at **Docket Nos. 245 and 249** are **DENIED.**

Leisnoi also moves at Docket No. 246 for summary judgment, arguing that Congress ratified its status. This issue is better left for resolution by the agency. Leisnoi's motion at **Docket No. 246** is **DENIED**. Finally, Leisnoi moves at Docket No. 248 for summary judgment on the ground that a second settlement with Koniag, Inc., should preclude this case. The Court is not persuaded. Given the intervening decisions of the Ninth Circuit and the Alaska Supreme Court there are numerous issues that would have to be resolved before the Court could conclude that this action violates that settlement. If Koniag feels Stratman has breached a contract with it, a separate lawsuit is the vehicle for its redress. Given the Alaska court decision, Leisnoi has no standing to assert rights under that settlement agreement. Leisnoi's motion at **Docket No. 248** is therefore **DENIED**.

Koniag moves for summary judgment at Docket Nos. 250 & 251. At Docket No. 250, Koniag argues that § 1427 establishes Leisnoi's status as a village. This is a difficult question that should be decided in the first instance by the agency. Koniag's motion at **Docket No. 250** is therefore **DENIED**. Koniag moves at Docket No. 251 to dismiss based on the 1990 settlement agreement. *See also* Docket No. 248. Koniag certainly has standing to sue on its own agreement, but the Ninth Circuit in its decision in this case all but held that Koniag breached its agreement with Stratman by stipulating with the plaintiffs in the demerger litigation to declare the merger void *ab initio*. *See Stratman v. Babbitt*, No. 93-36006 at 4-5. Given that decision

No. A76-132 CV (JKS)
Minute Order 9/12/95
Page 2

at Justice Moore's dissent, equity does not look with favor on this argument.[1] Koniag's motion at **Docket No. 251** is therefore **DENIED**.

This case should therefore be sent to the IBLA for consideration of Stratman's challenge to Leisnoi. That course will permit exhaustion of administrative remedies, albeit belated, and give the Court the benefit of the agency's expertise and the agency the benefit of any intervening action by Congress. Given the total confusion that has reigned in this case, any effort to resolve this case on the basis of *res judicata* would appear wrong, and if right, would simply generate another Rule 60 motion. To attempt to resolve it on the basis of the 1990 settlement agreement would require a lengthy trial and probably an eventual determination that this case should go back to the agency. Leisnoi has been in limbo too long. It should have an opportunity to show that it is real.

The motion for extension of time at **Docket No. 264** is **GRANTED**. The motion to strike at **Docket No. 269** is **DENIED**. The motion at **Docket No. 286** to accept late filing of reply briefs is **GRANTED**. The motion to stay for sixty days at **Docket No. 270** is **DENIED**. While it is my fondest hope that Congress will resolve this case, its actions, whatever they are, should first be considered by the agency.

**IT IS THEREFORE ORDERED:**

The motions at **Docket Nos. 207, 245, 246, 248-251, 269, 270, and 287** are **DENIED**. The motions at **Docket Nos. 264 and 286** are **GRANTED**. This case is remanded to the administrative agency for consideration not inconsistent with this Order.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge, by Ardel Burritt, secretary to Judge Singleton.

DATE: September 12, 1995                SECRETARY'S INITIALS: ab,RS

*   ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE-INDICATED CASE MANAGER.

---

[1] In glancing about, equity wears blinders forged by higher courts. This Court has dismissed this case with regularity only to see it return like the proverbial penny. I have decided to spend that penny with the IBLA.

No. A76-132 CV (JKS)
Minute Order 9/12/95
Page 3         A76-0132--CV (JKS)           B. LANDON (AUSA)
               ------------------           A. SCHMITT
               E. BOYKO (BOYKO)             T. BURTON
               R. MIDDLETON (MIDDLETON)
               M. SCHNEIDER          00102

# MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

FILED
NOV 21 1995
...TED ......... ....... COURT
DISTRICT OF ALASKA

*Stratman v. Babbitt*
Case No. A76-0132 CV (JKS)

By: THE HONORABLE JAMES K. SINGLETON
Deputy Clerk: Patty Demeter, Case Management: 271-3235*

**PROCEEDINGS:** ORDER FROM CHAMBERS

There are two pending motions, the pendency of which prevent remand of this case in conformity with the Orders at Docket Nos. 292 and 298. Docket Nos. 295 & 300; *see also* Docket Nos. 302-08. At Docket No. 300, Koniag, Inc. seeks a certification for immediate appeal. *See, e.g.*, 28 U.S.C. § 1292. Stratman requests a status conference but actually wishes to reargue its position that this Court should not remand certain issues to the agency, but rather, should resolve them here. Docket No. 295. It is unfortunate that a case with a 1976 docket number is still pending. Stratman fears that agency action, like a tree to be grown from a seed, takes much time. The Court agrees. We had best plant the seed so that the tree can begin to grow. An interlocutory appeal would not speed the termination of this litigation. The parties have already been to the circuit and back. The agency should address the statutes and regulations in the first instance.

IT IS THEREFORE ORDERED:

The motions at Docket Nos. 295 and 300 are DENIED. The Clerk shall enter judgment remanding this case to the IBLA to determine once and for all if Lesnois is a phantom village. *See* Order at Docket No. 292.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge, by Ardel Burritt, secretary to Judge Singleton.

SECRETARY'S INITIALS: ab

DATE: November 20, 1995

* ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.

Any request for other information or for clarification, modification, or reconsideration of this order, or for extension of time must be made in the form of a motion. *See* FED. R. CIV. PROC. 7(b)(1); D. Ak. LR 7.1(l). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

A76-0132-CV (JKS)

1. LANDON (JJSA)
*. BURTON

2. BOYKO (BOYKO)
3. MIDDLETON (MIDDLETON)
4. SCHNEIDER

309

NOV 21 1995

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

## JUDGMENT IN A CIVIL CASE

OMAR STRATMAN, et al,
    Plaintiffs,

vs.

Case Number A76-0132 CV [JKS]

BRUCE BABBITT, et al
    Defendants.

___ **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

xx **DECISION BY COURT.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

THAT JUDGMENT is hereby entered remanding this case to IBLA.

APPROVED:

_____
U.S. District Judge

11/21/95
Date

PHYLLIS RHODES
Clerk

(By) Deputy Clerk

A76-0132--CV (JKS)
-----------------
Z. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
M. SCHNEIDER

B. LANDON (AUSA)
T. BURTON
O/J 9693

310

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LEISNOI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3AN-96-502 CIV |
| vs. ) | |
| ) | |
| OMAR STRATMAN, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT TO QUIET TITLE TO
CERTAIN LANDS KNOWN AS TERMINATION POINT

COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL BOYKO & ASSOCIATES, and hereby complains and alleges as follows:

I. JURISDICTION

1. This Court has jurisdiction over this Quiet Title action pursuant to AS 22.10.020 and AS 09.45.010.

II. VENUE

2. Venue is proper in the Third Judicial District by virtue of Alaska Civil Rule 3 and A.S. 22.10.030.

### III. THE PARTIES

3. Leisnoi, Inc., plaintiff herein, is an Alaskan corporation that has paid all biennial fees and filed all biennial reports, and is in all ways qualified to maintain this action.

### IV. FACTS COMMON TO ALL CLAIMS

4. On November 21, 1985, by Patent Number 85-8067, the United States of America patented to Leisnoi, Inc. that certain parcel of land on Kodiak Island known as "Termination Point", whose legal description is Tract C, Township 27 South, Range 19 West of the Seward Meridian, Third Judicial District, Kodiak Recording District, State of Alaska.

5. Omar Stratman has recorded a Lis Pendens at Book 118 Page 538 of records of the Kodiak Island Recording District, Third Judicial District, State of Alaska that has clouded title to Termination Point.

6. Only the patentor or a party that claims an interest the real property patented has standing to challenge a land patent.

7. Persons such as Omar Stratman who have no claim of title to the land patented by the government lack standing to sue to annul the patents.

8. Leisnoi, Inc. is in actual, physical possession of the real property.

9. Leisnoi, Inc. is the owner of the real property.

COMPLAINT TO QUIET TITLE TO
CERTAIN LANDS KNOWN AS TERMINATION POINT
Page 2

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

10. By filing a Lis Pendens clouding title to Termination Point, Omar Stratman has, without right, asserted an interest in the property adverse to the clean title held by Leisnoi, Inc.

### V.   COUNT I

11. Omar Stratman has no interest in or claim of title to Termination Point.

12. Omar Stratman has no right to cloud title to Termination Point.

13. Neither the patentor nor a party with an interest in the parcel filed suit within six years after the patent to set aside the patent.

14. Leisnoi, Inc., pursuant to A.S. 09.45.101, is entitled to a Final Judgment quieting its title to Termination Point, removing all clouds to its title, holding the claimed adverse interests of Omar Stratman to be naught, and forever barring Omar Stratman from asserting, individually or on behalf of others, any claim in Termination Point adverse to Leisnoi, Inc.

WHEREFORE, Leisnoi, Inc. is entitled to the following relief:

1. A Final Judgment (i) quieting Leisnoi, Inc.'s title to Termination Point; (ii) removing any clouds therefrom; (iii) holding the claimed adverse interests of Omar Stratman to be naught and (iv) forever barring Omar Stratman from

COMPLAINT TO QUIET TITLE TO
CERTAIN LANDS KNOWN AS TERMINATION POINT
Page 3

asserting, individually or on behalf of others, any claim in Termination Point adverse to Leisnoi, Inc.

2. In the event Omar Stratman in any way opposes or objects to the relief sought herein, an award of full attorneys fees, costs, and prejudgment interest.

3. Such other equitable or legal relief as may be appropriate.

Anchorage, Alaska this 18th day of January, 1996.

EDGAR PAUL BOYKO & ASSOCIATES

By: *[signature]*
Edgar Paul Boyko

By: *[signature]*
John Richard Fitzgerald

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

COMPLAINT TO QUIET TITLE TO
CERTAIN LANDS KNOWN AS TERMINATION POINT
Page 4

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT, AT ANCHORAGE

| | |
|---|---|
| LEISNOI, INC., )<br>  )<br>            Plaintiff, )<br>  )<br>     vs. )<br>  )<br>OMAR STRATMAN, )<br>  )<br>            Defendant. )<br>_____ ) | No. 3AN-96-502 CIV |

STATEMENT OF FILING
<u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, on January 25, 1996, a Notice of Removal of the above-entitled action from the Superior Court for the State of Alaska, Third Judicial District, at Anchorage, was filed in the United States District Court for the District of Alaska. A copy of the Notice of Removal is attached for filing in the Superior Court.

DATED this 25th day of January, 1996.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Defendant
OMAR STRATMAN

BY: _____
     Michael J. Schneider

THIS IS TO CERTIFY that on this 25th day of January, 1996, a true and correct copy of the foregoing Stmt. of Filing was served by mail on:

Edgar Paul Boyko and Associates
711 "H" Street, Suite 510
Anchorage, Alaska 99501

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

00109

Michael J. Schneider
Eric R. Cossman
LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska  99501
(907) 277-9306
(907) 274-8201 (Fax)

Attorneys for Plaintiff
OMAR STRATMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEISNOI, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| OMAR STRATMAN, | ) |
| | ) |
| Defendant. | ) No. A_____ CV |
| | ) |

NOTICE OF REMOVAL AND MOTION
TO CONSOLIDATE WITH CASE NO. A76-0132 CV (JKS)

OMAR STRATMAN, by and through his attorneys of record, Law Offices of Michael J. Schneider, P.C., hereby provides notice of removal of this action from the Superior Court for the State of Alaska, Third Judicial District, at Anchorage, to the United States District Court for the District of Alaska, pursuant to 28 U.S.C. §§ 1441 and 1446. Further, defendant Stratman moves for consolidation of this matter, hereby removed, with an existing matter styled Omar Stratman, Toni Burton, John Murray, and Michael Devers v. Bruce Babbitt, Secretary of the Interior; Anton Larsen, Inc.; Leisnoi, Inc.; and Koniag, Inc., Regional Native

00110

Corporation, Case No A76-0132 CV (JKS). In support of these requests, Mr. Stratman asserts:

1. Mr. Stratman is a defendant in a civil action commenced in the Superior Court for the State of Alaska, Third Judicial District, at Anchorage, entitled <u>Leisnoi, Inc. v. Omar Stratman</u>, Case No. 3AN-96-502 Civil. This action was filed January 18, 1996, and seeks to quiet title to a portion of Leisnoi's landholdings, acquired pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601, <u>et seq.</u>, and the current subject of decertification claims pending in U. S. District Court Case No. A76-0132 CV (JKS). Copies of the process and pleadings served upon Omar Stratman are attached hereto as Exhibit "A." The following documents have been filed with the Clerk of the Superior Court for the State of Alaska on the dates listed below:

    a.    Complaint, filed January 18, 1996.

    b.    Summons to Omar Stratman, dated January 18, 1996.

    c.    Case Description Form.

    d.    Civil Case Characterization Form, dated January 18, 1996.

    e.    Judicial Assignment Order, dated January 18, 1996.

    f.    Statement of Filing Notice of Removal, filed January 25, 1996.

2. This notice is timely under 28 U.S.C. § 1446.

3. Upon information and belief, plaintiff Leisnoi,

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

00111