LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Inc., is a corporation organized and existing under the laws of the state of Alaska, and further under the authority of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601, et seq. This assertion is without prejudice to Mr. Stratman's contentions in U. S. District Court Case No. A76-0132 CV (JKS) that Leisnoi is improperly constituted, was improperly certified, and is not entitled to any benefits of ANCSA.

4. Omar Stratman, defendant herein, is an individual. Mr. Stratman resides at the head of Kalsin Bay on Kodiak Island, within the Third Judicial District and the District of Alaska, State of Alaska.

5. Koniag, Inc., is a Native regional corporation organized pursuant to ANCSA and the laws of the state of Alaska. Its interests in the subject property are purely derivative of Leisnoi's interests, but it claims an interest nonetheless, as voluminously reflected in Case No. A76-0132 CV (JKS). Koniag may therefore be a necessary party to the matter now sought to be removed.

6. The United States of America, though opposing efforts in Case No. A76-0132 CV (JKS) to decertify Leisnoi, Inc., is the probable recipient of Termination Point and other Leisnoi lands, should Leisnoi be decertified. It may therefore be a necessary party to the matter now sought to be removed from state court.

7. The state lawsuit seeking to quiet title to a portion of Leisnoi's landholdings known commonly as Termination

-3-

00112

Point necessarily involves questions of Leisnoi's right to title and/or possession of the subject property. These questions, in turn, depend upon federal law. See 43 U.S.C. §§ 1602(c) and 1610(b)(3) and 43 CFR § 2651.2(b).

8. Leisnoi's right to exist, its right to title and/or possession of any and all of its current landholdings, including those the subject of the instant quiet title action, are the subject of ongoing proceedings before this Court in Case No. A76-0132 CV (JKS). The Honorable James K. Singleton, U. S. District Court Judge for the District of Alaska, has recently entered judgment remanding the proceedings in A76-0132 CV (JKS) to the Interior Board of Land Appeals to determine whether or not Leisnoi is "real." See Judgment filed November 21, 1995, Docket No. 310; see also Order from Chambers, p. 3, filed September 13, 1995, at Docket No. 292.

9. Leisnoi has recently asserted to the Congress of the United States by letter of September 18, 1995 to Dan Kisch, Staff Director, Office of Congressman Don Young, and to others, that it will soon log the portion of its holdings known as Termination Point:

> the area, [sic] will, . . . likely
> become subjected to logging during
> the next three years.

It is engaged in logging other parcels unrelated to the matter now removed. Plaintiff believes, and therefore asserts, that the matter removed thus affects interstate commerce within the meaning of 28 U.S.C. § 185.

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

10. The amount in controversy exceeds Fifty Thousand Dollars ($50,000), exclusive of interest, costs, and attorney's fees.

11. Defendant Omar Stratman has served a copy of this Notice of Removal on the adverse party, Leisnoi, Inc., as well as all parties having appeared in A76-0132 CV (JKS) and has served a Statement of Filing Notice of Removal, attached hereto as Exhibit "B," on the Superior Court for the State of Alaska, Third Judicial District, at Anchorage. A service list for this action, including all those who have appeared in the related case, No. A76-0132 CV (JKS), is attached hereto as Exhibit "C."

12. For the reasons set forth above, Omar Stratman, through counsel, hereby requests that this matter be consolidated with Case No. A76-0132 CV (JKS)

DATED this 25th day of January, 1996.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Defendant
OMAR STRATMAN

BY: /s/ Michael J. Schneider
Michael J. Schneider

THIS IS TO CERTIFY that on this 25th day of January, 1996, a true and correct copy of the foregoing Notice + motion + exhibits was served by mail on:

Edgar Paul Boyko and Associates
711 "H" Street, Suite 510
Anchorage, Alaska 99501

-5-

00114

Michael J. Schneider
Eric R. Cossman
LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska  99501
(907) 277-9306
(907) 274-8201 (Fax)

Attorneys for Defendant
OMAR STRATMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEISNOI, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| OMAR STRATMAN, | ) |
| Defendant. | ) No. A96-028 CV |

ANSWER TO COMPLAINT TO QUIET TITLE
TO CERTAIN LANDS KNOWN AS TERMINATION POINT

COMES NOW defendant, Omar Stratman, by and through his attorneys of record, Law Offices of Michael J. Schneider, P.C., and answers plaintiff's complaint as follows:

I.
JURISDICTION

1. Admitted.

II.
VENUE

2. Admitted.

III.
THE PARTIES

3. Defendant admits that Leisnoi, Inc., is an Alaskan corporation. Defendant is without information sufficient to form

a belief and therefore denies the balance of the allegations of this paragraph.

## IV
## FACTS COMMON TO ALL CLAIMS

4. Admitted.

5. Admitted.

6. Denied. It is affirmatively asserted that Omar Stratman has standing to challenge Leisnoi's right to title and/or possession of the subject property. See <u>Stratman v. Watt</u>, 656 F.2d 1321, 1324-5 (9th Cir. 1981).

7. Denied. It is affirmatively asserted that Omar Stratman has standing to challenge Leisnoi's right to title and/or possession of the subject property. See <u>Stratman v. Watt</u>, 656 F.2d 1321, 1324-5 (9th Cir. 1981). It is further affirmatively asserted that Mr. Stratman's attack on Leisnoi's eligibility and viability as a recipient of ANCSA benefits does not rely exclusively, nor need it rely exclusively, on the validity of the patent to Leisnoi.

8. Admitted.

9. Denied. It is affirmatively asserted that, while Leisnoi owns title to the property in question at this time, Leisnoi's right to that title is doubtful, subject to pending decertification litigation, and subject to probable orders that will either annul patents to Leisnoi or compel the reconveyance of the subject property to those entitled thereto.

10. Denied.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

00116

V.
COUNT ONE

11. It is admitted that Omar Stratman has no claim of title to Termination Point. It is denied that Stratman has "no interest in . . . title," as Stratman is interested and has standing to challenge Leisnoi's eligibility as an ANCSA village, the outcome of which could affect title and possession of Termination Point, as well as Leisnoi's other land holdings. It is conceded that Stratman has no direct claim to this specific piece of property.

12. Denied.

13. Denied. Suit was filed challenging existing and future conveyances to Leisnoi before Leisnoi received patent to the subject property. Further, any limitation on actions to annul a patent applies only to the federal government.

14. Denied.

### AFFIRMATIVE DEFENSES

1. Defendant Omar Stratman asserts the admissions, denials and averments of his answer above as an affirmative defense.

2. Plaintiff's complaint fails to state a claim upon which relief can be granted.

3. The relief sought by plaintiff is barred by concepts of law of the case and/or collateral estoppel and/or *res judicata*. Plaintiff's request to quiet title, guised in motions addressing Mr. Stratman's Lis Pendens, having been twice denied in U. S. District Court in Case No. A76-0132 CV (JKS).

-3-

00117

4. Mr. Stratman's decertification litigation pending in case No. A76-0132 CV (JKS) directs itself specifically to Leisnoi's right to title and/or possession of the subject real estate (and all other holdings now enjoyed by Leisnoi). Mr. Stratman's filing of the Lis Pendens is thus privileged.

WHEREFORE, defendant Omar Stratman prays that Leisnoi take nothing by its complaint, for dismissal thereof, for costs of suit, attorney's fees, and such other and further relief as this Court deems appropriate under the circumstances.

DATED this 29th day of January, 1996.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Defendant
OMAR STRATMAN

BY: _____
Michael J. Schneider

THIS IS TO CERTIFY that on this 29th day of January, 1996, a true and correct copy of the foregoing Answer was served by mail on:

Edgar Paul Boyko and Associates
711 "H" Street, Suite 510
Anchorage, Alaska  99501

R. Collin Middleton, Esq.
MIDDLETON & TIMME
Attorneys for Koniag, Inc.
421 West 1st Avenue, Suite 250
Anchorage, Alaska  99501

Bruce M. Landon, Esq.
Environment & Natural Resources
U.S. Department of Justice
801 "B" Street, Suite 504
Anchorage, Alaska  99501-3657

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Toni Burton
P.O. Box 1681
Polson, MT  59860

Joan M. Pepin, Esq.
J. Carol Williams, Esq.
Appellate Section, Environ-
  ment & Natural Resources Section
U.S. Department of Justice
P.O. Box 23795
L-Enfant Plaza Station
Washington, DC  20026

Robert Mothershead, Esq.
U. S. Department of the Interior
Office of the Regional Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska  99508-4626

Roger Henderson, Esq.
HOUSTON & HENDERSON
821 "N" Street, Suite 102
Anchorage, Alaska  99501

_____
Michael J. Schneider

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

0141  261

Michael J. Schneider
Eric R. Cossman
LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska  99501
(907) 277-9306
(907) 274-8201 (Fax)

Attorneys for Plaintiff
OMAR STRATMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS,<br><br>             Plaintiffs,<br><br>     vs.<br><br>BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., REGIONAL NATIVE CORPORATION,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 76-0132-A-JKS |

PARTIAL RELEASE OF LIS PENDENS
AS TO ACQUISITION OF TERMINATION
<u>POINT BY EVOS TRUSTEES</u>

WHEREAS, a Lis Pendens was recorded on March 9, 1993, at Book 0118, Page 538, Kodiak Recording District, Third Judicial District, State of Alaska; and

WHEREAS, said Lis Pendens affects, *inter alia*, Tract C, in Township 27 South, Range 19 West, Seward Meridian, Alaska (also known as "Termination Point"); and

WHEREAS, decertification litigation is pending between Omar Stratman and Leisnoi, Inc., as well as other parties, in the United States District Court for the District of Alaska, Case No. 76-0132 CV (JKS); and

WHEREAS, Mr. Stratman wishes to promote the public interest by encouraging the acquisition of Termination Point by the Exxon Valdez Oil Spill Trustees ("EVOS Trustees"), and to otherwise perform promises made to the Congress of the United States (*see* Congressional Record--House, September 29, 1995, page H9710;

NOW, THEREFORE, Omar Stratman, by and through his attorneys of record, Law Offices of Michael J. Schneider, P.C., does hereby release, expunge, and remove, as to Tract C, in Township 27 South, Range 19 West, Seward Meridian, Alaska (also known as "Termination Point") only, that certain Lis Pendens referred to above recorded at Book 0118, Page 538, Kodiak Recording District, Third Judicial District, State of Alaska, PROVIDED, HOWEVER, that this release shall benefit any and all parties to a sale or title transfer of the above-mentioned real estate, but only so long as the grantor is the EVOS Trustee Council, or a public entity designated by the EVOS Trustees.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

-2-

MJS/kc  428.001

The removal of this Lis Pendens as to Tract C, Township 27 South, Range 19 West, Seward Meridian, State of Alaska (also known as "Termination Point"), has no affect whatsoever upon other parcels of property subject to Lis Pendens heretofore or hereafter filed as a result of Mr. Stratman's decertification litigation against Leisnoi, Inc., captioned above.

DATED this 5 day of Feb., 1996.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Plaintiff
OMAR STRATMAN

BY: _____
Michael J. Schneider

AFTER RECORDING, PLEASE RETURN TO:

Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska 99501

96-0289
25-
KODIAK REC
DISTRICT
REQUESTED BY
Michael J. Schneider
'96 FEB 8 AM 8 50

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

-3-

MJS/kc  428.001

0141  404

MAR 01 1996

Michael J. Schneider
Eric R. Cossman
LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska  99501
(907) 277-9306
(907) 274-8201 (Fax)

Attorneys for Plaintiff
OMAR STRATMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., REGIONAL NATIVE CORPORATION,<br><br>        Defendants. | No. 76-0132-A-JKS |

ERRATA TO
PARTIAL RELEASE OF LIS PENDENS
AS TO ACQUISITION OF TERMINATION
<u>POINT BY EVOS TRUSTEES</u>

WHEREAS, a Partial Release of Lis Pendens as to Acquisition of Termination Point by EVOS Trustees was recorded

on or about the 8th day of February, 1996, at Book 0141, Page 261, Kodiak Recording District, Third Judicial District, State of Alaska; and

WHEREAS, a typographical error was made in the third to the last line (second to the last full line) of page 2 of the instant document;

NOW, THEREFORE, notice is given that the heretofore mentioned document should be altered at the location described above such that the word "grantor" should read, and does hereby read "grantee."

DATED this 13th day of February, 1996.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Plaintiff
OMAR STRATMAN

BY: _____
Michael J. Schneider

AFTER RECORDING, PLEASE RETURN TO:

Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska  99501

MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

96-0408
22-
KODIAK REC
DISTRICT
REQUESTED BY
Michael J. Schneider
'96 FEB 22 AM 9 22

MJS/kc  428.001

-2-

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

FILED
MAR 07 1996

*Leisnoi, Inc. v. Omar Stratman*
Case No. A96-0028 CV (JKS)

By:          THE HONORABLE JAMES K. SINGLETON

Deputy Clerk:    Patty Demeter, Case Management: 271-3235*

PROCEEDINGS:    ORDER FROM CHAMBERS

    Leisnoi, Inc. ("Leisnoi") brought this action in state court to quiet title to certain lands which, under state law, is the appropriate procedural device to remove a cloud on the plaintiff's title. Case No. 3AN-96-502 Civil. Leisnoi seeks to quash a *lis pendens* filed by Omar Stratman ("Stratman") against the property in question which had been patented to Leisnoi. Stratman removed this action to this Court, arguing that it was related to litigation pending before this Court. Docket No. 1; *see Stratman v. Babbitt*, A76-132 CV (JKS). While filing its notice of removal, Stratman also moved to consolidate *Leisnoi v. Stratman* with *Stratman v. Babbitt*. Docket Nos. 1, & 8. Among others, *Stratman v. Babbitt* involves issues of whether Leisnoi should be decertified and whether the Court should require Leisnoi to rescind its patents and return to the United States all land previously patented to Leisnoi under the Alaska Native Land Claims Settlement Act. Leisnoi opposes consolidation and moves for remand, arguing that this Court lacks subject matter jurisdiction over this state court quiet title action. Docket Nos. 7 & 9. Stratman opposes the motion to remand. Docket No. 8.

    The parties debate the interplay between the well-pleaded complaint and artful pleading rules. *See, e.g., Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1985). It is undisputed that there is not diversity of citizenship. While Stratman may be correct that judicial economy would be served by having a Court familiar with the entire case resolve this part of it, that consideration is not enough to give this Court jurisdiction. I have considered whether Judge von der Heydt's rejection of Leisnoi's various motions to vacate the *lis pendens* constitute "*res judicata*" permitting jurisdiction under the doctrine articulated in *Western Systems, Inc. v. Ulloa*, 958 F.2d 864 (9th Cir. 1992), and conclude that permitting the state court to decide any *res judicata* claims would not undermine the jurisdiction of this Court. In short, this is an action to quiet title under state law which does not present a federal question. Whether the state court has jurisdiction is a matter to be decided in that court.

00125

/2

IT IS THEREFORE ORDERED:

The motion to remand at **Docket No. 7** is GRANTED. The clerk is directed to **REMAND THIS CASE TO THE STATE SUPERIOR COURT FROM WHICH IT CAME.** The motion for an extension of time at **Docket No. 11** is moot and is therefore DENIED. The motion to dismiss or, in the alternative, to stay at **Docket No. 5** is DENIED without prejudice to its renewal in state court. The motion at **Docket No. 1** to consolidate is DENIED.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge, by Ardel Burritt, secretary to Judge Singleton.

DATE: March 6, 1996               SECRETARY'S INITIALS: ab

\*   ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.

Any request for other information or for clarification, modification, or reconsideration of this order, or for extension of time must be made in the form of a motion. *See* FED. R. CIV. PROC. 7(b)(1); D. Ak. LR 7.1(l). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

No. A96-0028 CV (JKS)
Minute Order: March 6, 1996
Page 2

A96-0028--CV (JKS)
------------------------------
E. BOYKO (BOYKO)
M. SCHNEIDER

00126

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LEISNOI, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| OMAR STRATMAN, | ) |
| Defendant. | ) Case No. 3AN-96-502 CI |

**FIRST AMENDED ANSWER TO COMPLAINT TO QUIET TITLE TO CERTAIN LANDS KNOWN AS TERMINATION POINT**

COMES NOW defendant, Omar Stratman, by and through his attorneys of record, Law Offices of Michael J. Schneider, P.C., and answers plaintiff's complaint as follows:

### I.
### JURISDICTION

1. Denied. To the extent this Court has jurisdiction over any aspect of this matter, it should decline to exercise it.

### II.
### VENUE

2. Admitted.

### III.
### THE PARTIES

3. Defendant admits that Leisnoi, Inc., is an Alaskan corporation. Defendant is without information sufficient to form a belief and therefore denies the balance of the allegations of this paragraph.

### IV
### FACTS COMMON TO ALL CLAIMS

4. Admitted.

00127

5. Admitted.

6. Denied. It is affirmatively asserted that Omar Stratman has standing to challenge Leisnoi's right to title and/or possession of the subject property. See Stratman v. Watt, 656 F.2d 1321, 1324-5 (9th Cir. 1981).

7. Denied. It is affirmatively asserted that Omar Stratman has standing to challenge Leisnoi's right to title and/or possession of the subject property. See Stratman v. Watt, 656 F.2d 1321, 1324-5 (9th Cir. 1981). It is further affirmatively asserted that Mr. Stratman's attack on Leisnoi's eligibility and viability as a recipient of ANCSA benefits does not rely exclusively, nor need it rely exclusively, on the validity of the patent to Leisnoi.

8. Admitted.

9. Denied. It is affirmatively asserted that, while Leisnoi owns title to the property in question at this time, Leisnoi's right to that title is doubtful, subject to pending decertification litigation, and subject to probable orders that will either annul patents to Leisnoi or compel the reconveyance of the subject property to those entitled thereto.

10. Denied.

V.
COUNT ONE

11. It is admitted that Omar Stratman has no claim of title to Termination Point. It is denied that Stratman has "no interest in . . . title," as Stratman is interested and has standing to challenge Leisnoi's eligibility as an ANCSA village,

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

00128

the outcome of which could affect title and possession of Termination Point, as well as Leisnoi's other land holdings. It is conceded that Stratman has no direct claim to this specific piece of property.

12. Denied.

13. Denied. Suit was filed challenging existing and future conveyances to Leisnoi before Leisnoi received patent to the subject property. Further, any limitation on actions to annul a patent applies only to the federal government.

14. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant Omar Stratman asserts the admissions, denials and averments of his answer above as an affirmative defense.

2. Plaintiff's complaint fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to name indispensable and/or necessary parties, and this Court would lack jurisdiction over some or all of the parties either necessary or indispensable to this action once same are joined.

4. The relief sought by plaintiff is barred by concepts of law of the case and/or collateral estoppel and/or *res judicata*. Plaintiff's request to quiet title, guised in motions addressing Mr. Stratman's Lis Pendens, having been twice denied in U. S. District Court in Case No. A76-0132 CV (JKS).
LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

5.  Mr. Stratman's decertification litigation pending in case No. A76-0132 CV (JKS) directs itself specifically to Leisnoi's right to title and/or possession of the subject real estate (and all other holdings now enjoyed by Leisnoi). Mr. Stratman's filing of the Lis Pendens is thus privileged.

WHEREFORE, defendant Omar Stratman prays that Leisnoi take nothing by its complaint, for dismissal thereof, for costs of suit, attorney's fees, and such other and further relief as this Court deems appropriate under the circumstances.

DATED this 7th day of March, 1996.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Defendant
OMAR STRATMAN

BY: /s/ Michael J. Schneider
    Michael J. Schneider

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

FILED

SEP 25 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BRUCE BABBITT, Secretary of the Interior, *et al.*, <br><br> Defendants. | Case No. A76-0132 CV (JKS) <br><br><br> O R D E R |

This action, colloquially referred to as the case that would not die and sometimes as the ghost of Christmas past, was the oldest on the Court's docket inherited from Judge von der Heydt after Judge von der Heydt retired. From its inception it has been characterized by vigorous debate and frequent name calling. Both sides have accused the other of fraud and chicanery.[1] It occurred to the Court that the central issue in this case—

---

[1] Stratman contends in essence that the non-governmental defendants are thieves who have outwitted the gullible government defendants to permit rape and pillage of the public lands. The non-governmental defendants implicitly, if not explicitly, contend that Stratman is a pirate who hopes to use some technical flaws in ancient proceedings as a device to extort
(continued...)

00131