Stratman refers to stayed motion practice in the federal decertification suit. It is not entirely clear from a review of defendant's assertion that the orders referred to remain in effect. The underlying action in federal court has been remanded to the IBLA. Presumably, the orders staying the filing of motions are now moot. Defendant presents no case law in support of his assertion that the stays in federal court should preclude the instant action. "A court of the United States may not grant an injunction to stay proceeding in a State court except ... where necessary in aid of its jurisdiction or [where necessary to] effectuate its judgments." 28 USC Sec. 2283. Stratman moved for a stay of this quiet title action after removing this action to federal court. Judge Singleton denied Stratman's motion finding that by allowing the state court to decide this case, the jurisdiction of the federal district court will not be undermined. Stratman has failed to demonstrate that any federal court orders exist which could be interpreted as a prohibition against the instant action.

IV. LEISNOI'S MOTION FOR SUMMARY JUDGMENT

In support of its motion for summary judgment, Leisnoi asserts that Stratman has no legal ability to affect its ownership of Termination Point either directly through a challenge to the patent or indirectly through his decertification action. Because Stratman has no direct or indirect ability to affect Leisnoi's title, plaintiff argues that summary judgment is appropriate.

Questions of Fact

As an initial matter, it should be noted that Stratman claims there is a dispute of fact which precludes summary judgment. In a footnote in his Reply Brief, Stratman alleges that a question of material fact exists as to whether Termination Point was originally part of the National Wildlife Refuge System, or part of a National Forest.

In order to avoid summary judgment, the opposing party must produce competent evidence to show that there are issues of material fact to be tried. Brock v. Rogers and Babler, Inc., 536 P.2d 778 (Alaska 1975). Stratman has merely identified two United States Code provisions which affect National Wildlife Refuge land and National Forest land. He speculates that Termination Point could possibly be such land. He has offered no competent evidence in support of his speculations. Leisnoi has come forward with a variety of exhibits demonstrating that Termination Point was not National Wildlife Refuge or National Forest land. Because Stratman has offered no competent evidence in support of his assertions, he has failed to raise a genuine issue of material fact.

Defendant has no Cause of Action to Challenge the Patent of Termination Point

Stratman admits in his answer that Termination Point was patented to Leisnoi, and that Leisnoi is in possession of the land. Stratman further admits that he has no claim of title to

Termination Point. Because Stratman has no claim of title to Termination Point, he has no cause of action[12] to directly challenge the federal government's patent.[13]

"A United States patent is protected from easy third-party attack. [] It is not sufficient for one challenging a patent to show that the patentee should not have received the patent; he must also show that he (the challenger) is entitled to it." Kale v. United States, 489 F.2d 449, 454 (9th Cir. 1973) (citations omitted). A third party, with no claim of title "simply stated ... has no cause of action" to challenge the patent. Raypath, Inc. v. City of Anchorage, 544 F.2d 1019, 1021 (9th Cir. 1976). In this instance, Stratman has admitted that he has no personal claim of title to Termination Point. It follows, therefore, that he has no cause of action to challenge the Termination Point patent.

Stratman argues that the Ninth Circuit has already held that he has standing to proceed with his decertification suit. This is true, and germane to this action, but it is not germane to the current issue. Stratman does have standing to pursue his decertification suit, but pursuant to federal law he does not have

---

12 "Issues of standing and the existence of a private right of action often overlap. As a threshold matter, we may examine the question whether a private cause of action exists in favor of a particular plaintiff. If it does not, the standing issue need not be considered." Raypath v. City of Anchorage, 544 F.2d 1019, 1021 (Alaska 1976).

13 Defendant does not seem to contest this allegation. He claims that he has standing to pursue his decertification efforts, but he does not make any arguments that he has standing to challenge the patent itself.

a cause of action to directly challenge the Termination Point patent. Therefore, Stratman can only avoid summary judgment by demonstrating that, at a minimum, a question of fact exists concerning the ability of his decertification suit to cast a shadow on Leisnoi's title.

Defendant's Decertification Suit does not Place a Cloud on Leisnoi's Title to Termination Point.

Stratman argues that he is entitled to the title-clouding benefit of his decertification claim. If he is successful in his decertification action, he claims that Leisnoi will be forced to reconvey Termination Point to the United States. Leisnoi maintains that even if successful, Stratman will be unable to obtain such a remedy. Leisnoi argues that the only party with standing to sue to annul the Termination Point patent is the United States; Stratman has no standing to sue to annul the patent.[14]

---

[14] It appears from Leisnoi's briefing that it wishes this court to find that the United States is time-barred from pursuing a suit to annul the patent. In light of the fact that the United States is not a party to this action, this court declines to address this issue. The court notes however that while "43 USC Sec. 1166 [bars] an action to annul patents, it has been found not to bar actions to impose a constructive trust upon lands fraudulently obtained." Izaak Walton League of America v. St. Clair, 497 F.2d 849, 854 (8th Cir. 1974), cert. denied, 419 U.S. 1009 (1974) (emphasis original) (citing, United States v. Carbon County Land Co., 46 F.2d 980 (10th Cir. 1931) aff'd sub nom. Utah v. United States, 284 U.S. 534, 52 S.Ct. 232, 76 L.Ed. 469 (1932); United States v. Carbon County Land Co., 9 F.2d 517, 519 (8th Cir. 1925) aff'd sub nom. Independent Coal & Coke Co. v. United States, 274 U.S. 640, 47 S.Ct. 714, 71 L.Ed. 1270 (1927); Milner v. United States, 228 F.431 (8th Cir. 1915), appeal dismissed, 248 U.S. 594, 39 S.Ct. 132, 63 L.Ed. 437 (1918)).

Stratman goes on to claim that although he cannot attack the validity of the patent directly, he can invoke the equitable doctrine of constructive trust. If Leisnoi is decertified, taking away its right to exist, Stratman can then force Leisnoi to reconvey the property to the United States via a constructive trust. There are several problems with Stratman's theory.

Leisnoi will not lose its right to exist if defendant is successful in his decertification action; it will merely lose its right to exist as a Village Corporation. Leisnoi will still exist, and still have the right to own property as an Alaskan corporation. Stratman cites no case law in support of his argument that he will be able to force Leisnoi to reconvey the property to the United States. In Lee v. United States, the federal district court of Alaska addressed the question of equitable remedies within the framework of ANCSA. The court held that "Congress intended ANCSA to 'occupy the field' in this area and to preempt any common-law theories or other statutory claims that individuals might assert." Lee v. United States, 629 F.Supp 721, 729 (D.Alaska 1985). Although Stratman contends that these cases are not controlling, he has failed to supply contrary authority.

There is further authority in support of plaintiff Leisnoi's assertion that Stratman cannot affect the title to Termination Point. Stratman's action to decertify Leisnoi in federal court has been remanded to the IBLA. The IBLA lacks jurisdiction over land which has already been patented. Appeal of

Chickaloon Moose Creek Native Association, Inc., 87 I.D. 219 (1980). Although the IBLA has the authority to hear Stratman's decertification action, it has no authority to impose a constructive trust on the lands patented regardless of the outcome. See, U.O.P. v. U.S., 99 F.3d 344, 350 (9th Cir. 1996)("[T]he IBLA only retains jurisdiction to determine the validity of a claim to public land until a patent issues.") Were Stratman successful in decertifying Leisnoi, he would still be required to bring an action in federal court to impose the remedy of a constructive trust. As noted above, because Stratman does not claim title to Termination Point, he lacks standing to bring such an action. Consequently, this court concludes that Stratman, by virtue of his decertification action, cannot affect the title to Leisnoi's land.

## V. STRATMAN'S MOTION TO STAY

Stratman has requested that, if this court elects to exercise jurisdiction and denies his motion to dismiss, that this court stay Leisnoi's quiet title action pending the outcome of the proceeding at the IBLA. Stratman has not offered any convincing authority that supports his position that the outcome of the administrative action will have any bearing on Leisnoi's title to Termination Point. As a result, this court finds no valid reason to justify a stay of this action.

CONCLUSION

For the above stated reasons, Defendant Stratman's Motion to Dismiss is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED as between Lesnoi and Stratman, the parties to this suit.[15]

DATED this 25th day of February, 1997.

STEPHANIE E. JOANNIDES
Superior Court Judge Pro Tem

I certify that on February 25, 1997
a copy of this order was mailed to:

Boyko; Schneider

Secretary

[15] Pleadings authored by representatives of the United States in another case have been submitted to this court as "evidence" of the United States' position with respect to its lack of interest in the land in question. The United States is not a party and this court does not address any rights that it may or may not have to the land in the future.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

LEISNOI, INC.,

Plaintiff,

vs.

OMAR STRATMAN,

Defendant.

Case No. 3AN 96-00502 CI

Filed in the Trial Courts
STATE OF ALASKA, THIRD DISTRICT
Clerk of the Trial Courts

APR 1 1997

By ________ Deputy

**FINAL JUDGMENT**

IT IS ORDERED, ADJUDGED, AND DECREED, that Final Judgment is hereby entered in favor of Leisnoi, Inc. and against Omar Stratman (i) quieting Leisnoi Inc.'s title to Termination Point, a parcel of land described with particularity as Tract C, Township 27 South, Range 19 West of the Seward Meridan, Third Judicial District, Kodiak Recording District, State of Alaska as against Omar Stratman; (ii) removing any clouds Omar Stratman has placed upon the title thereto; (iii) holding any adverse interests claimed by Omar Stratman, individually or on behalf of others, to be naught (iv) forever barring Omar Stratman from asserting, individually or on behalf of others, any claim in Termination Point adverse to Leisnoi, Inc.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Omar Stratman has no interest in title to Termination Point and that Omar Stratman lacks standing to sue to challenge or annul the patent from the United States to Leisnoi, Inc. conveying Termination Point.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Alaska Civil Rule 82 attorneys fees of $11,586.00 are awarded in favor of Leisnoi, Inc. and against Omar Stratman, together with costs of $ 396.93 (5/7/97).

DATED this 11 day of April, 1997.

STEPHANIE E. JOANNIDES
Superior Court Judge Pro Tem

CERTIFIED THAT ON 5/7/97
COPY OF THIS DOCUMENT WAS
MAILED/~~HANDED~~ TO: Fitzgerald, Esq.
Schneider, Esq.

I certify that on 4-14-97 a copy of the above was mailed to each of the following at their addresses of record: Fitzgerald Schneider
E. Mulder
Secretary/Deputy Clerk
Resent 9/19/97

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

MJS, P.C. AUG 15 1997

LESNOI,

Plaintiff,
vs.

OMAR STRATMEN,

Defendant.

Case No. 3AN 96-502 Civil

...d in the Trial Courts
STATE OF ALASKA, THIRD DISTRICT
AT ANCHORAGE
Aug 13 1997
Clerk of the Trial Courts
By ____________ Deputy

ORDER

**PLAINTIFF'S MOTION FOR RULE 82 ATTORNEY FEES**

This matter is before the court on Plaintiff's Motion for Rule 82 Attorney's Fees wherein Lesnoi seeks $57,930.00 in full attorney's fees. Lesnoi claims that full fees are warranted as a result of Stratman's "vexatious misconduct...in raising a number of frivolous legal arguments that needlessly complicated and prolonged this litigation". Alternatively, Lesnoi seeks $11,586.00 in fees, 20% of its full fees pursuant to Alaska Rule of Civil Procedure 82(b)(2). Defendant opposes the motion and asserts that he is a "public interest litigant" from whom neither costs nor fees may be obtained.

The court has reviewed the briefs and exhibits submitted in support and opposition to the motion for fees and is well acquainted with the numerous issues raised in the pleadings filed in support of the underlying motions in this case. Before the amount of fees can be decided, the issue of the defendant's "public

interest litigant" status must be resolved. The court finds that defendant is not a public interest litigant. In Carr-Gottstein Properties v. State, 899 P. 2d 136, 147 (Alaska 1995), the Alaska Supreme Court reiterated four criteria necessary for a determination of a public interest litigant. A litigant must satisfy all four criteria to be deemed a public interest litigant. Anchorage Daily News v. Anchorage School District, 803 P. 2d 402, 404 (Alaska 1990). The fourth criteria requires a finding that the purported public interest litigant does not have sufficient economic incentive to file suit. Defendant clearly does not meet the fourth criteria for public interest status. The information in this case, developed through the briefing, a review of the published opinions referenced throughout the pleadings, and the exhibits submitted by the parties, clearly shows that defendant has more than a minimal economic interest in the resolution of the issues in this case. While defendant may arguably have some interest in the good of the general public and its ability to have access to the land in question, it appears that he has significant economic interests that are linked to the status of the land.

In light of this court's finding that defendant is not entitled to public interest litigant status, the question of the appropriate amount of attorney's fees is now before this court. In order to vary the 20% fee award calculated under Rule 82(b)(2), the court must find that an alteration is warranted as a result of the factors identified in Rule 82(b)(3)(A)-(K).

An evaluation of the factors suggests the following. The

case is a complex one but has been ongoing for years. As a result, the issues are not new to the parties. While it is true that this court was not ultimately persuaded by defendant's claims, there were numerous issues addressed, some of which could not be resolved at this juncture as a result of the procedural scheme of this matter. And while defendant's arguments were at times less persuasive, both parties submitted numerous briefs and supplemental authorities which unduly lengthened the resolution of this matter. As a result, this court finds that a variation from an award of $11,586 is not warranted.

**DEFENDANT'S MOTION FOR RULE 60(b) RELIEF FROM RESTRAINING ORDER**

The decision not to vary the award as a result of "bad faith conduct of the defendant" was also somewhat affected by the unexplained actions of plaintiff during the restraining order litigation. Final judgment against defendant was entered on April 11, 1997. On April 23, 1997, plaintiff moved for fees. Defendant opposed on May 6, 1997. On May 7, 1997, the clerk taxed costs against Mr. Stratman in the amount of $396.93. On May 19, 1997, plaintiff sought an order restraining defendant from selling, transferring, or in any other manner disposing of his property. The order was signed by Judge Andrews on May 20, 1997. No notice by plaintiff was provided to defendant or his counsel until July 12, 1997 at which time defendant was served with the motion and order for defendant to appear at a judgment debtor exam.

Based upon this chronology of events, it is of some

concern that plaintiff obtained such a broad order from the court in May and failed to immediately take steps to serve defendant or his counsel. Plaintiff's opposition does not provide this court with any admissible evidence (in the form of an affidavit) as to why they failed to immediately serve defendant, or at a minimum, why they did not immediately send a copy of the motion and order to defendant's counsel. The only information submitted in response to defendant's complaints is a passing reference that defense counsel was unwilling to accept service from defendant and that "Lesnoi last month hired Kodiak Process Service to serve Mr. Stratman with the Judgment Debtor Examination order." Since the pleading was filed in July, this court assumes that the process server was hired sometime in June. Even assuming that the process server was hired the first week in June, this is almost two weeks after the order was signed. No other information was provided to explain why a copy was not sent to defense counsel.

It is this court's understanding that the judgment debtor exam procedures have begun. This court will not vacate the order and proceedings in that arena at this juncture. As a result, defendant's motion is DENIED. In the interim, should defendant wish to modify the order until he appears at a judgment debtor exam, the court will entertain a request for the posting of a bond in an amount to cover the costs and fees.

**DEFENDANT'S REQUEST FOR ORAL ARGUMENT**

In addition to the above identified motions, defendant

requested oral argument on plaintiff's motion for fees and the opposition thereto. Defendant's request for oral argument is DENIED.

DATED at Anchorage, Alaska this 13th day of August, 1997.

STEPHANIE E. JOANNIDES
Superior Court Judge Pro Tem

I certify that on 8-14-97 a copy of the above was mailed to each and faxed of the following at their addresses of record: Fitzgerald, Schneider
Diana Cummings
Secretary/Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

LEISNOI, INC.,
Plaintiff,

vs.

OMAR STRATMAN,
Defendant.

Case No. 3AN 96-00502 CI

**ORDER ON MOTION FOR RECONSIDERATION**

This matter is before this court on Defendant Omar Stratman's Motion for Reconsideration of the August 13 order denying Stratman public interest litigant status. The issue of defendant's public interest litigant status was first raised by defendant in opposition to plaintiff's motion for fees. The authority upon which he relied to support the prohibition of such an award are the four well established factors discussed in numerous Alaska cases: (1) whether the case was designed to effectuate strong public policies, (2) whether numerous people would have benefitted had Stratman prevailed, (3) whether only a private party (Stratman) could have been expected to bring the suit, and (4) whether Stratman did not otherwise have a sufficient economic incentive to file suit. Defendant argued that each of these factors applied to him, was supported by the evidence and as a result, fees should not be assessed against him. Now defendant comes before this court and asserts that the court's finding that

he had an economic incentive to file suit is inapplicable to him since he did not actually file suit. This argument in not well taken in light of the inconsistent argument in his opposition to plaintiff's motion for fees that only he could be expected to bring the decertification litigation that led up to this suit. See Defendant Omar Stratman's Opposition to Plaintiff's Motion for Rule 82 Attorney Fees and Plaintiff's Request for Costs, pp. 7-8. The defendant cannot have it both ways, either the factors apply to him for him to use as a shield or they don't.

The reason Leisnoi brought this quiet title action was because of cases filed by defendant, and his actions since those cases. Stratman clearly has an economic interest in the outcome of this case. Aside from the fact that Stratman's repeated settlement posture supports that his interest in this case is for an economic resolution, economic interest can also be found in cases where damages are not what a party asserts as a goal. Defendant clearly stands to gain from the suits he has filed and his actions as they relate to the property in this case. Leisnoi and Stratman continue to litigate Stratman's use of Leisnoi's land for Stratman's business advantage in other cases. Stratman clearly stands to gain from his position in this case even though the land at issue is not identical to the land which is the focus of the other cases. A successful decertification of Leisnoi will result in a direcrt economic benefit to Stratman. See Matanuska Susitna Borough School v. State, 931 P. 2d 391, 403 (Alaska 1997).

For the above stated reasons, defendant's motion for reconsideration is DENIED.

STEPHANIE E. JOANNIDES
Superior Court Judge Pro Tem
9/19/97

I certify that on 9-19-97 a copy of the above was ~~mailed~~ handed to each of the following at their addresses of record: Fitzgerald Schneider
E. Mulder
Secretary/Deputy Clerk