**<u>Exhibit B</u>**

**Stratman's Appeal Brief filed in Alaska Supreme Court appeal in <u>Stratman v. Leisnoi</u>, 969 P.2d 1139 (Alaska 1998)**

IN THE SUPREME COURT FOR THE STATE OF ALASKA

| | | |
|---|---|---|
| Omar Stratman, | ) | |
| | ) | |
| Defendant/Appellant, | ) | Supreme Court |
| | ) | Case No. S-08103 |
| vs. | ) | |
| | ) | Superior Court |
| Leisnoi, Inc., | ) | Case No. 3AN 96-00502 CI |
| | ) | |
| Plaintiff/Appellee. | ) | |

APPEAL FROM THE SUPERIOR COURT,
THIRD JUDICIAL DISTRICT AT ANCHORAGE
THE HONORABLE STEPHANIE E. JOANNIDES, PRESIDING

---

**BRIEF OF APPELLANT**

---

LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 N Street, Suite 202
Anchorage, Alaska 99501
(907) 277-9306
Michael J. Schneider (7510088)
Eric R. Cossman (8812212)

Attorneys for Appellant

Filed in the Supreme Court
of the State of Alaska this
8TH day of December, 1997.

_____
Deputy Clerk

# I.  TABLE OF CONTENTS

I.      TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . .      i

II.     TABLE OF CASES, STATUTES & AUTHORITIES . . . . . . . . . . . .    iii

III.    VERBATIM TEXT OF STATUTES, RULES AND REGULATIONS  . . .    iv

IV.     JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . .      1

V.      STATEMENT OF ISSUES PRESENTED FOR REVIEW . . . . . . . . . .      1

VI.     STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . .      2

        A.      Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2

        B.      Stratman's decertification action . . . . . . . . . . . . . . . . . .      3

                1.      Factual background  . . . . . . . . . . . . . . . . . .      5

                2.      The first Ninth Circuit appeal . . . . . . . . . . . . . .      8

                3.      Settlement and dismissal of the action . . . . . . . . . . . .      9

                4.      Patent of the lands to Leisnoi . . . . . . . . . . . . .     10

                5.      Stratman's action for specific performance of the settlement
                        agreement . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

                6.      Reopening of the decertification action . . . . . . . . . . . . .     11

                7.      Additional Proceedings and Remand to IBLA  . . . . . . . .     12

                8.      Leisnoi's motions to expunge the Lis Pendens  . . . . . . . .     14

        C.      Leisnoi's quiet title action . . . . . . . . . . . . . . . . . . . . .     16

VII.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

VIII.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

    A.   Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . .   20

    B.   The trial court lacked subject matter jurisdiction to adjudicate
       Stratman's claim . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

        1.   The state court lacks jurisdiction to adjudicate APA claims
           against federal agencies . . . . . . . . . . . . . . . . . . . . .   22

        2.   The state court lacks jurisdiction to adjudicate challenges to
           the Secretary of Interior's administration of ANCSA . . . . .   25

        3.   The state court lacks jurisdiction to quiet title to real property
           in which the United States claims an interest . . . . . . . . .   29

        4.   The United States is an indispensable party over which the
           state court lacks jurisdiction . . . . . . . . . . . . . . . . . .   32

    C.   The trial court should have dismissed or stayed Leisnoi's action
       because it presents the same claim and issues as Stratman's prior
       decertification action . . . . . . . . . . . . . . . . . . . . . . . . . .   36

        1.   Leisnoi's action should have been dismissed under the rule of
           abatement . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   37

        2.   Leisnoi's action should have been stayed pending
           determination of Stratman's decertification action . . . . . . .   41

        3.   The federal court did not determine that the State court should
           exercise jurisdiction over Leisnoi's action . . . . . . . . . . .   45

        4.   Stratman's decertification action was not dismissed, and is
           still "pending" in federal district court for purposes of
           abatement and/or stay of Leisnoi's action . . . . . . . . . . .   47

D.     The District Court can order the reconveyance of the Termination Point lands to the Government as relief in Stratman's decertification action . . . . . . . . . . . . . . . . . . . . .    54

E.     The trial court abused its discretion in determining that Stratman was not a public interest litigant for purposes of awarding attorney's fees and costs . . . . . . . . . . . . . . . . . . . . . . . . . . .    62

IX.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    65

## II.  TABLE OF CASES, STATUTES & AUTHORITIES

### Cases

Aminoil U.S.A., Inc. v. Cal. State, Etc.,
674 F.2d 1227 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

Anchorage Daily News v. School Dist.,
803 P.2d 402 (Alaska 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  63

Arizona St. Carpenters Pension Tr. Fund v. Miller,
938 F.2d 1038 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  49

Arnold v. U.S.,
816 F.2d 1306 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  57

Atkinson v. Haldane,
569 P.2d 151 (Alaska 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

Bish v. Brady-Hamilton Stevedore Co.,
880 F.2d 1135 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  50

Blake v. Gilbert,
702 P.2d 631 (Alaska 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  44

Block v. N.D. ex rel Bd. of University & Sch. Lands,
461 U.S. 273, 103 S.Ct. 1811 (1983) . . . . . . . . . . . . . . . . . . . . . . 30, 31

Briggs v. Estate of Briggs,
500 P.2d 550 (Alaska 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  37

Bryan v. Itasca County,
426 U.S. 373, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976) . . . . . . . . . . . . . . . .  27

Burbank v. Anti-Noise Group v. Goldschmidt,
623 F.2d 115 (9th Cir.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . 57, 58

Calista Corp. v. DeYoung,
562 P.2d 338 (Alaska 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

Calista Corp. v. Mann,
564 P.2d 53 (Alaska 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Chilkat Indian Village v. Johnson,
870 F.2d 1469 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Coughlan v. Coughlan,
423 P.2d 1010 (Alaska 1967) . . . . . . . . . . . . . . . . . . . . . . . . . 36, 38

Ehredt v. DeHavilland Aircraft Co. of Canada,
705 P.2d 446 (Alaska 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Eluska v. Andrus,
587 F.2d 996 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . 50, 51

Eways v. Governors' Island,
391 S.E.2d 182 (N.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 40, 41

Fairbanks Fire Fight. Ass'n v. Fairbanks,
934 P.2d 759 (Alaska 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

Fairfax Countywide Citizens v. Fairfax County,
571 F.2d 1299 (4th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Federal Nat. Mortg. Ass'n v. LeCrone,
868 F.2d 190 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Harding v. Harding,
366 P.2d 128 (Alaska 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Heffle v. State,
633 P.2d 264 (Alaska 1981) . . . . . . . . . . . . . . . . . . . . . . . 27, 29, 47

In re Mackay,
416 P.2d 823 (Alaska 1964) . . . . . . . . . . . . . . . . . . . . . . . . . 52, 53

In re Slimick,
928 F.2d 304 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Kase v. Kase,
86 A.2d 587 (N.J.Super.Ct. 1952) . . . . . . . . . . . . . . . . . . . . . . . . 53

Koniag v. Kleppe,
580 F.2d 601 (D.C.Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . 7

Koniag, Inc. v. Kleppe,
405 F.Supp. 1360 (D.D.C.1975), aff'd in part and rev'd in part,
580 F.2d 601 (D.C.Cir. 1978), cert. denied, 439 U.S. 1052, 99 S.Ct. 733,
58 L.Ed.2d 712 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

Lee v. United States,
629 F.Supp. 721, 726 (D.Alaska 1985), aff'd 809 F.2d 1406 (9th Cir. 1987) . . . 32

Leisnoi, Inc. v. Stratman,
835 P.2d 1202 (Alaska 1992) . . . . . . . . . . . . . . . . . . . . . . . 4, 9-11

Liberty Mutual Ins. Co. v. Wetzel,
424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) . . . . . . . . . . . . . . 49

Matanuska-Susitna Borough School v. State,
931 P.2d 391 (Alaska 1997) . . . . . . . . . . . . . . . . . . . . . . . . 62

McClellan v. Kimball,
623 F.2d 83 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . 30, 32

McIntyre v. United States,
568 F.Supp. 1 (D.Alaska 1983), aff'd, 789 F.2d 1408 (9th Cir. 1986) . . . . . . . 32

Medina v. Castillo,
627 F.2d 972 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . 51

Miller v. Johnson,
370 P.2d 171 (Alaska 1962) . . . . . . . . . . . . . . . . . . . . . . . . 38

Morrison-Knudsen Co., Inc. v. CHG Intern., Inc.,
811 F.2d 1209 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . 51

National Wildlife Federation v. Espy,
45 F.3d 1337 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 23, 59, 61

Ollestead v. Native Village of Tyonek,
560 P.2d 31 (Alaska 1977) . . . . . . . . . . . . . . . . . . . . . . . . 26

Orange Cty. v. Hongkong & Shanghai Banking Corp.,
52 F.3d 821 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 44

Segundo v. City of Rancho Mirage,
813 F.2d 1387 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . 27

State of Alaska, Dept. of Public Works v. Agli,
472 F.Supp. 70 (D.Alaska 1979) . . . . . . . . . . . . . . . . . . 29

Stratman v. Andrus,
472 F.Supp. 1172 (D.Alaska 1979) . . . . . . . . . . . . . . . . . 65

Stratman v. Watt,
656 F.2d 1321 (9th Cir. 1981), cert. dismissed 456 U.S. 901 (1982) . . . . . . 4-6, 8

Sullivan v. Finkelstein,
496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) . . . . . . . . . . . . . . 49

Theodore v. State,
407 P.2d 182 (Alaska 1965) . . . . . . . . . . . . . . . . . . . . 37

U.S. v. Henri,
828 F.2d 526 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . 50

U.S. v. Louisiana-Pacific Corp.,
846 F.2d 43 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . 50

United States v. Lee,
768 F.2d 951 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . 49

Zucker v. Maxicare Health Plans, Inc.,
14 F.3d 477 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . 49

## Statutes

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . 24

5 U.S.C. § 703 . . . . . . . . . . . . . . . . . . . . . . . . . . 24

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 59

28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 30

28 U.S.C. § 1360 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

28 U.S.C. § 2409a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

43 U.S.C. § 1601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

43 U.S.C. § 1610(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

ANILCA § 1427(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

AS 09.45.940 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

## Court Rules

Civil Rule 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

## Other Authorities

1 Am.Jur.2d Abatement, Survival, and Revival . . . . . . . . . . . . . . . 36, 39-41, 52

1 C.J.S., Abatement and Revival . . . . . . . . . . . . . . . . . . . . . . . . 39-41

Annotation, Stay of Civil Proceedings Pending Determination of Action
in Federal Court in Same State, 56 A.L.R.2d 335 (1957) . . . . . . . . . . . . 40-42

K. Davis, Administrative Law Treatise . . . . . . . . . . . . . . . . . . . . . . 51

Moore, Federal Practice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31, 50

Wright & Miller, Federal Practice and Procedure . . . . . . . . . . . . . . . 24, 25

# III.  VERBATIM TEXT OF STATUTES, RULES AND REGULATIONS

<u>Statutes</u>

## 5 U.S.C. § 702.  Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. . . .

## 5 U.S.C. § 706.  Scope of Review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall--

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold to be unlawful and set aside agency action, findings, and conclusions found to be--

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

**28 U.S.C. § 1346.  United States as defendant**

. . .

(f)  The district courts shall have exclusive original jurisdiction of civil actions under section 2409a [28 USCS § 2409a] to quiet title to an estate or interest in real property in which an interest is claimed by the United States.


**28 U.S.C. § 1360.  State civil jurisdiction in action to which Indians are parties**

(a)  Each of the States listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such State has jurisdiction over other causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State:

| State of | Indian country affected |
| --- | --- |
| Alaska . . . . . . . . . . . . . . . . . . . . . . | All Indian country within the State |

. . .

(b)  Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use of such property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall confer jurisdiction upon the State to adjudicate, in probate proceedings or otherwise, the ownership or right to possession of such property or any interest therein.

. . .


**§ 2409a. Real property quiet title actions**

(a)  The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.  This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under section 1346, 1347, 1491, or 2410 of this title [28 USCS §§

1346, 1347, 1491, or 2410], sections 7424, 7425, or 7426 of the Internal Revenue Code of 1954, as amended (26 U.S.C. 7424, 7425, and 7426), [26 USCS §§ 7424, 7425, and 7426], or section 208 of the Act of July 10, 1952 (43 U.S.C. 666) [43 USCS § 666].

**AS 09.45.940.  Lis pendens.**  In an action affecting the title to or the right of possession of real property, the plaintiff at the time of filing the complaint, or afterwards, and the defendant, when affirmative relief is claimed, at the time of filing the answer, or afterwards, may record in the office of the recorder of the recording district in which the property is situated a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property affected in that district.  From the time of recording the notice, a purchaser, holder of a contract or option to purchase, or encumbrancer of the property affected has constructive notice of the pendency of the action and of its pendency against parties designated by their real names.

<u>Civil Rules</u>

**Rule 19.  Joinder of Persons Needed for Just Adjudication.**

**(a)  Persons to be Joined if Feasible.**  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.  If he has not been joined, the court shall order that he be made a party.  If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

**(b)  Determination by Court Whenever Joinder Not Feasible.**  If a person as described in subsection (a)(1) - (2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before

it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

## IV.    JURISDICTIONAL STATEMENT

This is an appeal of the Final Judgment entered on April 11, 1997 by the Superior Court for the State of Alaska, Third Judicial District, Judge Stephanie E. Joannides, Pro Tem.  Notice of Appeal was timely filed on May 8, 1997.  This Court has jurisdiction pursuant to AS 22.05.010 and Appellate Rule 202.

## V.    STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.  Did the trial court err in granting summary judgment to Leisnoi and quieting title against the claim presented in Stratman's federal court action?

2.  Did the trial court err in denying Stratman's motion to dismiss and/or stay Leisnoi's action on the ground that it presented the same claim and issues as Stratman's prior pending federal court action?

3.  Did the trial court have subject matter jurisdiction to adjudicate Stratman's claim?

4.  Did the trial court err in holding that the United States was not an indispensable party to Leisnoi's action?

5.  Did the trial court abuse its discretion in determining that Stratman was not a public interest litigant for purposes of awarding attorney's fees and costs?

1

## VI.  STATEMENT OF THE CASE

### A.  Overview

This appeal relates to an action to quiet title brought by Appellee Leisnoi, Inc. ("Leisnoi") against Appellant Omar Stratman ("Stratman").  Leisnoi is a Native Village Corporation.  Its action sought to quiet title to a parcel of property known as "Termination Point" that was patented to it by the federal government under ANCSA.

Leisnoi's action sought to quiet title against a claim asserted by Stratman in an action pending in federal district court.  Stratman's federal court action was brought against the Secretary of Interior under the federal Administrative Procedure Act ("APA"), and challenges the Secretary's decision to certify Leisnoi as an eligible Native Village under ANCSA.  Leisnoi was also named as defendant.  Stratman's action seeks to set aside the Secretary's decision, and, in effect, to "decertify" Leisnoi as an eligible ANCSA Native Village.  It also seeks to enjoin the federal government from conveying any lands to Leisnoi under ANCSA, and to invalidate any conveyances that may have already been made.  Stratman's action is still pending in federal court.

Stratman recorded a Lis Pendens against the lands already patented to Leisnoi, including Termination Point.  Leisnoi brought two separate motions to expunge the Lis Pendens.  The district court denied both motions.

Leisnoi then brought this action against Stratman to quiet title against the claim presented in Stratman's federal court action.  The action named only Stratman as defendant.

Leisnoi moved for summary judgment, alleging that Stratman's federal court action could not legally affect its title to Termination Point, and that the federal district court could not enter judgment vacating the Termination Point patent under Stratman's claim for relief in that action.

Stratman filed a cross-motion to dismiss, or in the alternative, to stay Leisnoi's action pending determination of his federal court action. Stratman also moved to dismiss on the ground that the State court lacked subject matter jurisdiction to adjudicate his federal court claim, and on the ground that the action failed to join the United States.

The trial court denied Stratman's motion, and granted summary judgment to Leisnoi. It entered judgment quieting Leisnoi's title to Termination Point, and "forever barring Stratman from asserting, individually or on behalf of others, any claim in Termination Point adverse to Leisnoi, Inc." [Exc. 159].

Stratman appeals.

B.    Stratman's decertification action

Stratman's federal court action challenges the Secretary of Interior's decision to certify Leisnoi as an eligible Native Village under the Alaska Native Claims Settlement Act (ANCSA) (43 U.S.C. §§ 1601 et seq.). It seeks to set aside the Secretary's decision, and, in effect, to "decertify" Leisnoi as an ANCSA Native Village.[1] It also seeks to

---

[1] Over the years, Stratman's action has been referred to by the parties and the courts as his "decertification action." For purposes of clarity, this label will also be used in this brief. This brief will also refer to the APA claim presented in the action as Stratman's

3

recover the lands and monetary benefits conveyed to it by the federal government. The action was brought against the Secretary of Interior under the federal Administrative Procedure Act ("APA") (5 U.S.C. §§ 701-706). The action also joined Leisnoi and Koniag, Inc. (Leisnoi's regional corporation) as defendants under Fed.R.Civ.P. 19.

The action has a long and unusual procedural history. It was first brought in 1976, and dismissed in 1982 pursuant to a settlement of the parties. It was re-opened in 1995 following Leisnoi's repudiation of the settlement agreement. It has since been remanded by the District Court to the Interior Board of Land Appeals for new administrative proceedings, where the matter is still pending.

When the action was brought in 1976, the Government had not yet conveyed any of the lands selected by Leisnoi under ANCSA. A patent for these lands-- including the Termination Point parcel-- was issued to Leisnoi in 1985, during the period that the action was dismissed pursuant to the parties' settlement.

The background of this case, though somewhat complex, is well outlined in the two reported decisions involving this case, Stratman v. Watt, 656 F.2d 1321 (9th Cir. 1981), cert. dismissed 456 U.S. 901 (1982) ("Watt"), and Leisnoi, Inc. v. Stratman, 835 P.2d 1202 (Alaska 1992) ("Leisnoi").[2]

---

"decertification claim."

[2] A copy of the Watt opinion is provided in the Excerpts of Record at p. 28. A copy of the Leisnoi opinion is provided in the Excerpts at p. 34.

4

1.    <u>Factual background</u>

The Alaska Native Claims Settlement Act (ANCSA), enacted in 1971, was intended to settle all aboriginal land claims by Native and Native groups of Alaska. <u>Watt</u> at 1322. ANCSA provides for the accomplishment of that settlement through distribution of 40 million acres of land and payment of $962,500,000 to Native villages and regional corporations established pursuant to the Act's provisions. <u>Id.</u>

ANCSA names specified Native villages ("listed villages") as eligible for benefits under the Act. 43 U.S.C. § 1610(b). It also provides that villages not listed in the Act can qualify for ANCSA benefits if they meet the following qualifications:

> Native villages not listed in subsection (b)(1) hereof shall be eligible for land and benefits under this Act . . . if the Secretary . . . determines that--
> (A)  twenty-five or more Natives were residents of an established village on the 1970 census enumeration date as shown by the census or other evidence satisfactory to the Secretary, who shall make findings of fact in each instance; and
> (B)  the village is not of a modern and urban character, and a majority of the residents are Natives.

43 U.S.C. § 1610(b)(3).

Congress delegated the task of administering ANCSA to the Secretary of Interior, who adopted regulations and procedures for determining the eligibility of unlisted village applicants. These regulations were summarized by the Court in <u>Koniag, Inc. v. Kleppe</u>, 405 F.Supp. 1360 (D.D.C.1975):

> The Secretary's regulations . . . required that the Juneau, Alaska, Area Office of the Bureau of Indian Affairs review and make determinations not later than December 19, 1973, on all applicant Native village corporations' eligibility for benefits as Native villages under the Act.  Prior to the

determinations, the Area Director was required to publish proposed decisions, 43 C.F.R. §§ 2651.2(a)(1), (2). Those decisions became final unless protested within 30 days of their date of publication by "any interested party." 43 C.F.R. § 2651.2(a)(3). Upon receipt of a protest by an interested party, the Area Director was required to examine and evaluate it and within 30 days render a final decision, 43 C.F.R. § 2651.2(a)(4). These Area Director decisions automatically became final unless an "aggrieved party" appealed to the Secretary of the Interior by filing a notice with the Ad Hoc Board within 30 days of publication (43 C.F.R. § 2651.2(a)(5)). The Secretary reserved to himself personally the ultimate decision in each case. (43 C.F.R. § 2651.2(a)(5).

Id. at 1364, 1366-67.

Woody Island, the Native village for which Leisnoi was incorporated, was not listed in ANCSA as an eligible Native village. In accordance with 43 U.S.C. § 1610(b)(3), an application was made to have it declared an eligible Native village. After conducting an investigation in 1973, the BIA Area Director approved Leisnoi's application and issued a determination that it was eligible. His decision was published in the Federal Register and several Alaska newspapers. Neither Stratman nor the other original plaintiffs received actual notice of Leisnoi's application or of the Area Director's decision, nor did they file a protest or participate in any hearings regarding Leisnoi's application. Watt at 1323. On March 18, 1975, the BIA Area Director's decision became final and Woody Island was approved as a Native village. Id.

In 1975, Stratman became a member of an ad hoc "Citizens Action Group of Kodiak, Alaska" that had organized for the purpose of challenging the Secretary of Interior's eligibility determinations of several Native village applicants in the Kodiak