of the property without imposing wetland conservation easements pursuant to § 1985(g). The district court concluded Idaho statutes regarding rights and duties under conservation easements, see Idaho Code § 55-2102, precluded the court from granting the relief sought. The district court erred in concluding its power to grant relief was limited by state law. Plaintiffs seek declaratory and injunctive relief under a federal statute which empowers a federal court to "compel agency action unlawfully withheld," and to "hold unlawful and set aside agency action . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. . . ." 5 U.S.C. § 706(1), (2)(C). These provisions authorize the district court, in the exercise of its jurisdiction under the federal statute, to void a property transaction and order a transfer of title where necessary. Burbank v. Anti-Noise Group v. Goldschmidt, 623 F.2d 115, 116 (9th Cir.1980).

In Goldschmidt a citizens' group brought suit under NEPA to enjoin the federally-financed sale of an airport until an environmental impact state could be completed. The district court entered summary judgment against plaintiffs, and the sale was completed. On appeal, defendants argued completion of the sale rendered the case moot because the court could no longer fashion an appropriate remedy. We rejected this argument:

> [T]he actions here can be undone. . . . [A]ll parties to the transaction are before the Court. If appellants were to prevail on the merits of the appeal, this Court could remand with instructions to the District Court to order a transfer of the Airport title back to [the original owner]. . . .

Id. See also In re Spirtos, 992 F.2d 1004, 1006-07 (9th Cir.1993); NL Industries, Inc. v. Secretary of the Interior, 777 F.2d 433, 436 (9th Cir.1985).

Id. at 1342-43.

In accordance with controlling Ninth Circuit precedent, the district court therefore has the power to "undo" the Termination Point patent, and order the reconveyance of the Termination Point lands back to the federal government, under Stratman's original claim for relief. Stratman need not bring a new action or satisfy any additional standing

61

requirements in order to obtain this relief.

E. The trial court abused its discretion in determining that Stratman was not a public interest litigant for purposes of awarding attorney's fees and costs

Leisnoi moved for Rule 82 attorney fees and costs following the court's entry of judgment. [R. 1189]. Stratman opposed the award of any fees or costs on the ground that he was a public interest litigant. [R. 1090]. On August 13, 1997, the trial court issued an order ruling that Stratman was not a public interest litigant, and awarded Leisnoi $11,586.00 in attorney fees. [Exc. 161]. Stratman moved for reconsideration of the court's order. [R. 1391]. On September 19, 1997, the trial court issued an Order on Motion for Reconsideration reaffirming its determination that Stratman was not a public interest litigant, and denying Stratman's motion for reconsideration. [Exc. 166].

The trial court abused its discretion in determining that Stratman was not a public interest litigant.[26]

A litigant must satisfy four criteria to be deemed a public interest litigant:

(1) Is the case designed to effectuate strong public policies?
(2) If the plaintiff succeeds will numerous people receive benefits from the lawsuit?
(3) Can only a private party have been expected to bring the suit?
(4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?

---

[26] The superior court's determination of public interest status is reviewed for abuse of discretion. Matanuska-Susitna Borough School v. State, 931 P.2d 391, 402 (Alaska 1997).

Anchorage Daily News v. School Dist., 803 P.2d 402, 404 (Alaska 1990).

The trial court held that Stratman did not satisfy the fourth criteria, based on its finding that Stratman had an economic interest in the outcome of the decertification action. The court's order of September 19, 1997 states:

> The reason Leisnoi brought this quiet title action was because of cases filed by defendant, and his actions since those cases. Stratman clearly has an economic interest in the outcome of this case. Aside from the fact that Stratman's repeated settlement posture supports that his interest in this case is for an economic resolution, economic resolution can also be found in cases where damages are not what a party asserts as a goal. Defendant clearly stands to gain from the suits he has filed and his actions as they relate to the property in this case. Leisnoi and Stratman continue to litigate Stratman's use of Leisnoi's land for Stratman's business advantage in other cases. Stratman clearly stands to gain from his position in this case even though the land at issue is not identical to the land which is the focus of the other cases. A successful decertification of Leisnoi will result in a direct economic benefit to Stratman. See Matanuska Susitna Borough School v. State, 931 P.2d 391, 403 (Alaska 1997).

[Exc. 167].

The court apparently held that Stratman has an economic interest in the decertification action based on his previous settlement of the action, which he sought to enforce in Leisnoi, Inc. v. Stratman, 835 P.2d 1202 (Alaska 1992), and based on a subsequent settlement proposal he made to Leisnoi. Stratman admittedly had an economic interest in the previous settlement agreement. But that does not mean that he had an economic interest in the decertification action. Any economic interest he had in the settlement agreement is now unenforceable. As a result, his decertification action was reopened. Stratman is now in the same position he was in prior to the failed settlement,

63

and his economic interests must be measured by any economic interests he has in the decertification action itself. The same is true for any settlement proposals Stratman may have made. Any economic interest under a settlement would arise only if there is a settlement. And no economic interest could possibly arise under a rejected settlement proposal.

The trial court also held that Stratman had an economic interest in the decertification action based on his undescribed economic interests in other actions he has filed against Leisnoi. There are several problems with this ruling. First, Stratman has filed only two actions against Leisnoi, the decertification action and his action for specific performance of the failed settlement agreement. The other actions were filed against him by Leisnoi. Second, these other actions relate to disputes involving other lands held by Leisnoi, not Termination Point. Third, these other disputes with Leisnoi did not arise until after Stratman brought his decertification action against Leisnoi. Therefore, they could not possibly have served as an "economic incentive to file suit." <u>Anchorage Daily News</u>, supra at 404. Stratman's decertification action spawned the other actions brought against him by Leisnoi, not vice versa.

Stratman is clearly a public interest litigant. His decertification seeks only to restore the federal government's title to the lands wrongfully conveyed to Leisnoi. Stratman stands to gain nothing himself. As the federal court has held, Stratman's only cognizable interest in the decertification action is that of a recreational user. The district court specifically rejected Stratman's attempt to establish standing as a grazing lease

64

holder on Leisnoi's lands, having held that his economic interests were already protected from any injury as "valid existing rights" under ANCSA, § 42. U.S.C. § 1613(g). See Stratman v. Andrus, 472 F.Supp. 1172 (D.Alaska 1979). Lastly, the fact that the decertification action was originally brought by a group of persons organized as a "Citizens Action Group," of which Stratman was a member, demonstrates that Stratman's incentive for bringing the action was related to public interest concerns, and not to any economic interest in the outcome of the action. Fairbanks Fire Fight. Ass'n v. Fairbanks, 934 P.2d 759, 763 (Alaska 1997).

## IX. CONCLUSION

For the foreoing reasons, this Court should reverse the superior court's entry of summary judgment, and remand with instructions to dismiss the action, or stay it pending final determination of Stratman's decertification action.

DATED at Anchorage, Alaska this 8th day of December, 1997.

LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Appellant Omar Stratman

By _____
Michael J. Schneider

By _____
Eric R. Cossman