**Exhibit C**

**Leisnoi's Appellee's Brief filed in Alaska Supreme Court appeal in Stratman v. Leisnoi, 969 P.2d 1139 (Alaska 1998)**

IN THE SUPREME COURT FOR THE STATE OF ALASKA

Omar Stratman,                          )
                                        )
        Defendant/Appellant,)            Supreme Court Case No. S-08103
                                        )
vs.                                     )    Superior Court
                                        )      Case No. 3AN-96-00502 CI
                                        )
Leisnoi, Inc.                           )
                                        )
        Plaintiff/Appellee. )
_____)


APPEAL FROM THE SUPERIOR COURT
THIRD JUDICIAL DISTRICT AT ANCHORAGE
THE HONORABLE STEPHANIE E. JOANNIDES, PRESIDING


---
**BRIEF OF APPELLEE**
---


EDGAR PAUL BOYKO and ASSOCIATES
711 H Street, Suite 510
Anchorage, AK 99501
(907) 279-1000
Edgar Paul Boyko (5310003)
Robert L. Breckberg (7710101)
Attorneys for Appellee


Filed in the Supreme Court
of the State of Alaska this
_____ day of _____, 1998.


_____
    Deputy Clerk

# I.  TABLE OF CONTENTS

I.        TABLE OF CONTENTS . . . . . . . . . . .  (i)-(ii)

II.       TABLE OF CASES, STATUTES & AUTHORITIES (iii)-(vii)

III.      VERBATIM TEXT OF STATUTES,
          RULES & REGULATIONS . . . . . . . . (viii)-(xii)

IV.       STATEMENT OF THE CASE . . . . . . . . . . . 1

V.        STANDARD OF REVIEW  . . . . . . . . . . . . 1

VI.       ARGUMENT  . . . . . . . . . . . . . . . . . 2

     A.   Summary of Argument . . . . . . . . . . . 2-3

     B.   A Quiet Title Action is the Appropriate
          Procedural Vehicle to Quiet Title to
          Termination Point . . . . . . . . . . . . 3-6

     C.   Stratman Admits to Having no Claim of
          Title to the Land and Only the Patentor
          or a Party Claiming Title to the Land has
          Standing to Challenge a Land Patent . . . . 7-8

     D.   Stratman Cannot Eviscerate the Rule
          Forbidding Private Parties who have
          no Claim of Title in the Land from
          Suing to Nullify the Land Patent by
          Invoking the Common Law Doctrine of
          Constructive Trust  . . . . . . . . . . . 8-10

     E.   The Statute of Limitations has Lapsed on
          any Suit to Annul the Patent to
          Termination Point . . . . . . . . . . . . 10-11

     F.   Leisnoi's Patent to Termination Point
          has been Validated  . . . . . . . . . . . 12-13

     G.   The Lower Court had Subject Matter
          Jurisdiction  . . . . . . . . . . . . . . 13-15

     H.   The United States does not Claim any
          Interest in Leisnoi's Land and is not an
          Indispensable or Necessary Party to
          this Litigation  . . . . . . . . . . . . . 15-19

     I.   The Decertification Case has been Decided
          against Stratman . . . . . . . . . . . . . 19-22

## I.  TABLE OF CONTENTS (continued)

J.    There is no Basis for a Stay, IBLA cannot
      Affect Title . . . . . . . . . . . . . . . 22-24

K.    There is no Reason for a Stay . . . . . . . 24-25

L.    The Ninth Circuit has Already Rejected
      Stratman's Argument that the Final Judgment
      did not Send the Case in its Entirety
      to the IBLA . . . . . . . . . . . . . . . . 25-28

M.    It is not the Function of the Alaska
      Supreme Court to hold that a Federal
      Appellate Decision was Clearly
      Erroneous . . . . . . . . . . . . . . . . . 28-30

N.    Stratman Failed to Appeal from the Final
      Judgment of November 21, 1985; Stratman
      Cannot use this Court as a Substitute
      for a Timely Appeal . . . . . . . . . . . . 30-32

O.    Stratman has Unconscionably Switched his
      Position regarding the Jurisdiction of the
      Alaska State Court over Suits Involving
      Title to Land Owned by Leisnoi . . . . . . 32-40

P.    The Underlying Federal Suit of which Stratman
      gave Notice in his Lis Pendens has Ended
      Without Affecting title to
      Termination Point . . . . . . . . . . . . . 40-41

Q.    Omar Stratman is no Public Interest
      Litigant . . . . . . . . . . . . . . . . . 41-47

VII.    CONCLUSION . . . . . . . . . . . . . . . . 47

## II.  TABLE OF CASES, STATUTES & AUTHORITIES

### Cases

Alaska v. Venetie, U.S. Supreme Court
Case No. 96-1577,
February 25, 1988 decision  . . . . . . . . . . . . . .  15

Alaska Statebank v. Kirschbaum,
662 P.2d 939 (Alaska 1943)  . . . . . . . . . . . . . .  34

Anchorage Daily News v.
Anchorage School District,
803 P.2d 402 (Alaska 1990)  . . . . . . . . . . . . . .  46

Bicknell v. Comstock,
113 U.S. 149 (1885) . . . . . . . . . . . . . . . . . .  22

Blake v. Gilbert,
702 P.2d 631 (Alaska 1985)  . . . . . . . . 21, 22, 26, 36

Calista Corp. v. DeYoung, 562 P.2d 338
(Alaska 1977) . . . . . . . . . . . . . . . . 13-14, 34

City Public Service Board v.
General Electric Corp.,
935 F.2d 78 (5th Cir. 1991) . . . . . . . . . . . . . .  29

Davis v. Tant,
361 P.2d 763 (Alaska 1961)  . . . . . . . . . . . . . .  21

De Lamar's Nevada Gold Mining Co. v. Nesbitt,
177 U.S. 523 (1900) . . . . . . . . . . . . . . . . . .  18

Donnelly v. U.S.,
850 F.2d 1313 (9th Cir. 1988) . . . . . . . . . 7, 9, 41

Eluska v. Andrus,
587 F.2d 996 (9th Cir. 1987)  . . . . . . . . . . 26, 31

Hakala v. Atxam Corporation,
753 P.2d 1144 (Alaska 1988) . . . . . . . . . . . . . .  35

Herrington v. County of Sonoma,
706 F.2d 938 (9th Cir. 1983)  . . . . . . . . . . . . .  31

Hunter v. United Van Lines,
746 F.2d 635 (9th Cir. 1984)  . . . . . . . . . . . . .  16

## II.  TABLE OF CASES, STATUTES & AUTHORITIES (Continued)

Hydaburg Co-Op Ass'n. v. Hydaburg Fish.,
925 P.2d 246 (Alaska 1996) . . . . . . . . . . . . . . 1

Joy v. City of St. Louis,
201 U.S. 332 (1906) . . . . . . . . . . . . . . . . 18

Kale v. United States,
489 F.2d 449 (9th Cir. 1973) . . . . . . . . . . . 7, 41

Kenai Peninsula Borough v. Cook Inlet
Region, Inc., 807 P.2d 487 (Alaska 1991) . . . . . . 35

Kenai Peninsula Borough v. Tyonek
Native Corporation,
807 P.2d 502 (Alaska 1991) . . . . . . . . . . . . . 35

Lee v. United States,
629 F.Supp. 721 (D.Alaska 1985)
(Fitzgerald, J.)
aff'd, 809 F.2d 1406
(9th Cir. 1987) . . . . . . . . . . . . 7, 9, 11, 15, 41

Leisnoi, Inc. v. Stratman, 835 P.2d 1202
(Alaska 1992) . . . . . . . . . . . . . . 5, 33, 42-43

Leisnoi, Inc. v. Stratman,
Case No. 3KO-93-356 . . . . . . . . . . . . . . . . 43

Leisnoi, Inc. v. U.S., District Court Case
No. A97-261 CIV (JWS) . . . . . . . . . . . . . . . 18

Louisiana v. Garfield, 211 U.S. 70 (1908) . . . . . . 12

Montana v. United States,
440 U.S. 147 (1978) . . . . . . . . . . . . . . . . 28

Municipality of Anchorage v. Hitachi Cable, Ltd.,
547 F.Supp. 633 (D.Alaska 1982) . . . . . . . . . . 28

Murphy v. City of Wrangell,
763 P.2d 229 (Alaska 1988) . . . . . . . . . . . . . 46

Murray v. Feight,
741 P.2d 1148 (Alaska 1987) . . . . . . . . . . . . 21

Neilson v. Benton,
903 P.2d 1049 (Alaska 1995) . . . . . . . . . . . . 1

## II.   TABLE OF CASES, STATUTES & AUTHORITIES (Continued)

Northern Plains Resource Council v. Lujan,
874 F.2d 661 (9th Cir. 1989) . . . . . . . . . 7, 11, 41

Oneida Indian Nation v. County of Oneida,
414 U.S. 661, 94 S.Ct. 772,
39 L.Ed.2d 73 (1974) . . . . . . . . . . . . . 16

Plotkin v. Pacific Telephone and Telegraph Co.,
688  F.2d 1291 (9th Cir. 1982) . . . . . . . . . . 32

Raypath, Inc. v. City of Anchorage,
544 F.2d 1019 (9th Cir. 1976) . . . . . . . . . 7, 11

St. Louis Smelting and Refining Co. v. Kemp,
104 U.S. 636, 26 L.Ed. 875 (1887) . . . . . . . . . 7

Shoshone Mining Co. v. Ruttler,
177 U.S. 505 (1900) . . . . . . . . . . . . 18

Shulthis v. McDougal, 225 U.S. 561,
32 S.Ct. 704, 56 L.Ed. 1205 (1912) . . . . . . . 16, 18

South Naknek v. Bristol Bay Borough,
466 F.Supp 870 (D.Alaska 1979) . . . . . . . . . 14

State, Dept. of Transportation v.
First National Bank of Anchorage,
689 P.2d 483 n.12 (Alaska 1984) . . . . . . . . 13, 23

Stratman v. Babbitt,
Case No. A76-0132 CV (JKS) . . . . . . . . . . . 1

Stratman v. Watt,
656 F.2d 1321 (9th Cir. 1981) . . . . . . . . . 40

T. Ferguson Construction, Inc. v.
Sealaska Corporation,
820 P.2d 1058 (Alaska 1991) . . . . . . . . . . 35-36

Tetlin Native Corporation v. State,
759 P.2d 528 (Alaska 1988) . . . . . . . . . . 35

Theodore v. State, 407 P.2d 182 (Alaska 1985) . . . . . 16

<u>II.   TABLE OF CASES, STATUTES & AUTHORITIES</u> (Continued)

<u>Thomas v. Bailey</u>,
611 P.2d 536 n.9 (Alaska 1980)  . . . . . . . . . . .  46

<u>Thomas v. Bible</u>,
983 F.2d 152 (9th Cir. 1993) . . . . . . . . . . . .  29

<u>United States v. Chandler-Dunbar Co.</u>,
209 U.S. 447 (1908), 28 S.Ct. 579,
52 L.Ed. 881 (1908) . . . . . . . . . . . . . . .  12, 23

<u>U.S. v. Henri</u>,
828 F.2d 526 (9th Cir. 1987) . . . . . . . . . . . .  31

<u>United States v. Lee</u>
786 F.2d 951 (9th Cir. 1986) . . . . . . . . . .  31, 44

<u>United States v. Schurz</u>,
102 U.S. 378 (1880) . . . . . . . . . . . . . . . .  22

<u>United States v. State Investment Company</u>,
264 U.S. 206 (1924)  . . . . . . . . . . . . . . .  22

<u>United States v. United States District Court</u>,
334 U.S. 258 (1948) . . . . . . . . . . . . . . . .  29

<u>UOP v. U.S.</u>,
99 F.3d 344 (9th Cir. 1996) . . . . . . . . . . . .  22

<u>Van Wyk v. Knevals</u>, 106 U.S. 360
1 S.Ct. 336, 27 L.Ed. 201 (1882)  . . . . . . . . . . . 7

## II.  TABLE OF CASES, STATUTES & AUTHORITIES (Continued)

### Table of Statutes

28 U.S.C. §1292 . . . . . . . . . . . . . . . . . . . . . . . . 31

28 U.S.C. §1360(a) . . . . . . . . . . . . . . . . 3, 14, 16

28 U.S.C. §1360(b) . . . . . . . . . . . . . . . . . . 14, 15

28 U.S.C. §2283 . . . . . . . . . . . . . . . . . . . . . . 24

43 U.S.C. §1166 . . . . . . . . . . . 2-3, 10, 11, 12-13

43 U.S.C. §1601 . . . . . . . . . . . . . . . . . . . . . . . 9

43 U.S.C. §1613(f) . . . . . . . . . . . . . . . . . . . . . 34

43 U.S.C. §1632(a) . . . . . . . . . . . . . . . . . . . . . 31

A.S. 09.10.230 . . . . . . . . . . . . . . . . . . . . . . . 23

A.S. 09.45.010 . . . . . . . . . . . . . . . . . . . . 3, 17

A.S. 09.45.940 . . . . . . . . . . . . . . . . . . . . . . . 26

A.S. 22.05.010(a) . . . . . . . . . . . . . . . . . . . . . 33

A.S. 22.10.020(a) . . . . . . . . . . . . . . . . . . . 3, 16

### Court Rules

Alaska Civil Rule 19(a) . . . . . . . . . . . . . . . . . . 19

Alaska Civil Rule 65(c) . . . . . . . . . . . . . . . . . . 24

Alaska Civil Rule 82 . . . . . . . . . . . . . . . . . 45, 47

Appellate Rule 202(a) . . . . . . . . . . . . . . . . . . . 33

### Other Authorities

S. Rep. No. 92-405, 92nd Cong., 1st Sess. 80 (1971) . . 15

1B Moore, Federal Practice at section 0.404[1],
II-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

1B Moore, Federal Practice at Section 0.404[9],
II-55, 56 . . . . . . . . . . . . . . . . . . . . . . . . . . 30

## III. VERBATIM TEXT OF STATUTES, RULES & REGULATIONS

<u>Statutes</u>

**28 U.S.C. §1360.  State civil jurisdiction in action to which Indians are parties.**

(a)  Each of the States listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such State has jurisdiction over other causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State:

State of                        Indian country affected
Alaska................. All Indian country within the State
...

(b)  Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use of such property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall confer jurisdiction upon the State to adjudicate, in probate proceedings or otherwise, the ownerships or right to possession of such property or any interest therein.
...

**43 U.S.C. §1166.  Limitations of suits to annul patents.**
Suits by the United States to vacate and annul any patent shall only be brought within six years after the date of the issuance of such patents.

(viii)

## III. VERBATIM TEXT OF STATUTES, RULES & REGULATIONS
### (continued)

#### Statutes (continued)

**A.S. 09.10.230.  Certain actions relating to real property.**
A person may not being an action for the determination of a
right or claim to or interest in real property unless
commenced within the limitations provided for actions for the
recovery of the possession of real property.  However, a
person may not bring an action to set aside, cancel, annul,
or otherwise affect a patent to land issued by this state or
the United States, or to compel a person claiming or holding
under a patent to convey the land described in the patent or
a portion of the land to the plaintiff in the action, or to
hold the land in trust for or to the use and benefit of the
plaintiff, or on account of any matter, thing, or transaction
which was had, done, suffered, or transpired before the date
of the patent unless the action is commenced within 10 years
from the date of the patent.   In an action upon a new
promise, fraud, or mistake, the running of the time within
which an action may be commenced starts from the making of
the new promise or the discovery of the fraud or mistake.
This section does not bar an equitable owner in possession of
real property from defending possession by means of the
equitable title.  The right of an equitable owner to defend
possession in an action or by complaint for injunction is not
barred by lapse of time while an action for the possession of
the real property is not barred by the provisions of this
chapter.

**A.S. 09.45.010.   Action to quiet title.   A person in**
possession of real property, or a tenant of that person, may
bring an action against another who claims an adverse estate
or interest in the property for the purpose of determining
the claim.

**A.S. 09.45.940.  Lis pendens.**  In an action affecting the
title to or the right of possession of real property, the
plaintiff at the time of filing the complaint, or afterwards,
and the defendant, when affirmative relief is claimed, at the
time of filing the answer, or afterwards, may record in the
office of the recorder of the recording district in which the
property is situated a notice of the pendency of the action,
containing the names of the parties, and the object of the
action or defense, and a description of the property affected
in that district.  From the time of recording the notice, a
purchaser, holder of a contract or option to purchase, or
encumbrancer of the property affected has constructive notice
of the pendency of the action and of its pendency against
parties designated by their real names.

### III. VERBATIM TEXT OF STATUTES, RULES & REGULATIONS

### (continued)

#### Statutes (continued)

**A.S. 22.05.010(a).  Jurisdiction.**  (a) The supreme court has final appellate jurisdiction in all actions and proceedings. However, a party has only one appeal as a matter of right from an action or proceeding commenced in either the district court or the superior court.

**A.S. 22.10.020(a).  Jurisdiction of the superior court.**  (a) The superior court is the trial court of general jurisdiction, with original jurisdiction in all civil and criminal matters, including probate and guardianship of minors and incompetents.  Except for a petition for a protective order under AS 18.66.100-18.66.180, an action that falls within the concurrent jurisdiction of the superior court and the district court may not be filed in the superior court, except as provided by rules of the supreme court.

#### Appellate Rules

**Rule 202(a).**  (a)  An appeal may be taken to the supreme court and a final judgment entered by the superior court, in the circumstances specified in AS 22.05.010.

#### Civil Rules

**Rule 19.  Joinder of Persons Needed for Just Adjudication.**

(a) **Persons to be Joined if Feasible.**  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party.  If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(x)

### III. VERBATIM TEXT OF STATUTES, RULES & REGULATIONS

### (continued)

### Civil Rules (continued)

**Alaska Civil Rule 65(c).  Security.**  No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.  No such security shall be required of the state or a municipality or of an officer or agency thereof, or unless otherwise ordered by the court, in domestic relations actions or proceedings.

The surety upon a bond or undertaking under this rule submits to the jurisdiction of the court and irrevocably appoints the clerk of the court as the surety's agent upon whom any papers affecting the surety's liability on the bond or undertaking may be served.  The surety's liability may be enforced on motion without the necessity of an independent action.  The motion and such notice of the motion as the court prescribes may be served on the clerk of the court who shall forthwith mail copies to the persons giving the security if their addresses are known.

## IV. <u>STATEMENT OF THE CASE</u>

In addition to the partial Statement of the Case set out in Stratman's Opening Brief, the following has also taken place. After the remand to the Interior Board of Land Appeals (IBLA), Omar Stratman (Stratman) attempted to shut down Leisnoi, Inc.'s (Leisnoi) timber operations through filing a Motion for a Preliminary Injunction in <u>Stratman v. Babbitt</u>, Case No. A76-0132 CV (JKS). The Motion was denied for lack of jurisdiction. [Exc.131-135]. The United States Court of Appeals for the Ninth Circuit agreed that there was nothing left in the federal courts and upheld the District Court, denying Stratman's appeal. [Exc. 228-249].

## V. <u>STANDARD OF REVIEW</u>

In reviewing a grant of summary judgment, this Court must determine whether any genuine issue of material fact exists and whether on the established facts the moving party is entitled to judgment as a matter of right. <u>Neilson v. Benton</u>, 903 P.2d 1049 (Alaska 1995).

Whether the superior court had subject matter jurisdiction is a question of law, subject to de novo review by this Court. <u>Hydaburg Co-Op Ass'n. v. Hydaburg Fish.</u>, 925 P.2d 246 (Alaska 1996). Subject matter jurisdiction may be raised at any stage of the litigation. <u>Id.</u>

1

## V.  ARGUMENT

### A.  SUMMARY OF ARGUMENT

Stratman failed in his effort to strip Leisnoi of title to Termination Point.  After litigating for over 20 years against Leisnoi, Stratman failed to appeal from the Final Judgment that declined his prayer to take away Leisnoi's title.  His <u>lis</u> <u>pendens</u> thus has no legal validity.

The federal courts have already considered Stratman's arguments and determined that there is not federal jurisdiction over this suit.  This Court should follow the law of the case doctrine and decline to relitigate the issue.

The United States has disclaimed any interest in Termination Point, and has patented the land to Leisnoi. With full knowledge of Stratman's allegations, the government chose not to sue to annul the patent.  The statute of limitations has lapsed such that any future claims of the United States are time-barred.  Thus, the United States is not an indispensable party.

Even if Stratman could file a new suit or revive his old decertification suit, Stratman lacks standing to sue to annul Leisnoi's land patents because only a party who claims title to the land can sue to annul a land patent.  Stratman admits to having no personal claim of title to the land.

Any new claim against Leisnoi would be barred by the statute of limitations.  Passage of the six year statute of limitations contained in 43 U.S.C. §1166, has the substantive

2

effect of validating the patent and making it unassailable such that title should be quieted.

Stratman's argument at pages 47-54 of his Brief that the underlying decertification action is alive and well is the same misrepresentation theory that Stratman unsuccessfully tried to foist upon the Ninth Circuit. The Ninth Circuit made it clear that his federal suit is over.

This action to quiet title is based upon AS 09.45.010. The lower court had jurisdiction over this action under AS 22.10.020(a) and 28 U.S.C. §1360(a). The federal district court, in remanding this case back to state court, rejected the same failed arguments Stratman raises in his brief to this Court. The district court, the Ninth Circuit, and the lower court, rejected Stratman's contention that there is federal jurisdiction here, and this Court should do the same.

Stratman has slandered Leisnoi's title for many years. Leisnoi determined that the most effective procedure to remove Stratman's clouds on its title is to sue to quiet title. Judge Singleton, in remanding this case, agreed, ruling that "this action in state court to quiet title to certain lands ... is the appropriate procedural device to remove a cloud on the plaintiff's title." [Exc. 125-126].

### B. A QUIET TITLE ACTION IS THE APPROPRIATE PROCEDURAL VEHICLE TO QUIET TITLE TO TERMINATION POINT

Leisnoi is an Alaskan Native corporation that owns a parcel of land on Kodiak Island known as "Termination Point".

Leisnoi has been involved in negotiations with the Exxon Valdez Oil Spill ("EVOS") Trustees, who have expressed a desire to purchase the parcel from Leisnoi, to preserve it as wilderness.

Leisnoi would prefer to sell the area to the EVOS Trustees. If title cannot be quieted, it is unlikely that a sale could take place, and the land will likely be logged.

Stratman has slandered Leisnoi's title to the land, by making public oral and written statements to the effect that Leisnoi does not have clear title. Stratman claims Leisnoi was not properly certified as a Native Village corporation back in the early 1970's, and that Leisnoi must reconvey its land to the United States. Stratman has been litigating with Leisnoi since 1976 trying to decertify Leisnoi as a Native Village corporation. The federal district court sent Stratman's challenge to the Interior Department's Board of Land Appeals, so that he can exhaust his administrative remedies. [Exc. 104]

Stratman wishes to extort land and money from Leisnoi, Inc. [Exc. 215-217]. He has used a variety of unsuccessful schemes to try to accomplish this task. For example, he filed two federal district court lawsuits that unsuccessfully sought to divest Leisnoi of title to its land.

Stratman threatened Leisnoi that if it did not convey all of Termination Point and all of Long Island to him, he would seek an injunction in federal court freezing Leisnoi,

4

Inc.'s bank accounts and barring Leisnoi from conducting timber harvesting [Exc. 215-217]. Stratman proceeded to seek such an injunction, and he lost before United States District Judge Von der Heydt [Exc. 209-212].

Stratman then took an appeal to the Ninth Circuit. Again, he lost [Exc. 228-249]. He had neglected to appeal from the Final Judgment [Exc. 104] declining to divest Leisnoi of its title to Termination Point entered on November 21, 1995.

Stratman also filed and lost a state court action wherein he tried to force Leisnoi to convey to him title to over 17,000 acres of its land. See, Leisnoi v. Stratman, 835 P.2d 1202 (Alaska 1992).

Stratman, ever eager to try to harm Leisnoi and to interfere with its business transactions, now seeks to intermeddle with Leisnoi's sale of a wilderness tract to the EVOS Trustees. By seeking a stay of the quiet title suit for many years[1], Stratman hopes to be able to say to Leisnoi,

---

[1]The hearing before the IBLA administrative law Judge will take place in August 1998. After Stratman loses there, which Leisnoi is firmly convinced will happen, it is expected that Stratman will file a new action in federal court and pursue his vendetta up to the U.S. Supreme Court. The district court analogized initiation of an agency proceeding to the planting of a tree, which takes a great deal of time to grow: "Stratman fears that the agency action, like a tree to be grown from a seed, takes much time. The court agrees. We had best plant the seed so that the tree can begin to grow." [Exc. 103]. Stratman's strategy here is to delay so that he can continue his efforts to extort land and money from Leisnoi. Having failed in his efforts to deprive the corporation of revenue from timber operations, he now is

5

either pay me money and give me land or I will block the sale to the EVOS trustees by delaying the quiet title suit until EVOS has spent all its money elsewhere.

The quiet title action is the correct procedural vehicle to quiet title to the parcel so that the sale can do through without further interference by Stratman, who "admits to having no personal claim of title to the land." [Exc. 128, Appellant's Brief at 35, fn. 18]  The United States District Court, in this suit, in denying Stratman's motion for a stay ruled that "this action to quiet title to certain lands ... is the appropriate procedural device to remove a cloud on the plaintiff's title."  [Exc. 125]

Leisnoi has a number of meritorious defenses to Stratman's arguments on the certification issue.  However, this suit focuses upon Stratman's lacking the ability to challenge a land patent made by the United States.  Although decertification could conceivably prevent further grants of land to Leisnoi, nothing that Stratman does can affect Leisnoi's title to land already patented to it and disclaimed by the United States.

---

trying to deprive the corporation of revenue from the sale of a wilderness parcel to an environmental conservation group despite his public pledge in a full page newspaper advertisement that he would "release this parcel from the lawsuit."  [Exc. 218]

C.  <u>STRATMAN ADMITS TO HAVING NO CLAIM OF TITLE TO THE LAND AND ONLY THE PATENTOR OR A PARTY CLAIMING TITLE TO THE LAND HAS STANDING TO CHALLENGE A LAND PATENT</u>

At paragraph 11 of his First Amended Answer, Stratman stated that "It is admitted that Omar Stratman has no claim of title to Termination Point." [Exc. 128]

Stratman's admission that he has no claim of title to Termination Point is outcome determinative in this action. Persons who have no claim of title to land patented by the government lack standing to sue to annul the patents:

> "**As a matter of federal law, it is well established that the validity of a deed or patent from the federal government may not be questioned in a suit brought by a third party against the grantee or patentee**, e.g. <u>St. Louis Smelting and Refining Co. v. Kemp</u>, 104 U.S. 636, 647, 26 L.Ed. 875 (1887); <u>Van Wyk v. Knevals</u>, 106 U.S. 360, 369 1 S.Ct. 336, 27 L.Ed. 201 (1882).  Simply stated, a plaintiff in such a case has no cause of action. These holdings are supported by a sound reason... Thus, even assuming that the grant to the Sisters was somehow invalid, or that the Sisters violated the terms of the deed in some respect, appellants are in no position to complain.  They are complete strangers to the title..."  (emphasis added).

<u>Raypath, Inc. v. City of Anchorage</u>, 544 F.2d 1019, 1021 (9th Cir. 1976).  <u>See also</u>, <u>Northern Plains Resource Council v. Lujan</u>, 874 F.2d 661, 667 (9th Cir. 1989); <u>Donnelly v. U.S.</u>, 850 F.2d 1313, 1320 (9th Cir. 1988); <u>Lee v. United States</u>, 809 F.2d 1406, 1410-11 (9th Cir. 1987).  "It is not sufficient for one challenging a patent to show that the patentee should not have received the patent; he must also show that he... is entitled to it.' <u>Kale v. United States</u>, 489 F.2d 449, 454 (9th Cir. 1973)".

7

Stratman's arguments in the decertification case are that Leisnoi should not have received its patent. The law is plain. Stratman cannot show that he, personally, is entitled to own Termination Point. He has no claim of title to the land. He cannot sue to nullify the U.S. land patent issued to Leisnoi. Title should be quieted in Leisnoi, enabling the sale to be made to the EVOS Trustees.

D. **STRATMAN CANNOT EVISCERATE THE RULE FORBIDDING PRIVATE PARTIES WHO HAVE NO CLAIM OF TITLE IN THE LAND FROM SUING TO NULLIFY THE LAND PATENT BY INVOKING THE COMMON LAW DOCTRINE OF CONSTRUCTIVE TRUST**

Stratman tries to avoid the rule prohibiting private parties who have no claim of title to land patented by the United States from suing to challenge the patent, by purporting to invoke the equitable doctrine of "constructive trust." Stratman argues that Leisnoi should not have received its land, and he claims he can sue to impose a constructive trust requiring Leisnoi to reconvey the property to the United States (Stratman's brief at 54-62).

Stratman's theory has no support in the law. A common law constructive trust cannot be fashioned upon conveyances under the Alaska Native Claim Settlement Act (ANCSA). The federal courts have ruled that ANCSA is a comprehensive federal statute that occupies the field, and was intended to resolve claims to the land, such that common law constructive trust theories cannot supplement the statute.

8

> The Donnellys claim that the disputed lands were improperly conveyed by the United States to Eklutna, and therefore should be considered held by Eklutna in constructive trust.... For the reasons stated in <u>Lee v. United States</u>, 629 F.Supp. at 728-29, this common law claim fails because it is preempted by ANCSA.

<u>Donnelly v. United States</u>, 850 F.2d 1313, 1321 (9th Cir. 1988).

> Congress intended ANCSA to 'occupy the field' in this area and to preempt any common-law theories ... that individuals might assert ... [A]ny attempt to supplement these provisions with common law remedies, such as the constructive-trust theory advanced by the plaintiffs, would represent an attempt to <u>alter</u> the comprehensive legislative scheme adopted by Congress in ANCSA, rather than to '<u>fill a gap</u>' that Congress has not occupied, and would therefore be an impermissible application of federal common law. (emphasis in original.)

<u>Lee v. United States</u>, 629 F.Supp. 721, 729 (D.Alaska 1985) (Fitzgerald, J.) <u>aff'd</u>, 809 F.2d 1406 (9th Cir. 1987).[2]

Title should therefore be quieted in Leisnoi. Stratman can neither sue to annul the land patent, nor fashion a common law constructive trust upon the ANCSA conveyance of Termination Point to Leisnoi. Stratman presents no new legal theories or persuasive rationale for reversing the lower

---

[2]The ANCSA statute contains no provision for constructive trusts to be fashioned upon conveyances made under the Act, and any attempt to do so would be antithetical to the statutory purposes of the Act, to remedy the "immediate need for a fair and just settlement of all claims by Natives and Native groups of Alaska", and, further, would thwart the Congressional finding and declaration of polity that "the settlement should be accomplished rapidly, with certainty, in conformity with the real economic and social needs of Natives, without litigation..." 43 U.S.C. §1601.

court's decision quieting title.

E.  **THE STATUTE OF LIMITATIONS HAS LAPSED ON ANY SUIT TO ANNUL THE PATENT TO TERMINATION POINT**

Another reason title should be quieted in Leisnoi is the statute of limitations has lapsed on any suit to annul the land patent.  The United States concedes this:

> Stratman could not acquire the 18,000 acres; the United States could not annul the conveyances already made ... The United States may bring a suit to cancel a patent in cases where land has been conveyed because of fraud and mistake, but 43 U.S.C. section 1166 provides that such suits must be brought within six years after the date of issuance of the patent ... Since Stratman's action put the government on notice of possible fraud by the time this case was dismissed at the latest, no tolling would be available to the government. [Exc. 182].

Even if Stratman were successful in decertifying Leisnoi as a Native village corporation under ANCSA, Leisnoi would retain title to its property as an Alaskan corporation in good standing[3].  Leisnoi could lose certain privileges enjoyed by village native corporations and possibly not be issued any new land patents; however, 43 U.S.C. §1166 ensures that Leisnoi will not lose the land patented to it.

Stratman argues that he filed suit in 1976 so the statute of limitations does not apply.  Stratman, however,

_____

[3]Leisnoi was incorporated as an Alaskan corporation on April 20, 1973 [Exc.169] prior to being certified as a village native corporation under ANCSA [Exc. 170].  If the certification were revoked, Leisnoi would simply become an ordinary Alaska corporation.  The United States has admitted that the six year statute of limitations in which the government could sue has lapsed [Exc. 183-184], and Leisnoi will continue to own the land.

cannot and could not sue to annul the land patent, since
Stratman does not have a claim to title of Termination Point.
See, Raypath, supra.    Stratman's suit did not toll the
statute of limitations which requires that "Suits by the
United States to vacate and annul any patent shall only be
brought within six years after the date of the issuance of
such patents."  43 U.S.C. §1166.  No such suit was filed.

The United States agrees with Leisnoi that Stratman
cannot sue to cancel the land patent. He is a stranger to
title, and the United States cannot sue to cancel the land
patent because the statute of limitations has lapsed:

> Stratman suggests that the statute of
> limitations does not apply to him because his
> lawsuit was pending before the patents issued. At
> oral argument, his counsel stated that '[t]here is
> noting in 43 U.S.C. 1166 that should bar this
> claim -- nothing.  That's for folks that show up
> late.  We sued these people about this problem
> before they got conveyance of the land." ... The
> problems with Stratman's theory are myriad. First
> of all, the timing of Stratman's suit is
> irrelevant, since he cannot sue to cancel the
> patents because he has no claim to the land. Lee
> v. United States, 809 F.2d at 1410-1411; Northern
> Plains Resource Council v. Lujan, 874 F.2d at 667.
> Only the United States would have the ability to
> sue to cancel Leisnoi's patents, and the United
> States is time-barred.    Stratman cannot explain
> how his lawsuit against the United States and
> Leisnoi would prevent Leisnoi's patents from
> becoming perfected as against the United States,
> nor how Stratman's lawsuit would enable the United
> States to file suit to cancel Leisnoi's patents 10
> or more years after they were issued.    If
> anything, the pendency of Stratman's lawsuit
> prevents the United States from bringing a suit to
> cancel the patents, since the suit put the United
> States on notice of the alleged invalidity of the
> patents. [Exc. 222-223]

**F.  <u>LEISNOI'S PATENT TO TERMINATION POINT HAS BEEN VALIDATED</u>**

Leisnoi's patent to Termination Point has been validated.  The failure of the patentor to sue to annul the patent within the statute of limitations validated Leisnoi's patent.  The United States Supreme Court has held that 43 U.S.C. §1166, and its statutory predecessors "applied to patents even if void" and that the limitations statute "not merely took away the remedy but validated the patent." <u>Louisiana v. Garfield</u>, 211 U.S. 70, 77 (1908).

> In form the statute only bars suits to annul the patent. But statutes of limitation, with regard to land, at least, which cannot escape from the jurisdiction, generally are held to affect the right, even if in terms only directed against the remedy. **This statute must be taken to mean that the patent is to be held good** and is to have the same effect against the United States that it would have had if it had been valid in the first place.  (emphasis added) (citations omitted).

<u>United States v. Chandler-Dunbar Co.</u>, 209 U.S. 447, 450 (1908).

This Court has ruled that a patent becomes "unassailable" when the 43 U.S.C. §1166 statute of limitations expires, even if the patent allegedly should not have been issued in the first place:

> Although the issuance of the patent was improper because the land was not subject to homesteading due to its prior withdrawal, once that six-year statute of limitations for challenging a patent specified in 43 U.S.C. section 1166 expired the patent became unassailable. <u>United States v. Chandler-Dunbar Water Power Co.</u>, 209 U.S. 447, 450, 28 S.Ct. 579, 580, 52 L.Ed. 881, 887 (1908).  In this regard the Supreme Court of the United States has explained, '[i]f the act were confined to valid patents it

12