**Exhibit D**

**Stratman's Reply Brief filed in Alaska Supreme Court appeal in <u>Stratman v. Leisnoi</u>, 969 P.2d 1139 (Alaska 1998)**

IN THE SUPREME COURT FOR THE STATE OF ALASKA

| | | |
|---|---|---|
| Omar Stratman, | ) | |
| | ) | |
| Defendant/Appellant, | ) | Supreme Court |
| | ) | Case No. S-08103 |
| vs. | ) | |
| | ) | Superior Court |
| Leisnoi, Inc., | ) | Case No. 3AN 96-00502 CI |
| | ) | |
| Plaintiff/Appellee. | ) | |
| ——————————————— | ) | |

APPEAL FROM THE SUPERIOR COURT,
THIRD JUDICIAL DISTRICT AT ANCHORAGE
THE HONORABLE STEPHANIE E. JOANNIDES, PRESIDING

———————————

**REPLY BRIEF**

———————————

LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 N Street, Suite 202
Anchorage, Alaska  99501
(907) 277-9306
Michael J. Schneider (7510088)
Eric R. Cossman (8812212)

Attorneys for Appellant

Filed in the Supreme Court
of the State of Alaska this
_14TH_ day of April, 1998.

_(signature)_

Deputy Clerk

# I. TABLE OF CONTENTS

I.    TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

II.   TABLE OF CASES, STATUTES & AUTHORITIES . . . . . . . . . . . . .    ii

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

    B.    Stratman's decertification claim is still pending in federal
       District Court for purposes of abatement and/or stay of
       Leisnoi's action . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

## II.  TABLE OF CASES, STATUTES & AUTHORITIES

### Cases

American Hawaii Cruises v. Skinner,
893 F.2d 1400 (D.C.Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

In re Mackay,
416 P.2d 823 (Alaska 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Barrows,
404 F.2d 749 (9th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### Statutes

5 U.S.C. §§ 701-706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1292(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1360(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2409a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### Court Rules

Appellate Rule 210(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### Other Authorities

Moore, Moore's Federal Practice . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## III.   ARGUMENT

### A.   Introduction

Leisnoi's Appellee's Brief repeats the same arguments Leisnoi presented to the trial court.   It also maintains the same virulent tone that characterized its trial court memoranda.  Despite its vitriol, Leisnoi fails to address any of the arguments presented in Stratman's Appeal Brief.[1]

Leisnoi fails to address any of the jurisdictional arguments presented in Stratman's Appeal Brief.  Specifically, it fails to address: 1)  how the state court has jurisdiction, under the federal Administrative Procedure Act ("APA"), to adjudicate Stratman's claim against the Secretary of Interior;  2) how the state court has jurisdiction, under 28 U.S.C. § 1360(a), to adjudicate Stratman's challenge to the Secretary of Interior's administration of ANCSA; or 3) how the state court has jurisdiction, under the federal Quiet Title Act, to quiet title against a claim that seeks reconveyance of the Termination Point lands to the United States.

Leisnoi also fails to address Stratman's argument that the District Court has the power, under the APA, to order the reconveyance of the Termination Point lands to the federal government under Stratman's original claim for relief in the decertification action; and that Stratman need not bring a new action, or establish any additional standing, to

---

[1] It should also be pointed out that Leisnoi has included a number of documents in its Excerpts of Record that were not submitted to the trial court, and are therefore not in the record on appeal, in violation of Appellate Rule 210(c).

challenge or vacate the Termination Point patent.

Most of Leisnoi's arguments regarding these issues were addressed in Stratman's Appeal Brief, and will not be repeated here. Instead, Stratman will take this opportunity to fully address Leisnoi's contention that the District Court's judgment of remand constituted a dismissal of Stratman's decertification action.

B.    <u>Stratman's decertification claim is still pending in federal District Court for purposes of abatement and/or stay of Leisnoi's action</u>

As a preliminary matter, it should be emphasized that the issue of whether Stratman's decertification action was dismissed by the District Court relates only to whether Leisnoi's action should have been abated or stayed by the trial court pending the District Court's determination of Stratman's decertification claim. It does not relate to, or affect, the issue of state court jurisdiction to adjudicate Stratman's decertification claim. Leisnoi's action did not seek to quiet title against Stratman's decertification claim on the ground that it had been dismissed by the District Court, and that Stratman was barred by res judicata from pursuing it. Instead, it assumed that Stratman's claim was not barred, and sought to quiet title by adjudicating its merits. The trial court also entered judgment quieting Leisnoi's title based on its determination of the merits of Stratman's claim. Even assuming that Stratman's decertification claim had been dismissed, the state court still lacked jurisdiction to determine its merits.

Leisnoi persists in referring to the District Court's judgment of November 21, 1995 remanding Stratman's case to IBLA as a "Final Judgment," even though it was

2

never designated as a "final" judgment by either the District Court, the Ninth Circuit, or the judgment itself.

As discussed in Stratman's Appeal Brief, despite its entry as a formal "judgment," the judgment of remand was merely an interlocutory order, remanding the case to IBLA for purposes of satisfying the doctrines of exhaustion of remedies and primary jurisdiction, in accordance with the District Court's orders of September 13, 1995 and November 21, 1995. See Stratman's Appeal Brief at 47-52. As such, the judgment of remand was neither a "final judgment" nor a dismissal of Stratman's action, and the District Court still retains jurisdiction to determine the action after the completion of the agency proceedings. As such, the decertification action must still be regarded as "pending" in federal District Court for purposes of abatement and/or stay of Leisnoi's action. See Stratman's Appeal Brief at 52-53.

Leisnoi asserts that the Ninth Circuit and the District Court have both issued orders holding that the judgment of remand constituted a dismissal of Stratman's action, and that Stratman is barred from relitigating their determination.

Additional background is necessary in order to understand the nature and basis of these orders.

The Ninth Circuit appeal relates to a motion for a preliminary injunction brought by Stratman to enjoin Leisnoi from logging the Termination Point lands pending the

3

determination of the decertification action.[2]  The motion was filed on March 24, 1995,

soon after the case was reopened.  The motion was denied on April 18, 1995 by Judge

von der Heydt, prior to his retirement and replacement by Judge Singleton.

Stratman appealed the denial of the preliminary injunction to the Ninth Circuit.[3]

While the appeal was pending, the proceedings in the district court continued.  As set

forth in Stratman's Appeal Brief, Judge Singleton subsequently ruled on the parties' five

"threshold" motions, and entered judgment remanding the matter to IBLA.  Stratman's

Appeal Brief at 12-14.

The judgment of remand was subsequently raised as an issue in the Ninth Circuit

appeal by the Government and Leisnoi.  It was first raised on the eve of oral argument,

in a letter from the Government to the Clerk of the Ninth Circuit.[4]  The letter advised

the Clerk that the district court had entered a judgment remanding the case to IBLA, and

stated that "[i]t appears that there is no longer an underlying case in which relief can be

_____

[2] Leisnoi began logging the Termination Point lands in 1993; its logging operations
had generated over $2,422,000 in revenues during its 1994 fiscal year.

[3] The appeal was an interlocutory appeal as of right under 28 U.S.C. § 1292(a)
(authorizing interlocutory appeal from the denial of a motion for a preliminary
injunction).

[4] Although the judgment of remand was entered on November 21, 1995, the issue
was not raised to the Ninth Circuit until the Government's letter to the Clerk on March
26, 1996.  The Government's letter to the Clerk was dated March 26, 1996, however,
Stratman was not provided with a copy until it was faxed to him on Friday, April 5,
1996, one business day before the Ninth Circuit's oral argument on Monday, April 8,
1996.  Stratman's counsel had no opportunity to research or brief the issue before
travelling to Seattle for the oral argument.

granted." The letter cited no authority for this proposition, nor did any of the parties cite any authority at oral argument.

At oral argument, the Ninth Circuit panel directed the parties to focus on the jurisdictional issue raised by the Government's letter. Leisnoi argued that the judgment constituted a "final judgment" and had fully disposed of the case. Stratman argued that the action was not terminated, and requested an opportunity to brief the issue.

The panel focused its inquiry on whether the district court had remanded the "entire case" to IBLA, or only part. The panel suggested that it telephone Judge Singleton to determine his intent, and called a recess. The panel announced, following the recess, that it had spoken to Judge Singleton by telephone and had been advised that it was "his intention was to send the entire case back . . . and to await the agency decision." Leisnoi's Excerpts at 245.[5] The panel then advised the parties that it intended to dismiss the appeal as moot. Id.

In the interim between oral argument and the issuance of the Court's written decision dismissing the appeal, Stratman researched and briefed the issue. On April 22, 1996, Stratman submitted a Statement of Supplemental Authorities to the Court, and filed a concurrent Motion to Accept Supplemental Briefing.

---

[5] Unlike many of the documents contained in Leisnoi's Excerpts of Record, the transcript of the Ninth Circuit oral argument was submitted to the trial court (as an exhibit at R. 367), and is properly before this Court as part of the record on appeal.

On April 24, 1996, without having considered Stratman's supplemental briefing,[6]
the Court issued a memorandum decision dismissing the appeal as moot:

> Plaintiff Omar Stratman appealed the denial of his motion for a preliminary
> injunction in this action originally brought under the Alaska Native Claim
> Settlement Act, 43 U.S.C. § 160.  After this appeal was filed, the district
> court, on November 21, 1996, entered judgment and remanded this action,
> in its entirety, to the Interior Board of Land Appeals.  We, therefore,
> dismiss this appeal as moot.

Leisnoi's Excerpts at 247-48 (emphasis in original).[7]

Stratman subsequently filed a Petition for Rehearing and Suggestion for Rehearing
En Banc, but his petition was denied on June 3, 1996.

Contrary to Leisnoi's assertions, the Ninth Circuit did not hold that the judgment
of remand constituted a "final judgment" or had dismissed Stratman's action.  Nor did
it hold that the District Court did not retain jurisdiction to determine the action after the
completion of the agency proceedings.  It merely held that, after it had remanded the
case, the District Court no longer had jurisdiction to issue the requested preliminary
injunction.  The only issue before the Ninth Circuit was whether the District Court had
jurisdiction during the pendency of the remanded agency proceedings to issue the
requested preliminary injunction.  The Ninth Circuit did not hold that the District Court
did not retain jurisdiction to adjudicate Stratman's action-- or to issue the requested

---

[6] Stratman's motion for supplemental briefing was denied by the Ninth Circuit, by
separate order, on May 6, 1996.

[7] This decision was also submitted to the trial court (as an exhibit at R. 367), and is
also properly before this Court as part of the record on appeal.

6

preliminary injunction-- <u>after</u> the completion of the agency proceedings. The Ninth

Circuit's decision is consistent with the rule that the exercise of a district court's

jurisdiction is suspended or stayed until after the completion of remanded agency

proceedings. The Ninth Circuit's decision is erroneous, in Stratman's view, only to the

extent that it held that the District Court's jurisdiction to issue preliminary injunctive

relief is similarly suspended until after the completion of the agency proceedings.

Relevant caselaw holds that a district court can grant preliminary injunctive relief, after

remanding a case for further agency proceedings, in order to prevent irreparable harm

during the pendency of the agency proceedings. <u>See</u> <u>United States v. Barrows</u>, 404 F.2d

749, 750-51 (9th Cir. 1968). Stratman, however, was not afforded an opportunity to

brief this issue or present this authority to the Ninth Circuit.

In any event, the Ninth Circuit did <u>not</u> hold that the judgment of remand

constituted a final judgment or a dismissal of Stratman's action, or that the District Court

did not retain jurisdiction to determine the action after the completion of the agency

proceedings. In fact, the panel's remarks at oral argument indicate that it did regard the

District Court as having retained jurisdiction. As noted above, the panel announced that

it had spoken to Judge Singleton by telephone and was advised of his intention to remand

the entire case "and to await the agency decision." Leisnoi's Excerpts at 245.

Leisnoi correctly notes, however, that in an order issued subsequent to the

judgment of remand, the District Court indicated that it <u>had</u> intended to dismiss

Stratman's action.

7

This order relates to the District Court's denial of a second motion for a preliminary injunction brought by Stratman. Following the Ninth Circuit's dismissal of his appeal, Stratman filed a new motion for a preliminary injunction in the District Court. In his motion, Stratman argued that the judgment of remand did not dismiss his action, and that the District Court still retained jurisdiction over the case-- including the jurisdiction to issue the requested preliminary injunction.

On September 25, 1996, the District Court entered an order denying Stratman's motion. Stratman's Excerpts at 131. In its order, the court stated that it had intended the judgment of remand to dismiss Stratman's action. However, the court stated that the dismissal was without prejudice, and that the court still intended to determine Stratman's claim after the completion of the agency proceedings, albeit in a newly filed action. The court's order states, in part:

> [T]he Court "remanded" the case to the Agency to allow the parties an evidentiary hearing to determine, once, for all, and forever, whether Leisnoi is real or imaginary, and if imaginary, whether Leisnoi is improvidently-allocated land from the federal government.
>
> Had this decision been made twenty years ago when I was on the Alaska Superior Court, I would have stayed further proceedings and retained jurisdiction. In those days many of my cases were inactive, benfiting or suffering from indefinite postponements stipulated to by the attorneys, if not always the parties. The enactment of the federal Civil Justice Reform Act of 1990 heralded a new policy in federal courts. Today, in this Court, no case is allowed inactivity. Every case should be expeditiously moving toward settlement, involuntary dismissal, or trial. As a result, it is not my practice to exercise discretion in favor of postponements, stays, continuances, or extensions, unless other alternatives are unavailable. Where the parties indicate that some action by some other body is necessary to bring a case to completion, it is my practice to dismiss without prejudice

8

to refiling when the other action is completed.    The only obstacle, intervening statutes of limitation, is assumed subject to equitable tolling, while all i's are dotted and t's crossed.

It was never my expectation that this case would finally be resolved at the administrative level.  Once an agency decision was reached, I assumed the parties would file a new action and return to federal court.  Nor have I ever expected that some other judge would ultimately resolve this case.  In the Court's practice, when old dogs bark anew they are returned, even if bearing a new pedigree, to the kennel from which they escaped. . . .

In conclusion, the dismissal in this case was without prejudice to a new action after the Agency reaches a decision.    It was, nonetheless, a dismissal.    The whole case was remanded to the Agency to permit exhaustion of all available administrative remedies and the exercise of primary jurisdiction on any question about which the Agency's expertise would be helpful.  Consequently, the Court has no action pending before it which would support a motion for a preliminary injunction. . . .

Stratman's Excerpts at 132-33 (footnote supplied).

Despite the District Court's order, Stratman's decertification claim must still be regarded as "pending" in District Court for purposes of abatement and/or stay of Leisnoi's action, for several reasons.

First, the District Court's after-the-fact expression of its subjective intent to dismiss the action cannot convert the judgment of remand into a judgment of dismissal.  As noted in Stratman's Appeal Brief, a district court's own label or classification of its disposition cannot control its classification or effect.  See Stratman's Appeal Brief at 49 n. 24.  The judgment of remand must still be regarded as an interlocutory order, under which the District Court retained jurisdiction to determine the action after the completion of the remanded proceedings.  To the extent that this differs from the view expressed in the

District Court's subsequent order, the District Court's order is, in Stratman's view, erroneous.

However, the District Court has not yet made a final appealable decision on this issue, and might very well change its view and reopen the original decertification action after the completion of the agency proceedings. The court's order of September 26, 1996 was only an interlocutory order denying Stratman's motion for a preliminary injunction. As such, it is not res judicata, and remains subject to revision at any time until entry of final judgment.[8]  6 Moore, Moore's Federal Practice, ¶54.28[2] at 54-143, ¶ 54.42 at 54-287. A final, appealable decision on this issue will be made only after the completion of the agency proceedings, when Stratman moves to reopen the proceedings in the original action.  If, at that time, the District Court denies Stratman's motion, its order will then be appealable under the "death knell doctrine" as an order "effectively [throwing Stratman] out of court".  19 Moore, Moore's Federal Practice, ¶ 202.09 at 202-34 to 202-35.  The classification and effect of the judgment of remand will then be reviewable on appeal by the Ninth Circuit.  However, at that time, the District Court might also choose to grant Stratman's motion, and reopen the proceedings in the original action.[9]

---

[8] For this reason, the District Court's order is not entitled to res judicata effect regarding the operation and effect of the judgment of remand, as Leisnoi asserts.

[9] The District Court's order indicates that the court was motivated by a desire to avoid having an inactive case on its docket pending the completion of the remanded proceedings.  That will no longer be a consideration after the agency proceedings are completed.  At that time, the court might very well grant Stratman's motion, and resume the proceedings in the original action rather than require him to file a new action.

For this reason, a determination by the state court that the judgment of remand constituted a dismissal of Stratman's action, and that jurisdiction was not retained by the District Court, would unnecessarily interfere with the federal court proceedings. Such a determination might be accorded res judicata in the subsequent federal court proceedings, and might prevent the District Court from reconsidering its position and reopening the proceedings in the original action after the completion of the agency proceedings. It might also affect a subsequent Ninth Circuit appeal should the District Court deny Stratman's motion to reopen the proceedings. For this reason, the trial court should have stayed Leisnoi's action, at least for the limited purpose of allowing this issue to be determined by the federal court itself.

However, even assuming that the judgment of remand constituted a dismissal of Stratman's original action, Stratman's decertification claim should still be regarded as "pending" in District Court for purposes of abatement and/or stay of Leisnoi's action. Although the District Court indicated in its order of September 25, 1996 that it intended to dismiss Stratman's action, it also indicated that the dismissal was without prejudice, that it was not a final determination of the merits of Stratman's claim, and that the court still intends to decide Stratman's claim after the completion of the agency proceedings, albeit in a newly filed action. The court also noted that all limitations periods that might otherwise bar the new action would be equitably tolled. Although Stratman believes that this intended scheme is erroneous, it is still, for all practical purposes, the functional equivalent of an order reserving jurisdiction to decide Stratman's action after the

11

completion of the agency proceedings. Either way, the District Court is going to determine Stratman's decertification claim after the completion of the agency proceedings. Consequently, Stratman's claim should still be considered "pending" in District Court for purposes of abatement and/or stay of Leisnoi's action in accordance with this Court's pragmatic construction of the term "pending" in In re Mackay, 416 P.2d 823, 848-49 (Alaska 1964). See Stratman's Appeal Brief at 52-53.

This view is supported by case law. Where a district court remands a case for additional agency proceedings, but dismisses the action, the dismissal is regarded as an interlocutory order, and not a final appealable judgment, and is treated as though the court had retained jurisdiction. In American Hawaii Cruises v. Skinner, 893 F.2d 1400 (D.C.Cir. 1990), the Court held that the district court's dismissal of the action after remanding the case for additional agency proceedings was only an interlocutory order, and could not be appealed. The Court noted that a remand order is not a final appealable decision, and held that the fact that the district court formally dismissed the action rather than reserving jurisdiction over it did not change the character of its disposition. The Court held that the dismissal was not a final judgment, and therefore had no preclusive effect, and that the parties could still seek review of the district court's remand order in an appeal from a new action brought after the completion of the remanded agency proceedings:

> AHC and AMOS resist dismissal first on the ground that the district court
> rendered a final order within the meaning of 28 U.S.C. § 1291 by
> dismissing their civil actions. It is plain, however, that the district court

12

did not resolve the controversy; its order remanding the matter with instructions to the Coast Guard to engage in reasoned decisionmaking surely did not end the litigation on the merits. See Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); Kappelmann v. Delta Airlines, Inc., 539 F.2d 165, 168 (D.C.Cir.1976). As we recently stated:

> The courts of appeals that have considered the question . . . have uniformly held that, as a general rule, a remand order is "interlocutory" rather than "final," and thus may not be appealed immediately. . . . In so holding, the courts have generally pointed out that a party claiming to be aggrieved by final agency action can [return to court], if still aggrieved, at the conclusion of the agency proceedings on remand.

Occidental Petroleum Corp. v. SEC, 873 F.2d 325, 329-30 (D.C.Dir.1989) (citations omitted).

It is true that the district court formally dismissed the complaints and so cleared its docket. But, as the First Circuit noted, when the district court's order leaves the core dispute unresolved, and simply turns it back for further proceedings by the agency, after which it "may well return [to court] again," the district court's order is interim, not final, in character. Qualification for court of appeals review, in such circumstances, does not turn on whether the district court "remanded but retained jurisdiction" pending further agency consideration, or remanded and simultaneously dismissed the civil action. See Mall Properties, Inc. v. Marsh, 841 F.2d 440, 441 & n. 2 (1st Cir.1988). . . .

No preclusive effect attends the district court's decision, because preclusion applies only to a final judgment. See RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982); Mall Properties, 841 F.2d at 443 n. 3. A party not satisfied with the Coast Guard's decision after remand can come back to the district court with a challenge to the agency's reconsidered decision. If still aggrieved, a party could next appeal to this court seeking review of any still-disputed part of the district court's remand order as well as any ruling made by the district court subsequent to the remand.

Id. at 1402-03 (emphasis in original, footnote omitted).

13

Consequently, even if the district court's judgment of remand were regarded as a dismissal of Stratman's action, it was still not a "final judgment," as asserted by Leisnoi, and did not terminate Stratman's claim. Stratman's claim will still be determined by the District Court after the completion of the agency proceedings in a new action, which is regarded as a continuation of the original action for purposes of res judicata and appeal. Stratman's decertification claim should therefore be regarded as still "pending" in District Court.[10]

One final point bears mention. In its Appellee's Brief, Leisnoi discloses the substance of confidential settlement negotiations between Leisnoi and Stratman in March of 1995. These negotiations were the subject of an express confidentiality agreement between Stratman and Leisnoi. [R. 1296-97]. Leisnoi's counsel has breached that agreement by divulging the substance of these negotiations not only to this Court and the trial court, but also to the federal District Court and the Ninth Circuit on a number of occasions. Such unethical behavior should not be tolerated by this Court.

---

[10] If Stratman's decertification claim is not regarded as "pending" in District Court during the period of the dismissal, it is because it is not yet ripe, having been remanded for further agency proceedings, and any action filed in District Court would be premature for failure to exhaust administrative remedies. By the same token, any determination of Stratman's claim in Leisnoi's action should have also been regarded as premature, and should have therefore been dismissed or stayed by the trial court pending the completion of the agency proceedings. If, after the completion of the agency proceedings, the District Court proceedings were resumed, then the trial court should have abated or stayed Leisnoi's action pending their completion.

## IV.    CONCLUSION

This action was prompted by Leisnoi's desire to quiet title to Termination Point in order to allow its sale to the EVOS Trustees.   Although Stratman remains ready and willing to cooperate with Leisnoi to allow the sale of Termination Point to the EVOS Trustees, he cannot allow Leisnoi to obtain a judgment against him based on a determination of the merits of his decertification claim.   To do so would allow Leisnoi to use this action to bootstrap a judgment against him in the federal court proceedings. This appears to have been Leisnoi's intent all along.

For the reasons stated herein and in Stratman's Appeal Brief, this Court should reverse the superior court's entry of summary judgment, and remand with instructions to dismiss the action, or stay it pending final determination of Stratman's decertification action.

DATED at Anchorage, Alaska this ⟨̲1̲3̲t̲h̲⟩ day of April, 1998.

LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
Attorneys for Appellant Omar Stratman

By _____
         Michael J. Schneider

By _____
         Eric R. Cossman

15