Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LEISNOI, INC., KONIAG, INC., and ) | |
| DIRK KEMPTHORNE, Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| _____) | |
| ) | |
| KONIAG, INC., ) | |
| ) | |
| Counter-claimant, ) | Case No.: 3:02-cv-0290 (JKS) |
| ) | |
| v. ) | |
| ) | |
| OMAR STRATMAN, ) | |
| ) | |
| Counter-claimed ) | |
| Defendant. ) | |
| _____) | |

**STRATMAN'S OPPOSITION TO LEISNOI'S MOTION TO DISMISS AT DOCKET NO. 107 (LACK OF JUDICIAL OR ADMINISTRATIVE STANDING)**

# **TABLE OF CONTENTS**

A.   Stratman was already determined to have judicial standing
     to bring this action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.   Stratman need not establish that he has "administrative standing"
     in order to maintain his APA action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.   Stratman satisfies the requirements for "administrative standing." . . . . . . . . . . 3

D.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

i

This opposition responds to Leisnoi's "12(b)(1) Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction re: Lack of Standing." Leisnoi's motion and supporting memorandum appear, respectively, at Docket Nos. 107 and 108.

Leisnoi argues that Stratman lacks judicial and administrative standing to pursue his APA challenge. As discussed below, Leisnoi's contentions must be rejected.

### A. **Stratman was already determined to have judicial standing to bring this action**.

Leisnoi asserts that Stratman failed to present any evidence or testimony in the remanded agency proceedings to demonstrate that he was a recreational user of the lands selected by Leisnoi. Leisnoi argues that, because review of the Department's decision in the remanded proceedings is limited to the agency's record, Stratman's failure to establish that he was a recreational user of Leisnoi's lands in the remanded now establishes that he lacks judicial standing to bring this action. Docket No. 108, pp. 2-4.

Leisnoi is confused about the nature of this action. As set forth in Stratman's combined opposition to Leisnoi's motions to dismiss at Dockets 109, 107 & 118-1, this action constitutes a continuation of the proceedings in Stratman's original APA action in Stratman I.[1] Docket 162, p. 9-22. Because Stratman was already determined to have standing to bring his APA action in Stratman I, he need not re-establish his standing in order to bring the current action, which only seeks to resume the judicial proceedings on

---

[1] Stratman's combined Opposition to Leisnoi's Motion to Dismiss at Docket No. 109 (Lack of Subject Matter Jurisdiction, Statute of Limitations), and Opposition in Part to Leisnoi's Motion to Dismiss at Docket No. 107 (Standing) and Motion to Dismiss at Docket No. 118-1 (Administrative Finality), has been filed at Docket 162. As noted in the opposition, it responds, in part, to Leisnoi's contention in this motion that Stratman's action is barred for lack of judicial standing.. The relevant discussion in Stratman's opposition is also hereby referenced and incorporated in this opposition.

his original APA claim now that the remanded agency proceedings have been completed.

Leisnoi is also confused about the nature of the remanded agency proceedings, and the Department of Interior's limited role in deciding the issues presented in Stratman's APA action. Whether Stratman had judicial standing to bring his APA action was a matter for the Court to decide, not the Department of Interior. In this case, Stratman was already determined to have standing to bring his APA action, by the Ninth Circuit in Stratman v. Watt, 656 F.2d 1321 (9th Cir. 1981). Stratman had no obligation to present any evidence at the administrative hearing to re-establish his standing. Nor was this among the issues remanded to IBLA for its determination under the terms of the District Court's mandate in Stratman I. IBLA was bound by the Court's determination that Stratman had standing to pursue his APA challenge, as is Leisnoi, under the doctrine of the law of the case, and had no authority to reconsider or redetermine this issue in the remanded agency proceedings. Hydrick v. Hunter, 466 F.3d 676, 687 (9th Cir. 2006); 2 Koch, Administrative Law and Practice, § 831 (2d ed. 1997).

### B. Stratman need not establish that he has "administrative standing" in order to maintain his APA action.

Leisnoi argues that Stratman lacked administrative standing to challenge Leisnoi's eligibility in the remanded agency proceedings. It argues the Department's regulations require that a protestant of a village eligibility determination must have a "property interest" that would be affected by the village's eligibility. Docket No. 108, pp. 4-9.

Stratman was not required to establish that he had "administrative standing" in order to challenge Leisnoi's eligibility in the remanded agency proceedings. The remanded agency proceedings were conducted pursuant to the District Court's order of remand in

<u>Stratman I</u>.  They were not an original proceeding on a village eligibility appeal, and Stratman did not have to satisfy the administrative standing requirements for bringing such appeals.  As noted above, the Ninth Circuit has already determined that Stratman has judicial standing to pursue his judicial challenge to Leisnoi's eligibility. Consequently, Stratman was already determined to have standing to participate in IBLA proceedings, which were ordered by this Court as an adjunct to the judicial proceedings in Stratman's action.

**C.      Stratman satisfies the requirements for "administrative standing."**

Even if Stratman were required to establish "administrative standing" in order to pursue his challenge to Leisnoi's eligibility, Stratman satisfies the requirements for such standing.

Leisnoi asserts that, under 43 C.F.R. § 4.410(e), Stratman must establish that he has a "property interest in land affected by the decision" in order to have standing to challenge Leisnoi's eligibility.[2]

Leisnoi confuses the requirements for standing to appeal decisions regarding ANCSA *land selections*, provided in 43 C.F.R. § 4.410(e), with the requirements for standing to appeal village eligibility determinations, provided in 43 C.F.R. § 4.410(a).

43 C.F.R. § 2651.2(9) provides that "any interested party" can protest a village eligibility decision issued by the BIA Area Director:

> (9) *Protest to eligibility determination*.  Any interested party may protest a decision of the Director, Juneau Area Office, Bureau of Indian Affairs, regarding the eligibility of a Native village for land benefits under the provisions of sections

---

[2] Docket No. 108, pp. 5-12.

3

> 11(b)(3)(A) and (B) of the Act by filing a notice of protest with the Director, Juneau Area Office, Bureau of Indian Affairs, within 30 days from the date of publication of the decision in the FEDERAL REGISTER . . . .

Id.

Appeals to the Board from a final decision of the BIA Area Director are governed by 43 C.F.R. § 2651.2(5). At the time of the BIA Area Director's original village eligibility determinations, § 2651.2(5) provided that appeals from his decisions were to be made to the "ad hoc Board," and were to be governed by the regulations provided in 43 C.F.R. part 4, subpart G. At that time, 43 C.F.R. § 4.700 provided for appeals to the Board by any "aggrieved party":

> Any party aggrieved by an adjudicatory action or decision of a Departmental official relating to rights or privileges based upon law in any case or proceeding in which Departmental regulations allow a right of appeal to the head of the Department from such action or decision, should direct his appeal to the Director, Office of Hearing and Appeals, if the case is not one which lies within the appellate review jurisdiction of an established Appeals Board and is not excepted from the review authority delegated to the Director.

§ 2651.2(5) was subsequently amended, and currently provides that appeals from the BIA Area Director's decisions are to be made to the Board of Land Appeals, and are governed by the regulations in subpart E of part 4. The regulation governing appeals to the Board in subpart E are provided in 43 C.F.R. § 4.410.

43 C.F.R. § 4.410 provides two separate provisions regarding appeals to the Board of Land Appeals. Subsection (a) provides for the appeal of a decision issued by the BLM, by any party who is "adversely affected" by the decision. Subsection (e) provides for the appeal of decisions "relating to land selection under the Alaska Native Claims Settlement

Act, " by any party claiming "a property interest in land affected by the decision":

> (a) Any party to a case who is adversely affected by a decision of an officer of the Bureau of Land Management or of an administrative law judge shall have a right to appeal to the Board . . ..
>
> (e) For decision rendered by Departmental officials relating to land selections under the Alaska Native Claims Settlement Act, as amended, any party who claims a property interest in land affected by the decision, an agency of the Federal Government or a regional corporation shall have a right to appeal to the Board.

43 C.F.R. § 4.410.

The issue of which of the two subsections applies to an appeal from a village eligibility decision was addressed by the Board, in connection with an appeal from a Native group eligibility determination, in <u>Minchumina Homeowners Association et al.</u>, 93 IBLA 169 (August 15, 1986). The Board noted that neither subsection, on its face, applies to an eligibility determination, in that subsection (a) applies only to decisions issued by the BLM, while subsection (b) applies only to decisions "relating to land selections" under ANCSA. After examining the purpose and regulatory history of the regulation, the Board held that the "adversely affected" standard for standing provided in subsection (a) applies to appeals of eligibility determinations, rather than the stricter "property interest" standard provided in subsection (b). The Board noted that this standard is comparable to the previous "party aggrieved" standard for village eligibility appeals under 43 C.F.R. § 4.700. 93 IBLA at 176.

Consequently, Stratman need only establish that he was "adversely affected" by the BIA Area Director's decision in order to have administrative standing to challenge Leisnoi's eligibility.

5

In <u>Minchumina Homeowners Association et al.</u>, 93 IBLA 169 (August 15, 1986), the Board held that the appellants' recreational use of the lands selected by the Native group constituted sufficient "interests" that were "adversely affected" by the BIA's determination of the group's eligibility to impart standing to pursue their appeals. 93 IBLA at 176-177. The Board noted that, in the village eligibility decision in <u>Village of Manley Hot Springs</u>, ANCAB No. VE74-6 (June 14, 1974), ANCAB had similarly held that the non-Native residents of Manley Hot Springs had standing to challenge the eligibility determination of the Native Village of Manley Hot Springs based on their use of the public lands surrounding the village. 93 IBLA at 171, citing <u>Village of Manley Hot Springs</u> at 8.

The Ninth Circuit has already determined that Stratman was a recreational user of the lands selected by Leisnoi, in determining that such recreational interests were sufficient to impart standing under the judicial standards for standing. See <u>Stratman v. Watt et. al.</u>, 656 F.2d 1321, 1324-25 (9th Cir. 1981). The Ninth Circuit's factual and legal determination is the law of the case, and supports a similar determination that Stratman had standing to pursue his challenge of Leisnoi's eligibility before IBLA and in these proceedings under the standards for administrative standing provided in 43 C.F.R. § 4.410.

**D.     Conclusion**.

For the reasons stated above and previously, Mr. Stratman requests that the Court deny Leisnoi's motion that his APA challenge to Leisnoi's unlawful certification as an eligible "Native Village" under ANCSA be dismissed for lack of judicial and administrative standing.

RESPECTFULLY submitted this 11th day of June, 2007.

                                      s/Michael J. Schneider
                                      s/Eric R. Cossman
                                      Law Offices of Michael J. Schneider, P.C.
                                      880 "N" Street, Suite 202
                                      Anchorage, AK 99501
                                      Phone: (907) 277-9306
                                      Fax: (907) 274-8201
                                      E-mail: mjspc@gci.net
                                      Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that **STRATMAN'S OPPOSITION TO LEISNOI'S MOTION TO DISMISS AT DOCKET NO. 107 (LACK OF JUDICIAL OR ADMINISTRATIVE STANDING)** was served electronically on the 11th day of June, 2007, on
Bruce M. Landon, R. Collin Middleton, and John R. Fitzgerald.
s/Michael J. Schneider