# EXHIBIT J

# STRATMAN I

# Docket No. 268

# HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

CLYDE C. HOUSTON
ROGER E. HENDERSON

805 WEST THIRD AVENUE
SUITE 200

TELEPHONE 272-1527
AREA CODE 907

ANCHORAGE, ALASKA 99501

March 3, 1977

The Alaska Native Claims Appeal Board
P. O. Box 2433
Anchorage, Alaska  99510

Re:  Notice of Appeal

Dear Sirs:

Enclosed is a Notice of Appeal from the decision of the Commissioner of Indian Affairs entitled "Finding of Entitlement Pursuant to Section 14(a) of the Alaska Native Claims Settlement Act", which was dated January 25, 1977. A statement of reasons and interests affected will be filed with the Board within 30 days of this notice.

Sincerely,

HOUSTON & HENDERSON

*Roger E. Henderson*
Roger E. Henderson

REH:jl
Encl.

FILE

UNITED STATES DEPARTMENT OF THE INTERIOR

ALASKA NATIVE CLAIMS APPEAL BOARD

In the Matter of ANTON LARSEN, INC.;      )
BELLS FLATS NATIVES, INC.; and            )   ANCAB No. _____
LEISNOI, INC.; Land Entitlements          )
under sections 14(a) of the Alaska        )
Native Claims Settlement Act.             )   NOTICE OF APPEAL
                                          )
                                          )
_____)

      Notice is hereby made that the following individuals, being interested parties as defined in 43 C.F.R. §4.902, appeal the decision of the Commissioner of Indian Affairs dated January 25, 1977 and entitled "Finding of Entitlement Pursuant to Section 14(a) of the Alaska Native Claims Settlement Act." OMAR STRATMAN, TONI BURTON, JOHN MURRAY, MICHAEL DEVERS, JAMES SCHAUFF, and BRIAN SHAFFORD.

      Notice of the decision was published in the Federal Register on February 2, 1977 at 42 Fed. Reg. 6419. The specific findings which are the subject of this appeal are the native populations and accompanying entitlements shown at 42 Fed. Reg. 6425 and 6426 for the village corporations of ANTON LARSEN, INC., BELLS FLATS NATIVES, INC., and LEISNOI, INC. No serial number for the decision in question was indicated in the Federal Register.

      DATED this 3rd day of March, 1977.

                                        HOUSTON & HENDERSON
                                        Attorneys for Above-named Individuals

                                        By _____
                                               Roger E. Henderson

FILE

## CERTIFICATE OF SERVICE

        I hereby certify that on this ___ day of March, 1977, I mailed, postage pre-paid, a copy of the foregoing Notice of Appeal, pursuant to 42 C.F.R. §4.903(a)(2), to the following persons at the addresses listed:

Ahtna, Inc.  
Drawer G  
Copper Center, Alaska  99573

Aleut Corporation  
833 Gambell Street  
Anchorage, Alaska  99501

Arctic Slope Regional Corporation  
Box 129  
Barrow, Alaska  99723

Bering Straits Native Corporation  
P. O. Box 1008  
Nome, Alask  99762

Bristol Bay Native Corporation  
P. O. Box 198  
Dillingham, Alaska  99576

Calista Corporation  
516 Denali Street  
Anchorage, Alaska  99501

Chugach Natives, Inc.  
912 East 15th Avenue  
Anchorage, Alaska  99501

Area Director  
Bureau of Indian Affairs  
P. O. Box 3-800  
Juneau, Alaska  99801

Leisnoi, Inc.  
P. O. Box 726  
Kodiak, Alaska  99615

Cook Inlet Region, Inc.  
1211 West 27th Avenue  
Anchorage, Alaska  99503

Koniag, Inc.  
P. O. Box 746  
Kodiak, Alaska  99615

NANA Regional Corporation, Inc.  
P. O. Box 40  
Kotzebue, Alaska  99752

Doyon, Limited  
Doyon Building  
1st and Hall Street  
Fairbanks, Alaska  99710

Department of Law  
Office of the Attorney General  
360 "K" Street, Suite 105  
Anchorage, Alaska  99501

Bureau of Land Management  
Office of the Solicitor  
Attention: John W. Burke, Esq.  
510 L Street, Suite 408  
Anchorage, Alaska  99501

Bells Flats Natives, Inc.  
P. O. Box 726  
Kodiak, Alaska  99615

Anton Larsen, Inc.  
P. O. Box 134  
Kodiak, Alaska  99615

_____  
Roger E. Henderson



UNITED STATES DEPARTMENT OF THE INTERIOR

ALASKA NATIVE CLAIMS APPEAL BOARD

| | |
|---|---|
| In the Matter of LEISNOI, INC.; Land Entitlements under sections 14(a) of the Alaska Native Claims Settlement Act.<br><br>ANCAB # LS 77-4 | STATEMENT OF REASONS FOR APPEAL AND FACTS FOR STANDING |

Pursuant to the order of the Board dated March 28, 1977, the following reasons and facts are submitted with respect to LEISNOI, INC.

### STATEMENT OF REASONS FOR APPEAL

The appellants oppose the "Finding of Entitlement Pursuant to Section 14(a) of the Alaska Native Claims Settlement Act" on the grounds that the number of Native residents for Leisnoi, Inc. shown to be eligible for the purposes of computing entitlements to Federal lands is erroneous. Information and evidence in the possession of the appellants indicate that the number of natives residing in the village upon the date specified in the Alaska Native Claims Settlement Act was zero.

### STATEMENT OF FACTS FOR STANDING

Appellants OMAR STRATMAN and TONI BURTON claim interests in real property which is affected by the lands

selected or eligible to be selected by the corporations of Leisnoi, Inc. Such an interest provides standing for the appellants pursuant to 43 C.F.R., Part 4, Subpart J. Furthermore, the appellants have filed suit in U. S. District Court to enjoin the Secretary of Interior from issuing patent on the grounds that there were no Native residents as required by the statute to provide eligibility.

The other listed appellants claim an interest in the lands affected by the selection of Leisnoi, Inc., and that they are frequent users of the Federal lands, and their use will be prohibited or severely restricted if patent to the lands selected by Leisnoi, Inc. is granted.

DATED this 26th day of April, 1977, at Anchorage, Alaska.

HOUSTON & HENDERSON
Attorneys for Appellants

By _____
ROGER E. HENDERSON

IN REPLY REFER TO:



# United States Department of the Interior

ALASKA NATIVE CLAIMS APPEAL BOARD
P.O. BOX 2433
ANCHORAGE, ALASKA 99510

IN RE: Appeal of Omar Stratman, et al )
                                                     )       DECISION
      from Bureau of Indian Affairs )
      Land Entitlement Decision of )        AND
      January 19, 1977 )
      In the Matter of Leisnoi, Inc. )       ORDER OF DISMISSAL
                                                       )
      ANCAB # LS 77-4C )
                                                       )

Appeal from the Decision of the Acting Area Director, Bureau of Indian Affairs, dated January 19, 1977, entitled "Finding of Entitlement Pursuant to Section 14(a) of the Alaska Native Claims Settlement Act," dismissed March 23, 1978.

   1. Alaska Native Claims Settlement Act: Alaska Native
      Claims Appeal Board: Appeals: Standing

      Pursuant to regulations in 43 C.F.R. Part 4, Subpart
      J, §4.902, a party may bring an appeal before the
      Alaska Native Claims Appeal Board if it (1) "claims
      a property interest in land" that is (2) "affected
      by a determination from which an appeal to the Alaska
      Native Claims Appeal Board is allowed," or is an
      agency of the Federal Government, or in cases involving
      land selection is a Regional Corporation.

   2. Alaska Native Claims Settlement Act: Alaska Native
      Claims Appeal Board: Appeals: Standing

      The mere assertion by an Appellant that he "frequently
      uses" land which might be conveyed to a Village Corpora-
      tion under the Alaska Native Claims Settlement Act, is
      insufficient by itself to constitute a claim of "property
      interest in land affected by a determination appealable
      to the Alaska Native Claims Appeal Board" as is required
      by 43 C.F.R. Part 4, Subpart J, §4.902, to bring an
      appeal before this Board.

   3. Alaska Native Claims Settlement Act: Generally:
      Village Entitlement

      The determination that a Village Corporation is eligible under §11 of ANCSA is a finding that such village had at least a minimum Native population of 25 on the 1970 census enumeration date and thus entitles such village to at least the minimum acreage allocation of 69,120 acres of land pursuant to §14(a) of ANCSA.

4. Alaska Native Claims Settlement Act: Alaska Native Claims Appeal Board; Appeals: Standing

      An assertion by an Appellant that a Village Corporation might alter its selection pattern if an appeal of an entitlement determination is successful, is insufficient to show that an Appellant's property interest in land is affected by a determination appealable to this Board as required by 43 C.F.R. Part 4, Subpart J, §4.902, when the Village Corporation would be entitled to select the disputed land regardless of the outcome of an appeal from the entitlement determination.

APPEARANCES: Roger E. Henderson, Esq., Houston and Henderson, on behalf of Appellants; Dan A. Hensley, Esq., Office of the Regional Solicitor, on behalf of Bureau of Indian Affairs; James F. Vollintine, Esq., and Elizabeth Johnston, Esq., on behalf of Bristol Bay Native Corp.; Edward Weinberg, Esq., Duncan, Brown, Weinberg and Palmer, PC, on behalf of Koniag, Inc., and Leisnoi, Inc.; James D. Sourant, Esq., Sourant and Strandberg, and Carol Johnson, Esq., Birch, Horton, Bittner & Monroe, on behalf of Calista Corp.

    The Alaska Native Claims Appeal Board, pursuant to delegation of authority in the Alaska Native Claims Settlement Act, 43 U.S.C. §1601-1624 (Supp. IV, 1974), as amended, 89 Stat. 1145 (1976), and the implementing regulations in 43 C.F.R. Part 2650, as amended, 40 Fed. Reg. 14734 (April 7, 1976), and 43 C.F.R. Part 4, Subpart J, hereby makes the following findings, conclusions and decision.

    On March 3, 1977, Appellants filed the above-entitled appeal from the Bureau of Indian Affairs Entitlement Decision of January 19, 1977, regarding the entitlement of Leisnoi, Inc., a Native Village Corporation formed pursuant to ANCSA.

    Pursuant to 43 C.F.R. Part 4, Subpart J, §4.903, Appellants have filed a Statement of Facts for Standing and a Statement of Reasons.

    Regulations in 43 C.F.R. Part 4, Subpart J, §4.902, set forth the criteria for bringing an appeal before this Board. This states as follows:

Who may appeal.

Any party who claims a property interest in land affected by a determination from which an appeal to the Alaska Native Claims Appeal Board is allowed, or an agency of the Federal Government, may appeal as provided in this subpart. However, a regional corporation shall have the right of appeal in any case involving land selections.

[1] This regulation requires that a party may bring an appeal before this Board if it (1) "claims a property interest in land" that is (2) "affected by a determination from which an appeal to the Alaska Native Claims Appeal Board is allowed," or is an agency of the Federal Government, or in cases involving land selection is a Regional Corporation.

Appellee, Leisnoi, Inc., has moved this Board to dismiss Appellants John Murray, Michael Devers, James Schauff, and Brian Shafford on the grounds that these Appellants have not made a claim of property interest as is required by 43 C.F.R. Part 4, Subpart J, §4.902.

On April 26, 1977, these Appellants alleged that they have "an interest in the lands affected by the selection of Leisnoi, Inc., in that they are frequent users of the Federal lands, and their use will be prohibited or severely restricted if patent to the lands selected by Leisnoi, Inc. is granted."

On June 17, 1977, pursuant to the Motion of Leisnoi, Inc., this Board Ordered Appellants to show cause why this appeal should not be dismissed for failure to allege with particularity the property interest they claim as a basis for standing, and how such interest would be affected by a determination of the acreage that Leisnoi, Inc., is entitled to select. On July 14, 1977, a response was entered which related to the property interests of Omar Stratman and Toni Burton. Nothing was filed relating to the interests of Appellants, Murray, Devers, Schauff, and Shafford.

Appellants Murray, Devers, Schauff, and Shafford, have not asserted that their use of any land selected by Leisnoi, Inc., is derived from any license, contract, statute or any other law, or through the possession of title or any other estate in the land. They merely claim that they use the land and that conveyance by the U.S. Government to Leisnoi, Inc., pursuant to the Alaska Native Claims Settlement Act, will affect their right of use.

[2] This Board finds that the mere assertion by Appellants that they "frequently use" the land which may be conveyed to Leisnoi, Inc., is insufficient by itself to constitute a claim of "property interest in land" as is required by 43 C.F.R. Part 4, Subpart J, §4.902. Based on this finding, this Board concludes that Appellants Murray, Devers, Schauff, and Shafford's assertion of "use" is insufficient to meet the requirements

necessary to bring an appeal before this Board and these Appellants are hereby dismissed from this appeal.

Appellants Omar Stratman and Toni Burton claim that they are holders of Federal grazing leases. They further allege that all or portions of the lands which were the subject of said lease were selected by the State of Alaska for patent to it pursuant to the Alaska Statehood Act and that if the State receives patent, Appellants will have automatic renewal rights of their lease pursuant to A.S. 38.05.075. Appellants claim that Leisnoi, Inc., has selected at least a portion of these lands pursuant to §11(a)(2) and §12(a) of ANCSA and that patent to Leisnoi will destroy the renewal rights of Appellants. By successfully appealing Leisnoi's entitlement they allege that they will be able to alter its selection pattern to the point that Leisnoi will not select the land underlying the grazing leases. It is their contention that these Federal grazing leases and possible right of renewal give them standing pursuant to 43 C.F.R. Part 4, Subpart J, §4.902.

Leisnoi, Inc., has moved this Board to dismiss this appeal on the ground that Appellants do not meet the requirements for bringing an appeal before the Board. They allege that even if Leisnoi, Inc., is only entitled to the minimum acreage to which an eligible village is entitled under §14(a), Leisnoi will retain the right to select 69,120 acres within its §11(a)(1) and 11(a)(2) withdrawal areas. Having selected less than this amount from this area, a reduction in Leisnoi's entitlement would not affect Leisnoi's right to select the land underlying Appellants' Federal grazing leases that lie within this area.

Leisnoi, Inc., has not contested that Stratman's and Burton's Federal grazing leases are a "property interest in land." Rather, Leisnoi, Inc., contends that such interest is not affected by the BIA Entitlement Decision and therefore Stratman and Burton do not meet the requirements necessary to bring an appeal before this Board.

The Board agrees with this contention.

Pursuant to §11(a)(1) of ANCSA the public lands in the township or townships in which a village is located and two concentric tiers of townships surrounding this township or townships were withdrawn for selection by an eligible Village Corporation. Any lands within this area described in §11(a)(1) that had been selected by or tentatively approved to the State of Alaska under the Statehood Act were also withdrawn for Native selection by §11(a)(2). Pursuant to §12(a), however, a corporation can not select more than 69,120 acres of this State selected or tentatively approved land. Part of the land underlying Stratman's and Burton's leases falls within the withdrawal area for Leisnoi, Inc., as described in §11(a)(1). Since the land underlying the leases within the area described by §11(a)(1) has also been selected by or tentatively approved to the State of Alaska, this land was withdrawn for selection by Leisnoi, Inc., pursuant to §11(a)(2).

Within its §11(a)(1) and 11(a)(2) withdrawal areas, Leisnoi, Inc., asserts that it has selected only 47,124 acres of land. The remaining selections of Leisnoi were apparently made in its §11(a)(3) deficiency withdrawal area and are not subject to dispute in this appeal. This is an area withdrawn by the Secretary in the event that the lands withdrawn by §11(a)(1) and 11(a)(2) are insufficient to permit a Village Corporation to select its acreage entitlement.

Leisnoi, Inc., has been found to be eligible as a village under §11 of ANCSA to receive land and monetary benefits under the Act. (Decision of Area Director, BIA, 39 Fed. Reg. 6627, Feb. 21, 1974; Final Order Dismissing Appeals and Certifying Village, ANCAB # VE 74-46, # VE 74-65, Approved by Secretary of the Interior Sept. 9, 1974.) This Board has held that a determination of eligibility is a finding that such village had at least a minimum Native population of 25 on the 1970 census enumeration date and is thus entitled to the minimum acreage allocation under §14(a) of ANCSA. (Appeal of Kodiak Aleutian Chapter, Alaska Conservation Society, In Re: Bells Flats Natives, Inc., ANCAB # LS 77-8, December 19, 1977.) The minimum acreage entitlement under §14(a) for an eligible village is 69,120 acres of land.

[3] Where a village has been found eligible under §11 of ANCSA to receive land and monetary benefits, this constitutes a finding that such village had at least a minimum Native population of 25 on the 1970 census enumeration date and is therefore entitled to a minimum of 69,120 acres.

Assuming for the sake of argument that in this entitlement appeal Appellants could succeed and reduce the acreage entitlement of Leisnoi, Inc., from the 115,200 acres presently set forth in the BIA Decision, Leisnoi, Inc., as an eligible village, would in any event be entitled to select a minimum of 69,120 acres of land. It is asserted without contradiction that Leisnoi has selected less than this minimum acreage entitlement in its §11(a)(1) and 11(a)(2) withdrawal areas, the area where Appellants' leases are located. Even if Stratman and Burton could successfully attack Leisnoi's entitlement, Leisnoi would still be entitled to select all of the acreage that it has asserted it has selected in its §11(a)(1) and 11(a)(2) withdrawal areas. Thus, a successful entitlement appeal by Stratman and Burton would not affect Leisnoi's right to select the land underlying Stratman's and Burton's Federal grazing leases. To this extent this entitlement appeal will not affect Stratman's and Burton's property interest.

Appellants assert, however, that in the event that they could succeed in reducing the entitlement of Leisnoi, Leisnoi might choose not to select the land underlying Appellants' leases. They allege that this would give them a right to renew their leases under A.S. 38.05.075, and that in this way their property interest is affected by the Entitlement Decision.

-5-

The land selections of Leisnoi are not under appeal in this case. Whether Leisnoi would in fact alter its selection pattern to exclude the land underlying Stratman's and Burton's leases would be up to the discretion of Leisnoi within the bounds of the land selection statutes and regulations. As pointed out above, regardless of the outcome of this entitlement appeal, Leisnoi would be entitled to select the land which lies within its §11(a)(1) and 11(a)(2) withdrawal areas and which underlies Stratman's and Burton's leases.

[4] An assertion by an Appellant that a Village Corporation might alter its selection pattern if an appeal of an entitlement determination is successful, is insufficient to show that an Appellant's property interest in land is affected by a determination appealable to this Board as required by 43 C.F.R. Part 4, Subpart J, §4.902, when the Village Corporation would be entitled to select the disputed land regardless of the outcome of an appeal from the entitlement determination.

Appellants Stratman and Burton having made a "claim of property interest in land" but having not shown that any determination of entitlement would in any way affect such property interest in land, lack the necessary standing to bring an appeal before this Board pursuant to 43 C.F.R. Part 4, Subpart J, §4.902, and therefore they are dismissed as Appellants in this appeal.

The Board having dismissed all Appellants from the appeal and there being no other reason for the continuance of the appeal, this Board hereby dismisses the above-designated appeal.

-6-

This represents a unanimous decision of the Board.

DATED this 24th day of March, 1978, at Anchorage, Alaska.

_____
JUDITH M. BRADY
Chairman, Alaska Native Claims Appeal Board

_____
ABIGAIL F. DUNNING, Board Member

_____
LAWRENCE MATSON, Board Member

DISTRIBUTION:

Roger E. Henderson, Esq.
Houston & Henderson
805 W. 3rd Ave., Suite 200
Anchorage, Alaska 99501

Calista Corporation
Carol Johnson, Esq.
Birch, Horton, Bittner & Monroe
733 W. 4th Avenue, Suite 206
Anchorage, Alaska 99501

Edward Weinberg
Attorney for Koniag, Inc.
 and Leisnoi, Inc.
Duncan, Brown, Weinberg & Palmer, P.C.
1775 Pennsylvania Ave., NW, Suite 1200
Washington, D.C. 20006

Bristol Bay Native Corporation
Elizabeth Johnston, Esq.
P. O. Box 220
Anchorage, Alaska 99510

Office of the Regional Solicitor
for Bureau of Indian Affairs
510 L Street, Suite 408
Anchorage, Alaska 99501

courtesy copy:

State of Alaska, Department of Natural Resources, Division of Lands
Koniag, Inc.
F. Conger Fawcett, Esq., Graham & James
Calista Corporation
Leisnoi, Inc.
Department of Law, Office of the Attorney General

IN REPLY REFER TO:



# United States Department of the Interior

ALASKA NATIVE CLAIMS APPEAL BOARD
P.O. BOX 2433
ANCHORAGE, ALASKA 99510

IN RE: Appeal of Kodiak-Aleutian Chapter, )
Alaska Conservation Society )
)
) ORDER DISMISSING APPEAL
from Bureau of Indian Affairs )
Land Entitlement Decision of )
January 19, 1977 )
In the Matter of Leisnoi, Inc. )
)
ANCAB # LS 77-11 )
)

Appeal from the Decision of the Acting Area Director, Bureau of Indian Affairs, dated January 19, 1977, entitled, "Finding of Entitlement Pursuant to Section 14(a) of the Alaska Native Claims Settlement Act," dismissed March 31, 1978.

1. Alaska Native Claims Settlement Act: Alaska Native
   Claims Appeal Board: Appeals: Standing

   The mere allegation of ownership and use of State
   and Federal lands as members of the public does
   not constitute a claim of "property interest in
   land" as is required for standing by 43 C.F.R.
   §4.902, and, therefore, the Appellant lacks
   standing to bring an appeal before the Board.

2. Alaska Native Claims Settlement Act: Village
   Eligibility—Alaska Native Claims Settlement Act:
   Alaska Native Claims Appeal Board: Jurisdiction

   After expiration of the period in which a decision
   finding a village eligible may be appealed, and
   the village has been certified as eligible for
   benefits under §11 of ANCSA, the Board has no
   jurisdiction over an appeal challenging the
   eligibility of the village and will dismiss
   such an appeal.

APPEARANCES: William Donaldson, President, Alaska Conservation Society; Dan A. Hensley, Esq., Office of the Regional Solicitor, on behalf of the Bureau of Indian Affairs; James F. Vollintine, Esq., and Elizabeth Johnston, Esq., on behalf of Bristol Bay Native Corporation; Edward Weinberg, Esq., Duncan, Brown, Weinberg and Palmer, PC, on behalf of Koniag, Inc., and Leisnoi, Inc.; James D. Sourant, Esq., Sourant and Strandberg, and Carol Johnson, Esq., Birch, Horton, Bittner and Monroe, on behalf of Calista Corp.

The Alaska Native Claims Appeal Board, pursuant to delegation of authority in the Alaska Native Claims Settlement Act, 43 U.S.C. §1601-1624 (Supp. IV, 1974), as amended, 89 Stat. 1145 (1976), and the implementing regulations in 43 C.F.R. Part 2650, as amended, 40 Fed. Reg. 14734 (April 7, 1976), and 43 C.F.R. Part 4, Subpart J, hereby makes the following findings, conclusions, and decision.

On March 4, 1977, the Appellant, Kodiak-Aleutian Chapter of the Alaska Conservation Society, Inc. (hereinafter Appellant), filed the above-captioned appeal from the Bureau of Indian Affairs Decision of January 19, 1977, on the acreage entitlement of Leisnoi, Inc., a Native Village Corporation formed pursuant to ANCSA.

Appellant alleged in its Notice of Appeal that it has standing to bring the appeal under 43 C.F.R. §4.902, and under the Administrative Procedure Act, 5 U.S.C. §551-556. Appellant alleges the following grounds of appeal:

1. The finding of entitlement and final enrollment of Leisnoi, Inc., by the Bureau of Indian Affairs was unlawful, arbitrary, capricious, and an abuse of discretion.

2. Regulations in 43 C.F.R. §2651.2 on enrollment and entitlement of villages to receive land benefits are invalid and beyond the scope of authority granted by ANCSA.

3. Under the regulations presently written, one or more persons are unlawfully enrolled to Leisnoi.

In their Notice of Appeal, Appellant requests that the Board hold all briefing in abeyance pending litigation on the eligibility of Leisnoi, Inc., for benefits under ANCSA as a village.

On March 22, 1977, the Bureau of Indian Affairs moved to dismiss the appeal on the grounds that Appellant has no standing to appeal under 43 C.F.R. §4.902 because it has not shown that it is a party claiming a property interest in the land; and because Appellant's challenge to the entire acreage entitlement of Leisnoi constitutes a challenge to the eligibility of the village, and the period for appeal from the Decision of the Bureau of Indian Affairs finding Leisnoi to be a village eligible for benefits under ANCSA has now expired.

On March 28, 1977, the Board denied Appellant's motion to hold the appeal in abeyance and required the Appellant to file with the Board its Statement of Reasons and Statement of Facts for Standing within 30 days. On March 29, 1977, counsel for Koniag, Inc., and Leisnoi, Inc., answered allegations contained in Appellant's Notice of Appeal, and requested dismissal of the appeal for lack of standing, for lack of jurisdiction in ANCAB to hear untimely appeals on village eligibility, for lack of jurisdiction in ANCAB to hear

enrollment appeals, for failure to name indispensable parties (i.e., each individual enrolled to Leisnoi, Inc., whose enrollment was challenged), for lack of specificity, and for failure to state a claim upon which relief can be granted.

On March 29, 1977, Appellant again requested that ANCAB defer administrative proceedings on the appeal pending litigation on the eligibility of Leisnoi, Inc., for benefits under ANCSA.

On May 25, 1977, Koniag and Leisnoi again moved to dismiss the Appellant for failure to comply with the Board's Order of March 28, 1977, requiring filing of a Statement of Facts in support of standing and a Statement of Reasons for the appeal. The Board, on June 16, 1977, Ordered Appellant to show cause why the appeal should not be dismissed for such failure as well as for failure to comply with service requirements.

On June 16, 1977, Appellant requested an extension of time to acquire counsel. Appellant then stated:

* * *

> Should the Board refuse to grant the extension, we request that it then consider this letter in compliance with its order of May 17.
>
> Regarding the question of standing, our members are, as members of the public, the owners of, and use the State and federal lands which would be transferred out of public ownership if the alleged villages whose land entitlements we have protested are ultimately determined by the courts to be eligible to receive land and other benefits under A.N.C.S.A.
>
> Furthermore, the fundamental question is whether or not the alleged villages are in fact established villages under ANCSA. Did, in other words, Congress enact legislation allowing Alaska Natives to enroll back to abandoned or non-existent villages and thereby qualify these alleged established villages to select public land? Our reading of the law convinces us that Congress did not intend this process to take place. This is the issue before the courts, and it seems appropriate that the Board await the outcome of the pending litigation before undertaking lengthy and expensive administrative proceedings on enrollment questions that will probably be rendered moot.

* * *

2 ANCAB 365

This constitutes the only material filed by the Appellant in support of this appeal.

The issue before the Board is whether Appellant's allegations, if accepted as true, meet the criteria for standing to bring an appeal.

On June 22, 1977, Leisnoi and Koniag renewed their Motion to Dismiss the appeal.

Regulations in 43 C.F.R. Part 4, Subpart J, §4.902, set forth the criteria for bringing an appeal before this Board:

> Who may appeal.
>
> Any party who claims a property interest in land affected by a determination from which an appeal to the Alaska Native Claims Appeal Board is allowed, or an agency of the Federal Government, may appeal as provided in this subpart. However, a regional corporation shall have the right of appeal in any case involving land selections.

43 C.F.R. §4.903 requires an appeal to be filed "within 30 days after the date of receipt of the decision by appellant, or if publication of the decision in the FEDERAL REGISTER is made, within 30 days after publication of the decision in the FEDERAL REGISTER, whichever shall occur first; ...."

The Decision herein appealed was a finding of acreage entitlement, pursuant to §14(a) of ANCSA, of Village and Regional Corporations, published in the Federal Register February 2, 1977; the present appeal was timely filed.

The Village of Woody Island, incorporated as Leisnoi, Inc., was previously found to be eligible as a village under §11 of ANCSA (Decision of Area Director, BIA, 39 Fed. Reg. 6627, February 21, 1974). That Decision was timely appealed to the Board by Phil R. Holdsworth and the Alaska Wildlife Federation and Sportsmens' Council, Inc. (ANCAB # VE 74-65), and by the Sierra Club (ANCAB # VE 74-46). Upon withdrawal by the Appellants in both cases, the Board dismissed the appeals, resulting in certification of Woody Island as a village eligible for benefits under ANCSA. (Final Order Dismissing Appeals and Certifying Village, ANCAB # VE 74-46, ANCAB # VE 74-65, Approved by Secretary of the Interior, September 9, 1974.)

Appellant, in the letter which served as its only statement on standing, asserts:

\* \* \*

> ... our members are, as members of the public, the owners of, and use the State and federal lands which would be transferred out of public ownership if the alleged villages whose land entitlements we have protested are ultimately determined by the courts to be

eligible to receive land and other benefits under
A.N.C.S.A.

\* \* \*

The Appellant does not assert that its use of the land selected by Leisnoi, Inc., is derived from any license, contract, statute or any other law, or through the possession of title or any other estate in the land, except a right of ownership as members of the public.

[1] The Board finds that the mere allegation of ownership and use of State and Federal lands as members of the public, does not constitute a claim of "property interest in land" as is required for standing by 43 C.F.R. §4.902, and, therefore, the Appellant lacks standing to bring an appeal before the Board. Accordingly, the Appellant is hereby dismissed as a party for lack of standing.

In addition, the Board agrees with contentions of Leisnoi and the BIA that the present appeal constitutes an attack on the eligibility of Leisnoi, Inc., for land benefits under ANCSA. Appellant so characterizes the question in the letter of June 16, 1977: "Furthermore, the fundamental question is whether or not the alleged villages are in fact established villages under ANCSA."

Appellants seek to protest the acreage entitlement of Leisnoi, Inc., on the sole grounds that regulations in 43 C.F.R. §2651.2 on enrollment and land entitlement are invalid and that, under these regulations one or more persons are unlawfully enrolled to Leisnoi, Inc.

Duly promulgated regulations of the Department of the Interior are binding on the Board. (McKay v. Wahlenmaier, 226 F.2d 35, 43 (D. C. Cir. 1955).) Insofar as the enrollment of Leisnoi, Inc., has been conducted in accordance with such regulations, the Board has no jurisdiction to overturn it.

Appellant's only other statement in support of its appeal is a generalized attack on the eligibility of the village. As counsel for Leisnoi observes, ANCAB's only jurisdiction to entertain a challenge to village eligibility is pursuant to a timely appeal under 43 C.F.R. §2651.2 from the Decision on eligibility of the village in question.

[2] After the period in which a decision finding a village eligible may be appealed has expired, and the village has been certified as eligible, the Board has no jurisdiction over an appeal challenging the eligibility of the village and therefore will dismiss such an appeal.

Leisnoi, Inc., has been found to be eligible as a village under §11 of ANCSA to receive land and monetary benefits under the Act. (Decision of Area Director, BIA, 39 Fed. Reg. 6627, February 21, 1974; Final Order Dismissing Appeals and Certifying Village, ANCAB # VE 74-46, # VE 74-65, approved by Secretary of the Interior September 9, 1974.) The Board will

not now entertain a challenge to the eligibility of the village filed under the guise of an entitlement appeal under the theory that the village is not entitled to land under the Act because it is not in fact eligible for benefits as a village.

The Board having dismissed the Appellant, and there being no other reason for the continuance of the appeal, the Board hereby dismisses the above-designated appeal.

DATED this 31st day of March, 1978, at Anchorage, Alaska.

*[signature: Abigail F. Dunning]*

ABIGAIL F. DUNNING
Acting Chairman

DISTRIBUTION:

William E. Donaldson, President
Kodiak-Aleutian Chapter
Alaska Conservation Society
Box 1691
Kodiak, Alaska 99615

Bristol Bay Native Corporation
Elizabeth Johnston, Esq.
P. O. Box 220
Anchorage, Alaska 99510

Calista Corporation
Carol Johnson, Esq.
Birch, Horton, Bittner & Monroe
733 W. 4th Ave., Suite 206
Anchorage, Alaska 99501

Office of the Regional Solicitor
for Bureau of Indian Affairs
510 L Street, Suite 408
Anchorage, Alaska 99501

Edward Weinberg
Attorney for Koniag, Inc.
and Leisnoi, Inc.
Duncan, Brown, Weinberg & Palmer, PC
1775 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006

courtesy copy:

State of Alaska, Department of Natural Resources, Division of Lands
Department of Law, Office of the Attorney General
Koniag, Inc.
Leisnoi, Inc.
Calista Corporation
F. Conger Fawcett, Esq., Graham & James