# EXHIBIT 1

# PORTIONS OF RESPONDENT, LEISNOI, INC.'S OPENING BRIEF

MJB, P.C. DEC 9 1998

JRF/lmr/43595

0380-5535

UNITED STATES DEPARTMENT OF THE INTERIOR

OFFICE OF HEARINGS AND APPEALS
139 East South Temple, Suite 600
Salt Lake City, Utah 84111
Phone: 801-524-5344

| | |
|---|---|
| OMAR STRATMAN,<br><br>Protestant<br><br>v.<br><br>LEISNOI, INC.,<br><br>Respondent<br><br>KONIAG, INC.<br>BUREAU OF INDIAN AFFAIRS,<br><br>Intervenors. | IBLA 96-152<br>No. A76-0132 CV (JKS)<br><br>Challenge to the eligibility of Woody Island as a Native village under Section 11(b)(3) of the Alaska Native Claims Settlement Act, 43 U.S.C. §1610(b)(3) (1994) |

**RESPONDENT, LEISNOI, INC.'S, OPENING BRIEF**

DATED this 7th day of December, 1998.

Respectfully submitted,

[signature]

JOHN R. FITZGERALD
McALPINE, PEULER & COZAD
701 South Peters Street, Suite 300
New Orleans, Louisiana 70130
Telephone: (504) 561-0323
Telefax: (504) 528-9442
Attorneys for Leisnoi, Inc.

JRF/lmr/43595 0380-5535

UNITED STATES DEPARTMENT OF THE INTERIOR

OFFICE OF HEARINGS AND APPEALS
139 East South Temple, Suite 600
Salt Lake City, Utah 84111
Phone: 801-524-5344

| | |
|---|---|
| OMAR STRATMAN,<br><br>Protestant<br><br>v.<br><br>LEISNOI, INC.,<br><br>Respondent | IBLA 96-152<br>No. A76-0132 CV (JKS)<br><br>Challenge to the eligibility of Woody Island as a Native village under Section 11(b)(3) of the Alaska Native Claims Settlement Act, 43 U.S.C. §1610(b)(3) (1994) |
| KONIAG, INC.<br>BUREAU OF INDIAN AFFAIRS,<br><br>Intervenors. | |

**RESPONDENT, LEISNOI, INC.'S, OPENING BRIEF**

COMES NOW, Leisnoi, Inc. through counsel, McAlpine, Peuler & Cozad, and hereby submits its Opening Brief. The Brief is comprised of a number of subsections:

I. Proposed Findings of Fact:

A. History of Woody Island Village

B. Genealogy of Woody Island Villagers

C. Archaeological Evidence and Use Occupancy of Woody Island Village

D. Testimony of Witnesses at Hearings

E. Other Evidence Introduced at Hearings

II. Proposed Conclusions of Law

III. Motions comprised of the following:

A. Motion to Dismiss for Lack of Standing on the part of the Protestant, Omar Stratman;

B. Motion to Dismiss based upon the Congressional Ratification and Confirmation of Leisnoi, Inc.'s certification through Section 1427 of the Alaska National Interest Lands Conservation Act, 94 Stat 2371 (1980);

C. Motion to Dismiss pursuant to the doctrine of administrative finality;

D. Motion to Dismiss for Lack of Jurisdiction by virtue of Stratman's having failed to comply with the time limits prescribed by 43 C.F.R. §4.411(a);

E. Motion to Dismiss by virtue of Protestant's failure to overcome the legal presumption of the native rolls being correct;

F. Motion to Dismiss for failure of Protestant to carry his burden of proof.

Appendix of ANCAB Decisions Cited in the Brief:

A. *Native Village of Afognak*, ANCAB No. VE 74-7.

B. *Native Village of Chenega*, ANCAB No. VE 74-90, Recommended Decision of Chief Administrative Law Judge L. K. Luoma.

C. *Native Village of Chenega*, ANCAB No. VE 74-90.

D. *Native Village of Chitina*, ANCAB No. VE 74-10.

E. *Native Village of Kasaan*, ANCAB No. VE-74-17, Recommended Decision of Chief Administrative Law Judge L. K. Luoma.

F. *Native Village of Kasaan*, ANCAB No. VE 74-17.

G. *Native Village of Litnik*, ANCAB No. VE 74-96, Recommended Decision of Administrative Law Judge Paul Merlin.

H. *In Re: Appeal of Omar Stratman*, Order of Dismissal, ANCAB No. LS 77-4C.

# I. Proposed Findings of Fact:

These proposed findings of fact are divided into five major categories:

A. History of Woody Island Village

B. Genealogy of Woody Island Villagers

C. Archaeological Evidence and Use Occupancy of Woody Island Village

D. Testimony of Witnesses at Hearings

E. Other Evidence Introduced at Hearings

Accordingly, Omar Stratman, having no property interest that would be affected by this case, lacks administrative standing, so his challenge should be dismissed forthwith.

2. Motion to Dismiss Due to Congressional Confirmation of Certification

The certification of the Native Village of Woody Island has been statutorily confirmed in Section 1427 of the Alaska National Interest Lands Conservation Act, 94 Stat. 2371 at 2518-2528 (1980). Congress recognized Leisnoi, Inc. as a village corporation eligible to receive the surface estate of lands pursuant to the Alaska Native Claims Settlement Act. The Protestant's administrative challenge should therefore be dismissed, since Congress has already spoken on this issue and determined that Leisnoi, Inc. is a Native Village Corporation entitled to receive conveyances under the Alaska Native Claims Settlement Act.

Omar Stratman's position is directly contrary to federal law as adopted by the United States Congress. Congress necessarily rejected Stratman's theory that Leisnoi, Inc. was improperly certified and therefore ineligible to receive ANCSA lands, since four years after Stratman filed his suit, Congress declared Leisnoi, Inc. to be an eligible Village Corporation:

> "Koniag deficiency village corporation" means any or all of the following:
>
> Agognak Native Corporation;
> Nu-Nachk-Pit, Incorporated;
> Ouzinkie Native Corporation; and
> **Leisnoi, Incorporated.** (emphasis added)

Section 1427(4) of ANILCA.

Congress defined "Deficiency village acreage on the Alaska Peninsula" to mean village corporations entitled to a conveyance of surface estate lands pursuant to ANCSA:

> "the aggregate number of acres of public land to which **'Koniag deficiency Village Corporations' are entitled, under**

> **section 14(a) of the Alaska Native Claims Settlement Act, to a conveyance of the surface estate** on account of deficiencies in available lands on Kodiak Island, and to which Koniag, Incorporated is entitled under section 14(f) of that Act to conveyance of the subsurface estate." (emphasis added)

Section 1427(2) of ANILCA.

After having defined Leisnoi, Inc. as a Koniag deficiency Village Corporation, and after having defined the term "Deficiency village acreage on the Alaska Peninsula" as meaning villages entitled to an ANCSA surface estate conveyance, Congress went on to provide for conveyance of land on Afognak Island in lieu of deficiency village acreage on the Alaska Peninsula:

> (b)(1) In full satisfaction (A) of the right of Koniag, Incorporated, Regional Native Corporation to conveyance of Koniag 14(h)(8) lands on the Alaska Peninsula under the Alaska Native Claims Settlement Act; (B) **the right of each Koniag Deficiency Village Corporation to conveyance under that Act [ANCSA] of the surface estate of deficiency village acreage on the Alaska Peninsula...** and in lieu of conveyances thereof otherwise, the Secretary of the Interior shall, under the terms and conditions set forth in this section, convey as provided in subsection (c)[2] of this section the surface estate of all the public lands on Afognak Island except those lands referred to in subparagraphs 2 (A), (B), (C), and (D) of this subsection, and simultaneously therewith, the Secretary shall, under the terms and conditions set forth in this section, convey the subsurface estate of such lands to Koniag, Incorporated.

Section 1427(b)(1) of ANILCA.

---

[2]Subsection (c) of the statute provided that the land on Afognak Island would be conveyed to a joint venture consisting of the Koniag Deficiency Village Corporations, the Koniag 12(b) Village Corporations and Koniag, Incorporated (or wholly owned subsidiaries thereof). 94 Stat 2523.

Congress thus statutorily ratified Leisnoi, Inc.'s certification and its right to receive conveyances of land under ANCSA. Stratman's administrative challenge to Leisnoi's eligibility to receive land under ANCSA should therefore be dismissed, since Congress has already spoken on this issue, and Congress has determined that, notwithstanding Stratman's contentions, Leisnoi, Inc. is a Native village corporation entitled to land conveyances under ANCSA. Leisnoi, Inc. is specifically referenced in the statute as having a right to conveyances under ANCSA.

Stratman effectively asks the Interior Board of Land Appeals to ignore Congress, and pretend that the statute does not exist. Congress says that Leisnoi is eligible to receive ANCSA land, but Stratman asks the IBLA to declare otherwise. Congress specifically listed Leisnoi, Inc. as being eligible to participate in the Afognak Joint Venture, yet, Protestant asks the IBLA to override the Congressional statute that was signed into law by the President of the United States. Stratman's theory is absurd, and his adminstrative challenge should be denied.

3. Motion to Dismiss Pursuant to the Doctrine of Administrative Finality

Protestant Omar Stratman has already brought his claims before the Alaska Native Claims Appeal Board, and he lost. *Appeal of Omar Stratman*, ANCAB No. LS77-4C (March 24, 1978). In that case, the Alaska Native Claims Appeal Board determined that a grazing lease is not an interest "affected by the BIA Entitlement Decision and therefore Stratman and Burton do not meet the requirements necessary to bring an appeal before this Board." The Board ruled that Omar Stratman "lack[s] the necessary standing to pursue an appeal before this Board pursuant to 43 CFR Part 4, Subpart (j), Section 4.902, and therefore