# EXHIBIT 5

# PORTIONS OF LEISNOI, INC.'S REPLY BRIEF

JRF/lmr/44936                                                                                                0380-5535

# UNITED STATES DEPARTMENT OF THE INTERIOR

OFFICE OF HEARINGS AND APPEALS
139 East South Temple, Suite 600
Salt Lake City, Utah 84111
Phone: 801-524-5344

| | |
|---|---|
| OMAR STRATMAN, ) | IBLA 96-152 |
| ) | No. A76-0132 CV (JKS) |
| Protestant ) | |
| ) | Challenge to the eligibility of Woody Island |
| ) | as a Native village under Section 11(b)(3) |
| v. ) | of the Alaska Native Claims Settlement |
| ) | Act, 43 U.S.C. §1610(b)(3) (1994) |
| LEISNOI, INC., ) | |
| ) | |
| Respondent ) | |
| _____) | |
| ) | |
| KONIAG, INC. ) | |
| BUREAU OF INDIAN AFFAIRS, ) | |
| ) | |
| Intervenors. ) | |
| _____) | |

## LEISNOI, INC.'S REPLY BRIEF

DATED this 26th day of March, 1999.

                                                                                                      Respectfully submitted,

                                                                                                            */s/ John R. Fitzgerald*
                                                                                    JOHN R. FITZGERALD
                                                                                    McALPINE, PELLER & COZAD
                                                                                    701 South Peters Street, Suite 300
                                                                                   New Orleans, Louisiana 70130
                                                                                    Telephone: (504) 561-0323
                                                                                    Telefax: (504) 528-9442
                                                                                    Attorneys for Leisnoi, Inc.

II.  **The certification of the Native Village of Woody Island has been statutorily confirmed in ANILCA Section 1427 by virtue of Congress having enacted legislation recognizing Leisnoi, Inc. as a Native Village Corporation entitled to receive conveyances under the Alaska Native Claims Settlement Act.**

*Statutory Definitions*

In order to understand the sleight of hand utilized by the Protestant, it is necessary to explore a number of the defined terms of art in both ANILCA and ANCSA. It then becomes readily apparent that the Protestant has attempted to blur the distinction between an Alaska Native Village and an Alaska Native Village Corporation so as to discombobulate the meaning of the statutes. Leisnoi, Inc. is a Native Village Corporation, not a Native Village. The Native Village is the Native Village of Woody Island, not Leisnoi, Inc. The Protestant has attempted to substitute the two terms in order to achieve his goal of eviscerating ANILCA.

A "Koniag deficiency village corporation" is defined in ANILCA at Section 1427(a)(4) as meaning "any or all of the following: Afognak Native Corporation; Nu-Nachk-Pit, Incorporated; Ouzinkie Native Corporation; and Leisnoi, Incorporated." ANILCA, 1427(a)(4).

The phrase "village corporation" that appears within the defined term "Koniag deficiency village corporation" is itself a statutory term of art. Section 102(8) of ANILCA states that "the term 'Village Corporation' has the same meaning as such term has under Section 3(j) of the Alaska Native Claims Settlement Act." ANILCA, §108(8).

In order to understand the meaning of the term "Village Corporation" as used in ANILCA, therefore, it is necessary to refer to Section 3(j) of the Alaska Native Claims Settlement Act. ANCSA therein defines the term "Village Corporation" as meaning "an Alaska Native Village Corporation organized under the laws of the State of Alaska as a business for

6

profit or non-profit corporation to hold, invest, manage and/or distribute lands, property, funds, and other rights and assets for and on behalf of a Native Village in accordance with the terms of this chapter." ANCSA §3(j), 43 USC §1602(j). As the Court can see, a Village Corporation holds and manages lands on behalf of a Native Village. A Village Corporation, however, is not the same thing as a Native Village.

A "Native Village", as that term of art was used in ANCSA Section 3(j), is itself a defined term of art. A "Native Village" is defined at ANCSA Section 3(c) as meaning "any tribe, band, clan, group, village, community, or association in Alaska listed in Sections 1610 and 1615 of this title, or which meets the requirements of this chapter, and which the Secretary determines was, on the 1970 census enumeration date (as shown by the census or other evidence satisfactory to the Secretary, who shall make findings of fact in each instance), composed of twenty-five or more Natives".

As this Court can see, if there is no "Native Village", then there can be no "Village Corporation" since a "Village Corporation" is defined as an Alaska Native Village Corporation organized under the laws of the State of Alaska to hold and manage property and assets for and on behalf of a Native Village.

### *Stratman's Sleight of Hand*

Having reviewed the terms of art "Native Village", "Village Corporation", and "Koniag Deficiency Village Corporation", it is appropriate at this juncture to demonstrate how the Protestant has deliberately attempted to blur the distinction between a "Native Village" and a "Village Corporation" as part of his scheme to mislead this Court. Notice how Stratman refers

7

to Leisnoi as a "village" rather than as a "village corporation" in his argument at page 56 of his brief:

> "Section 1427 merely amended these land selection and entitlement provisions, by substituting the lands on Afognak Island for the lands withdrawn and selected by the Koniag villages on the Alaska Peninsula under ANCSA's original selection and entitlement provisions. As such, the amended land selection and entitlement provisions in **Section 1427** - including the definitions provided in subsections (a)(5) and (a)(5) - **merely 'identified' Leisnoi** and the other Koniag villages **as the villages subject** to the amended land selection and **entitlement provisions**, just as Section 11(b) had originally 'identified' the villages subject to ANCSA's original land selection and entitlement provisions. Patent of the Afognak lands, like the patent for the lands originally withdrawn for selection and conveyance to the Koniag-region villages, remained subject to the express condition, provided in Section 14(a), that the villages satisfy the eligibility requirements provided in Section 11(b)."

Stratman's Opening Brief at p. 56. (Emphasis added.)

By reviewing the above-quoted argument of the Protestant, it is readily apparent that Stratman contends that ANILCA merely identified Leisnoi as a village subject to entitlement provisions. This reveals the fundamental misunderstanding of ANILCA and ANCSA under which the Protestant suffers. Leisnoi was not identified as a Koniag village in ANILCA. Rather, Leisnoi was defined as a Koniag Deficiency Village Corporation in ANILCA. Stratman's effort to analogize Section 1427 of ANILCA to ANCSA Section 11 [43 USC §1610] is therefore a false analogy. Whereas ANCSA Section 11 [43 USC §1610] lists a number of Native Villages, it does not address or even mention Native Village Corporations. ANILCA, on the other hand, defines Leisnoi, Incorporated as being a Koniag Deficiency Village Corporation, and states that it has a right to conveyance of lands under ANCSA.

8

ANILCA Section 1427(b)(1) more closely parallels the conveyance of land provisions of ANCSA Section 14(a) [43 USC §1613(a)], than it does the withdrawal of land provisions of ANCSA Section 11 [43 USC §1610]. ANCSA Section 14(a) states that "Immediately after selection by a Village Corporation for a Native village listed in Section 1610 of this title which the Secretary finds as qualified for land benefits under this chapter, the **Secretary shall issue to the Village Corporation a patent to the surface estate** in the number of acres shown in the following table...." ANCSA §14(a). (Emphasis added.) Notice how closely the following language contained in ANILCA Section 1427(b)(1) parallels the above-quoted provisions of ANCSA §14(a): "In full satisfaction of ... (B) the right of each Koniag Deficiency Village Corporation to conveyance under that Act [ANCSA] of the surface estate of deficiency village acreage on the Alaska Peninsula ... **the Secretary of the Interior shall**, under the terms and conditions set forth in this section, **convey** as provided in subsection (c) of this section **the surface estate** of all the public lands on Afognak Island...." ANILCA Section 1427(b)(1). (Emphasis added.)

Both ANCSA Section 14(a) [43 USC §1613(a)] and ANILCA Section 1427(b)(1) refer to patents being issued by the Secretary of the Interior to or on behalf of Village Corporations.[2] Stratman is mistaken in his contention that ANILCA merely identifies Leisnoi as being a village subject to entitlement provisions. ANILCA §1427(b)(1) went much further than merely identifying villages that might be eligible for ANCSA certification; it affirmatively directed the

---

[2] Patents for the surface estate of land on Afognak Island were issued to the Afognak Joint Venture of which Leisnoi, Inc. was a participating member by virtue of its status as a Koniag Deficiency Village Corporation. See, ANILCA Section 1427(c).

9

Secretary of the Interior to issue land patents on behalf of the Koniag Village Deficiency Corporations that were specifically defined in the Act of Congress as including Leisnoi, Inc.

Section 1427(b)(1) of ANILCA explicitly recognized "the **right** of each Koniag Deficiency Village Corporation to conveyance under that Act [ANCSA]..." (Emphasis added.) Likewise, in Section 1427(a)(1) of ANILCA, Congress recognized that the Koniag Deficiency Village Corporations "**are entitled**, under Section 14(a) of the Alaska Native Claims Settlement Act, **to conveyance...**" (Emphasis added.) Although Stratman has taken the position in this litigation that Leisnoi does not have a right to conveyance under ANCSA, Congress has enacted the ANILCA legislation expressly recognizing that Leisnoi, Inc. does have a right and is entitled to conveyances under ANCSA. By statutorily recognizing Leisnoi's right to conveyances under ANCSA, Congress has effectively ratified the certification of the Native Village of Woody Island on whose behalf Leisnoi, Inc. receives ANCSA conveyances.

Another example of the Protestant conveniently substituting "Native Village" for "Native Village Corporation" is his comparison of ANILCA Section 1427(e)(1) with ANILCA Section 1427(b)(1). Whereas ANILCA Section 1427(e)(1) referred to "each village listed in paragraph 2 of this subsection", and listed the native villages of Anton Larsen Bay, Bells Flats, Uganik, Litnik, Port William, Ayakulik, and Uyak, subsection (b)(1) did not list Alaska Native Villages. Rather, it described "the right of each Koniag Deficiency Village Corporation to conveyance under [the Alaska Native Claims Settlement Act] of the surface estate of deficiency village acreage on the Alaska Peninsula". The term of art "Koniag Deficiency Village Corporation" as used in ANILCA Section 1427(b)(1), was, as noted earlier, statutorily defined at ANILCA Section 1427(a)(4) as consisting of Afognak Native Corporation; Nu-Nachk-Pit,

Incorporated, Ouzinkie Native Corporation; and Leisnoi, Incorporated. These corporate entities are not Native Villages. Rather, they are Native Village Corporations. Thus, while ANILCA Section 1427(e)(1) merely refers to villages listed in paragraph 2, ANILCA Section 1427(b)(1) affirmatively directs that patents to land on Afognak be issued in satisfaction of "the **right** of each Koniag Deficiency Village Corporation to conveyance under that Act [ANCSA]...."

Cognizant of the differences between the reference to Koniag Deficiency Village Corporations in subsection (b)(1) of Section 1427 and the villages referenced in subsection (e) of Section 1427, the falsity of the arguments raised by Protestant at page 61 of his brief are now revealed. Note how the Protestant has attempted to interchange the term "Village" for "Village Corporation", although these terms of art have entirely separate meanings:

> "Another strong indication that Congress did not intend to repeal Section 11(b)(3)'s village eligibility requirements as to Leisnoi is the fact that Section 1427 expressly repealed these requirements with regard to the seven uncertified Koniag-region villages pursuant to subsection (e), but did not do so with regard to Leisnoi. If Congress had intended to repeal the village eligibility requirements with regard to Leisnoi, it would have expressly so provided, either by including Leisnoi in the provisions in subsection (e) or by including a similar provision expressly exempting Leisnoi from ANCSA's village eligibility requirements."

Stratman's Answering Brief at p. 61.

It would have made no sense for Congress to "includ[e] Leisnoi in the provisions in subsection (e)", since Leisnoi, Incorporated is a Native Village Corporation, whereas the villages listed in subsection (e) are just that, villages. Leisnoi, Inc. is the Native Village Corporation for a village that has already been determined to be eligible for benefits under the

11

Alaska Native Claims Settlement Act. In ANILCA, Congress statutorily recognized that the Native Village Corporation for the Native Village of Woody Island has a "**right…to conveyance** under the Act [ANCSA]….", ANILCA §1427(b)(1), and is "**entitled**, under section 14(a) of the Alaska Native Claims Settlement Act, **to a conveyance**…" ANILCA §1427(a)(2). The villages listed in subsection (e) of ANILCA Section 1427, on the other hand, had all been determined not to be eligible for benefits under ANCSA pursuant to the ANCAB rulings upon which Stratman relied so heavily in his opening brief.[3]

Thus, Leisnoi, Inc. is a Village Corporation, not merely a village like those villages listed in subsection (e) of ANILCA Section 1427. Moreover, the Native Village of Woody Island has already been determined by the Secretary of the Interior to be eligible for full benefits under the Alaska Native Claims Settlement Act. This is in stark contrast to the villages listed in subsection (e) of ANILCA Section 1427, that had been determined by the ANCAB not to be eligible for benefits under ANCSA. Stratman's theory that Leisnoi's legal arguments in its ANILCA motion are somehow undercut by Leisnoi, Inc. not being listed in subsection (e) of ANILCA Section 1427 is therefore without merit. Leisnoi, Inc. is not a village, and it certainly is not a village that had been determined to be ineligible for benefits under ANCSA as are the villages listed in subsection (e) of Section 1427.

---

[3] As Leisnoi, Inc. observed in its answering brief, the ANCAB opinions upon which Stratman relied carry no precedential effect since they were overruled by *Koniag, Inc. v. Kleppe*, 405 F.Supp. 1360 (D.C. 1975), <u>affirmed in part and reversed in part</u>, *Koniag v. Andrus*, 580 F.2d 601 (D.C. Cir. 1978). Before hearings could be held on remand, Congress enacted ANILCA, thereby mooting the necessity for rehearings.

### *ANILCA was self-executing with regard to patents being issued to or on behalf of Koniag Deficiency Village Corporations*

Leisnoi, Inc., having already been determined to be eligible for benefits under ANCSA, was not required by ANILCA to execute a release of claims for its full share of benefits under ANCSA, as are the villages listed at ANILCA Section 1427(e), some of which received only one square mile of land rather than the 69,120 acre minimum enjoyed by Koniag Deficiency Village Corporations. See, ANCSA §1613(a). Whereas ANILCA Section 1427(e)(1) specified that "This section shall be inoperative as to any such village which does not file such a release", ANILCA Section 1427(b)(1) was self-executing in directing the Secretary of the Interior to convey the surface estate of the public lands on Afognak Island in satisfaction of "the right of each Koniag Deficiency Village Corporation to conveyance under that Act [the Alaska Native Claims Settlement Act] of the surface estate of deficiency village acreage on the Alaska Peninsula." Leisnoi only had to pass a resolution accepting the Afognak lands in lieu of deficiency village acreage on the Alaska Peninsula. See, ANILCA §1427(b)(4).[4] This reveals the fallacy in Stratman's argument at page 63 of his Answering Brief that "In fact, none of the provisions in Section 1427 were self-executing ... The fact that none of the provisions in Section 1427 were self-executing indicates that the definitions provided in subsection (a) were

---

[4]Koniag Deficiency Village Corporations merely had to file resolutions "accepting the conveyances provided for in this subsection as being in full satisfaction of their respective entitlements to conveyances of Koniag 14(b)(8) lands on the Alaska Peninsula and of 12(b) acreage on the Alaska Peninsula..." ANILCA Section 1427(b)(4). Villages listed in Section 1427(e)(2), on the other hand, had to file, through their Koniag Village Corporations, a blanket release of "all claims of the village and the village corporation to lands and interests therein arising under the Alaska Native Claims Settlement Act...," ANILCA Section 1427(e)(1).

not intended to operate as a self-executing repeal of ANCSA's village eligibility requirements with regard to the villages identified therein." Stratman's Answering Brief at p. 63.

The Protestant is again either mistaken, or has attempted to mislead this Court. Section 1427 is self-executing with respect to Koniag Deficiency Village Corporations such as Leisnoi, Inc. Whereas the village corporations for the villages listed in subsection (e) were required to file releases of all claims to land under ANCSA in order to obtain ANILCA conveyances, Koniag Deficiency Village Corporations, defined at ANILCA Section 1427(a)(4), are recognized as having a right to conveyances, and need not release all other claims to land under ANCSA in order to obtain their land benefits. See, ANILCA §1427(b)(1). Leisnoi only had to file a resolution accepting the Afognak lands in lieu of deficiency village acreage on the Alaska Peninsula. See, ANILCA §1427(b)(4).

Far from undercutting Leisnoi's legal arguments, the different treatment accorded the villages that had been determined to be ineligible reveals that Congress provided for Leisnoi, Inc. to enjoy all the benefits to which it was entitled pursuant to the Alaska Native Claims Settlement Act, rather than restricting or limiting the benefits as it did for the village corporations for those Native Villages listed in subsection (e) of ANILCA Section 1427.

### *Stratman's Opposition is Non-Responsive to the Motion*

The Protestant devotes most of his 77-page brief to an analysis of whether ANILCA impliedly or expressly repealed ANCSA. This argument is non-responsive to the motion itself. Leisnoi, Inc.'s motion at pages 379-381 of its Opening Brief argued that "The certification of the Native Village of Woody Island has been statutorily confirmed in Section 1427 of the Alaska National Interest Lands Conservation Act, 94 Stat. 2371 at 2518-2528 (1980). Congress

14

recognized Leisnoi, Inc. as a Village Corporation eligible to receive the surface estate of lands pursuant to the Alaska Native Claims Settlement Act." The motion did not argue that ANILCA repealed ANCSA. Therefore, Stratman's belabored analysis of whether ANILCA repealed ANCSA does not address the legal argument raised in the subject motion. Leisnoi, Inc. did not argue that ANCSA has been repealed. Leisnoi, Inc. merely argued that the certification of the Native Village of Woody Island has been statutorily confirmed in Section 1427 by virtue of Congress having enacted legislation providing that Leisnoi, Inc. is a Native Village Corporation that has a "right[5]...to conveyance under [the Alaska Native Claims Settlement Act]".

ANCSA is alive and well as far as Leisnoi, Inc. is concerned (although the Congressional finding that "the settlement should be accomplished rapidly, with certainty ... without litigation" at Section 1601 of ANCSA has been frustrated by the 23-year-old litigation brought by the Protestant). If ANILCA had repealed the village eligibility requirement of ANCSA, as Stratman alleges at page 46 of his Answering Brief, then the Native Village of Woody Island could not be decertified for allegedly failing to meet the repealed statutory requirements.

### *Stratman's Arguments Overlook Settled Principles of Statutory Construction*

Stratman has premised his entire brief upon the theory that Leisnoi contends ANILCA repealed ANCSA. As noted above, Leisnoi has never advocated this theory. Since Stratman's premise is mistaken, his conclusions that flow therefrom are not pertinent to the motion filed by Leisnoi, Inc.

---

[5] A "right" to conveyance means that Leisnoi has "a legally enforceable claim", Black's Law Dictionary (6th Ed. 1991).

15

Rather than contending that ANILCA has repealed ANCSA, Leisnoi, Inc.'s position is that ANILCA is a specific statute that explicitly recognized Leisnoi, Inc. has a right to conveyances under ANCSA, thereby ratifying the Secretary of the Interior's certification of the Native Village of Woody Island as being eligible for benefits. By attempting to recharacterize the issue as one of implied or express repeal, Stratman has overlooked the canon of statutory construction that a specific statute is not controlled or nullified by a general one, regardless of the dates of enactment of the two statutes:

> "Furthermore, the Indian Preference Statute is a specific provision applying to a very specific situation. The 1972 Act, on the other hand, is of general application. Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."

*Morton v. Mancari*, 94 S.Ct. 2474, 417 U.S. 535, 550-51 (1974).

ANILCA is a specific statute that declares Leisnoi, Inc. has a right to conveyances under ANCSA and directs land patents be issued to the Afognak Joint Venture on behalf of the Koniag Deficiency Village Corporations. ANCSA, on the other hand, is a general statute that deals with a host of issues ranging from enrollment to land distributions. The specific Congressional directive in ANILCA that land patents be issued to the Afognak Joint Venture in satisfaction of Leisnoi, Inc.'s "right...to conveyance" takes priority over and controls the general provisions of ANCSA. Stratman chooses to overlook this canon of statutory construction, since he does not like the result that flows from the analysis. Stratman instead argues that Leisnoi, Inc. is not entitled to conveyances under ANCSA because the Native Village of Woody Island allegedly was not eligible for benefits. Stratman mistakenly contends that this Court should ignore the specific directive in ANILCA that patents to land on Afognak Island be issued in

16

satisfaction of Leisnoi, Inc.'s "right...to conveyance", based upon his unproven assertion that Leisnoi, Inc. does not have a right to conveyance allegedly because Woody Island does not meet the ANCSA regulations adopted by the Secretary of the Interior.[6]

The Protestant's theory fails because Congress has enacted specific legislation directing Leisnoi, Inc. be included in the Afognak Joint Venture that receives the patents to land on Afognak. Stratman effectively asks this Court to find that Leisnoi does not meet the general directives for land patents under ANCSA, such that this Court should ignore the specific requirements of ANILCA as well as the congressional finding that Leisnoi, Inc. has a "right...to conveyance". This theory would eviscerate the above-described principle of statutory construction announced in *Morton v. Mancari*, a principle that has longstanding support in the law. See, *Boliva Watch Co. v. United States*, 365 U.S. 753, 758 (1961): *Rogers v. United States*, 185 U.S. 83, 87-89 (1902).

This Court is not at liberty to ignore ANILCA's specific provisions based merely upon Stratman's strained analysis of whether Leisnoi meets the general requirements of ANCSA. ANILCA did not direct the Secretary of the Interior to hold hearings or make any factual determinations whether the Secretary believed Leisnoi, Inc. had a right to conveyance under ANCSA. Rather, in enacting ANILCA, Congress declared that there is a "**right** of each Koniag Deficiency Village Corporation **to conveyance** under [ANCSA] of the surface estate

---

[6]Stratman's theory runs afoul of *Koniag, Inc. v. Kleppe*, 405 F.Supp. 1360 (D.D.C. 1975), wherein the federal district court, in a portion of the opinion affirmed in *Koniag, Inc. v. Andrus*, 580 F.2d 601 (D.C. Cir. 1978) held that it is "beyond the authority of the Secretary" by regulation to add "requirements beyond those specified in the Act..." 405 F.Supp. at 1374. Although the Court there was referring to ANCSA, the same prohibition against adding regulations more onerous than the Act would apply to ANILCA as well.

17

of deficiency village acreage on the Alaska Peninsula"[7], and directed the Secretary of the Interior to issue patents for land on Afognak Island in satisfaction of Leisnoi's right to conveyance of lands in the Alaska Peninsula. This Court should not ignore the specific statutory findings and directive.

Stratman's theory would make ANILCA superfluous. Stratman's argument is that Leisnoi should not share in the lands patented to the Afognak Joint Venture even though Congress has declared that it should, and that Leisnoi has no right to conveyances under ANCSA, even though Congress has enacted legislation expressly recognizing that right. In other words, Stratman contends that the provisions of ANILCA declaring Leisnoi, Inc. has a right of conveyance, and directing land patents to be issued to the Afognak Joint Venture on behalf of Leisnoi, Inc. are nugatory since, according to Omar Stratman, Leisnoi, Inc. is not entitled to those benefits.

Stratman's argument boils down to one whereby he claims that Congress could not have meant what it said, so effect should not be given to the congressional enactment. Although Congress declared that Leisnoi, Inc. has a right to conveyances under ANCSA, and directed land patents be issued, Stratman argues that this Court should find that Leisnoi, Inc. has no right to conveyances under ANCSA. Stratman's interpretation of ANILCA renders it

---

[7]The term "Deficiency village acreage on the Alaska Peninsula" as used in ANILCA Section 1427(b)(1), is defined as meaning "the aggregate number of acres of public land to which **'Koniag Deficiency Village Corporations'** are entitled, under Section 14(a) of the Alaska Native Claims Settlement Act, **to a conveyance** of the surface estate on account of deficiencies in valuable lands on Kodiak Island..." ANILCA Section 1427(a)(2). (Emphasis added.)

18

meaningless and ineffective. Therefore, Stratman's reading of ANILCA violates settled principles of statutory construction that legislation should not be construed to be nugatory.

Not only does Stratman ask this Court to construe ANILCA in a manner that would render it nugatory, and to have more general legislation control over a specific statute, and to hold that regulations more onerous than provided for in ANILCA should be applied in violation of the rule set forth in *Koniag, Inc. v. Kleppe*, but the Protestant also invites this Court to violate other settled principles of statutory construction.

If the meaning of a statute is plain, it should be enforced as it reads without judicial modification or construction. *Horowitz v. Alaska Bar Association*, 609 P.2d 39, 41 (Alaska 1980); *Sutherland, Statutes and Statutory Construction*, Section 45.02 at 4-5 (4th Ed. 1973). The language of ANILCA §1427 is clear. A Koniag Deficiency Village Corporation is defined as including Leisnoi, Inc., and Congress has enacted legislation recognizing "the right of each Koniag Deficiency Village Corporation to conveyance under [ANCSA]". The Act directs the Secretary of the Interior to issue land patents to the surface estate of lands on Afognak Island to the Afognak Joint Venture, comprised in part of Koniag Deficiency Village Corporations, in satisfaction of their recognized right to conveyance under ANCSA of acreage on the Alaska Peninsula. The conveyances are not conditioned upon any findings of Native Village eligibility, hearings on certification, or regulatory conditions precedent, other than Leisnoi, Inc. passing a resolution accepting the Afognak lands in lieu of deficiency acreage on the Alaska Peninsula. Since the Act plainly directs the Secretary of the Interior to issue the land patents to the Afognak Joint Venture on behalf of Leisnoi, Inc., this Court should not construe ANILCA in a fashion that would result in the conclusion that the Secretary of the Interior should not have

19

issued the Afognak land patents as Congress had directed. The meaning of ANILCA is plain and it should be enforced as it reads. The statute states that Leisnoi, Inc. is a Village Corporation that has a right to conveyances under ANCSA and is entitled to share in the patents for land on Afognak Island issued to the Afognak Joint Venture. Stratman's request for judicial modification or some sort of contrary administrative construction of the Act should therefore be rejected.

The Protestant feigns shock at a statute that provides for lands to be patented in satisfaction of Leisnoi, Inc.'s right to ANCSA conveyances. Protestant, who has been spreading lies about the purported ineligibility of the Native Village of Woody Island for so many years now that he has apparently come to believe them himself, essentially argues that the result of ANILCA, that Leisnoi, Inc. is defined as a specific type of Native Village Corporation, a Koniag Deficiency Corporation, entitled to participate in a Joint Venture that will receive ANCSA land patents, would have such a severe effect upon his decertification challenge that the Court should construe ANILCA to mean something other than what it states. Protestant's theory is without merit since the United States Supreme Court has observed that "[W]e must adopt the plain meaning of a statute, however severe the consequences." *Jay v. Boyd*, 351 U.S. 345, 357 (1956).

The meaning of ANILCA is plain. It directs that lands on Afognak be patented to the Afognak Joint Venture in satisfaction of the right of each Koniag Deficiency Village Corporation to select lands on the Alaska Peninsula. Leisnoi, Inc. is recognized by Congress as being a Koniag Deficiency Corporation. This moots any challenge to Leisnoi, Inc.'s status as an Alaska Native Village Corporation. The United States Supreme Court observed in