BEFORE THE DEPARTMENT OF THE INTERIOR
ALASKA NATIVE CLAIMS APPEAL BOARD

In the matter of eligibility )
of the Villages of Afognak, )
Chitina, Kasaan, Manley Hot )
Springs, and Alexander Creek, )
Anton Larsen Bay, Bells Flats,)
Bettles Field, Caswell, )
Chenega, Chickaloon, )
Chuloonivik, Council, Eyak, )
Haines, Kasilof, King Island, )
Knik, Montana Creek, Pauloff )
Harbor, Point Possession, )
Solomon, Umkumiut, Woody )
Island for benefits under the )
Alaska Native Claims Settle- )
ment Act of December 18, 1971 )
(P.L. 92-203; 43 U.S.C. sec. )
1601, et seq.) )
)

Appeal of
Alaska Wildlife Federation and
Sportsmen's Council, Inc., and
Mr. Philip Holdsworth, Mr. James
Boa, and Mr. and Mrs. Harold
Strandberg.

REPLY TO MOTION FOR PRELIMINARY RULING AND
MOTION FOR DECLARATORY ORDER

    Come now Alaska Wildlife Federation and Sportsmen's Council, Inc., and Mr. Philip Holdsworth, through their attorney James F. Clark, and join the Juneau Area Director in moving the Board to rule and move for a Declaratory Order prior to any pre-hearing conference or decision in the above-referenced matters as follows:

    1. That Congress intended that the words "resided" and "residence", as used in the Act, be defined in their ordinary legal sense, as is set forth in appellants Holdsworth's and Alaska Native Wildlife Federation's brief. (United States v. David, 235 U.S. 561 (1915)).

    2. That an Alaska Native is "properly" enrolled to a village for purposes of 43 C.F.R. 2651.2(b)(1) if he was a resident of that village on April 1, 1970 as the word "resident" is defined in paragraph 1 hereof.

    3. That the presumption of offical regularity of the Juneau Area Director's decision to enroll a particular Native to a particular village will be rebutted by a showing (from column 18 of the Enrollment Form) that the Native lived in a place other than that village for two years as of April 1, 1970, thus shifting the burden to appellees to show by other indicia of residence that the Native concerned in fact, resided in the disputed village as the term "resided" was intended by Congress to be used in the Act. (see 1 above)



398

4. That with respect to the following named villages the burden of proving eligibility has shifted to appellees inasmuch as the presumption of official regularity of the residence of the required number of Natives therein has been rebutted by the BIA's own computer print-out of the family roll which shows that all but an insufficient number of Natives to constitute a village, in fact, lived elsewhere for two years as of April 1, 1970: Afognak, Chitina, Kasaan, Manley Hot Springs, Alexander Creek, Anton Larsen Bay, Bells Flats, Bettles Field, Caswell, Chenega, Chickaloon, Chuloonivik, Council, Eyak, Haines, Kasilof, King Island, Knik, Montana Creek, Pauloff Harbor, Point Possession, Solomon, Umkumiut, Woody Island.

DATED this 15th day of April, 1974.

Respectfully submitted,

BY _____
James F. Clark, of Attorneys
for Alaska Wildlife Federation
and Sportsmen's Council, Inc.
and Mr. Philip Holdsworth,
Mr. James Boa, Mr. and Mrs.
Harold Strandberg.

BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR
PRELIMINARY HEARING AND MOTION FOR
DECLARATORY ORDER

A. RESIDENCE. THE APPELLANTS' APPELLATE BRIEF HAS SET FORTH THE MEANING OF THE WORDS "RESIDED" AND "RESIDENCE" AS THOSE WORDS ARE COMMONLY UNDERSTOOD AT LAW. THAT BRIEF ALSO EXPLAINS WHY CONGRESS INTENDED FOR THIS DEFINITION OF THE WORDS "RESIDED" AND "RESIDENCE" TO BE USED IN THE ACT. ACCORDINGLY, THIS BOARD SHOULD RULE THAT THE WORDS "RESIDED" AND "RESIDENCE" ARE TO BE USED IN THESE PROCEEDINGS IN ACCORDANCE WITH THE DEFINITION SET FORTH IN APPELLANTS' APPELLATE BRIEF.

B. INASMUCH AS CONGRESS INTENDED THAT THE WORDS "RESIDED" AND "RESIDENCE" BE DEFINED IN THEIR ORDINARY LEGAL SENSE, AN ALASKA NATIVE CANNOT BE "PROPERLY" ENROLLED TO A VILLAGE, WITHIN THE MEANING OF 43 C.F.R. 2651.2(b)(1), UNLESS HE WAS, IN FACT, A "RESIDENT" OF THAT VILLAGE AS OF APRIL 1, 1970, AS THAT WORD IS DEFINED IN APPELLANTS' APPELLATE BRIEF.

C. WHILE APPELLANTS RECOGNIZE THAT THE ADMINISTRATIVE DETERMINATIONS OF VILLAGE ELIGIBILITY BY THE JUNEAU AREA DIRECTOR OF THE BUREAU OF INDIAN AFFAIRS ARE CLOTHED IN A PRESUMPTION OF OFFICIAL REGULARITY, THAT PRESUMPTION HAS BEEN REBUTTED BY A COUNTERVAILING PRESUMPTION.

In each administrative determination the Director relied exclusively upon the place of enrollment listed by the enrollee as determination of residence. This is seen from the rationale set forth as follows in a representative sample of an administrative determination:

> "The 1972 Census is not, therefore, the exclusive source of information for the determination of residency. Part 43(h) of Title 25 of the Code of Federal Regulations provides for enrollment of the Natives. The main source of 'other evidence satisfactory to the Secretary of the Interior' is the official enrollment, which not only contains evidence of race, but of residence (of the 1970 Census) date as well."

Thus, the Bureau of Indian Affairs Director relied solely on the declarations of intention of the enrollee as reflected in Column 16 of the Enrollment Form, and did not consider such other evidence of residence as column 18 of the same Enrollment Form which showed where the enrollee had lived for two years as of April 1, 1970.

As was pointed out in appellants' appellate brief, a floating intention to return to a place is insufficient to establish residence there. (United States v. David, 235 U.S. 561

(1915); Hall v. Wake County Board of Elections, 187 S.E.2d 52 (N.C. 1972)). Moreover, the Director's administrative determinations ignored the presumption that one "resides" where one dwells as set forth by the Supreme Court of the United States in District of Columbia v. Murphy, 314 U.S. 441, 455 (1941):

> "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary. (cites omitted) The taxing authority is warranted in treating as prima facie taxable, any person quartered in the District on tax day whose status it deems doubtful. <u>It is not an unreasonable burden upon the individual, who knows best whence he came, what he left behind, and his own attitudes, to require him to establish domicile elsewhere, if he is to escape the tax.</u>" (emphasis added)

Likewise, it is not an unreasonable burden upon the Director to show that those claiming residence in villages other than those in which they lived on April 1, 1970 in fact were residents to the places to which they enrolled. This was what was intended by the requirement in 43 C.F.R. 2651.2(a) that he make findings of facts and an investigation with respect to residence. That he has not done so is clear from his own administrative determinations as quoted above.

Accordingly, it is appellants' position that column 18 of the Enrollment Form sets out a rebuttable presumption of the residence of the Natives enrolled under the Act. (See Pace v. District of Columbia, 135 F.2d 249 (D.C.Cir. 1943)). Where column 18 and column 16 coincide, the appellants have the burden of proving that that particular Native is, indeed, a resident elsewhere. However, where column 18 reflects that a Native lived in one village for two years as of April 1, 1970 and column 16 lists his "permanent residence" as elsewhere, then the burden is upon the appellees under Murphy, supra to show that he is a resident of the place listed in column 16 of the Enrollment Form. This is especially so where appellants show that a Native has been voting in a place other than that listed in column 16. (Griffin v. Matthews, 310 F.Supp. 341 (M.D.N.C. 1969)). The quantum of proof was described thus in Hamlin v. Holland, 256 F.Supp. 25, 27 (1966):

> "There is ordinarily a presumption in favor of an original or former domicile as against an acquired one and proof of a change must be clear and convincing."

The procedure which appellants suggest herein is not at all new in the law or in administrative law. There are many instances where the presumption of regularity and the burden of proof as initially placed upon an appellant in a board pro-

-4-

395

ceeding shifts to the appellees. The leading case on this point is Kerner v. Fleming, 283 F.2d 916 (2d Cir. 1960). There the government sought dismissal of an appellant's action because he had the burden of proof and did not meet it. The court held at page 921:

> "We may agree that under the cited sections and under section 7(c) of the Administrative Procedure Act, 5 U.S.C.A. §1006(c), an applicant for a disability pension has the ultimate burden of persuasion and that a reviewing court ought not order the grant of a pension to an applicant who has not met this. However, it does not follow that the court is bound to sustain a denial of disability benefits where the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer."

In Robinson v. Richardson, 360 F.Supp. 243 (E.D.N.Y. 1973) the court said at page 248:

> "The burden of proving disability rests upon the claimant. (cites omitted) However, if the plaintiff can establish that he cannot continue in his previous line of employment, the burden of going forward shifts to the examiner to establish that there are other jobs available to the plaintiff. (cites omitted) The ultimate burden of proof is of course that of the plaintiff."

For this reason it is perfectly proper procedure for the burden of proof to now shift to the appellees to prove that Natives shown in column 18 to live other than the residence set forth in column 16, prove the propriety of their village of enrollment.

D.  THE BURDEN OF PROOF HAS SHIFTED TO THE APPELLEES TO PROVE THAT THE VILLAGES IN FACT EXIST.

In order to qualify as a Native village under the Act, a village must have at least 25 Native residents. With respect to the villages listed in paragraph 4 of the Motion for Declaratory Order there are less than 25 Natives who prima facie qualify as residents. That is to say, with respect to the named villages columns 13 and 16 of the BIA Enrollment Forms do not coincide to show 25 Native residents. Since this is so, the burden of proving the existence of these villages has necessarily shifted to the appellees who must now show that there is a sufficient number of residents to the named village to have it qualify under the Act.

DATED this 15th day of April, 1974.

Respectfully submitted,

By _____/s/ James F. Clark_____
James F. Clark, of Attorneys
for Alaska Wildlife Federation
and Sportsmen's Council, Inc.,
and Mr. Philip Holdsworth, Mr.
James Boa, and Mr. and Mrs.
Harold Strandberg.

I hereby certify that on April 15, 1974, copies of this Reply to Motion for Preliminary Ruling and Motion for Declaratory Order and Brief in Support of Response to Motion for Preliminary Hearing and Motion for Declaratory Order have been sent to the following parties at the addresses indicated by first class mail, postage prepaid.

                                                          *James F. Clark*
                                                         James F. Clark

Alaska Native Claims Appeal Board
United States Department of the Interior
P.O. Box 2433
Anchorage, Alaska  99510

Mr. Clarence Antioquia
Acting Director
Bureau of Indian Affairs
P.O. Box 3-8000
Juneau, Alaska  99801

Robert C. Bruce
William Robert McConkie
William Edward Spear
Departmental Counsels
P.O. Box 849
Juneau, Alaska  99801

Commissioner Charles F. Herbert
Department of Natural Resources
Pouch "M"
Juneau, Alaska  99801

Michael R. Peterson
Deputy Attorney General
State of Alaska
Pouch "K"
Juneau, Alaska  99801

Gordon W. Watson, Area Director
Bureau of Sport Fisheries & Wildlife
Alaska Area Office
813 "D" Street
Anchorage, Alaska  99501

John McMunn
Department of the Interior
Office of the Solicitor
San Francisco Field Office
450 Golden Gate Avenue, Box 36064
San Francisco, California  94102

Mr. William Tull
Attorney for Matanuska-
    Susitna Borough
Burr, Pease & Kurtz
825 West Eight Ave.
Anchorage, Alaska  99501

L. Silver, Esq.
Sierra Club Legal Defense Fund
311 California Street
San Francisco, California  94104

Al Gaskill
United States Department of Agriculture
Forest Service
P.O. Box 1628
Juneau, Alaska  99801

Mr. Robert Marshall, President
AHTNA INCORPORATED
P.O. Box 823
Copper Center, Alaska  99573

Native Village of Chitina
% AHTNA INCORPORATED
P.O. Box 823
Copper Center, Alaska  99573

Robert M. Goldberg
Attorney at Law
2702 Denali Street
Anchorage, Alaska  99503

Mr. Jack Wick, President
KONIAG INCORPORATED
Kodiak, Alaska  99615

Edward Weinberg, Esq.
DUNCAN, BROWN, WEINBERG & PALMER
1700 Pennsylvania Avenue, N.W.
Washington D.C.  20006

Natives of Afognak
% Boy H. Madson
Box 726
Kodiak, Alaska  99615

Mr. Iver Malutin, President
Natives of Afognak, Inc.
Box 14
Kodiak, Alaska  99615

391

Mr. Charles Christenson, President
Nu-nachk-pit, Inc.
Larsen Bay, Alaska  99624

Ms. Laura Bell Angell, President
Anton Larsen, Inc.
Box 1514
Kodiak, Alaska  99615

Mr. Ted Valanis, President
Bells Flats Native, Inc.
Box 794
Kodiak, Alaska  99615

Mr. Carl Armstrong, Pres.
Ms. Marie Redick, Secretary
Leisnoi, Inc.
Box 631
Kodiak, Alaska  99615

Mr. John Borbridge, President
SEALASKA CORPORATION
127 South Franklin Street
Juneau, Alaska  99801

Richmond F. Allan, Esq.
WEISSBRODT & WEISSBRODT
1615 Twentieth Street, N.W.
Washington, D.C.  20009

Mr. Donald Beighle
Attorney for SEALASKA CORPORATION
127 South Franklin Street
Juneau, Alaska  99801

Mr. Willard Jones
KAVILCO, INC.
P.O. Box 745
Ward Cove, Alaska  99928

Mr. Jeff David
Village Leader
Box 174
Haines, Alaska  99827

Mr. John Sackett, President
DOYON LIMITED
527 3rd Avenue
Fairbanks, Alaska  99701

Willard H. Timme
General Counsel
DOYON LIMITED
527 Third Avenue
Fairbanks, Alaska  99701

-9-

390

Bean Ridge Corporation
& DOYON LIMITED
527 3rd Avenue
Fairbanks, Alaska   99701

Mr. Frank Tobuk
President of Evansville, Inc.
Bettles, Alaska   99726

Mr. Ralph A. Johnson
Executive Director
COOK INLET CORPORATION
519 "D" Street
Anchorage, Alaska   99501

Mr. Bruce A. Bookman
McGrath, Wohlforth & Flint
Attorneys for Cook Inlet Region, Inc.
645 "G" Street
Anchorage, Alaska   99501

Mr. Carl Thiel, President
ALEXANDER CREEK NATIVE CORP.
113 W. 6th Ave.
Anchorage, Alaska   99501

Ms. Margaret Ward, President
CASWELL NATIVE ASSOCIATION
145 - 15th Avenue
Anchorage, Alaska   99501

Ms. Angeline Stevig, President
CHICKALOON NATIVE CORPORATION
113 W. 6th Avenue
Anchorage, Alaska   99501

Mr. George Jackinsky
President
KASILOF-COHOE INC.
Box 22
Kasilof, Alaska   99610

Mr. Bailey Theodore
President
KNIKATNU INC.
Star Route Knik
Wasilla, Alaska   99687

Mr. Herbert Theodore
President & Registered Agent
MONTANA CREEK NATIVE ASSOCIATION, INC.
Star Route
Willow, Alaska   99688

POINT POSSESSION COUNCIL
C/o Mrs. Fedoria Pennington
Registered Agent
1420 "I" Street
Anchorage, Alaska  99501

Mr. Cecil Barnes, President
CHUGACH NATIVES CORPORATION
912 E. 15th Avenue
Anchorage, Alaska  99501

Mr. Clark Gruening
Attorney for CHUGACH NATIVES, INC.
213 W. 6th, No. 1
Anchorage, Alaska  99501

Mr. Nicholas Kompkoff
Village Chief & President
CHENEGA CORPORATION
Box 340
Cordova, Alaska  99574

Mr. Clark S. Gruening
Registered Agent
EYAK CORPORATION
213 W. 6th Avenue, Suite 2
Anchorage, Alaska  99501

Mr. Ray Christensen, President
CALISTA CORPORATION
516 Denali Street
Anchorage, Alaska  99501

Mr. Russell J. Gallagher
Attorney for CALISTA CORPORATION
425 "G" St., No. 540
Anchorage, Alaska  99501

Mr. Bill Acres
CHULOONAWICK
VIA Emmonak, Alaska  99531

UMKUMUTE COUNCIL
C/o Thomas Gumbo
VIA Tununak, Alaska  99681

Mr. Gary T. Longley
Executive Director
BERING STRAITS NATIVE
    CORPORATION
P.O. Box 1008
Nome, Alaska  99762

388

Mr. John Hendrickson
Attorney for BERING STRAITS
   NATIVE CORPORATION
213 W. 6th, Suite 2
Anchorage, Alaska   99501

COUNCIL NATIVE Corp.
VIA White Mountain
Alaska   99784

KING ISLAND
C/o Gabriel L. Muytoyuk
Box 1008
Nome, Alaska   99762

Mr. Robert K. Curran
President and Registered Agent
SOLOMON NATIVE CORPORATION
Nome, Alaska   99762

Mr. Michael Swetzof, President
ALEUT CORPORATION
425 "G" Street
Anchorage, Alaska   99501

Mr. John Anthony Smith
Attorney for ALEUT CORPORATION
Sute 500, 1st Nat'l Bank Bldg.
Anchorage, Alaska   99501

Pauloff Harbor (Sanak)
C/o ALEUT CORPORATION
425 "G" Street
Anchorage, Alaska   99501

Mr. John Kakala, President
Kenai Peninsula Conservation Society
Box 563
Soldotna, Alaska   99669

Eklutna, Inc.
C/o Burr, Pease & Kurtz, Inc.
825 W. Eighth Avenue
Anchorage, Alaska   99501

Mr. Fred D. Sloan
P.O. Box 152
Juneau, Alaska   99801