John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| OMAR STRATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. A02-0290 CV (JKS) |
| versus | ) | |
| | ) | **LEISNOI, INC.'S REPLY TO** |
| LEISNOI, INC., KONIAG, INC., and | ) | **OPPOSITION (#167) TO MOTION** |
| DIRK KEMPTHORNE, SECRETARY OF | ) | **TO DISMISS FOR LACK OF SUBJECT** |
| THE INTERIOR, | ) | **MATTER JURISDICTION RE: LACK** |
| | ) | **OF JUDICIAL STANDING AND** |
| Defendants. | ) | **ADMINISTRATIVE STANDING (#107)** |
| | ) | |

## I.  INTRODUCTION

In his opposition brief (docket #167), Omar Stratman confuses judicial standing with administrative standing. He incorrectly assumes that if he has one, he necessarily has the other. He incorrectly assumes that if he once had standing he still has standing, even though he has sold his ranch and his grazing lease has expired. He incorrectly assumes that if he had standing simply to protest Woody Island's eligibility, he necessarily has standing to appeal from an administrative determination declaring Woody Island to be eligible for ANCSA benefits. Further, he incorrectly assumes that because this Court referred Stratman's challenge to the

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 1

1206665v1

agency, he was exempted from the agency's own rules that require an individual to be adversely affected by agency action in order to have a right to appeal administrative findings.

## II.  JUDICIAL STANDING AND ADMINISTRATIVE STANDING ARE SEPARATE REQUIREMENTS

Omar Stratman's opposition brief (docket #167) reveals a fundamental misunderstanding of the differences between administrative and judicial standing.  Stratman appears to contend that simply because the Ninth Circuit determined he had judicial standing to file suit in 1976, based upon unproven assertions of alleged recreational use, that he therefore is conclusively determined to be vested with administrative standing both to challenge the eligibility of the Native Village of Woody Island, and to appeal from an administrative decision certifying Woody Island as eligible under ANCSA.

Mr. Stratman's contention is not in accordance with the law.  As Circuit Judge Bazelon made clear in his often-cited concurring opinion in the village eligibility appeal *Koniag, Inc. v. Andrus*, 580 F.2d 601 (D.C. Cir. 1978), "An examination of the theoretical foundations of judicial standing reveals no reason to equate judicial and administrative standing."  580 F.2d at 611.  Judge Bazelon noted that federal courts are governed by Article III of the United States Constitution, whereas administrative agencies derive their powers from Congress, and thus indirectly from Article I.  580 F.2d at 612.  The starting point in determining administrative standing "should be the language of the statutes and regulations that provide for an administrative hearing, appeal or intervention."  *Koniag, Inc. v. Andrus*, 580 F.2d at 614 (concurring opinion, Bazelon, J.).

Stratman's premise upon which his opposition hinges, that judicial determinations of standing control questions of administrative standing, is not the law.  Determinations of judicial

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 2

1206665v1

standing do not vest protestants with administrative standing. *High Desert Multiple-Use Coalition, Inc.*, IBLA 90-57 (1990) ("We, however, have rejected the notion that judicial determinations of standing control questions of administrative standing… [S]tanding before the agency should rest on an inquiry whether allowing standing to a party will assist the agency in fulfillment of its functions."). See also *In re Pacific Coast Molybdenum Co.*, IBLA 81-1027 (1982). Allowing standing to Omar Stratman would not assist the Department of the Interior in the fulfillment of its functions because Stratman lacks any property interest in the land patented to Leisnoi, and has no legally cognizable interest in whether Woody Island retains its certification.

**III.    STRATMAN LACKS ADMINISTRATIVE STANDING TO APPEAL FROM THE ADMINISTRATIVE FINDING THAT WOODY ISLAND IS ELIGIBLE FOR ANCSA BENEFITS**

**1.    Administrative standing to appeal departmental determinations is narrower than administrative standing to protest village eligibility.**

The issue presented herein is not whether Omar Stratman had a right to file an initial protest to the eligibility of the Native Village of Woody Island. Rather, the question is whether Stratman had standing to pursue an administrative appeal to the IBLA challenging the Bureau of Indian Affairs' certification of Woody Island as being eligible for ANCSA benefits, and can appeal therefrom to this Court.

The Court did not dispense with agency standing requirements when it referred Omar Stratman's case to the Department of the Interior. In fact, just the opposite is true. One of the reasons for referral was to "permit exhaustion of administrative remedies, albeit belated…" and to allow for a determination of whether Stratman was anything more than just an "itinerant berry picker." September 12, 1995 Order at pages 2-3. Rather than exempting Stratman from

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 3

1206665v1

administrative requirements, the Court subjected Stratman to them.  At the agency level,

Stratman had to carry the same burden as other administrative claimants, one of which is to

establish administrative standing.

Title 43 CFR § 2651.2 broadly allows "Any interested party" to "protest a <u>proposed</u>

decision as to the eligibility of a village." (emphasis added).

But once a decision has been made certifying a village as eligible for ANCSA benefits,

standing to pursue an administrative appeal therefrom is much narrower.  Stratman and Leisnoi

disagree as to which particular subsection of 43 CFR § 4.410 governs an administrative appeal

from the Department of the Interior finding that Woody Island is eligible as an ANCSA village.

Stratman contends that subsection (a) governs,[1] while Leisnoi contends that subsection (e)

applies.[2]

**2.    <u>To have standing to appeal Woody Island's certification, Stratman either
had to prove he was "adversely affected" by the decision, or show he holds a
"property interest in land affected by the decision."</u>**

In large part, the issue of which particular subsection of 43 CFR § 4.410 governs

Stratman's belated administrative appeal from the village eligibility determination is purely

academic,[3] because Stratman does not meet either test.

---

[1] "Any party to a case **who is adversely affected** by a decision of an officer of the Bureau of Land Management or
of an administrative law judge shall have a right to appeal to the Board…" 43 CFR § 4.410(a)

[2] "For decisions rendered by Departmental officials relating to land selections under the Alaska Native Claims
Settlement Act, as amended, any party **who claims a property interest in land affected by the decision**, an agency
of the Federal Government or a regional corporation shall have a right to appeal to the Board." 43 CFR § 4.410(e).

[3] Subsection (a) technically applies only to appeals from "a decision of an officer of the Bureau of Land
Management…."  The BLM is not the agency certified Woody Island as eligible for benefits; the Bureau of Indian
Affairs made that determination in its February 8, 1974 *Final Administrative Determination  Concerning the
Eligibility of Woody Island as a Native Village for Purposes of ANCSA.*  Because there was no decision by an officer
of the BLM, Leisnoi contends subsection (a) of 43 CFR § 4.410 is not the subsection that applies.  Subsection (e),
on the other hand, applies to appeals from administrative decisions involving "land selections under the Alaska

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 4

1206665v1

Under subsection (a) of 43 CFR § 4.410, a party taking an appeal to the IBLA must prove he is "**adversely affected**" by the underlying agency decision.[4] That term, "adversely affected", is defined in subsection (d): "A party to a case is adversely affected, as set forth in paragraph (a) of this section, when that party has **a legally cognizable interest, and the decision on appeal has caused or is substantially likely to cause injury to that interest**." 43 CFR § 4.410(d).

Having failed to show that he is "adversely affected" by the eligibility determination,[5] and having conceded that he lacks a property interest in land that would be affected by the decision,[6] Stratman has failed to establish the required administrative standing under either 43 CFR § 4.410(a) or (e).

Merely having been referred by this Court to the agency, Stratman, as a party, still had to prove standing to pursue his appeal before the Interior Board of Land Appeals. The Board was

---

Native Claims Settlement Act." Stratman contends subsection (e) does not apply because the determination he wants to appeal involves village eligibility rather than land selection. Stratman cites to language in *Minchumina Homeowners Association*, 93 IBLA 169 (1986) to support his contention that subsection (a) governs an appeal from an eligibility determination. But the rumination of the IBLA on that issue was *dicta* because appellants were "the owners of real property within either the area selected by MNI or MNI's locality", 93 IBLA a p. 175, who met both the "property interest" test of subsection (e) and the "adversely affected" test of subsection (a).

[4] The Administrative Procedures Act likewise requires that a protestant appealing to court prove he has been adversely affected in order to be permitted to challenge the agency determination. Sovereign immunity is waived only for suits brought against the United States by persons who are "adversely affected or aggrieved by agency action …." 5 U.S.C. § 702. Stratman has not shown he was adversely affected by the agency action, so he has no viable APA claim.

[5] Omar Stratman's attorney never called Mr. Stratman to the stand to testify before the administrative law judge. At the administrative proceedings, Stratman never articulated any "legally cognizable interest" or explained how the eligibility determination "has caused or is substantially likely to cause injury to that interest." 43 CFR § 4.410(d).

[6] Counsel for Leisnoi called Stratman to testify, though, and, under oath, Stratman admitted he has no property interest in land that would be affected by the eligibility determination. See Transcript of August 4, 1998 proceedings, testimony of Omar Stratman at p. 724 ("I don't believe I have a property interest in it, no.") ("He doesn't have a claim of a property interest in this case.") [admission by Mr. Stratman's counsel, attorney Michael Schneider], transcript at pp. 722-723 [Exhibit 1 to docket #107].

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 5

1206665v1

not supposed to have to speculate as to why the itinerant berry-picker is concerned about the decision to certify Woody Island as eligible for benefits:

> "But, as the Board has reiterated on numerous occasions, the mere fact that an individual is a party to a case does not necessarily establish that he or she has been adversely affected by the decision under appeal.… On the contrary, the Board has expressly held that in order to maintain an appeal, 'the record must show that appellants have a legally recognizable interest.' … Nor will the Board indulge in idle speculation as to why an appellant is concerned about a decision. It is the responsibility of the appellant to allege facts establishing the nature of the injury for which redress is sought."

*Colorado Open Space Council Sierra Club*, IBLA 86-151, 109 IBLA 275, 280(1989) (internal citations omitted).

Stratman's theory, that all he need do to show standing is rest upon the Ninth Circuit's assumption that he at one time made recreational use of Leisnoi's land, is fatally flawed. Omar Stratman's burden, as a party belatedly exhausting administrative remedies, was to prove he had standing to appear before the IBLA to challenge the BIA's certification of Woody Island as an eligible Native village. Stratman did not carry his burden. Under subsection (a) of 43 CFR § 4.410, which he contends applies, Mr. Stratman did not establish standing because he failed to show he is "adversely affected" by the certification decision, which is to say, he failed to show he "has a legally cognizable interest, and the decision on appeal has caused or is substantially likely to cause injury to that interest." 43 CFR § 4.410(d). Under subsection (e), which actually applies, he did not establish standing because he failed to show that he has "a property interest in land affected by the decision." 43 CFR § 4.410(e).

Who is this itinerant berry-picker, and what interest does he have in Woody Island's certification? Stratman failed to answer this question although the Court gave him the

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 6

1206665v1

opportunity to do so by referring his claim to the agency to permit Stratman belatedly to exhaust his administrative remedies. Stratman admitted he has no "property interest" that is affected by the certification, and failed to prove he has any "legally cognizable interest" that is "adversely affected" by the certification decision. In short, he failed to establish he had standing to ask the IBLA to overturn the BIA's certification decision. Accordingly, there is no basis for any further challenge to the certification; this case should be dismissed as moot.

## IV.    OMAR STRATMAN LACKS JUDICIAL STANDING TO APPEAL FROM THE SECRETARY'S RULING

A review of the Third Amended Complaint in this case reveals that Omar Stratman does not articulate any facts establishing federal subject matter jurisdiction. He does not even allege that he made recreational use of Leisnoi's lands, although that allegation had been a basis Stratman used to achieve judicial standing back in 1980, in *Stratman v. Watt*, 656 F.2d 1321 (9thCir.1981). Likewise, a review of the transcript[7] of his testimony before the agency reveals no facts establishing subject matter jurisdiction. Stratman concedes he has no property interest that is affected by the certification, and did not testify to having made any recreational use of Leisnoi's land.

The issue presented in the 1981 *Watt* case was whether the district court had erred in dismissing "for failure to exhaust administrative remedies." 656 F.2d at 1324. Declaring that Stratman should have been given actual notice of the village's application, the Ninth Circuit remanded the case for consideration of exhaustion of administrative remedies, and instructed the district court to determine "what, if any, further judicial proceedings" are warranted:

---

[7] Exhibit 1 to Docket #107.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 7

1206665v1

"A remand is particularly appropriate here because the government, after the judgment was entered, represented to this Court that it intended to conduct further administrative inquiries into the qualifications of Woody Island.  If such proceedings have occurred, plaintiffs may well have been given some opportunity to present administratively the matters which they sought to litigate in a judicial forum.  Any pending or intervening administrative action should be taken into account by the district court in determining what, if any, further judicial proceedings in connection with Stratman's and Burton's claims are warranted."

*Stratman v. Watt*, 656 F.2d at 1326.

The Ninth Circuit thus did not mandate that this Court conduct further judicial proceedings after Stratman would given a chance to "present administratively the matters which they sought to litigate in a judicial forum."  Instead, the Ninth Circuit left it up to this Court to decide "what if any, further judicial proceedings … are warranted." (emphasis added).

This Court gave Stratman the opportunity to prove up his allegations, including the allegation of having made recreational use of Leisnoi's land.  But Stratman failed to offer even one iota of proof.  For reasons known only by Omar Stratman and his lawyer, Stratman opted not to present any testimony of his own at the agency.  And the evidence Leisnoi introduced to the agency shows that Stratman has no interests that will be affected by the Secretary's decision not to upset Woody Island's certification, because subsequent to filing his 1976 suit, Stratman sold his ranch to a corporation,[8] and his grazing lease on Leisnoi's land expired.[9]  Stratman therefore has not established he has been "adversely affected or aggrieved by agency action" so as to have standing to pursue an APA claim.  See 5 U.S.C. § 702.

---

[8] Transcript of August 4, 1998 Testimony of Omar Stratman at page 719 [Exhibit 1 to docket #107].

[9] Grazing lease that expired December 31, 2001 [Exhibit 2 to docket #107].

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 8

1206665v1

In every federal case, a district court is presumed to lack subject matter jurisdiction unless the contrary affirmatively is established. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). While the pleadings in the 1976 suit alleged Mr. Stratman made recreational use of Leisnoi's land, and the Ninth Circuit accepted those allegations as true, his Third Amended Complaint in this case is devoid of any such allegations, and the administrative record developed at the Department of the Interior is void of evidence by which the Court could conclude Stratman made such uses of Leisnoi's land, or presently holds legally cognizable interests that are adversely affected by Woody Island's certification. There is simply no evidence to overcome the presumption that this Court lacks subject matter jurisdiction. And in his opposition to the instant motion challenging his standing, Stratman failed to articulate how, per the § 702 of the APA, he personally has been "adversely affected or aggrieved by agency action…"

## V.    __CONCLUSION__

Federal courts should not engage in idle speculation or purport to address issues in which the litigants have no demonstrable interest. There is no actual evidence in the record of recreational use by Omar Stratman of Leisnoi's land, and there is no evidence of any property interest or cognizable interest held by Omar Stratman that could be affected by the certification of the Native Village of Woody Island.

The Department of the Interior does not permit appeals to the IBLA from agency decisions absent proof of that the administrative appellant has a "property interest in land

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 9

1206665v1

affected by the decision"[10] or a "legally cognizable interest"[11] that will be "adversely affected"[12]by the decision. Stratman fails this test.

The Ninth Circuit instructed that "Any pending or intervening administrative action should be taken into account by the district court in determining what, if any, further judicial proceedings in connection with Stratman's … claims are warranted." Contrary to Stratman's allegations, the Ninth Circuit did not mandate this Court conduct further proceedings after completion of the administrative proceedings. In fact, there is no basis for any further proceedings in this Court, since Stratman failed to establish a right to appeal even just to the Interior Board of Land Appeals, let alone to appeal from Secretary Kempthorne's ruling.

Stratman has not proven he has been "adversely affected or aggrieved by agency action within the meaning of a relevant statute…." so as to have standing to maintain an APA action under 5 U.S.C. § 702.

WHEREFORE, having failed to establish administrative standing and judicial standing; having failed to establish he holds a property interest or cognizable interest that is adversely affected by the agency decision to certify the Native Village of Woody Island as eligible for ANCSA benefits; having failed to demonstrate that he personally has been adversely affected or aggrieved by agency action, Stratman has no standing to appeal from Secretary Kempthorne's decision that Congress ratified Secretary Morton's 1974 certification of the eligibility under

---

[10] 43 CFR § 4.410(a).

[11] 43 CFR § 4.410(d).

[12] 43 CFR § 4.410(a).

ANCSA of the Native Village of Woody Island, so the Court should DISMISS FOR LACK OF

SUBJECT MATTER JURISDICTION.

DATED this 29th day of June, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007 a copy of the foregoing was served electronically
upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Lack of Judicial Standing and Administrative Standing
Page 11

1206665v1