John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,          ) <br>                    ) <br>       Plaintiff,      ) <br>                    ) <br> versus                  ) <br>                    ) <br> LEISNOI, INC., KONIAG, INC., and  ) <br> DIRK KEMPTHORNE, SECRETARY OF  ) <br> THE INTERIOR,         ) <br>                    ) <br>       Defendants.    ) <br>                    ) <br>                    ) <br> _____) | Case No. A02-0290 CV (JKS) <br><br> **LEISNOI, INC.'S REPLY TO OPPOSITION (#166) TO MOTION TO DISMISS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION RE: MOOTNESS RESULTING FROM CONGRESSIONAL RATIFICATION IN THE FEDERALLY RECOGNIZED INDIAN TRIBE LIST ACT (#111)** |

## I.  <u>INTRODUCTION</u>

The Department of the Interior declared in 1988[1] that Alaska Native Villages "defined in or established pursuant to the Alaska Native Claims Settlement Act" are recognized by the federal government as "tribes."  It equated tribal status with Alaska Native village status, and specifically included Woody Island, by name, as a federally recognized tribe in the official Tribal Entities List.[2]

_____

[1] 53 FR 52829 [Exhibit 1 to Docket #111]

[2] Id.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Mootness Resulting from Congressional Ratification in the FRITLA
Page 1

1206771v1

Congress ratified the list in the Federally Recognized Indian Tribe List Act of 1994, 25 U.S.C. 479a, P.L. 103-454 (Nov. 2, 1994), and declared that "a tribe which has been recognized … may not be terminated except by an Act of Congress."  Inclusion of Woody Island in the Tribal Entities List adopted by Congress in the Federally Recognized Indian Tribe List Act constitutes congressional ratification of Woody Island's status as an Alaska Native Village, mooting Stratman's claims that Woody Island is not an Alaska Native Village.

## II.    NOT ALL ALASKA TRIBES ARE VILLAGES, BUT FEDERALLY RECOGNIZED ALASKA TRIBES ARE VILLAGES

Stratman correctly observes at page 2 of his opposition (docket #166) that "An entity can constitute a 'tribe' and still not constitute a 'Native Village' under ANCSA [because] Section 3(c) of ANCSA defines 'Native village' as 'any *tribe*, band, clan, group, village, community or association in Alaska … which meets the requirements of this Act….'"  For example, a tribe not recognized by federal government would not be deemed to be a Native village if it failed to demonstrate that it "meets the requirements of this Act [ANCSA]."

Stratman's logic fails, however, when he postulates that because not all tribes necessarily qualify as villages, therefore, federally recognized Alaskan tribes do not necessarily qualify as villages. On this point, he is wrong.  The subset of the entire universe of tribes, just Alaskan villages that have been listed on the official Tribal Entities List, **do** qualify as Alaska Native Villages because the Department of the Interior has found they meet the predicate criteria of being "Alaska Native Villages defined in or established pursuant to the Alaska Native Claims Settlement Act."[3]

---

[3] 53 FR 52829 [Exhibit 1 to docket #111].

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Mootness Resulting from Congressional Ratification in the FRITLA
Page 2

1206771v1

A tribe not recognized on the Department of the Interior's official Tribal Entities List may or may not qualify as an Alaska Native village. But those, such as Woody Island, that have achieved recognition on the Tribal Entities List do qualify. Stratman's argument that not all tribes constitute villages is a shallow observation that in no way disproves Leisnoi's contention that Congress, through FRITLA, has ratified Woody Island's Alaska Native village status. Leisnoi has not argued that all Alaskan tribes constitute Alaska Native villages. Leisnoi has only argued that Alaskan tribes recognized by the Department of the Interior on the official Tribal Entities List necessarily qualify as Alaska Native villages, otherwise they would not meet the criteria to be on the list.

Congress chose to define the term "Indian Tribe" as meaning "any … Alaska Native … village … that the Secretary of the Interior acknowledges to exist as an Indian tribe." 25 USC § 479a, Sec. 102(2). The Secretary of the Interior has acknowledged that Woody Island exists as an Indian tribe. The Secretary has thereby found that Woody Island qualifies as an Alaska Native village. Only Congress has the power to change this. 25 U.S.C. § 479a, Sec. 103(4).

If Woody Island were not an Alaska Native village as defined in ANCSA, it would not meet the criteria for being a federally-recognized tribe, because "this list includes all of the Alaska entities meeting … the following criteria ... Alaska Native Villages defined in or established pursuant to the Alaska Native Claims Settlement Act."[4]  Woody Island's inclusion on the list means that it meets the criteria of being an Alaska Native Village as defined in ANCSA.

---

[4] Id.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Mootness Resulting from Congressional Ratification in the FRITLA
Page 3

1206771v1

In the FRITLA, Congress declared that the term "Indian tribe" means "any … Alaska Native … village … that the Secretary of the Interior acknowledges to exist as a tribe." Congress ratified the Secretary's Tribal Entities List. 25 U.S.C. § 479a-1.  Woody Island had already made it onto the list.  Congress, by approving and adopting that list in the Federally Recognized Indian Tribe List Act, thereby ratified Woody Island's status as an Alaska Native Village.  Neither Omar Stratman nor a federal court can change that status; Congress reserved that power exclusively unto itself. 25 U.S.C. § 479a, Sec. 103(4).[5]

## III.    LEISNOI HAS NOT ARGUED ANCSA HAS BEEN IMPLIEDLY REPEALED

Omar Stratman wastes the bulk of his brief trying to rebut an argument Leisnoi never advanced.  He contends that FRITLA did not impliedly repeal ANCSA.  But Leisnoi has not claimed that it did.

Leisnoi made its village eligibility showing pursuant to ANCSA, and was duly certified on the merits in 1974.  Thereafter, based upon Woody Island's Alaska Native Village status, the Department of the Interior recognized the Native Village of Woody Island as a tribe.  Congress has now statutorily confirmed that recognition.  Congress recognizes that because Woody Island is an Alaska Native Village, it is a tribe.  Congress thereby ratified the Department of the Interior's predicate determination that Woody Island is an Alaska Native Village.

---

[5]Omar Stratman could have administratively challenged Woody Island's tribal status so as to preserve his ability to contest the predicate finding that Woody Island meets the criteria of being an Alaska Native Village as defined by ANCSA.  To do so, he would have had to lodge his objection with the Interior Board of Indian Appeals within 90 days of the December 29, 1988 publication in the Federal Register of the Tribal Entities List that listed Woody Island as a federally recognized tribe. See 25 CFR § 83.11.  But he slept on his rights.  He failed to lodge a timely administrative challenge.  It is too late for him to try to do so now.  Nor can he use this case as a substitute for an administrative challenge with the Interior Board of Indian Appeals.  Congress has already ratified the list.  A tribe which has been recognized "may not be terminated except by an Act of Congress." 25 U.S.C. § 479a, Sec. 103(4).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Mootness Resulting from Congressional Ratification in the FRITLA
Page 4

1206771v1

## IV.    __CONCLUSION__

For a village in Alaska to qualify as a federally recognized Alaskan tribe, the village must meet the criteria for being an Alaska Native Village as that term is used in ANCSA. In 1974, the Department of the Interior found the village of Woody Island meets the ANCSA criteria for being an Alaska Native Village. Based upon that finding, the Department of the Interior, in 1998, recognized the Native Village of Woody Island as a federally recognized Alaskan tribe.

Congress then passed legislation approving of the Department of the Interior's Tribal Entities List, thereby statutorily recognizing that because Woody Island meets the criteria of being an Alaska Native Village as defined by ANCSA, the Native Village of Woody Island is a federally recognized Alaskan tribe. Pursuant to the Federally Recognized Indian Tribe List Act, only Congress can disturb Woody Island's status.

The naming of the Native Village of Woody Island's in the Tribal Entities List, which Congress adopted in the Federally Recognized Indian Tribe List Act, constitutes congressional ratification of Woody Island's status as an Alaska Native Village, thereby rendering Omar Stratman's claims to the contrary MOOT.

DATED this 29th day of June, 2007.

RESPECTFULLY SUBMITTED,


/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Mootness Resulting from Congressional Ratification in the FRITLA
Page 5

1206771v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

<u>/s/ John Richard Fitzgerald</u>

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Mootness Resulting from Congressional Ratification in the FRITLA
Page 6

1206771v1