John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>         Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and<br>DIRK KEMPTHORNE, SECRETARY OF<br>THE INTERIOR,<br><br>         Defendants. | Case No. A02-0290 CV (JKS)<br><br>**LEISNOI, INC.'S OPPOSITION TO STRATMAN'S MOTION (#177) FOR AN ORDER DIRECTING THE FEDERAL DEFENDANT TO FILE A COMPLETE ADMINISTRATIVE RECORD** |

I.   **INTRODUCTION**

This Court has not yet ruled on whether Secretary Kempthorne correctly determined that Congress ratified Woody Island's eligibility for ANCSA benefits by listing Leisnoi, Inc. by name in ANILCA and recognizing it as having a right to ANCSA conveyances.  Nor has the Court yet ruled on whether it has subject matter jurisdiction over the claims at issue in this case. Leisnoi has filed five motions (docket #'s 107, 109, 111, 118, and 120) challenging subject matter jurisdiction for a number of reasons, including statute of limitations, mootness, administrative finality, collateral estoppel, lack of administrative standing, lack of judicial standing, and ratification through enactment of ANILCA and FRITLA.  The complete

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to motion for an order directing the federal defendant to file a complete administrative record.
Page 1

1207258v1

administrative record is not needed for a determination of the ANILCA ratification issue or the various motions asserting this Court lacks subject matter jurisdiction to entertain Omar Stratman's suit.

It is premature to consider the merits (or lack thereof) to Omar Stratman's challenge to the certification of the Native Village of Woody Island, because this Court has not yet even determined whether it has subject matter jurisdiction to do so.

II. **THE COMPLETE ADMINISTRATIVE RECORD IS NOT NECESSARY TO A DETERMINATION OF SUBJECT MATTER JURISDICTION**

Whether or not this Court has subject matter jurisdiction can be determined by a review of the exhibits filed alongside Leisnoi's five Rule 12(b)(1) motions to dismiss, and the exhibits Omar Stratman filed alongside his oppositions thereto. There is no need for the Court to sift through archaeological evidence; study photographs; read historical texts and various books; review oversized plat maps; watch 8mm films; review diaries; study deposition transcripts; analyze testimony by dozens of witnesses; or consider the wealth of historical, anthropological, genealogical, and other evidence introduced during two weeks of hearings before the Administrative Law Judge. These materials, while providing fascinating details about the rich, colorful history of the Native Village of Woody Island, are not pertinent to the subject matter jurisdiction inquiry.

III. **THE COMPLETE ADMINISTRATIVE RECORD IS MASSIVE AND UNWIELDY**

It would cost probably several thousands of dollars to copy the complete administrative record. The record in this case is massive, and full not just of documents that can be readily photocopied, but also oversized plat maps; large color charts; overlays on aerial photographs

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to motion for an order directing the federal defendant to file a complete administrative record.
Page 2

1207258v1

marked and labeled by witnesses; very wide color genealogical charts; historic books; treatises; an 8 mm film; hundreds of color as well as black and white photographs; as well as thousands of pages of transcripts, school records; governmental records; BIA records; ANCAB decisions pertaining to many other villages; and a huge number of other documents. To give this Court an idea of the scope of the administrative record, Leisnoi files herewith as Exhibits 1-4 some partial excerpts from its December 7, 1998 Opening Brief filed with the administrative law judge listing Leisnoi's exhibits and briefly describing their relevance. Just the listing and description of the relevance of these exhibits fills 100 pages.

The Court can readily perceive that the materials in the administrative record are not germane to a determination of whether the Court has subject matter jurisdiction. The limited amount of documentation needed for an assessment of whether Stratman's claims are barred by collateral estoppel or administrative finality; whether he lacks administrative standing and judicial standing; whether his claims are moot; whether his claims are barred by the statute of limitations at 43 U.S.C. § 1632; and whether Congress ratified Woody Island's certification in FRITLA or ANILCA, has already been culled from the record by the attorneys, and filed alongside the various 12(b)(1) motions and oppositions. The full administrative record is not needed for the Court to determine whether Secretary Kempthorne was correct in determining that Congress ratified Woody Island's certification; nor is it needed to resolve the other jurisdictional issues.

There is no need at this juncture to compel the federal defendant to copy and lodge the full administrative record. If this case is decided on jurisdictional grounds, including a determination that ANILCA ratified Woody Island's eligibility, as Secretary Kempthorne ruled,

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to motion for an order directing the federal defendant to file a complete administrative record.
Page 3

1207258v1

the exhibits accompanying the 12(b)(2) motions and oppositions thereto will suffice for this Court's consideration, and for any appellate review as well. And if the case is not decided on jurisdictional grounds, the Court can then either refer the matter back down to Secretary Kempthorne to consider the alleged merits of Stratman's challenge, or order the federal defendant then to file with the district court the complete administrative record.

WHEREFORE, the Motion for an Order Directing the Federal Defendant to File a Complete Administrative Record (docket #177) should be DENIED without prejudice to Stratman being allowed to re-urge the motion after the Court rules on the pending motions to dismiss for lack of subject matter jurisdiction.

DATED this 29th day of June 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to motion for an order directing the federal defendant to file a complete administrative record.
Page 4

1207258v1

### LIST OF EXHIBITS TO LEISNOI, INC.'S OPPOSITION TO STRATMAN'S MOTION (#177) FOR AN ORDER DIRECTING THE FEDERAL DEFENDANT TO FILE A COMPLETE ADMINISTRATIVE RECORD

1. Leisnoi, Inc.'s December 7, 1998 Opening Brief in IBLA 96-152, at pp. 225-250

2. Leisnoi, Inc.'s December 7, 1998 Opening Brief in IBLA 96-152, at pp. 251-275

3. Leisnoi, Inc.'s December 7, 1998 Opening Brief in IBLA 96-152, at pp. 276-300

4. Leisnoi, Inc.'s December 7, 1998 Opening Brief in IBLA 96-152, at pp. 301-326

### CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to motion for an order directing the federal defendant to file a complete administrative record.
Page 5

1207258v1