John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br>)<br>Plaintiff, )<br>)<br>versus )<br>)<br>LEISNOI, INC., KONIAG, INC., and )<br>DIRK KEMPTHORNE, SECRETARY OF )<br>THE INTERIOR, )<br>)<br>Defendants. )<br>)<br>)<br>)<br>_____ ) | Case No. A02-0290 CV (JKS)<br><br>**MEMORANDUM IN SUPPORT OF LEISNOI, INC.'S MOTION TO STAY BRIEFING ON STRATMAN'S MOTION (#178) TO REVIEW AND AFFIRM IBLA'S DECISION ON REMAND, AND TO SET ASIDE THE SECRETARY'S ORIGINAL 1974 DECISION APPROVING LEISNOI'S APPLICATION FOR ELIGIBILITY AS AN UNLISTED ANCSA NATIVE VILLAGE** |

I.  **INTRODUCTION**

The parties have not yet even answered the Third Amended Complaint.  This Court has not yet determined whether it has subject matter jurisdiction over the claims at issue in this case. Leisnoi has filed five motions (docket #'s 107, 109, 111, 118, and 120) challenging subject matter jurisdiction for a number of reasons, including statute of limitations, mootness, administrative finality, collateral estoppel, lack of administrative standing, lack of judicial standing, and ratification through enactment of ANILCA and FRITLA.  The Court has not yet

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 1

1207315v1

decided whether to affirm the Secretary's December 2006 ruling based upon ANILCA; to dismiss this suit based upon one or more of various jurisdictional defects set forth in the five pending motions to dismiss; to require that the complete administrative record be lodged; or to refer the matter back to Secretary Kempthorne for further administrative review in accordance with 43 CFR § 2651.2(a)(5).

It is premature to consider the merits (or lack thereof) to Omar Stratman's challenge to the certification of the Native Village of Woody Island, because this Court has not yet even determined whether it has subject matter jurisdiction to do so. Briefing on Stratman's motion that seeks to affirm a tribunal decision that was vacated by Secretary Kempthorne should be stayed pending this Court's resolution of the ANILCA motion and other jurisdictional motions, and a decision by the Court whether to refer the matter back to the agency. In the unlikely event that the Court declines to affirm based upon ANILCA, or to dismiss based upon the numerous jurisdictional defects that plague Stratman's federal case, and the Court further declines to refer the matter back to the agency to complete administrative review of Stratman's challenge, then briefing should be stayed until 30 days after the lodging of the complete administrative record.

## II. THE COURT SHOULD NOT REQUIRE THE PARTIES TO BRIEF MOOT ISSUES

Secretary Dirk Kempthorne determined that Omar Stratman's underlying challenge to the eligibility of the Native Village of Woody Island is moot because Congress ratified its eligibility through enactment of the Alaska National Interests Lands Conservation Act that mentioned Leisnoi, Inc., by name, as having a right to ANCSA conveyances. His ruling is entitled to great deference. Until this Court decides whether to follow that decision, and whether it has subject

Stratman v. Leisnoi, Inc.
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 2

1207315v1

matter jurisdiction, it should not require briefing on the various flaws in the tribunal decision that Secretary Kempthorne vacated. See Flast v. Cohen, 392 U.S. 83, 95 (1967)("No justiciable controversy is presented … when the question sought to be adjudicated has been mooted by subsequent developments.")  The passage of ANILCA is a subsequent development that mooted Omar Stratman's challenge to the eligibility of the Native Village of Woody Island.  Whether Woody Island met the initial criteria for village eligibility is a moot issue, because Congress has now legislatively ratified Woody Island's eligibility through enactment of ANILCA.  Federal courts are "not empowered to decide moot questions or abstract propositions." United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920).

This Court should not require the parties to brief moot questions or abstract propositions. Briefing on Stratman's motion at docket #178 should be stayed until this Court decides whether it will (1) affirm Secretary Kempthorne's ruling that ANILCA ratified Woody Island's eligibility; (2) dismiss because subject matter jurisdiction is lacking under one or more grounds set forth in Leisnoi's 12(b)(1) motions (docket #'s 107, 109, 111, 118, and 120); (3) refer the matter back to Secretary Kempthorne for further agency consideration per 43 CFR § 2651.2(a)(5); or (4) require the federal defendant to lodge the complete administrative record and then proceed to address the merits (or lack thereof) to Stratman's village eligibility challenge.

III. **IF THE COURT DISAGREES WITH SECRETARY KEMPTHORNE'S DECISION THAT ANILCA MOOTED STRATMAN'S CHALLENGE, THE COURT SHOULD REFER THE MATTER BACK TO THE SECRETARY TO COMPLETE HIS REVIEW**

The IBLA ruling that Stratman seeks in his motion "to review and affirm" was vacated by Secretary Kempthorne.  In the event the Court were to disagree with his determination that

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 3

1207315v1

ANILCA ratified Woody Island's eligibility, the Court should either dismiss based upon one or more of the other jurisdictional flaws, or refer the matter back to Secretary Kempthorne to complete administrative review of Stratman's claims on the merits.

Secretary Kempthorne did not consider the merits of Stratman's village eligibility challenge, because he found it was mooted by ANILCA. If this Court disagrees on the mootness issue, it should give him the opportunity to consider the merits of Stratman's challenge before this Court considers on its own whether to follow the IBLA panel ruling, because Title 43 CFR § 2651.2(a)(5) mandates that "Decisions of the Board on village eligibility appeals are not final until personally approved by the Secretary." And ANCSA itself, this Court knows, mandates that any party seeking judicial review "shall first exhaust any administrative appeal rights." 43 U.S.C. § 1632(a).

IV.    **OTHER JURISDICTIONAL DEFECTS**

Leisnoi has heretofore not briefed jurisdictional defects that preclude the remedies Stratman seeks, because Stratman has not even established that he has standing to bring his claims, or that his claims are not time-barred, or that his claims are not barred by administrative finality, or that his claims are not barred by collateral estoppel, or that his claims are not barred by the lapsing of the statute of limitations, or that his claims have not been mooted by FRILTA or ANILCA. It goes without saying, of course, that briefing on remedies is also premature because Stratman has not established that Secretary of the Interior Rogers C.B. Morton erred in 1974 in certifying the Native Village of Woody Island as eligible for benefits.

Stratman is over-anxious to get to remedies, even though has not proven his case or even established subject matter jurisdiction. This Court should be aware of recent developments

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 4

1207315v1

outside of this case that restrict remedies available herein. For example, in *Leisnoi, Inc. v. United States,* 267 F.3d 1019 n. 2 (9th Cir. 2001), the Ninth Circuit determined that Leisnoi's "land could not revert to the United States regardless of the outcome of the decertification proceeding." U.S. District Judge H. Russel Holland thereafter formally quieted title to all of Leisnoi's land *viz a viz* Leisnoi, Inc. and the United States. See, January 15, 2002 Order Quieting Title through Confirmation of the United States' Disclaimer of Interest. (Exhibit 1 hereto). Stratman lost his appeal from that Order. See *Leisnoi, Inc. v. United States*, 313 F.3d 1181 (9th Cir.2002). And just two weeks ago, Stratman lost again, this time in state court, when Superior Court Judge Stephanie Joannides granted summary judgment quieting Leisnoi's title *viz a viz* Omar Stratman. See June 17, 2007 Order Granting Leisnoi, Inc.'s Motion for Summary Judgment in *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-96-502 CI (Exhibit 2 hereto).

These rulings trigger collateral estoppel and *res judicata* consequences. The Court must therefore consider whether it even has jurisdiction to consider Stratman's claims and requested remedies before requiring the parties to engage in full-scale briefing on the merits. Such briefing would necessarily be extensive (and therefore expensive to the litigants), and should be avoided if Stratman's claims are moot, or Stratman has not fully exhausted his administrative remedies because the Secretary has not yet considered the merit or lack of merit to his underlying claim.

An example of the type comprehensive briefing that will be necessary for Leisnoi to draft and the Court to address, if the Court denies this Motion to Stay Briefing, is Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge. Just this one brief submitted to the agency contains 296 pages of text; it is attached hereto as Exhibits 3-

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 5

1207315v1

14. Other briefs, such as Leisnoi's Opening Brief, was 395 pages; its Answering Brief was 202 pages; and other lengthy briefs were submitted as well. This Court should stay the massive briefing that will be required on the lack of substantive merit to Stratman's village eligibility challenge, until the Court decides whether Secretary Kempthorne is correct that Stratman's claims have been mooted by ANILCA, or whether this Court even has subject matter jurisdiction to entertain this suit.

WHEREFORE, briefing on Stratman's motion at docket #178 should be STAYED until this Court decides whether it will (1) affirm Secretary Kempthorne's ruling that ANILCA ratified Woody Island's eligibility; (2) dismiss because subject matter jurisdiction is lacking under one or more grounds set forth in Leisnoi's 12(b)(1) motions (docket #'s 107, 109, 111, 118, and 120); (3) refer the matter back to Secretary Kempthorne for further agency consideration per 43 CFR § 2651.2(a)(5); or (4) require the federal defendant to lodge the complete administrative record and then proceed to address the merits (or lack thereof) of Stratman's thus-far unsuccessful challenge to the eligibility of the Native Village of Woody Island.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 6

1207315v1

DATED this 30th day of June, 2007.

                RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 7

1207315v1

## LIST OF EXHIBITS TO MOTION TO STAY BRIEFING

1. January 15, 2002 Order Quieting Title through Confirmation of the United States' Disclaimer of Interest in United States District Court Civil Action No. 99-00608 – HRH.

2. June 17, 2007 Order Granting Leisnoi, Inc.'s Motion for Summary Judgment in *Leisnoi, Inc. v. Omar Stratman*, Alaska Superior Court Case No. 3AN-96-502 CI.

3. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 1-25;

4. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 26-50;

5. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 51-75;

6. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 76-100;

7. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 101-125;

8. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 126-150;

9. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 151-175;

10. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 176-200;

11. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 201-225;

12. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 226-250;

13. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 251-275;

14. Leisnoi's January 31, 2000 Objections to the Recommended Decision of the Administrative Law Judge, IBLA 96-152, pages 276-296.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 8

1207315v1

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 30, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

<u>/s/ John Richard Fitzgerald</u>

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion to Stay Briefing on Motion (#178)
to Review and Affirm IBLA's Decision on Remand
Page 9

1207315v1