John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| OMAR STRATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. A02-0290 CV (JKS) |
| versus | ) | |
| | ) | **LEISNOI, INC.'S REPLY TO** |
| LEISNOI, INC., KONIAG, INC., and | ) | **OPPOSITION (#162) TO MOTION** |
| DIRK KEMPTHORNE, SECRETARY OF | ) | **(#109) TO DISMISS FOR LACK OF** |
| THE INTERIOR, | ) | **SUBJECT MATTER JURISDICTION** |
| | ) | **RE: NO JURISDICTION UNDER APA;** |
| Defendants. | ) | **STATUTE OF LIMITATIONS HAS** |
| | ) | **PASSED TO CHALLENGE THE 1974** |
| | ) | **VILLAGE ELIGIBILITY DECISION;** |
| | ) | **AND WHETHER CONGRESS** |
| | ) | **RATIFIED WOODY ISLAND'S** |
| | ) | **ELIGIBILITY IS A MOOT ISSUE** |
| | ) | |

## I.    INTRODUCTION

Plaintiff admits at page 22 of his opposition what Leisnoi had suspected: he is

using this 2002 suit not only to challenge the recent ruling by Secretary Kempthorne,

but also to try to "challenge the Secretary's original 1974 determination of Leisnoi's

eligibility."  Inasmuch as ANCSA requires suits challenging village eligibility be brought

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 1

1206928v1

within two year's of the Secretary's determination, 43 U.S.C. § 1632(a),[1] Stratman's 2002 claims challenging the 1974 determination are presumptively time-barred.

Stratman mistakenly argues at page 16 of his opposition brief that the Court somehow retained jurisdiction over the first case after sending it to the administrative agency, such that this 2002 suit is actually just a "continuation" of the first suit and is thereby exempt from the statute of limitations. But the Court did <u>not</u> retain jurisdiction when it entered a Final Judgment; this 2002 suit is not the same has the 1976 suit. Stratman had an array of available remedies to guard against the lapsing of the statute of limitations, but failed to pursue them.[2] He failed to ask either this Court or the Ninth Circuit to act to prevent the statute of limitations from lapsing.

Stratman concedes at page 5 of his opposition that the APA "does not independently confer jurisdiction…." He claims instead there is jurisdiction pursuant to 28 U.S.C. § 1331. But he has not shown his claim to be brought under any federal law that would trigger jurisdiction under section 1331. ANCSA is not available because ANCSA requires that a suit challenging a village eligibility decision be brought no later than two years after the eligibility determination. 43 U.S.C. 1632(a).

---

[1] Title 43 U.S.C § 1632(a) imposes a two-year statute of limitations on suits challenging village eligibility: "**[A] decision of the Secretary under this title or the Alaska Native Claims Settlement Act shall not be subject to judicial review unless such action is initiated before a court of competent jurisdiction within two years after the day the Secretary's decision becomes final** or the date of enactment of this Act [enacted Dec. 2, 1980], whichever is later: Provided, That the party seeking such review shall first exhaust any administrative appeal rights." (emphasis added)

[2] Stratman could have 1) moved for reconsideration; 2) appealed; or 3) moved for Rule 60(b) relief.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 2

1206928v1

Inasmuch as the statute of limitations bars Mr. Stratman from challenging the 1974 village eligibility decision, it is an abstract question, outside of this Court's subject matter jurisdiction, whether Congress statutorily confirmed that eligibility by declaring in ANILCA that Leisnoi, Inc. has a right to ANCSA benefits. Accordingly, any challenge to Secretary Kempthorne's December 2006 ruling is moot.

Stratman's 2002 suit should therefore be dismissed for lack of federal subject matter jurisdiction.

## II.    AFTER HAVING KNOWINGLY DISENGAGED THE SAFETY MECHANISM, PLAINTIFF SHOULD NOT COMPLAIN THAT JUDICIAL MACHINERY HAS CHOPPED OFF PART OF HIS CASE

Perhaps the Court may perceive it as harsh that the ANCSA statute of limitations at 43 U.S.C. § 1632(a) would operate to preclude Stratman from bringing a new judicial challenge to the 1974 village eligibility determination, after the Court had referred his prior judicial challenge over to the administrative agency for exhaustion of administrative remedies.

The law provides a safety mechanism that could have prevented this very outcome. Omar Stratman, though, deliberately disabled that safety mechanism. He cannot now be heard to complain that part of his case has been chopped off.

In 1966, prior to ANCSA, the United States Supreme Court reversed a Ninth Circuit Court of Appeals ruling wherein, per the primary jurisdiction doctrine, the Ninth Circuit had dismissed a case pending agency action. *Carnation Co. v. Pacific Westbound Conference*, 383 U.S. 213 (1966). The Court adopted a rule that where a statute of limitations to bring a federal suit might lapse during the time a case is sent to

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 3

1206928v1

an agency for exhaustion of administrative remedies, the proper course of action is to

stay, rather than dismiss, the federal suit:

> We believe that the Court of Appeals erred in dismissing the action…. [A] treble-damage action for past conduct cannot be easily reinstituted at a later time.   Such **claims** are **subject to the Statute of Limitations** and **are likely to be barred by the time the Commission acts.  Therefore, we believe that the Court of Appeals should have stayed the action instead of dismissing it**…. [W]e reverse the order dismissing this action and remand the case to the United States District Court for the Northern District of California with instructions to stay the action pending the final outcome of the Shipping Act proceedings…"

*Carnation Co.*, 383 U.S. at 222-23. (emphasis added)

Although Stratman argues at page 14 of his opposition brief that an order

dismissing a federal suit and remanding or referring the matter to an agency is not

appealable, in fact, while the referral or remand for agency action aspect of an order is

not subject to appellate review, the dismissal itself can be appealed and set aside in

favor of a stay.  The Supreme Court did this in *Carnation Co.*, and the Ninth Circuit has

done it on several occasions thereafter. The leading case, of course, is *U.S. v. Henri*,

828 F.2d 526 (9th Cir.1987) where the Ninth Circuit reversed Judge Von der Heydt for

having dismissed instead of stayed a case pending agency action:

> On appeal, the government does not argue that the primary jurisdiction doctrine was applied erroneously to this case, but rather claims that the district court erred in dismissing, rather than staying, the case based on the doctrine…. **The procedure** that 'has generally been followed when the resolution of a claim cognizable in a federal court must await a determination by an administrative agency having primary jurisdiction' **is for the district court to stay the proceedings pending agency action…. The rule in this Circuit is that 'where a court suspends proceedings in**

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 4

1206928v1

> **order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal.'"**

*U.S. v. Henri*, 828 F.2d at 528-29 (emphasis added).

Another Ninth Circuit case applying this doctrine was cited at page 12 of Stratman's opposition brief, *Syntek Semiconductor Co., Ltd. v. Microchip Technology, Inc.*, 307 F.3d 775 (9th Cir. 2002). The Ninth Circuit reiterated the rule therein that the United States Supreme Court had adopted in *Carnation Co.*, namely, that where a statute of limitations could bar a claimant from re-filing a federal suit after completion of agency action, the proper course of action is to stay rather than dismiss the federal suit while awaiting agency action:

> [T]he question of whether a party is 'unfairly disadvantaged' by dismissal must also be considered…. Because the statute of limitations may prevent Syntek from refiling its claim if necessary at the conclusion of its administrative challenge to the Copyright Office's decision, we stay the proceedings pending the outcome of the administrative process."

*Syntek Semiconductor Co., Ltd.,* 307 F.3d at 777.

Another example of appellate jurisdiction being exercised to vacate a dismissal in favor of a stay pending completion of agency consideration is *Shapiro v. Paradise Valley Unified School District No. 69*, 152 F.3d 1159 (9th Cir.1998), a case discussed only very briefly by Stratman at page 10 of his brief. The Ninth Circuit therein declined to consider whether the referral for agency action was proper, but nonetheless reversed a district court order terminating a federal suit pending administrative proceedings:

> Because we conclude that the district court exceeded its authority in terminating the action when it remanded for

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 5

1206928v1

> further proceedings, we vacate the termination order and
> remand for entry of a stay.

*Shapiro*, 152 F.3d at 1160.

As applied to the Judgment that ended Civil Action No. A76-132 and referred Omar Stratman's claims to the Department of the Interior,[3] these cases teach us that while the Ninth Circuit would not have had appellate jurisdiction to review the decision to refer Stratman's claims to the Department of the Interior for agency action, nonetheless, the Ninth Circuit would have had appellate jurisdiction to protect Omar Stratman from the lapsing of the two-year statute of limitations of 43 U.S.C. § 1632(a), by reversing the Final Judgment in favor of entry of a mere stay order pending completion of Department of the Interior agency action.

Omar Stratman could thus have obtained Ninth Circuit review of the Final Judgment so as to achieve an appellate ruling directing the district court to "stay the proceedings pending the outcome of the administrative process."[4] The Ninth Circuit would have been given an opportunity to recognize that Omar Stratman's decertification claims "are subject to the Statute of Limitations" contained within 43 U.S.C. § 1632, and are "likely to be barred by the time" the Secretary of the Interior would act, and therefore rule the district court "should have stayed the action instead of dismissing it."[5] Had he bothered to seek appellate review, Omar Stratman could have availed himself of "The

---

[3] The November 21, 1995 Final Judgment terminating A76-132 CV and referring the matter to the Department of the Interior is Exhibit 2 to the subject motion, docket #109.

[4] *Syntek Semiconductor Co., Ltd.*, 307 F.3d at 777.

[5] *Carnation Co.*, 383 U.S. at 222-23.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 6

1206928v1

rule in this circuit … that 'where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal.'"[6]

It is his own fault that the statute of limitations lapsed.  Omar Stratman failed to avail himself of three opportunities to avoid the lapsing of the statute of limitations.  He could have moved this Court to reconsider its decision to enter a Final Judgment rather than a stay order in Civil Action No. A76-132.  But he did not do so.  He could have appealed the Final Judgment, as the government did in *Henri*, to obtain an appellate ruling directing the district court to stay, rather than dismiss.  But he did not do so.  And he could have moved for Rule 60(b) relief within one year of entry of the Judgment, but again, Omar Stratman did not do so.

Stratman became acutely aware of the jurisdiction-stripping effect of the Final Judgment in April 1996, when a Ninth Circuit panel summarily dismissed Stratman's interlocutory appeal from an order denying a motion for preliminary injunction.  The Ninth Circuit dismissed because, after conferring with Your Honor telephonically, the panel determined that, in entering the Final Judgment, the district court had not retained any jurisdiction over the Stratman matter it sent to the agency.[7]

---

[6] *Henri*, 828 F.2d at 528.

[7] See April 8, 1996 Transcript of Proceedings before the United States Court of Appeals for the Ninth Circuit, *Stratman v. Babbitt*, Docket No. 95-35376 (Exhibit 3 to docket #109) and April 19, 1996 Order dismissing the interlocutory appeal as moot in light of the November 21, 1995 Final Judgment (Exhibit 4 to docket #109).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 7

1206928v1

At this point, within the one year after entry of the November 21, 1995 Final Judgment, Stratman could still have avoided the lapsing of the ANCSA statute of limitations.  He could have filed a timely Rule 60(b) motion to correct the erroneous entry of the Judgment.  But he failed to act.

Stratman's decision not to rectify the jurisdictional-stripping entry of Final Judgment, even after learning the hard way from the Ninth Circuit panel in April 1996 that the November 1995 Judgment meant the district court had not retained jurisdiction over the matter it sent to the agency, must be regarded as willful.  While perhaps initially Stratman might allege that he was asleep-at-the-wheel, and simply didn't notice that a Final Judgment had been entered which had the effect of relinquishing district court jurisdiction, that allegation would, at best, only explain his failure to move for reconsideration or to appeal from the November 1995 Final Judgment.  But once Stratman had been lectured to by the Ninth Circuit panel about the consequences of entry of that Final Judgment,[8] it can no longer be said that he was unaware that the district court had not retained jurisdiction.  Indeed, the panel had taken a recess to confer with Your Honor, and reported back just minutes later that, when entering the Final Judgment, the district court had referred the entire matter to the agency, without retaining jurisdiction. See, Transcript of Proceedings, Exhibit 3 to docket #109.

By failing to move the district court for reconsideration of its decision to terminate the A76-132 litigation without retaining jurisdiction; by failing to appeal the Final

---

[8] The Transcript of Proceedings before the United States Court of Appeals for the Ninth Circuit, *Stratman v. Babbitt*, Docket No. 956-35376, appears as Exhibit 3 to docket #109.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 8

1206928v1

Judgment to the Ninth Circuit; and by failing thereafter timely to move for Rule 60(b)

relief, Stratman disengaged the safety mechanisms that are built into the system to

protect a claimant such as Omar Stratman against the lapsing of the statute of

limitations whilst awaiting agency action.  It should not now come as a surprise to him

that the ANCSA statute of limitations at section 1632(a) bars judicial review in 2007 of

agency action taken back in 1974.

　　　　Where a statute of limitations could extinguish a judicial claim that has been

referred for agency action, such as is the case with 46 U.S.C. § 1632(a), the procedure

here in the Ninth Circuit is <u>not</u> for the court to engage in the illusional judicial fiction that

the new case is just "a continuation" of the old case so as to be exempt from the statute

of limitations.  This Court should reject Stratman's bizarre theory at page 16 of his

opposition, unsupported by any Ninth Circuit caselaw, that "this action is regarded as a

continuation of the same case and litigation as Stratman I…."

　　　　If a court could simply engage in the judicial fiction that a new case is the same

as the old, there would have been no need for the U.S. Supreme Court to have

reversed the Ninth Circuit in *Carnation Co. v. Pacific Westbound Conference*, 383 U.S.

213 (1966) on the grounds that a new suit would be "subject to the Statute of Limitations

and [is] likely to be barred by the time the Commission acts." 383 U.S. at 223.  If a new

suit post-agency action is really just a "continuation" of the old suit filed pre-agency

action, there would have been no need for the Ninth Circuit to have reversed Judge Von

der Heydt in *U.S. v. Henri*, 828 F.2d 526 (9th Cir.1987).  Under Ninth Circuit rules and

procedures, a motion for reconsideration, an appeal, or a Rule 60(b) motion were

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 9

1206928v1

available to protect Mr. Stratman from the lapsing of the statute of limitations.  Adopting a judicial fiction that a 2002 suit is the same as or is a "continuation of" a 1976 suit, though, is not the procedure followed in this Circuit.

Congress declared in ANCSA that the Act was to be implemented "rapidly, with certainty ... without litigation..." 43 U.S.C. 1601(b).  To further that goal, it enacted a two-year statute of limitations. 43 U.S.C. 1632(a).  This Court should not engage in judicial activism, thwarting Congressional will as reflected in the ANCSA statute, and disregarding Ninth Circuit procedures, just to protect a litigant who failed to act to protect himself.  The statute of limitations is harsh, but it is the law that Congress enacted.  Omar Stratman disengaged safety mechanisms that could have prevented his claims from becoming time-barred.  The result is that part of his case, the part challenging the 1974 certification, has been chopped off.  There is no longer any jurisdiction for this Court to consider that claim.

## III.   WHETHER CONGRESS CONFIRMED WOODY ISLAND'S ELIGIBILITY IN ANILCA IS MOOT

The above-analysis demonstrates that, pursuant to 43 U.S.C. 1632(a), the statute of limitations bars Omar Stratman's claims that the Secretary the Interior erred in 1974 when he certified Woody Island as eligible for ANCSA benefits.  This leaves Stratman's claim challenging the 2006 determination by Secretary Kempthorne that by enacting ANILCA, Congress statutorily ratified Woody Island's village eligibility.  But whether Congress did so is a moot, hypothetical question.  It matters not whether Congress ratified Woody Island's eligibility in ANILCA, inasmuch as the Secretary's 1974 certification cannot be challenged.  In other words, it being too late for Stratman to

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 10

1206928v1

challenge the Secretary's 1974 determination that Woody Island is eligible under ANCSA, there is no need for this Court to explore whether that determination was later ratified by Congress in ANILCA. As the Supreme Court observed in *Missouri, Kansas & Texas R. Co. v. Ferris*, 179 U.S. 602, 606 (1900), "moot questions require no answer." Federal courts are "not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.,* 253 U.S. 113, 116 (1920).

## IV.   THE ADMINISTRATIVE PROCEDURES ACT DOES NOT VEST THIS COURT WITH SUBJECT MATTER JURISDICTION

Omar Stratman throws around the phrase "APA claim" more often than a politician mentions "family" or "flag." But the APA does not supply jurisdiction to entertain his claims. Indeed, at page 5, Stratman belatedly concedes that "The APA does not independently confer jurisdiction…."

The APA restricts the federal government's waiver of sovereign immunity. Sovereign immunity is waived only for suits brought against the United States by persons who are "adversely affected or aggrieved by agency action within the meaning of a relevant statute…." 5 U.S.C. § 702. The APA further provides that "Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."

Nowhere in his opposition brief has Omar Stratman demonstrated how he has been "adversely affected" by Secretary Kempthorne's determination that Congress ratified Woody Island's eligibility in ANILCA. As demonstrated in Leisnoi's Motion to

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 11

1206928v1

Dismiss re: lack of administrative standing (docket #107), the itinerant berry-picker no longer holds a grazing lease, and has sold his ranch to a non-party corporation.[9]  He admitted at the administrative proceedings at the Department of the Interior that he has no property interest in the land patented to Leisnoi.  There has been no showing how Stratman, personally, has suffered legal wrong or been adversely affected by the Secretary's ruling.  Stratman has thus failed to show there is a federal case in controversy over which this Court could exercise subject matter jurisdiction, just as he has failed to establish a waiver of sovereign immunity under the APA.

Nor has Stratman overcome the § 702 hurdle that no APA review is allowable in federal court where relief is expressly or impliedly forbidden by another federal statute. The "other statute," which forbids relief, of course, is ANCSA, 43 U.S.C. § 1602(a), which mandates "a decision of the Secretary under this title or the Alaska Native Claims Settlement Act shall not be subject to judicial review unless such action is instituted before a court of competent jurisdiction within two years after the day the Secretary's decision becomes final…"

Inasmuch as Stratman concedes at page 22 that he is trying to bring herein "a challenge to the Secretary's original 1974 determination of Leisnoi's eligibility", and such claim is time-barred by ANCSA section 1602(a), this Court lacks jurisdiction to entertain Stratman's APA claim.  The federal government has not waived sovereign immunity consenting to be sued by persons who are not adversely affected by agency action.

---

[9] See Stratman's testimony dated August 4, 1998 at the administrative hearing, pp. 714-739, Exhibit 1 to docket #107; and grazing lease that expired on December 31, 2001, Exhibit 2 to docket #107.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 12

1206928v1

Nor has the federal government waived sovereign immunity to be sued decades beyond the lapsing of the congressionally enacted statute of limitations.

This being the case, Stratman's reliance upon 28 U.S.C. § 1331 at page 5 of his brief is misplaced. Section 1331 does not constitute a waiver of sovereign immunity conferring subject matter jurisdiction for Stratman to sue the United States. Stratman has failed to show any federal statute that waives sovereign immunity to permit him to sue the United States. There is no subject matter jurisdiction for this suit.

## V.    MISCELLANEOUS

In his disjointed, rambling, sometimes incoherent 49 page diatribe, Stratman raises a few miscellaneous points that can quickly be dispensed with by this Court.

At page 8, he claims to have filed an "APA action" back in 1976. But this Court is well aware that Stratman filed suit in federal court without having first brought a formal administrative challenge. The Ninth Circuit later excused his failure to have exhausted administrative remedies on the grounds that the Department of the Interior had not served him notice of Woody Island's village eligibility application via certified mail. The genesis of decades of judicial litigation was the failure of Omar Stratman to have exhausted his administrative remedies. His 1976 suit, therefore, cannot properly be characterized as an APA claim. This Court ultimately decided, in 1995, to send him to the agency, where he should have begun in the first place.

At page 15, Stratman argues that collateral estoppel does not attach to a dismissal entered for purposes of allowing a party to exhaust administrative remedies.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 13

1206928v1

But in the subject motion, docket #109, Leisnoi had not invoked collateral estoppel as to rulings made in the 1976 case.

At page 16, Stratman argues that this Court's dismissal of the 1976 suit "was permissible because it did not prejudice the parties, based on the fact that there was no intervening statute of limitations that would have prevented Stratman from refiling this action after the completion of the remanded agency proceedings." In fact, 43 U.S.C. § 1602(a) bars the filing of this action insofar as Stratman is attempting to use his 2002 suit to challenge not just the 2006 Secretarial ruling, but the 1974 ruling as well. To the extent Stratman admits he suffers no prejudice by being barred from challenging the 1974 village eligibility determination, that is fine; the Court can simply address the remaining claims if it finds subject matter jurisdiction to do so. But to the extent Stratman is prejudiced by the lapsing of the statute of limitations (notwithstanding his bold declaration at page 13 of his opposition that the dismissal of his 1976 case did not "disadvantage or prejudice him"), he has no one to blame but himself for his own inexcusable neglect. As noted above, he could have moved for reconsideration of the dismissal; appealed from the Final Judgment; or timely moved for Rule 60(b) relief.

At page 17 of his June 11, 2007 opposition, docket # 162, Stratman argues that this Court should accord collateral estoppel consequences to rulings made "in a state court quiet title case Leisnoi had brought against Omar Stratman." By now, Stratman must be ruing the day he made this argument. Just six days after he asked collateral estoppel attach to rulings made in the state court quiet title case, he lost that case on

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 14

1206928v1

the merits. Superior Court Judge Stephanie Joannides ruled against him on the merits on June 17, 2007.[10]

In her Order Granting Summary Judgment in favor of Leisnoi, Inc.,[11] Judge Joannides explored the long history of litigation between Leisnoi, Inc. and Stratman, as well as Leisnoi's successful suit against the federal government to quiet title to all of the land it received under ANCSA.[12] Judge Joannides determined that his *lis pendens* must be expunged because nothing that happens in this 2002 federal suit can affect title to Leisnoi's land. The state court judge quieted title in favor of Leisnoi., Inc. for all lands Leisnoi obtained from the federal government pursuant to ANCSA. Leisnoi expects a Final Judgment to be entered shortly in that case, perhaps even before this Court rules on the pending motion. Of course, under Stratman's argument at page 21 n. 8 that collateral estoppel attaches even in the absence of a final judgment, her ruling is already binding upon this Court, and prevents Omar Stratman from relitigating herein the issue of whether title could be affected by his decertification suit.

---

[10] This Court may recall that the state court quiet title case was briefly on this Court's docket. Stratman removed it to federal court, but this Court properly remanded the case back to state court. Eleven years later, Leisnoi finally won the case. Ironically, the long-awaited ruling came just six days after Stratman submitted a brief in this case asking that collateral estoppel be accorded an interlocutory stay order in that case, which stay order has now been vacated.

[11] Exhibit 2 to Leisnoi's Motion (#193) to Stay Briefing on Motion (#178) to Review and Affirm IBLA's Decision on Remand, and to Set Aside the Secretary's Original 1974 Decision Approving Leisnoi's Application for Eligibility as an Unlisted ANCSA Native Village.

[12] In Leisnoi's federal quiet title suit, *Leisnoi, Inc. v. United States*, 267 F.3d 1019 n. 2 (9th Cir.2001), the Ninth Circuit determined that the Alaska Supreme Court ruling Stratman asks this Court to follow "was erroneous" because "the land could not revert to the United States regardless of the outcome of the decertification proceeding." On remand to the district court, Judge Holland entered an Order Quieting Title through Confirmation of the United States' Disclaimer of Interest on January 15, 2002. [Exhibit 1 to Leisnoi's Motion to Stay Briefing on Motion (#178) to Review and Affirm IBLA's Decision on Remand, and to Set Aside the Secretary's Original 1974 Decision Approving Leisnoi's Application for Eligibility as an Unlisted ANCSA Native Village]. Stratman lost his appeal therefrom on December 19, 2002, *Leisnoi, Inc. v. United States*, 313 F.3d 1181 (9th Cir.2002).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 15

1206928v1

At page 16 of his brief, Stratman purports to seek Rule 60(b) relief from the Final Judgment entered in the 1976 case. If he plans on trying to reopen that case, then why are judicial resources, and the time of attorneys for Leisnoi, Koniag, and the Department of Justice, being wasted in this 2002 suit? If he wants Rule 60(b) relief, he will have to file a motion for such relief, and that motion will have to be filed in the 1976 case, not in this suit.[13] He will, of course, have to identify the subsection of Rule 60(b) that he contends applies. He will have to overcome the hurdle that the subsection that most likely would have been of use to him, subsection (b)(1), "mistake, inadvertence, surprise, or excusable neglect", cannot be used "more than one year after the judgment..."

At page 15 of his brief, Stratman, citing out-of-circuit authority, claims that a "dismissal is regarded as an interlocutory order..." That is not the law in this circuit. If the November 21, 1995 Final Judgment dismissing A76-132 and sending Mr. Omar Stratman to the Department of the Interior were merely interlocutory, then Stratman's appeal from the denial of the preliminary injunction in that case would not have been mooted by the entry of the Final Judgment. The Ninth Circuit panel, though, concluded that the district court had <u>not</u> retained any jurisdiction. It dismissed Stratman's

---

[13] Perhaps lightening will strike twice in the same place. Stratman succeeded in obtaining Rule 60(b) relief back in 1981. But a motion for such relief will have to be pursued in Civil Action No. A76-132, not in this case. And Stratman will have a difficult time showing a motion 12 years after the entry of judgment was made "within a reasonable time" as that phrase is used in Rule 60(b). Any claim based on his neglect in having failed to appeal from the Final Judgment or his failure to have perceived the jurisdiction-stripping consequences of that Final Judgment would, as a matter of law, be too late, since there is a one-year time limit to file under Rule 60(b)(1).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 16

1206928v1

interlocutory appeal[14] because while that appeal was pending, the district court had entered its November 21, 1995 Final Judgment (Exhibit 2 to docket #109).

At page 17 of his brief, Stratman argues that the Court in the 1976 suit should have ordered the "vacation of the agency's original decision, followed by a remand to the agency for the redetermination of its decision…." But the Court in Civil Action No. A76-132 was at liberty to send the matter over to the Department of the Interior without vacating the 1974 village eligibility determination the Secretary had already made. Indeed, one the cases cited in Stratman's own brief, *Loma Linda University v. Schweiker*, 705 F.2d 1123 (9th Cir.1983), holds that a reviewing court has inherent power to refer or remand a matter to an administrative agency without first vacating prior decisions made by that agency.

At page 41 of his brief, Stratman argues that this Court allegedly must set aside the 1974 village eligibility determination, even though Secretary Kempthorne has found that Congress ratified Woody Island's eligibility, because the "IBLA has issued its new decision determining that Leisnoi did not satisfy ANCSA's requirements for eligibility as an unlisted Native Village…." The IBLA was merely an arm of the Secretary, and the Secretary vacated its decision.[15] The Secretary's determination, not the IBLA tribunal decision that he reviewed and set aside, is the one that controls.

---

[14] The Ninth Circuit's order dismissing Omar Stratman's appeal from the interlocutory denial of a preliminary injunction is Exhibit 4 to docket #109.

[15] Stratman distorts the IBLA's ruling. The IBLA panel did <u>not</u> vacate the 1974 certification of the Native Village of Woody Island. No administrative tribunal, no Secretary of the Interior, no district court, and no appellate court has ever disturbed the Secretary of the Interior's 1974 certification of the eligibility of the Native Village of Woody Island. Nor is there any basis to do so. Woody Island was properly certified because it met the eligibility tests of the Alaska Native Claims Settlement Act. Despite years of baseless allegations, Omar Stratman has never proven

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 17

1206928v1

Stratman proceeds, at pages 45-46 of his brief, to take pot-shots at the IBLA panel decision that was vacated by Secretary Kempthorne. For example, he quibbles that the panel erred, allegedly, in characterizing the district court's referral for agency action as a "referral" rather than a "remand." And he contends that the panel purportedly "erred in concluding that the Department's original decision approving Leisnoi's application for eligibility had been determined with 'administrative finality'...." But the panel decision has been vacated. It is not on review here. Just as Leisnoi need not argue herein every flaw and error made by the administrative law judge (and there were many), so too, Stratman need not argue herein every alleged flaw or error by the IBLA panel. Neither the ALJ's recommended findings of fact and conclusions of law, nor the IBLA panel decision were adopted by Secretary Kempthorne. Neither survived Secretarial review. Neither are at issue in this case. Omar Stratman filed this 2002 suit prematurely, before the agency had completed its review.[16] Apparently, he once wanted to review the IBLA panel decision, but the necessity for judicial review of the IBLA decision has been mooted by subsequent developments, because Secretary Kempthorne vacated that decision after Stratman filed this suit. See *Flast v. Cohen*, 392

---

otherwise. There is no merit to his latest theory that this Court is somehow bound by an IBLA tribunal decision, and is precluded from giving deference to Secretary of the Interior Dirk Kempthorne's December 2006 final determination vacating that tribunal decision and finding Woody Island's eligibility was ratified by Congress in ANILCA.

[16] The prematurity of the filing of this 2002 civil action meant Stratman filed this suit without there being federal subject matter jurisdiction. Federal courts do not have jurisdiction to consider matters not ripe for adjudication. See *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 536, 538 (1824) (subject matter jurisdiction must exist as of the time the action is commenced). ANCSA section 1632(a) mandates "That the party seeking such review shall first exhaust any administrative appeal rights." Title 43 CFR § 2651.2(a)(5) mandates that "Decisions of the Board on village eligibility appeals are not final until personally approved by the Secretary." Stratman impermissibly filed this case in 2002, about four years before the Secretary completed his review.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 18

1206928v1

U.S. 83, 95 (1967) ("No justiciable controversy is presented … when the question sought to be adjudicated has been mooted by subsequent developments.")

## VI.    **CONCLUSION**

Where a statute of limitations could prejudice a plaintiff whose claims are being sent to an agency pursuant to the primary jurisdiction doctrine, the Ninth Circuit allows appeals so that the appellate court can direct the district court to vacate a dismissal and enter in its place a mere stay order.  But Stratman failed to avail himself of an appeal from the November 21, 1995 Final Judgment.  Instead, in his zeal to harm Leisnoi, Stratman chose to appeal from an interlocutory order denying his motion for an injunction to freeze Leisnoi's bank accounts and enjoin it from harvesting timber.  In retrospect, Stratman can see that he appealed the wrong ruling.  He would have been better off by appealing from the Final Judgment that dismissed his 1976 suit and sent him packing to the agency, rather than appealing from the interlocutory ruling denying his motion for preliminary injunction.  He should have utilized the *Carnation Co.* and *U.S. v. Henri* procedure to obtain a stay in lieu of a Final Judgment, so as to preserve whatever ability he may once have had to challenge the 1974 village eligibility decision.

But Omar Stratman failed to act prudently.  The consequence of his failure and his imprudence is that Title 43 U.S.C. § 1632(a) bars him from using this 2002 suit to challenge the Secretary of the Interior's 1974 village eligibility determination.  There is no federal subject matter jurisdiction for this Court to consider, in this case, a challenge the 1974 eligibility determination.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 19

1206928v1

Inasmuch as it is too late to set aside the 1974 eligibility determination, whether Congress ratified that eligibility through the ANILCA legislation is an abstract question. Federal courts are "not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920).

WHEREFORE, the Court should DISMISS Stratman's Third Amended Complaint for lack of federal subject matter jurisdiction.

DATED this 30th day of June, 2007.

RESPECTFULLY SUBMITTED,


/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.


/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion to Dismiss re: Statute of Limitations/Mootness
Page 20

1206928v1