Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>LEISNOI, INC., KONIAG, INC., and )<br>DIRK KEMPTHORNE, Secretary of the )<br>Interior, )<br>)<br>        Defendants, )<br>)<br>_____)<br>)<br>KONIAG, INC., )<br>)<br>        Counter-claimant, )<br>)<br>v. )<br>)<br>OMAR STRATMAN, )<br>)<br>        Counter-claimed )<br>        Defendant. )<br>_____) | Case No.: 3:02-cv-0290 (JKS) |

**OMAR STRATMAN'S OPPOSITION TO LEISNOI'S MOTION (DOCKET NOS. 193 AND 194) TO STAY BRIEFING ON STRATMAN'S MOTION AT DOCKET NO. 178 TO REVIEW AND AFFIRM IBLA'S DECISION ON REMAND, AND TO SET ASIDE THE SECRETARY'S ORIGINAL 1974 DECISION APPROVING LEISNOI'S APPLICATION FOR ELIGIBILITY AS AN UNLISTED ANCSA NATIVE VILLAGE**

I. **Introduction/Summary of argument.**

Leisnoi is correct that the Court should determine its jurisdiction and resolve motions filed before Mr. Stratman's at Docket No. 178 before granting or denying the "decertification" relief that he seeks in that motion. But by that point, the Court will have decided all issues necessary to grant or deny the limited relief sought at Docket No. 178. If Leisnoi or some other party defendant thinks otherwise, it should immediately file its briefing. Putting off a resolution of the "decertification" issue impedes a prompt resolution of this case while simultaneously jeopardizing third-party rights and interests, as Mr. Stratman will more fully illustrate below.

II. **Mr. Stratman understood this Court to have invited the brief he filed at Docket No. 178.**

This Court has previously stated:

> Recognizing that the Defendants have always believed that this Court lacked jurisdiction to hear such a claim, the Court established a briefing schedule for motions to dismiss the complaint, which were virtually certain to be filed. Docket No. 103. The Court did not intend to limit the issues that could be debated, and thought it left the parties free to brief any issues that interested them.[1]

For thirty-one years, Mr. Stratman has been "interested" in whether or not the Secretary's 1974 decision, since established to be factually erroneous, will be set aside by the courts.

III. **Leisnoi's "procedural housekeeping" complaints lack merit.**

Of course the Court should decide the jurisdictional and other issues before it in

---

[1] Docket No. 139, pp. 1-2, "Order" of April 2, 2007.

advance of deciding Mr. Stratman's motion at Docket No. 178.  However, a decision on Docket No. 178 should suffer no delay thereafter. Leisnoi argues that answers to Stratman's last complaint have not even been filed, that it should not be obligated to brief moot issues, and that the Court should first determine its own jurisdiction, and otherwise decide the issues now before it before considering Docket No. 178.  But Leisnoi's objections are easily answered.[2]

While it is unlikely that answers filed by any of the defendants will be particularly enlightening, if the Court sees it otherwise it need only order that answers be filed within a reasonable time.  Nothing keeps the parties from filing answers if the defendants who have not answered believe that their answer will assist their position in some material way.

It is true that this Court has invited briefing on any challenges to its jurisdiction.  But Mr. Stratman speculates that the Court knew the answer to the jurisdictional riddle before it invited the "inevitable" briefing on that topic and, one way or the other, the issue is, or soon will be, before the Court and ripe for decision.  Most of the issues raised anew by Leisnoi have already been decided by this Court in this case.

Leisnoi's complaint about having to brief moot issues is also curious.  The briefing is already before the Court.  The defendants have filed briefs seeking to affirm the Secretary's decision and the parties explore fully whether the intent of Congress is to be divined by political appointees or judges.  Mr. Stratman's motion seeks no more than Leisnoi's "decertification." It expressly leaves for another day questions, fights, and briefing

---

[2] Leisnoi also complains that the Court does not have the full administrative record before it.  In this sole respect, Leisnoi's concerns are valid, thus Mr. Stratman's motion at Docket No. 177.

over what additional remedies should be afforded Mr. Stratman under the circumstances. If defendants believe they have more to offer on the topic, given the limited scope of Stratman's motion and the briefing already before the Court, then it would be efficient to instruct them to file their briefing as soon as possible so that the Court can, as soon as possible, move on to decide Leisnoi's fate.

Leisnoi speculates about the possibility of a further remand to the agency. But the agency's factual work is done, and Mr. Stratman respectfully speculates that when this Court applies the law of the circuit to the facts and circumstances before it, it will conclude that the remaining work in this case is for the courts, not the agency, and that an agency remand is inconsistent with the Court's desire, expressed at Docket No. 139, "[T]hat every effort should be made to bring [this case] as rapidly to conclusion as [is] humanly possible."

### IV.     The just conclusion of *Robert Erickson et. al. V. Kane Wolf et. al.*, Case No. 3AN-04-13743.

We ask the Court to take judicial notice of the pendency of the matter stated in the caption above. Mr. Stratman is not involved in this case, although the undersigned has been placed on one or more witness lists. As the undersigned understands the pleadings, one group of Leisnoi shareholders has brought a derivative suit to force efforts to settle Mr. Stratman's decertification case, now pending before this Court.[3] Trial of the matter above is currently scheduled to take place before Judge Tan beginning July 23, 2007. This

---

3

It will come as a surprise to virtually no one that one side of the suit claims that the failure of Leisnoi's leadership to settle differences with Mr. Stratman and the public is evidence of fiduciary breach and monumental incompetence. Those defending the course of history claim the high ground of brilliant leadership, legal insight, valor, and high morality.

Court's prompt decision on the "decertification" issue we raise at Docket No. 178 would, as a purely logical matter, greatly assist the state trial court in deciding the case before it justly and expeditiously.

V. **The state court quiet title action: judicial confusion could unjustly impair third-party rights**.

We mean no disrespect to the Alaska Superior Court. Judge Joannides' order of June 17, 2007, is attached hereto as Exhibit 1. Mr. Stratman's motion to reconsider is made Exhibit 2 and attached.[4] Judge Joannides' order in response to Stratman's motion to reconsider, asking Leisnoi to file yet another brief on or before July 23, 2007 is attached as Exhibit 3. The Alaska Supreme Court's quiet title decision is attached as Exhibit 4 for the Court's ready reference. It is our view, as expressed in our motion to reconsider, that the Alaska Superior Court has made a grave error by its order of June 17, 2007, Exhibit 1. It is equally true that the Alaska Superior Court may correct that error in response to our motion for reconsideration. However, the future here is uncertain and, in the meantime, Leisnoi, once again, declares victory at the top of its lungs while busily trying to unload land to unwitting consumers[5] who may, sooner or later, find that they have worthless title. A prompt decision by this Court on the "decertification" issue would likely help guide the Alaska Superior Court to a correct result while simultaneously protecting unwitting real

---

[4] The motion to reconsider had three exhibits. Because the first two exhibits are from the record in this case, they have not been included.

[5] Exhibit 2 to this pleading is Mr. Stratman's motion to reconsider before the State Trial Court. Exhibit 3 thereto is an email exchange containing Leisnoi's recent press release.

estate purchasers from injury. It is true that Mr. Stratman knows how to find the Alaska Supreme Court. But, frankly, we are tired of filing appeals and writing briefs. A prompt decision by this Court on the "decertification" question will allow us to move on to the more interesting remedy issues that we predict will be reached one way or the other.

**VI.    Conclusion.**

Assuming that Mr. Stratman's claims survive motions filed in advance of his at Docket No. 178, his request that Leisnoi be "decertified" should immediately be granted. If Leisnoi, or other defendants, have reasons why this limited remedy should be unavailable to Mr. Stratman that they have not already set forth in their briefs, Defendants should be instructed to immediately state those reasons so that this case may be brought "as rapidly to conclusion as [is] humanly possible."[6]

RESPECTFULLY submitted this 5th day of July, 2007.

> s/Michael J. Schneider
> Law Offices of Michael J. Schneider,
> P.C. 880 "N" Street, Suite 202
> Anchorage, AK 99501 Phone: (907) 277-9306 Fax: (907) 274-8201 E-mail: mjspc@gci.net Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that **OMAR STRATMAN'S OPPOSITION TO LEISNOI'S MOTION (DOCKET NOS. 193 AND 194) TO STAY BRIEFING ON STRATMAN'S MOTION AT DOCKET NO. 178 TO REVIEW AND AFFIRM IBLA'S DECISION ON REMAND, AND TO SET ASIDE THE SECRETARY'S ORIGINAL 1974 DECISION APPROVING LEISNOI'S APPLICATION FOR ELIGIBILITY AS AN UNLISTED ANCSA NATIVE VILLAGE** was served electronically on

---

[6] Docket No. 139, Order of April 2, 2007.

the 5th day of July, 2007, on Bruce M. Landon, R. Collin Middleton,
and John R. Fitzgerald. s/Michael J. Schneider