IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LEISNOI, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OMAR STRATMAN, ) <br>     Defendant. ) <br> _____ ) | Case No.: 3AN-96-502 CI <br> c/w Case No. 3AN-05-13155 CI |

## OMAR STRATMAN'S MOTION FOR RECONSIDERATION

Stratman moves for reconsideration of this Court's decision dated June 17, 2007, which granted Leisnoi's motion for summary judgment and denied Stratman's cross-motion to reimpose the stay. Stratman seeks reconsideration of the Court's decision pursuant to Civil Rule 77(k), on the ground that the Court has overlooked or misconceived the matters discussed below.

As noted in the Court's decision, in its decision in the first appeal of this case, the Alaska Supreme Court framed the issue as follows:

> The essential question on appeal is whether the superior court must, in fact, determine the merits of the decertification action in order to quiet title to Termination Point. If it would have to do so, then, although the state court will, at some point, be able to quiet title to the lands in question, it must wait until the necessary issue has been finally resolved, either by settlement or in federal court—the only court with jurisdiction to finally determine the merits of the decertification action.

<u>Stratman v. Leisnoi</u>, 969 P.2d 1139, 1141 (Alaska 1998).

The Alaska Supreme Court went on to reject Leisnoi's contention that Stratman's decertification action could not affect its title, even if Stratman prevailed. The Court concluded that the federal district court had the power to "undo" the government's

conveyances of the lands to Leisnoi, as a remedy in Stratman's decertification action. Id., 969 P.2d at 1141-42. The Court rejected Leisnoi's argument that Stratman lacked standing to obtain such relief. Id. at 1143 n. 2. It also rejected, as "irrelevant," Leisnoi's argument that the statute of limitations had lapsed on any suit that might be brought by the United States to vacate its patents, because the federal court had the power to vacate the patents as a remedy in Stratman's action. Id. The Court noted that Stratman's original action was filed "well before the six-year limitations period expired," and "was, in fact, filed prior to the issuance of the patent and sought prospective injunctive relief." Id.

Based on its determination that Stratman's APA action could affect Leisnoi's title, the Alaska Supreme Court directed this Court to stay any further proceedings in Leisnoi's quiet title action "pending the final resolution of Stratman's decertification action":

> Because the superior court has jurisdiction over the quiet-title action, but may not determine the merits of Stratman's decertification action, and because Stratman's decertification action may yet affect Leisnoi's title to Termination Point, the appropriate resolution would have been to stay the quiet-title action *pending the final resolution of Stratman's decertification action*. We conclude that the superior court abused its discretion in failing to issue such a stay.
>
> Because there is, at this time, no prevailing party, we vacate the award of attorney's fees. The superior court may award attorney's fees *after the decertification litigation is finally resolved*, and it then resolves this quiet-title action.
>
> We VACATE the decisions quieting title to Termination Point in favor of Leisnoi and awarding attorney's fees to Leisnoi. We REMAND the case with instructions to enter a stay *pending the final resolution of the decertification litigation*.

969 P.2d at 1143 (emphasis added).

Because Stratman's decertification action is still pending in federal district court, and has not been "finally resolved," there is no basis for lifting the stay ordered by the Alaska Supreme Court and entering summary judgment in Leisnoi's favor.

In its decision, this Court interpreted the Alaska Supreme Court's decision and mandate as requiring a stay only until such time as the *issue* of whether Stratman's

decertification action could affect Leisnoi's title is "finally resolved." The Court reasoned that as long as this *issue* has been resolved, there was no reason why this Court could not lift the stay and determine the merits of Leisnoi's quiet-title action, even though Stratman's decertification action was still pending. Court's decision, p. 4, 6-7.

This Court went on to determine that this issue had been "resolved," based on the Ninth Circuit's decisions in Leisnoi's federal quiet-title action ("QTA" action), and on the disclaimer of interest filed by the United States and the confirmation of the disclaimer in that action. Court's decision, p.7-10.

The Ninth Circuit's decisions in Leisnoi's federal QTA action did not "finally resolve" the issue of whether Stratman's decertification action could affect Leisnoi's title. These decisions were not issued in Stratman's decertification action. They were issued in a different federal court hearing a different case involving different parties. However strong the Ninth Circuit's statements in Leisnoi's QTA action may be, they did not "finally resolve" the issue of whether the federal district court that is adjudicating Stratman's APA action has the power to grant a remedy in that action affecting Leisnoi's title.[1] That issue is still an issue that must be adjudicated and determined by the federal court that is adjudicating Stratman's APA action. The subsidiary issue of what preclusive or precedential effect the Ninth Circuit's pronouncements in Leisnoi's QTA action should be given by the federal court in Stratman's APA action is a matter for the federal court adjudicating Stratman's APA action to determine -- and is yet another issue relating to the merits of Stratman's APA action, which the Alaska Supreme Court has already held that this Court lacks jurisdiction to determine.

In its decision, this Court reasoned that the Ninth Circuit's decisions in Leisnoi's QTA

---

[1] See Leisnoi, Inc. v. U.S., 313 F.3d 1181, 1184 n.5 (9th Cir. 2002) ("Stratman argues that the disclaimer should not have been confirmed because it 'purported to disclaim Stratman's [Administrative Procedure Act] claim against the United States' in the decertification proceedings and was, therefore, not filed in good faith. (Citations omitted.) The government, here, however, has disclaimed only 'property interest in the surface estate of the lands [at issue]'; its disclaimer did not in any way address Stratman's decertification claim.")

*Leisnoi, Inc. v. Stratman*
Case No.: 3AN-96-502 CI/3AN-05-13155 CI
**OMAR STRATMAN'S MOTION FOR RECONSIDERATION**                                                          3

MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

action "resolved" this issue, and satisfied the terms of the Alaska Supreme Court's mandate. The Court interpreted the Supreme Court's mandate as requiring a stay until such time as "*a federal court*" resolved this issue. Court's decision, p. 6, 13. The Court concluded that the Ninth Circuit's decisions in Leisnoi's QTA action and IBLA's decision in the remanded agency proceedings satisfied this requirement, and "show that federal courts and authorities have determined that the land may not revert to the United States regardless of the outcome of the decertification litigation." Court's decision, p. 10. However, it is clear from the language and context of the Supreme Court's decision that it was referring to *the federal court that was adjudicating Stratman's APA action* when it directed this court to stay this action pending "final resolution" of Stratman's APA action, either by settlement "or in federal court– the only court with jurisdiction to finally determine the merits of the decertification action." Stratman v. Leisnoi, 969 P.2d at 1141. Here, neither the Ninth Circuit nor the federal district court that adjudicated Leisnoi's QTA action had the jurisdiction to "finally determine" the merits of Stratman's APA action. Only the federal district court that is actually adjudicating Stratman's APA action has that jurisdiction. Until such time as the Federal District Court adjudicates and determines this issue, and any subsequent appeals of its decision are exhausted, this issue it cannot be regarded as "finally determined" within the meaning of the Alaska Supreme Court's mandate.

For the foregoing reasons, Stratman requests that the Court reconsider its decision, and that it deny Leisnoi's motion for summary judgment and grant Stratman's motion to reimpose the stay of this action pending the "final resolution" of Stratman's APA action.

In the alternative, Stratman requests that the Court temporarily stay its decision and the entry of judgment in this matter, for the reason that Stratman's APA litigation is now back before the federal district court, after the completion of the remanded agency proceedings, and is now being actively litigated. The Federal District Court's docket sheet in Mr. Stratman's APA decertification case is attached hereto as Exhibit 1. See, particularly, Docket

MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Nos. 107-112, 117-121, 148-149, 162, 166-168, 171, and 177-178. The Court will notice that Leisnoi is making many of the arguments it made before this Court anew in front of Judge Singleton. There can be little doubt that the Federal case is being actively litigated and will soon be concluded. We attached as Exhibit 2 Judge Singleton's April 2, 2007, order (Docket No. 139) wherein he states "The Court was concerned that this case had been pending too long and that every effort should be made to bring it as rapidly to conclusion as was humanly possible." At Docket No. 178 will be found Mr. Stratman's "Motion for Judgment as a Matter of Law to Review and Affirm IBLA's Decision on Remand, and To Set Aside the Secretary's Original 1974 Decision Approving Leisnoi's Application for Eligibility as an Unlisted ANCSA Native Village." The Federal District Court will soon be deciding Leisnoi's fate <u>and</u> the question of whether or not Leisnoi's title can be affected. There is no longer any reason for this Court to intercede in order to end this 30 year dispute, as it will soon be ended in the court that has jurisdiction to determine these issues and finally conclude the matter.

This Court's recent order in Leisnoi's favor rewards its blatant attempt to forum shop in its race to obtain a favorable ruling by this Court before the now imminent adjudication of its fate in the Federal District Court. As Exhibit 3 will show, this Court's decision puts unsuspecting consumers at risk while simultaneously rewarding Leisnoi's improper behavior.

In conclusion, we ask that this Court reconsider its order of June 17, 2007, and, alternatively, stay any entry of judgment consistent with that order pending determination of the issues now before the Federal District Court.

DATED this 27th day of June, 2007.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

Michael J. Schneider
Attorney for Defendant
Alaska Bar No. 7510088

MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Leisnoi, Inc. v. Stratman*
*Case No.: 3AN-96-502 CI/3AN-05-13155 CI*
*OMAR STRATMAN'S MOTION FOR RECONSIDERATION*                                                                                 5

**CERTIFICATE OF SERVICE**
This is to certify that *OMAR STRATMAN'S MOTION FOR RECONSIDERATION* has been served on the 29th day of June, 2007, on:

David D. Clark                               (Via Hand Delivery)
Law Office of David Clark
101 East Ninth Avenue, Suite 12-B
Anchorage, AK 99501

John R. Fitzgerald                           (Via U.S. Mail)
Morrison Mahoney LLP
250 Summer Street
Boston, MA   02210-1181

By: *Carol L. McNeese*
    Carol L. McNeese
    Secretary to Michael J. Schneider

MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Leisnoi, Inc. v. Stratman*
Case No.: 3AN-96-502 CI/3AN-05-13155 CI
*OMAR STRATMAN'S MOTION FOR RECONSIDERATION*                          6

**Mike**

**From:** Scott Christiansen [schristiansen@kodiakdailymirror.com]
**Sent:** Friday, June 22, 2007 3:56 PM
**To:** mjspc@gci.net
**Subject:** FW: JUNE 22, 2007 PRESS RELEASE BY LEISNOI, INC. ANNOUNCING VICTORY IN QUIET TITLE CASE

Michael Schneider.

Hello.

I am a reporter at the Kodiak Daily Mirror.

My co-worker Bryan Martin has been covering the Lesnoi v. Startman in past articles.

Bryan is away this week and the plaintiff's just sent the press release below declaring victory of sorts.

If Lesnoi, Inc. can begin selling real estate does that mean the case is over?

Please let me know if you can talk about this for a story in the Daily Mirror.

I will be filing my story on Monday, June 25.

May we talk Monday morning?


Kind regards,

Scott Christiansen
Reporter
Kodiak Daily Mirror
Voice: (907) 486-3227 ext. 1028
Fax: (907) 486-3088

Evenings/weekends 486-0387

Snail mail:

S. Christiansen
c/o
Kodiak Daily Mirror
1419 Selig Street
Kodiak, Alaska
99615


Begin forwarded message:

> From: "Fitzgerald, John" <JFitzgerald@morrisonmahoney.com>
> Date: June 22, 2007 7:57:20 AM AKDT
> To: <blund@kodiakdailymirror.com>, <rd'oro@AP.org>, <info@ap.org>, <news@aksuperstation.com>, <newsroom@adn.com>, <AnchTimes@corecom.net>, <newsroom@newsminer.com>
> Subject: JUNE 22, 2007 PRESS RELEASE BY LEISNOI, INC. ANNOUNCING VICTORY IN QUIET TITLE CASE

EXHIBIT 3
Page 1 of 4 Pages

6/27/2007

FOR IMMEDIATE RELEASE
**LEISNOI, INC. ANNOUNCES VICTORY IN QUIET TITLE CASE**

LEISNOI, INC., THE ANCSA VILLAGE CORPORATION FOR THE NATIVE VILLAGE OF WOODY ISLAND, IS PLEASED TO ANNOUNCE THAT ALASKA SUPERIOR COURT JUDGE STEPHANIE JOANNIDES THIS WEEK RULED IN ITS FAVOR IN A LONGSTANDING 1996 SUIT AGAINST KODIAK RANCHER OMAR STRATMAN, QUIETING TITLE TO THOUSANDS OF ACRES OF LAND ON KODIAK AND WOODY ISLAND THAT LEISNOI RECEIVED FROM THE FEDERAL GOVERNMENT PURSUANT TO THE ALASKA NATIVE CLAIMS SETTLEMENT ACT. OMAR STRATMAN HAD RECORDED INTO THE KODIAK PROPERTY RECORDS A LEGAL DOCUMENT CALLED A "LIS PENDENS" CLOUDING LEISNOI, INC.'S TITLE TO ITS PROPERTY, WHICH INTERFERED WITH LEISNOI USING ITS LAND FOR JUST ABOUT ANY PURPOSE. JUDGE JOANNIDES GRANTED SUMMARY JUDGMENT QUIETING TITLE IN FAVOR OF LEISNOI AND ORDERING THAT HIS *LIS PENDENS* BE EXPUNGED FROM THE PROPERTY RECORDS OF THE KODIAK RECORDING DISTRICT. LEISNOI WILL NOW BE ABLE TO SELL, LEASE AND OTHERWISE UTILIZE ITS PROPERTY. LEISNOI IS WORKING WITH ITS JOINT VENTURE PARTNER, TRILLIUM CORPORATION OF BELLINGHAM WASHINGTON, TO BEGIN SELLING CLIFF POINT ESTATES IN KODIAK, CONSISTING OF 40 TEN-ACRE RESIDENTIAL LOTS. LEISNOI EXPECTS THERE WILL BE GOOD DEMAND FOR THE PROPERTY NOW THAT TITLE HAS BEEN CLEARED.

LEISNOI'S LEAD COUNSEL IN THE CASE, JACK FITZGERALD, NOTED THAT "STRATMAN HAS BEEN ON A REAL LOSING STREAK LATELY. HE LOST IN FEDERAL COURT WHEN U.S. DISTRICT JUDGE HOLLAND QUIETED TITLE IN FAVOR OF LEISNOI; HE FAILED IN HIS APPEAL TO THE NINTH CIRCUIT; AND THEN, JUST SIX MONTHS AGO, LOST HIS DECERTIFICATION BATTLE AGAINST LEISNOI WHEN SECRETARY OF THE INTERIOR DIRK KEMPTHORNE PERSONALLY SIGNED A RULING AGAINST HIM. NOW STRATMAN HAS LOST AGAIN. JUDGE JOANNIDES HAS CLEARED TITLE TO ALL OF LEISNOI'S LAND. THIS IS A MAJOR VICTORY FOR THE SHAREHOLDERS OF LEISNOI, INC." CO-COUNSEL DAVID CLARK OBSERVED THAT "THE RULING WILL ALLOW LEISNOI, INC. TO BEGIN THE PROCESS OF REBUILDING." KANE WOLF, PRESIDENT OF LEISNOI, INC., EXPRESSED THE SMALL NATIVE VILLAGE CORPORATION'S THANKS TO THE SUPERIOR COURT JUDGE "WHO SORTED OUT THE FACT FROM THE FICTION AND WROTE A VERY CLEAR RULING EXPLAINING WHY LEISNOI HOLDS GOOD, CLEAR TITLE TO ITS LAND." MR. WOLF NOTED THAT THE CORPORATION HAS RECENTLY BEEN WORKING TO OBTAIN CERTIFICATION TO OBTAIN GOVERNMENT CONTRACTS, AND EXPECTS THAT WITH THIS RULING, LEISNOI, INC.'S ABILITY TO OBTAIN SUCH WORK WILL BE GREATLY ENHANCED.

JUDGE JOANNIDES' RULING GRANTING SUMMARY JUDGMENT IN FAVOR OF LEISNOI, INC. IS DATED JUNE 17, 2007 AND WAS ISSUED IN *LEISNOI, INC. V. OMAR STRATMAN*, ALASKA SUPERIOR COURT, THIRD JUDICIAL DISTRICT AT ANCHORAGE, CASE NO. 3AN-96-00502 C/W 3AN-05-13155.

John R. Fitzgerald

Morrison Mahoney LLP

250 Summer Street

Boston, MA 02210-1181

Direct Dial: 617-737-8858

Direct Fax: 617-342-4848

Attorneys for Leisnoi, Inc.

EXHIBIT 3
Page 2 of 4 Pages

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

### FAX TRANSMITTAL

This facsimile transmission may contain privileged or confidential information intended only for the use of the individual or entity named below. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this communication in error, please notify us immediately by telephone (collect if necessary) and destroy all parts of transmission. Thank you for your cooperation.

TO: Michael Schneider
FAX #: (907) 274-8201

TO: David Clark
FAX #: (907) 274-9829

TO: John Fitzgerald
FAX: (617) 737-9040  439-7590

FROM: Kadell Moore, Judicial Assistant to
Superior Court Judge Stephanie Joannides
(907) 264-0430
Fax #: (907) 264-0518

SUBJECT: 3AN-96-502 CI

DATE: June 18, 2007

NUMBER OF PAGES INCLUDING THIS ONE: 15

MESSAGE: Please call if you experience problems with this transmission.

EXHIBIT 3
Page 3 of 4 Pages

Betsy Lund
Managing editor
907.486.3227 x-1037
blund@kodiakdailymirror.com

6/27/2007

------ End of Forwarded Message