John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>    Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and<br>DIRK KEMPTHORNE, SECRETARY OF<br>THE INTERIOR,<br><br>    Defendants. | Case No. A02-0290 CV (JKS)<br><br>**LEISNOI, INC.'S REPLY TO<br>OPPOSITION (#171) TO<br>MOTION TO DISMISS<br>RE: ANILCA (#120)** |

## I. INTRODUCTION

The 68 page opposition leaves the reader bewildered, wondering "what is all this talk about implied repeal?"  Neither Leisnoi, Inc., Koniag, Inc., nor the federal defendant has ever claimed that ANILCA impliedly repealed ANCSA.

Secretary Dirk Kempthorne did not find that ANILCA impliedly repealed ANCSA.  He instead observed that Woody Island had already been found eligible for ANCSA benefits.  He concluded that ANILCA, which expressly recognizes Leisnoi, Inc.'s statutory entitlement to ANCSA benefits as a Native Village Corporation, ratified the prior finding by his predecessor, Secretary Rogers Morton, that Woody Island met the test for ANCSA Native Village status.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 1

1207955v1

II. **STANDARD OF REVIEW**

Stratman argues in his brief that the decision by Secretary Kempthorne is entitled to no weight at all. No deference whatsoever should be give the Secretary's considered opinion, claims Mr. Stratman. In other words, the past twelve years at the Department of the Interior have all been for naught, because the Court should just decide the issue *de novo,* without paying any heed to the views, analysis, consideration, conclusions, or final decision of the United States Secretary of the Interior. Stratman's twisted logic that leads him to this deeply flawed conclusion begins, of course, with a faulty premise.

To cut through the wreckage of a brief that stands as a model of confusion, poor editing, and verbosity, the Court need only observe the mistaken premise upon which Stratman relies, namely, that ANILCA is not ambiguous on the issue of whether it ratifies Secretary Morton's 1974 certification of Woody Island as eligible for benefits under the Alaska Native Claims Settlement Act. According to Stratman, there is no ambiguity, hence, no need to give any deference at all to Secretary Kempthorne's final decision. Stratman claims, based upon his selective use of principles of statutory construction, to have infallibly concluded that the statute clearly, absolutely, make-no-mistake-about-it, gosh-darn certainly does not ratify Secretary Morton's certification of Woody Island.

The problem for Stratman, though, is that the Court already characterized the issue of whether ANILCA ratified Woody Island's certification as being a "difficult question that should be decided in the first instance by the agency." September 12, 1995 Minute Order in Civil Action No. A76-132. If the statute were as sparkling Waterford crystal-clear as Omar Stratman now represents it to be, the Court would not have characterized the issue of whether that statute

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 2

1207955v1

ratified Woody Island's eligibility as being a "difficult question." The Court would have dispensed with the matter years ago if there were no ambiguity. The Court's September 12, 1995 Minute Order necessarily implies that it finds either of the two competing interpretations of ANILCA are within the range of the reasonable meanings of the ANILCA statute's language. That being the case, the Court should give due deference to Secretary Kempthorne's final decision interpreting that statute as mooting Omar Stratman's decertification claims.

An agency head's resolution of an ambiguous statute, one that he is charged with administering,[1] in the context of a formal agency adjudication,[2] triggers mandatory *Chevron* deference:

> "[I]f the statute is …. ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute…. The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding… We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.."

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984).

Stratman's argument in his opposition (#171) that no deference should be given to the considered decision of Secretary of the Interior Kempthorne is incompatible with arguments he successfully presented to the Ninth Circuit in a prior litigation with Leisnoi, Inc. when he asked

---

[1] "A court faced with a problem of statutory construction should give great deference to the interpretation of a statute by the officers or agency charged with its administration." *Brubaker v. Morton*, 500 F.2d 200 (9th Cir.1974)

[2] *United States v. Mead Corp.*, 533 U.S. 218 (2001) recognized that "the fruits of … formal adjudication" receive *Chevron* deference. See *Alaska Department of Health and Social Services v. McClellan*, 424 F.3d 931 (9th Cir.2005); *Securities and Exchange Commission v. Zandford*, 535 U.S. 813, 820 (2002) (This interpretation of the ambiguous text … in the context of formal adjudication, is entitled to deference if it is reasonable….")

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 3

1207955v1

the Ninth Circuit to give substantial deference to a predecessor Secretary of the Interior's interpretations of ANCSA:

> "Because the Secretary of the Interior bears 'the principal responsibility for administering [ANCSA],' his interpretations are **entitled to 'great weight' upon judicial review**… An administrative agency's interpretation of a statute it is charged with administering is **accorded substantial deference**. We may not simply impose [our] own construction on the statute… Rather, we **must defer to the Secretary unless his interpretation** is inconsistent with the unambiguously expressed intent of Congress or **is** otherwise **unreasonable**… We thus inquire whether the Secretary's interpretation is otherwise reasonable… The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding… Instead, **we simply ask whether we are compelled to reject the Secretary's construction**… In this case, we are certainly not so compelled…Thus, Stratman… does not need Leisnoi's additional consent to proceed with his mining there."

*Leisnoi, Inc. v. Stratman*, 154 F.3d 1062, 1068, 1072 (9th Cir.1998) (internal quotations & citations omitted)(emphasis added).

Secretary Kempthorne's ruling was based on a permissible construction of section 1427, and is entitled to great deference, notwithstanding Stratman's protestations to the contrary. In fact, as the Ninth Circuit articulated in the above-quoted ruling in a prior litigation between Leisnoi and Stratman, the Court need only determine that the Secretary's interpretation is within the range of reasonableness such that the Court is not "compelled" to reject his construction. That being the case here, the Court must give Secretary Kempthorne's resolution of the ANILCA ratification issue due deference, and affirm.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 4

1207955v1

The standard of review is exceedingly narrow such that, for all intents and purposes, if the Court has subject matter jurisdiction over this case, it must follow Secretary's Kempthorne's decision that ANILCA ratified Secretary Morton's certification of Woody Island.

III. **BRIEF IS BETTER**

The Court need not confuse volume with validity, size with substance, or quantity with quality. Arguments in a 68 page opposition are not presumptively better than legal arguments in a eight page reply.[3]

The one redeeming quality of Stratman's brief, the only concern he showed for his readers, is his having compiled and attached all briefing previously submitted by Koniag, Leisnoi, and the federal defendant on the ANILCA issue.

In re-reading those briefs several years now after they were originally written, it becomes readily apparent that the ANILCA ratification issue has been fully briefed. The briefs need not be re-canned, re-packaged, or re-done.

For example, Koniag did an excellent job in its March 1999 Reply Brief in showing that "by re-characterizing the issue as one of implied repeal, Stratman creates a straw man. Indeed, neither Koniag nor Leisnoi has ever argued that Congress impliedly repealed ANCSA § 119(b)(3)."[4] Stratman has tried again to mischaracterize the issue as one of implied repeal, even though Secretary Kempthorne neither invoked that doctrine nor made any finding of implied repeal.

---

[3] Despite having rambled on for some 68 pages, Stratman never answered the fundamental question raised by Secretary Kempthorne against the interpretation advocated by Stratman, namely, "Why would Congress take such pains to resolve the status of the seven unlisted villages, so that the Koniag settlement could proceed, and yet leave unresolved the question that had been raised about Leisnoi's eligibility?"

[4] Docket #175-4 at p. 46.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 5

1207955v1

Likewise, Koniag already dispatched Stratman's arguments about what does and what does not constitute legislative history of ANILCA in that same brief at pages 28-35.[5]

The issue of what knowledge of the Leisnoi/Stratman litigation Congress had when it enacted ANILCA was likewise fully briefed in Koniag's brief at pages 41-45.[6]

A very concise, three-page summary of how ANILCA ratifies Woody Island's eligibility appears in Leisnoi' Opening Brief.[7]

A helpful discussion of how Stratman's theory that Leisnoi does not have a right to conveyance is inconsistent with ANILCA, which explicitly recognizes the "right" of each Koniag Deficiency Village Corporation to conveyance under ANCSA appears in Leisnoi's Objections to Recommended Decision of ALJ Sweitzer at pages 4-6.[8]

The frivolity of Stratman's attempt to draw a distinction between "unauthorized" conduct and "incorrect" conduct of departmental officials is revealed in Leisnoi's March 26, 1999 Reply Brief at pages 24-25.[9] That brief, Leisnoi's most comprehensive analysis of the ANILCA issue, also points out the sleight-of-hand Stratman uses in mixing up the terms "village" and "village corporation" in his confusion over the differing provisions of subsections (a) and (e) of ANILCA

---

[5] Docket #175-2, 175-3 at pp. 28 to 35.

[6] Docket #175-3 at pp. 41-45.

[7] Docket # 171-2 at pp. 379-381.

[8] Docket #176-2 at pp. 4-6.

[9] Docket #174-5 at pp. 24-25.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 6

1207955v1

§ 1427.[10]  That self-induced confusion on the part of Omar Stratman has carried over into his latest brief on the ANILCA issue, docket # 171.

Rather than trying to cut-and-paste from prior briefs, and hack together an overlength, disjointed compendium as Stratman has done in his 68 page sorry sample of poor legal writing, Leisnoi instead invites the Court simply to read its prior briefs now in the record, together with the excellent briefing prepared by Koniag and the federal defendant, and, of course, the very lucid, cogent analysis of Secretary Kempthorne.  These suffice to apprise this Court fully of the reasons why ANILCA ratified Woody Island's eligibility.  There is no need to regurgitate as Stratman has done.

### IV.    CONCLUSION

By recognizing Leisnoi, Inc., by name, as a Native Village Corporation that enjoys a "right … to conveyance under that Act [ANCSA]"[11]  Congress ratified the 1974 village eligibility finding made by Secretary of the Interior Rogers C.B. Morton.  Secretary Dirk Kempthorne's determination that ANILCA has mooted Stratman's decertification claims is entitled to great deference.

---

[10] Docket #174-4 at pages 10-14.

[11] ANILCA § 1427(b)(1).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 7

1207955v1

DATED this 10th day of July, 2007.

                RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#171) to Motion to Dismiss re: ANILCA (#120)
Page 8

1207955v1