John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,        ) | |
|                    ) | |
|       Plaintiff,        ) | |
|                    ) | Case No. A02-0290 CV (JKS) |
| versus                   ) | |
|                    ) | **LEISNOI, INC.'S REPLY TO** |
| LEISNOI, INC., KONIAG, INC., and   ) | **STRATMAN'S OPPOSITION (#197)** |
| DIRK KEMPTHORNE, SECRETARY OF ) | **TO MOTION (#193) TO STAY** |
| THE INTERIOR,             ) | **BRIEFING ON MOTION (#178)** |
|                    ) | **TO REVIEW AND AFFIRM IBLA** |
|       Defendants.      ) | **DECISION AND SET ASIDE** |
| _____ ) | **1974 ELIGIBILITY DETERMINATION** |

## I.    INTRODUCTION

Stratman is trying to bypass mandatory Secretarial review,[1] and reach down all the way

to an IBLA panel ruling that was overturned by Secretary Kempthorne, and to an ALJ

recommended decision, which Secretary Kempthorne has not yet reviewed.  He is also trying to

make an end-run around the two-year ANCSA statute of limitations[2] by pretending that his 2002

suit is one and the same as his 1976 suit, even though the earlier case ended in a Final Judgment

---

[1] Title 43 CFR § 2651.2(a)(5) requires personal review by Secretary of the Interior of village eligibility
determinations: "Decisions of the Board on village eligibility appeals are not final until personally approved by the
Secretary."

[2] 43 U.S.C. § 1632(a).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 1

1208087v1

that did not disturb Woody Island's 1974 certification. This Court should either affirm the Secretary's 2006 ruling that ANILCA has mooted Stratman's claims, or dismiss for lack of subject matter jurisdiction. In the event this Court were to deny all five of Leisnoi's pending substantive motions (docket numbers 107, 109,111, 118, 120), then it should refer the case back to the Secretary of the Interior to enable Stratman to exhaust his administrative remedies.

## II.    STRATMAN CONCEDES THAT HIS MOTION IS PREMATURE

At pages 2-3 of his opposition (#197), Stratman concedes the obvious, namely, that the relief he seeks is premature:

> "Of course the Court should decide the jurisdictional and other issues before it in advance of deciding Mr. Stratman's motion at Docket No. 178."

Docket #197 at pp. 2-3.[3]

Leisnoi should not be forced to expend limited resources paying its attorneys to brief issues that might never have to be adjudicated. Indeed, if the Court affirms on the grounds that Congress mooted Stratman's challenge to Woody Island's eligibility by enacting the Alaska National Interests Lands Conservation Act, there will never come a time that it will become necessary to answer the moot question he raises as to whether Woody Island met the Alaska Native Claims Settlement Act eligibility test.

Stratman is mistaken in his contention at page 4 of his opposition that "it would be efficient to instruct them to file their briefing as soon as possible sot that the Court can, as soon

---

[3] Federal courts have no jurisdiction over matters that are not ripe for consideration, such as Stratman's motion to adopt a non-final IBLA panel ruling before Secretary of the Interior Dirk Kempthorne personally reviews the proposed findings of fact and conclusions of law of the administrative law judge.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 2

1208087v1

as possible, move on to decide Leisnoi's fate."  In fact, Congress already decided Leisnoi's fate,

favorably, when it expressly declared in the ANILCA legislation that Leisnoi has a right and

entitlement to ANCSA benefits.  <u>See</u> Leisnoi's ANILCA motion, docket #120.  There would be

nothing "efficient" about requiring litigants to brief matters that might never need to be decided,

or matters over which the Court lacks subject matter jurisdiction.

## III.   STRATMAN'S MISTAKEN MUSINGS THAT "THE AGENCY'S FACTUAL WORK IS DONE"

Secretary of the Interior Dirk Kempthorne did not undertake a factual review of whether

Woody Island met the ANCSA test for Native Village status, because he decided that issue was

mooted by subsequent congressional action in ANILCA.

This Court should first determine if it has subject matter jurisdiction.  Leisnoi has set

forth a number of jurisdictional objections in its various Rule 12(b)(1) motions.

If the Court has subject matter jurisdiction, it should decide whether, under the

appropriate standard of review that gives deference to the Secretary's final decision, it will

affirm his finding that ANILCA mooted Stratman's challenge.

Only in the event that the Court were to find (a) that it has subject matter jurisdiction, and

(b) that ANILCA did not ratify Woody Island's eligibility, would the Court have to reach the

next issue, the one identified by the Ninth Circuit in *Stratman v. Watt,* 656 F.2d 1321 (9th

Cir.1981), which is whether Stratman has exhausted his administrative remedies.[4]

---

[4] "The judicial requirement of exhaustion of administrative remedies is not mechanically applied and we believe the question should be considered initially by the district court; we remand for such consideration." 656 F.2d at 1326.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 3

1208087v1

Although Stratman spent several years at the Department of the Interior, he has not yet exhausted his administrative remedies so as to be permitted to pursue a motion to set aside the 1974 certification. This is the case because Secretary Kempthorne vacated the IBLA panel decision on the basis of ANILCA, therefore never reaching the issue of whether to accept, reject, or correct the ALJ's recommended decision, findings of fact, and proposed conclusions of law. The agency's "factual work" is therefore not done, and Stratman's suggestion to the contrary in his latest brief is dead wrong.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES REQUIRES SECRETARIAL REVIEW OF THE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

ANCSA mandates that any party seeking judicial review "shall first exhaust any administrative appeal rights." 43 U.S.C. § 1632(a). Until the Secretary reviews Stratman's challenge to Woody Island's eligibility on the merits, Stratman has not exhausted his administrative remedies so as to be able to pursue the relief he judicially seeks in his motion at docket #178. This is so because Title 43 CFR § 2651.2(a)(5) mandates that "Decisions of the Board on village eligibility appeals are not final until personally approved by the Secretary." Stratman thus cannot ask a federal court to reach down to an ALJ recommended decision, or to an IBLA panel decision, and to bypass Secretarial review. Although he might find it inconvenient to have to go back to the agency, the Court should base its decision on the law, not on the personal whims or desire by Stratman to bypass Secretarial review on the validity or invalidity of his underlying claims pertaining to the eligibility of the Native Village of Woody Island.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 4

1208087v1

Essentially what we have here is a request by Omar Stratman to bypass agency review and proceed directly to federal court. His proposal makes a mockery of (a) the 1981 decision by the Ninth Circuit that remanded to the district court with instructions to consider whether Omar Stratman has exhausted his administrative remedies, and encouraged "further administrative inquiries into the qualifications of Woody Island"; (b) ANCSA itself, that precludes judicial review unless a claimant has exhausted administrative remedies;[5] and (c) the governing CFR regulations that require personal review by the Secretary of the Interior of village eligibility decisions.[6] Agency decisions on village eligibility are not final until reviewed by the Secretary, and, until that review is completed, are not ripe for judicial review.

## V.    THE STATE COURT ERICKSON CASE IS IRRELEVANT TO THE DECERTIFICATION CASE

Stratman asks this Court to "take judicial notice" that the state court suit seeks to force Leisnoi to settle with Stratman." In fact, Leisnoi moved for summary judgment to dismiss that count more than a year ago, and in June 2006 the claim was dismissed. See June 6, 2006 order dismissing the count that sought to force Leisnoi to settle with Omar Stratman. (Exhibit 1 hereto)

The Erickson suit has nothing to do with whether Woody Island qualifies for benefits under ANCSA. Stratman's theory that this Court needs to decertify Woody Island before that case goes to trial lacks any logic, rhyme or reason. Moreover, that case will be tried on July 23rd of this year; it is unlikely the Court could address all of the substantive motions now pending, obtain and study the massive administrative record, order the parties to brief the complex,

---

[5] 43 U.S.C. § 1632(a).

[6] 43 CFR § 2651.2(a)(5).

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 5

1208087v1

factually-intensive issue of the eligibility of the Native Village of Woody Island, and make a decision, all prior to July 23rd.

## VI.    THE UNHAPPINESS OF A LITIGANT WITH A SUMMARY JUDGMENT ENTERED AGAINST HIM DOES NOT DEPRIVE THE RULING OF ITS COLLATERAL ESTOPPEL CONSEQUENCES

Omar Stratman, we are told, believes that the state court ruling quieting title to Leisnoi's land, entered after eleven years of litigation, is not a considered ruling, but is instead merely the result of "judicial confusion."[7]   He characterizes the collateral estoppel consequences that flow from his having lost the case as "unjustly impair[ing] third-party rights."   Stratman has convinced himself that the state court "made a grave error" in determining that Stratman's decertification claims do not affect title to Leisnoi's land.   And he threatens that he "knows how to find the Alaska Supreme Court."[8]

But the unhappiness of litigant with a ruling does not deprive the ruling of collateral estoppel effect.   It was Stratman himself, after all, who argued for collateral estoppel to flow to this federal suit from rulings in that state court case.[9]   Now that Stratman has lost the case, though, he has done an about-face, and does not want the state court rulings to bind this court.

Of course, the threat of an appeal, or an actual appeal does not deprive the summary judgment from having collateral estoppel effect. *Eichman v. Fotostat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985); *Thurman v. General Mills*, 210 Fed. Appx. 614, 2006 U.S.App. LEXIS 30242 (9th Cir.2006); *Scott v. Sears Robuck & Co.*, 395 F.Supp.2d 961 (D.Oregon 2005).   Characterize

---

[7] Docket #197 at p. 5.

[8] Docket #197 at p. 6.

[9] Docket #162 at p. 21 n. 8

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 6

1208087v1

the ruling as he wishes, as a "grave error" or "judicial confusion", Stratman is stuck with it, and the collateral estoppel that flows from it.

In a very real sense, the prophesy of the state court is self-fulfilling. By deciding the issue of whether this decertification case can affect title to Leisnoi's land, and making a final ruling that it cannot,[10] the state court ruling constitutes an adjudication on the merits of that issue, that precludes re-litigation of the issue anew herein between the same parties. Stratman's demand for a "prompt decision" from this Court[11] therefore misses the point: he is already precluded from re-litigating the issue. Issue preclusion, or collateral estoppel, applies by his own admission.[12]

It has already been determined that Stratman's decertification case cannot affect title to Leisnoi's land. Stratman cannot relitigate that issue all over again. His argument that Leisnoi has "worthless title"[13] ignores the reality that the state court has already determined Leisnoi has good, clear title, so the title issue has been decided in favor of Leisnoi. His argument also, of course, ignores the collateral estoppel consequences that flow from Stratman having also lost on this issue in federal court, when Judge Holland ruled against him and entered an order quieting title in favor of Leisnoi.[14] State court Judge Joannides, after all, was not "confused" as Stratman

---

[10] Docket #193-3.

[11] Docket #197 at p. 5.

[12] Docket #162 at p. 21.

[13] Docket #197 at p. 5.

[14] Docket # 193-2.("By virtue of the disclaimer of the United States, TITLE to the surface estate … IS QUIETED IN LEISNOI, INC.")

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 7

1208087v1

contends; she was simply following Judge Holland's ruling and that of the United States Court of

Appeals for the Ninth Circuit.[15]  Having lost in both the federal and the state court quiet title

cases, Stratman is collaterally estopped from relitigating herein the title issue.

A "prompt decision by this Court on the 'decertification' issue"[16] therefore will not

"protect[] unwitting real estate purchasers from injury"[17] as Stratman falsely alleges; because the

state court, Judge Holland, and the Ninth Circuit have all ruled that Stratman's decertification

case has no effect at all on Leisnoi's land.

## VII.   <u>CONCLUSION</u>

There is no merit to Stratman's "request that Leisnoi be 'decertified … immediately…'"[18]

The Court must first determine if it has subject matter jurisdiction. If it does not, it must dismiss.

If the Court has subject matter jurisdiction, it needs to determine whether, giving due

deference to the Secretary's determination, it affirms the ruling that ANILCA ratified Woody

Island's eligibility.

Only if the Court were to decide that it does have jurisdiction, but that it does not affirm

the Secretary, would it become necessary to then refer the case back to the Secretary of the

Interior so that Stratman could exhaust his administrative remedies by having the Secretary

personally review the village eligibility of Woody Island.

---

[15] *Leisnoi, Inc. v. United States*, 313 F.3d 1181 (9th Cir.2001) (Leisnoi's "land could not revert to the United States regardless of the outcome of the decertification proceeding.")

[16] Docket #197 at p. 5.

[17] <u>Id</u>.

[18] Docket #197 at p. 6.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 8

1208087v1

And only after the Secretary completes such review, and the entire administrative record is filed with this Court, can the Court turn to the merits (or, more accurately, the lack of merit) to Stratman's decertification claims.

Stratman's motion to affirm an IBLA panel ruling that the Secretary overturned, and to set aside Secretary Morton's 1974 certification of Woody Island, without first enabling Secretary Kempthorne to review the facts of Woody Island's eligibility and the recommendations of the administrative law judge, must be rejected at this juncture because the motion is premature, and seeks impermissibly to bypass mandatory Secretarial review, and improperly to obtain judicial relief without having exhausted administrative remedies.

WHEREFORE, the Court should GRANT Leisnoi's Motion (#193) to STAY briefing on Stratman's so-called motion to review and affirm the IBLA's decision on remand and to set aside the Secretary's Original 1974 Decision approving Leisnoi's application for eligibility as an unlisted ANCSA Native Village (docket #178).

DATED this 12th day of July, 2007.

RESPECTFULLY SUBMITTED,


/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

## CERTIFICATE OF SERVICE

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 9

1208087v1

     I hereby certify that on July 12, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Bruce Landon, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition (#197) to Motion (#193) to Stay Briefing on Motion (#178)
 to Set Aside 1974 Eligibility Ruling
Page 10
1208087v1