IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE     RECEIVED

| | |
|---|---|
| ROBERT ERICKSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3AN-04-13743 CI |
| ) | |
| KANE WOLF, CAROLE PAGANO, and ) | CAL'L |
| FRANK GRANT, ) | ATTY  dde |
| ) | CC CLIENT 6/7/06 |
| Defendants. ) | |

ORDER

SCANNED
E-mailed JRC-4(4)
To

Before the court are two motions for summary judgment. The first, defendants' motion filed in April of 2005 with a late-filed opposition in May of 2006 related to plaintiffs' prayer for relief to order the defendants to enter into a settlement agreement with Omar Stratman, and the second, plaintiff's motion with respect to claims for failure to provide annual reports. The court heard oral argument on May 24, 2006 on both of these motions and will address each in this order.

**(1) Defendants' Motion for Summary Judgment Re: Prayer for relief five (5) seeking to order defendants to enter into a settlement agreement with Omar Stratman.**

Defendants moved for summary judgment on plaintiffs' claim that seeks an order that the defendants enter into a settlement with Omar Stratman. At oral argument the parties stipulated that prayer for relief five (5) in the third amended complaint should be dismissed. The parties further agreed that the dismissal of

this prayer for relief shall not have any effect on the plaintiffs' claims for breach of fiduciary duties. This court accordingly granted the dismissal of the claim on the record.

**(2) Plaintiff's Motion for Summary Judgment Re: Counts II and III**

Plaintiffs have moved for summary judgment on counts II and III of their complaint. These two counts allege that the defendants failed to prepare and distribute annual reports. Plaintiffs rely on AS 10.06.433 for their proposition that they should be awarded penalties for the corporation's failure to provide annual reports for certain years between 1999 and 2004. AS 10.06.433(f) provides that "a *corporation* that neglects, fails, or refuses to prepare or submit" an annual report is subject to a penalty of $25 per day with a maximum penalty of $1500. (Emphasis added).

The lead plaintiff in this case, Erickson, made a demand on the corporation for missing annual reports in August of 2004, and in October of 2004 filed suit against three of the corporation's directors. Subsequently, numerous other shareholders have joined the suit as plaintiffs. The plaintiffs now seek penalties from the named directors for failing to send out annual reports. Plaintiffs argue that the defendant directors should be liable for penalties for failing to prepare and provide annual reports essentially based on the status of a

corporation as a legal fiction. They argue that the corporation cannot act without some action by the board and therefore the board and its directors are liable for the corporation's actions or inactions.

The defendants oppose the motion, arguing that any penalties for such a failure to provide annual reports are the obligation of the corporation and not the individual directors.

While the plaintiff is correct that a corporation does not act without involvement of the board of directors or other agents, AS 10.06.433(f) is clear. The statute provides that a *corporation* that neglects, fails, or refuses to provide annual reports is subject to a penalty. The statute does not state, nor is there any implication, that the directors of a corporation are personally liable for the corporation's failure to provide annual reports.

In this case the plaintiffs have made the decision to sue only three of the members of the board of directors. They did not sue all of the members who sat on the board during the times that they claim they did not receive annual reports. Nor have the plaintiffs chosen to sue the corporation directly in order to force the corporation to prepare and provide legally sufficient annual reports.

The court hereby finds that AS 10.06.433(f) imposes penalties on a corporation that does not provide its

shareholders with annual reports. AS 10.06.433(f) does not create personal liability for the limited and select few directors whom the plaintiffs in this case have sued.

Alternatively, the plaintiffs argue that the court should order the three named directors to prepare and distribute the missing annual reports. They rely on AS 10.06.433(a) for the proposition that although the corporation is liable for penalties, it is the directors' duty to prepare and distribute the corporation's annual reports. For this reason, plaintiffs argue that even without imposing penalties on the directors, the court may still order them to prepare and distribute annual reports as well as order them to be prepared expeditiously.

AS 10.06.433(a) provides that "the board shall send an annual report to the shareholders…" This annual report must be sent within 180 days of the end of the previous fiscal year for which the report pertains. Likewise, the report must contain certain statutorily required information.

To order the board to send out an annual report, the board must be a party to this litigation. It is undisputed that only three of the five board members who were on the board at the time of the demand in August of 2004 were named as parties. Plaintiffs argue that three of five directors, constituting a majority, are all that is required in a suit against the board of directors for their failure to provide annual reports.

Plaintiffs argue that naming a simple majority in a case constitutes filing suit against the board of directors because any action by the board only requires a majority vote in order to be approved.

Defendants argue that where a statute creates an obligation for "the board" that obligation is one for the entire board and not just a majority of the members. They argue that if the plaintiffs sought to sue the board of directors to force them to take some action, they should have sued all five members of the board at the time the initial plaintiff made his demand for annual reports. They argue that it was a tactical decision to only sue three directors in this case instead of all of the directors.

The question for the court is: can it order three out of five of the directors of a corporation to take some action? Specifically, can the court order those three directors to produce annual reports? AS 10.06.433(a) is clear that the obligation to send annual reports falls on "the board." The term "board" is not defined. Plaintiffs suggest that "board" should mean any majority of the members, while the defendants argue that "board" must be read to mean all the members of the board.

The Alaska Supreme Court has stated that when common terms are used within statutory language, without definition, the words should be given their common meaning. *Alaskans for*

*Efficient Government, Inc. v. Knowles*, 91 P.3d 273, n. 4 (Alaska 2004). The Supreme Court also stated in *Alaskans for Efficient Government* that dictionaries are a "useful starting point for determining what statutory terms mean, as they provide the common and ordinary meaning of the words." *Id*. The term "board" is defined in Black's Law Dictionary as:

> A committee of persons organized under authority of law in order to exercise certain authorities, have oversight or control of certain matters, or discharge certain functions of a magisterial, representative, or fiduciary character. Thus "board of aldermen," "board of health," "board of directors," "board of works."

Black's Law Dictionary, 157-158 (5th Ed. 1979). Further, Black's Law Dictionary defines "directors" as:

> Persons appointed or elected according to law, authorized to manage and direct the affairs of a corporation or company. The *whole* of the directors collectively form the board of directors.

*Id*. at 414 (emphasis added).

This court hereby finds that the term "board" as used in AS 10.06.433(a) refers to the collective total of the board, i.e., all members of the board. All members of the board have a duty to provide shareholders with annual reports that comport with

the requirements of that section. It is not a duty of a simple majority of the board, nor is it an action that requires a vote by a majority of the board to take place.

Accordingly, this court does not have the authority or jurisdiction to order non-named members of a board of directors to take action. In this case, because only three of the members at the time demand was placed on the board are named, the court cannot therefore order those three directors to prepare and send annual reports to shareholders without the inclusion of all the directors that were sitting on the board at the time the demand was made. For all the aforementioned reasons, plaintiffs' motion for summary judgment is hereby denied.

DATED this ___2___ day of June 2006 at Anchorage, Alaska.

_____
SEN K. TAN
Superior Court Judge

6·5·06

I certify that on _____ a copy of the above was mailed to each of the following at their addresses of record:

M. Walleri
M. Lucas    D. Clark
            J. Fitzgerald
Administrative Assistant

Erickson v. Wolf
Order on Summary Judgment
Case No. 3AN 04-13743
Page 7 of 7