R. Collin Middleton, Esq.
Law Offices of R. Collin Middleton, P.C.
P.O. Box 113128
Anchorage, Alaska 99511
Ph: 907-222-0506
Fax: 907-279-7029
Email: collinmiddleton@gci.net

Counsel for Defendant, Koniag, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. A02-0290 CV (JKS) |
| ) | |
| LEISNOI, INC., KONIAG, INC., and ) | |
| GALE A. NORTON, Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ANSWER TO THIRD AMENDED COMPLAINT
## AND COUNTERCLAIM

COMES NOW, Koniag, by its attorneys, the Law Offices of R. Collin Middleton, P.C. and Sato and Sato, LLC, and submit the following as their answer to Plaintiff's Third Amended Complaint.

## Introduction

1.    Paragraph one of Plaintiff's Third Amended Complaint constitutes conclusions of law as opposed to fact, to which no responsive answer is needed, or is a characterization of Orders from this Court and the Orders speak for themselves.

Answer to Third Amended Complaint and Counterclaim                    -1-
A02-0290 CV (JKS)

## General Allegations

2.      Koniag admits the allegations in paragraph 2.

3.      Koniag admits the allegations in paragraph 3.

4.      Koniag admits the allegations in paragraph 4, except for the description of Woody Island as "alleged"

5.      Koniag admits it is a regional corporation created under ANCSA, and denies that Leisnoi is a member of Koniag.  Koniag does admit that all shareholders of Leisnoi are shareholders of Koniag.

6.      Paragraph 6 is an allegation of law and not of fact, to which no responsive pleading is required.

7.      Paragraph 7 contains allegations of law and not fact to which no answer is required.

## The Proceedings in Stratman I

8.      The allegations in paragraph 8 summarize multiple legal documents which are the best evidence of what those documents state, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.  Further, Koniag on information and belief denies that Plaintiff received no actual notice of the proceeding before the Department of Interior, but does admit that Plaintiff failed to file a protest or otherwise participate in those proceedings.

9.      The allegations in paragraph 9 are denied.

10.     The allegations in paragraph 10 are denied except that Koniag admits that Plaintiff's action, if successful, will cause harm to Koniag, as Plaintiff well knows.

11.     The allegations contained in paragraph 11 are a summary of multiple legal documents which are the best evidence of those allegations and to the extent the allegations do not completely or accurately summarize such documents, Koniag denies them.

12.    The allegations contained in paragraph 12 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

13.    The allegations contained in paragraph 13 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

14.    The allegations contained in paragraph 14 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

15.    The allegations contained in paragraph 15 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

16.    The allegations contained in paragraph 16 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

17.    The allegations contained in paragraph 17 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

18.    The allegations contained in paragraph 18 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

19.    The allegations contained in paragraph 19 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

<u>The Remanded Agency Proceedings</u>

20.    Koniag admits the allegations in paragraph 20.

Answer to Third Amended Complaint and Counterclaim                              -3-
A02-0290 CV (JKS)

21.     The allegations contained in paragraph 21 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

22.     Koniag admits the allegations in paragraph 22.

23.     The allegations contained in paragraph 23 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

24.     Koniag admits the allegations in paragraph 24, and admits that it argued at length in such briefing, among other things, that Judge Sweitzer's proposed findings and conclusions neither conformed to the evidence presented to him, nor to the law.

25.     The allegations contained in paragraph 25 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them. Koniag, however, does admit that the IBLA held it had no jurisdiction and that it did not address the grounds urged by Koniag that Judge Sweitzer's findings and conclusions were fatally flawed.

26.     The allegations contained in paragraph 26 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them.

27.     Koniag admits the allegations in paragraph 27.

28.     The allegations contained in paragraph 28 are a summary of multiple legal documents which are the best evidence of the allegations, and to the extent the allegations do not accurately or completely summarize such documents, Koniag denies them. Koniag does admit that the Secretary's decision including exhibits is contained at Docket 96.

<u>Claim for Relief</u>

29.     Paragraph 29 is a legal conclusion and not a claim for relief and consequently no responsive pleading is required.

30.     The claim for relief in paragraph 30 is denied.  Koniag does admit that the holdings of the IBLA was that it lacked jurisdiction, and that the lands of Leisnoi and consequently of Koniag, had been conveyed more than six years prior to their decision and consequently, were beyond recovery by the United States.

31.     The claim for relief in paragraph 31 is denied.

32.     The claim for relief in paragraph 32 is denied.

33.     The claim for relief in paragraph 33 is denied.

34.     The claim for relief in paragraph 34 is denied.

35.     The claim for relief in paragraph 35 is denied.

Prayer for Relief

1.     The prayer in paragraph 1 is denied.

2.     The prayer in paragraph 2 is denied.

3.     The prayer in paragraph 3 is denied.

4.     The prayer in paragraph 4 is denied.

5.     The prayer in paragraph 5 is denied.

6.     The prayer in paragraph 6 is denied.

7.     The prayer in paragraph 7 is denied.

Affirmative Defense

1.     This Court lacks jurisdiction to consider some or all of the Plaintiff's complaint.

2.     Some or all of the relief claimed and prayed for is not available to Plaintiff in this case.

3.     The Secretary of Interior has ruled that Plaintiff's claim is mooted by the provisions of ANILCA[1], and his determination is entitled to such deference that Plaintiff's claim in this Court is similarly mooted.

4.     Plaintiff's complaint has been mooted by the provisions of ANILCA, Pub. L. No. 96-487, 94 Stat. 2519-20 (1980).

5.     Plaintiff's complaint has been mooted by the Federally Recognized Indian Tribe List Act, 25 U.S.C. Section 479 a and note, 479a-1 (1994).

6.     All claims against Koniag which can result in monetary or other damage to Koniag is barred by an agreement in 1990 between Koniag and Plaintiff which was "a full and final settlement of all actions between or which could be between" Plaintiff and Koniag.

7. The claims for relief that the IBLA decision is viable and can be "affirmed" is barred because it is not final agency action under 43 CFR 2651.2 (a) (5).

<u>Counterclaim</u>

1.     In addition to both this lawsuit in the United States District Court and an earlier lawsuit, Case No. A76-132CV (JKS), Plaintiff has previously sued Koniag in the Superior Court, Third Judicial District at Anchorage, Alaska.  See: Omar Stratman v. Leisnoi, Inc. and Koniag, Inc., 3AN 85-16520

2.     The lawsuit sought specific performance or alternatively damages against Koniag and Leisnoi for the failure of an earlier settlement agreement between Koniag which was then merged with Leisnoi and Plaintiff.  That settlement was to conclude the then existing lawsuit in A76-132 CV.

3.     After a trial court decision adverse to Koniag and Leisnoi, Koniag settled with Plaintiff which ended the state court litigation and, all litigation with Plaintiff

---

[1] Pub. L. No. 96-487; 94 Stat. 2519-20 (1980).

because the settlement was "a full and final settlement of all actions between or which could be between" Plaintiff and Koniag.

4.    Pursuant to the agreement Koniag then delivered a quit claim deed to the sand and gravel to some 17,637 acres of land at no cost to Plaintiff.  Plaintiff subsequently sold some or all of the sand and gravel which had been conveyed by Koniag to others. Koniag, Inc. also gave Plaintiff a valuable license to use the subsurface of the same land for the development of the surface.

5.    Leisnoi, then alone in the appeal of the adverse decision of the trial court, obtained a decision by the Alaska Supreme Court that it was not required to abide by the earlier settlement agreement.

6.    Plaintiff then reopened his litigation in A76-132 CV against both Leisnoi and Koniag, despite his settlement agreement with Koniag.

First Claim

7.      Koniag moved for summary judgment and dismissal of Plaintiff's claims against it and Leisnoi, reasoning that it was a necessary party with whom Stratman had settled which necessitated dismissal of the full action.  The motion was made at Docket Number 251.

8.      In Docket Number 292, this Court denied Koniag's motion.  In Docket Number 297, Koniag moved for reconsideration which was, in turn, denied in Docket Number 299.

9.      Ultimately, Koniag requested leave to appeal the denial in Docket Number 300, but such leave was denied in Docket Number 309.

10.     This case was filed in 2002 by Plaintiff and in it Plaintiff alleges in the Third Amended Complaint paragraph 1, that this case "constitutes a continuation of the proceeding" in 76-132 CV.  If indeed this action is a continuation, then if there is an appeal of this action, by any party, Koniag is entitled to raise on appeal or cross appeal the denials of its summary judgment motion in Docket Number 251 and its motion to reconsider in Docket Number 297.

Second Claim

11.     In this action in the Third Amended Complaint, Paragraph 34, Plaintiff seeks to recover the lands conveyed to Leisnoi and "any other benefits that may have been conveyed on Leisnoi or Koniag as a consequence of its [the United States] certification as an eligible Native Village," and seek the vacation of land patents issued to Koniag because of that certification.

12.     Further, Plaintiff seeks his attorney's fees and costs in this and in A76-132 CV, presumably from Koniag as well as the other defendants, and prays for a judgment for the "value of any benefit received by Leisnoi and/or Koniag" as a result of the certification, a constructive trust on the assets of Koniag and unspecified other relief. Paragraphs 3, 4, 5, and 6 of the Prayers for Relief of the Third Amended Complaint.

13.     The claims and prayers for relief against Koniag are barred by the 1990 agreement, since they are an "action between" Koniag and Plaintiff and in that settlement there was "a full and final settlement of all actions" between Plaintiff and Koniag, Inc.

WHEREFORE, Koniag requests this Court grant it relief as follows:

1.     That the case against Koniag be dismissed for the reasons stated in Koniag's answer and affirmative defenses.

2.     That Koniag be granted its counterclaim and that if Plaintiff's claims are not denied for the reasons Koniag has stated in its answer and affirmative defenses, that the Plaintiff's claims and prayers for relief be denied as against Koniag because of the settlement agreement between Koniag and Plaintiff.

3.     That Koniag be awarded its costs and fees under the appropriate statutory and other provisions both for defending this action and for prosecuting its counterclaim.

4.     That Koniag be awarded such other legal and equitable relief as the Court may find appropriate.

DATED at Anchorage, Alaska this 5th day of July, 2007.

LAW OFFICES OF R. COLLIN MIDDLETON
Attorneys for Defendant
Koniag, Inc.


By /s/ R. Collin Middleton_____
          R. Collin Middleton
          ABA #6803015
          Law Offices of R. Collin Middleton, P.C.
          P.O. Box 113128
          Anchorage, AK  99511
          907-222-0506
          907-279-7029 – Fax
          collinmiddleton@gci.net


Certificate of Service

Answer to Third Amended Complaint and Counterclaim                    -9-
A02-0290 CV (JKS)

The undersigned certifies that the
foregoing document was served
by mail on this _____ day of
June, 2007.

Bruce M. Landon
Department of Justice
Environment & Natural Resources Division
801 "B" Street, Suite 504
Anchorage, Alaska 99501-3657

John R. Fitzgerald, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181

Michael Schneider, Esq.
880 "N" Street, Suite 202
Anchorage, Alaska 99501

/s/ R. Collin Middleton

Answer to Third Amended Complaint and Counterclaim    -10-
A02-0290 CV (JKS)