BRUCE M. LANDON
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: 907-271-5452
Facsimile: 907-271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEISNOI, INC., KONIAG, INC., ) <br> and DIRK KEMPTHORNE, ) <br> Secretary of the Interior, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. 3:02-cv-0290 (JKS) |

MOTION TO STAY BRIEFING ON OMAR STRATMAN'S MOTION TO REVIEW AND
AFFIRM IBLA'S DECISION ON REMAND, AND TO SET ASIDE THE SECRETARY'S
ORIGINAL 1974 DECISION APPROVING LEISNOI'S APPLICATION FOR ELIGIBILITY
AS AN UNLISTED ANCSA NATIVE VILLAGE

Defendant Kempthorne (hereafter "federal defendant') moves for an order staying

briefing on Docket # 178, which is captioned "Omar Stratman's Motion to Review and Affirm

IBLA's Decision on Remand, and to Set Aside the Secretary's Original 1974 Decision

Approving Leisnoi's Application for Eligibility as an Unlisted ANCSA Native Village."

(hereafter "Plaintiffs' Remedy Motion"). In the alternative, federal defendant moves for an

Stratman v. Leisnoi, 3:02-cv-0290 (JKS).
Mot. To Stay Remedy Briefing                1

extension of time of thirty days after the date of any denial of this motion for stay in which to file his response to Docket # 178.

Already pending before the Court are several briefs and motions relating to jurisdictional issues and the merits of the Secretary's determination that Congress in Section 1427 of the Alaska National Interest Lands Conservation Act (ANILCA), Pub. L. 96-487 (Dec. 2, 1980) 94 Stat. 2372, ratified the eligibility of Leisnoi, Inc. as a Native Village. A decision by the Court that the Secretary is correct with regard to Section 1427 would moot all other issues in this action, including the remedy issues plaintiff seeks to raise. Recognizing that the interpretation of Section 1427 could moot all other issues, this Court encouraged the parties to brief that issue at the same time as the threshold jurisdictional issues.

> Certainly the parties would be free to argue jurisdiction and statutes of limitations, but given the likelihood of success, the ultimate resolution of this case would be advanced if the parties briefed the merits [of the Secretary's decision] at the same time.

Order filed April 2, 2007, Docket # 139.

Plaintiffs' Remedy Motion assumes that the Secretary's decision is incorrect and seeks to jump directly to the remedy stage of this action. None of the remedy issues are relevant unless and until the Court decides that the Secretary was wrong on Section 1427.

Staying the briefing on the remedy issues would further judicial economy. Although Plaintiffs' Remedy Motion raises numerous important issues relating to the Administrative Procedures Act and civil procedure, the entire motion is premised on the erroneous assumption that if the Secretary was incorrect in his interpretation of Section 1427, the Court may (and plaintiff would argue must) step in and adopt the opinion of the Interior Board of Land Appeals

(IBLA), and issue additional relief to the effect that Leisnoi is not eligible for benefits under ANCSA.  This is simply not the law.

Assuming *arguendo*, that the Secretary misinterpreted Section 1427, the controlling law of the Ninth Circuit is that this Court must remand the matter to the Secretary for a determination of whether the Secretary agrees with IBLA's opinion that Leisnoi is factually ineligible for ANCSA benefits, and whether the Secretary interprets the Federally Recognized Tribal List Act (FRTLA), 25 U.S.C. § 479(a), as ratifying Leisnoi's eligibility.

The Secretary did not conduct a review of whether the IBLA's factual findings were or were not correct.  In his decision, the Secretary addressed only three issues: (1) whether the IBLA had jurisdiction to consider Leisnoi's eligibility; (2) whether IBLA's decision could be final without personal action by the Secretary; and (3) whether Congress in section 1427 of ANILCA ratified Leisnoi's eligibility.  Having determined all three of these issues in the affirmative, the Secretary determined that all other issues were moot.  Consequently, he did not address or render any decision regarding IBLA's factual opinion that, in the absence of ratification by section 1427, Leisnoi would be ineligible.  Nor did he make any determination with regard to the argument that FRTLA, also ratified Leisnoi's eligibility.  Having determined that Congress ratified Leisnoi's eligibility in section 1427, the Secretary, of course, made no determinations regarding any remedies for ineligibility.

Other than jurisdiction, the only issues properly before this Court are those that have been decided by the Secretary.  Accordingly, Defendant Kempthorne's brief on the merits (Docket # 149) addresses only the three issues actually decided by the Secretary.

If the Court were to decide that the Secretary erred in his interpretation of section 1427, the proper remedy would be to remand to the Secretary for a determination whether Leisnoi would qualify for benefits under ANCSA on other grounds – including factual grounds. This is precisely what this Court did in *Chugach Alaska Corp. v. Lujan,* 915 F.2d 454 (9th Cir. 1990). In that case, the IBLA had determined that it need not determine the actual boundaries of a locality in order to determine the eligibility of a Native Group for ANCSA benefits, because under the IBLA's view of the law, the Native Group would fail to qualify regardless of which of the two competing versions of the boundaries of the locality were correct. When this Court held that the IBLA had erred on the law, it remanded for a determination of the proper boundaries.

In this Circuit, an agency decision may be sustained only on grounds set forth by the agency in support of that decision, and if those grounds are incorrect, remand to the agency is required in the absence of subjective certainty by the Court with respect to the outcome of the agency's decision on remand. *Arnold v. Morton,* 529 F.2d 1101, 1104 (9th Cir. 1976). Here there are numerous factual disputes between Stratman and Leisnoi on whether Leisnoi meets the factual predicate for village eligibility. The IBLA opined that Leisnoi did not establish that factual predicate. However, under the applicable regulations, "[d]ecisions of the Board [of Land Appeals] on village eligibility appeals are not final until personally approved by the Secretary." 43 CFR § 2651.2(a)(5). The Secretary has not decided those factual issues. Because the Court cannot say with certainty how the Secretary would resolve those factual issues, remand would be required in this case if the Court were to disagree with the Secretary's interpretation of section 1427.

The above is only the most obvious defect in plaintiff's motion.  However, his brief in support of the motion is replete with numerous errors with regard to important issues of administrative law and civil procedure including: plaintiff's citing of vacated decisions (see, e.g., citation to *Center for Biological Diversity v. Pirie,* 201 F.Supp.2d 113 (D.D.C. 2002), *vacated by, Center for Biological Diversity v. England,* 2003 WL 179848 (D.C. Cir. 2003)); plaintiff's failure to distinguish the rules relating to relief in cases under the Endangered Species Act and those brought pursuant to other acts; plaintiff's repeated reference to this case as a "continuation" of *Stratman v. Babbitt,* A76–0132 CV (JKS) (D. Alaska), despite the fact that the Ninth Circuit has held that this Court issued a final judgment of remand in that case.  *Stratman v. Babbitt,* 83 F.3d 429 (9th Cir. 1996).[1]  These issues all involve important principles of law, but they are all irrelevant if the Court agrees with the Secretary's interpretation of section 1427.  The parties should not be forced to brief them, and the Court should not be forced to resolve them, unless and until the Court determines that it has jurisdiction in this case, and unless and until the Court rejects the Secretary's careful and well-reasoned interpretation of section 1427.

If the Court denies this motion to stay, federal defendant have moved in the alternative for an extension of time of 30 days from the denial of the motion to stay in which to respond to Plaintiffs' Remedy Brief.

---

[1] This is a unpublished decision which we cite pursuant to Ninth Circuit Rule 36-3(c)(ii).

A proposed order granting this motion for stay is attached.

Respectfully submitted this 17th day of July, 2007.

                                                S/ Bruce M. Landon
                                                BRUCE M. LANDON
                                                DEPARTMENT OF JUSTICE
                                                Environment & Natural Resources Division
                                                801 B Street, Suite 504
                                                Anchorage, Alaska 99501-3657
                                                Telephone: 907-271-5452
                                                Facsimile: 907-271-5827
                                                Email: bruce.landon@usdoj.gov
                                                Attorney for Federal Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of July, 2007, a copy of the foregoing Motion for Stay and proposed order were served electronically on the following:

John R. Fitzgerald
Michael J. Schneider
Collin Middleton

s. Bruce M. Landon
BRUCE M. LANDON