BRUCE M. LANDON
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: 907-271-5452
Facsimile: 907-271-5827
Email: bruce.landon@usdoj.gov
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEISNOI, INC., KONIAG, INC., ) <br> and DIRK KEMPTHORNE, ) <br> Secretary of the Interior, ) <br> ) <br> Defendants. ) <br> _____) | CASE NO. 3:02-cv-0290 (JKS) |

DEFENDANT KEMPTHORNE'S RESPONSE TO PLAINTIFF'S
MOTION FOR AN ORDER DIRECTING FEDERAL DEFENDANT
TO FILE A COMPLETE ADMINISTRATIVE RECORD

On April 27, 2007, defendant Kempthorne (hereafter "federal defendant") lodged the

administrative record (Docket #150) for the Secretary's decision that Section 1427 of the Alaska

National Interest Lands Conservation Act (ANILCA) Pub. L. 96-487 (Dec. 2, 1980) 94 Stat.

2372, ratified the eligibility of Leisnoi, Inc. as a Native Village. In Docket # 177, plaintiff

challenges the completeness of the record lodged and seeks two different types of relief.[1] First, plaintiff seeks to have the Secretary lodge "administrative briefing on motions now before the Court." Second, plaintiff seeks to have the Secretary lodge "the agency's factual record generated during the administrative trial that began August 3, 1998." As explained in part II *infra,* federal defendant agrees that a limited set of documents sought by plaintiff may be considered by the Court. Plaintiff has already lodged those documents. Except for those limited documents, federal defendant opposes plaintiff's motion.

I. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO THE EXTENT IT SEEKS TO REQUIRE FEDERAL DEFENDANT TO LODGE THE FACTUAL RECORD GENERATED DURING THE ADMINISTRATIVE TRIAL

    A. The Factual Record From The Administrative Trial Is Not Part Of The Administrative Record For The Secretary's Decision

Federal defendant opposes inclusion in the factual record generated during the administrative trial before the administrative law Judge (ALJ) pertaining to the issue of whether Leisnoi, Inc. would be qualified as a Native Village for purposes of the Alaska Native Claims Settlement Act (ANCSA) in the absence of ratification. The decision of the Secretary that is now at issue before the Court did not address this factual issue.

Secretary Kempthorne made only three decisions: (1) that IBLA had jurisdiction to consider Leisnoi's eligibility; (2) that IBLA's opinion was not final for the agency without

---

[1] Although plaintiff moved for only these two types of relief with regard to the administrative record, in footnote 4 to his motion plaintiff "ask[s] that the Court consider the wisdom of re-opening, *sua sponte,* A76-0132 CV (JKS) and consolidating that case with this case." As plaintiff has made no motion to that effect, defendants are not obligated to respond to plaintiffs' suggestion. In federal defendants' view, reopening that case would be totally inappropriate. If the Court were inclined to consider a reopening *sua sponte*, federal defendant requests an opportunity for briefing on the subject before the Court acts.

personal approval by the Secretary; and (3) that Congress in section 1427 of ANILCA ratified Leisnoi's eligibility. The Secretary neither considered nor made any determinations on whether Leisnoi would be eligible in the absence of section 1427.

The parties agree that judicial review of the merits of this action is to be based on the administrative record that was before the agency when it made the decisions that are subject to review. *Thompson v. United States Department of Labor,* 885 F.2d 551, 555-56 (9th Cir. 1989); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). This record is to include all materials directly or indirectly considered by the agency. *Id*. The administrative record is not, however, to include materials that were not considered by the agency. *Pacific Shores Subdivision Calif. Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp.2d 1, 4 (D.D.C. 2006). Supplementation of the record is to be "the exception, not the rule." *Id*. at 5.

An agency is required to include only those document that were directly or indirectly considered by it in the administrative record, and is not required to include "every potentially relevant document existing within" the agency." *Id*. at 7.   As the agency did the considering, therefore, the agency is in the best position to indicate which of the materials before it were in fact considered. The agency does that through a certification of the administrative record. The agency's certification of that record is presumed to be correct. *Bar MK Ranches*, 994 F.2d at 740; *Fund for Animals v. Williams*, 391 F. Supp.2d 191, 197 (D.D.C. 2005); *AMMEX, Inc. v. United States*, 62 F. Supp.2d 1148, 1156 (CIT. 1999).

It is plaintiffs' burden to establish that the agency's designation of the administrative record was improper. *Bar MK Ranches*, 994 F.2d at 740.  To overcome that presumption,

plaintiff must make a strong or substantial showing that the agency's certification was incorrect or that there is clear evidence that shows that the record is incomplete. *Maritel, Inc. v. Collins*, 422 F. Supp.2d 188, 198 (D.D.C. 2006); *AMFAC Resorts, LLC. v. United States Department of the Interior*, 143 F. Supp.2d 7, 12 (D.D.C. 2001).

The courts have frequently upheld the exclusion of documents from the administrative record, even where those records were "before the agency," if they were not relevant to the actual decision made by the agency. *Personal Watercraft Industry Ass'n v. Department of Commerce,* 48 F.3d 540, 546 n.4 (D.C. Cir. 1995) (where question before court was regulation of personal watercraft use in marine sanctuary, record need not contain record relating to use by other vessels); *City of Waltham v. U.S. Postal Service,* 786 F.Supp. 105, 119-20 (D. Mass. 1992)(environmental assessment prepared on alternate site for postal facility was not part of administrative record because it was not considered or relied on in the selection of another site); *United States v. Amtreco,* 806 F.Supp. 1004, 1007 (M.D. Ga., 1992) (documents not leading to the decision not part of administrative record).

Given the very limited decision of the Secretary on Congressional ratification that is now before the Court, there was no reason for the Secretary to consider directly or indirectly the factual material before either the ALJ or the IBLA regarding Leisnoi's qualification as a Native Village in the absence of ratification. Therefore, plaintiff has not overcome the presumption of completeness of the record with respect to the factual materials it seeks to add to that record.

B.  <u>Even If The Factual Record Were Part Of The Administrative Record, There Is No Reason To Require That It Be Lodged</u>

Further, even if the factual record of the administrative trial were part of the

administrative record, lodging of that factual record would serve no purpose, and would needlessly result in further delay and expense in this action.  As Leisnoi has already pointed out in its opposition to plaintiff's motion to require lodging of the "complete" record (Docket # 192 at 2 and 3), the factual record for the administrative trial is very extensive and contains numerous oversized or otherwise difficult-to-reproduce exhibits.  Reproduction for lodging would no doubt require a significant amount of time, potentially slowing down the resolution of the actual issue before the Court, *i.e.,* whether Congress in Section 1427 ratified Leisnoi's eligiblity.

Such delay (and the expense to the government of reproducing the documents) is needless.  If the Court, after assuring itself that it has jurisdiction, concludes that Section 1427 ratified Leisnoi's eligibility, all other issues in this action will be moot.  If the Court decides that it lacks jurisdiction, there is no need for any lodging of an administrative record.  If the Court decides that it has jurisdiction, but that Section 1427 did not ratify Leisnoi's eligibility, controlling Ninth Circuit law will require this Court to remand to the Secretary for a determination of whether Leisnoi is eligible in the absence of Section 1427. [2/] *Arnold v. Morton,* 529 F.2d 1101, 1105 (9th Cir. 1976); *see also, Chugach Alaska Corp. v. Lujan,* 915 F.2d 454 (9th Cir. 1990).   Under none of those scenarios would lodging the "factual record" now contribute to the resolution of this action.

II. FEDERAL DEFENDANT DOES NOT OBJECT TO THE COURT'S CONSIDERATION OF CERTAIN ADDITIONAL DOCUMENTS

The Secretary did decide the meaning of section 1427 of ANILCA.  Briefing before the

---

[2/] The requirement of remand to the Secretary is explained in detail in federal defendant's Motion to Stay Briefing on plaintiff's motion (Docket #178) to "review and affirm" the IBLA decision. That Motion is being filed simultaneously with this Opposition.

Administrative Law Judge (ALJ) and IBLA on that subject was not included in the administrative record as lodged at Docket # 150. As that briefing was before the agency and goes to a legal issue before this Court, federal defendant does not object to the Court's consideration of the portions of the briefs before the ALJ or IBLA that addressed the issue of whether Congress in section 1427 ratified Leisnoi's eligibility.

No relief is required with regard to those documents. Plaintiff states that as he has already attached as exhibits to his briefing

> so much of the so-far-undocketed Administrative Record as we think to be important, it may not be necessary for the Court to order further supplementation by the Federal defendant in this regard. It may be enough, at this point, to simply allow the other parties to further supplement the record with so much of the administrative briefing below as they deem appropriate.

Docket # 177 at 2. `

Federal defendant has no objection to any party filing any of the administrative briefing on the issues decided by the Secretary. Such briefing may be considered part of the administrative record.

Federal defendant does object, however, to inclusion in the administrative record of briefing on issues the Secretary did not decide. In part A of his motion (Docket #177 at 2), plaintiff seeks to have the Court treat as part of the administrative record, the briefing before the ALJ and IBLA on five issues, four of which were never decided by the Secretary. Those four issues are:

1. Whether Congress ratified Leisnoi's eligibility in the Federally Recognized Indian Tribes List Act (FRITLA), 25 U.S.C. § 470a note.

2. Whether the doctrine of administrative finality precludes plaintiff from challenging the eligibility of Leisnoi.

3. Whether the doctrine of collateral estoppel prevents re-litigation of a challenge Leisnoi's eligibility.

4. Whether Stratman has standing to challenge the certification of Leisnoi's eligibility.

The Secretary did not decide those issues. Therefore, there was no reason for the Secretary to consider directly or indirectly the briefing relating to them. Such briefing is, therefore, not properly part of the administrative record.

In federal defendant's view, the first of those issues (ratification by FRITLA) is not properly before this Court. As set forth in detail in federal defendant's Motion to Stay Briefing[3], if the Court finds that it has jurisdiction and disagrees with the Secretary's interpretation of section 1427, the Court must remand to the Secretary for further proceedings including determinations on whether Congress ratified Leisnoi's eligibility in FRITLA. The administrative briefing on FRITLA is not part of the administrative record for the Secretary's decision now before the Court.

Likewise, the Secretary made no determinations regarding the other three issues, and the briefing on those issues is not part of the administrative record. However, the issues of administrative finality, collateral estoppel and standing are not issues that are directed to merits, but threshold issues for initial review by the Court. The Court's review of those issues is not

---

[3] That motion is being filed simultaneously with this response.

limited to the administrative record. Federal defendant, therefore, has no objection to any party incorporating by reference the administrative briefing on those subjects. However, that administrative briefing is not part of the administrative record.

## CONCLUSION

For the foregoing reasons, federal defendant has no objection to consideration of the administrative briefing before the ALJ and IBLA of the issues actually decided by the Secretary as part of the administrative record. As plaintiff has already lodged that briefing with the Court, no further action with regard to that briefing is necessary.

Plaintiff has likewise lodged with the Court administrative briefing on the subjects of standing, administrative finality and collateral estoppel. These are not merits issues as to which the Court's review is limited to the administrative record. Thus, federal defendants have no objection to the Court's consideration of that briefing, even though it is not part of the administrative record of the merits before the court.

Plaintiff has likewise lodged administrative briefing on whether Congress in FRITLA ratified Leisnoi's eligibility. The Secretary made no determination regarding FRITLA. The administrative briefing is, therefore, not part of the record of the decision actually made by the Secretary. In federal defendant's view, the Court should not reach the FRITLA issue. If the Court does not resolve this action on jurisdictional grounds and disagrees with the Secretary's conclusion that section 1427 ratified Leisnoi's eligibility, the Court should remand the FRITLA issue, as well as the issue of whether Leisnoi would be eligible in the absence of ratification, to the Secretary.

Finally, the Court should deny plaintiffs' motion to the extent is seeks the lodging of the "factual record of the administrative trial."

RESPECTFULLY SUBMITTED this 17th day of July, 2007 from Anchorage, Alaska.

S/ Bruce M. Landon
BRUCE M. LANDON
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: 907-271-5452
Facsimile: 907-271-5827
Email: bruce.landon@usdoj.gov
Attorney for Federal Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of July, 2007, a copy of the foregoing Defendant Kempthorne's Response to Motion for Order Directing Federal Defendant to File Complete Administrative Record was served electronically to the following:

John R. Fitzgerald
Michael J. Schneider
Collin Middleton

s. Bruce M. Landon
BRUCE M. LANDON