Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK  99501
(907) 277-9306 - telephone
(907) 274-8201 - fax

Michael J. Schneider, Esq.
Attorney for Omar Stratman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>        Plaintiff,<br><br>v.<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the Interior,<br><br>        Defendants,<br>_____<br><br>KONIAG, INC.,<br><br>        Counter-claimant,<br><br>v.<br><br>OMAR STRATMAN,<br><br>        Counter-claimed Defendant.<br>_____ | Case No.:  3:02-cv-0290 (JKS) |

**OMAR STRATMAN'S ANSWER TO COUNTERCLAIM ASSERTED BY KONIAG, INC.**

COMES NOW Plaintiff, Omar Stratman, by and through his attorneys of record, the Law Offices of Michael J. Schneider, P.C., and answers the counterclaim asserted against him by Koniag, Inc. (Docket No. 200) as follows:

1. Admitted.

2. It is admitted that 3AN 85-16520 sought specific performance and damages against Koniag and Leisnoi for the failure of an earlier 1982 settlement agreement between and among Koniag, Leisnoi, Stratman, and the Burtons. It is admitted that the 1982 settlement agreement was intended to end the then-existing decertification lawsuit in A76-132 CV. It is affirmatively asserted that Stratman and the Burtons dismissed A76-132 CV in approximately 1982 with prejudice pursuant to their obligations under the 1982 settlement agreement. To the extent not specifically admitted, any additional allegation or inference at paragraph 2 of the counterclaim is denied.

3. Stratman admits that after a trial took place in 3AN 85-16520, the trial court issued a decision adverse to Koniag and Leisnoi, and that in 1990, Koniag settled with Stratman thus ending, as between Stratman and Koniag, 3AN 85-16520 or any appeals thereof. Stratman admits that this settlement ended all litigation between, or that could be between, the parties because, among other things, the introductory paragraph for the 1990 agreement specifically stated it was to settle 3AN 85-16520, because Stratman had dismissed his 1976 APA decertification claim with prejudice in 1982, and that the 1990

settlement with Koniag was thus "a full and final settlement of all actions between or which could be between" plaintiff and Koniag. To the extent not specifically admitted, any allegation or inference to be drawn from paragraph 3 is specifically denied.

4. Admitted.

5. Admitted. It is affirmatively asserted that the Alaska Supreme Court's 1992 decision referred to in this paragraph denied Stratman and the Burton's either legal or equitable relief and that said decision would have applied equally to Koniag had the 1990 agreement settling 3AN 85-16520 not taken place.

6. It is admitted that Plaintiff was successful in reopening A76-132 CV against the United States of America. It is denied that the claims therein are against Leisnoi or Koniag. It is affirmatively asserted that same are solely against the United States of America under the Administrative Procedures Act, and it is affirmatively asserted that, as a matter of fact and law, neither the 1982 nor 1990 settlement agreements bar A76-132 CV or the continuation thereof, 3:02-cv-0290 (JKS). To the extent not specifically admitted, any allegation or inference to be drawn from paragraph 6 is expressly denied.

## First Claim

7. Admitted.

8. Admitted.

9. Admitted.

10. Mr. Stratman observes that the allegations at paragraph 10 appear to be legal statements or conclusions as to which no answer is required. Mr. Stratman, nevertheless, admits paragraph 10.

## Second Claim

11. The Third Amended Complaint at paragraph 34, and the context within which it is set forth, speaks for itself. Mr. Stratman denies any implication that the recovery he seeks is for himself but, rather, affirmatively asserts that he is acting in a representative capacity as allowed under the APA. Mr. Stratman's APA claims are solely against the U.S.A.. With these exceptions, the generalities in this paragraph are admitted.

12. Denied. It is affirmatively asserted that Plaintiff seeks attorneys fees and costs in A76-132 CV and this action under the Equal Access to Justice Act, 28 U.S.C. §2412, as specifically set forth in his Third Amended Complaint at paragraph 35. It is further affirmatively asserted that any judgment prayed for is against the United States of America under the APA and, consistent with the APA, seeks no more than to undo wrongful governmental acts and omissions.

13. Denied.

## Affirmative Defenses

1. Stratman asserts the admissions, denials, and allegations of his answer, above, as an affirmative defense.

*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*
*OMAR STRATMAN'S ANSWER TO COUNTERCLAIM ASSERTED BY KONIAG, INC.*

2. The quit claim deed to sand and gravel tendered by Koniag to Stratman was not substantial performance of the 1982 settlement agreement.

3. Leisnoi and Koniag conspired to cause Leisnoi to breach the 1982 settlement agreement by refusing to transfer the surface estate to Stratman on the grounds that Leisnoi was not a party to the settlement agreement. One act of this conspiracy was the "de-merger settlement agreement" that defined Koniag's merger with Leisnoi as "*void abinitio.*" It is affirmatively asserted that Leisnoi's position with regard to the 1982 settlement agreement was in bad faith, fraudulent, and Koniag colluded in, facilitated, and encouraged Leisnoi's refusal to transfer the surface estate to Stratman and colluded in manipulating the de-merger settlement to affect and facilitate Leisnoi's bad faith breach of the 1982 settlement agreement.

4. The 1990 settlement agreement upon which this action is purportedly based did not contain language like the 1982 settlement agreement to the effect that Stratman would "not challenge the eligibility of [Leisnoi] as a village entitled to be certified as a Alaska Native Village under the Alaska Native Claims Settlement Act in any forum, whether administrative or judicial."

5. As asserted in paragraph 1 thereof, Stratman's Third Amended Complaint in Case No. 3:02cv-0290 (JKS) is an Administrative Procedure Act claim against the United States of America. Stratman's APA claims are not and can not amount to an "action [ ] between or which could be between Omar Stratman

and Koniag, Inc. . ..″ in this Federal court answer.

6. This Court lacks, or should not exercise, any equitable jurisdiction invoked by Koniag's counterclaim, or any later amendment thereof as Koniag has "unclean hands" and is otherwise not entitled to equitable relief.

7. The concepts of "*Res judicata*", "collateral estoppel", and "law of the case" bar exercise of the Court's jurisdiction and/or bar any relief in favor of Koniag. See A76-0132 CV (JKS) at Docket No. 292 and at Docket 299, wherein the Federal District Court for the District of Alaska stated:

> Koniag, Inc. seeks reconsideration of this court's Order at Docket No. 292 in which Koniag's motion for summary judgment was denied. Docket No. 297. Koniag reasons that I confuse the 1980 *(sic)* settlement agreement with the 1990 agreement. I did not. I held that the 1990 agreement was not specifically enforceable in equity, and that if Stratman breached it, Koniag's only remedy was an action at law in state court for damages. Specifically, I concluded that no court could, consistent with this record, prevent Stratman from his right to litigate Leisnoi's status before the agency.

8. Koniag's Complaint is barred by the doctrine of latches.

9. Koniag's Complaint is barred by the statute of limitations.

10. Koniag's Complaint fails to state a claim upon which relief can be granted.

11. Koniag has unclean hands. As the Federal District Court has observed, "[T]he Ninth Circuit in its decision in this case all but held that Koniag breached its

*STRATMAN V. LEISNOI ET AL.*
*CASE NO. 3:02-cv-0290 (JKS)*
*OMAR STRATMAN'S ANSWER TO COUNTERCLAIM ASSERTED BY KONIAG, INC.*

agreement with Stratman by stipulating with the plaintiffs in the de-merger litigation to declare the de-merger void *abinitio. See Stratman v. Babbitt, No. 93-36006 at 4-5.* Given that decision [and] Justice Moore's dissent, equity does not look with favor on this, agreement" (Footnote omitted.)

12. Mr. Stratman's claims in A02-0290 CV, and in its predecessor litigation, [1990] A76-0132 CV, are against the United State of America under the Administrative Procedures Act and seek to undo administrative wrong-doing. The litigation does not violate, and is not a breach of, the 1990 agreement upon which Koniag asserts its counterclaim.

13. There is no express or implied waiver of Mr. Stratman's rights under the Administrative Procedures Act against the U.S., or against Leisnoi, within, or intended by, the subject agreement.

14. Mr. Stratman entered the agreement under duress (see Totem Marine P.&B. v. Alyeska Pipeline, Inc., 584 P.2d 15, 21 n.3 (Alaska 1978)).

15. Mutual mistake of fact precludes enforcement of the 1990 settlement agreement.

16. As an alternate affirmative defense only, and in the event that, contrary to Mr. Stratman's position, the Court adopts the view that Koniag's inclusion as a party in the Federal APA decertification case amounts to a breach of the 1990 agreement, Mr. Stratman asserts that Koniag, in resisting his motion to dismiss it from the decertification litigation, frustrated his full performance of

the 1990 agreement and materially breached same thus leaving it unentitled to the relief that it seeks herein.

WHEREFORE, Mr. Stratman prays that Koniag's counterclaim against him be dismissed and that Koniag take nothing thereby, and for his costs of suit and attorneys fees in defending against same.

RESPECTFULLY submitted this 2nd day of August, 2007.

> s/Michael J. Schneider
> Law Offices of Michael J. Schneider, P.C.
> 880 "N" Street, Suite 202
> Anchorage, AK 99501
> Phone: (907) 277-9306
> Fax: (907) 274-8201
> E-mail: mjspc@gci.net
> Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that *OMAR STRATMAN'S ANSWER TO COUNTERCLAIM ASSERTED BY KONIAG, INC.* served electronically on the 2nd day of August, 2007, on Bruce M. Landon, R. Collin Middleton, and John R. Fitzgerald.

s/Michael J. Schneider