IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN,

                    Plaintiff,

        vs.

LEISNOI, INC., KONIAG, INC., and DIRK
KEMPTHORNE, Secretary of the Interior,

                    Defendants.

Case No. 3:02-cv-00290 (JKS)


O R D E R


## I - INTRODUCTION

        This litigation has been festering now for over thirty years.  It involves a challenge under the

Administrative Procedure Act ("APA") to the 1974 certification of a Native village under the

Alaska Native Claims Settlement Act ("ANCSA").  Plaintiff essentially argues that Woody Island

did not qualify and should not have been certified as a Native village under ANSCA.  Plaintiff seeks

to have Leisnoi, Inc., the village corporation for Woody Island, stripped of the status and benefits

conferred upon it under ANCSA.[1]  Over ten years ago, this Court remanded this dispute to the

Interior Board of Land Appeals ("IBLA") for a belated exhaustion of administrative remedies.  The

agency review has finally matured from the seed of remand to a final decision by the Secretary of

the Interior concluding that Stratman's challenge was rendered moot by congressional action

recognizing the village.

_____

        [1]    The Secretary points out that the parties have lost sight of the distinction between Woody
Island, the Native village entitled to ANCSA benefits, and Leisnoi, Inc., the village corporation
which holds and manages the benefits.  The Court will follow the Secretary's lead and use the term
Leisnoi in all instances in order to avoid confusion.

1

Stratman disagrees with the final disposition of his administrative sojourn and has returned to the Court seeking summary judgment setting aside the Secretary's original 1974 decision to certify Leisnoi.[2]  Defendants meanwhile have been very busy filing seven separate motions to dismiss.[3]  Leisnoi has requested oral argument on these motions to dismiss.[4]  Koniag has filed a counterclaim alleging violations of a previous settlement agreement.[5]  Finally, there are a handful of miscellaneous motions which the Court must address to clean up the docket.[6]

## II - BACKGROUND

The facts of this case have been set out on several occasions and are well known to the parties. *See, e.g. Stratman v. Watt*, 656 F.2d 1321 (9th Cir. 1981); *Leisnoi, Inc. v. Stratman*, 835 P.2d 1202 (Alaska 1992).  The following facts, upon which the Secretary relied, are sufficient for purposes of this Order:

---

[2]  Docket Nos. 178 (Stratman mot.); 193 (Leisnoi mot. to stay); 197 (Stratman opp'n); 199 (Leisnoi reply); 205 (Koniag mot. to stay); 207 (Govt. mot. to stay); 217 (Stratman opp'n).

[3]  Defendant Leisnoi has moved for dismissal on the basis of standing, statute of limitations, and res judicata.  Docket Nos. 107 (Mot. re: standing); 162 and 167 (Stratman opp'n); 190 (Reply); 109 (Mot. re: statute of limitations); 162 (Stratman opp'n); 195 (Reply); 118 (Mot. re: res judicata); 162 and 168 (Stratman opp'n); 188 (Reply).  Defendants Leisnoi and Koniag have both filed motions to dismiss, arguing mootness based on the Federally Recognized Indian Tribe Act.  Docket Nos. 111 (Leisnoi mot.); 144 (Koniag mot.); 166 (Stratman opp'n); 191 (Leisnoi reply); 201 (Koniag reply).  They have also filed motions to dismiss arguing mootness based on ANCSA.  Docket Nos. 120 (Leisnoi mot.); 143 (Koniag mot.); 149 (Govt. mem.), 171 (Stratman opp'n); 198 (Leisnoi reply); 210 (Koniag reply); 209 (Govt. reply).

[4]  Docket Nos. 211 (Mot.); 216 (Response).  The Court has considered this request.  After a review of the record, it appears that the parties have sufficiently briefed the issues to the extent that oral argument will not be helpful.  See D. Ak. LR 7.2(a)(3); *United States v. Cheely*, 814 F. Supp. 1430, 1436 n.4 (D. Alaska 1992), *aff'd*, 36 F.3d 1439 (9th Cir. 1994).

[5]  Docket Nos. 200 (Koniag answer and counterclaim); 218 (Stratman answer).

[6]  Docket Nos. 177 (Stratman mot. for order compelling Govt. to file full administrative record); 192 (Leisnoi opp'n); 204 (Koniag opp'n); 208 (Govt. opp'n); 169 (Stratman mot. for leave to file excess pages); 189 (Leisnoi mot. for leave to file certain exhibits); 202 (Joint mot. By Koniag and Govt. for extension of time to file briefs).

ORDER

In 1974, the Secretary, on the basis of a determination by the BIA, certified Leisnoi as a Native village under ANCSA in the Koniag region of Alaska and then subsequently conveyed to Leisnoi the surface estate of approximately 160,000 acres of public lands that Leisnoi had selected in satisfaction of its aboriginal land claims. In accordance with the requirements of ANCSA, the subsurface estate of that acreage was conveyed to Koniag Regional Corporation (Koniag)...

In 1976, Omar Stratman (Stratman), a rancher with grazing leases in the area from which Leisnoi was entitled to select its land, sued in Federal court challenging Leisnoi's status as a Native village eligible for ANCSA benefits. Stratman had not pursued his administrative remedies. The district court dismissed his action, concluding he lacked standing. In 1981, the Court of Appeals for the Ninth Circuit reversed the district court, finding that Stratman had standing based on his recreational interest, and reinstated Stratman's claim. The court also excused Stratman's failure to exhaust his administrative remedies because, as a lessor, he was entitled to, but did not, receive actual notice of Leisnoi's entitlement to the land.

In 1982, Stratman entered an agreement with Koniag, with which Leisnoi had merged, to drop his litigation challenging Leisnoi's eligibility. The agreement failed, however, after Leisnoi's merger with Koniag was voided and Leisnoi repudiated the agreement in 1985. In 1994, the Ninth Circuit ordered Stratman's challenge to Leisnoi's eligibility reinstated.

In 1995, the district court stayed the litigation. Noting that this appears to be the perfect case to read ripeness and primary jurisdiction together to require that Stratman litigate his challenge to Leisnoi before the agency before he brings it here, the court sent the case to IBLA for consideration of Stratman's challenge to Leisnoi. The court explained that [remand would] permit the exhaustion of administrative remedies, albeit belated, and give the Court the benefit of the agency's expertise...

The IBLA rendered its decision on October 29, 2002, three years after the recommended decision by the Administrative Law Judge. The IBLA concluded that it lacked subject matter jurisdiction of the case, but nonetheless reviewed and endorsed the Administrative Law Judge's recommended decision and prepared a written "analysis of the legal issues" for the benefit of the district court in obedience to its mandate.

Docket No. 96, Attach. 2 at 2-3 (internal quotation marks and citations omitted).

Although the IBLA decided it lacked jurisdiction, it adopted the Administrative Law Judge's findings, concluding that Leisnoi did not qualify as a Native village under ANCSA. *See Stratman v. Leisnoi, Inc.*, 157 IBLA 302, 319-20 (2002). Stratman filed this current case in 2002 seeking to have the IBLA decision translated into an order stripping Leisnoi of its status and benefits under ANCSA. *See* Docket No. 4. The Department of the Interior ("DOI") however was not finished with

ORDER

the dispute and the Court stayed proceedings pending a final decision by the Secretary of the Interior.  Docket No. 34.

On December 20, 2006, the Secretary found the agency had jurisdiction and disapproved the decision of the IBLA, adopting as his final decision the reasoning, analysis and conclusions of a memorandum written by Solicitor Bernhardt.  Docket No. 96, Attach. 1.  The Secretary's decision concluded: (1) that the IBLA had jurisdiction over the case; (2) that 43 C.F.R. § 2651.2(a)(5) required the Secretary to review the IBLA decision; and (3) that section 1427 of ANILCA ratified the DOI's 1974 eligibility determination, thus mooting this case.  Docket No. 96, Attach. 2 at 2-4.  The Secretary's decision brought Stratman's belated administrative appeal to an end and marked the exhaustion of administrative remedies and the resumption of proceedings before this Court.

Plaintiff filed his Third Amended Complaint in February of 2007, essentially renewing his APA challenge to the Secretary's original 1974 decision to certify Leisnoi as an eligible ANCSA Native village.  Docket No. 105.  Plaintiff contends that the IBLA decision has superceded the Secretary's original 1974 decision and is now the final decision binding the parties and the Court. *Id*. at 11.  Accordingly, Plaintiff seeks a judgment affirming the IBLA's decision and stripping Leisnoi of the status and benefits conferred upon it under ANCSA.  *Id*.

Defendants Leisnoi and Koniag have filed motions to dismiss arguing that congressional ratification of Leisnoi's status has mooted this controversy.  Docket Nos. 120 (Leisnoi mot.); 121 (Leisnoi mem.); 143 (Koniag mot.); 145 (Koniag mem.); 171 (Stratman opp'n); 198 (Leisnoi reply); 210 (Koniag reply).  The Government has filed a memorandum and a reply discussing the merits of the issue.  *See* Docket Nos. 149 (Govt. mem.); 209 (Govt. reply).  The Court reviews both motions to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) of the Federal Rules of Civil Procedure.

### III - STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  When considering a Rule 12(b)(1) motion, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes

ORDER

concerning the existence of jurisdiction.  *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction.  *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  A reviewing court must presume a lack of jurisdiction until the plaintiff establishes otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not "arise under" any federal law or the United States Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or (3) if the cause is not one described by any jurisdictional statute.  *See Baker v. Carr*, 369 U.S. 186, 198 (1962).

Federal courts lack subject matter jurisdiction to adjudicate moot issues: "no justiciable controversy is presented...when the question sought to be adjudicated has been mooted by subsequent developments."  *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  The Ninth Circuit has found that "to avoid mootness, the court must determine that the issues in a case remain live and that the parties continue to have a legally cognizable interest in the outcome throughout the proceeding." *So. Oregon Barter Fair v. Jackson County*, 372 F.3d 1128, 1133 (9th Cir. 2004) (*citing City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).  Congressional ratification can render moot a live controversy.  *See Equal Employ. Opport. Commission v. First Citizens Bank of Billings*, 758 F.2d 397, 399-400 (9th Cir. 1985).

## IV - DISCUSSION

Section 1427 of ANILCA instructs the Secretary of the Interior to "convey...the surface estate of all of the public lands on Afognak Island" to a joint venture comprised of the "Koniag Deficiency Village Corporations."  Alaska National Interest Lands Conservation Act, Pub. L. No. 96-487, § 1427(b)(1), (c), 94 Stat. 2371, 2519-23 (1980).  Leisnoi is specifically enumerated as one of the Koniag deficiency village corporations.  *Id*. at § 1427(a)(4).  The conveyance was to be made "in full satisfaction" of, among other things, "the right of each Koniag Deficiency Village Corporation to conveyance under [ANCSA] of the surface estate of deficiency village acreage on the Alaska Peninsula."  *Id*. at § 1427(b)(1).

ORDER

5

Defendants argue that section 1427 of ANILCA ratified the Secretary's 1974 certification of Leisnoi as a Native village eligible for benefits under ANCSA, consequently rendering moot Stratman's claim that the 1974 certification was arbitrary and capricious. *See* Docket Nos. 121 at 8; 145 at 4-9; 149 at 1. They further argue that the Secretary's interpretation supporting their contention is due deference under *Chevron*, or *Skidmore* in the alternative. Stratman argues that no deference is due, and that section 1427 cannot be read as ratifying Leisnoi's eligibility, or as exempting Leisnoi from the threshold requirements for certification as a Native village. *See* Docket No. 171 at 6-51.

### A.     The Secretary's Interpretation of Section 1427 is Entitled to Deference

In this case, the question of mootness turns on interpretation of section 1427 of ANILCA. Defendants argue that the Secretary's interpretation of section 1427 of ANILCA is due deference under *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837 (1984) or alternatively *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

In reviewing an agency's interpretation of a statute the agency administers, a court first looks to see whether "Congress has directly spoken on the precise question." *Chevron U.S.A.*, 467 U.S. at 843. If Congress has not addressed the specific issue, or if the statute is ambiguous, the question is whether the agency's interpretation is permissible. *Id*. Courts accord great deference to the interpretation of a statute by the agency or agencies entrusted with its implementation, and will uphold the agency interpretation so long as it is reasonable. *Kunaknana v. Clark*, 742 F.2d 1145, 1150 (9th Cir. 1984). To satisfy the reasonableness standard it is not necessary for the court to find that the agency's construction of the statute is the only reasonable interpretation, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding. *Id*. Rather, the agency interpretation must merely be within the range of reasonable meanings which the words of the statute permit. *See Id*. at 1152.

In determining whether to apply *Chevron* deference, this Court looks to *United States v. Mead Corp.*, 533 U.S. 218 (2001). In *Mead*, the Supreme Court wrote that such deference is appropriate when circumstances imply that Congress expects the "agency to be able to speak with the force of law when it addresses ambiguity in the statute or fills a space in the enacted law." *Id*. at

ORDER

229.  The authority to engage in formal rulemaking or adjudication is a solid indicator of when the authority to speak with the force of law exists.  *Id*.

The Ninth Circuit has repeatedly accorded great deference to the Department of the Interior's interpretation of ANCSA.  *See Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990) (according deference to agency's interpretation of ANCSA eligibility requirements); *Seldovia Native Ass'n, Inc., v. Lujan*, 904 F.2d 1335, 1342 (9th Cir. 1990); *Haynes v. United States*, 891 F.2d 235, 238-39 (9th Cir. 1989).  Similarly, courts have found that the DOI deserves *Chevron* deference in its interpretation of ANILCA.  *See Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1191 (9th Cir. 2000); *Alaska v. Babbitt*, 72 F.3d 698 (9th Cir. 1995); *Native Village of Quinhagak v. United States*, 35 F.3d 388, 392 (9th Cir. 1994).

Here, the Secretary of the Interior has interpreted the intersection of section 1427 of ANILCA with the village eligibility requirements of ANCSA.  ANILCA makes the relationship clear, placing section 1427 under Title XIV of ANILCA which is entitled "Amendments to the Alaska Native Claims Settlement Act and Related Provisions."  *See* ANILCA Title XIV, 94 Stat. 2491.  Further, section 1427 specifically names the Secretary of the Interior as the government actor who must implement the provisions of the section.  ANILCA § 1427(b)(1).  The Court is satisfied that Congress expected the DOI to speak with the force of law in resolving ambiguities contained within ANILCA generally, and section 1427 specifically.

Under the first prong of *Chevron*, the provision interpreted by the agency must be ambiguous.  *Chevron U.S.A.*, 467 U.S. at 843.  Stratman argues that the Secretary's interpretation is simply not ambiguous after applying canons of construction.  Docket No. 171 at 51-52.  As this Court has stated in the past, the question of whether ANILCA ratified Leisnoi's eligibility is a difficult question.  The Secretary demonstrates in his opinion that because Leisnoi's status was under judicial review at the time ANILCA was passed, it is unclear whether Congress intended section 1427(b)(1) as a ratification of Leisnoi's eligibility, or simply as an acknowledgment that Leisnoi had an entitlement to certain acreage if Stratman's challenge were unsuccessful.  *See* Docket No. 96, Attach. 2 at 10.  Subsection (a)(2) posed a similar ambiguity because Congress appeared to be stating that Leisnoi was entitled to benefits under ANCSA section 14(a), but the eligibility

ORDER

7

determination was still under review. *Id*. The differences in opinion on this issue between the IBLA and the Secretary further highlight the ambiguity involved. *See* Docket No. 96, Attach. 2 at 5-13. The Court is satisfied that it was not clear on the face of section 1427 whether Congress intended to ratify Leisnoi's eligibility under ANCSA.

Under the second prong of *Chevron*, the Secretary's conclusion that section 1427 ratified the original 1974 eligibility decision must be reasonable. *See Chevron U.S.A.*, 467 U.S. at 843. The Court finds the Secretary's interpretation of section 1427 not only reasonable, but persuasive.

First, the Secretary based his interpretation on the time-honored canon of reading a statute as a whole. *See* Docket No. 96, Attach. 2 at 10; *Washington State Dep't of Soc. and Health Servs. v. Keffeler*, 537 U.S. 371, 384 n.7 (2003). Read as a whole, the Court agrees that certainty about the status of Leisnoi was a necessary predicate to achieving the finality sought broadly by ANILCA across Alaska, and narrowly by section 1427 in the Koniag region. *See* Docket No. 96, Attach. 2 at 6-10.

Second, the Secretary applied the canon of statutory construction that "remedial legislation should be construed broadly to effectuate its purposes." *Id*. at 11 (*quoting Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967)). Keeping in mind the background of ANCSA and the specific problems of land selection in the Koniag region, it is more than reasonable to conclude that settling Leisnoi's eligibility was a necessary predicate to effectuating Congress' purpose of settling Koniag's land entitlement quickly and permanently. *See* Docket No. 96, Attach. 2 at 6-11.

Third, the Secretary looked to the legislative history and demonstrated that Congress was aware of the doubts as to Leisnoi's eligibility at the time it passed section 1427. *Id*. at 11-12. The Secretary's conclusion that awareness implies ratification is bolstered by the fact that Congress dealt separately in section 1427 with other villages whose eligibility was less certain by offering them diminished benefits in settlement of their claims. *See* ANILCA § 1427(e). If Congress went to all the trouble to settle the status of these other villages, why would Congress leave Leisnoi's status up to the courts when bringing finality to the land selection process was one of Congress' chief aims in ANILCA?

ORDER

8

The Court concludes that the Secretary's interpretation was not only permissible, but persuasive. Although the Court finds that the Secretary's interpretation must be upheld under *Chevron* deference, the Court notes that it would have come to the same conclusion had it been interpreting the statute in the first instance, or under the persuasive deference standard found in *Skidmore*.

**B.      Ratification Moots Stratman's Claim**

Stratman's challenge is to the Secretary's 1974 certification of Leisnoi's eligibility for ANCSA benefits. The Court has concluded that Congress ratified the Secretary's decision when it enacted section 1427 of ANILCA. It therefore no longer matters whether the Secretary's original decision was flawless or arbitrary and capricious. With section 1427, Congress effectively decided to overlook any doubts as to Leisnoi's eligibility or shortcomings in the Secretary's 1974 determination in order to settle the land selection process in the Koniag region with finality. Stratman's challenge to the original determination is therefore moot. Regardless of the merits of his central contention, the political branches are now his only recourse.

**IT IS THEREFORE ORDERED**:

Stratman's challenge to Leisnoi's eligibility is moot. As this Court lacks subject matter jurisdiction, the Motion to dismiss at **Docket No. 120** is **GRANTED**. The Motion for extension of time at **Docket No. 202** is **GRANTED**. The Motion for leave to file excess pages at **Docket No. 169** is **GRANTED**. The Motion for oral argument at **Docket No. 211** is **DENIED** as noted *supra*. The Motions at **Docket Nos. 107; 109; 111; 118; 143; 144; 177; 178; 189; 193; 205; and 207** are **DENIED** as they are now moot. Koniag's Counterclaim at **Docket No. 200** is also **DISMISSED** as it is now moot.

Dated this 26th day of September 2007.


          /s/ James K. Singleton, Jr.
          **JAMES K. SINGLETON, JR.**
          United States District Judge



ORDER

9