RECEIVED
hand del.
MAY - 3 1994
CTC file
5-3-94

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

AT KODIAK

LEISNOI, INC. an Alaska corporation,

Plaintiff,

v.

OMAR STRATMAN,

Defendant.

Case No. 3KO-93-356 Civil

ANSWER TO COMPLAINT

COMES NOW, Defendant, Omar Stratman, by and through his attorney, Jerald M. Reichlin, and states his answer as follows:

1. Defendant is without sufficient knowledge to affirm or deny that Leisnoi, Inc. is the owner of the property described in Exhibit 1 in plaintiff's complaint and therefore denies the same.

2. Defendant admits the allegations of paragraph 2 of plaintiff's complaint.

3. Defendant admits that he agreed to make timely lease payments but denies that the leased land can be used solely for grazing purposes. Defendant denies all other allegations of paragraph 3 of plaintiff's complaint.

4. Defendant denies that he has failed and refused to make timely lease payments insofar as plaintiff unilaterally and without prior notice raised

Law Offices of Jerald M. Reichlin
880 "N" Street, Suite 203
Anchorage, Alaska 99501
Telephone (907)277-5955



ALL-STATE LEGAL®
EXHIBIT
2

the rate twenty thousand percent (20,000%) and thus there is no agreement as amount due. Defendant denies the other allegations of paragraph 4 of plaintiff's complaint.

5. Defendant denies that he was given the opportunity to pay the rent due because the amount claimed by plaintiff was not the amount due pursuant to the terms of Defendant's lease.

6. Defendant denies the allegations of paragraph 6 of plaintiff's complaint stating that the defendant has refused to pay the rent due.

7. Defendant incorporates each and every response as though entirely set forth herein.

8. Defendant denies that the twenty year extension granted by the State of Alaska is an "alleged" extension.

9. Defendant admits the allegations of paragraph 9 of plaintiff's complaint and affirmatively states that the relinquishment was in the context of obtaining the extension.

10. Paragraph 10 of plaintiff's complaint states a conclusion of law and needs no reply.

11. Paragraph 11 of plaintiff's complaint states a conclusion of law and needs no reply.

12. Paragraph 12 of plaintiff's complaint is a prayer for relief and needs no reply.

Law Offices of Jerald M. Reichlin
880 "N" Street, Suite 203
Anchorage, Alaska 99501
Telephone (907)277-5955

13. Defendant respectfully requests that this court dismiss plaintiff's complaint, court costs and attorneys fees.

## Counterclaim

### Count I

1. The lease between Omar Stratman and the United States issued pursuant to the authority of Act 43 USC §3316 et.seq. requires notice and an opportunity to be heard prior to termination of the lease or prior any other actions which might adversely affect the lessee.

2. Plaintiff's efforts to unilaterally raise the lease price and to terminate the lease based on such increase and upon other uses permitted by law are a flagrant breach of the defendant's lease.

### Count II

3. Defendant incorporates the allegations of Count I of Defendant's Counterclaim against Plaintiff.

4. Plaintiff's actions are a denial of due process.

### Count III

5. Defendant incorporates his answer and the allegations of Count I of his counterclaim.

6. Plaintiff's unilateral attempt to increase the lease by twenty thousand percent (20,000% ) represents a breach of the covenant of good faith and fair dealing which is imputed to every contract.

Law Offices of Jerald M. Reichlin
880 "N" Street, Suite 203
Anchorage, Alaska 99501
Telephone (907)277-5955

Count IV

7. In the alternative the Plaintiff has entered upon the land with color of title in 1982 and has been in uninterrupted open and notorious possession of the land for more than 7 years.

8. The Defendant has title in the land by adverse possession.

Count V

9. The defendant incorporates the allegations of paragraph 7 of his counterclaim.

10. In the alternative the defendant has acquired prescriptive rights to certain uses of the property.

Affirmative Defenses

1. Defendant restates his answer and the allegations of his counterclaim and affirmatively alleges as follows.

2. Plaintiff's action is barred because the defendant has been in quiet possession of the property for more than three years.

3. Plaintiff's complaint is barred by the doctrines of promissory and equitable estoppel.

4. Plaintiff's complaint is barred by the doctrine of laches.

5. Plaintiff has failed to include parties necessary to a determination of this dispute, the State of Alaska and the United States.

6. Plaintiff is barred by the doctrine of unclean hands.

Law Offices of Jerald M. Reichlin
880 "N" Street, Suite 203
Anchorage, Alaska 99501
Telephone (907)277-5955

7. Plaintiff's claim is barred because its breach of the lease agreement places it in pari delicto with the defendant.

8. Plaintiff's action is barred by the statute of limitations.

WHEREFORE, defendant/counterclaimant respectfully request that this court:

1. Dismiss plaintiff's forcible entry and detainer action against defendant;

2. Order the defendant to pay damages arising from the breach of its lease agreement, or in the alternative;

3. Find that title to the subject land exists in the defendant, or in the alternative;

4. Find that the defendant has acquired prescriptive rights to continue to use the property;

5. Order the plaintiff to pay defendant's costs in defending this action;

6. Order such other relief that the court deems just and equitable.

DATED this 2nd day of May, 1994.

LAW OFFICES OF JERALD M. REICHLIN

By: [signature]
Jerald M. Reichlin, Esq.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 2nd day of May, 94 true copies of the documents [illegible] to the attorneys of record Longacre

/s/ Kristi Meszaros

Law Offices of Jerald M. Reichlin
880 "N" Street, Suite 203
Anchorage, Alaska 99501
Telephone (907)277-5955