FILED
APR 18 1995
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

RECEIVED
APR 19 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON, )
JOHN MURRAY, and MICHAEL )
DEVERS, )
) BOYKO
Plaintiffs, )
)
vs. ) Case No. A76-132 CV (JAV)
)
BRUCE BABBITT, Secretary of )
the Interior; ANTON LARSEN, ) MEMORANDUM AND ORDER
INC.; LEISNOI, INC.; and )
KONIAG, INC., REGIONAL NATIVE )
CORPORATION, )
)
Defendants. )
)

This cause comes before the court upon plaintiff Stratman's motion for preliminary injunction (docket 202). The parties copiously have briefed the issues, and the court heard oral argument on April 14, 1995. Argument was presented by counsel on behalf of plaintiff Stratman, defendants Leisnoi, Inc., Babbitt, and Koniag, Inc. The court also heard brief argument of the parties upon plaintiff Stratman's motion to dismiss and/or to amend caption with regard to settled or inactive parties (docket 189). Both motions were submitted.



EXHIBIT 6

Plaintiff Stratman's brief in support of the motion for preliminary injunction (a part of docket 202) sets forth the "traditional test" and the "alternative test" upon which, if found in favor of a plaintiff movant, the court may grant the motion. All parties concur that the tests are adequately and correctly stated.

Under the "traditional test" a plaintiff is entitled to a preliminary injunction if the court finds that:

> (1) the plaintiff will suffer irreparable injury if injunctive relief is not granted; (2) the plaintiff will probably prevail on the merits; (3) in balancing the equities, the defendants will not be harmed more than plaintiff is helped by the injunction; and (4) granting the injunction is in the public interest.

Under the "alternative test" a plaintiff is entitled to a preliminary injunction upon a showing of either of the following:

> (1) probable success on the merits <u>and</u> possible irreparable injury; <u>or</u> (2) sufficiently serious questions going to the merits to make them a fair ground for litigation <u>and</u> a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

After careful consideration, under either of these tests, the court finds that plaintiff Stratman is not entitled to a preliminary injunction.

Stratman v. Babbitt
Memo/Order
d:1985.OLD\A76-132.MOR

2

The court finds plaintiff Stratman to be in a peculiar position in the litigation. He admits to no pecuniary interest in the outcome and pursues the litigation on behalf of vague entities to be somehow identified in the future. If the court were to issue the injunction and enjoin Leisnoi, Inc., from utilizing or distributing its funds, as requested in paragraph two of the motion, plaintiff suggests only in the final future agony of the case, the funds be paid to a most reluctant United States, which apparently is notably less than anxious to receive them.

Over all, the court finds that balancing the equities the defendant Leisnoi, Inc., will be harmed substantially more than plaintiff will be helped by the injunction, that it is highly unlikely that plaintiff Stratman will prevail on the merits, and that the balance of hardships tips decidedly toward defendant Leisnoi, Inc.

THEREFORE, IT IS ORDERED:

1. That plaintiff Stratman's motion for preliminary injunction is denied.

2. That plaintiff Stratman's motion to dismiss and/or amend caption is denied without prejudice in the event

Stratman v. Babbitt
Memo/Order
d:1985.OLD\A76-132.MOR

72A
ev. 8/82)

the affected parties may, in the future reach agreement as to their respective status.

    3. That each party pay its own costs and attorney fees.

    4. That the proceedings herein continue to be stayed as to all parties pending a Rule 16 pre-trial, scheduling and management conference to be set by order to follow.

    DATED at Anchorage, Alaska, this Eighteenth day of April 1995.

                                    James A. von der Heydt
                                    United States District Judge

A76-0132--CV (JAV)
-------------------------------------------------
E. BOYKO (BOYKO)
R. MIDDLETON (MIDDLETON)
M. SCHNEIDER
B. LANDON (AUSA)
A. SCHMITT

Stratman v. Babbitt
Memo/Order
d:1985.OLD\A76-132.MOR

4

72A
(.8/82)