FILE COPY

65

John Richard Fitzgerald
Edgar Paul Boyko & Associates
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LEISNOI, INC., an Alaska )
corporation, )
)
)     Case No. 3K0-93-356 CIV
    Plaintiff, )
)
versus )
)
OMAR STRATMAN, )
)
    Defendant. )
_____ )

### MOTION FOR SUMMARY JUDGMENT DISMISSING ADVERSE POSSESSION COUNTERCLAIM

COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL

BOYKO & ASSOCIATES, and, pursuant to Alaska Civil Rule 56,

hereby moves for summary judgment dismissing Omar Stratman's

counterclaim for adverse possession.

The grounds for this Motion are set forth with

particularity in the attached Memorandum in Support of Motion

for Summary Judgment.

Anchorage, Alaska this 5 day of June, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
    John Richard Fitzgerald

<div style="transform: rotate(90deg)">
**Edgar Paul Boyko and Associates**
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944
</div>

Filed 6-5-95 (JRF)cc client same

EXHIBIT
8
ALL-STATE LEGAL®

FILE COPY

6-5

John Richard Fitzgerald
Edgar Paul Boyko & Associates
711 H Street  Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LEISNOI, INC., an Alaska corporation, )<br>)<br>) | |
| Plaintiff, )<br>) | Case No. 3K0-93-356 CIV |
| versus )<br>) | |
| OMAR STRATMAN, )<br>) | |
| Defendant. )<br>) | |

CERTIFICATE OF SERVICE

I hereby certify that on this date I did cause to be mailed by first-class mail, postage pre-paid, Leisnoi, Inc.'s Motion for Summary Judgment, Memorandum in Support, and Proposed Order to:

Jerry Reichlin, Esquire
1016 W. 6th Avenue  Suite 420
Anchorage, Alaska  99501

Anchorage, Alaska this 5th day of June, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _John Richard Fitzgerald_
John Richard Fitzgerald

*(left margin, vertical text)* Edgar Paul Boyko and Associates 711 H Street, Suite 510 • Anchorage, Alaska 99501 (907) 279-1000 • FAX (907) 279-8944

18

Filed 6-5-95 (JRF) cc Client same

FILE COPY

John Richard Fitzgerald
Edgar Paul Boyko & Associates
711 H Street   Suite 510
Anchorage, Alaska   99501
(907) 279-1000
Attorneys for Leisnoi, Inc.


IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE


LEISNOI, INC., an Alaska )
corporation, )
 )
          Plaintiff, )          Case No. 3KO-93-356 CIV
 )
versus )
 )
OMAR STRATMAN, )
 )
          Defendant. )
_____)

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING ADVERSE POSSESSION COUNTERCLAIM**

I.   RES JUDICATA BARS STRATMAN'S ADVERSE POSSESSION CLAIM

Omar Stratman already sued Leisnoi, Inc. claiming that

he should be recognized as the title holder to various

parcels of real estate situated on Kodiak described with

particularity in the Exhibit A to the Complaint.  See,

Complaint in Case No. 3AN-85-16520 CIV.  The case went up to

the Alaska Supreme Court, and Omar Stratman lost.

A Final Judgment was entered against Omar Stratman and

in favor of Leisnoi, Inc. on November 12, 1992.  The Final

Judgment states that "As between the Parties to these cases,

title to all surface rights in real property which was the

basis of this litigation hereby vests in LEISNOI, INC."

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

Filed 6-5-95 (JRF) cc Client same

Thus, a Final Judgment has already been entered in favor of Leisnoi, Inc. vesting it with title to all the land that Stratman contends in this suit that he has acquired by adverse possession.    The Court has already recognized Leisnoi, Inc., not Omar Stratman, as being the owner of the land.    If Omar Stratman felt that judgment was erroneous because he had acquired title by adverse possession, he should have appealed the Final Judgment that vested title in Leisnoi, Inc.    He failed to do so.

Having failed to appeal from the Final Judgment that vested title in Leisnoi, Inc., Omar Stratman is now barred by the doctrine of *res judicata* from bringing a counterclaim in this case against Leisnoi, Inc. claiming that he has title to the land.

Where a Final Judgment has been entered, the doctrine of *res judicata* bars litigation between the same parties of claims that were or could have been litigated in the original action. Federated Department Stores v. Moitie, 452 U.S. 394, 69 L.Ed.2d 103, 101 S. Ct. 2424 (1981); Blake v. Gilbert, 702 P.2d 631 (Alaska 1985); Palfy v. First Bank of Valdez, 471 P.2d 379 (Alaska 1970); State v. Baker, 393 P.2d 893 (Alaska 1964).

*Res judicata* attaches to the ruling of this Court that title is vested in Leisnoi, Inc.    Stratman cannot now argue that he has acquired title to the land by adverse possession,

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

since the Court has already ruled that Leisnoi, Inc. is vested with title. If Stratman wished to argue adverse possession, he should have done so in the other case. At the very minimum, Omar Stratman should have appealed the Final Judgment that vested title in Leisnoi, Inc.

The policies underlying *res judicata* are salutary principles that should be rigorously enforced by the courts:

> "The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection ... of the salutary principle of res judicata.' <u>Heiser v. Woodruff</u>, 327 U.S. 726, 763 66 S.Ct 853, 856, 90 L.Ed. 970 (1946).... This Court has long recognized that '[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.' <u>Baldwin v. Traveling Men's Assn.</u>, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931). We have stressed that "[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts..." <u>Hart Steel Co. v. Railroad Supply Co.</u>, 244 U.S. 294, 299, 37 S.Ct. 506, 507, 61 L.Ed. 1148 (1917)."

<u>Federated Department Stores v. Moitie</u>, 101 S.Ct. at 2429.

Particularly with an individual as litigious as Omar Stratman, who has been suing Leisnoi, Inc. on and off for the last 19 years, the Court should be certain to enforce the legal doctrine so that there can be an end to the litigation between Stratman and Leisnoi, Inc. over Stratman's claim to

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT DISMISSING ADVERSE POSSESSION COUNTERCLAIM
Page 3 of 8

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

have title to the land.  After having litigated and obtained

victory over Omar Stratman, and having obtained a Final

Judgment in favor of Leisnoi, Inc. vesting it with title,

Leisnoi, Inc. should not have to again defend against claims

by Stratman that he has title to the land.

Stratman cannot bring a claim, have it reduced to

Judgment against him, fail to appeal from the Final Judgment,

then attempt to litigate again against Leisnoi the claims

brought or that could have been brought in that suit.  There

must be an end to all litigations, and Stratman can no longer

pursue or litigate claims against Leisnoi that seek to vest

title to Leisnoi, Inc.'s land in Omar Stratman:

> "'[W]e cannot be expected, for his sole relief, to
> upset the general and well-established doctrine of
> *res judicata*, conceived in the light of the maxim
> that the interest of the state requires that there
> be an end to litigation - a maxim which comports
> with common sense as well as public policy.  And
> the mischief which would follow the establishment
> of precedent for so disregarding this salutary
> doctrine against prolonging strife would be
> greater than the benefit which would result from
> relieving some case of individual hardship.' Reed
> v. Allen, 286 U.S. at 198-199, 52 S.Ct. at 533.

Federated Department Stores, Inc. v. Moitie, 101 S.Ct. 2424

at 2431 (1981).  See also, Blake v. Gilbert, 702 P.2d 631

(Alaska 1985).

#### II.    ANCSA LANDS CANNOT BE ADVERSELY POSSESSED

An additional reason that Stratman's adverse possession

claim must be dismissed is because the United States Congress

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

has enacted a statute providing that lands conveyed to native

corporations cannot be adversely possessed:

> (d) **Automatic protections for lands conveyed pursuant to the Alaska Native Claims Settlement Act.** (1)(A) Notwithstanding any other provision of law or doctrine of equity, all land and interests in land in Alaska conveyed by the Federal Government pursuant to the Alaska Native Claims Settlement Act to a Native individual or Native Corporation or subsequently reconveyed by a Native Corporation pursuant to section 39 of that Act to a Settlement Trust shall be exempt, so long as such land and interests are not developed or leased or sold to third parties from -
> (i) adverse possession and similar claims based upon estoppel.

43 U.S.C. section 1636(d)(1)(A)(i).

Omar Stratman does not hold a grazing lease, since the

Bill of Sale attached hereto demonstrates that Omar Stratman

purportedly sold his lease to Northland Ranches, Inc. almost

twenty years ago.

Even if Stratman owned a grazing lease, said lease would

not constitute an exception to the ban on adversely

possessing ANCSA land, since a mere grazing lease does not

convey "a grant of primary possession" as that term is used

in the definition of "Lease" at 43 U.S.C. section

1636(d)(2)(iii). Leisnoi, Inc. retains primary possession of

its land.

III.  STRATMAN HAS TAKEN THE POSITION THAT THE LANDS AT ISSUE ARE PUBLIC LANDS, SO HE CANNOT CLAIM TO OWN THEM.

Omar Stratman's theory that he adversely possessed

Leisnoi, Inc.'s land is belied by his own pleadings filed

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT DISMISSING ADVERSE POSSESSION COUNTERCLAIM
Page 5 of 8

Edgar Paul Boyko and Associates
7111 Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

just two months ago in federal court. In his failed, vexatious attempt to freeze Leisnoi, Inc.'s bank accounts and to halt all logging operations, Stratman filed pleadings' claiming that the lands that are at issue in this state court suit are "public lands." See, Stratman's memorandum in support of motion for preliminary injunction at pages 18-20.

Obviously, by taking the position in his pleadings that the lands are public lands, Mr. Stratman has conceded the point that the land is not privately owned by Omar Stratman. If Stratman owned the land himself, the land would be private property, not public land.

### IV.    STRATMAN HAS CONCEDED THAT LEISNOI, INC. HAS TITLE TO THE LAND

At the oral arguments on Stratman's vexatious motion for preliminary injunction that was recently denied by the Honorable United States District Judge Von der Heydt, Stratman conceded that Leisnoi, Inc. (hence, not Stratman) has title to the land:

THE COURT:      Well, just briefly. Mr. Fitzgerald dwelled to some --

MR. SCHNEIDER:  Sure.

THE COURT:      -- extent on this question of whether or not -- what's involved are public lands or not.

MR. SCHNEIDER:  Yeah, and I think that's a good question, and here's the answer to it. They're not public lands in this sense: When you go down to the title - you know, Leisnoi's a private outfit, Leisnoi owns title. Are they public

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT DISMISSING ADVERSE POSSESSION COUNTERCLAIM
Page 6 of 8

> lands?   Heck no.    That's what this
> lawsuit's about.   When we get down to
> winning this lawsuit they'll certainly
> be public lands.

Transcript of April 14, 1995 proceedings before Judge Von der

Heydt at page 55.

Thus, Stratman has conceded that "Leisnoi owns title."

This concession is wholly inconsistent with any claim of

adverse possession by Stratman.   If Stratman had adversely

possessed the land, then he would have argued that Stratman

has acquired title to the land, rather than conceding that

Leisnoi owns title to the land.   Likewise, Stratman's

contention that the land should revert back to the United

States is another concession that Stratman does not own the

land.   Of course, adverse possession cannot be achieved as

against the United States, so even if these were public lands

or were going to become public lands, Stratman cannot claim

title by adverse possession. U.S. v. Vassarajas, 908 F.2d 443

(9th Cir.1990).

V.   STRATMAN HAS NOT MET THE ELEMENTS OF ADVERSE POSSESSION

Stratman has not met the elements of adverse possession

because he has claimed to be on the land as a lessee or as an

officer of the corporation that allegedly holds a grazing

lease on Leisnoi, Inc.'s land.    AS 09.45.052, Adverse

Possession, provides that "The uninterrupted adverse,

notorious possession of real property under color and claim

of title for seven years or more is conclusively presumed to

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT DISMISSING ADVERSE POSSESSION COUNTERCLAIM
Page 7 of 8

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

give title to the property except as against the state or the United States."

Stratman has not been on the land under color of title; he has been on the land pursuant to a purported grazing lease. An essential element of adverse possession is claim of title for seven years. Ayers v. Day & Night Fuel Co., 451 P.2d 579 (Alaska 1969). Here, Stratman has been acknowledging that Leisnoi, Inc. holds title to the land, as evidenced by the December 31, 1994 check number 4980 signed by Omar Stratman payable to Leisnoi, Inc. for "lease payment." If Stratman was possessing the land hostilely and under claim of title, he would not be making lease payments to Leisnoi, Inc. By tendering lease payments to Leisnoi, Inc., Stratman acknowledges that Leisnoi, Inc. holds title to the land, a position that negates any claim of adverse possession.

WHEREFORE, summary judgment should be granted dismissing Omar Stratman's counterclaim of adverse possession.

Anchorage, Alaska this 5th day of June, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
John Richard Fitzgerald

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT DISMISSING ADVERSE POSSESSION COUNTERCLAIM
Page 8 of 8

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944