IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR STRATMAN, )
)
    Plaintiff-Appellant, )
)
versus )
)
BRUCE BABBITT, Secretary of )
   the Interior; )
LEISNOI, INC.; )
and KONIAG, INC., )
)
    Defendants-Appellees )
_____)

U.S. Court of Appeals Docket No. 95-35376
Lower Court Docket No. CV-76-00132-JAV

Seattle, Washington
April 8, 1996

## VOLUME I

### TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE HARRY PREGERSON
Appellate Court Justice

BEFORE THE HONORABLE A. WALLACE TASHIMA
Appellate Court Judge

BEFORE THE HONORABLE ROBERT E. JONES
Appellate Court Judge

APPEARANCES:

    For the Plaintiff - Appellant:    MICHAEL J. SCHNEIDER
                                                      Attorney at Law
                                                      880 N Street, Suite 202
                                                      Anchorage, Alaska 99501



EXHIBIT 11

```
APPEARANCES (cont.):

    For the Defendant- Appellees:

        FOR BRUCE BABBITT:          JONATHAN KLEIN
                                    U.S. Dept. of Justice
                                    Environment and Natural
                                      Resources Division
                                    Appellate Section
                                    P.O. Box 23795
                                    L'Enfant Plaza Station
                                    Washington, D.C.  20026

        FOR LEISNOI, INC.:          EDGAR PAUL BOYKO
                                    Attorney at Law
                                    711 H Street, Suite 510
                                    Anchorage, Alaska 99501

        FOR KONIAG, INC.:           R. COLLIN MIDDLETON
                                    Middleton and Timme
                                    421 W. 1st St. Suite 250
                                    Anchorage, Alaska 99501

    Transcription Service:          ALASKA STENOTYPE
                                      REPORTERS
                                    550 W 7th Ave, Ste 1300
                                    Anchorage, Alaska 99501
                                    (907) 276-1680
```

## SEATTLE, WASHINGTON - APRIL 8, 1996

THE COURT: Mr. Schneider, we have here an interlocutory appeal from the denial of preliminary injunctions.

MR. SCHNEIDER: We do, Your Honor.

THE COURT: And, uh, the District Court, uh, remanded the matter to the IBLN.

MR. SCHNEIDER: Correct, Your Honor. IBLA.

THE COURT: IBLA, excuse me. And, uh, Mr. Stratman did not appeal, why isn't this appeal moot?

MR. SCHNEIDER: It -- well, let me begin by saying that the question to move was sprung on us Friday, Your Honor, but let me attempt to address it. Jurisdiction is sitting somewhat like a pie. The Trial Court clearly retained jurisdiction of a number of issues in this case. One of the reasons that the matter isn't moot is that the District Court doesn't believe that it transferred the entirety of the matter to IBLA. Leisnoi doesn't believe that, neither does anyone else. Leisnoi's argument in its brief, as an example, it's 28 USC Section 1166, Statute of Limitations argument has not been addressed by the Trial Court. The matters before the Trial Court have been stayed by multiple orders beginning this spring, so that this matter has been -- h-h-has been, I guess, carved up a bit, and one of the pieces of it has been approp -- appropriately, we would argue, sent to the administrative agency. But the.....

THE COURT: Did you say a part of it?

1      MR. SCHNEIDER: Yes.

2      THE COURT: You mean the District Court has retained some of
3  this case?

4      MR. SCHNEIDER: It has.

5      THE COURT: What -- what part?

6      MR. SCHNEIDER: Well, if Your Honor looks at the record, you
7  will see that in the spring of this year when the case got
8  cranked up again, after it was re-opened by this Court, there was
9  a -- a status conference, and the parties were asked to set forth
10 in a laundry list the issues that were to be retained and to
11 remain in the case. Of those, the Trial Court, then Judge Von
12 Der Hegdt (ph) identified five threshold issues. Now, these were
13 threshold issues, these were not all of the issues, and
14 specifically, Leisnoi's -- Leisnoi's favorite defense is it's 20
15 to -- it's 43 I believe it is, USC Section 1166 defense was not
16 among the threshold matters. All other motions were stayed by --
17 there were or two or three orders, each of which const --
18 contained stays of the other proceedings. The Trial Court then
19 resolved the threshold issues, in our favor, with the exception
20 of two, which it pitched to IBLA. And, we are now on our way to
21 IBLA, to determine the merits of Mr. Stratman's challenge to
22 Leisnoi's certification. But, the Trial Court, and I must
23 concede, its last order does not specifically say it retained
24 anything, but the Trial Court has retained jurisdiction of those
25 issues. Secondly, we have cases in our brief, and I must

1  confess, I'm not gonna be able to tell you exactly which ones
2  they are, though I might be able to get some help from my table,
3  that suggest that because there is an ongoing harm here and in
4  our -- an ongoing harm to the very interests that we advocate
5  that this Court has continuing jurisdiction in the matter, even
6  the face -- even in the face of the agency action. So I guess
7  our positions are this Court would have jurisdiction no matter
8  what in this specific ergo-factual setting only part of this c --
9  case has remanded to IBLA. For instance, there's no.....
10      THE COURT: Well -- just -- excuse me. It's a simplistic
11  question. Forgive me but this is my -- the case -- I'm looking
12  at Judge Singleton's (ph) remand decision of the Court.
13      MR. SCHNEIDER: Yes.
14      THE COURT: And it has case number A76-0132CV.
15      MR. SCHNEIDER: Yes.
16      THE COURT: Which indicates Singleton.
17      MR. SCHNEIDER: It does.
18      THE COURT: Is that the same case that's before us today?
19      MR. SCHNEIDER: That is -- yes it is.
20      THE COURT: Okay. And it says decision -- this action came
21  to trial for a hearing before The Court, the issues have been
22  tried or heard, and a decision has been rendered. It is ordered
23  and judged that, judgement is hereby entered remanding this case
24  to IBLA, this case being that number, is it not? How do we get
25  beyond that?

1    MR. SCHNEIDER: Well, I think that before we get beyond it
2    we should go just a bit ahead of it and see The Court's
3    memorandum orders that proceeded it to understand it.
4        THE COURT: But, he sent the whole case back to the a --
5    agency.
6        MR. SCHNEIDER: Forgive me, Your Honor.
7        THE COURT: The whole case went back to the agency.
8        MR. SCHNEIDER: I would -- Judge, I can't agree with that, I
9    don't believe that's what happened, I don't think it's The
10   Court's intent -- The Court's intention, and finally, if it
11   is.....
12       THE COURT: Mr. -- I beg -- you hear -- how many hours --
13   what is it Alaska time versus here, aren't they two hours?
14       MR. SCHNEIDER: One hour.
15       THE COURT: One hour.
16       MR. SCHNEIDER: One hour earlier.
17       THE COURT: All you folks came down from.....
18       MR. SCHNEIDER: I came from Anchorage -- I don't know where
19   these guys came from.
20       THE COURT: I was just trying to -- I think if we could
21   clarify this we -- I -- I.
22       THE COURT: Judge -- Judge Singleton could clear this up in
23   a minute.
24       MR. SCHNEIDER: There were many of these people -- these
25   people were last seen in Anchorage, Your Honor.

1-7

1   (Laughter)

2   THE COURT: All right, Judge Single can clear -- Singleton
3   can clear it up in a minute, I suppose.

4   MR. SCHNEIDER: I would -- I'd love to have.....

5   THE COURT: Uh, let -- let's -- let's say it had -- had a
6   situation, this speaking generally where there is a -- a -- a --
7   um, say a denial of a preliminary injunction, the matter comes up
8   on interlocutory appeal, in the meantime a Trial Court decides
9   the case on the merits, and issues a permanent injunction. Now,
10  doesn't that -- doesn't that moot out the interlocutory appeal?

11  MR. SCHNEIDER: Sure, it does.

12  THE COURT: So what's the difference?

13  MR. SCHNEIDER: That's not our facts.

14  THE COURT: What's the difference between those facts and
15  these?

16  MR. SCHNEIDER: Well.....

17  THE COURT: Here -- here an action was up on appeal -- now,
18  did you notify us that, uh -- that, uh -- that, uh, the matter
19  was on appeal at, uh -- that, uh Judge Singleton was conducting
20  a hearing in this matter -- a trial on the merits?

21  MR. SCHNEIDER: We -- we notified The Court and attempted to
22  supplement the record with post.....

23  THE COURT: So here -- here it's up on appeal. It could
24  have been Judge Singleton still has it, of course.....

25  MR. SCHNEIDER: Yes.

1   THE COURT: It's apparently an interlocutory appeal, and
2   then -- then the case is decided.
3   MR. SCHNEIDER: But, it's not decided.
4   THE COURT: And it goes back to the administrative agency.
5   THE COURT: See, what I got in mind was -- with this modern
6   technology, we could certify the question. This panel could
7   certify a question to Judge Singleton. "Did you intend it to
8   remand the entire case, or retain part of it?". Get his response
9   today, and set your argument for 8:30 in the morning without
10  discussing your -- the expense of coming down here. I think the
11  panel would be agreeable to something like that.
12  (Whispered conversation at the Bench)
13  THE COURT: Is that all right? That at least could clarify
14  the waters only instead of sitting here trying to guess what the
15  Judge had in mind. If you're right, that's -- then we can have
16  at it. If you're wrong, why that takes care of that too. Okay.
17  MR. SCHNEIDER: If that's the ruling of The Court, we will
18  be here at 8:30 in the morning.
19  THE COURT: That's okay.
20  THE COURT: That's fine.
21  THE COURT: Great.
22  THE COURT: We can do that.
23  (Whispered conversation at Bench)
24  THE COURT: Now, look -- look, Judge Tashima made a good
25  suggestion. We'll hear from the other side for a moment, but --

1  and then we can -- we can call and see whether Judge
2  Singleton.....
3       MR. SCHNEIDER:  Very good.
4       THE COURT:  I'll ask.  Vivian.
5       VIVIAN:  Yes.
6       THE COURT:  You want to go call and see if Judge Singleton
7  is in Anchorage?
8       VIVIAN:  Judge Singleton.
9       THE COURT:  See if Judge Singleton is in Anchorage.
10      VIVIAN:  Oh, okay.
11      THE COURT:  Okay, thanks.
12      MR. KLEIN:  May it please The Court, Your Honor.  Jonathan
13  Klein from the Justice Department on behalf of the Secretary.
14  (Cough).  I'll go right to the question that's, uh, concerning
15  The Court.  We don't believe it's necessary to certify the
16  question for these two reasons.  Um, because -- first of all,
17  most importantly, this Court reviews judgements and not
18  decisions.  The subjective intent of Judge Singleton the hope
19  that we would suggest very strongly that he remanded the whole
20  case is of no import, simply because the judgement -- this is a
21  judgement, this wasn't an order and a limited remand.  It just
22  says "Decision of The Court, ordered and adjudged that judgement
23  is hereby entered remanding this case to IBLA".  Courts are very
24  capable of fashioning limited remand orders for pur -- specific
25  purposes, and Courts -- District Courts all the time will say

1  "this matter ordered -- this is remanded to the IBLA for the
2  limited purpose of determining whether Leisnoi is a eligible
3  village". Another reason why that's not necessary is because at
4  footnote eight of, uh, Stratman's reply brief they concede that
5  the case has been remanded, the whole case, and that a new action
6  would be necessary to challenge.....
7       THE COURT:  Give me the citation again?
8       MR. KLEIN:  That's page 12 of Stratman's reply brief,
9  footnote eight, and I'll just read from it.
10      THE COURT:  Yeah, read it.
11      MR. KLEIN:  It says, uh, this is the second paragraph. It
12  says, "In addition, because the District Court has remanded the
13  matter to the Department of the Interior for a new determination
14  of Leisnoi's eligibility the agency proceedings are still in
15  fiere", I don't know what that means, "and will result in a new
16  agency decision subject to new judicial review. Application of
17  the rote regulation in the remanded proceedings will subject it
18  to a new challenge in Court. No in.....".  I mean that's as
19  clear as day that they think they're gonna have to file a new,
20  uh, APA Challenge, and that's a concession that this matter --
21  this case, has been remanded and judgement, which is, you know,
22  black letter law, judgements control and not the subjective
23  intent of the District Court Judge, and, uh, so, we will --
24  unless you want to hear from someone else on our side,
25  that's.....

1-11

1  THE COURT: Anyone else wish to be heard?
2  (Pause)
3  MR. BOYKO: If it please The Court, Edgar Paul Boyko on
4  behalf of Leisnoi, Incorporated, the real party in interest here
5  because we're the one's that are supposed to be the target of
6  this broad and sweeping preliminary injunction effort. I will
7  only address at this point the -- the issue of whether this --the
8  matter is now appropriately before this Court, or whether there
9  has been issued a final judgement, uh, which ends it until it is
10  revived by some proceeding. Our position is that -- and -- and
11  we base this on, uh, to some extent on the same grounds that
12  Stratman's Counsel does, except we wish a different result. He
13  says "look at the earlier decisions of the same Judge and the
14  same case before he entered this judgement". Stratman asked The
15  Court to review a number of issues, such as the validity of the
16  regulation under which Leisnoi might alternatively qualify, and
17  Judge Singleton declined to rule on that. He said, "I'm sending
18  it all to the agency. We'll start from scratch. This case has
19  been around too long, you've been up to Ninth Circuit twice, I
20  don't want this to happen again by making a ruling that you can
21  appeal again. Send it all back to the -- to the agency let them
22  start where they should have started 20 years ago".
23  THE COURT: So it's -- it's your understanding the entire
24  case has gone back to the IBLA?
25  MR. BOYKO: That's -- that is my interpretation, Your Honor,

1-12

1  of what Judge Singleton's intent.....

2  THE COURT: But as far as you know, are there any further
3  proceedings scheduled in District Court.....

4  MR. BOYKO: No.

5  THE COURT: .....In this case at this time?

6  MR. BOYKO: And as a matter of fact Mr. -- Mr. Stratman's
7  attorney tried to have supplementary proceedings by a petition
8  for judicial assistance or some exotic ruling of -- the Judge
9  just rejected it.

10  THE COURT: So, as far as you know, there is nothing pending
11  in District Court?

12  MR. BOYKO: That is correct. And there is no action -- of
13  course, initially the action never prayed for a permanent
14  injunction, the complaint never did. So, there is no -- uh, uh,
15  there couldn't have been a permanent injunction issued, even --
16  uh, uh, uh, even if it had been appropriate, because there was no
17  prayer for it.

18  THE COURT: When I say nothing pending, I said there is no
19  proceeding scheduled.

20  MR. BOYKO: No. Nothing -- that I know of, and I can
21  represent that with confidence.

22  THE COURT: So, the bottom line is that, uh, your position
23  is that this entire case has been sent back to the IBLA?

24  MR. BOYKO: I think if you -- if you looked at -- first of
25  all, I agree with Counsel for the government -- or for the

1-13

1  Secretary, that on the face of the judgement that's clear. But,
2  if you look at the record, and you look at what Judge Singleton
3  said on several occasions, he was not about to try to have this
4  case again decided piecemeal and have interim appeals, and
5  interlocutory appeals and go up and down. He says, "Let's send
6  it all to the agency, that's where it should have been in the
7  first place. And then, let's -- let's start from there, and
8  bring all these arguments to the agency". That's our position.
9      THE COURT: Yeah.
10     MR. BOYKO: There's any other -- there's no -- no other
11 questions?
12     THE COURT: Have you got the -- have -- have you got the,
13 uh, transcript, of that statement.....
14     MR. BOYKO: There -- there are rulings, Your Honor.
15     THE COURT: Rulings.
16     MR. BOYKO: Denying, uh, specific requests by the, uh,
17 appellant for decisions by The Court on various issues. And The
18 Court said, "No" -- Do we have that transcript, if I may?
19 (Whispered conversation)
20     MR. BOYKO: Your Honor, this was an -- an order from
21 chambers issued by Judge Singleton and filed on May the 21st,
22 1995. "There are two pending motions, the pendency of which
23 prevent remand of this case in conformity with the order of
24 Docket Number 292 and 298. Docket Numbers 295 and 300, see also
25 Docket Numbers 302-08. Docket Number 300, Koniag, Incorporate,

1  seeks certification for immediate appeal.  See 28 USC 1292.
2  Stratman requests a status conference, but actually wishes to
3  reargue his position that this Court should not remand certain
4  issues to the agency, but rather should resolve them here.
5  Docket #295.  It is unfortunate that a case with a 1976 Docket
6  Number is still pending.  Stratman fears that agency action, like
7  a tree to be grown from a seed, takes much time.  This Court
8  agrees.  We had best plant the seed so that the tree can begin to
9  grow".

10       THE COURT:  We have, sir, we have them.
11       MR. BOYKO:  Yes.
12       THE COURT:  They've been submitted to us, and we've read
13  that.
14       MR. BOYKO:  Yes.  Well, that's what I was referring to,
15  Judge Pregerson, when I said, the record shows that Judge
16  Singleton didn't want to keep pieces of this, but wanted to send
17  it all back to the agency.
18       THE COURT:  We've heard it.
19       MR. BOYKO:  It makes sense, doesn't it.  Because the history
20  of this case has been precisely because of the piecemeal way in
21  which it was treated is up and down and takes a lot of this
22  Court's time, and there are a lot of conflicting signals being
23  sent to The Court.
24       THE COURT:  Thanks very much.
25       MR. BOYKO:  Thank you, Your Honor.

1-15

```
 1       THE COURT: All right, Mr. Schneider.
 2       MR. SCHNEIDER: Judge -- Singleton could not have sent to
 3   the agency the question of what to do.
 4       THE COURT: Uh -- You don't refer to him as Singleton do
 5   you, when you say it?
 6       MR. SCHNEIDER: Judge Singleton.
 7       THE COURT: Yeah. Okay, go ahead. Restate that.
 8       MR. SCHNEIDER: Judge -- uh, yeah. I said Judge, believe
 9   me. Judge Singleton could not have referred to the
10   administrative agency the question raised in our complaint here
11   of what do you do once Leisnoi is found to be de-certified (sic).
12   I mean, that's a huge part of this case that the administrative
13   agency has no statutory or regulatory authority to do a thing
14   with. They simply make the findings, does this round peg, in
15   this case, squit (sic) -- fit in this square hole? Then it comes
16   back to Judge Singleton to determine what the consequences of
17   that are, and a number of Leisnoi's defenses.
18       THE COURT: But -- but at this point that's only a
19   hypothetical question, because you don't know what the IBLA's
20   gonna do, right?
21       (Pause)
22       MR. SCHNEIDER: We don't.
23       THE COURT: So, you're asking him to decide.....
24       MR. SCHNEIDER: I know what issues.....
25       (Indiscernible - multiple voices)
```

1   THE COURT:  .....want us to decide that before the IBLA
2   decides? And say, "well, you know, if they de-certify (sic), uh,
3   Leisnoi, this is the remedy.
4   MR. SCHNEIDER:  I -- uh, well -- there are certain things we
5   did ask about what to do. Judge Singleton decided not to do
6   them. But that is one of the points, is that there are multiple
7   issues in this case that have not been decided by the Trial
8   Court, that the Trial Court has not purported to decide, that he
9   -- that have not been asserted or -- or sent to the agency.
10  THE COURT:  And they aren't right for deciding now, are
11  they?
12  MR. SCHNEIDER:  And they're not right for deciding now.
13  They -- he only pitched part of the ball to the administrative
14  agency.
15  THE COURT:  If they're not right there's no decision -- no
16  issue before the District Court now.....
17  MR. SCHNEIDER:  Well.
18  THE COURT:  .....to be decided.
19  MR. SCHNEIDER:  There is.....
20  THE COURT:  .....Before -- before the, uh, IBLA renders its
21  new decision is there? There's nothing in the District Courts.
22  I know that what the District Court does, necessarily, depends on
23  how the IBLA decides.
24  MR. SCHNEIDER:  Judge, let me tell you why, in general,
25  you're correct, and in this specific case, I believe in this

1  specific case I believe that is not an accurate statement. I
2  filed a motion the other day in front of Judge Singleton the
3  context of this case. Judge Singleton -- Judge Singleton will
4  have issues to address in this case no matter what the
5  administrative agency does. There is one thing the
6  administrative agency -- there is one thing the administrative
7  agency could do, I guess, that might -- I haven't had a chance to
8  think about this -- might terminate this case. If the
9  administrative agency contrary, even to what Leisnoi argues,
10 finds that there were 25 Native residents of Woody Island Village
11 on April 1, 1970, something that they don't even argue, that
12 might put a stake in our heart. But, otherwise, we're back, and
13 we're back with lots to talk about. And that's the procedural
14 posture of the case. The harm in question continues. Um, we
15 would like an opportunity -- we've not had an opportunity to
16 brief this, so I guess I'd like to know what The Court's pleasure
17 is. I'd like to argue the matter. Now, if Your Honors want us
18 back in the morning, that's certainly the -- we will.....
19     THE COURT: Well, I'll tell you what we'll do. We'll take
20 a recess and we'll discuss this and we'll come back.
21     THE CLERK: This Court stands in recess for approximately
22 ten minutes.
23     (Off record)
24 2195
25     (On record)

1-18

1  2209

2       THE COURT: We've conferred with Judge Singleton and asked
3  him what his intention was when he set the matter back to the
4  IBLA. He told us his intention was to send the entire case back,
5  and to await the agency's decision. With that, after the panel
6  has conferred, we all agree that this case is now moot. So that
7  is the judgement of The Court, and that'll conclude this matter
8  and for this calendar The Court will stand in recess.
9  (Court Recessed)
10  2297

1-19

## CERTIFICATION

I hereby certify that the foregoing pages numbered 1 through 18 contain a full, true and correct transcript of proceedings in Case No. 95-35376, STRATMAN V. BABBITT, ET AL., transcribed by me to the best of my knowledge and ability from tapes provided to me by ALASKA STENOTYPE REPORTERS.

DATED at Anchorage, Alaska, this 6th day of May, 1996.

SIGNED AND CERTIFIED BY:

_____
Klint C. Kendrick, Transcriber