IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

LEISNOI, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　Case No. 3AN-96-00502 CI, c/w
OMAR STRATMAN,　　　　　　　　　)　Case No. 3AN-05-13155 CI
　　　　　　　Defendant.　　　　　 )
_____)

## ORDERS 1) GRANTING MOTION FOR SUMMARY JUDGMENT AND 2) DENYING CROSS-MOTION TO REIMPOSE STAY

This matter is before the court on Leisnoi, Inc.'s Motion for Summary Judgment and Mr. Stratman's Cross-Motion to Reimpose Stay. For the following reasons, the Motion for Summary Judgment is GRANTED and the cross-motion is DENIED.

## FACTS AND PROCEDURAL BACKGROUND

Leisnoi, Inc. was certified as a Native corporation under the Alaska Native Claims Settlement Act (ANCSA) in 1974. It was established as the village corporation for the Native Village of Woody Island, and obtained land through U.S. land patents pursuant to its status as an ANCSA corporation. Omar Stratman has contested the status of Leisnoi and Woody Island for many years. He continues to pursue his "decertification litigation" in federal court under the Administrative Procedures Act (APA), hoping that it will ultimately strip Leisnoi of its ANCSA corporation status.

Mr. Stratman contends that if his argument that Leisnoi must be decertified is successful, the United States government will be entitled to reacquire the land it issued to


EXHIBIT 17

Leisnoi by patent when it was established under ANCSA. Because of this, he has filed a lis pendens on land owned by Leisnoi known as "Termination Point." Leisnoi sued to expunge the lis pendens in 1996. In 1997, this court held that Mr. Stratman's decertification litigation could not affect title to Termination Point, and quieted title in favor of Leisnoi. The Alaska Supreme Court reversed and remanded in *Stratman v. Leisnoi, Inc.*, directing this court to issue a stay in the case pending the outcome of the decertification suit.[1] The Court concluded that "if Stratman is successful in his decertification litigation, the federal district court would have the power to grant a remedy affecting Leisnoi's title to Termination Point."[2] This court then imposed a stay in the case.

In 2005, Leisnoi initiated a second action against Mr. Stratman, with the intent of quieting title to different lands on which Mr. Stratman has also filed a lis pendens.[3] Mr. Stratman moved this court to temporarily lift the stay so it could consolidate the 1996 case with the 2005 case. This court temporarily lifted the stay and consolidated the cases.[4] While the stay was lifted, Leisnoi filed a motion for summary judgment to quiet title to all the lands on which Mr. Stratman filed a lis pendens, including Termination Point. It claims that the

---

[1] *Stratman v. Leisnoi, Inc.*, 969 P.2d 1139, 1143 (Alaska 1998).
[2] *Id.* at 1142.
[3] The caption of this case is *Leisnoi, Inc. v. Omar Stratman*, 3AN-05-13155 CI. The lands to which Leisnoi seeks to quiet title are "all lands patented or interim conveyed to Leisnoi, Inc. by the United States of America, other than Termination Point (Tract C, Township 27 South, Range 19 West of the Seward Meridian, Third Judicial District, Kodiak Recording District, State of Alaska), together with Cliff Point Estate properties, Lots 1-40, Plat 93-35, all of which parcels are situated in the Third Judicial District, Kodiak Recording District, State of Alaska." Complaint at 2, *Leisnoi, Inc. v. Omar Stratman*, 3AN-05-13155 CI (Nov. 10, 2005).
[4] Oral Order, *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-96-00502 CI (June 14, 2006); Order Granting Motion for Clarification, *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-05-13155 CI (Jul. 25, 2006).

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 2 of 14

reason for the Alaska Supreme Court's 1998 opinion directing a stay—in case a federal court restored title in the lands to the United States following a successful outcome in the decertification litigation—is no longer a possibility. Mr. Stratman opposes the summary judgment request and claims that the stay should be reinstated. He argues that because the decertification litigation is still pending, it is still possible for the United States to reacquire the lands at issue.

## DISCUSSION

As there is no factual dispute in this case, the only issues presented to this court for decision are questions of law. In its 1998 opinion, the Alaska Supreme Court framed the central legal issue in this case as follows:

> The essential question on appeal is whether the superior court must, in fact, determine the merits of the decertification action in order to quiet title to Termination Point. If it would have to do so, then, although the state court will, at some point, be able to quiet title to the lands in question, it must wait until the necessary issue has been finally resolved, either by settlement or in federal court—the only court with jurisdiction to finally determine the merits of the decertification action.[5]

In reversing this court's 1997 order granting summary judgment in favor of Leisnoi, the Alaska Supreme Court focused on this court's determination that Stratman would not be able to obtain an equitable remedy returning the land to the United States, even if his decertification action is successful, since a federal case law holds that Congress intended the remedies afforded under ANCSA to supplant common law remedies.[6] The Alaska Supreme

---

[5] *Stratman v. Leisnoi, Inc.*, 969 P.2d at 1141.
[6] Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion to Dismiss at 21, *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-96-00502 CI (February 25, 1997).

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 3 of 14

Court reasoned that a federal court *could* do equity if Leisnoi is decertified, because then ANCSA provisions would then not apply.[7] The Court concluded that, "if Stratman is successful in his decertification litigation, the federal district court would have the power to grant a remedy affecting Leisnoi's title to Termination Point."[8] The Court then found that the decertification litigation was still pending for purposes of the lis pendens, and ordered that the case be stayed.

To lift the stay under the present circumstances, then, this court must determine whether the Alaska Supreme Court viewed the stay as necessary while the decertification litigation is pending, or whether the Court intended the case to be stayed only until the *issue* of whether the decertification action could affect title is resolved.

Leisnoi points to four intervening events to argue that it is no longer possible for title in the lands at issue to be restored to the United States, regardless of the outcome of the decertification litigation: 1) The Ninth Circuit Court of Appeals held that the Alaska Supreme Court's decision that it is possible for the U.S. to reacquire title to the lands if the decertification action is decided against Leisnoi was incorrect; 2) The United States formally disclaimed any interest in such lands by filing a Disclaimer with the United States District

---

[7] *Stratman v. Leisnoi, Inc.*, 969 P.2d at 1142. The Court wrote, "[p]ut simply—if Leisnoi is decertified, it can no longer argue that ANCSA preempts all common-law remedies that could be imposed, because ANCSA would no longer apply at all. It would be ironic if Leisnoi (assuming that Stratman is ultimately victorious in the decertification action) could perpetuate a fraud on the public, obtaining title to land under the guise of a legitimate ANCSA corporation, and then avoid making restitution on the grounds that ANCSA provides no explicit remedy for such an occurrence." *Id.*
[8] *Id.*
[10] Memorandum in Support of Motion for Summary Judgment Quieting Title to Leisnoi's Lands at 2-8, *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-96-00502 CI (Jul. 5, 2006).

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 4 of 14

Court for the District of Alaska on January 9, 2002; 3) The United States District Court confirmed this disclaimer and quieted title in favor of Leisnoi; and 4) The United States Interior Board of Land Appeals determined that even if Leisnoi is decertified, the patent cannot be vacated or annulled because the statute of limitations has already passed under 43 U.S.C. § 1166.[10] Leisnoi maintains that these events undermine the basis for the stay, since federal authorities have determined that the decertification action will not affect title to Leisnoi's land even if Leisnoi is decertified.

In his cross-motion to reimpose the stay and opposition to Leisnoi's summary judgment motion, Mr. Stratman argues that this court cannot grant the relief requested by Leisnoi without deciding whether his decertification case has merit. Therefore, Mr. Stratman argues, this court is still prevented from hearing the case under the Alaska Supreme Court's December 18, 1998 opinion. He maintains that the only issue this court is authorized to consider is whether the decertification litigation is, in fact, still pending. He continues to assert that his decertification action could strip Leisnoi of title, and relies on the Alaska Supreme Court's 1998 opinion as authority for this proposition.[11] Stratman argues:

> Contrary to Leisnoi's assertions, the Alaska Supreme Court did not defer the determination of whether Stratman's decertification action could affect Leisnoi's title 'to the federal courts.' The Supreme Court itself determined that the judgment rendered in Stratman's decertification action could affect Leisnoi's title.[12]

---

[11] Cross-Motion to Re-Impose Stay and Opposition to Leisnoi's Motion for Summary Judgment Quieting Title to Leisnoi's Lands at 6, *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-96-00502 CI (July 26, 2006).
[12] *Id.* at 7 (emphasis in the original).

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 5 of 14

This appears to overstate the Court's opinion. The Court held that the decertification action could affect Leisnoi's title *if* a federal court deems it appropriate. In that case, the Court believed that an equitable remedy would be available. It did not pass on the likelihood of an outcome favorable to Stratman, or even the types of remedies a federal court would be likely to afford. To the contrary, central to the Alaska Supreme Court's opinion was the principle that only the federal courts could decide these issues. If the federal courts decide that it is not possible or appropriate to return the land to the United States, there does not appear to be anything in the Alaska Supreme Court's opinion that would continue to support the argument that the decertification action could affect Leisnoi's title. This is true even though the decertification litigation is still pending.

Although the Alaska Supreme Court did direct this court to stay the case pending the outcome of the decertification litigation,[13] this holding appears to be based on an assumption that the issue of whether the land will be returned to the U.S. would be resolved upon the outcome of the decertification litigation. Elements of the opinion suggest that the Court wanted the case to be stayed pending a resolution of the *issue* rather than the lawsuit. First, the Court held that "although the state court will, at some point, be able to quiet title to the lands in question, *it must wait until the necessary issue has been finally resolved,* either by

---

[13] "We REMAND the case with instructions to enter a stay pending the final resolution of the decertification litigation." *Stratman v. Leisnoi, Inc.*, 969 P.2d 1139, 1143 (Alaska 1998).
[19] *Stratman v. Leisnoi, Inc.*, 969 P.2d 1139, 1141 (Alaska 1998) (emphasis added).

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 6 of 14

settlement or in federal court."[19] The italicized phrase follows a discussion of the issue of whether the "decertification suit . . . could cast a cloud over Leisnoi's title."[20] In addition, the Court held:

> [b]ecause the superior court has jurisdiction over the quiet title action, but may not determine the merits of Stratman's decertification action, *and because Stratman's decertification action may yet affect Leisnoi's title to Termination Point*, the appropriate resolution [is] to stay the quiet-title action."[21]

It thus follows that if it has been determined that the decertification action will not affect Leisnoi's title, the appropriate action would be to permanently lift the stay on the present case and rule on the merits of the quiet title dispute. It would seem to "elevate form over substance" to read into the Court's opinion a requirement that the case be stayed long after the issue requiring the stay has been resolved. The question now becomes whether the issue has in fact been resolved, as Leisnoi claims.

The most compelling evidence that it has been resolved is the opinion of the Ninth Circuit Court of Appeals in *Leisnoi, Inc. v. United States*.[22] In that suit, Leisnoi sought to quiet title in Termination Point, against the United States.[23] The United States District Court for the District of Alaska determined that it did not have jurisdiction over the matter, and Leisnoi appealed. The Ninth Circuit recited the procedural history of the case in its opinion, noting the Alaska Supreme Court's ruling that a stay must be issued pending the outcome of the decertification action. It stated its disagreement with this ruling in a footnote, observing that since the Alaska Supreme Court's 1998 opinion, the United States has taken the position

---

[20] *Id.*
[21] *Id.* at 1143.
[22] 267 F.3d 1019 (9th Cir. 2001) ("Leisnoi II").
[23] *See Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1190 (9th Cir. 1999) ("Leisnoi I").

AK CT SYS SIXTH FLOOR Fax:1-907-264-0518    Jun 18 2007 8:57    P.06

that it could not challenge the land patents because the statute of limitations has passed. The Ninth Circuit found that "[c]onsequently, the land could not revert to the United States regardless of the outcome of the decertification proceeding."[24] The Ninth Circuit then held that the Alaska Supreme Court still operated to place a cloud over Leisnoi's title. It found that the district court had jurisdiction and remanded.

On remand, the United States filed a formal disclaimer of interest in lands transferred to Leisnoi pursuant to its ANCSA status.[25] The district court "confirmed" the United States' formal disclaimer of interest in the land.[26] At the same time it confirmed the disclaimer, it quieted title in the land in favor of Leisnoi and against the United States. The district court cited the Ninth Circuit Court of Appeals' observation that the land could not revert to the United States regardless of whether Leisnoi was eventually decertified.[27] The Ninth Circuit had previously passed on the effect of such a confirmation of a disclaimer:

> [T]he United States [has] contended, . . . with great force, that its conveyance of land to Leisnoi has become incontestable and could not be revoked even if Leisnoi lost the decertification action. It contends that Stratman lacks standing to challenge the patents, and that the United States would be barred by a six-year limitation from suing to recover the land. The fact that the decision of the Alaska Supreme Court may have been erroneous, however, does not prevent it from clouding Leisnoi's title. Nor would that cloud necessarily disappear even if we stated our agreement with the government's view. On the other hand, a district court's confirmation of a disclaimer by the

---

[24] *Leisnoi II*, 267 F.3d at 1022 n.2.
[25] *See Leisnoi I*, 170 F.3d 1188, 1191 (9th Cir. 1999); Disclaimer, *Leisnoi, Inc. v. United States of America* Case No. A99-608-CIV (HRH) (D. Alaska Jan. 9, 2002), in Exh. 9 to Memorandum in Support of Motion for Summary Judgment Quieting Title to Leisnoi's Lands.
[26] *See* Order Quieting Title Through Confirmation of the United States' Disclaimer of Interest, *Leisnoi, Inc. v. United States of America*, Case No. A99-608-CIV (HRH) (D. Alaska Jan. 15, 2002), in Exh. 10 to Memorandum in Support of Motion for Summary Judgment Quieting Title to Leisnoi's Lands.
[27] *Id.* at ¶ 2.

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 8 of 14

United States, now and forever, of all right and title to Termination Point would, in all likelihood, serve as a document of title clearing the cloud on Leisnoi's title.[28]

Following the confirmation, the district court dismissed Leisnoi's quiet title action for lack of jurisdiction. It then dismissed as moot Stratman's motion to intervene in the quiet title action. Mr. Stratman appealed the district court's dismissal of his motion to intervene, arguing that it was not moot because he could appeal the judgment of dismissal if it were granted. On appeal, the Ninth Circuit rejected this argument, finding that because Mr. Stratman did not have an interest in the land that would allow him to challenge the land patent, he also did not have an interest in the case sufficient to appeal the dismissal. It held,

> Stratman did not seek to intervene in order to assert a title claim of his own; he claimed only that the United State was entitled to Leisnoi's land. 'It is not sufficient for one challenging a patent to show that the patentee should not have received the patent; he must also show that he (the challenger) is entitled to it.' The cloud that lay over Leisnoi's title as a result of Stratman's *lis pendens* was the possibility that Leisnoi's land might revert to the United States. The decision whether to negate that possibility by filing a disclaimer in this Quiet Title action was entirely the prerogative of the United States.[29]

In short, the Ninth Circuit found that although Mr. Stratman's decertification action was sufficient to cloud Leisnoi's title, Mr. Stratman himself did not have standing to challenge the land patent following the United States' disclaimer. The Ninth Circuit then affirmed

---

[28] *Leisnoi I*, 170 F.3d 1188, 1193 n.9 (9th Cir. 1999) (internal citations omitted).
[29] *Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1184-1185 (9th Cir. 2002) ("Leisnoi III") (citing *Kale v. United States*, 489 F.2d 449 (9th Cir. 1973). Mr. Stratman's appeal brief contained the same arguments he presents to this court—namely, that "the district court erred in finding that Stratman could not obtain a judgment restoring the United States' title to Leisnoi's lands as a remedy in his decertification action." *See* Exh. 3 to Omar Stratman's Cross-Motion to Reimpose Stay and Opposition to Leisnoi's Motion for Summary Judgment Quieting Title to Leisnoi's Lands" at 48, *Leisnoi, Inc. v. Stratman*, Case No. 3AN-96-00502 CI (Jul. 26, 2006).

the district court's dismissal of Mr. Stratman's motion to intervene. Mr. Stratman did not appeal this ruling to the United States Supreme Court.

Finally, in an opinion on Mr. Stratman's decertification action, the Interior Board of Land Appeals noted that the six-year limit on suits to challenge U.S. land patents bars the United States from recovering the land from Leisnoi.[30] It wrote, "even assuming that Stratman had a meritorious claim, we could not recommend to the Secretary that she support litigation by the United States to recover title from Leisnoi because the statute protects Leisnoi's title from such action."[31]

These developments show that federal courts and authorities have determined that the land may not revert to the United States regardless of the outcome of the decertification litigation. Title to the lands has been quieted in Leisnoi and against the United States, the United States has formally disclaimed any interest, and the Ninth Circuit Court of Appeals and the Interior Board of Land Appeals have both indicated that it is not possible for the U.S. to reacquire the land.

Mr. Stratman has argued that the United States could regain the land as a result of his APA claim:

> [T]he United States can get this land back from Leisnoi. The fact that title is quieted in Leisnoi doesn't keep that from happening. The disclaimer of interest filed by the U.S. says this: "We gave good title. We the U.S. are not going to contest your ownership." Alright? Now under the APA, we can go in

---

[30] *Omar Stratman v. Leisnoi, Inc.*, 157 IBLA 302, 311-12 (2002), in Exh. 12 to Memorandum in Support of Motion for Summary Judgment Quieting Title to Leisnoi's Lands.
[31] *Id.* at 312 (2002). The Alaska Supreme Court also considered the effect of the statute of limitations, but concluded that because Mr. Stratman's case had been filed "well before the six-year limitations period expired," it would not bar a suit to annul the land patent. *Stratman v. Leisnoi, Inc.*, 969 P.2d at 1143 n. 2.

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 10 of 14

and we can get a judgment against these guys for the value of all the assets they've obtained under ANCSA and then do what? Execute on the stuff they own. Execute on the land in which title has been quieted. And it doesn't make any difference that the United States doesn't like it. For crying out loud, that's who we're suing.[32]

Leisnoi responded that the Alaska Supreme Court case of *Blake v. Gilbert* forecloses the use of a lis pendens where a party's lien on property results from an expected judgment. Lis pendens are authorized under AS 09.45.940. Interpreting this provision, the Alaska Supreme Court held that "[t]he filing of a lis pendens is authorized only in actions 'affecting the title to or the right of possession of real property.'"[33] The Court observed with approval a New York court's holding that there must be strict compliance with statutory lis pendens requirements because it is "a provisional remedy and is viewed as an extraordinary privilege."[34] The Court then held that courts should look to the complaint to discover whether the primary purpose of the action is to affect the title to, or possession of, the property.[35] It held unequivocally that "[a] lien which results merely from an ultimate entry of a judgment provides no basis for the filing of a lis pendens notice."[36] However, the Court indicated that a party seeking an equitable lien could properly file a lis pendens.[37] Black's Law Dictionary defines an "equitable lien" as "a right, not existing at law, to have specific

---

[32] *Leisnoi, Inc. v. Stratman*, Case No. 3AN-96-00502 CI, Oral Argument (Dec. 1, 2006) at 10:31:56 a.m. to 10:32:43 a.m.
[33] *Blake v. Gilbert*, 702 P.2d 631, 642 (Alaska 1985) (quoting AS 09.45.940), *rev'd on other grounds*.
[34] *Id.* at 642-43.
[35] *Id.* at 643.
[36] *Id.*
[37] *Id.*

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 11 of 14

property applied in whole or in part to payment of a particular debt or class of debts."[38] No such debt exists in this case.

Initially, Mr. Stratman did endeavor to directly affect title to Leisnoi's land.[39] However, he concedes that this is no longer a possibility, and instead argues now that he can affect title to Leisnoi's land through his APA action. Thus, while initially Mr. Stratman's primary purpose in this litigation was to affect Leisnoi's title directly, it is now to cause the land to revert back to the United States by executing on a future judgment against Leisnoi. The primary purpose of the action is therefore not to affect the title to, or possession of, the property. Instead, the purpose of the action is to cause Leisnoi, Inc. to become decertified. Since the lien in this case results merely from the potential for an ultimate entry of a judgment, Mr. Stratman's APA action provides no basis for the filing of a lis pendens notice.

Mr. Stratman has not clearly articulated a legal theory by which the U.S. could reacquire land in light of a confirmed disclaimer of interest, or rebutted Leisnoi's argument that the intervening legal developments have foreclosed a transfer of title back to the U.S. following Leisnoi's decertification. He has failed to satisfactorily address Leisnoi's argument that the decertification action and the quiet title action have been divorced by a series of judicial events in the intervening eight years since the Alaska Supreme Court's opinion. Mr. Stratman's primary authority is the Alaska Supreme Court opinion which the Ninth Circuit did not find persuasive. Essentially, his argument is that the Alaska Supreme Court once

---

[38] BLACK'S LAW DICTIONARY 483 (5th ed. 1979).
[39] See Lis Pendens, *Stratman v. Leisnoi, Inc. and Koniag, Inc.*, Case No. 3AN-85-16520 (Dec. 10, 1985), in Exh. 4 to Defendant's Motions for Limited Relief From Stay and to Consolidate at 20-21.

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 12 of 14

said that it was possible to strip Leisnoi of title and therefore it is. This argument depends on an overly literal, and static, interpretation of the Court's opinion. The point of the opinion was not that there was a remedy, but that no entity other than the federal courts could determine whether a remedy existed.

Numerous events have occurred since the Alaska Supreme Court last considered this case. These events have shed light on the federal court's view of the issues herein, making it possible for this court to expunge the lis pendens without addressing the merits of Mr. Stratman's decertification litigation. His contention that this court cannot avoid considering the merits of that action ignores the reality that the Ninth Circuit has said that it doesn't matter what happens with the decertification action—the U.S. will not reacquire the land in any event.

Considering the strength and certainty of the observations of the Ninth Circuit and IBLA, which Mr. Stratman did not appeal, coupled with the United States' disclaimer of interest and the fact that the district court quieted title to the land in favor of Leisnoi and against the United States, it is highly unlikely, if not impossible, that a federal court would cause Leisnoi's land to revert back to the United States, or any other person or entity, following a successful outcome in Mr. Stratman's decertification action.

The Alaska Supreme Court required that a stay be imposed only until the issue of whether the decertification litigation could affect Leisnoi's title is resolved. The lis pendens in this case has been in place for over a decade as the decertification litigation proceeded through the federal courts. Since this issue has been resolved by the unappealed findings of federal courts and authorities, the stay is appropriately lifted.

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 13 of 14

## CONCLUSION

This court finds that the lis pendens must be expunged. The federal courts and authorities, including the Ninth Circuit Court of Appeals, have determined that the land in question may not revert to Leisnoi no matter the outcome of the decertification litigation. As Mr. Stratman's decertification litigation was the only cloud over Leisnoi's title, Leisnoi's Motion for Summary Judgment is GRANTED and the cross-motion to reimpose the stay is DENIED.

No later than July 3, 2007 Plaintiff shall file a description of the specific parcels on which Mr. Stratman has filed a lis pendens, along with an explanation of which of those parcels the United States disclaimed an interest in and any confirmation or appeal of those disclaimers. Accompanying this description and explanation shall be a proposed order quieting title and removing the lis pendens.

DONE this 17TH day of June, 2007, at Anchorage, Alaska.

Stephanie E. Joannides
Superior Court Judge

I certify that on 6-18-07 a copy of the above was mailed/faxed/handed to each of the following at their address of record

Schneider
Clark

Judicial Assistant

ORDER GRANTING SUMMARY JUDGMENT
Case No. 3AN-96-00502 CI, c/w Case No. 3AN-05-13155 CI
Page 14 of 14