John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>    Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and<br>DIRK KEMPTHORNE, SECRETARY OF<br>THE INTERIOR,<br><br>    Defendants. | Case No. A02-0290 CV (JKS)<br><br>MEMORANDUM IN SUPPORT OF<br>LEISNOI, INC.'S MOTION FOR<br>AWARD OF ATTORNEYS FEES |

I.  **INTRODUCTION**

Your Honor observed in ruling in favor of Leisnoi, Inc. and against disgruntled cattle rancher Omar Stratman that Stratman's "litigation has been festering now for over thirty years." Whereas other parties that objected to eligibility of various native villages simply filed objections and briefs in support of their positions, Stratman used his case as a multi-decade crusade to harm the Native Woody Islanders, and a vehicle to file bizarre and unwarranted motions with the transparent goal of trying to drive the corporation into submission to cave in to his demands for a King's Ransom as the price for him to drop his decertification claims. His pursuit of vicious and unfounded preliminary injunctions to strangle the corporation, to enjoin its

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 1

1213594v1

timber harvesting, to freeze its bank accounts containing proceeds from the sale of timber, for example, and his malicious use of *lis pendens* bearing the case captions of his decertification cases, were particularly egregious examples of this litigant's bad faith efforts to line his own pockets under the guise of acting as some sort of a public interest litigant. Having overcome Stratman's inveterate claims and contentions that he pursued vexatiously and in bad faith, the small Native Village corporation, Leisnoi, Inc., is entitled to an award of attorneys fees.

## II. BAD FAITH ON THE PART OF THE LOSING PARTY ENTITLES LEISNOI, INC. TO AN AWARD OF ATTORNEYS FEES

Although Alaska Civil Rule 82 Attorneys Fee awards are not available in federal court in the absence of diversity jurisdiction, and an Equal Access to Justice Act award is not available to Leisnoi because the federal government has consistently supported Leisnoi's position that Woody Island was properly certified, attorneys fees are nonetheless recoverable by Leisnoi as against Omar Stratman under the bad faith on the part of the losing party exception to the American Rule, which the United States Supreme Court recognized in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975):

> "[A] court may assess attorneys' fees ... when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons....'"

*Alyeska Pipeline Service Co.*, 421 U.S. at 259, citing *F.D. Rich Co., Inc. v. U.S.*, 417 U.S. 116, 129 (1974).

Stratman's tactics in this multi-decade debacle strayed far beyond simple objections to the certification of the Native Village of Woody Island, and frequently degenerated into vexatious conduct. Justice requires that attorneys fees be awarded to the Native corporation for the Native Village of Woody Island, to mitigate some of the harm that Omar Stratman caused.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 2

1213594v1

### III. STRATMAN'S STATED ENDEAVOR, TO TAKE ALL THE VILLAGE'S LAND AND MONEY, AND TO WIPE THE VILLAGE OFF THE MAP, WAS VEXATIOUS AND OPPRESSIVE

Perhaps the best example of Stratman's malicious and oppressive behavior in this litigation was his outrageous Motion for Preliminary Injunction wherein he tried to strangle the corporation by enjoining all of its timber harvesting, the primary source of revenue for the small Native corporation. He also tried to freeze the bank accounts of the company that held any proceeds of timber sales. Mr. Stratman's vicious, malevolent purpose was vividly on display during the April 14, 1995 oral arguments before Judge Von der Heydt, when his lawyer gloated on the record that "We just want to get all their land and all their money. And, yes, it's true, we want to shut them down, we want to take them off the map." Tr at p. 44.

Stratman's analogizing the proud Native peoples of Woody Island to bank robbers, and the land they received in exchange for giving up aboriginal rights as "loot" and "dough", and his making disparaging remarks about the Native villagers who had large families offends the dignity of the Native Woody Islanders:

> "[T]hey are cutting down the only assets they have. It's like – it's like letting a bank robber spend all the loot while he's out on bail pending trial."

Tr. at p. 6

> "[T]he Court ought to lock up the dough…"

Tr at 57.

> "[W]e have some affidavits about large families. I mean, it's almost as if Leisnoi is asserting that this is a pre-Newt Gingrich, anti-family planning act that under ANCSA if you have mom and dad and twenty-three Native children, you get the – you can be called a village."

Tr. at p. 11

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 3

1213594v1

At the hearing, Stratman tried to avoid the Rule 65 bonding requirement by falsely claiming to be a public interest litigant:

> "[H]e doesn't have individual claims. He is standing here as a member of the public asserting public claims, public interest, and in those settings, there should not be a bond requirement.... Based on Mr. Stratman's unfortunate unwilling status as a public interest litigant, there should be only a nominal bond."

Tr. at p. 16.

Judge Von der Heydt rejected Stratman's claim on April 18, 1995, finding Stratman had little likelihood of success. But instead of letting the matter rest, Stratman continued his vexatious behavior, filing a motion for an injunction pending appeal, and then pursuing a frivolous interlocutory appeal even after this Court entered a Final Judgment referring the case to the Interior Board of Land Appeals.

In responding to Stratman's interlocutory appeal, the Department of Justice was not fooled by Stratman's phony claim to be acting in the public interest:

> "Stratman is a private plaintiff, and his transparent purpose in seeking this injunction is to obtain a private benefit by forcing Leisnoi to settle with Stratman on Stratman's terms.... Leisnoi's lands are not public lands, and Stratman is not the government."

Federal defendant's July 27, 1995 brief in *Stratman v. Babbitt*, Ninth Circuit Case No. 95-35376, on Stratman's appeal from the denial of his motion for preliminary injunction.

The Ninth Circuit Court of Appeals was equally unimpressed with Stratman's arguments. In a rarely used procedure, the three-judge panel actually ruled from the Bench, against Omar Stratman, and threw out his appeal.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 4

1213594v1

## IV. STRATMAN HAS USED THIS SUIT TO TRY TO LINE HIS POCKETS

The falsity of Stratman's claims to have been acting in the public interest in the decertification case are evidenced by the appeal Stratman took to the Alaska Supreme Court, trying to force Leisnoi to convey thousands of acres of land to him in a purported "settlement" of his federal decertification claims. The Alaska Supreme Court ruled against Stratman and in favor of Leisnoi on June 26, 1992. *Leisnoi, Inc. v. Stratman*, 835 P.2d 1202 (Alaska 1992).

Moreover, Stratman's own former spouse testified that Stratman's primary motivation in pursuing the decertification case was to obtain land for himself, not for the government. She testified how Stratman pursued his case against Leisnoi "for his benefit, for financial benefit", telling some developers that Leisnoi's lands would someday be his, and that he would develop a ski lodge on this same lands that Stratman so vigorously claims in this suit are public property that must to be returned to the United States. August 13, 1998 Testimony of Meldonna Virginia Cody (Stratman) in the IBLA proceedings, Tr. at pp. 3259-3263.

The vexatiousness of Stratman's behavior in claiming in that Leisnoi's lands are somehow held in trust for the federal government and must be returned to the federal government is further revealed by the contrary, self-serving position Stratman was taking in state court at the same time the hearing was underway in this Court on his motion for preliminary injunction. Specifically at Count IV of Stratman's May 2, 2004 Counterclaim in an FED case involving Stratman's breach of his grazing lease, defendant Stratman counterclaimed "The Defendant has title in the land by adverse possession." His adverse possession claim was not only grossly inconsistent with his position in federal court, but was frivolous as well. As Leisnoi demonstrated in its June 5, 1995 motion for summary judgment dismissing adverse possession

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 5

1213594v1

counterclaim, 43 U.S.C. section 1636(d)(1)(A)(i) provides that lands conveyed to native corporations cannot be adversely possessed. Judge Shortell granted Final Judgment in favor of Leisnoi on September 12, 1995: "IT IS ORDERED, ADJUDGED AND DECREED, that Omar Stratman's claims to have acquired title to land owned by Leisnoi, Inc. through the doctrine of adverse possession are hereby DISMISSED WITH PREJUDICE."

In the Spring of 1995, then, Leisnoi had to fight Stratman's claim in federal court that Leisnoi cannot harvest timber because the lands allegedly belong to the United States, while simultaneously fighting Stratman's claims in state court that Leisnoi's lands belong to Mr. Stratman.[1] Stratman misused a village eligibility challenge as a vehicle to try to enrich himself. His conduct was vexatious, in bad faith, and oppressive, and warrants attorneys fees under the exception to the American Rule that the United States Supreme Court adopted in *Alyeska Pipeline*.

## V.  STRATMAN MALICIOUSLY USED *LIS PENDENS* TO TRY TO FORCE THE CORPORATION TO CAVE-IN TO HIS SETTLEMENT DEMANDS

Omar Stratman's bad faith is further evidenced by his abusive use of *lis pendens* to harm the Native Village corporation and to try to bring it to its knees to yield to his demands for land and money. He falsely claimed that his decertification claims would somehow result in Leisnoi losing title to its land.

---

[1] Leisnoi successfully fought off Stratman's first claim of having acquired title to the land, in the 1992 Alaska Supreme Court ruling. Leisnoi is saddled with a $721,000 attorney fee judgment as a result of that battle. Then, just three years later, Stratman was again claiming to have acquired title, this time allegedly through adverse possession. And at the same time, Stratman was alleging in federal court that the land must be returned to the federal government. Stratman's litigation tactics against Leisnoi have been vexatious in every sense of the word, and have caused Leisnoi to incur well more than a million dollars in attorneys fees. This Court should now require Stratman to reimburse Leisnoi for at least one million dollars of those fees.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 6

121354v1

As a matter of law, the *lis pendens* were improper. Superior Court Judge Stephanie Joannides expunged the *lis pendens* in her Order Granting Leisnoi, Inc.'s Motion for Summary Judgment Expunging *Lis Pendens*. She found, properly, that Stratman lacks standing to challenge the land patents because he had no valid claim of right of his own to Leisnoi's land, and the statute of limitations long since lapsed in which the federal government could challenge the patents.

Stratman purported to act on behalf of the United States in polluting Leisnoi's title, claiming this decertification case would result in Leisnoi having to return its land to the United States. This caused Leisnoi to have to file a quiet title suit in federal court, and ultimately, in order to overcome Stratman's claims, take a record three trips to the 9th Circuit Court of Appeals, which considered and rejected Stratman's claims that his decertification suit would somehow affect Leisnoi's title.[2]

After losing before Judge Holland,[3] and losing his appeal to the Ninth Circuit Court of Appeals, Stratman continued to force Leisnoi to incur still more thousands of dollars in attorneys fees by failing to remove the offensive *lis pendens*. His vexatiousness is evidenced by paragraph 34 of his February 16, 2007 Third Amended Complaint, wherein Stratman claimed to

---

[2] *Leisnoi, Inc. v. United States* (QT-1), 170 F.3d 1188 (9th Cir.1999); *Leisnoi, Inc. v. United States* (QT-2), 267 F.3d 1019 (9th Cir.2001) ("[T]he land could not revert to the United States regardless of the outcome of the decertification proceeding."); *Leisnoi, Inc. v. United States* (QT-3), 313 F.3d 1181 (9th Cir. 2002) ("The United States has consistently held the position that it cannot reacquire the land, whatever the outcome of the decertification process, because the time for such a suit has long since run.... Stratman does not assert an interest that would allow him to contest the dismissal. Stratman did not seek to intervene in order to assert a title claim of his own; he claimed only that the United States was entitled to Leisnoi's land. 'It is not sufficient for one challenging a patent to show that the patentee should not have received the patent; he must also show that he (the challenger) is entitled to it.'")

[3] Judge Holland ruled against Stratman and in favor of Leisnoi, Inc., quieting title in favor of Leisnoi on January 15, 2002. Stratman appealed and lost. The vexatious nature of his misconduct is revealed by his continuing to contend that this decertification case could still somehow affect Leisnoi's title, even though this federal district court and the Ninth Circuit Court of Appeals had rejected those arguments and quieted title in favor of Leisnoi.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 7

1213594-1

be entitled to a judgment stripping Leisnoi of title to its land and returning the land to the United States. By this time, though, the 43 U.S.C. 1166 statute of limitations had lapsed; the United States had already formally disclaimed any interest to Leisnoi's land; the disclaimer was confirmed; and the Ninth Circuit had rejected Stratman's claims that his decertification case could affect Leisnoi's title. For Stratman to continue to allege he was entitled to relief that Judge Holland, the federal government, and the Ninth Circuit Court of Appeals had all declared was not available, and to use the pendency of those claims to pollute Leisnoi's title with unwarranted *lis pendens*, was vexatious and oppressive, entitling Leisnoi to an award of attorneys fees.

Stratman's bad faith is manifested by his claim to be able to act contrary to the Department of Justice's determination that Leisnoi's land patents cannot be disturbed. As the Ninth Circuit Court of Appeals observed in QT-3, citing *U.S. v. Throckmorton,* 98 U.S. 61 (1878), in rejecting Stratman's claim that the disclaimer of interest should not be confirmed, "The decision whether to negate that possibility by filing a disclaimer in this Quiet Title action was entirely the prerogative of the United States."

Stratman's claim to act on behalf of the United States never merited credence, and needlessly increased the costs, attorneys fees, and length of this case. Indeed, as the United States wrote in the appeal Stratman took from the denial of his motion for preliminary injunction in 1995, "[C]ontrary to the representations in his motion, Omar Stratman does not represent the United States, and the relief he seeks cannot and will not benefit the government or the 'public interest.'"

Mr. Stratman's continuing claim to act on behalf of the United States, even after the United States disavowed his actions and disclaimed any interest in Leisnoi's land, reveals the

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 8

1213594v1

vexatious and bad faith conduct of this litigant, and justifies an award of attorneys fees to the small Native Village corporation.

Although Leisnoi ultimately succeeded in obtaining a dismissal of Stratman's decertification claims, this case stands as a travesty of justice. Leisnoi suffered for years with *lis pendens* bearing the decertification case captions, which falsely claimed Stratman's suit would affect title to Leisnoi's land, even though (i) Stratman never had standing to challenge the patents; (ii) the statute of limitations in which to challenge the patents long since lapsed; (iii) the government disclaimed any interest in Leisnoi's land more than five years ago; (iv) the disclaimer was confirmed by the federal district court; and (v) the Ninth Circuit Court of Appeals rejected Stratman's appeal and affirmed in favor of Leisnoi. Stratman has used his *lis pendens* bearing the decertification case caption maliciously, as a tool to try to line his own pockets. He has acted vexatiously and in bad faith. His actions interfered with Leisnoi's ability to sell Termination Point to the Exxon Valdez Oil Spill Trustees, and to sell or develop its other properties.

## VI.   CONCLUSION

Omar Stratman has engaged in abusive, vexatious, bad faith tactics over the thirty years he has been trying to bully Leisnoi into giving him land and money as the price for dropping his meritless decertification claims. The village corporation for the Native Village of Woody Island has suffered cruelly under the excessive motion practice, efforts to enjoin and harm the company, and the *lis pendens* that this disgruntled cattle rancher has used to choke off the village's ability to transact business, to stifle its ability to develop its land, to restrict its ability to borrow money by using its land as collateral, and to impede its ability to function in a manner designed to

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 9

1213594-1

improve the welfare of its Native shareholders in the manner Congress envisioned when it passed the Alaska Native Claims Settlement Act. For Leisnoi, saddled for years with *lis pendens* and huge attorney fee bills, the promises and dreams of ANCSA have been broken and remain for them unfulfilled. By awarding attorneys fees pursuant to *Alyeska Pipeline*, this Court can mitigate some of the harm that Omar Stratman wrongfully visited upon the Native Village of Woody Island.

WHEREFORE, the Court should AWARD LEISNOI, INC. ATTORNEYS FEES.

*Stratman v. Leisnoi Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 10

1213594.

DATED this 10th day of October, 2007.

                                      RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

## EXHIBIT LIST TO LEISNOI, INC.'S MOTION FOR AWARD OF ATTORNEYS FEES

1. March 9, 1993 *lis pendens,* and others bearing other dates of recordation.

2. May 2, 1994 Counterclaim of Omar Stratman in the forcible entry & detainer action, *Leisnoi, Inc. v. Stratman,* Case No. 3KO-93-356 Civil, wherein, at Count IV, Stratman claimed that he "has title in the land by adverse possession."

3. January 25, 1995 Judgment for Attorneys Fees in the amount of $721,000 assessed against Leisnoi, Inc. in favor of Merdes & Merdes, P.C., the firm that defended against Stratman's claims of personal right to Leisnoi's land.

4. March 24, 1995 motion for preliminary injunction to enjoin Leisnoi from harvesting timber, and to freeze its bank accounts that hold the proceeds of timber harvesting.

5. April 14, 1995 transcript of Oral Arguments on Plaintiff Stratman's Motion for Preliminary Injunction in *Stratman v. Babbitt and Leisnoi, Inc.,* U.S. District Court Civil Action No. A76-132.

6. April 18, 1995 Order Denying Stratman's Motion for Preliminary Injunction.

7. April 21, 1995 Motion for Injunction Pending Appeal.

8. June 5, 1995 Motion for Summary Judgment Dismissing Adverse Possession Counterclaim, filed by Leisnoi, Inc. in the state court forcible entry & detainer action, *Leisnoi, Inc. v. Stratman,* Case No. 3KO-93-356.

9. July 27, 1995 brief by the United States in *Stratman v. Babbitt,* Ninth Circuit Case No. 95-35376, wherein the federal defendant observed that "contrary to the representations in his motion, Omar Stratman does not represent the United States, and the relief he seeks cannot and will not benefit the government or the 'public interest.' Stratman is a private plaintiff, and his transparent purpose in seeking this injunction is to obtain a private benefit by forcing Leisnoi to settle with Stratman on Stratman's terms."

10. September 12, 1995 Final Judgment dismissing with prejudice Stratman's claims to have acquired title to land owned by Leisnoi, Inc. through the doctrine of adverse possession.

11. April 8, 1996 transcript of oral arguments before the Ninth Circuit Court of Appeals on Stratman's appeal from the denial of his motion for preliminary injunction.

12. April 19, 1996 ruling by the Ninth Circuit dismissing Stratman's appeal from the denial of his motion for preliminary injunction.

13. August 13, 1998 transcript of testimony given by Omar Stratman's former wife, Meldonna Cody, in *Stratman v. Leisnoi, Inc.*, IBLA No. 96-152, wherein she states that Mr. Stratman is pursuing the decertification case "for his benefit, for financial benefit" and that he wants Leisnoi's land for himself so he can build and operate a ski slope on the property.

14. January 9, 2002 Disclaimer of Interest, wherein the United States disclaimed any interest in Leisnoi's land except for easements reserved on the face of the patents

15. January 15, 2002 Confirmation of Disclaimer of Interest by U.S. District Judge H. Russel Holland in *Leisnoi, Inc. v. United States*, Civil Action No. A99-608.

16. December 19, 2002 Final Judgment in favor of Leisnoi, Inc. and against Omar Stratman in *Leisnoi, Inc. v. United States*, Ninth Circuit No. 02-35190.

17. June 17, 2007 summary judgment by Superior Court Judge Stephanie Joannides in favor of Leisnoi, Inc. and against Omar Stratman, quieting title to Leisnoi's land and expunging Stratman's *lis pendens*.

18. October 1, 2007 Final Judgment in favor of Leisnoi, Inc. quieting title to its land

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Dean Dunsmore, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Memorandum in Support of Motion for Award of Attorneys' Fees
Page 13

1213594-1