Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>LEISNOI, INC., KONIAG, INC., and )<br>DIRK KEMPTHORNE, Secretary of the )<br>Interior, )<br>)<br>        Defendants, )<br>)<br>_____)<br>)<br>KONIAG, INC., )<br>)<br>        Counter-claimant, )<br>)<br>v. )<br>)<br>OMAR STRATMAN, )<br>)<br>        Counter-claimed )<br>        Defendant. )<br>_____) | Case No.:  3:02-cv-0290 (JKS) |

**OMAR STRATMAN'S OPPOSITION TO LEISNOI'S MOTION FOR LEAVE TO FILE ITS CONTEMPORANEOUS ATTORNEY TIME RECORDS UNDER SEAL**

At Docket No. 224, Leisnoi asks this Court to allow it to file its time records under seal, and, as Leisnoi's request makes plain, it wants to shield the details of its attorney's

charges not only from the public, but it "does not wish to produce these records to Mr. Stratman [because to do so would give] him [a] tactical advantage."

In the "Judgment in a Civil Case" (Docket No. 220), entered by this Court on September 26, 2007, Leisnoi was specifically advised that, "Award of prejudgment interest, costs, and attorney's fees are governed by D. AK. LR 54.1, 54.3, and 58.1." Of these rules cited to the parties by the Court, D. AK. LR 54.3 is the rule dealing with "award of attorney's fees." In the words of sub-section (a), such a motion "must: . . . (3) be accompanied by an affidavit that provides–[certain things] and [C] has attached as exhibits bills sent or other detailed itemization as may be appropriate."

We suspect the mandatory words of the local rule have two purposes. First of all, by demanding that the itemized bills be made available during the motion process, the Court is given a basis upon which to review the submissions of a moving party and exercise its discretion. An Appellate Court thus is able to examine any award made by the trial court and apply the appropriate standard of review should an award of fees be challenged on appeal.

But, secondly, and of equal importance, the rule is designed to be sure that someone, like Mr. Stratman, facing an award of fees is given a chance to examine, object to, or otherwise criticize sums sought by the moving party.

The Supreme Court of Alaska had occasion to consider the issue in a somewhat parallel context in Marron v. Stromstad, 122 P.3d 992 (Alaska 2005). It found that the trial court had abused its discretion in making a fee award where, despite a demand by the opposing party for an itemization, no itemization was provided. Id. at 1013-14:

> We therefore hold that, where the rule authorizes

> reasonable actual fees, the court may not award attorney's fees to a party who has not itemized his or her requested fees when the opposing party has requested such itemization.[1]

In the motion before the Court (Docket No. 223), Leisnoi seeks a judgment for fees against Mr. Stratman of $1,000,000.00 (Docket 223-2, p. 3). If Leisnoi wishes to persist in its motion, it should be held to the mandatory requirements of the rules, and Mr. Stratman should have the right to examine the basis of claims being made against him. He would be denied due process otherwise.

## Conclusion

For the reasons set forth above, we respectfully oppose Leisnoi's request to keep secret from Mr. Stratman the basis of its request for $1,000,000.00 in attorney's fees.

RESPECTFULLY submitted this 12th day of October, 2007.

> s/Michael J. Schneider
> Law Offices of Michael J. Schneider, P.C.
> 880 "N" Street, Suite 202
> Anchorage, AK 99501
> Phone: (907) 277-9306
> Fax: (907) 274-8201
> E-mail: mjspc@gci.net
> Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that **OMAR STRATMAN'S OPPOSITION TO LEISNOI'S MOTION FOR LEAVE TO FILE ITS CONTEMPORANEOUS ATTORNEY TIME RECORDS UNDER SEAL** was served electronically on the 12th day of October, 2007, on Dean Dunsmore, R. Collin Middleton, and John R. Fitzgerald.
s/Michael J. Schneider

---

[1] Id. at 1014.