John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>    Plaintiff,<br><br>versus<br><br>LEISNOI, INC., KONIAG, INC., and<br>DIRK KEMPTHORNE, SECRETARY OF<br>THE INTERIOR,<br><br>    Defendants. | Case No. A02-0290 CV (JKS)<br><br>LEISNOI, INC.'S REPLY TO<br>STRATMAN'S OPPOSITION<br>TO MOTION FOR LEAVE TO<br>FILE CONTEMPORANEOUS TIME<br>RECORDS UNDER SEAL |

    Stratman cites this Federal Court to Alaska state law cases dealing with Alaska Civil Rule 82 and Alaska Civil Rule 68.  But this is not an Alaska state law case, and Leisnoi has neither made a Rule 68 Offer of Judgment nor sought recovery of its fees under Alaska Civil Rule 82.  And the case Stratman offers (with incorrect citation; *Marron v. Stromstad* appears at 123 P.3d 992 (Alaska 2005), not at 122 P.3d 992) does not even address the issue of whether time entries can be submitted under seal.  Instead, that case merely held that it was error for the court to have awarded full fees where the moving party failed to provide the trial court with an itemization of the claimed attorneys fees.  Leisnoi has not sought to shield its itemization from the Court; instead, it has simply asked for leave to submit its itemization to this Court under seal.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion for Leave to Submit Contemporaneous Time Records under Seal
Page 1

1213815v1

The local rules Stratman cites do not prohibit the Court accepting attorney time entries under seal.

Numerous federal courts have recognized that attorney time entries may properly be submitted under seal. <u>See</u>, *e.g., Intergraph Corp. v. Intel Corp.,* 1998 U.S. Dist. LEXIS 21422 (N.D.Alabama 1998); *In re Southeast Banking Corp.*, 1996 Bankr.LEXIS 831 (S.D.Fla.1996); *In re: Asbestos School Litigation*, 1988 U.S. Dist. LEXIS 8752 (E.D.Pa.1988); *Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 1987 U.S.Dist. LEXIS 11302 (E.D.Pa.1987).

Leisnoi directs the Court to Federal Rule of Civil Procedure 54(d)(2)(C), pursuant to which "The court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the Court." Until such time, then, as this Court determines whether Mr. Stratman is liable for attorneys fees, it need not evaluate the specifics of the services and the amounts charged for particular items, or decide whether the entries may be submitted under seal. Accordingly, this Court should defer consideration of the issue of whether Leisnoi must show Stratman detailed attorney time entries until such time as it rules on whether Stratman will be held liable for fees.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion for Leave to Submit Contemporaneous Time Records under Seal
Page 2

1213815v1

DATED this 15th day of October, 2007.

                RESPECTFULLY SUBMITTED,

                /s/ John Richard Fitzgerald
                Alaska Bar No. 8711084
                Morrison Mahoney LLP
                250 Summer Street
                Boston, MA  02210-1181
                Phone (617) 737-8858
                Fax (617) 342-4848
                Email: jfitzgerald@morrisonmahoney.com
                Attorneys for Leisnoi, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Dean Dunsmore, Esq., and Michael Schneider, Esq.

                /s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Reply to Opposition to Motion for Leave to Submit Contemporaneous Time Records under Seal
Page 3

1213815v1