EXHIBIT NO. 1:  MORRISON MAHONEY LLP PART I

**MORRISON MAHONEY LLP**
**250 SUMMER STREET**
**BOSTON, MA 02210**
**(617) 439-7500**

**FEDERAL ID # 04-2262762**

February 28, 2007

LEISNOI, INC.
305-127 NORTH RED MOUNTAIN
MESA, AZ 85207

ATTN: CAROLE PAGANO
        TREASURER

| | | |
|---|---|---|
| CLIENT #/MATTER #: | | 011658/10024976 |
| INVOICE #: | | 651193 |
| CUT-OFF DATE: | | January 31, 2007 |

| | |
|---|---|
| CURRENT FEES: | 2,016.00 |
| CURRENT DISBURSEMENTS: | 15.33 |
| CURRENT INVOICE TOTAL: | $2,031.33 |

LEISNOI, INC. IBLA

INVOICE PAYABLE UPON RECEIPT.  REFER TO
OUR INVOICE NUMBER WITH YOUR REMITTANCE.

**FEES**

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| 11/27/06 | JRF | 0.3 | Draft letter to Mr. Scott Keep, the assistant to the Secretary of the Interior regarding: next month marks the four-year anniversary of our appeal to the Secretary, and we respectfully request that he promptly rule. |
| 11/27/06 | JRF | 0.2 | Review report from Dept. of Interior regarding: still no ruling by Secretary Kempthorne, with purported explanation for continued delay, checking date Leisnoi filed its appeal to the Secretary, and formulating plan to write asking for a prompt decision now that it has been some four years since we lodged the appeal. |
| 12/4/06 | JRF | 0.1 | Review email from C. Middleton regarding: |

Invoice Number: 651193                                                      February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
|  |  |  | forthcoming decision by Secretary of the Interior. |
| 12/22/06 | JRF | 1.4 | Review ruling by Secretary of the Interior Dirk Kempthorne reversing the ruling by the Interior Board of Land Appeals and confirming the certification of eligibility of the Alaska Native Village of Woody Island for benefits under the Alaska Native Claims Settlement Act, assessing impact this will have on Stratman's litigation now pending in federal court. |
| 12/22/06 | JRF | 0.4 | Lengthy TC with attorney Brennan Cain regarding favorable ruling by the Secretary, and damage this does to Stratman's case. |
| 12/22/06 | JRF | 0.4 | TC with Assistant Regional Solicitor Robert Mothershead regarding tremendous victory with the Secretary overturning the IBLA and finally ruling in favor of Leisnoi. |
| 12/22/06 | JRF | 0.0 | Two TC's with Frank Pagano regarding long-awaited ruling by the Secretary of the Interior is in favor of Leisnoi keeping its certification, and need to issue a press release immediately (no charge). |
| 12/22/06 | JRF | 0.0 | TC with Carole Pagano regarding victory over Omar Stratman in the case Judge Singleton referred to the Department of the Interior eleven years ago (no charge). |
| 12/22/06 | JRF | 1.4 | ███████████████████████████████████ |
| 12/22/06 | JRF | 0.6 | ███████████████████████████████████ |
| 12/22/06 | JRF | 0.4 | Evaluating how best to utilize the Secretary's favorable ruling to Leisnoi's advantage in both the November 2002 federal suit and the consolidated quiet title litigations pending in state court. |
| 12/26/06 | JRF | 2.2 | Study briefing submitted by Leisnoi and by Koniag to the IBLA and to the Secretary of the Interior on the issues that ultimately carried the day with the Secretary, evaluating how we can use some of these arguments in the federal district court case. |
| 12/26/06 | JRF | 0.5 | ███████████████████████████████████ |

Invoice Number: 651193

February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| 12/29/06 | JRF | 0.0 | TC with Carole Pagano regarding: communicating with the press about ruling by Secretary Dirk Kempthorne (no charge). |
| 12/29/06 | JRF | 0.5 | ████████████████████████████████ |
| 12/29/06 | JRF | 0.4 | ████████████████████████████ the ████████████████████████████████ he ████████████████ |
| 1/8/07 | JRF | 1.9 | Legal research and analysis regarding extent to which Judge Singleton may have to show "great deference" to Secretary of the Interior Dirk Kempthorne's interpretation of ANILCA section 1427, studying U.S. Supreme Court and 9th Circuit cases addressing how an agency's interpretation of a statute must be respected by the courts if reasonable, even if not the only permitted interpretation, and cases holding courts should not simply impose their own construction as would be necessary in the absence of an administrative interpretation. |
| 1/9/07 | JRF | 0.5 | Receive and study all eight attachments to the Secretary's ruling, which had not previously been furnished in the electronic copy of the ruling, assessing how best to use these in forthcoming litigation in federal court. |

| | | | | | |
|---|---|---|---|---|---|
| JOHN R. FITZGERALD | PARTNER | 0.00 hrs @ | 0.00 = | 0.00 |
| JOHN R. FITZGERALD | PARTNER | 11.20 hrs @ | 180.00 = | 2,016.00 |
| TOTAL FEES | | 11.20 hrs = | | $2,016.00 |

## EXPENSE SUMMARY

| | |
|---|---|
| Long Distance Phone | $10.53 |
| Outgoing Facsimile Charges | $4.80 |
| TOTAL EXPENSES | $15.33 |

## INVOICE SUMMARY

| | |
|---|---|
| CURRENT FEES: | 2,016.00 |
| CURRENT EXPENSES: | 15.33 |
| CURRENT INVOICE TOTAL: | $2,031.33 |

**MORRISON MAHONEY LLP**
**250 SUMMER STREET**
**BOSTON, MA 02210**
**(617) 439-7500**

**FEDERAL ID # 04-2262762**

February 28, 2007

LEISNOI, INC.
305-127 NORTH RED MOUNTAIN
MESA, AZ 85207

ATTN: CAROLE PAGANO
          TREASURER

| | |
|---|---|
| CLIENT #/MATTER #: | 011658/10024978 |
| INVOICE #: | 651194 |
| CUT-OFF DATE: | January 31, 2007 |

| | |
|---|---|
| CURRENT FEES: | 6,678.00 |
| CURRENT DISBURSEMENTS: | 319.90 |
| CURRENT INVOICE TOTAL: | $6,997.90 |

LEISNOI, INC./DECERTIFICATION

INVOICE PAYABLE UPON RECEIPT.  REFER TO
OUR INVOICE NUMBER WITH YOUR REMITTANCE.

**FEES**

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| 11/27/06 | JRF | 0.2 | Draft notice to Judge Singleton and to opposing counsel apprising them of JRF's new office address, fax, phone, and e-mail. |
| 12/4/06 | JRF | 0.2 | Draft email to C. Middleton regarding hearings held in Anchorage on motion for summary judgment in the quiet title case, and means by which a final judgment against Stratman in that case could be used to trigger application of doctrine of collateral estoppel in the decertification case. |
| 12/4/06 | JRF | 0.2 | Receive and respond to email from attorney Brennan Cain regarding: how additional acreage still to be |

Invoice Number: 651194                                    February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | conveyed affects jurisdictional issues. |
| 12/29/06 | JRF | 0.2 | Evaluate utility and likelihood of success of a motion to dismiss for lack of federal subject matter jurisdiction. |
| 12/29/06 | JRF | 0.0 | Receive and respond to email from K. Wolfe as to what will transpire in federal court now that the Secretary has ruled (no charge). |
| 12/29/06 | JRF | 0.0 | TC with F. Pagano regarding: further handling now that the Secretary has ruled (no charge). |
| 1/3/07 | JRF | 0.0 | Review email from F. Pagano regarding not providing any more information to the press while we await a ruling from Judge Joannides (no charge). |
| 1/5/07 | JRF | | ███████████████████████████████████ |
| 1/5/07 | JRF | 0.4 | Lengthy TC with Assistant Regional Solicitor Bob Mothershead regarding deference the federal courts must give to the Secretary's interpretation of the pertinent federal statute, ensuring that the record below is preserved so as to avoid giving Stratman any grounds for procedural attacks on the Secretary's ruling in favor of Leisnoi, and discussed issue of Stratman having failed to give testimony in front of Judge Sweitzer as to having made recreational use of the land, a key allegation he had made in district court that now lacks evidentiary support in the administrative record. |
| 1/9/07 | JRF | 0.1 | Review Department of Justice's Notice of Issuance of Secretarial Decision, and its remark about the stay expiring twenty one days after the December 20, 2006 ruling. |
| 1/11/07 | JRF | 0.2 | Receive and study Stratman's request for a status conference in the 2002 suit, evaluating how he is foolishly pursuing the 2002 case instead of filing a new civil action, thereby risking that the case might later be dismissed for lack of ripeness at the time it was filed. |
| 1/11/07 | JRF | 0.4 | Formulate strategy for use of a 12(b)(1) motion rather than a Rule 56 motion as a procedural vehicle that will |

Invoice Number: 651194                                          February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | maximize Leisnoi's chances of obtaining a dismissal to end Stratman's challenge, weighing the pros and cons of the motion practice options. |
| 1/11/07 | JRF | 0.2 | Review Stratman's 2nd Amended Complaint to which Leisnoi never answered because the 2002 case was stayed pending a ruling by the Secretary, noting the various allegations that must be denied. |
| 1/11/07 | JRF | 0.1 | Evaluate appropriate response to request for status conference is not to oppose it, but instead to simply ask for leave to appear telephonically so as to minimize costs to Leisnoi. |
| 1/11/07 | JRF | 0.0 | ████████████████████████████████████ |
| 1/11/07 | JRF | 0.4 | Draft report to the Board explaining risk of being defaulted if we do not promptly answer the complaint in the 2002 suit, suggesting appropriate response to Stratman's request for a status conference, and moving to dismiss for lack of federal subject matter jurisdiction. |
| 1/11/07 | JRF | 2.3 | Researching extent to which, under the facts of the case, a finding of mootness by the Secretary of the Interior deprives the federal district court of subject matter jurisdiction to entertain Stratman's challenge to the eligibility of the Native Village of Woody Island for ANCSA benefits, studying a number of U.S. Supreme Court and Ninth Circuit cases that buttress Leisnoi's position and that will be useful in substantive motion practice under Rule 12(b)(1) |
| 1/12/07 | JRF | 0.0 | Receive and review board authorization to proceed forward with answer to complaint, a motion to dismiss for lack of subject matter jurisdiction, and a response to Stratman's motion for status conference (no charge). |
| 1/12/07 | JRF | 2.0 | Draft Leisnoi's Answer to Second Amended Complaint, together with over 30 affirmative defenses to Stratman's claims. |
| 1/12/07 | JRF | 2.4 | Research and analysis regarding case authorities to support Leisnoi's position that before the federal court can take any action on the host of issues Stratman seems |

Invoice Number: 651194                                            February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | eager to pursue, it must first determine whether it has subject matter jurisdiction, evaluating how the ANILCA legislation affects federal subject matter jurisdiction. |
| 1/12/07 | JRF | 1.9 | Draft Leisnoi's response brief demonstrating that the stay has already been lifted, and that before the court can address Stratman's issues, it must first decide whether the finding of mootness by Secretary Dirk Kempthorne deprives the federal court of subject matter jurisdiction, also asking for permission to appear telephonically as a cost-savings measure. |
| 1/12/07 | JRF | 0.4 | Lengthy TC with Dept. of Justice attorney Bruce Landon regarding coordinating responses, discussed jurisdictional issues, learned what motions DOJ may file, and how the federal case should proceed. |
| 1/12/07 | JRF | 0.1 | TC with Clerk of Federal District Court regarding: procedural issue, learned that Stratman misfiled his motion as a notice, causing the electronic filing system not to recognize a response to the motion. |
| 1/17/07 | JRF | 0.1 | Receive and review clerk's deficiency notice issued against Mike Schneider for a procedural problem with his motion. |
| 1/17/07 | JRF | 0.1 | Receive and review revised motion by Stratman, docket number 100, correcting earlier procedural defect. |
| 1/18/07 | JRF | 0.1 | Receive and review clerk's deficiency notice in connection with answer to amended complaint and response to Stratman's motion for status conference. |
| 1/18/07 | JRF | 0.2 | TC with clerk of court regarding exactly what clerk wants amended in the e-filing, then correct the deficiency. |
| 1/18/07 | JRF | 0.1 | Receive and review order denying Stratman's motion for status conference, and setting briefing schedule for motions to dismiss. |
| 1/18/07 | JRF | 0.3 | Evaluation of whether Leisnoi must assert all potentially dispositive grounds for dismissing Stratman's action, or instead need only move to dismiss for lack of subject matter jurisdiction on the ANILCA issue, assessing risks of waiving potentially valid grounds for dismissal if not asserted in the district court before case goes up on appeal. |

Invoice Number: 651194                                      February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| 1/19/07 | JRF | 3.4 | Research issue Judge Singleton insisted be briefed by Leisnoi in any motion to dismiss, namely, whether the Administrative Procedures Act vests the court with jurisdiction to review the ruling by the Secretary of the Interior even though that ruling was itself a conclusion of law that Stratman's claim is moot, studying the APA, and numerous U.S. Supreme Court and 9th Circuit cases pertinent to this inquiry. |
| 1/19/07 | JRF | 1.5 | Researching statutory and judicially recognized exceptions to the availability of judicial review of administrative decisions by the Department of the Interior, then evaluate whether the facts of the present judicial challenge by Stratman may fall into one of those exceptions. |
| 1/19/07 | JRF | 0.4 | Draft report to the Board on the order denying Stratman's motion and instead restricting briefing to whether the district court has jurisdiction and what standard of review is to be employed in reviewing the Secretary's ruling, seeking authorization to file appropriate motions challenging subject matter jurisdiction. |
| 1/23/07 | JRF | 0.0 | TC with Carole Pagano regarding strategy for briefing most efficiently and inexpensively; coordinating with the other defendants; impact of Judge Singleton's ruling being to allow arguments on issues favorable to Leisnoi without Stratman being able to regress into discussions of whether Woody Island met ANCSA requirements (no charge). |
| 1/23/07 | JRF | 1.4 | Administrative Procedures Act legal research and analysis of whether that act vests the district court with jurisdiction to review ruling by Secretary of the Interior, or whether jurisdiction must instead be founded under 28 U.S.C. § 1331, assessing conflicting federal court rulings on the issue. |
| 1/23/07 | JRF | 0.6 | Lengthy TC with Bob Mothershead regarding coordinating research on jurisdictional issues so as to reduce costs, and discussed at length his assessment of the jurisdictional issues Judge Singleton instructed us to brief, and particular case authorities that will prove useful in briefing the court. |
| 1/24/07 | JRF | 6.8 | Drafting Leisnoi's Motion to Dismiss Administrative |

Invoice Number: 651194                                February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | Procedures Act Claims for Lack of Federal Subject Matter Jurisdiction, and several sections of the Memorandum in Support. |
| 1/24/07 | JRF | 0.5 | Lengthy TC with counsel for Koniag regarding sharing in the legal research, specific cases of interest, strategy for motion practice, applicable standard of review, and coordinating defenses to minimize costs. |
| 1/24/07 | JRF | 0.4 | Lengthy TC with attorney Bruce Landon of the Dept. of Justice regarding whether there is federal jurisdiction under the APA to review the recent Secretarial ruling, and issue of subterfuge in trying to use the 2002 suit to review the agency action taken back in 1974. |
| 1/24/07 | JRF | 0.4 | Reviewing 9th Circuit ruling dismissing Stratman's appeal from the denial of his application for preliminary injunction as moot in light of the final judgment entered in the 1976 case, evaluating how we can use this to argue the 2002 suit cannot be used as a surrogate for the 1976 suit to avoid the 2 year statute of limitations in 43 U.S.C. section 1632. |
| 1/25/07 | JRF | 2.0 | Legal research and analysis regarding elements of doctrine of equitable estoppel that Judge Singleton intimated in his 1995 order could be applicable to counter-act any lapsing of the statute of limitations, also studying cases addressing the issue of whether the doctrine can be applied in the context of a referral made pursuant to the doctrine of primary jurisdiction. |
| 1/25/07 | JRF | 0.4 | TC with Bob Mothershead regarding additional research he did on the issue of whether APA provides jurisdiction, and discussed draft 12(b)(1) motion sent to the Dept. of Justice asking they join in it. |
| 1/26/07 | JRF | 5.9 | Drafting numerous additional arguments in memorandum in support of motion to dismiss claims grounded on subject matter jurisdiction under the Administative Procedures Act. |
| 1/26/07 | JRF | 0.2 | Exchange emails with Bruce Landon at Department of Justice regarding whether the Department of Justice would be willing to join in Leisnoi's motion arguing that the APA does not confer federal jurisdiction under the facts of this case. |
| 1/30/07 | JRF | 0.3 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

Invoice Number: 651194                                    February 28, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| | | | ████████████████████████████████ |
| 1/30/07 | JRF | 0.1 | Draft email to Brennan Cain regarding whether the 1978 transcript was formally introduced at the proceedings before ALJ Sweitzer. |

| JOHN R. FITZGERALD | PARTNER | 0.00 hrs @ | 0.00 = | 0.00 |
|---|---|---|---|---|
| JOHN R. FITZGERALD | PARTNER | 37.10 hrs @ | 180.00 = | 6,678.00 |

| TOTAL FEES | | 37.10 hrs = | | $6,678.00 |
|---|---|---|---|---|

### EXPENSE SUMMARY

| | |
|---|---|
| Internal Photocopying | $1.28 |
| Long Distance Phone | $39.00 |
| Lexis | $279.62 |
| TOTAL EXPENSES | $319.90 |

### INVOICE SUMMARY

| | |
|---|---|
| CURRENT FEES: | 6,678.00 |
| CURRENT EXPENSES: | 319.90 |
| CURRENT INVOICE TOTAL: | $6,997.90 |

**MORRISON MAHONEY LLP**
**250 SUMMER STREET**
**BOSTON, MA 02210**
**(617) 439-7500**

**FEDERAL ID # 04-2262762**

May 30, 2007

LEISNOI, INC.
305-127 NORTH RED MOUNTAIN
MESA, AZ  85207

ATTN: CAROLE PAGANO
          TREASURER

| | |
|---|---|
| CLIENT #/MATTER #: | 011658/10024978 |
| INVOICE #: | 657162 |
| CUT-OFF DATE: | April 30, 2007 |

| | |
|---|---|
| PREVIOUS BALANCE: | $6,997.90 |
| CURRENT FEES: | 19,890.00 |
| CURRENT EXPENSES: | 1010.51 |
| CURRENT INVOICE TOTAL: | $20,900.51 |
| TOTAL INVOICE AMOUNT: | $27,898.41 |

LEISNOI, INC./DECERTIFICATION

INVOICE PAYABLE UPON RECEIPT.  REFER TO
OUR INVOICE NUMBER WITH YOUR REMITTANCE.

**FEES**

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| 2/2/07 | JRF | 3.0 | Drafting sections of memo in support of a 12(b)(1) motion to dismiss based upon lack of APA jurisdiction and Stratman not being able to use the 2002 suit as a surrogate for the dismissed 1976 suit. |
| 2/5/07 | JRF | 2.9 | Studying 9th Circuit and U.S. Supreme Court cases on requirements to have article III constitutional standing to challenge action by a federal agency, and whether protestant can supplement administrative record with affidavits to establish same, applying same to the facts |

Page 1

May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | of this case, and evaluating impact of the Ninth Circuit's comments in Stratman v. Watt. |
| 2/5/07 | JRF | 4.9 | Draft motion to dismiss the 2002 suit based upon a lack of article III standing on the part of Omar Stratman, and memorandum in support. |
| 2/5/07 | JRF | 0.3 | TC with Bruce Landon at the Dept. of Justice regarding possible use of doctrine of administrative finality as a grounds for a motion to dismiss for lack of federal subject matter jurisdiction, trying to coordinate research to reduce expense to Leisnoi. |
| 2/6/07 | JRF | 3.2 | Studying decisions of the Interior Board of Land Appeals on issue of administrative standing, the opinion of Judge Bazelon in Koniag v. Kleppe on the differences between judicial standing and administrative standing, the 2003 amendments to the Code of Federal Regulations provisions dealing with administrative challenges brought before the IBLA, and other authorities, applying same to the facts of the case as established by testimony given before Judge Sweitzer and assessing how best to structure an argument that Stratman lacked administrative standing to challenge Woody Island's certification at the administrative level so he cannot continue with that appeal in federal court. |
| 2/6/07 | JRF | 4.4 | Draft motion to dismiss for lack of administrative standing and memorandum in support setting forth the recent modifications to 43 CFR 4.410 and how Stratman fails to meet either the "adversely affected" prong of subsections (a) and (d) or the "property interest" prong of subsection (e), arguing that since he lacked standing to challenge the agency action, the court lacks subject matter jurisdiction to entertain an appeal therefrom. |
| 2/7/07 | JRF | 1.8 | ANCAB and jurisprudential decisional caselaw review on administrative finality doctrine, evaluating how best to apply same under the facts developed before the administrative law judge. |
| 2/7/07 | JRF | 1.7 | Collateral estoppel evaluation of caseload on when the doctrine can be applied against a person that was not a party to the case giving rise to the purported estoppel. |
| 2/7/07 | JRF | 4.9 | Draft motion to dismiss per Rule 12(b)(1), and memorandum in support, on the grounds of administrative finality attaching to the March 24, 1978 |

Invoice Number: 657162                                            May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | decision in favor of Leisnoi in Appeal of Omar Stratman, ANCAB No. LS 77-4C, thereby depriving the court of subject matter jurisdiction, and collateral estoppel flowing from the ruling in In Regarding Woody Island, ANCAB No. VE 74-46. |
| 2/8/07 | JRF | 2.8 | Evaluation of the findings by Congress in adopting the Federally Recognized Indian Tribe List Act of 1994, review of the two tribal lists published in 1988 and 1993 that listed Woody Island by name, and obtain and study the most recent list that still has Woody Island listed as a federally recognized Indian Tribe, analyze cases construing the Act, evaluating how this can be used to advance argument that Stratman's challenge has been mooted by the congressional action and that Stratman can obtain the relief he seeks only from the United States Congress per Public Law 103-454. |
| 2/8/07 | JRF | 5.3 | Draft motion to dismiss and memorandum in support arguing that the inclusion by Woody Island on both the 1988 and the 1993 tribal list, ratified by Congress in 1994, constitutes congressional ratification of Wood Island's status as an eligible Alaska Native Village under the Alaska Native Claims Settlement Act such that Stratman's claims are moot and the federal court lacks subject matter jurisdiction since the Federally Recognized Indian Tribe List Act states only Congress, and not a federal court, has jurisdiction to de-list a tribe already recognized. |
| 2/9/07 | JRF | 0.5 | Draft proposed Order explaining why Stratman's claims have been mooted by the Federally Recognized Indian Tribe List Act and that based upon congressional ratification, mootness, and prohibition against any entity other than Congress de-listing, the Court lacks federal subject matter jurisdiction. |
| 2/9/07 | JRF | 0.5 | Drafting Order granting motion to dismiss Stratman's claims by operation of the doctrines of administrative finality and collateral estoppel. |
| 2/9/07 | JRF | 0.5 | Draft Order granting motion to dismiss on grounds that the APA does not supply federal jurisdiction, the statute of limitations has lapsed in which to challenge Woody Island's eligibility, and the doctrine of equitable tolling does not apply. |

Invoice Number: 657162                                                    May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| 2/9/07 | JRF | 3.0 | Revise and edit the motions to dismiss Stratman's 2002 suit, and memorandums in support. |
| 2/12/07 | JRF | 3.5 | Draft additional arguments for dismissal based upon Stratman's lack of any property interest in land selected by Leisnoi and lack of any cognizable interest that would be adversely affected by an eligibility determination, including a number of quotes from helpful Alaska Native Claims Appeal Board rulings as well as rulings from the Interior Board of Land Appeals. |
| 2/12/07 | JRF | 3.8 | Strengthen and expand Leisnoi's legal analysis and arguments supporting dismissal based upon Stratman's failure to have appealed from the ANCAB ruling in In re: Woody Island, No. VE74-46, and from the order of dismissal in Appeal of Omar Stratman, ANCAB No. LS 77-4C, including additional case authorities and discussion of doctrines of administrative finality as applied to rulings by the Department of the Interior. |
| 2/12/07 | JRF | 1.0 | Marshaling exhibits to use to support two of the potentially dispositive Rule 12(b)(1) motions Leisnoi will file seeking dismissal of Stratman's 2002 suit. |
| 2/14/07 | JRF | 3.0 | Edit memorandums in support of the four draft motions to dismiss. |
| 2/15/07 | JRF | 0.1 | Review email from Brennan Cain regarding: coordinating our research. |
| 2/22/07 | JRF | 0.3 | Evaluation of the Third Amended Complaint just filed by Stratman, assessing how many of the contentions are unintelligible. |
| 2/22/07 | JRF | 0.2 | TC with Bruce Landon at the Department of Justice regarding: errors in Stratman's recently amended complaint, and motions Leisnoi will be filing today. |
| 2/22/07 | JRF | 0.2 | Draft letter to Mike Schneider regarding: problems with his Third Amended Complaint need to be rectified. |
| 2/22/07 | JRF | 4.1 | Finish work on Motion to Dismiss the 2002 suit on the grounds that the Administrative Procedures Act does not supply federal jurisdiction; the relief sought by Stratman is barred by operation of 43 U.S.C. section 1632; and whether Congress ratified Woody Island's eligibility in 1980 through enactment of ANILCA is a moot issue, Memorandum in Support, and Proposed Order, ensuring that all exhibits referenced in the Memorandum are |

Invoice Number: 657162                                              May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | attached, then file same with the Court, and draft a letter to Judge Singleton providing him with a chambers copy and notifying him that we have a series of other motions to dismiss we will be filing. |
| 2/22/07 | JRF | 4.0 | Complete Leisnoi's 12(b)(1) Motion, Memorandum in Support, and Proposed Order regarding: the 2002 suit should be dismissed because Stratman lacks judicial standing as well as administrative standing, proofreading the pleadings, ensuring all exhibits referenced therein are attached, and filing same with the federal district court. |
| 2/22/07 | JRF | 0.2 | TC with Clerk of Court in Anchorage regarding: procedural question about the motions to dismiss we are filing today on behalf of Leisnoi. |
| 2/23/07 | JRF | 2.0 | Study legislative history to the Federally Recognized Indian Tribe List Act, and cases construing the Act. |
| 2/23/07 | JRF | 0.5 | Evaluate legal arguments raised by the Bureau of Indian Affairs in its Objections to the Recommended Decision of ALJ Sweitzer, assessing how to utilize same in our FRITLA motion. |
| 2/23/07 | JRF | 0.4 | Work on Proposed Order granting Leisnoi's motion on the grounds that its listing in the Tribal Entities List approved by Congress in the Federally Recognized Indian Tribe List Act constitutes congressional ratification of Woody Island's status as an Alaska Native Village as that term is defined in the Alaska Native Claims Settlement Act. |
| 2/23/07 | JRF | 4.5 | Revise, edit, finalize and proofread Leisnoi's FRITLA motion and memorandum, and ensure that all excerpts from the various Federal Register publications referenced therein are attached, as well as the BIA brief supporting Leisnoi's argument that the FRITLA constitutes congressional ratification of Woody Island's Alaska Native Village status. |
| 2/23/07 | JRF | 0.2 | Draft letter to Judge Singleton regarding: latest installment in series of motions exploring why the court lacks federal subject matter jurisdiction to entertain Omar Stratman's 2002 decertification suit. |
| 2/23/07 | JRF | 0.2 | Exchange emails with Collin Middleton regarding series of motions Leisnoi is filing so as not to restrict the |

Invoice Number: 657162                                     May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| | | | court's focus solely to the ANILCA ratification issue. |
| 2/26/07 | JRF | 2.0 | Evaluation of jurisprudence on when collateral estoppel can be invoked against a non-party to the prior litigation, and cases on extent to which the doctrine of administrative finality can preclude a claimant from bringing similar claims again in the future, also reviewing CFR regulations pertinent to the alleged standing of Omar Stratman to challenge the eligibility of the Native Village of Woody Island for benefits under ANCSA, incorporating results into memorandum in support of 12(b)(1) motion to dismiss. |
| 2/26/07 | JRF | 0.1 | Review notice from clerk of court regarding electronic filing of one of the supporting memorandums. |
| 2/26/07 | JRF | 0.1 | Address and rectify procedural issue raised by the clerk of court. |
| 2/26/07 | JRF | 0.1 | Review notice by clerk as to another version of Stratman's Third Amended Complaint being filed to clean up formatting problem in his prior submission. |
| 2/26/07 | JRF | 5.2 | Complete drafting arguments that Stratman's failure to have appealed from the Appeal of Omar Stratman case, ANCAB No. LS 77-4C, and the lack of an appeal being taken from In re Woody Island, ANCAB No. VE 74-46 trigger application of both the doctrine of administrative finality as well as the doctrine of collateral estoppel, editing the brief, revising certain arguments, checking citations, completing the motion, the supporting memorandum, as well as the proposed order, then proofreading, ensuring all exhibits are attached, and filing same with the court. |
| 2/26/07 | JRF | 0.1 | Draft email to attorney Bruce Landon at the Department of Justice regarding whether DOJ will join in any of the series of 12(b)(1) motions to dismiss Leisnoi is filing. |
| 2/27/07 | JRF | 0.1 | TC with Linda Christenson at the clerk's office in federal district court regarding: our memorandum in support of motion to dismiss for lack of standing. |
| 2/27/07 | JRF | 0.1 | Review email from attorney Bruce Landon regarding: Department of Justice is reviewing Leisnoi's motions in order to make a decision whether to join in them. |
| 2/28/07 | JRF | 2.0 | Primary jurisdiction analysis of case authorities regarding extent to which that doctrine affects the |

Invoice Number: 657162                                              May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| | | | reviewability standard used by the district court in passing on the agency's conclusions, evaluating Judge Singleton's rationale for invocation of the primary jurisdiction doctrine back in 1995 when he referred Stratman's challenge to the Department of the Interior, and assessing how best to exploit it now to Leisnoi's advantage. |
| 2/28/07 | JRF | 2.8 | Legal research and analysis of how best to get around a series of recent U.S. Supreme Court and Ninth Circuit cases significantly narrowing the scope of judicial deference given to a ruling by administrative agencies charged with administration of a statute, formulating strategy for maximizing deference given to Secretary Kempthorne's December 20, 2006 ruling in favor of Leisnoi, and studying the cases Judge Singleton ordered us to address in his January 18, 2007 Order. |
| 2/28/07 | JRF | 3.0 | Drafting Motion to Dismiss Regarding: Congressional Ratification through ANILCA, and several sections of argument in the supporting Memorandum. |
| 3/1/07 | JRF | 1.5 | Studying Stratman's earlier briefing on the Section 1427 ANILCA ratification issue, so as to tailor arguments in such a way to avoid or get around his arguments, then analyze Public Law 94-204, evaluating how to incorporate same into our argument about giving deference to the Secretary's interpretation since he is charged with administration of ANCSA. |
| 3/1/07 | JRF | 0.5 | Review Secretary Kempthorne's December 28th ruling again, determining how best to defend it on appeal. |
| 3/1/07 | JRF | 4.5 | Drafting additional arguments in Leisnoi's Memorandum in Support of Motion to Dismiss regarding: Congressional Ratification through ANILCA, the potentially dispositive motion that could finally end 30 years of litigation with Omar Stratman. |
| 3/1/07 | JRF | 0.5 | Drafting proposed Order dismissing Stratman's suit as moot in light of congressional ratification through enactment of section 1427 of the Alaska National Interests Lands Conservation Act. |
| 3/1/07 | JRF | 0.5 | Two TC's with Assistant Regional Solicitor Bob Mothershead regarding: ANILCA jurisdictional issues, and the standard of review. |

Invoice Number: 657162                                                    May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| 3/1/07 | JRF | 0.3 | TC with attorney Brennan Cain regarding: splitting up some of the briefing on the ANILCA to save our respective clients money, with Koniag covering the legislative history issues, and discussed the standard of review. |
| 3/1/07 | JRF | 1.0 | Revise, edit, finalize, proofread, and file with the court Leisnoi's key motion to dismiss asserting that Woody Island's eligibility has been congressionally ratified through enactment of ANILCA; memorandum in support, and proposed order, also drafting a cover-letter to Judge Singleton. |
| 3/5/07 | JRF | 0.2 | TC with Bob Mothershead regarding: sharing research on degree of judicial deference given the Secretary of the Interior under the circumstances of the Leisnoi case. |
| 3/5/07 | JRF | 0.2 | Review an appeal from an IBLA ruling in a case Bob Mothershead believes is favorable to Leisnoi. |
| 3/7/07 | JRF | 0.1 | Review Collin Middleton's letter suggesting modification to briefing schedule. |
| 3/9/07 | JRF | 0.4 | Study Motion to Strike and Memorandum in Support filed by Mike Schneider, evaluating how best to oppose the motion. |
| 3/9/07 | JRF | 2.9 | Draft several portions of Leisnoi's Opposition to Stratman's Motion to Strike. |
| 3/12/07 | JRF | 2.5 | Complete drafting Opposition to Omar Stratman's Motion to Strike. |
| 3/12/07 | JRF | 0.1 | Receive and review Department of Justice's Motion for Extension of Time to Answer Third Amended Complaint, determining that Leisnoi should not oppose the motion. |
| 3/12/07 | JRF | 0.1 | Receive and review letter from Mike Schneider trying to persuade the other defendants not to oppose his motion to strike, assessing whether to respond. |
| 3/12/07 | JRF | 0.4 | Drafting status report discussing the five motions to dismiss for lack of federal subject matter jurisdiction, status of the decertification case, Stratman's motion to strike, and also discussing the recent request for a report from the Clerk of the Alaska Supreme Court in the FED case. |
| 3/14/07 | JRF | 0.1 | Review Koniag's March 12, 2007 response to Dept. of |

Invoice Number: 657162                                    May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | Justice's motion to delay time in which it must answer Stratman's complaint in the 2002 suit. |
| 3/14/07 | JRF | 0.4 | ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ |
| 3/15/07 | JRF | 0.3 | Study Koniag's response to Stratman's motion to strike four of the five briefs Leisnoi filed, noting utility of Koniag's statement that it will join in briefing on Leisnoi's argument that Woody Island's certification was congressionally confirmed both through ANILCA and through FRITLA. |
| 3/15/07 | JRF | 0.4 | Evaluating issue of subject matter jurisdiction possibly lacking for some of the remedies sought by Omar Stratman, assessing whether to risk addressing remedies at this juncture or to put the issue off for a later phase of the litigation. |
| 3/15/07 | JRF | 0.2 | Reviewing local rules of court for District of Alaska governing Administrative Procedures Act appeals from final agency action, assessing whether Leisnoi is in compliance therewith. |
| 3/16/07 | JRF | 0.3 | TC with Bob Mothershead at the Bureau of Indian Affairs regarding motion to strike filed by Stratman, the pending motions to dismiss, our use of some of the cases we had discussed, and whether he will try to persuade the Department of Justice to file a brief supporting Leisnoi's arguments. |
| 3/22/07 | JRF | 0.1 | Receive and respond to email from Collin Middleton regarding court deadlines. |
| 3/22/07 | JRF | 0.7 | Lengthy, wide-ranging conference call with Bruce Landon from Dept. of Justice and Collin Middleton for Koniag regarding discussed the pending motions to dismiss, the court's order, Schneider's motion to strike, various jurisdictional issues that need to be addressed, and whether Leisnoi will consent to have the court address these in the order the DOJ prefers. |
| 3/22/07 | JRF | 0.4 | Evaluating legal issue raised by lawyer Bruce Landon of the Dept. of Justice as to whether the Administrative Procedures Act gives a right of federal judicial review to |

Invoice Number: 657162                                                May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| | | | a claimant aggrieved by agency action even if the claimant lacked administrative standing. |
| 3/22/07 | JRF | 0.4 | Follow-up telephone call with attorney Bruce Landon regarding his discussion with Dept. of Justice attorneys in Washington DC on whether the APA trumps agency standing requirements by giving a right of judicial review to any person aggrieved by agency action, and further discussed his proposed solution. |
| 3/22/07 | JRF | 0.1 | Review draft motion for modification of scheduling order proposed by Dept. of Justice, evaluating it best to go along with their proposal rather than make waves with the DOJ in this case. |
| 3/22/07 | JRF | 0.1 | Receive and review email from counsel for Koniag suggesting modification to draft motion of the DOJ. |
| 3/22/07 | JRF | 0.1 | Receive and review Motion for Miscellaneous Relief by the Dept. of Justice. |
| 3/26/07 | JRF | 0.2 | TC with attorney Bruce Landon regarding his recent discussions with Mike Schneider, whether Dept. of Justice will allow Mr. Landon to join in Leisnoi's motion under the U.S. v. Henri case arguing statute of limitations, and how DOJ will respond to Schneider's motion to strike. |
| 3/27/07 | JRF | 0.2 | Evaluate whether to accede to Dept. of Justice's request that we join into a joint motion to modify the scheduling order, whereby briefing would be completed on three of the five motions to dismiss Leisnoi filed, with the remainder being briefed only if the court denies the first three, assessing favorability of the plan because as a part thereof Stratman would agree to drop his motion to strike, and Leisnoi would ensure that all of its motions are ultimately heard and considered by the court. |
| 3/27/07 | JRF | 0.1 | Review 3/26/07 email from Collin Middleton responding favorably to Bruce Landon's proposal. |
| 3/27/07 | JRF | 0.1 | Draft email to Bruce Landon agreeing to modify the briefing schedule if Stratman does, in fact, drop his motion to strike Leisnoi's motions to dismiss. |
| 3/27/07 | JRF | 0.4 | Lengthy TC with attorney Brennan Cain regarding pending motions to dismiss, Leisnoi's FRITLA argument, which motions Koniag may join in, and discussed status of the state court quiet title case. |

Invoice Number: 657162                                                    May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| 3/28/07 | JRF | 0.1 | Receive and review DOJ's motion for extension of time to respond to Omar Stratman's motion to strike. |
| 3/29/07 | JRF | 0.2 | Receive and review Stratman's latest pleading, trying to force Leisnoi to pay to retrieve the 1976 case from federal archives out-of-state. |
| 3/29/07 | JRF | 0.5 | Draft Leisnoi's response to Stratman's pleading about the 1976 suit, arguing that the suit ended in a Final Judgment in November 1995 such that the 2002 suit is not a continuation thereof, but rather, is an entirely new suit, one barred by the two-year statute of limitations. |
| 3/29/07 | JRF | 0.1 | Receive and review brief filed by the Dept. of Justice objecting to Stratman's characterization of the 2002 suit as being a "continuation" of the 1976 suit. |
| 4/2/07 | JRF | 0.1 | Reviewing benchbook for arguments on the 12(b)(1) motions. |
| 4/2/07 | JRF | 0.2 | Study April 2nd Order issued by Judge Singleton, evaluating what can be inferred from his comments, and what this means as to the non-ANILCA motions that are pending. |
| 4/2/07 | JRF | 0.3 | Draft report to Carole Pagano explaining the new order issued today by Judge Singleton, and how this reveals his current thinking as to the ANILCA as well as the statute of limitations issues. |
| 4/2/07 | JRF | 0.1 | Review notice from clerk of court regarding technical error by the court in transmission of the prior order. |
| 4/4/07 | JRF | 0.1 | Review email from Collin Middleton regarding latest order from Judge Singleton. |
| 4/4/07 | JRF | 0.5 | Lengthy TC with Collin Middleton regarding jurisdictional issues, what he will be briefing, legislative history to ANILCA, comments made by Judge Singleton, and whether he needs to brief remedies issue. |
| 4/4/07 | JRF | 1.0 | Study draft of Koniag's brief supporting Leisnoi's arguments and the Secretary's decision about ANILCA ratifying Woody Island's eligibility for ANCSA benefits, editing same with some suggested revisions. |
| 4/10/07 | JRF | 0.7 | Receive, review and edit additional draft briefing from Koniag, then draft email to Collin Middleton discussing the mark-ups we suggest. |

Invoice Number: 657162                                              May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| 4/10/07 | JRF | 0.1 | Receive and review email from Collin Middleton responding to suggestions JRF made for possible revisions to brief Koniag will be filing on the ANILCA issue, with heavy emphasis on legislative history to that statute. |
| 4/12/07 | JRF | 0.2 | Check court scheduling order for when additional motions are due, evaluating whether Leisnoi needs to file any other motions. |
| 4/12/07 | JRF | 0.3 | TC with Bruce Landon at the Department of Justice regarding whether he will join in any of Leisnoi's motions to dismiss, discussing Judge Singleton's current thinking as evidenced by comments in his most recent order; issue of the merits of the Secretary's decision going beyond mere jurisdictional matters, but the judge seems anxious to address the Secretary's ruling, so the DOJ agrees to brief the ANILCA issue and will support Leisnoi in doing so. |
| 4/13/07 | JRF | 0.1 | Receive and review Dept. of Justice's motion for a two-week extension of time to brief the ANILCA issue. |
| 4/13/07 | JRF | 0.1 | Review non-oppositions of both Koniag and Stratman to Department of Justice's motion for additional two weeks to file its brief. |
| 4/17/07 | JRF | 0.6 | Receive and study Koniag's brief supporting Leisnoi and the Secretary both as to ANILCA and FRITLA, reviewing some of the cases cited by Koniag on the great deference to be shown the Secretary's ruling. |
| 4/17/07 | JRF | 0.1 | Receive and review new scheduling order by Judge Singleton. |
| 4/17/07 | JRF | 0.1 | Draft email to Carole Pagano regarding Collin Middleton having left Middleton & Timme, and brief he filed in support of Leisnoi's position on ANILCA and FRITLA. |
| 4/17/07 | JRF | 0.0 | Receive and respond to email from Frank Pagano regarding split-up of Middleton & Timme, and Koniag having filed briefing supporting Leisnoi's position (no charge). |
| 4/28/07 | JRF | 0.6 | Receive and study brief on the merits of Secretary Kempthorne's ruling filed by the U.S. Department of Justice, evaluating some particularly useful cases cited and discussed in the brief, and noting that the court may |

Invoice Number: 657162                                                                    May 30, 2007

| DATE | TKID | HOURS | DESCRIPTION |
|---|---|---|---|
| | | | find the arguments by the DOJ persuasive. |
| 4/30/07 | JRF | 0.4 | Lengthy TC with attorney Bruce Landon at the Dept. of Justice regarding his reading on what Judge Singleton appears ready to do based on comments in the judge's last few orders, and discussed the Dept. of Justice's recent brief and several cases cited therein that are particularly helpful to upholding the favorable ruling by Secretary Kempthorne. |
| 4/30/07 | JRF | 0.2 | Evaluate whether there is any further legal action needed by Leisnoi at this time, or whether we should simply await and then respond to briefs by Omar Stratman in the 2002 suit. |

JOHN R. FITZGERALD          PARTNER          0.00  hrs @          0.00 =          0.00
JOHN R. FITZGERALD          PARTNER        110.50  hrs @        180.00 =     19,890.00

TOTAL FEES                                          110.50 hrs  =          $19,890.00

## EXPENSE SUMMARY

| | |
|---|---|
| Express Mail | $64.53 |
| Internal Photocopying | $182.08 |
| Long Distance Phone | $13.26 |
| Outgoing Facsimile Charges | $3.60 |
| Lexis | $747.04 |
| TOTAL EXPENSES | $1,010.51 |

## ACCOUNTS RECEIVABLE

| DATE | INVOICE # | INVOICE AMT. | LAST PAY DATE | TOTAL PAYMENTS | BALANCE DUE |
|---|---|---|---|---|---|
| 02/28/07 | 651194 | 6,997.90 | | 0.00 | 6,997.90 |

Invoice Number: 657162                                              May 30, 2007

BALANCE DUE ON PRIOR INVOICES                    $6,997.90


### INVOICE SUMMARY

PREVIOUS BALANCE:                    $6,997.90

CURRENT FEES:                         19,890.00
CURRENT EXPENSES:                      1010.51

CURRENT INVOICE TOTAL:               $20,900.51

TOTAL INVOICE AMOUNT:                $27,898.41