Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 “N” Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN,

Plaintiff,

v.

LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the Interior,

Defendants,

KONIAG, INC.,

Counter-claimant,

v.

OMAR STRATMAN,

Counter-claimed Defendant.

Case No.: 3:02-cv-0290 (JKS)

**OMAR STRATMAN’S MOTION TO ACCEPT SUPPLEMENTAL BRIEFING REGARDING LEISNOI’S REQUEST FOR ATTORNEYS FEES**

## I. Motion presented.

Because Mr. Stratman's attorney negligently failed to point out the most obvious defense to Leisnoi's pending attorney fee motion, he asks to be forgiven this error and his briefing in opposition to Leisnoi's motion for attorneys fees supplemented as stated below.

## II. *Res judicata,*[1] or the law of the case,[2] and the unclean hands doctrine[3] bar Leisnoi's request for attorneys fees.

Leisnoi's motion relies on no statutes or rules. The "bad faith" exception to the American Rule against an award of attorneys fees in Federal courts relies upon the inherent power of the Court to regulate the behavior of litigants before it. The relief that Leisnoi seeks (for attorneys fees incurred against Mr. Stratman in matters before this Court and elsewhere) is thus inherently equitable. The unclean hands doctrine bars equitable relief when sought by a party guilty of wrongdoing in the matter under litigation before the court. We have pointed out in our memorandum (Docket No. 235) that the ALJ, affirmed by IBLA, found that Leisnoi had employed perjured affidavits in its fraudulent, and so far

---

[1] Holcomb v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (Under *Res Judicata*, a final judgment on the merits precludes re-litigation by the parties or their privies of issues that were decided in the action.)

[2] Hydrick v. Hunter, 466 F.3d 676, 687 (9th Cir. 2006) (Law of the case doctrine precludes a court from reexamining an issue previously decided in the same case.)

[3] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 828, 841 (9th Cir. 2002) (The unclean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.")

successful, effort to acquire Federal assets.[4] *Res judicata* or law of the case thus establish this wrongdoing and, in combination with the unclean hands doctrine, bar the relief that Leisnoi seeks.

## III. Conclusion.

For the reasons set forth above, we ask that the Court accept this additional briefing and deny Leisnoi's motion for attorneys fees.

RESPECTFULLY submitted this 24th day of October, 2007.

s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**CERTIFICATE OF SERVICE**
I hereby certify that **OMAR STRATMAN'S MOTION TO ACCEPT SUPPLEMENTAL BRIEFING REGARDING LEISNOI'S REQUEST FOR ATTORNEYS FEES** was served electronically on the 24th day of October, 2007, on Dean Dunsmore, R. Collin Middleton, and John R. Fitzgerald.
s/Michael J. Schneider

[4]Our friends at Leisnoi will, no doubt, rejoin that Mr. Stratman, long ago, dismissed his fraud claims against Leisnoi. While this is an accurate observation of the record, the application of the unclean hands doctrine depends, not on the state of Mr. Stratman's pleadings, but upon the quality of Leisnoi's conduct as previously determined by the ALJ and affirmed by IBLA.