John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| OMAR STRATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. A02-0290 CV (JKS) |
| versus | ) | |
| | ) | |
| LEISNOI, INC., KONIAG, INC., and | ) | LEISNOI, INC.'S REPLY TO |
| DIRK KEMPTHORNE, SECRETARY OF | ) | OPPOSITION (#235) TO MOTION (#222) |
| THE INTERIOR, | ) | FOR AWARD OF ATTORNEYS FEES |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.    ATTORNEYS FEES ARE PERMISSIBLE WHERE THE LOSING PARTY ACTED IN BAD FAITH OR USED OPPRESSIVE TACTICS, SUCH AS STRATMAN HAS DONE; FEE AWARDS ARE NOT LIMITED TO CASES WITH IDENTICAL FACT PATTERNS AS THE ONES THAT CAME BEFORE THE UNITED STATES SUPREME COURT.**

Boiled down to its essence, Stratman's argument at pages 1-7 of his opposition brief is that attorneys fees can only be awarded in cases with similar facts to those in the cases cited as precedent by the United States Supreme Court in *Alyeska Pipeline.*  But that was not the Court's holding.  The Court held that attorneys fees can be awarded "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975).  The issue for this Court is not whether this case is

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 1

1214454v1

an admiralty action where an employer withheld a seaman's maintenance and cure, as in *Vaughn v. Atkinson,* 369 U.S. 527 (1962), or whether the facts of this case are similar to a few others cited in *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116 (1974) and discussed in Mr. Stratman's brief.  Instead, the issue is whether Stratman has acted in bad faith, wantonly, oppressively, or vexatiously.  As demonstrated in Leisnoi's motion and in this reply, Stratman has done so.  Attorneys fees are therefore appropriate.

## II.    THIS IS THE FOURTH DECERTIFICATION CASE THAT STRATMAN HAS BROUGHT

Stratman contends at page 8 of his opposition that this Court should look to the "number and content of filings as indicia of frivolousness."  But he fails that very test.  One indicator of the vexatiousness of this litigant is that his 2002 suit is the <u>fourth</u> decertification case Stratman has brought and in which Leisnoi has successfully defended the certification of its Native Village of Woody Island.  In the first three, he failed in his quest to decertify the Native Village of Woody Island, but then took no appeal.  He instead brought a new suit, a fourth one.  This is a classic sign of a vexatious litigant.

### 1.     The ANCAB decertification challenge that Stratman lost and failed to appeal.

Omar Stratman litigated an administrative challenge against Woody Island all the way through to a final decision by the Alaska Native Claims Appeal Board. In *Appeal of Omar Stratman*, ANCAB No. LS77-4C, Decision and Order of Dismissal dated March 23, 1978. (Exhibit 1 at docket #118).[1]  He lost, but then took no appeal to this Court.

_____

[1]  Stratman erroneously claims in this 2002 case that Woody Island purportedly lacked enough Native residents to qualify for ANCSA benefits.  He raised this same losing argument to the ANCAB, claiming that "the number of Native residents for Leisnoi, inc. shown to be eligible … is erroneous.… [T]he number of natives residing in the

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 2

1214454v1

**2.    Stratman's 1976 suit ended without him achieving decertification, but Stratman again took no appeal.**

The most infamous of Stratman's failed decertification cases, of course, is the one he

brought in 1976.  He vexatiously used Case No. A76-132 CIV to try to line his pockets and those

of his contingency fee lawyer[2] while masquerading as a public interest litigant.[3]  The Court did

not grant Stratman's requested decertification of the Native Village of Woody Island, nor did it

grant Stratman's request for sweeping injunctive relief.  Instead, it relegated him to the

Department of the Interior.  But Stratman chose to appeal only from the interlocutory order, the

denial of his motion for injunctive relief, and not from the November 21, 1995 Final Judgment

---

village upon the date specified in the Alaska Native Claims Settlement Act was zero."  Omar Stratman's April 26, 1977 Statement of Reasons for Appeal to the ANCAB, Docket #168-3.  The ANCAB ruled against him on March 23, 1978, and Stratman took no appeal from the ruling.

[2] The Affidavit of Omar Stratman, attached excerpts of which were Exhibit G to Leisnoi's April 10, 1995 Opposition to Stratman's Motion for Preliminary Injunction in Case No. A76-132 CIV, reveals that Mr. Stratman hired his counsel on a contingency fee basis.  True public interest litigants work for the public good, not for personal gain, and therefore do not retain counsel on a contingency fee basis.  Stratman acted disingenuously claiming to be a public interest litigant exempt from bonding requirements on his sweeping motion for preliminary injunction.  This evidences his bad faith and vexatious tactics.  Stratman has used this case as a vehicle for personal enrichment while falsely claiming to be acting in the public interest.

[3] Stratman claims at page 10 of his brief that his state court action against Leisnoi, reported at 835 P.2d 1202 (Alaska 1992), wherein he tried to enforce as against Leisnoi a purported settlement agreement to which Leisnoi was never a party, was allegedly in good faith merely because "Justice Moore … would have affirmed Judge Hunt and ruled in Mr. Stratman's favor."  The relevance of the state court action to this suit, though, is not that one justice entered a dissenting opinion, or that the majority of the justices of the Alaska Supreme Court ruled against Omar Stratman, but rather, that the suit proves Mr. Stratman has used his federal decertification case to try to obtain land for himself, contrary to the representations he made in federal court that he purportedly was acting as a public interest litigant.  Stratman argues at page 11 that attorneys fees should only be awarded where a party has made "false factual assertions."  And yet, that is just what he did in federal court, falsely claiming to be "here as a member of the public asserting public claims, public interest, and in those settings, there should not be a bond requirement.… Based on Mr. Stratman's unfortunate unwilling status as a public interest litigant, there should be only a nominal bond."  Transcript of April 14, 1995 oral arguments on Stratman's motion for preliminary injunction, Tr. at p. 16. [Docket #222-6]  Moreover, Stratman's claim to own a grazing lease, when he had sold it four months before bringing his 1976 suit, also constitutes "false factual assertions" of the type Stratman concedes warrant an award of attorneys fees under governing legal principles.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 3

1214454v1

that terminated the 1976 case without decertifying the Native Village of Woody Island.[4]  If Mr.

Stratman had wished to avoid the lapsing of the two-year ANCSA statute of limitations,[5] he

could and should have appealed from the Final Judgment and insisted that a mere stay order have

been entered in its stead.[6]

### 3.    Stratman's third failed decertification case

Another decertification case that Stratman brought and lost, and from which he took no

appeal, was his failed 1979 suit against Leisnoi.  Once again, Leisnoi successfully defended itself

against the same groundless claims as Stratman is pursuing herein all over again.  How many

times must the Native Woody Islanders fend off the same claims by Mr. Stratman before this

Court will declare Stratman's actions to be vexatious?

The April 13, 1979 suit, A79-116 CIV, a copy of which is attached hereto, claimed that

"The alleged Village of Woody Island (Leisnoi) was not an established village on the 1970

census enumeration date, nor did it have twenty-five or more Natives as residents."  Stratman

sought in that case, as he has again herein, a ruling "That any conveyances of any interest in real

---

[4] The November 21, 1995 Final Judgment from which Stratman took no appeal is in the record at Docket #109-3. The United States Court of Appeals for the Ninth Circuit dismissed Stratman's appeal from Judge Von der Heydt's interlocutory order denying motion for preliminary injunction because Stratman had failed to appeal from Your Honor's November 21, 1995 Final Judgment, thereby rendering the interlocutory appeal moot.  See, Transcript of April 8, 1996 Proceedings in Ninth Circuit Case No. 95-35376 (Docket #109-4) and the April 24, 1996 Order dismissing his interlocutory appeal. (Docket #109-5).

[5] "[A] decision of the Secretary under this title or the Alaska Native Claims Settlement Act shall not be subject to judicial review unless such action is initiated before a court of competent jurisdiction within two years after the day the Secretary's decision becomes final…." 43 U.S.C. § 1632(a).

[6] "The rule in this Circuit is that where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal…. The judgment of the district court dismissing this action is vacated, and the case is remanded for the district court to enter a stay pending termination of the administrative proceedings." U.S. v. Henri, 828 F.2d 526, 528-29 (9th Cir.1987).

Stratman v. Leisnoi, Inc.
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 4

1214454v1

property that might have been made to said village corporation by the Secretary be declared null and void [and that] the certification of eligibility of Woody Island by the Secretary be declared null and void." Judge Von der Heydt ruled against Stratman, finding that Stratman lacks standing to challenge Woody Island's certification because Stratman holds no property interest that would be affected by the certification.[7] Stratman took no appeal from the ruling. Instead, he appealed from a separate order in the 1976 suit, wherein he made materially false representations that he owned a grazing lease that would be affected by the certification. In fact, evidence acquired by Leisnoi proves that Stratman had sold that grazing lease to Northland Ranches, Inc. by Bill of Sale dated March 16, 1976, a BLM copy of which is attached hereto. When Stratman filed Case No. A76-132 on July 2, 1976, claiming to own a grazing lease, he was acting in bad faith, since, in fact, he had sold that lease four months earlier. The Ninth Circuit was apparently misled by this career litigant's false representations, since in *Stratman v. Watt*, 656 F.2d 1321 (9th Cir.1980), it declared that "At the time suit was filed… Stratman … held [a] long term federal grazing lease[]."

Rather than appealing from the Final Judgment in favor of Leisnoi dismissing the 1979 decertification case, Stratman filed the present case, a fourth decertification case against Leisnoi.

**4.    The 2002 suit is the fourth time Stratman has brought the same decertification claims against Leisnoi.**

Stratman's argument at page 8 of his opposition, that "the district court must look at both the number and content of filings as indicia of frivolousness", actually works against this litigant.

---

[7] Judge Von der Heydt's January 4, 1980 Order in Case No. A79-116 Civil dismissed Mr. Stratman's case because "The plaintiffs in this case cannot show that any property interest they hold would be injured by the certification of the Native village of Woody Island…. [P]laintiffs do not have standing to challenge the certification of Woody Island or the selection of land by Leisnoi, Inc." Stratman took no appeal from the January 7, 1980 Final Judgment entered in favor of Leisnoi, Inc. and against him in the 1979 decertification case.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 5

1214454v1

This 2002 suit is the fourth case that Omar Stratman has pursued against Leisnoi, Inc. challenging the certification of the Native Village of Woody Island.  His actions in filing decertification cases one after another, instead of appealing the judgments entered against him that declined to grant the requested decertification relief, constitute harassment entitling Leisnoi, Inc. to an award of attorneys fees.[8]

Leisnoi, Inc. is a small Native Village corporation, and should not have been subjected to over a million dollars in attorneys fees in having to defend itself over and over again against the same claims repeatedly brought by this vexatious litigant.  If a party such as Omar Stratman does not like a judgment entered adversely to him, declining the requested decertification relief, then the proper remedy is to appeal from the judgment, not to ignore it and file a series of new suits raising the same allegations.  Stratman's hyper-litigious conduct is a classic example of a "losing party" who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" as the United States Supreme Court observed in *Alyeska Pipeline* justify an award of attorneys fees. 421 U.S. at 260.

---

[8] It is noteworthy the manner in which Stratman, in the 1976 suit, fended off a *res judicata* motion Leisnoi filed with respect to the effect of the final judgment that was adverse to Mr. Stratman in the 1979 case: "[Leisnoi's] entire argument rests on the maxim that an unappealed judgment bars a subsequent action on the same claim.  However, this is a preceding action…. A judgment in a subsequent action cannot operate as a bar to a preceding action…." Stratman's Opposition to Leisnoi's March 28, 1995 Motion for Summary Judgment at page 3. (emphasis by Mr. Stratman)  His argument does not have any merit as to this 2002 suit which is not "a preceding action" to the 1979 case.  Leisnoi reiterates that Stratman is harassing Leisnoi with a series of suits raising the same allegations over and over again.  He lost the 1979 suit, and took no appeal.  He is barred by *res judicata* from raising the same allegations in this subsequent 2002 suit.  His having re-filed the same claims over and over again constitutes harassment, or vexatious litigation tactics, entitling Leisnoi to an award of attorneys fees.

III.   **STRATMAN'S BAD FAITH IS EVIDENCED BY HIS HAVING CLAIMED AS A REMEDY IN THIS 2002 SUIT AN ORDER NULLIFYING OR RESCINDING LAND PATENTS THAT THE UNITED STATES ISSUED TO LEISNOI, INC.**

Stratman had an opportunity to brief the issue of whether his decertification claims could affect Leisnoi's title in the pleadings he filed with Judge Holland in *Leisnoi, Inc. v. United States*, Case No. A99-608.  Judge Holland rejected Stratman's arguments.  In Judge Holland's January 15, 2002 Order Quieting Title in Case No. A99-608 CV (HRH) [docket #222-16], Judge Holland cited with approval to the Ninth Circuit's holding in *Leisnoi, Inc. v. United* States, 267 F.3d 1019 (9th Cir. 2001)("QT-2") that "the land could not revert to the United States regardless of the outcome of the decertification proceeding."  He quieted title in favor of Leisnoi on January 15, 2002.  Despite this final ruling rejecting Stratman's arguments that the district court could rescind the patents as some sort of an APA remedy, Stratman, just ten months later, in November 2002, filed this 2002 suit wherein he prayed for the very relief Judge Holland had determined is not available to him as a matter of law.

Stratman appealed Judge Holland's order quieting title in favor of Leisnoi to the Ninth Circuit, but he lost. *Leisnoi, Inc. v. United States*, *Omar Stratman, Applicant in Intervention*, 313 F.3d 1181 (9th Cir. 2002) ("QT-3").  Despite the Ninth Circuit's entry of a Final Judgment in favor of Leisnoi and against Stratman on February 10, 2003 [docket #222-17], Stratman nonetheless filed an amended complaint [docket #29] in this 2002 suit just three months later, on May 9, 2003, again asserting that he was entitled to an order rescinding the patents that Judge Holland and the Ninth Circuit had ruled could not be disturbed.  His assertion and pursuit of a claim to disturb Leisnoi's title in May 2003, after Judge Holland and the Ninth Circuit had held that nothing in the decertification case could affect title to Leisnoi's land, was oppressive and

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 7

1214454v1

vexatious. He continued making wanton, vexatious claims asserting an ability to affect title to Leisnoi's land in his third amended complaint (docket #105) filed on February 16, 2007.[9]

How many times must Leisnoi litigate the same issue over and over again with Omar Stratman before this Court will find his conduct to be vexatious? Stratman's actions in this case, re-filing and pursuing anew claims to affect title, which Judge Holland and the Ninth Circuit determined have no merit, were pursued maliciously and in bad faith, and warrant an award of attorneys fees.

## IV.  STRATMAN HAS NOW RESORTED TO MAKING RECKLESS AND WANTON ALLEGATIONS OF CRIMINAL MISCONDUCT

Like an unrepentant sinner, Stratman continues to debase Leisnoi with malicious, unfounded allegations, this time of alleged felonious criminal misconduct. He claims at pages 11-12 of his opposition that Leisnoi "acquired federal resources through fraud and purjury [*sic*]" and that the shareholders acted "feloniously." Need we remind this Court that Stratman formally abandoned all allegations of fraud back on January 5, 1977? How is it, that thirty years later, he can now make reckless allegations of fraud and "purjury", a word he can neither prove nor even spell? Under Federal Rule of Civil Procedure 9(b), such allegations are to be pled with particularity in a complaint. Stratman, unable to prove fraud, opted to abandon those claims, and should not now, thirty years later, be permitted to assert them anew.

---

[9] Although the 2002 ruling by Judge Holland and the 2003 Final Judgment by the Ninth Circuit Court of Appeals should have sufficed, Leisnoi, faced with a vexatious litigant who continued to pursue claims already adjudicated to have no merit, incurred still more attorneys fees when it had to pursue an action in state court to quiet title as against Omar Stratman. On June 17, 2007, Judge Stephanie Joannides granted summary judgment in favor of Leisnoi, Inc. and against Omar Stratman ruling that "the land in question may not revert to Leisnoi no matter the outcome of the decertification litigation." *Leisnoi, Inc. v. Omar Stratman*, Case No. 3AN-05-13155 CI [docket #222-18]. She entered Final Judgment Quieting Title in favor of Leisnoi on October 1, 2007. [docket #222-19]

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 8

1214454v1

Nor is there merit to Stratman's contention at page 11 that "The ALJ held that many Leisnoi shareholder lied under oath…" First of all, the ALJ did not "hold" anything; he merely made recommended findings of fact and conclusions of law that the Secretary of the Interior declined to adopt. And secondly, the ALJ made no proposed findings of shareholders having perjured themselves, or committed felonies by lying. Mr. Stratman is maliciously trying to dredge the proud Native Woody Islanders through the gutter with his foul, unproven, untimely malicious allegations. This bad-faith misconduct warrants a stinging rebuke from this Court, as well as an award of attorneys fees. If Stratman thought he could prove the filth he now tries to peddle as fact, he should have pled the claims with particularity so they could have been tested on motion practice or litigated as issues sent to the Department of the Interior for adjudication. Having abandoned his meritless fraud claims thirty years ago, long before the referral for agency action, he cannot resurrect them in opposition to Leisnoi's motion for attorneys fees.

## V.    <u>CONCLUSION</u>

As demonstrated above and in Leisnoi's Memorandum in Support of Motion for Award of Attorneys Fees, Omar Stratman has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Pursuant to the United States Supreme Court's ruling in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975), this Court has the right to award Leisnoi attorneys fees. It should do so in this instance. Stratman has essentially broken the back of the Native Village corporation with his thirty years of litigation, so Leisnoi's success in defeating his four decertification cases is somewhat of a pyrrhic victory, one achieved at a staggering cost.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 9

1214454v1

The Court should ensure that justice is achieved by awarding Leisnoi, Inc. the requested ONE

MILLION DOLLARS IN ATTORNEYS FEES.[10]

WHEREFORE, the Court should GRANT the Motion for Award of Attorneys Fees.

DATED this 25th day of October, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

---

[10] As this brief was ready to be filed, Stratman served Leisnoi with a motion for leave to file a supplemental brief, wherein he accused Leisnoi of having "unclean hands."  The local rules, as understood by Leisnoi, allow a party to file just one, not two, briefs in opposition to a motion.  If the Court allows Stratman to file two oppositions, then Leisnoi should be granted leave to file a 2nd reply addressing the matters not raised in Stratman's first opposition. Leisnoi declines to saddle this Court in this Reply with the numerous exhibits from the as-yet un-filed administrative record that can be used to rebut this "unclean hands" argument not raised in his opposition, docket #235.  In order to determine that the Native Village of Woody Island was properly certified back in 1974, and that, contrary to Mr. Stratman's conclusory allegations, the Native Woody Islanders neither have unclean hands nor are liars and felons, this Court should have before it most, if not all, of the administrative record.  Leisnoi awaits a ruling from this Court before loading up the record herein with multiple bankers boxes of documents showing the Native Village of Woody Island was properly certified and the Native Woody Islanders are just and honorable people who are entitled to their ANCSA benefits.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 10

1214454v1

**EXHIBITS REFERENCED IN REPLY TO OPPOSITION (#235)**
**TO MOTION (#222) FOR AWARD OF ATTORNEYS FEES**

A.    March 16, 1976 Bill of Sale to Stratman's Grazing Lease, wherein he sold the lease to Northland Ranches, Inc.

B.    Docket sheet excerpts from Case A76-132 showing the complaint was filed on July 2, 1976, more than three months after Stratman had already sold his grazing lease.

C.    January 5, 1977 Memorandum for Amended Complaint, showing Stratman abandoned all allegations of fraud 30 years ago.

D.    January 5, 1977 Amended Complaint, wherein Stratman reiterated his claim that he owns a federal grazing lease, although he had sold it back on March 16, 1976.

E.    April 20, 1979 Complaint in Case No. A79-116 CIV, wherein Stratman brought yet another decertification case against Leisnoi, Inc.

F.    January 4, 1980 Memorandum and Order, with January 7, 1980 Final Judgment, dismissing Stratman's 1979 decertification case for lack of standing.

G.    March 28, 1995 Motion for Summary Judgment filed by Leisnoi, Inc. in Case No. A76-132 contending that Stratman's claims are barred by *res judicata* flowing from his failure to appeal the dismissal of his 1979 decertification case.

H.    Stratman's Opposition to the March 28, 1995 Motion for Summary Judgment, wherein he claims that *res judicata* only applies to subsequent actions, not suits filed prior to entry of the final judgment.

I.    Stratman's Affidavit in Support of Reply to Opposition to Motion for 60(b) Relief.

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Leisnoi, Inc.'s Reply to Opposition to Motion for Award of Attorneys Fees
Page 11

1214454v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on , 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Dean Dunsmore, Esq., and Michael Schneider, Esq.

<u>/s/ John Richard Fitzgerald</u>