BILL OF SALE
(ALASKA)

MAR 1 6 1976

Know All Men by These Presents, That *Omar N. Stratman* and *Mabel Marie Stratman* the parties of the first part, for and in consideration of the sum *$10.00 (Ten)* _____ Dollars.

in _al money of the United States of America to _____ in hand paid by *Northland Ranches Inc* _____

the part____ of the second part, the receipt whereof is hereby acknowledged, *does* by these presents grant, bargain, sell and convey unto the said part *y*____ of the second part, _____ executors, administrators and assigns *the following described property* _____

_____ OF LAND MANAGEMENT LIVESTOCK GRAZING lease, land office serial number Anchorage AA-20909

This lease is for 440 animal units on 25,040 acres in the Kaguyak Bay and Portage Bay area of Kodiak Island, Alaska

TO HAVE AND TO HOLD the same to the said part *y*____ of the second part, *his*____ executors, administrators and assigns forever. And _____ *they* _____ do____ for *their*____ heirs, executors and administrators, covenant and agree to and with the said part *y*____ of the second part, *their*____ executors, administrators and assigns, to warrant and defend the sale of the said property, goods and chattels hereby made unto the said part *y*____ of the second part, *their*____ executors, administrators and assigns, against all and every person and persons whomsoever lawfully claiming or to claim the same.

IN WITNESS WHEREOF, _____ ha____hereunto set _____ hand__ and seal__ the _____ day of_____, A.D. 19___

Signed, Sealed and Delivered in the Presence of
_____ SE__
_____ SE__

EXHIBIT
A
ALL-STATE LEGAL®

Individual Acknowledgment (Alaska)

UNITED STATES OF AMERICA,  } ss.
STATE OF ALASKA  }

THIS IS TO CERTIFY that on this _____ day of _____ 19___ before me the undersigned, a Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared _____

_____

to me known to be the person_____ described in and who executed the above and foregoing instrument, and acknowledged to me that_____he_____ signed and sealed the same freely and voluntarily for the uses and purposes therein mentioned.

WITNESS my hand and official seal the day and year in this certificate first above written.

_____

Notary Public for State of Alaska. My commission expires _____

| 97X | 3 | .76 | 132 | 02 | 76 | 3 | 290 | 1 | | | 7 | .nction 7X06 | P 7/76 | 76 | 132 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**PLAINTIFFS**    **DEFENDANTS**

THE KODIAK-ALEUTIAN CHAPTER OF THE ALASKA CONSERVATION SOCIETY, OMAR (P-1)STRATMAN, TONI BURTON, JOHN MURRAY MICHAEL DEVERS, JAMES SCHAUFF, & BRIAN SHAFFORD

D-1  KLEPPE, THOMAS S., Secretary of the Interior

D-2  ANTON LARSEN, INC.
D-3  BELLS FLATS NATIVES, INC.
D-4  LEISNOI, INC.
D-5  KONIAG, INC.

### CASE CLOSED

**CAUSE**

Filing pursuant to 28 U.S.C.A. 1331 and 28 U.S.C.A 1391. Suit to enjoin defendant from issuing lands to Native Villages of Anton Larson Bay, Bells Flats, and Woody Island on the basis that villages do not qualify under 43 U.S.C.A. 1610 (b) (3)

**ATTORNEYS**

Roger E. Henderson
Houston & Henderson
305 W. 3rd Avenue    821 N St, Suite 102
Anchorage, Alaska  99501

For KONIAG, ANTON LARSEN, BELLS FLATS NATIVES & LEISNOI:

Gerald Markham
P.O. Box 806
Suite 205, Tony's Bldg.
Kodiak, AK  99615

Non-Res Cnsl: for Non-Gov't Defts.
Edward Weinberg & Philip Ghabot, Jr.
DUNCAN, BROWN, WEINBERG & PALMER, P.C.
1700 Pennsylvania Ave. NW
Washington DC 20006

**PARTY COUNSEL NEXT PAGE**

P-1 Omar Stratman   Dkt #115
Michael J. Schneider
880 N St., Suite 202
Anchorage, AK  99501
(907) 277-9306

U. S. Attorney

For Koniag, Inc. Anton Larson Inc, Bells Flats Natives, Inc Leisnoi, Inc
Markham & Fischer
P.O. Box 806
Kodiak, Alaska 99615
(907) 486-4194

Non-government defendants
Anton Larsen, Inc. Bells Flats Inc., Leisnoi, Inc., & Koniag. Inc.  Co-Counsel
Dan Hensley
540 L Street, Suite 101
Anchorage, Alaska 99501
(907) 277-5861

Koniag: D-5   Dkt #119
R. Collin Middleton
MIDDLETON TIMME & LUKE
550 W 7th Ave., Suite 1600
Anchorage, AK  99501
(907) 276-3390

| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | | CARD | DATE MAILE |
| | | | | | JS-5 | |
| | | | | | JS-6 | |

UNITED STATES DISTRICT COURT DOCKET

DC-111 (Rev


EXHIBIT
B

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| OMAR STRATMAN | BRUCE BABBITT, SECTY INTERIOR, et al. | DOCKET NO _____<br>PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS | |
|---|---|---|---|

PLTF:

P-1    Omar Stratman

P-2    Toni Burton

Defs:

D-1    Bruce Babbitt, Secretary of
       the Interior

D-2    Anton Larsen, Inc.

D-3    Bells Flats Natives, Inc.

D-4    Leisnoi, Inc.

D-5    Koniag, Inc.

PARTY   COUNSEL   (FYI)

P-1 #115
Michael J. Schneider
880 "N" St., Suite 202
Anchorage, AK  99501
(907) 277-9306

P-2 #124
Alan L. Schmitt
JAMIN EBELL BOLGER & GENTRY
323 Carolyn St.
Kodiak, AK  99615
(907) 486-6024

D-1 #120
Bruce M. Landon  (AUSA)
Dept of Justice
Environment & Natural Res.
 Division Rm 217
222 W 7th Ave, #69
Anchorage, AK  99513-7553
(907) 271-5452

D-5 #119
R. Collin Middleton
MIDDLETON TIMME & LUKE
550 W 7th Ave., Suite 1600
Anchorage, AK  99501
(907) 276-3390

D-4 #126
Roy Longacre
LONGACRE & ASSOCIATES
425 G St., Suite 910
Anchorage, AK  99501
(907) 276-6354

00002

THE KODIAK-ALEUTIAN CHAPTER OF ALASKA CONSERVATION SOC. ET AL VS. THOMAS KLE...

| 1976 | NR | PROCEED |
|------|-----|---------|
| July 2 | 1 | Fld complaint & issued summons |
| 7 | 2 | Fld summons to Thomas Kleppe; executed |
| Sep 7 | 3 | Fld defts mot to dismiss |
| 7 | 4 | Fld defts memo supporting mot to dismiss |
| 7 | 5 | Fld defts certificate of nonexistence of records |
| 23 | 6 | Fld defts cert of svc of mot to dismiss,etc. |
| 29 | 7 | Fld pltfs oppos to mot to dismiss |
| 29 | 8 | Fld pltfs req for oral agmnt on deft's mot for dismissal |
| Oct 14 | 9 | Fld ORDER setting oral agmnt on defts mot to dismiss 11/5/76 @ 10A Cy cnsl |
| 29 | 10 | Fld pltfs supp to oppos to mot to dismiss |
| Nov 5 | 11 | Fld ORDER re additional filings on deft's mot to dismiss. Cy cnsl |
| 5 | 12 | Fld court minutes of hrg on deft's mot to dismiss |
| 15 | 13 | Fld pltfs oppos to mot to dismiss for failure to exhaust adm. reme |
| 17 | 14 | Fld pltfs req for oral agmnt on deft's mot for SJ |
| 18 | 15 | Fld pltfs supp to oppos to mot to dismiss |
| 19 | 16 | Fld pltfs 2d supp mot to dismiss for failure to exhuast adm. remedi |
| 19 | 17 | Fld fed defts reply to oppos to mot to dismiss |
| Dec 07 | 18 | Fld memo & ORDER partially granting & partially denying defts mot t and allowing pltfs 30 days to file an amended complaint.  Cys Cnsl. |
| **1977** | | |
| Jan 5 | 19 | Fld amended complaint & issued summons to Roger Henderson. |
| 26 | 20 | Fld answer of deft Kleppe. |
| Mar 1 | 21 | Fld Ans Deft Anton Larsen,Inc,Vells Flats Natives,IncLeisnoi,Inc & Koniag,Inc to Amended Compl |
| 2 | 22 | Fld ORDER & Applgranting appear Edward Weinberg bhAnton  Larsen,Inc Bells Flats Natives,Inc,Leisnoi,Inc & Koniag,Inc - cy cnsl |
| 9 | 23 | Fld supplemental summons w/Marshal's return executed as to Anton La Inc.; Bells Flats Natives, Inc.; Leisnoi, Inc.; & Koniag, Inc.; unexecuted as to Roy Madsen, registered agent for Anton Larsen, Inc |
| Aug 16 | 24 | Fld pltfs request for production. |
| Nov 8 | 25 | Fld pltfs notice of depo: Patricia Hampton & issued subp. |

1  Roger E. Henderson
   805 West Third Avenue
2  Suite 200
   Anchorage, Alaska  99501
3  Phone:  272-1527

4  Attorney for Plaintiffs

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9             FOR THE DISTRICT OF ALASKA

10  OMAR STRATMAN, TONI BURTON,          )
    JOHN MURRAY, MICHAEL DEVERS,         )
11  JAMES SCHAUFF, and BRIAN SHAFFORD,   )
                                         )
12             Plaintiffs,               )
                                         )
13       vs                              )
                                         )
14  THOMAS S. KLEPPE, Secretary of the   )   No.  A76-132 Civil
    Interior, ANTON LARSEN, INC., BELLS  )
15  FLATS NATIVES, INC., LEISNOI, INC.,  )   MEMORANDUM FOR
    and KONIAG, INC., REGIONAL NATIVE    )   AMENDED COMPLAINT
16  CORPORATION,                         )
                                         )
17             Defendants.               )
                                         )
18  _____  )

19       Plaintiffs hereby file an amended complaint in the above-

20  captioned case.  The amendment conforms to the order of the Court,

21  dated December 7, 1976, in that Native Corporations which have or

22  claim to have an interest in the lands in question have been

23  added as defendants, and allegations pertaining to fraud or mistak

24  have been eliminated.

25       Further modifications are the elimination of the Kodiak

26  Aleutian Chapter of the Alaska Conservation Society as a plaintiff

27  and allegations of additional injuries to plaintiffs Stratman and

28  Burton.  Said allegations are contained in paragraph VII.

29       DATED this 5th day of January, 1977.

30                                   HOUSTON & HENDERSON
                                     Attorneys for Plaintiffs
31
                                     By  Roger E. Henderson
32                                       Roger E. Henderson

                        -1-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
805 WEST THIRD AVENUE
ANCHORAGE, AK. 99501
TELEPHONE 272-1527

64

EXHIBIT
C
ALL-STATE LEGAL®

Roger E. Henderson
805 West Third Avenue
Suite 200
Anchorage, Alaska  99501
Phone  272-1527

Attorney for Plaintiffs

FILED

··· 5  1977

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ 10C _____ Dep.

(19)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,
JOHN MURRAY, MICHAEL DEVERS,
JAMES SCHAUFF, and BRIAN SHAFFORD,

    Plaintiffs,

    vs.

THOMAS S. KLEPPE, Secretary of the
Interior, ANTON LARSEN, INC., BELLS
FLATS NATIVES, INC., LEISNOI, INC.,
and KONIAG, INC., REGIONAL NATIVE
CORPORATION,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. A76-132 Civil

AMENDED
COMPLAINT

    For cause of action, plaintiffs, by and through their

attorneys, HOUSTON & HENDERSON, complain and allege as follows:

I.

    The defendant, Secretary of the Interior, (hereinafter

referred to as the Secretary) is required by the Alaska Native

Claims Settlement Act, 43 U.S.C.A. §1610 (b)(3) to find native

villages eligible to receive land conveyances provided that

twenty-five or more Alaska Natives were residents of an estab-

lished village on the 1970 census enumeration date.

II.

    The alleged villages of Antol Larsen Bay, Bells Flats,

and Woody Island (Leisnoi) were not established villages on the

-1-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
805 WEST THIRD AVENUE
ANCHORAGE AL 99501
TELEPHONE 272-1527

00024

EXHIBIT

D

1 1970 census enumeration date, nor did they at that time have
2 twenty-five or more Natives as residents.  Notwithstanding
3 these facts, the defendant corporations of Anton Larsen, Inc.,
4 Bells Flats Natives, Inc., and Leisnoi, Inc., (hereafter referred
5 to as Village Corporations) were formed for the purpose, in
6 part, of receiving title to Federal lands pursuant to the Act on
7 behalf of Anton Larsen Bay, Bells Flats, and Woody Island
8 respectively.

9                             III.

10       Despite the ineligibility of Anton Larsen Bay, Bells
11 Flats, and Woody Island by the statutory criteria to receive
12 Federal land under the statute, the Village Corporations have
13 made  tentative selections from the public domain on Kodiak
14 Island, Woody Island and nearby areas, and have petitioned the
15 Secretary for patent to the lands selected.

16                             IV.

17       Defendant KONIAG, INC., REGIONAL NATIVE CORPORATION
18 has or claims to have a mineral interest in all lands referred to
19 in paragraph III above in the event that patent as requested is
20 granted by the Secretary.

21                             V.

22       Plaintiffs Omar Stratman and Toni Burton each own
23 grazing leases initially issued by the United States pursuant
24 to 45 U.S.C.A §471.  All or a portion of the lands under said
25 leases were selected by the State of Alaska for patent to it
26 under the Alaska Statehood Act.  By operation of State Statute,
27 grazing leases issued by the United States for lands which are
28 subsequently selected and patented to the state are subject to
29 renewal at the option of the lessee upon the lease expiration
30 date under identical terms and conditions.  Such option to
31 renew constitutes a valuable property right in plaintiffs

32                            -2-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
605 WEST THIRD AVENUE
ANCHORAGE, AK, 99501
TELEPHONE 277-1527

1   Omar Stratman and Toni Burton.

2                          VI.

3        All or portions of the lands under said grazing leases

4   which had been selected by the State of Alaska have now been

5   selected by the Village Corporations for patent to them.  If

6   such patents are issued in violation of 43 U.S.C.A. §1610 (b)(3),

7   property rights of Omar Stratman and Toni Burton will be

8   terminated because the State of Alaska will not receive patent

9   to the subject lands which it has already selected.  The

10  termination of these rights will constitute grave and irreparable

11  injury to the plaintiffs, and plaintiffs will each be damaged

12  in an amount exceeding $10,000.00.

13                         VII.

14       Plaintiffs Omar Stratman and Toni Burton each own

15  an interest in a slaughter-house facility situated upon land

16  which has been selected by defendant Leisnoi, Inc. for patent

17  to it.  Prior to said selection by the Village Corporations,

18  the land in question had been selected by the State of Alaska

19  and tentatively approved by the Secretary for patent.  The

20  state, after its selection, released its rights in said lands to

21  the Kodiak Island Borough which in turn gave a quit-claim to

22  the owners of the slaughter-house facility, including plaintiffs

23  Stratman and Burton.  If patents are issued to the Village

24  Corporations in violation of 43 U.S.C.A. §1610 (b)(3), existing

25  property rights of plaintiffs Stratman and Burton will be

26  terminated, said termination causing grave and irreparable

27  injury to plaintiffs and damaging them in an amount exceeding

28  $10,000.00.

29                         VIII.

30       All individual plaintiffs presently make extensive use

31  of lands in the public domain on Kodiak Island and Woody Island

32                         -3-

HOUSTON & HENDERSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
605 WEST THIRD AVENUE
ANCHORAGE, AK  99501
TELEPHONE 272-1527

1  for recreation purposes including hunting, fishing, camping,
2  hiking, picnicking, boating, berry picking, bird watching and
3  nature observation and photography.  The lands selected for
4  patent to the Village Corporations of Anton Larsen, Inc. and
5  Bells Flats Natives, Inc. are either used for said recreational
6  purposes or must be used for access to such areas.  Patent of
7  these lands to the Village Corporations in violation of
8  43 U.S.C.A. §1610 (b)(3) will terminate the plaintiff's rights
9  of access and enjoyment of Federal lands in the public domain.
10  Such termination of rights of access and enjoyment will
11  constitute grave and irreparable injury to the plaintiffs, and
12  plaintiffs will be damaged in an amount exceeding $10,000.00.
13                                    IX.
14        Jurisdiction and venue in this Court are provided by
15  28 U.S.C.A.§1331 and 28 U.S.C.A. §1391.
16        WHEREFORE:  Plaintiffs pray as follows:
17        (1)  That the Secretary be permanently enjoined from
18  issuing any patents to or other interest in real property in
19  the Federal domain to the Village Corporations.
20        (2)  That any conveyances of any interest in real
21  property which might have been made to said Village Corporations
22  by the Secretary be declared null and void.
23        (3)  That plaintiffs be awarded their costs and
24  attorney's fees.
25        (4)  Such other relief as the Court deems just.
26        DATED this 5th day of January, 1977.
27
28                              HOUSTON & HENDERSON
                                Attorneys for Plaintiffs
29
30                         By  Roger E. Henderson
31                             Roger E. Henderson
32

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
405 WEST THIRD AVENUE
ANCHORAGE, AK 99501
TELEPHONE 272-1527

                    -4-

                 00037

Roger E. Henderson
HOUSTON & HENDERSON
805 West Third Avenue
Anchorage, Alaska 99501
Phone:  272-1527

Attorneys for Plaintiffs

F I L E D

APR 20 1979

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

Bv ____ *L C* ·      Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, MARTIN WOODS,
and JOHN "B" SHOEMAKER,                    )
                                           )
               Plaintiffs,                 )
                                           )
vs.                                        )
                                           )   A79-116 CIV
CECIL D. ANDRUS, Secretary of             )
the Interior, LEISNOI, INC.,              )   Case No._____
and KONIAG, INC., Regional                )
Native Corporations,                      )
                                           )   C O M P L A I N T
               Defendants.                 )
                                           )
_____)

For their cause of action, plaintiffs, by and
through their attorneys, HOUSTON & HENDERSON, complain and
allege as follows:

                              I.

        The defendant Secretary of the Interior (hereinafter
referred to as the "Secretary") is required by the Alaska Native
Claims Settlement Act, 43 U.S.C.A. §1610(d)(3), to find Alaska
Native Villages eligible to receive land conveyances, provided
that twenty-five or more Alaska Natives were residents of an
established village on the 1970 census enumeration date.

                              II.

        The alleged Village of Woody Island (Leisnoi) was
not an established village on the 1970 census enumeration date,
nor did it have twenty-five or more Natives as residents.

        Despite the fact that Woody Island did not meet the

IOUSTON & HENDERSON
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
IO5 WEST THIRD AVENUE
NCHORAGE, AK 99501
(907) 272-1527


EXHIBIT
E

1  statutory criteria of an eligible village, certain persons
2  claiming to be residents of Woody Island made application to
3  the Secretary to have the alleged village certified as eligible.
4  In support of their application, said individuals submitted to
5  the Department of Interior false affidavits obtained from
6  prospective stockholders of Leisnoi, Inc.  Said affidavits
7  contain material misrepresentations of fact which, if taken at
8  face value, would support the application for certification.
9                              III.
10            A field investigation was made by a servant of the
11  Secretary for the purpose of recommending whether Woody Island
12  should be certified by the Secretary as an eligible village.
13  The report of that investigation contains numerous material
14  false statements which the investigator knew or should have
15  known to be untrue.  The Secretary used the false information
16  contained in the investigation report and the false affidavits
17  submitted with the application as justification for his declara-
18  tion that Woody Island was an eligible village under the pro-
19  visions of the Alaska Native Claims Settlement Act.
20                              IV.
21            Defendant Leisnoi, Inc. was formed as an Alaska
22  business corporation for the purpose, in part, of receiving
23  title to federal land based upon the wrongful certification of
24  Woody Island as an eligible village.  Leisnoi, Inc. has made
25  tentative selections of land within the public domain on Kodiak
26  Island, Woody Island, and nearby areas, and has petitioned the
27  Secretary for patents to the lands thus selected.
28                              V.
29            Defendant Koniag, Inc., Regional Native Corporation,
30  has or claims to have mineral or other interests in all land to
31  which Leisnoi, Inc. might obtain patent.
32

DUSTON & HENDERSON
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
505 WEST THIRD AVENUE
ANCHORAGE, AK 99501
(907) 272-1527

                              -2-

VI.

Plaintiff Omar Stratman owns a grazing lease originally issued by the United States pursuant to 45 U.S.C.A. §471, under Serial No. A-059264, which said lease contains approximately 20,400 acres. All or portions of the lands underlying said lease were selected by the State of Alaska for patent to it pursuant to the Alaska Statehood Act and the administration of the lease was accordingly transferred from the United States to the State of Alaska. The land underlying the lease which had been selected by the State for patent has now been selected by Leisnoi, Inc. and the State will lose any rights it might have to the lands in question upon patent to Leisnoi, Inc. Because of State policy with respect to agricultural leaseholds and State statutes pertaining to the lease of State lands, the value of the leasehold to Stratman will be considerably diminished if patent is granted to Leisnoi, Inc., instead of to the State.

VII.

Stratman, in 1970, made application to the State of Alaska to lease an additional six thousand acres adjacent to his established ranching operation from lands which the State had selected for patent. Before the lease was issued, Leisnoi, Inc. selected for patent to it the lands underlying the lease for which Stratman had applied. The lease application has never been denied and has never been withdrawn by Stratman. The State cannot grant the lease to Stratman, however, until and unless it receives patent. The present selection by Leisnoi, Inc. remains as a continuing obstacle to granting of the lease application.

VIII.

Plaintiff Martin Woods is the owner of record of Lot Five (5), Survey No. 34-74, which lot contains approximately

OUSTON & HENDERSON
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
105 WEST THIRD AVENUE
ANCHORAGE, AK 99501
(907) 272-1527

-3-

1  3.57 acres located on Kodiak Island. Wood's lot, which had
2  been originally selected by the State of Alaska for patent to
3  it, was sold by a contract of sale, to which Woods became the
4  assignee of the interest of the original purchaser. Leisnoi,
5  Inc. has selected the lot for patent to it, however, and the
6  State has never received title. Woods has made substantial
7  improvements to the land in question but will lose his rights
8  to the land and improvements thereon if patent is granted to
9  Leisnoi, Inc.

IX.

11  Plaintiff John "B" Shoemaker is the owner of record
12  of Lot Seven (7), Survey No. 34-74, which lot contains approxi-
13  mately 3.67 acres located on Kodiak Island. Shoemaker was
14  granted the lot by the State of Alaska pursuant to a contract
15  of sale executed on May 22, 1968. Leisnoi, Inc. has selected
16  the lot for patent to it, however, and the State has never
17  received title. Shoemaker has made substantial improvements
18  to the land in question, but will lose his rights to the land
19  and improvements thereon if patent is granted to Leisnoi, Inc.

X.

21  In addition to the injuries complained of above,
22  the value of the property interests of the plaintiffs will be
23  adversely affected if adjacent and nearby lands are patented to
24  Leisnoi, Inc. instead of remaining in public ownership, or being
25  patented to the State of Alaska.

XI.

27  Although the plaintiffs' interests in the lands in
28  question were matters of record at all times pertinent to the
29  allegations herein, plaintiffs were not given notice by the
30  Secretary of the pending certification of Woody Island within
31  the time allowed by Department of Interior regulations to enter

32

DUSTON & HENDERSON
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
103 WEST THIRD AVENUE
NCHORAGE, AK 99501
(907) 272-1527

-4-

1    protests.  As a result, plaintiffs were denied an opportunity
2    to protest the certification of Woody Island and the selection
3    by Leisnoi, Inc. of federal lands for patent.  Had they been
4    afforded the opportunity to be heard, plaintiffs would have
5    presented evidence to show that there was no village eligible
6    for certification, and the allegations of residence and use
7    offered in support of the application of Woody Island were false.
8                                XII.
9          The Secretary has refused, and continues to refuse,
10   to re-examine his finding of eligibility of Woody Island, even
11   though he has had knowledge in his possession at least since
12   August of 1978 that Woody Island does not meet the statutory
13   criteria requisite to the patent of land to Leisnoi, Inc., and
14   that the determination of the eligibility of Woody Island was
15   based upon false affidavits made by persons in a position to
16   reap economic benefits from the certification of Woody Island.
17                                XIII.
18         Plaintiffs, and others similarly situated, will
19   suffer irreparable harm unless a permanent injunction is issued
20   preventing the transfer of said public lands to Leisnoi, Inc.
21                                XIV.
22         Jurisdiction and venue in this Court are provided
23   by 28 U.S.C.A. §1331 and 28 U.S.C.A. §1391.
24         WHEREFORE, plaintiffs pray as follows:
25         1.   That the Secretary be permanently enjoined from
26   issuing any patents to, or other interests in, any real property
27   in the federal domain to Leisnoi, Inc.
28         2.   That any conveyances of any interest in real
29   property that might have been made to said village corporation
30   by the Secretary be declared null and void.
31         3.   That the certification of eligibility of Woody
32

USTON & HENDERSON
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
08 WEST THIRD AVENUE
ICHORAGE, AK 99501
(907) 272-1527

-5-

1    Island by the Secretary be declared null and void.

2        4.   For such other relief as the Court deems just.

3        DATED this 13th day of April, 1979.

4                              HOUSTON & HENDERSON
5                              Attorneys for Plaintiffs

6
7        By: _Roger E. Henderson_____
8                              Roger E. Henderson

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

USTON & HENDERSON
ROFESSIONAL CORPORATION
ATTORNEYS AT LAW
35 WEST THIRD AVENUE
ICHORAGE, AK 99501
(907) 272-1527

-6-

FILED

⋯⋯ 4 1960

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, MARTIN WOODS, )
and JOHN "B" SHOEMAKER, )
 )
                Plaintiffs, )
        v. )
 )
CECIL D. ANDRUS, Secretary of )
the Interior, LEISNOI, INC., )
and KONIAG, INC., )
 )
                Defendants. )
_____)

No. A79-116 Civil

MEMORANDUM AND ORDER

THIS CAUSE comes before the court on non-federal

defendants' motion to dismiss and the motion of plaintiffs

and federal defendant to remand and stay pending administra-

tive proceedings.

The basic prerequisite for standing is that the

complaining party be injured.  The plaintiffs in this case

cannot show that any property interests they hold would be

injured by the certification of the Native village of

Woody Island.  All valid existing rights held by the

plaintiffs are protected by the Alaska Native Claims

Settlement Act, 43 U.S.C. §1613(g), and the interpretation

given that section by the Secretary of Interior,

P-034-B

EXHIBIT

F

ALL-STATE LEGAL®

FPI-MI—8-2-76-150M-5696

Secretarial Order No. 3016 (Dec. 14, 1977). <u>Stratman v.</u>
<u>Andrus</u>, 472 F. Supp. 1172 (D. Alaska 1979). Non-federal
defendants' motion to dismiss will be granted because
plaintiffs do not have standing to challenge the certification
of Woody Island or the selection of land by Leisnoi, Inc.

The federal government's motion for a stay and a
remand to the administrative agency for further proceedings
is completely inconsistent with positions taken recently by
the government in the related case referred to as <u>Stratman I</u>.
If this court lacks jurisdiction, it has no power to remand to
an administrative proceeding. Fed. R. Civ. P. 12(h) states
that "Whenever it appears by suggestion of the parties or
otherwise that the court lacks jurisdiction of the subject
matter, the court shall dismiss the action."  Whatever powers
the Secretary of Interior has to review the certification of
Woody Island or prevent the fraudulent conveyance of public
land are not dependent upon this court's jurisdiction over
this suit.  The Secretary of Interior does not create juris-
diction in this court by his desire to investigate a
particular situation.

Accordingly IT IS ORDERED:

1.  THAT non-federal defendants' motion to dismiss is
granted.

2.  THAT federal defendant's and plaintiffs' motion
for remand and stay pending administrative proceeding is
denied as moot.

3.  THAT the Clerk prepare a final Judgment form stat-
ing that this case is dismissed.

DATED at Anchorage, Alaska, January 4, 1980

cc: Martin Greene,
Dan Hensley., Roger
Henderson, Edward Weinberg,                    United States District Judge
Cynthia Pickering, Asst.
    U. S. Attorney

P-034-B

FPI-MI—6.2-76-150M-5896

Secretarial Order No. 3016 (Dec. 14, 1977). <u>Stratman v.
Andrus</u>, 472 F. Supp. 1172 (D. Alaska 1979). Non-federal
defendants' motion to dismiss will be granted because
plaintiffs do not have standing to challenge the certification
of Woody Island or the selection of land by Leisnoi, Inc.

The federal government's motion for a stay and a
remand to the administrative agency for further proceedings
is completely inconsistent with positions taken recently by
the government in the related case referred to as <u>Stratman I</u>.
If this court lacks jurisdiction, it has no power to remand to
an administrative proceeding. Fed. R. Civ. P. 12(h) states
that "Whenever it appears by suggestion of the parties or
otherwise that the court lacks jurisdiction of the subject
matter, the court shall dismiss the action." Whatever powers
the Secretary of Interior has to review the certification of
Woody Island or prevent the fraudulent conveyance of public
land are not dependent upon this court's jurisdiction over
this suit. The Secretary of Interior does not create juris-
diction in this court by his desire to investigate a
particular situation.

Accordingly IT IS ORDERED:

1. THAT non-federal defendants' motion to dismiss is
granted.

2. THAT federal defendant's and plaintiffs' motion
for remand and stay pending administrative proceeding is
denied as moot.

3. THAT the Clerk prepare a final judgment form stat-
ing that this case is dismissed.

DATED at Anchorage, Alaska, January 4, 1980.

cc: Martin Greene,
Dan Hensley., Roger
Henderson, Edward Weinberg,       United States District Judge
Cynthia Pickering, Asst.
   U. S. Attorney

P-034-B

JUDGMENT ON DECISION BY THE COURT

F I L ⁅ ⁆ (7-63)

# United States District Court

## FOR THE

### DISTRICT OF ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

OMAR STRATMAN, MARTIN WOODS, JOHN "B"
SHOEMAKER,
    Plaintiffs,

CIVIL ACTION FILE No. A79-116

vs.

CECIL D. ANDRUS, Secretary of the Interior,
LEISNOI, INC., and KONIAG, INC., Regional
Native Corporation,
    Defendants.

JUDGMENT

This action came on for ~~trial~~ consideration before the Court, Honorable   JAMES A. VON DER HEYDT
, United States District Judge, presiding, and the issues having been duly ~~tried~~ considered
~~(XXX)~~ and a decision having been duly rendered,

It is Ordered and Adjudged   that this case is dismissed.

Dated at  Anchorage, Alaska

of   January   , 1980 .

, this   7 ᵀᴴ   day

APPROVED:

_____
United States District Judge

cya: Henderson
Pickering
Hensley

JoAnn Myres
_____
Clerk of Court

By: _____
Deputy Clerk