Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street   Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.

**FILED**

MAR 28 1995

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS, <br><br> Plaintiffs, <br><br> versus <br><br> BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., Regional Native Corporation, <br><br> Defendants. | Case No. 76-132 CIV (JAV) <br><br> **MOTION FOR SUMMARY JUDGMENT** |

COMES NOW, LEISNOI, INC., through counsel, EDGAR PAUL BOYKO & ASSOCIATES, and, without prejudice to its position that a stay of all proceedings should be granted pending the filing of a Petition for Certiorari, hereby moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment dismissing all claims of Omar Stratman with prejudice.

Anchorage, Alaska this 27th day of March, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
    Edgar Paul Boyko

By: _____
    John Richard Fitzgerald

EXHIBIT

6

ALL-STATE LEGAL®

207

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

Edgar Paul Boyko
John Richard Fitzgerald
EDGAR PAUL BOYKO & ASSOCIATES
711 H Street   Suite 510
Anchorage, Alaska  99501
(907) 279-1000
Attorneys for Leisnoi, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| OMAR STRATMAN, TONI BURTON, JOHN MURRAY, and MICHAEL DEVERS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 76-132 CIV (JAV) |
| versus | ) ) | |
| BRUCE BABBITT, Secretary of the Interior; ANTON LARSEN, INC.; LEISNOI, INC.; and KONIAG, INC., Regional Native Corporation, | ) ) ) ) ) | **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) ) | |

I.   THIS MATTER HAS ALREADY BEEN ADJUDICATED

The claims that Stratman has brought against Leisnoi,
Inc. ("Leisnoi") in this case have already been adjudicated
and dismissed with prejudice in another case between Stratman
and Leisnoi.[1]   Final Judgment has been entered against
Stratman and in favor of Leisnoi.[2]   Stratman took no appeal

---

[1]Stratman v. Leisnoi, Inc., et. al, Case No. A79-116
CIV.  The Court's Order of January 4, 1980 held that Stratman
does "not have standing to challenge the certification of
Woody Island or the selection of land by Leisnoi, Inc." See,
Exhibit B.

[2]Final Judgment was entered on January 7, 1980. See,
Exhibit C.

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

from the Final Judgment against him. All his claims in this case are now barred by the doctrines of *res judicata* and collateral estoppel. <u>Federated Department Stores v. Moitie</u>, 452 U.S. 394, 69 L.Ed.2d 103, 101 S. Ct. 2424 (1981).

<u>II. FACTUAL BACKGROUND</u>

Stratman brought suit against Leisnoi, Inc. and others in 1976, Case No. 76-132 Civil (JAV) ("Stratman I"). In that case, he attempted to challenge the propriety of land conveyances to Leisnoi. This Court dismissed Stratman's complaint on October 16, 1978, after concluding that Leisnoi's relinquishment of land underlying the area encompassed by Stratman's grazing lease rendered the case moot. Stratman took an appeal from that dismissal.

Rather than simply waiting to see whether the Court of Appeals for the Ninth Circuit would reverse this Court's order of dismissal, Stratman filed a second suit ("Stratman II") against Leisnoi on April 20, 1979.[3] Stratman's second suit prayed "That any conveyances of any interest in real property that might have been made to said village corporation by the Secretary be declared null and void" and "That the certification of eligibility of Woody Island by the Secretary be declared null and void." <u>See</u>, Complaint in Case No. A79-116 CIV, at pages 5-6, Exhibit A.

---

[3]Stratman's Complaint against Leisnoi in Case No. A79-116 CIV ("Stratman II") is attached hereto as Exhibit A.

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 2 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

On January 4, 1980, this Court dismissed Stratman's Complaint in Stratman II.  In its Memorandum and Order, this Court ruled that "Non-federal defendants' motion to dismiss will be granted because plaintiffs do not have standing to challenge the certification of Woody Island or the selection of land by Leisnoi, Inc." Exhibit B, at page 2.  Three days later, on January 7, 1980, the Clerk of this Court, with written approval of Judge Von der Heydt, issued a Final Judgment: "It is Ordered and Adjudged that this case is dismissed." See, Exhibit C.

Stratman took no appeal from the Final Judgment.

### III.  *RES JUDICATA* EFFECT MUST BE GIVEN TO THE FINAL JUDGMENT THAT DISMISSED STRATMAN'S CLAIMS AGAINST LEISNOI

Where a Final Judgment has been entered, the doctrine of *res judicata* bars litigation between the same parties of claims that were or could have been litigated in the original action. Federated Department Stores v. Moitie, 452 U.S. 394 (1981). The principles of *res judicata* apply to questions of jurisdiction as well as to other issues. American Surety Co. v. Baldwin, 287 U.S. 156 (1932).  *Res judicata* attaches to the rulings of this Court in Stratman II that "plaintiffs do not have standing" and that "The plaintiffs in this case cannot show that any property interests they hold would be injured by the certification of the Native village of Woody Island", Memorandum and Order at pages 1, 2.

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 3 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

The procedural history of this case is similar to that in <u>Federated Department Stores v. Moitie</u>, 452 U.S. 394 (1981). In that case, consumers brought an antitrust suit against a department store alleging price fixing. The United States District Court in California dismissed, holding that the plaintiffs lacked standing to sue because they failed to allege an injury to their business or property within section 4 of the Clayton Act, 15 USC section 15. Some of the plaintiffs appealed from that decision, but Moitie and Brown did not. Instead, they filed a second suit.[4]

The Court of Appeals for the Ninth Circuit reversed and remanded the dismissal in light of <u>Reiter v. Sonotone Corp.</u>, 442 U.S. 330 (1979), a U.S. Supreme Court case that held retail purchasers can suffer an injury to their business or property within the meaning of the Clayton Act.

The plaintiffs who filed a second suit had their claims in the second suit dismissed on the basis of the *res judicata* effect accorded the Final Judgment that had been entered against them. The Court of Appeals for the Ninth Circuit, on appeal from the dismissal of the second suit, reversed the dismissal, finding that "non-appealing parties may benefit from a reversal when their position is closely interwoven with that of the appealing parties," and concluded that

---

[4]The second suit was brought in state court and promptly removed to federal court.

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 4 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

"[b]ecause the instant dismissal rested on a case that has been effectively overruled", the doctrine of *res judicata* must give way to "public policy" and "simple justice." 611 F.2d 1267 at 1269-70.

The United States Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit. The Supreme Court held that the Final Judgment should be accorded *res judicata* effect even though the judgment had been based upon an erroneous conclusion that the plaintiffs lacked standing to sue under the Clayton Act:

> "Nor are the *res judicata* consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."

<u>Federated Department Stores v. Moitie</u>, 101 S.Ct. 2424, 2428 (1981).

The Supreme Court noted that an erroneous decision does not deprive the defendants "of their right to rely upon the plea of res judicata." The decision is consistent with an earlier ruling by the United States Supreme Court in <u>Stoll v. Gottlieb</u>, 305 U.S. 165, 171 (1938) that a final adjudication, whether erroneous or not, becomes *res judicata*: "After a federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of *res judicata* is made has not the power to inquire again into that jurisdictional fact." <u>Stoll v. Gottlieb</u>, 305

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 5 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

U.S. at 172.    The <u>Moite</u> decision was also consistent with the Court's ruling in <u>Chicot County Drainage District v. Baxter State Bank</u>, 308 U.S. 371 (1940) that a determination of jurisdiction, while open to direct review, is entitled to *res judicata* effect, even if erroneous.[5]

Thus, the issue is not whether this Court correctly ruled, in Stratman II, that plaintiff Stratman lacks standing to sue Leisnoi to challenge its certification or the conveyances of land to Leisnoi.    The issue is rather the preclusive effect that must be given the Stratman II Final Judgment entered in Leisnoi's favor, from which Stratman took no appeal.    Under the doctrine of *res judicata*, this Final Judgment precludes litigation between the same parties of

---

[5]Other authority militating in favor of summary judgment here consists of <u>Jackson v. Irving Trust Co.</u>, 311 U.S. 494, 503 (1941) ("If the district court erred in dealing with any issued involved, the remedy was by appeal and no appeal was taken."); <u>Sunshine Anthracite Coal Co. v. Adkins</u>, 310 U.S. 381 (1940) ("[T]he principles of *res judicata* apply to questions of jurisdiction as well as to other matters – whether it be judgment of the subject matter or of the parties."; <u>Independence Mortgage Trust v. White</u>, 446 F.Supp. 120, 122 (D.Oregon 1978) ("While I agree with defendant White that my finding of jurisdiction was in error... I hold that the finding of jurisdiction is *res judicata*...."); <u>Barzin v. Selective Service</u>, 446 F.2d 1382 (3rd Cir.1971) (*res judicata* attaches even despite a change in the law following a jurisdictional dismissal); <u>Yanow v. Weyerhauser SS Co.</u>, 274 F.2d 274 (9th Cir. *en banc* 1959) (if no appeal is taken from a final adjudication, it becomes *res judicata*, even if erroneous.)

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 6 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

claims that were or could have been litigated in the original

action.[6]

The policies underlying *res judicata* are salutary

principles that should be rigorously enforced by the courts:

> "The doctrine of res judicata serves vital public
> interests beyond any individual judge's ad hoc
> determination of the equities in a particular
> case. There is simply 'no principle of law or
> equity which sanctions the rejection by a federal
> court of the salutary principle of res judicata.'
> <u>Heiser v. Woodruff</u>, 327 U.S. 726, 763 66 S.Ct. 853,
> 856, 90 L.Ed. 970 (1946). The Court of Appeals'
> reliance on 'public policy' is similarly
> misplaced. This Court has long recognized that
> '[p]ublic policy dictates that there be an end of
> litigation; that those who have contested an issue
> shall be bound by the result of the contest, and
> that matters once tried shall be considered
> forever settled as between the parties.' <u>Baldwin
> v. Traveling Men's Assn.</u>, 283 U.S. 522, 525, 51
> S.Ct. 517, 518, 75 L.Ed. 1244 (1931). We have
> stressed that "[the] doctrine of *res judicata* is
> not a mere matter of practice or procedure
> inherited from a more technical time than ours.
> It is a rule of fundamental and substantial
> justice, 'of public policy and of private peace,'
> which should be cordially regarded and enforced by
> the courts..." <u>Hart Steel Co. v. Railroad Supply
> Co.</u>, 244 U.S. 294, 299, 37 S.Ct. 506, 507, 61
> L.Ed. 1148 (1917)."

<u>Federated Department Stores v. Moitie</u>, 101 S.Ct. at 2429.

---

[6]Issues litigated in Stratman II are also barred from
relitigation here by virtue of the doctrine of collateral
estoppel since the same issues have already been adjudicated
in the Stratman II case, involving the same parties or their
privies. <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 322 (9th
Cir.1988). The issue of certification of Woody Island and
selection of land by Leisnoi has already been litigated in
this very Court: "[P]laintiffs do not have standing to
challenge the certification of Woody Island or the selection
of land by Leisnoi, Inc." Memorandum and Order of January 4,
1980, Exhibit B. Stratman cannot litigate these issues
again. Leisnoi, Inc. asserts collateral estoppel as another
legal doctrine entitling Leisnoi to summary judgment.

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 7 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279-8944

Stratman cannot bring a claim, have it reduced to Judgment against him, fail to appeal from the Final Judgment, then attempt to litigate again against Leisnoi the claims brought or that could have been brought in that suit. There must be an end to all litigations, and Stratman can no longer pursue or litigate claims against Leisnoi that were or could have been brought against Leisnoi[7] in <u>Stratman v. Leisnoi, Inc., et al</u>, Case No. A79-116 CIV:

> "'[W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of *res judicata*, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation - a maxim which comports with common sense as well as public policy. And the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.' <u>Reed v. Allen</u>, 286 U.S. at 198-199, 52 S.Ct. at 533.

<u>Federated Department Stores, Inc. v. Moitie</u>, 101 S.Ct. 2424 at 2431 (1981).

Accordingly, the Final Judgment in <u>Stratman v. Leisnoi, Inc., et al</u>, Case No. A79-116 CIV, forever bars Omar Stratman from litigating Leisnoi's certification, Leisnoi's

---

[7]Claims that could have been brought in the second suit include actions to enjoin logging, or qui tam claims. The interim conveyance to Leisnoi, Inc. of the Chiniak property upon which logging operations are taking place, and which operations are now the subject of Stratman's motion for a preliminary injunction, were made on April 9, 1979, prior to Stratman's filing his Complaint on April 20, 1979. <u>See</u>, Interim Conveyance No. 171, dated April 9, 1979, attached hereto as Exhibit D.

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 8 of 10

Edgar Paul Boyko and Associates
711 H Street, Suite 510 · Anchorage, Alaska 99501
(907) 279-1000 · FAX (907) 279-8944

entitlement to land conveyances, or any other claim that Omar
Stratman did or could have asserted in Stratman II, including
claims to cease logging operations on the property conveyed
to Leisnoi, Inc. on April 9, 1979.

IV.  CONCLUSION

Had Stratman simply appealed from this Court's order of
dismissal in Stratman I, and obtained a reversal and remand,
the doctrine of *res judicata* would not bar litigation of the
claims he has brought against Leisnoi.  Stratman chose,
however, to file a second suit, which he lost.  Stratman then
chose not to appeal from the Final Judgment entered against
him in favor of Leisnoi.  These two tactical decisions made
by Stratman have effectively resulted in Stratman having
hoisted his own petard.  Not content to leave well enough
alone, Stratman's hyper-litigiousness has resulted in a Final
Judgment against him from which no appeal was taken, which
Final Judgment bars further litigation by Stratman against
Leisnoi, Inc.:

> A final judgment on the merits of an action
> precludes the parties or their privies from
> relitigating issues that were or could have been
> raised in that action.

Federated Department Stores, Inc. v. Moitie, 101 s.Ct. at
2428.

Leisnoi, Inc. is entitled to dismissal of all claims
Stratman is pursuing against Leisnoi in the instant case,
since the doctrine of *res judicata* bars litigation between

Edgar Paul Boyko and Associates
7111 Street, Suite 510 • Anchorage, Alaska 99501
(907) 279-1000 • FAX (907) 279 8944

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 9 of 10

the same parties of claims that were or could have been litigated in the Stratman II. Stratman's claims have already been reduced to a Final Judgment from which no appeal was taken.

WHEREFORE, in the event this Court declines to grant a stay pending the filing of a Petition for Certiorari, then, pursuant to Federal Rule of Civil Procedure 56, and the doctrines of *res judicata* and collateral estoppel, Leisnoi, Inc. is entitled to summary judgment dismissing all of Omar Stratman's claims.

Anchorage, Alaska this 27 day of March, 1995.

EDGAR PAUL BOYKO & ASSOCIATES

By: _____
Edgar Paul Boyko

By: _____
John Richard Fitzgerald

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
Page 10 of 10

Eric R. Cossman
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska 99501
(907) 277-9306

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,      )
JOHN MURRAY, and MICHAEL         )
DEVERS,                          )
                                 )
            Plaintiffs,          )          Case No. 76-132-A-JAV
                                 )
vs.                              )
                                 )
BRUCE BABBITT, Secretary of      )
the Interior; ANTON LARSEN,      )
INC.; LEISNOI, INC.; and         )
KONIAG, INC., Regional Native    )
Corporation,                     )
                                 )
            Defendants.          )
_____)

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

A.    <u>Introduction</u>

    Leisnoi moves for summary judgment on the ground that Stratman's claim is barred by

the judgment of dismissal entered in Case No. A79-116. That action was brought, and the

judgment issued, after the dismissal of this action for lack of standing, and during the pendency

of the first Ninth Circuit appeal.

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

1



As the court may recall, this action was originally dismissed on October 16, 1978, on the ground that Stratman lacked standing to challenge Leisnoi's certification as an ANCSA Native village corporation. (Dks. 85 and 86). The judgment of dismissal was based on two rulings: 1) that Stratman did not have standing based on injury to his recreational interests; and 2) that Stratman did not have standing based on economic injury to his leasehold interests because Leisnoi had since quitclaimed any interest in the selected lands that were subject to Stratman's leaseholds, mooting this asserted basis for standing. The dismissal was appealed to Ninth Circuit on December 13, 1978. (Dk. 90). The Ninth Circuit ultimately vacated the dismissal, holding that injury to Stratman's recreational interests was sufficient to impart standing. See Stratman v. Watt, 656 F.2d 1321, 1324 (9th Cir. 1981).

Stratman, and two other persons who had not been parties to the first action, brought the second action in Case No. A79-116 on April 20, 1979, after the dismissal of this action, and during the pendency of the first Ninth Circuit appeal. Brought on the same claim as the first action, Stratman sought to establish standing based on economic injury to other leasehold interests on lands that had not been disclaimed by Leisnoi.[1] Stratman thus sought to establish standing on grounds that had been excluded from determination as moot in the first action.

The court dismissed the second action for lack of standing on January 4, 1980, prior to the Ninth Circuit's decision in Stratman v. Watt. It held that Stratman's leasehold interests did not impart standing because, as "valid existing rights," they were protected from any adverse economic consequences under ANCSA, 43 U.S.C. § 1613(g). This dismissal was not appealed.

---

[1] The two other plaintiffs also asserted standing based on property interests held on lands that had not been disclaimed by Leisnoi.

2

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

claim in this action. Its entire argument rests on the maxim that an unappealed judgment bars a <u>subsequent</u> action on the same claim. However, this is a <u>preceding</u> action, with a preexisting judgment and appeal. Leisnoi's simplistic analysis overlooks several applicable principles that prevent the assertion of the second judgment as a bar to this action. As discussed below, these include:

       1) a judgment in a subsequent action cannot bar a <u>preceding</u> action that has already proceeded to judgment and appeal on the same claim and issue;

       2) a judgment of dismissal for lack of standing is not an adjudication on the merits, and does not bar another action on the same claim; it merely precludes relitigation of the precise issue of standing that led to the dismissal;

       3) the court is precluded by the doctrine of the law of the case from redetermining on <u>any</u> grounds, including res judicata, the Ninth Circuit's decision in <u>Stratman v. Watt</u> that Stratman has standing to maintain this action; only the Ninth Circuit or Supreme Court can alter or amend this determination.

B.    <u>A judgment in a subsequent action cannot operate as a bar to a preceding action that has already proceeded to judgment and appeal on the same claim and issue</u>

Leisnoi relies almost entirely on <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 101 S.Ct. 2424 (1981). However, <u>Moitie</u>, merely held that an unappealed judgment in a prior action bars a second action on the same claim. The Court rejected the "exception" to res judicata recognized by the Ninth Circuit, that where a final judgment is reversed as to appealing parties, a non-appealing party may also be excused, under certain circumstances, from the

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

3

preclusive effects of the prior judgment in a subsequent action. Moitie simply applied the maxim of res judicata that a final judgment bars a subsequent action on the same claim. Because the plaintiff had not joined in the appeal, the lower court's judgment remained valid and final as to him, and therefore barred his subsequent action.

Leisnoi blithely asserts that "[t]he procedural history of this case is similar to [Moitie]". Leisnoi's memorandum at 4. However, the procedural history, and issues, in this case are completely opposite. Unlike the plaintiffs in Moitie, Stratman did join in the appeal from the dismissal of the first action. Unlike the defendants in Moitie, Leisnoi is asserting the judgment of the second action as a bar to the first action. The issue in Moitie was whether an unappealed judgment in the first action barred the second action. The issue here is whether an unappealed judgment in the second action bars the first action. Moitie simply has no bearing on this issue.

It is a maxim of res judicata that a judgment in a preceding bars the same claim in a subsequent action. However, a judgment in a subsequent action cannot bar the same claim a preceding action that has already proceeded to judgment and appeal.

There are several principles of res judicata regarding the consequences of inconsistent judgments and appeals. First, the taking of an appeal does not affect or suspend the preclusive effects of a lower court judgment, which retains all of its res judicata effects pending determination of the appeal. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993); Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988); 18 Wright & Miller, Federal Practice and Procedure, § 4433, at 308. Once the appeal is decided, the appellate decision assumes the preclusive effects of the lower court judgment. 18 Wright & Miller, Federal Practice and Procedure, § 4432 at 302; 1B Moore, Federal Practice, ¶ 0.416[2] at III-314. Second, where

LAW OFFICES

MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

4

there are two or more inconsistent judgments on the same claim or issue, the most recent judgment, or "last in time", is accorded preclusive effect. Robi v. Five Platters, Inc., 838 F.2d 318, 322-23 (9th Cir. 1988); Americana Fabrics, Inc. v. L & L Textiles, Inc., 754 F.2d 1524, 1529-30 (9th Cir. 1985).

Where, as here, a second judgment is entered while the first judgment is pending on appeal, the second judgment has no res judicata consequences in the first action.

> The effect of a second inconsistent judgment may seem more complex if it is entered while the first judgment is pending on appeal. One recent decision has simply stated that the second judgment cannot have any bearing on a judgment that was entered at an earlier date.

18 Wright & Miller, Federal Practice and Procedure, § 4404 at 30, citing Flood v. Harrington, 532 F.2d 1248, 1250 (9th Cir. 1976).

> The special problems of repose may be illustrated by the awkward juxtaposition between the question of preclusion pending appeal and the rule that preclusion is controlled by the last judgment in time. . . . The most direct question is whether any preclusive effects of the second judgment can be pleaded under the last-in-time rule in arguing the appeal from the first judgment. One recent decision, without elaboration, has said that it cannot. In Flood v. Harrington, C.A.9th, 1976, 532 F.2d 1248, 1250, the first action was dismissed on October 30. On November 28, judgment was entered in a second action. An effort to raise the second judgment as res judicata during the appeal from the first action was rejected tersely. "[T]he latter order can scarcely constitute a bar to the instant action, decided below on an earlier date." As a matter of abstract dialectic, this conclusion can be supported by urging that the appellate decision in the first action will become the next last-in-time judgment, entitled to be honored as the second proceeding winds on.

18 Wright & Miller, supra, § 4433 at 314 (footnote supplied).

As noted above, the Ninth Circuit has specifically held that a subsequent judgment cannot bar an action that has already proceeded to judgment and appeal. Flood v. Harrington, 532 F.2d 1248 (9th Cir. 1976). Flood involved an action against the government based on the assessment of the plaintiff's income taxes. It was dismissed with prejudice, and the plaintiff appealed.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

...ing appeal, judgment was entered in favor of the government in a separate action to collect

plaintiff's assessed taxes.  The government subsequently argued that the final judgment in the

collection action barred plaintiff's first action.  The Ninth Circuit rejected any application of res

judicata or collateral estoppel in the appeal:

> The government argues belatedly that principles of res judicata and collateral
> estoppel prohibit Flood from asserting the claims herein.  Even if the government
> had properly pleaded the applicability of those principles, we could not find them
> to be dispositive here.
>
> In this case, the district court's order dismissing the complaint and action with
> prejudice was filed on October 30, 1973.  According to the government's brief,
> the district court order granting summary judgment for the government in United
> States v. Flood, supra, was not filed until November 28, 1973.  Hence, the latter
> order can scarcely constitute a bar to the instant action, decided below on an
> earlier date.

Id. at 1250.

Similarly, in Priddy v. Edelman, 883 F.2d 438 (6th Cir. 1989), the Sixth Circuit rejected

the asserted bar of a subsequent judgment in the appeal of the first action:

> The defendants contend first that the district court's approval of the Warshofsky
> settlement somehow precludes this court's consideration of the merits of the
> appeal from the earlier dismissal of the Priddy action.  Although the trial
> judgment in Warshofsky would have the effect of barring Mr. Priddy and others
> bound by the settlement from bringing new lawsuits based on the same sequence
> of events, the judgment cannot deprive us of appellate jurisdiction over a pending
> appeal from a preexisting judgment.  As the Court of Appeals for the Ninth
> Circuit held in a similar case, "the latter order can scarcely constitute a bar to the
> instant action, decided below on an earlier date."  Flood v. Harrington, 532 F.2d
> 1248, 1250 (9th Cir. 1976).

Id. at 442.

Flood was also followed, coincidentally, by the Alaska Supreme Court in Holmberg v.

State, Div. of Risk Mgt., 796 P.2d 823 (Alaska 1990).  In Holmberg, a workers compensation

claimant sought to reverse a Alaska Workers' Compensation Board (AWCB) decision denying

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

... ~~permanent total disability~~ benefits on the ground that a subsequent decision of the Public

Employees Retirement Board (PERB) had conclusively determined that she was not physically

able to perform her job duties. The Court rejected any application of res judicata in the first

action because it had issued the first final judgment, even though it had been appealed.

> [E]ven if the state and PERS were in privity, the PERB decision would not
> preclude any issues raised in the earlier AWCB proceeding because the PERB
> decision was not the first final judgment addressing those issues.  Holmberg
> observes that "[t]his case presents the collateral estoppel issue in a somewhat
> unusual procedural context."  AWCB reached its decision first.  While that
> decision was on appeal, PERB entered a contrary decision which was not
> appealed.  Holmberg argues that the PERB decision was the first final judgment
> for the res judicata purposes and therefore precludes AWCB's contrary decision
> because the AWCB decision was appealed.
>
> We disagree.  A final judgment retains all of its res judicata effects pending
> resolution of an appeal of the judgment. . . .  In Flood v. Harrington, 532 F.2d
> 1248 (9th Cir. 1976), the court summarily rejected a similar tactic:  "the later
> order can scarcely constitute a bar to the instant action, decided below on an
> earlier date."  532 F.2d at 1250.  We agree.  To reward relitigation of an issue
> by reversing the original determination is completely at odds with the purpose of
> collateral estoppel to prevent relitigation of issues that already have been decided.

Id. at 829.  See also Cycles, Ltd. v. Navistar Financial Corp., 37 F.3d 1088 (5th Cir. 1994)

(district court erred in according res judicata effects to a subsequent judgment in another case

and amending its own prior judgment); American Postal Workers Union v. U.S. Postal Ser., 736

F.2d 317 (6th Cir. 1984) (district court erred in according collateral estoppel effects to a

subsequent judgment in another case and reversing its own prior determination).

   The law is clear.  Because the judgment of dismissal and appeal of this case preceded the

judgment in Case No. A79-116, it has no application or res judicata effects on this action.

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Dismissal for lack of standing does not bar another action on the same claim

Even if this had been a subsequent action, rather than a preceding one, it still would not have been barred by the judgment of dismissal in Case No. A79-116. A judgment of dismissal for lack of standing is not a judgment on the merits, and does not bar a subsequent action on the same claim. It only precludes relitigation of the precise issue of standing determined; however, the plaintiff remains free to bring another action and establish standing on other grounds.

Claim preclusion attaches only to judgments "on the merits". 18 Wright & Miller, Federal Practice and Procedure, § 4435; Heath v. Cleary, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983). A judgment of dismissal for lack of jurisdiction is not a judgment on the merits, and does not bar another action by the plaintiff on the same claim. Segal v. American Telephone & Telegraph, Co., Inc., 606 F.2d 842, 844 (9th Cir. 1979) ("Although a judgment of dismissal for lack of jurisdiction is valid and final, the judgment does not bar another action by the plaintiff on the same claim"); 18 Wright & Miller, supra, § 4436. The judgment is effective only for purposes of issue preclusion, and precludes relitigation of the precise issue of jurisdiction that led to the dismissal. 18 Wright & Miller, supra, § 4436. Dismissals for want of justiciability are governed by the same principles. See generally 18 Wright & Miller, supra, § 4436 at 344-45; see also Heath v. Cleary, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983).

Dismissals for lack of standing, like other issues of justiciability, are governed by the same principles that apply to dismissals for lack of jurisdiction. The dismissal forecloses relitigation of the precise issue of standing determined, but it does not bar the plaintiff's claim nor preclude a subsequent action where standing can be established on other grounds. See In re Curry and Sorensen, Inc., 57 B.R. 824, 829 n. 4 (9th Cir. Bkrtcy.App. 1986); McCarney

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

8

89 (D.C.Cir. 1987); <u>Lomax v. Nationwide Mut. Ins. Co.</u>, 776 F.Supp. 870, 874-75 (D.Del. 1991); <u>Marquis v. U.S. Sugar Corp.</u>, 652 F.Supp. 598, 600 n. 1 (S.D.Fla. 1987); <u>Watkins v. Resorts Intern. Hotel & Casino</u>, 591 A.2d 592, 601-05 (N.J. 1991); <u>Batterman v. Wells Fargo AG Credit Corp.</u>, 802 P.2d 1112, 1118 (Colo.App. 1990). <u>See also</u> 1B Moore, <u>Federal Practice</u>, ¶ 0.409[1.-2] at III-138 and n. 36; 18 Wright & Miller, <u>supra</u>, § 4436 and 1994 Supp. at 254-55 n. 17.

Therefore, even if the judgment in Case No. A79-116 had preceded this action, it still would not have barred Stratman's claim. It would have only precluded relitigation of the precise issue of standing determined in that action, i.e., that economic injury to Stratman's leasehold interests did not impart standing. Because Stratman asserted, and established, different grounds for standing in this action, i.e., injury to his recreational interests, the judgment in Case No. A79-116 also would not have collaterally estopped Stratman in this action.[2]

Even if the issues of standing had been the same in both actions, the judgment of dismissal in Case No. A79-116 would not have collaterally estopped Stratman in this action. The Ninth Circuit's decision in <u>Stratman v. Watt</u> that Stratman has standing was issued after the dismissal of Case No. A79-116, and therefore became entitled to preclusive effects, for purposes of collateral estoppel, as the "last judgment in time." <u>See</u> 18 Wright & Miller, <u>Federal Practice and Procedure</u>, § 4434 at 321; Restatement (Second) of Judgments § 13.

---

[2] By the same token, Stratman's second action was itself properly brought on the same claim following the original dismissal of this action for lack of standing. Because it sought to establish standing on different grounds than those decided in this action, it too, was not subject to either collateral estoppel or claim preclusion.

9

D.   The court is precluded by the doctrine of the law of the case by the
     Ninth Circuit's decision in _Stratman v. Watt_ that Stratman has standing to maintain this
     action

Another fundamental reason why the judgment of dismissal in Case No. A79-116 can

have no effect on this action is application of the doctrine of the law of the case.

The doctrine of the law of the case precludes a court from reconsidering an issue that has

already been decided by the same court, or a higher court in the identical case.  Thomas v.

Bible, 983 F.2d 152, 154 (9th Cir. 1993); 1B Moore, Federal Practice, ¶ 0.404[1] at II-2.  It

is itself regarded as a variety of res judicata. Id.; Moore v. Jas. H. Matthews & Co., 682 F.2d

830, 833 (9th Cir. 1982).  It serves the dual purpose of:  (1) protecting against the agitation of

settled issues; and   (2) assuring the obedience of inferior courts to the decisions of superior

courts.  1B Moore, supra, ¶ 0.404[1] at II-2.

When a case is appealed and remanded, the decision of the appellate court establishes the

law of the case, which must be followed by the trial court on remand.   The trial court lacks

authority to depart from it, and any changes must be obtained in the appellate court that

established it, or by the Supreme Court.  1B Moore, Federal Practice, ¶ 0.404[1] at II-2 to II-3.

> It is often stated that the decision of an appellate court on an issue of law
> becomes the law of the case on remand.  This application of the doctrine lacks
> completely the flexibility of the same doctrine as applied to the law decided by
> the trial court prior to judgment.   In this situation the district court owes
> obedience to the mandate of the Supreme Court or the court of appeals and must
> carry it into effect according to its terms.   It can be compelled to do so by
> mandamus, or by a second appeal.  If circumstances arise that cast doubt on the
> correctness of the law of the case as established on appeal, arguments in support
> of departure from the mandate must be addressed to the appellate court, either in
> a petition for rehearing, or if the time for filing a motion for rehearing has
> passed, by motion for recall of the mandate . . . .

1B Moore, supra, ¶ 0.404[10] at II-58 to II-60 (footnotes omitted).

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

10

This court must therefore adhere to the Ninth Circuit's decision in Stratman v. Watt, in any event. Watt's decision that Stratman has standing to maintain this action cannot be redetermined on any grounds, including res judicata or collateral estoppel, and can be altered only by the Ninth Circuit or the Supreme Court. See e.g., Blasband v. Rales, 979 F.2d 324 (3rd Cir. 1992) (district court was barred by law of the case from re-determining issue of standing where the appellate court had already decided that the plaintiff had standing).

E.    Conclusion

Leisnoi's motion runs afoul of several fundamental rules of law. Yet it unabashedly boasts that Stratman has "hoisted his own petard" and barred his own action as a consequence of his "hyper-litigiousness". Leisnoi's memorandum at 9. The parties and this court would be better served if Leisnoi engaged in a little less bravado and a little more rudimentary research before again taking this court's time to vex about Stratman's "hyper-litigiousness".

For the foregoing reasons, Leisnoi's motion for summary judgment should be denied.

DATED at Anchorage, Alaska this _____th day of _____, 1995.

LAW OFFICES OF MICHAEL J. SCHNEIDER, P.C.
Attorneys for Plaintiff Omar Stratman

By_____
     Michael J. Schneider

By_____
     Eric R. Cossman

LAW OFFICES
MICHAEL J. SCHNEIDER, P. C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

11

Michael J. Schneider
LAW OFFICES OF
MICHAEL J. SCHNEIDER, P.C.
880 "N" Street, Suite 202
Anchorage, Alaska  99501
(907) 277-9306

Attorneys for Plaintiff
OMAR STRATMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

OMAR STRATMAN, TONI BURTON,  )
JOHN MURRAY, and MICHAEL     )
DEVERS,                      )
                             )
          Plaintiffs,        )
                             )
     vs.                     )
                             )
JAMES G. WATT, Secretary of  )
the Interior; ANTON LARSEN,  )
INC.; LEISNOI, INC.; and     )
KONIAG, INC., REGIONAL       )
NATIVE CORPORATION,          )
                             )
          Defendants.        )  No. 76-0132-A-JAV
_____)

AFFIDAVIT OF OMAR STRATMAN
IN SUPPORT OF PLAINTIFF STRATMAN'S
REPLY TO OPPOSITION TO MOTION FOR RELIEF
UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

UNITED STATES OF AMERICA     )
                             ) SS.
DISTRICT OF ALASKA           )

-1-

MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

EXHIBIT
I
ALL-STATE LEGAL®

retain counsel, so needed to find an attorney who would accept this complex case on a contingency fee basis.

13.   I first prevailed upon Tom Tatka to handle the matter.   Mr. Tatka spent approximately three weeks reviewing materials and determined that he was not willing to undertake the case.   I then asked Nelson Page to take the case.   While Mr. Page seemed interested in the case, he ultimately declined the case.   Mr. Page was reviewing the matter for what I recall to be approximately two weeks.

14.   Something on the order of two months went by between when I first heard the notion of filing an Fed. R. Civ. P. 60(b) motion and when I retained Mr. Schneider.  As mentioned above, about five weeks of that time was eaten up while Messrs. Tatka and Page considered representing me.   Also during that time, I talked to many other attorneys, not all of whom I can remember.   I can remember speaking to the following lawyers and requesting their services for the purpose of bringing this motion:   Kneeland Taylor, Paul Nangle, Richard Foley, Mike Flanigan (or someone in his firm), and Olaf Hellen.  Mr. Hellen expressed interest in my case, but claimed he was too busy to assist me.   These attorneys declined to take the case.

15.   I then contacted Mr. Schneider.   Because of Mr. Schneider's schedule, it took about a week before I could meet with him.   He agreed to accept my case, and I retained him on or about the 27th of November, 1992.   None of the attorneys

MICHAEL J. SCHNEIDER, P.C.
880 "H" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-6201

-6-

MJS/kc  428.001