John Richard Fitzgerald
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone: (617) 737-8858
Fax: (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Defendant Leisnoi, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> versus ) <br> ) <br> LEISNOI, INC., KONIAG, INC., and ) <br> DIRK KEMPTHORNE, SECRETARY OF ) <br> THE INTERIOR, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. A02-0290 CV (JKS) <br><br> OPPOSITION TO STRATMAN'S MOTION (#240) TO ACCEPT SUPPLEMENTAL BRIEFING REGARDING LEISNOI'S MOTION FOR ATTORNEYS FEES |

Stratman often invokes the local rules when it suits his fancy, but now seeks to run afoul of them by filing two briefs in opposition to a single motion.  The Court should deny his motion.  Stratman fails to present any good reason for filing two briefs.

The theory that Stratman seeks to advance appears to be that Leisnoi should not be granted attorneys fees unless it proves that, separate and apart from ANILCA, Woody Island was initially eligible for benefits under ANCSA.  Unless it does so, according to Mr. Stratman, Leisnoi has to suffer under Stratman's oft-repeated but never proven allegation that Leisnoi shareholders "lied" in applying for village status, and forfeit any entitlement to attorneys fees.  The obvious problem with this after-thought of Stratman is that both the Secretary of the Interior

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to Motion for Leave to File Supplemental Brief
Page 1

1214796v1

and this Honorable Court chose to dismiss Stratman's claims based upon Congress having ratified Woody Island's eligibility in the Alaska National Interests Lands Conservation Act. The initial eligibility dispute, this Court and Secretary Kempthorne found, has been rendered moot by passage of ANILCA, wherein Congress expressly recognized Leisnoi, Inc., by name, as having a "right to conveyance" under ANCSA.

Having prevailed on one of the key, case-dispositive issues referred to the Department of the Interior for agency action, Leisnoi should not be required to litigate a separate, moot issue just to obtain its attorneys fees. Leisnoi was victorious in proving that Woody Island is entitled to retain its village status, and has shown bad faith on the part of Omar Stratman. Under these circumstances, an award of attorneys fees is appropriate.

For Stratman now to ask permission to file a supplemental brief, cherry-picking a few affidavits from the vast array of evidence introduced at the agency, and claim that these show "unclean hands" on the part of Leisnoi, Inc., is improper. If the Court is to delve into the moot issue of whether Woody Island is just a "phantom of the … imagination" whose shareholders have "unclean hands", or is instead "the modern representative of an ancient people", then Mr. Stratman should first be required to pay to lodge the entire administrative record with this Court so that the Court can review all the evidence in making its decision.

Stratman's contention that the proposed findings of the ALJ, which were riddled with errors, relied upon overturned case authorities, employed incorrect village residency standards, was not adopted by Secretary of the Interior Dirk Kempthorne, and never formed the basis of a Final Judgment, somehow is *"res judicata"* is so patently frivolous that it stands as yet another

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to Motion for Leave to File Supplemental Brief
Page 2

1214796v1

example of bad faith on the part of Mr. Stratman, justifying an award of attorneys fees in favor of Leisnoi, Inc.

WHEREFORE, the Court should DENY Stratman's motion for leave to file two briefs in opposition to a single motion.  Alternatively, the Court should condition the filing of that brief upon Omar Stratman first paying to lodge with this Court the complete administrative record of all the maps, charts, photographs, archaeology evidence, anthropologic evidence, genealogical evidence, documentary evidence, newspaper articles, diary excerpts, testimonial evidence, and other materials that were submitted to the Department of the Interior, which demonstrate, contrary to Stratman's contention, that the Native Village of Woody Island is a traditional native village that meets the eligibility requirements of ANCSA.

DATED this 1st day of November, 2007.

RESPECTFULLY SUBMITTED,

/s/ John Richard Fitzgerald
Alaska Bar No. 8711084
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
Phone (617) 737-8858
Fax (617) 342-4848
Email: jfitzgerald@morrisonmahoney.com
Attorneys for Leisnoi, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2007 a copy of the foregoing was served electronically upon Collin Middleton, Esq., Dean Dunsmore, Esq., and Michael Schneider, Esq.

/s/ John Richard Fitzgerald

*Stratman v. Leisnoi, Inc.*
Case No. A02-0290 CIV (JKS)
Opposition to Motion for Leave to File Supplemental Brief
Page 3

1214796v1