IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OMAR STRATMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LEISNOI, INC., KONIAG, INC., and DIRK KEMPTHORNE, Secretary of the Interior,<br><br>　　　　Defendants. | Case No. 3:02-cv-00290 (JKS)<br><br>O R D E R |

　　　　This litigation involved a challenge under the Administrative Procedure Act ("APA") to the 1974 certification of a Native village under the Alaska Native Claims Settlement Act ("ANCSA"). Plaintiff essentially argued that Woody Island did not qualify and should not have been certified as a Native village under ANSCA. Plaintiff sought to have Leisnoi, Inc. ("Leisnoi"), the village corporation for Woody Island, stripped of the status and benefits conferred upon it under ANCSA. This Court dismissed Plaintiff's claim as it was rendered moot by Congressional ratification of Leisnoi's status in the Alaska National Interest Lands Conservation Act ("ANILCA").

　　　　Defendant Leisnoi now seeks one million dollars in attorney fees under the bad-faith exception to the American Rule. Docket Nos. 222 (Mot.); 223 (Mem. in support); 235 (Opp'n); 243 (Reply). Plaintiff seeks leave of the Court to file a supplement to his brief in opposition. Docket Nos. 240 (Mot.); 243 (Opp'n). Finally, Leisnoi seeks leave to file documents in support of its motion for attorney fees. Docket No. 238 (Mot.).

　　　　Absent statutory or contractual authorization, a prevailing party is not ordinarily entitled to attorney fees under the American Rule. *Int'l Union of Petroleum & Industr. Workers v. W. Industr. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). However, a court may grant attorney fees "when

1

the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (quoting *F.D. Rich Co. v. United States*, 417 U.S. 116, 129 (1974)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). A court may find bad faith in either the party's conduct that led to the lawsuit, or in the conduct of the litigation. *Hall v. Cole*, 412 U.S. 1, 15 (1973). "An award for attorneys' fees for bad faith is punitive and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." *Dogherra v. Safeway Stores*, 679 F.2d 1293, 1298 (9th Cir. 1982) (internal quotation marks omitted). A finding of bad-faith is warranted where a party "knowingly or recklessly raises a frivolous argument," or makes a meritorious claim for an improper purpose, such as harassment. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). "Within these guidelines, an award of attorneys' fees is within the district court's discretion." *Dogherra*, 679 F.2d at 1298.

Leisnoi's first argument is that Stratman was vexatious and oppressive in seeking a preliminary injunction to keep Leisnoi from harvesting and selling its timber resources pending the outcome of the litigation. Docket No. 223 at 3. Other than recounting how Stratman failed to obtain the injunction either before the district court or on interlocutory appeal, Leisnoi has not pointed to any fact which would support even an inference that Stratman's motion was objectively frivolous. Nor has Leisnoi pointed to anything which would demonstrate an improper purpose. It is true that Stratman's attorney made it clear that Stratman was ultimately seeking to wipe Leisnoi off the map, but that was the central and legitimate objective of the decertification claim.

Second, Leisnoi argues that Stratman's decertification claim was disingenuous–merely a vehicle to pressure Leisnoi into settling on terms favorable to Stratman. Docket No. 223 at 5. To support this argument Leisnoi points out that while Stratman was claiming in federal court that the land held by Leisnoi properly belonged to the federal government, he was simultaneously claiming in state court that the land belonged to him personally. *Id.* at 5-6. This argument fails to appreciate the context of the two suits. The so-called "Stratman Agreement" between Stratman and Koniag, which had merged with Leisnoi, settled the original federal decertification litigation. When Leisnoi demerged from Koniag and refused to perform, Stratman renewed the decertification litigation in

ORDER

federal court and sought specific performance of the Stratman Agreement in state court. This Court sees nothing in this apparent paradox which would rise to the level of bad-faith.

Leisnoi's final argument is that Stratman maliciously and frivolously used *lis pendens* in relation to the decertification claims to improperly pressure Leisnoi into settling. Docket No. 223 at 6. On the basis of the decertification litigation, which was renewed after Leisnoi failed to perform under the Stratman Agreement, Stratman filed *lis pendens* covering Leisnoi's land on behalf of the United States. *Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1183 (9th Cir. 2002). Leisnoi, desiring to sell some of its land, sought to quiet title in state court. *Id.* Although the Alaska Superior Court initially quieted title, the Alaska Supreme Court reversed the decision, staying the case and allowing the *lis pendens* to remain until the federal decertification litigation settled whether Leisnoi could lose title. *Id.*

Leisnoi also sought to quiet title as to the United States in federal court. *See Leisnoi, Inc. v. United States*, 170 F.3d 1188 (9th Cir. 1999) ("QT-1," holding that the district court lacked subject matter jurisdiction under the Quiet Title Act because, at the time the action was filed, Stratman was barred from asserting claims against Leisnoi's land by the judgment of the Alaska Superior Court); *Leisnoi, Inc. v. United States*, 267 F.3d 1019 (9th Cir. 2001) ("QT-2," holding that the district court did have subject matter jurisdiction under the Quiet Title Act because Stratman's claim on behalf of the United States had clouded Leisnoi's title, and the order barring Stratman's claims had been lifted by the Alaska Supreme Court); and *Leisnoi, Inc. v. United States*, 313 F.3d 1181 (9th Cir. 2002) ("QT-3," holding that the district court had not erred in dismissing as moot Stratman's motion to intervene because the decision whether to disclaim the Government's interest was the prerogative of the United States). Leisnoi's efforts, and a disclaimer of interest on the part of the United States, eventually led to the quieting of Leisnoi's title in QT-3.

After quieting title in the federal courts, Leisnoi returned to state court seeking to have the *lis pendens* expunged. Stratman argued that Leisnoi's title was still vulnerable to the decertification litigation because it could be taken indirectly in satisfaction of a monetary judgment in favor of the United States resulting from what Stratman hoped would be a favorable outcome of the decertification litigation. *See* Docket No. 222, Ex. 18 at 12. The Alaska Superior Court rejected

ORDER

this indirect vulnerability argument, lifted the stay imposed by the Alaska Supreme Court, and quieted title in Leisnoi on June 17, 2007.

Leisnoi essentially argues that Stratman never had a legal right to assert *lis pendens* on behalf of the United States, and that he maliciously and frivolously continued to fight their removal long after he knew it was meritless. The Court recognizes the *lis pendens* based on the decertification litigation have been costly to Leisnoi, but does not believe that Leisnoi has demonstrated their use was either subjectively or objectively frivolous. Stratman at all times had a plausible argument that Leisnoi should not have been certified, and that its title was vulnerable. Leisnoi's contention that Stratman was acting for an improper purpose is simply unsupported by the record submitted. Accordingly, the Court does not believe it is appropriate to exercise its discretion and grant attorney fees under the bad-faith exception to the American Rule.

**IT IS THEREFORE ORDERED**:

Leisnoi's motion for award of attorney fees at **Docket No. 222** is **DENIED**. Leisnoi's motion to file documents in support of its motion for attorney fees at **Docket No. 238** is **GRANTED**. Stratman's motion for leave to file a supplemental brief in opposition at **Docket No. 240** is **DENIED**.

Dated this 26 day of November 2007.

**REDACTED SIGNATURE**

JAMES K. SINGLETON, JR.
United States District Judge

ORDER

4